UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

Petitioner,

v.

JENNIFER A NELSON, THOMAS
ABBRUZZESE, ZAID ABUWANDI, CODY
ACKLEY, NOE ADAME, STEPHEN
ADAMS, RYAN ADREANI, ZACHARY
ALETHEIA, YOUSIF ALSAQLAWI, ERIC
ALSPAUGH, JONAH ANDERS, BRENNAN
ANDERSON, DAVID ANTOLIC, JOSE
ARANDA, JACOB ARCHER, RYAN
ARDITO, FABIAN AREVALO, MEAGAN
ARGO, STEVEN ARMANT, DANIEL
ARMSTRONG, MATTHIAS ARMSTRONG,
DAVID ARROYO, JACOB ARTHUR,
GARRETT ATHAY, ANGEL AYALA,
EDWIN AYALA, CHRISTIEN AYSON,
CADE AZARCON, NOAH BABINCSAK
STYZEN, MATTHEW BAER, GAVIN
BAKER, CARTER BAKER, ABED
BALBAKY, MATTHEW BALDWIN, ROB
BALDWIN, HARRIS BANKS, CODY
BARKER, JACOB BARNHILL, STEPHEN
BARR, ROGER BARRETT, BRIAN
BASKOVICH, CHRIS BASSFORD, RILEY
BAXTER, MICHAEL BAZZELL,
JONATHAN BEER, ANTHONY BENNETT,
ADAM BERNAL, SHOUNTASIA BEVINS,
ALEC BIRENBAUM, TAI BISHOP,
CHRISTOPHER BITTLE, MICHAEL
BLANCO, STEPHANIE BLOMSTROM,
LEO BLONDEL, KILEY BORBA, GAVIN

No. 2:24-cv-1717

**PETITION TO ENJOIN
ARBITRATIONS**

PETITION - 1
2:24-cv-1717

1  BORCHERS, RYAN BOREK, JOSHUA
   BOSMAN, XANDER BRENDE-PRINS,
2  MICHAEL BREWER, SCOTT BREWSTER,
   AARON BRIGGS, TIMOTHY
3  BROUGHTON, VINCENT BROWN,
   ETHAN BROWN, KENSHAD BROWN,
4  ALEXANDER BRUMLEY, ERIC BUCK,
   NED BUDD, NOAH BURCH, PAUL
5  BURNETT, KEVIN BURNETT, ZACHARY
   BURRY, JASE BUSBY, NICOLAAS BUSH,
6  JOHNATHON BUSH, ANDREW BUTLER,
   OWEN BUTTERWORTH, GRIFFIN BYER,
7  THOMAS BYRD, MICHAEL CALLONI,
   RICH CAMBERN, BENJAMIN
8  CAMENKER, CARISSA CAMPOS,
   HARRISON CARLOW, JONATHAN
9  CARLTON, STEVEN CARMIENCKE,
   ADAM CARROLL, NICK CARTER,
10 JEFFREY CASSICK, AARON
   CASTANEDA, MAURICE CASTRO,
11 CLYDE CHAFFEE, RILEY CHAPMAN,
   ERIC CHASTAIN, IAN CHENEY,
12 BRANDAN CHRISTNER, PETER CILA,
   ROCCO CIPOLLA, JASON CLARK, KATIE
13 CLARK, JAMES CLARKE, JACK CLEARY,
   CORY CLERI, MITCHELL COBURN,
14 MYLES COFFMAN, BRENNAN
   COLEMAN, BENJAMIN CONRAD,
15 CHRISTOPHER CONRAD, MASON COON,
   ALEXANDER COREN, DUWAYNE
16 COUNTS, JASON COURTER, CHASE
   COUZENS, ETHAN COWAN-WRIGHT,
17 MARCUS CROWLEY, JULIO CRUZ,
   MATEUS CUNHA, SYDNEY CUTLER-
18 GILBERT, KEVIN DAHLKE, AJAY
   DALAL, MICHAEL DAUGHERTY,
19 ANDREW DAVIDSON, JORDAN DAVIS,
   JOHN DAVIS, JAMES DAVIS, DREVAYNE
20 DAWKINS, JACOB DEEGAN, MANFRED
   DENTICE, JOSHUA DEPALMA, RACIEL
21 DIAZ, JEREMIAH DIEUJUSTE,
   ELIZABETH DINGMAN, SEAN DOLLE,
22 LOGAN DOOSE, CURTIS
   DROMMERHAUSEN, SEAN DUAN,
23 DENVER DUBHORN, DANIEL DUCOS,
   WILLIAM DUDLEY, MICHAEL DUFOUR,
24 ABRAHAM DUMAN, DANIEL DUNCAN,
   GABRIEL DURBIN, SPENCER DUZANT,
25 MICHAEL EASTMAN, CORBIN
   ECHEVARRIA, TAYLOR EDWARDS,
26 JOHNATHON EIMER, NATHAN ENGOLS,
   JHONNATAN ENRIQUEZ, JOSIAH

27

28 PETITION - 2
   2:24-cv-1717

EREDIA, HALEY ESKRIDGE, SCOTT
ESKRIDGE, KEELAN ESQUIVEL, NICO
ESTEBANEZ, COLLIN EVANS, MICHAEL
EWING, RANDALL FARLEY, MASON
FIELD, NATALIE FIELDS, ZACK
FINFROCK, ROBERT FISCHER, TRABER
FISCHER, GREG FISH, JAKE FLAHERTY,
DYLAN FLECKENSTEIN, BRETT FLINN,
JEREMY FLIPPO, JACOB FORD, JOHN
FORREST, MATTHEW FOSSETT,
NICHOLAS FOSTER, ALEXANDER
FOWLER, MATTHEW FOWLER, TYLER
FRANCESCONI, JON FRANCISCO, NEIL
ANDREW FRANCISCO, TYLER
FREEHILL, ADRIAN FRITZLEY, CHASE
FROELICH, ANTHONY GALATOLO,
JAMES GALLANT, PAOLO GALUPO,
RAYMOND GARAY, JULIAN GARIBA,
THOMAS GARRETT, ALEJANDRO
GARRIDO, BRANDON GARWELL, LIAM
GAUME-WAKEFIELD, ANTHONY
GAZZO, NELS GEARY, JOSEPH GENTRY,
AUGUSTUS GERBO, JASON GIBBS,
ROBERT GIBSON, TYLER GILBERT,
CHARLES GILL, VIRGIL GLISSON,
BRYCE GOENS, DONALD GOLDSMITH,
TASHA GOLDSMITH, RALPH
GONZALES, GUIDO GONZALEZ,
ALFREDO GONZALEZ, IAN GOVEA,
CHRISTIAN GRABER, DAVID GRAHAM,
EVAN GRANT, JACOB GRAVES, ROBERT
GRESCOWLE, WILLIAM GRIFFIN, RILEY
GRIFFITH, ELI GROFF, ALEXANDER
GROW, DANIEL GUADARRAMA,
MICHAEL GUALTIERI, DON "DOC"
GUGER, BASHARI GUIDRY, MATTHEW
HABURSKY, COLE HAGAN, SACHA
HAGHIGHI, BRADYN HAMEL, JARED
HARDISON, DANIEL HARLEY, DEVIN
HARVEY, MIKEL HATCHER, ROB
HAUSER, JACKSON HEATH, BRODERICK
HEBERT, DAVID HEDRICK, ANN
HEFNER, ADAM HENCHEN, MARK
HENLEY, AUSTIN HENRY, LOGAN
HERALD, RENNY HERBERT, MARTIN
HERNANDEZ, ALECK HERNANDEZ,
ANDRES HERNANDEZ, MIKE HESPEL,
TRAVIS HICKEY, BRAXTEN HIEB,
KASANDRA HILEY, JONATHAN
HILLMAN, JON HOKE, PHILIPJOHN
HOLLAND, CORBIN HOLM, WILLIAM
HOLMES, SUPYO HONG, CHRISTIAN

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| | |
|---|---|
| 1 | HORAZECK, RICKY HORNE, SHAUN |
| | HOWE, NICHOLAS HOWELL, JAYSON |
| 2 | HUBER, GORDON HUCKABY, MICHAEL |
| | HUEGE, JARED HUGGETT, CHANDLIN |
| 3 | HUSAIN HUSAIN, MATTHEW HUSAR, |
| | CHRIS HUSS, ALEX HYER, JENNIFER |
| 4 | JACKS, KYLE JACKSON, WILLIAM |
| | JACKSON, BAYLEN JAMES, CHRIS JAUS, |
| 5 | STEVEN JENNETT, ITIEL JIMENEZ, |
| | MAXWELL JOHNSON, MAX JOHNSON, |
| 6 | JARED JOHNSON, TIMOTHY JOHNSON, |
| | JUSTIN JONES, MATTHEW JONES, DANE |
| 7 | JORDAN, JURELL JORDAN, BENJAMIN |
| | JORDAN, RYAN JURADO, SHANE |
| 8 | KACHMAN, GREGORY KAIN, TIMOTHY |
| | KAISERLIK, ALISA KALEGINA, |
| 9 | VINCENT KEEGAN, GRANT KEGLEY, |
| | NICHOLAS KEITH, TYLER KEMP, ODIS |
| 10 | KENDRICK, PAUL KIERNAN, BRANDON |
| | KIMPEL, JEREMY KIRKWOOD, |
| 11 | NICHOLAS KIRSE, JOHN KNIRR, ERIK |
| | KNOOIHUIZEN, ANDREW KOSKO, |
| 12 | JOSHUA KRANZ, DEREK KRAUSE, |
| | PATRICK KULLER, MAX KURTZ, |
| 13 | MICHAEL KUTNER, DANIEL LAHNER, |
| | DERIC LANDERS, AJ LANE, JOHN |
| 14 | LAPAGLIA, TREVOR LATURNER, NICK |
| | LAUDER, CORINNE LEE, ETHAN |
| 15 | LEFEBVRE, JUSTIN LEFFERT, MARK |
| | LEGG, CAMERON LESTER, TIMOTHY |
| 16 | LEUCHT, JOSHUA LEWIS, TALON |
| | LEWIS, JONATHAN LEWIS, SETH LEWIS, |
| 17 | SCOTT LEWIS, ROBERT LEWIS, |
| | MICHAEL LINARES, SAM LOMAX, |
| 18 | JACOB LOOMIS, ALEXANDER LOPEZ, |
| | ALAN LOPEZ, JONATHAN LOPEZ, |
| 19 | KOLBY LOUKS, JEREMY LUCAS, |
| | RICHARD LUNDSGAARD, AMY LUTES, |
| 20 | KYLE LYNCH, CLAYTON LYNN, |
| | ANDREW M EVENSON, WILLIAM MAC |
| 21 | DOUGALL, JORDAN MACK, THOMAS |
| | MAGERA, AUSTIN MALTBIA, |
| 22 | PANAYIOTIS MANISCALCO, WILLIAM |
| | MARCELLUS, JOHN MARCOTTE, ROGER |
| 23 | MARICLE, ALICIA MARSHALL, ROSS |
| | MARTIKKE, ARMANDO MARTINEZ, |
| 24 | JOSEPH MARTINOLICH, NICHOLAS |
| | MASTRIACO, PAUL MAYER, KYLE |
| 25 | MAYFIELD, TRAVIS MAYNARD, |
| | HUNTER MCBRAYER, BRIDGETTE |
| 26 | MCBRIDE, JASON MCCALL, NATASHA |
| | MCCARTHY, EZEKIEL MCCRACKEN, |
| 27 | |

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

JAMES MCDONALD, BRODEN
MCDUFFEE, GRAYSEN MCGILLIGAN,
JAMES MCINERNY, AUSTIN MCMILLAN,
THOMAS MCSWEENEY, MARK
MENDEL, MARTIN MENDEZ, DREW
MERRIMAN, TRAVIS MICHELETTI,
ALICE MILLAGE, RAY MILLER, CARY
MILLER, ALEXANDER MISHKEVICH,
ANDREW MITCHELL, SEAN MITCHELL,
ANTHONY MITTASCH, MAX MOAKLEY,
JODEE LYNN MOLINA, ELIJAH
MONROE, ADRIAN MONTER, KEVIN
MONTES, MALAKYE MOODY, RYAN
MOORE, NATHANIEL MOORE, JARED
MORENO, BARRY MORGANTI, DANIEL
MORRIS, CONOR MOSCHELLA, YURI
MOTRUK, GAVIN MOYE, MICHAEL
MRGICH, MAXWELL MUCHA, RICKY
MULLINS, TREY MUNDELL, BONNIE
MURPHY, DEVON MUSTO, SETH
MYERS, JARED MYERS, JACOB NAQUIN,
COLE NELSON, JORDAN NEWBY,
JAVIER NIETO, CHARLES NILES, LUKE
NINEMIRE, RICHARD NOBLE, GARLAND
NOEL, JOSHUA OBRIEN, CALEB
ORELLA, JONATHAN ORTIZ, KENNY
ORTIZ, ANDREW OSBORNE, JOHN
OTEY, MICHAEL OWENS, ALEXANDER
PACHNICKI, MICHAEL PACHOLCZAK,
JOSHUA PAGE, MITCHELL PAKOSZ,
GARY PALMATIER, HARLEY PALMER,
MITCHELL PAPENDORF, WESLEY
PARMER, ZACHARY PARSLEY, ERIC
PARTLOW, HARSH PATEL, ALEX
PATRAO, MICHAEL PATTERSON, ERIC
PATTON, BRADY PAUL, COLLIN
PEACOCK, AARON PEARSON, SHAWN
PECK, JOSHUA PEDRICK, ELIEL PEDRO,
JEFF PELLEGRIN, MIKE PENA, TIMOTHY
PABLO PENARANDA, JESSE PERLAZA,
NOAH PERRY, JARED PERRY,
JONATHAN PERRY, BLAKE PETERSEN,
AARON PETERSON, DEVEN PETERSON,
MARCUS PETTWAY, DUSTIN PHELPS,
ALYSSA PHILLIPS, JACOB PHILLIPS,
HUGH PHILLIPS, EVAN PIEPHO,
CORTLAND PINNICK, NATHAN PIPPIN,
NIKO PITINII, CARSON PLAISANCE,
MATEO PLATERO, SKYLAR POND,
PHARAUN POTTS, MATTHEW POWELL,
CHRISTOPHER PRATO-SHEIN, STEVEN
PRESCOTT, JAMES PRUITT, JACOB

PETITION - 5
2:24-cv-1717

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

PULLEN, JOHN QUARNSTROM,
ABRAHIM RAMADAN, JEFF RAMIREZ
OCHOA, KEVIN RAMOS, ISAAC RAMOS,
QUINN RASMUSSEN, BRADLEY
RATLIFF, JOSEPH RAY, CRISTIAN
RAYNES, VINCENT REBOKUS, DAVID
REED, JOHN REEVES, JAMES
REYNOLDS, ROBERT RICHARDS,
TRACY RICHARDSON, ROBERT
RICHELSON, DAVID RICHEY, JOE RIOS,
JOSEPH RISI, JULIUS ROBERTS, SAMUEL
ROBERTS, JOSHUA ROBERTS, STEPHEN
ROBERTSON, CHRIS ROBINSON, ETHAN
RODABAUGH, GABRIEL RODRIGUES,
ALEXANDER RODRIGUEZ, JOSHUA
RODRIGUEZ, THOMAS ROLANDO,
ALLEN ROMAN, RUDOLPH ROMANO,
VICTOR ROMO, NOE ROSALES,
ANDREW ROSSON, ANTHONY RUBINO,
NICHOLAS RUGAMA, ROBERT RULE,
TREVOR RUPEL, MORGAN RUSHING,
TYLER SALYER, JOSHUA SAMMONS,
ETHAN SAMS, LEONARD SANDERS,
JOEL SANDKAMP, ANDRE SANTANA,
GABRIEL SANTANA, JEMELLEE
SANTOS, SALVATORE SARDISCO,
SIMON SAVLAS, JOSHUA SAYLES,
MARK SCHAEFER, AUSTIN SCHAU,
ROBERT SCHINDLER, ALEXANDER
SCHLOSSER, RYAN SCHULTZ, JOHN
SCHWEIZER II, ETHAN SCIFERS, ISAAC
SELLERS, RAMON SERRANO, ZACKERY
SESSIONS, RYAN SHELINE, JOSEPH
SHELLEY, BENJAMIN SHEMENSKI,
BRIAN SHERWOOD, MICHAEL
SHINGLETON, JAKE SIGAL, ANTHONY
SIMONI, ZACHARY SMITH, DANIEL
SMITH, GREG SMITH, JASON SMITH,
RYAN SMITH, IAN SMITH, DYLAN
SMYERS, AARON SOLOMON, NORM
SOMERS, LUIS SOTILLET ROJAS,
DECKER SPENCER, DONALD SPINELLI,
PATRICK SQUIRE, DARIAN STARK,
HOLDEN STENDER, MATTHEW
STENGEL, CHRISTOPHER STEPHAN,
DILLON STETTLER, SAMUEL STEVENS,
CODY STEWART, ROBERT STILLMAN,
NICHOLAS STONE, MITCHELL STRANG,
TYLER STRENGE, IAN STUBBS, STEVEN
STUCKER, TYLER STULZ, NICKY SUN,
KALEB SWAIM, MATTHEW SWEENEY,
JOHN TADDEI, ISAIAH TAYLOR, KEVIN

PETITION - 6
2:24-cv-1717

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

TAYLOR, ZACHARY TAYLOR, JERRY
TERRY, CALEB THERIOT, ALEXANDER
THOMAS, LUCIAN THOMPSON,
XZAVIER TIMMONS, MERRICK TIPTON,
PATRICK TITTERNESS, CHRISTOPHER
TOFT, LEIF TOLLEFSON, AMBER
TONEY, IAN TREFREN, KAI TROBAUGH,
JEFFREY TRODDEN, DEVON TRUJILLO,
MAISIE TURNER, RYAN TUTOR,
LAUREN TYNER, NICHOLAS TYNES,
KATIE UCCELLO, MARC URA, JACK
UTEG, VEDA VALLES, AARON VAUGHN,
CHRISTOPHER VEIGA, MATTHEW
VENTURES, LANCE VICENTE, BERNARD
VIGNALI, KEVIN VILORIA, KENNETH
WALKER, JACOB WALKER, LLOYD
WALKER, JAMES WALTERS,
DOMINIQUE WARD, JONAH WARNER,
CODY WARREN, JOSEPH
WASIELEWSKI-WALSH, TRISTEN
WATSON, JOSHUA WEBB, SETH WEBER,
MARK WENDT, DANIEL WEST, JAMES
WEYMOUTH, SAMUEL WHIDDON,
JONAH WHITE, JOSHUA WHITEACRE,
JOSIAH WILKERSON, LUTHER
WILLIAMS, MARK WILLIAMS JR, BRAD
WILSON, DANIEL WIRTH, THMOAS
WISEMAN, KYLE WOMACK, ROBERT
WOOLF, RANDY WOZNIAK, AMIR
WRIGHT, J DEREK WRIGHT, TYLER
WRIGHT, MASON WRIGHT, MICHAEL
WU, JAKE WUEBKER, JOSHUA WYANT,
ZACHARY YAHOLA, XENIA YEE, BRIAN
YEH, JOHNATHAN YI, ELY YOUNG,
JACOB ZIDE, ADAM ZUNIGA and JOHN
ZWICK,

                    Respondents.

PETITION - 7
2:24-cv-1717

**INTRODUCTION**

1.        Valve brings this petition to enjoin Respondents from continuing to pursue arbitrations before the American Arbitration Association ("AAA") because there is no agreement to arbitrate between the parties. Valve's request for relief does not leave Respondents without a way to pursue their claims. It merely asks the Court to answer a simple legal question: Whether Respondents may arbitrate their claims—even though there is no arbitration agreement between the parties—or must resolve their claims in court.

2.        Valve is forced to bring this petition by the actions of Bucher Law PLLC ("Bucher Law"). Bucher Law is a small law firm founded by William Ward Bucher IV after he was fired by another law firm, which is now suing him for (among other things) alleged misappropriation, aiding and abetting fraud, and interference with client relationships. Looking to build its business—and generate substantial attorney fees—Bucher Law engaged in a widespread marketing campaign to convince Steam users to bring antitrust claims against Valve related to its Steam gaming platform. The strategy was to "weaponize[]" an arbitration provision in the user agreement between Valve and Steam users to leverage a settlement from Valve so it could avoid the enormous costs it would face in arbitrating thousands of user claims. Mr. Bucher believed that "[a]ggregating claims makes [Valve's] entrance fee to just defend [arbitrations] prohibitively expensive."

3.        Steam users were merely pawns in this scheme; Mr. Bucher's presentation to a prospective investor promised huge returns for a litigation funder willing to front the costs of convincing users to bring claims against Valve, reducing each Steam user to an "acquisition" cost.[1] The presentation estimated "spend of $3.75 million to recruit 75,000 clients at $50 an acquisition" and enticed a potential funder with an estimated "1874% ROI on $6.5 million investment." The plan was simple: Convince tens of thousands of Steam users they needed to bring claims against Valve, then use their numbers to extort a windfall

---

[1] Mr. Bucher's complete presentation is publicly available as an exhibit in a lawsuit Mr. Bucher's former law firm brought against him. *See* https://fingfx.thomsonreuters.com/gfx/legaldocs/xmvjlawjrvr/frankel-valvevzaiger--massarbpowerpoint.pdf.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1   settlement by threatening Valve with thousands of arbitrations that would cause Valve to incur substantial
2   arbitration fees.

3          4.      Some Steam users noted on public posts that Mr. Bucher was engaged in a "scam." Others
4   appear to have been misled about what they had signed up for, believing it was a class action or class
5   action settlement that didn't exist. And some Steam users who were induced to sign up after being
6   bombarded with harassing video ads later tried to rescind their participation.

7          5.      Because of Mr. Bucher's tactics, Valve brought suit against Bucher Law in Washington
8   state court asserting claims for tortious interference and abuse of process. Complaint, *Valve Corp. v.*
9   *Bucher Law PLLC*, No. 23-2-20447-6 (Wash. Super. Ct. Oct. 2, 2023) (explaining Bucher Law's abusive
10  conduct in detail) (Ex. 2).[2] Bucher Law claimed that his actions were "absolutely immunize[d]" by "the
11  litigation privilege" and asked the court to dismiss Valve's case. The court denied Bucher Law's request,
12  finding that (i) "Valve has alleged sufficient facts to establish a plausible claim of tortious interference"
13  and (ii) "Valve has also alleged sufficient facts to plausibly allege a claim of abuse of process, particularly
14  given the unique circumstances of the case." (Ex. 3 at 2.)

15         6.      Meanwhile, after tens of thousands of Steam users apparently (and perhaps unwittingly)
16  retained Bucher Law to bring claims against Valve, Bucher Law launched several thousand arbitrations
17  against Valve, invoking the arbitration agreement in the Steam Subscriber Agreement ("SSA") between
18  Valve and Steam users that was in effect at the time. An arbitrator in four of those arbitrations ruled that
19  the SSA's arbitration agreement was not enforceable. Based on those rulings, Bucher Law filed a putative
20  nationwide class action against Valve in this Court based on the premise that Valve's arbitration agreement
21  was unenforceable as to the entire class of all Steam users in the United States, **including Respondents**
22  **here**. *See* Complaint, *Elliott v. Valve Corporation*, No. 2:24-cv-01218 (W.D. Wash. filed Aug. 9, 2024).

23

24  _____

25         [2] All references to "Ex." followed by a numbered exhibit refer to exhibits filed in connection with
    the Declaration of Andrew J. Fuchs submitted herewith ("Fuchs Decl."). All references to "Ex." followed
26  by a lettered exhibit refer to exhibits filed in connection with the Declaration of Scott Lynch submitted
    herewith ("Lynch Decl.").
27

28  PETITION - 9
    2:24-cv-1717

7.     In light of all of the circumstances, Valve removed the arbitration agreement and class action waiver from the SSA.[3] Now, the current SSA (the "Current SSA") provides that all claims and disputes between Valve and Steam users must proceed in court, including claims and disputes that arose before Valve implemented the Current SSA.

8.     Numerous Steam users quickly accepted the Current SSA—including the large majority of Respondents—and those that have not yet accepted will do so by November 1, 2024, through their continued use of Steam.

9.     Despite basing a nationwide class action on the argument that the arbitration agreement in Valve's prior SSA was **not** enforceable, Bucher Law continued to push forward with Respondents' previously-filed arbitrations, **including for those Respondents who agreed with Valve in the Current SSA that their claims would be pursued only in court**. Bucher Law argued in those arbitrations that the old arbitration agreement from the Superseded SSA remains enforceable for the claimants in those arbitrations and asked arbitrators to rule those claimants may proceed in arbitration on that basis.

10.     As the Supreme Court held in a unanimous decision earlier this year, the question of which of two agreements governing dispute resolution applies is a question that only a court may decide. *See Coinbase, Inc. v. Suski*, 609 U.S. 143, 152 (2024). As the Court observed, "[a]rbitration is a matter of contract and consent, and we have long held that disputes are subject to arbitration if, and only if, the parties actually agreed to arbitrate those disputes." *Id.* at 145.

11.     Respondents' same claims are being litigated by Bucher Law in two different forums: (i) in arbitrations, despite the absence of an arbitration agreement, and (ii) in a class action pending before this Court that includes Respondents as putative class members. As there is no longer an arbitration agreement, Respondents should be enjoined from pursuing their arbitrations. Respondents will remain free to prosecute their claims in court, in Bucher Law's new *Elliott* class action, in another parallel and virtually

---

[3] The prior version of the SSA that included an arbitration agreement and class action waiver is referred to herein as the "Superseded SSA."

**Corr Cronin LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1   identical class action pending in this Court, *In re Valve Antitrust Litigation*, No. 2:21-cv-00563- JNW

2   ("*Wolfire*"), or otherwise.

3   **NATURE OF THE ACTION**

4        12.    William Ward Bucher IV is the founder and sole partner of Bucher Law. In July 2022,

5   before Mr. Bucher founded Bucher Law, the law firm Zaiger LLC ("Zaiger") hired Mr. Bucher to "to lead

6   [the] development and pursuit of mass arbitration strategies" at Zaiger. While at Zaiger, Mr. Bucher made

7   a presentation to a litigation funder setting out his plan to exploit the arbitration agreement in the

8   Superseded SSA to bring mass arbitrations against Valve. (Ex. 1.) This was purely a business proposition

9   with no discussion of the merits of any claims against Valve. Instead, the presentation promised huge

10  returns for a litigation funder willing to front the costs of convincing users to sue Valve, reducing each

11  Steam user to a mere "acquisition" cost. (*Id.* at 5.) The presentation estimated "spend of $3.75 million to

12  recruit 75,000 clients at $50 an acquisition" and enticed a potential funder with an estimated "1874% ROI

13  on $6.5 million investment" in funding the proposed mass arbitrations. (*Id.* at 5, 9.) The plan was simple:

14  Convince tens of thousands of Steam users they needed to sue Valve, then use their numbers to extort a

15  windfall settlement by threatening Valve with thousands of arbitrations that would cause Valve to incur

16  substantial arbitration fees.

17       13.    Zaiger subsequently terminated Mr. Bucher, allegedly on account of a disagreement over

18  arbitration strategy. Zaiger then sued Mr. Bucher alleging, among other things, that Mr. Bucher stole client

19  files in connection with threatened arbitrations against Valve. *See* Complaint, *Zaiger LLC v. Bucher Law*

20  *PLLC*, No. 154124-2023 (Sup. Ct. N.Y. Cnty. May 9, 2023) (Ex. 7).[4] The lawsuit alleges that Mr. Bucher

21  "snuck into [Zaiger's] client database," and "tried to access and download names, addresses, email

22  addresses, and mobile phone numbers of about 48,000 Firm clients whose information was stored on the

23  Firm Database." *Id.* ¶ 3. Mr. Bucher allegedly used the information he stole to "barrage those [Zaiger

24

25

---

26      [4]  The complaint is available at: https://fingfx.thomsonreuters.com/gfx/legaldocs/

27  znvnzwglqvl/frankel-valvevzaiger--zaigercomplaintvbucher.pdf.

28  PETITION - 11
    2:24-cv-1717

clients] with false and deceptive emails and text messages," falsely implying that the clients must sign up with Mr. Bucher's firm to continue pursuing their mass arbitration claims against Valve. *Id.* ¶ 5.

14.     After his termination from Zaiger, Mr. Bucher formed Bucher Law.

15.     In 2023, Bucher Law commenced its mass arbitration strategy against Valve, which was designed—in Mr. Bucher's own words—to "weaponize[]" an arbitration agreement between Valve and Respondents. (Ex. 1 at 3.) At that time, Valve's SSA included an arbitration agreement that required claims and disputes to be brought in arbitration before the AAA.

16.     In a marketing video used as part of his online marketing blitz to recruit claimants, Mr. Bucher stated that arbitration was preferable to a class action. Mr. Bucher tried to convince Steam users to join his arbitration plan by stating that it was "good news" that Valve had an arbitration agreement because "on average consumers in arbitration recover hundreds of times more than in a class action." After threatening arbitrations asserting antitrust claims on behalf of thousands of claimants, Bucher Law made an outrageous settlement demand to Valve that far exceeded any conceivable recovery; indeed, the threatened claims are meritless.[5]

17.     Valve did not acquiesce to Bucher Law's demand. Bucher Law then filed thousands of arbitrations with the AAA. At present, there are 601 arbitrations proceeding before the AAA that are assigned to merits arbitrators (including two claimants who are deceased) and 25 claimants who were assigned to a merits arbitrator who was disqualified. All of the claimants in those actions (with the exception of two claimants who are deceased) are Respondents here. Bucher Law also filed thousands of other arbitrations with the AAA that have not been assigned to merits arbitrators. The claimants in these arbitrations include at least seven individuals who are deceased; at least 96 individuals who are represented by other law firms pursuing the same claims; and at least 19 individuals who are in active bankruptcy proceedings. (And, of course, all of the claimants are putative class members in *Elliott*.)

---

[5] Bucher Law asserts claims under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. Bucher Law alleges that Valve has monopolized the so-called "PC Game Transaction Platforms Market" by imposing a "Platform Most-Favored Nations" policy ("PMFN") in which Valve has allegedly prohibited game developers from selling games on rival storefronts at lower prices than on Steam. These claims are false, as Valve is demonstrating in related litigation in this Court in *Wolfire* and *Elliott*.

PETITION - 12
2:24-cv-1717

18.     Most of the arbitrations pending before arbitrators are at preliminary stages. The parties have not completed their information exchange in any arbitration. No evidentiary hearings or any final merits hearings have been held in any arbitration.

19.     In May 2024, Bucher Law filed motions in four arbitrations pending before the same arbitrator seeking a ruling that the arbitration agreement in Valve's now superseded SSA was unenforceable. Bucher Law did not file this motion in the 21 other arbitrations against Valve pending before that same arbitrator. Nor did Bucher Law file this motion before any of the other 34 arbitrators presiding over Bucher Law's arbitrations.

20.     On July 8, 2024, the arbitrator in those four proceedings granted Bucher Law's motions, holding that the arbitration agreement in the Superseded SSA was unenforceable and dismissing those arbitrations.

21.     On August 9, 2024, Bucher Law and its co-counsel Hagens Berman Sobol Shapiro LLP ("Hagens") filed a putative class action against Valve in this Court captioned *Elliott v. Valve Corporation*, No. 2:24-cv-01218 (W.D. Wash.). The plaintiffs in that action are the four individuals on whose behalf Bucher Law obtained arbitral rulings that the arbitration agreement in the Superseded SSA was unenforceable.

22.     Bucher Law's and Hagens's complaint in *Elliott* asserts all of the claims and seeks all of the relief Bucher Law seeks on behalf of Respondents and other claimants in arbitrations pending before the AAA. Bucher Law and Hagens seek to represent a putative nationwide class that includes Respondents and all other claimants on whose behalf Bucher Law is prosecuting arbitrations before the AAA.

23.     The arbitration agreement in the SSA at the time Bucher and Hagens filed *Elliott* provided that the claims be arbitrated before the AAA. But Bucher Law and Hagens asserted that their claims belonged in court because Bucher Law had "**won binding decisions from arbitrators rendering Valve's arbitration provision unenforceable.**" Complaint ¶ 13, *Elliott* (Dkt. 1).

24.     Although Mr. Bucher told potential claimants in his marketing video that arbitration was superior to a class action, Bucher Law and Hagens represent in *Elliott* that the opposite is true. The

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

complaint alleges that the putative class action is "superior to any other method for the fair and efficient adjudication of this legal dispute." Complaint ¶ 177, *Elliott* (Dkt. 1).

25. Valve did not challenge the rulings of the arbitrator that the arbitration agreement in its Superseded SSA is unenforceable, nor will it do so. Instead, on September 26, 2024, Valve implemented the Current SSA to remove the arbitration agreement and class action waiver.

26. The Current SSA requires that all claims, including claims that arose before the new agreement, must proceed in court:

> You and Valve agree that disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained exclusively in any state or federal court located in King County, Washington, having subject matter jurisdiction.

27. The Current SSA also provides that it "constitutes and contains the entire agreement between the parties with respect to the subject matter hereof and supersedes any prior oral or written agreements."

28. Under well-settled law, these provisions in the Current SSA cover all of the arbitrations Bucher Law is prosecuting on behalf of Respondents and other claimants in arbitration and requires their claims to proceed in court.

29. All Respondents were sent notice of the Current SSA by email, and, if they opened the Steam client, a pop-up notification. The Current SSA has also been continuously posted online in a public website since September 26, 2024, in numerous languages, with a prominent header calling out the new agreement and advising users that "the new dispute resolution provisions in Section 10 require that all disputes and claims proceed in court and not in arbitration." (*See* https://store.steampowered.com/ subscriber_agreement/).) Users have also been asked to accept the new SSA every time they buy a game on Steam or fund their Steam Wallet since September 26, 2024.

30. At least 461 of the 624 Respondents have already affirmatively accepted the Current SSA by (i) checking a box next to the text "I agree to the Updated Steam Subscriber Agreement" then clicking a button labeled "Accept Updated SSA" under a notification regarding the updates, (ii) checking a box stating

PETITION - 14
2:24-cv-1717

1  their agreement to the new SSA when making a purchase on Steam or funding their Steam Wallets, or (iii) in

2  both of those ways. The remaining Respondents will accept the Current SSA by November 1, 2024, if they

3  do not delete or discontinue use of their account before then.[6]

4        31.    Bucher Law and Hagens asserted in *Elliott* that the Current SSA and its forum selection

5  provision applies to all Steam users, including these Respondents. On October 2, 2024, Bucher Law and

6  Hagens moved to be appointed interim co-lead class counsel in *Elliott*. In that motion, Bucher Law and

7  Hagens (together, "Proposed Class Counsel") represented that they had "prompted Valve to remove the

8  arbitration provision from its terms of use, along with the associated class action wavier. **As a result,**

9  **Valve consumers are authorized to proceed in federal court and seek collective relief through the**

10 **class action vehicle.**" Plaintiffs' Motion to Appoint Hagens Berman Sobol Shapiro LLP and Bucher Law

11 PLLC as Interim Co-Lead Class Counsel, *Elliott* (Dkt. 25). "Valve consumers" include Respondents and

12 the thousands of other claimants in the arbitrations that Bucher Law is prosecuting before the AAA.

13       32.    Notwithstanding Proposed Class Counsel's statement to this Court that the Current SSA

14 applies to all Respondents, Bucher Law is taking the opposite position in Respondents' arbitrations before

15 the AAA and in an action filed in California state court.

16       33.    First, Bucher Law continues to prosecute hundreds of arbitrations before the AAA on

17 behalf of Respondents. Valve asked the AAA to administratively close the arbitrations for lack of

18 jurisdiction. Bucher Law opposed Valve's request, arguing that Valve's implementation of the Current

19 SSA was a "unilateral and legally infirm terms of use modification." The AAA declined to close the

20 arbitrations, leaving to a court or 34 merits arbitrators the question whether the arbitrations may proceed.

21 But which agreement applies to Respondents' claims—the Superseded SSA with an arbitration agreement

22 or the Current SSA that provides for resolution of disputes in court (and to which most Respondents have

23 affirmatively agreed)—is a question that, under *Coinbase*, only a court may resolve.

24       34.    Second, Bucher Law filed a petition in California state court seeking to reinstate a

25 disqualified arbitrator who was previously assigned to 25 of the Respondents' arbitrations, so that Bucher

26 _____

27       [6] Valve will only delete a user's account if and when that user requests deletion.

28

PETITION - 15
2:24-cv-1717

1  Law can go forward in those arbitrations with its preferred arbitrator. *See Beer v. Valve Corporation*,

2  No. 24STCP03209 (Cal. Sup. Ct., L.A. Cnty. filed Oct. 4, 2024). Bucher Law's petition is based on the

3  premise that the arbitration agreement in Valve's Superseded SSA **is** enforceable and applies to those

4  Respondents' claims—exactly opposite Bucher Law's position in the *Elliott* class action, which is based

5  on the premise the arbitration agreement in Valve's Superseded SSA **is not** enforceable.

6       35.    Bucher Law has conceded to arbitrators that the firm is forum shopping by prosecuting

7  separate actions—the arbitrations and the putative class action—on behalf of the same Respondents in

8  two different forums (AAA, federal court).[7] Bucher Law also stated to arbitrators that Respondents may

9  withdraw their arbitrations and proceed in court if Bucher Law is dissatisfied with any arbitral ruling at

10  any point up until a final award. Bucher Law represented that some Respondents already indicated their

11  intention to do so. And Bucher Law represented to arbitrators that Bucher Law intends to use information

12  obtained in the arbitrations in furtherance of Proposed Class Counsel's putative class action.

13       36.    The arbitrations Bucher Law is prosecuting on behalf of Respondents impose enormous

14  burdens on the parties. This time and expense incurred is entirely wasted: any final arbitral award issued

15  in any of those arbitrations would inevitably be vacated because there is no arbitration agreement between

16  the parties.

17       37.    These inefficient, duplicative, and wasteful arbitral proceedings flow from Bucher Law's

18  inherent conflicts of interest from representing a putative class in one forum while at the same time

19  representing a smaller group of putative class members in another. Bucher Law represents (i) the putative

20  class in *Elliott*, which includes all Respondents and other claimants and (ii) Respondents and other

21  claimants in arbitrations. Courts have consistently held that such split loyalties create an inherent and

22  disabling conflict of interest because the interests of a putative class may diverge from the interests of

23  individual claimants.

---

26     [7] Bucher Law has also forum shopped in arbitrations. Bucher Law submitted no fewer than 315

27  challenges seeking to disqualify a total of 22 arbitrators.

28  PETITION - 16
   2:24-cv-1717

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

edit

38.     This conflict already materialized through Bucher Law's actions: Bucher Law is taking contrary positions (i) in *Elliott*, where Bucher Law argues that the Superseded SSA's arbitration agreement was unenforceable and the Current SSA governs all Respondents' claims, and (ii) in Respondents' and other claimants' arbitrations and in a California state court proceeding, where Bucher Law takes the position that the Current SSA is invalid and the Superseded SSA is enforceable and governs.

39.     It is not apparent that Respondents are aware that (i) Bucher Law sought and obtained orders ruling that the arbitration agreement in the SSA was unenforceable; (ii) Bucher Law and Hagens filed a putative class action on behalf of Respondents as putative class members; (iii) Bucher Law is forum shopping or using Respondents' arbitrations as leverage in furtherance of Proposed Class Counsel's putative class action; or (iv) this dispute has arisen as to which agreement applies to their claims as between the Superseded SSA and the Current SSA. The circumstances suggest that many Respondents are not aware of any of these facts.

40.     In addition, Bucher Law appears to be disregarding its own clients' wishes: Even though the majority of Respondents already affirmatively agreed to the Current SSA and its requirement that all claims be litigated in court, Bucher Law continues to press their claims in arbitration despite the existence of the *Elliott* and *Wolfire* class actions in which his clients can pursue their claims.

41.     In short, Respondents (or their counsel) are attempting to proceed with arbitrations under an old arbitration agreement that was found unenforceable and that has since been removed from the Current SSA. Most Respondents already affirmatively agreed to the Current SSA and any remaining Respondents will shortly agree to that new agreement unless they delete or discontinue use of their accounts. The AAA therefore lacks jurisdiction to adjudicate Respondents' disputes. Accordingly, Valve respectfully requests an order enjoining the arbitrations Respondents are prosecuting before the AAA.

## THE PARTIES

42.     Plaintiff Valve is a corporation organized under the laws of Washington state with its principal place of business in King County, Washington.

43.     Respondents are 624 individuals represented by Bucher Law in arbitrations pending before arbitrators with the AAA (or that were assigned to an arbitrator who has since been disqualified).[8]

## JURISDICTION AND VENUE

44.     This Court has jurisdiction over this petition under 9 U.S.C. § 4 and 28 U.S.C. §§ 1331 and 1367 because the underlying controversy involves claims arising under the laws of the United States—the Sherman Act, 15 U.S.C. §§ 1 and 2.

45.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) because at least six Respondents presently reside in King County,[9] and because Section 10 of the agreement between the parties, the Current SSA, provides:

> You and Valve agree that all disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained exclusively in any state or federal court located in King County, Washington, having subject matter jurisdiction. You and Valve hereby consent to the exclusive jurisdiction of such courts and waive any objections as to personal jurisdiction or venue in such courts.[10] (Ex. B §10.)

46.     This court has personal jurisdiction over all Respondents because Section 10 of the agreement between the parties, the Current SSA, provides:

> You and Valve agree that all disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained exclusively in any state or federal court located in King County, Washington, having subject matter jurisdiction. You and Valve hereby consent to the exclusive jurisdiction of such courts and waive any objections as to personal jurisdiction or venue in such courts. *Id.*

---

[8] The claims of 25 Respondents were assigned to Arbitrator Martin D. Katz, who was disqualified by the AAA.

[9] These Respondents include Christien Ayson, Scott Eskridge, Renny Herbert, John Otey, James McDonald, and Nicholas Stone.

[10] The Superseded SSA likewise required that disputes brought in court must proceed in any state or federal court located in King County, Washington, having subject matter jurisdiction.

PETITION - 18
2:24-cv-1717

**SUMMARY OF FACTS**

**A.    Valve, Steam, and the SSA**

47.    Valve is a video game developer, publisher, and digital distribution company. Valve offers an online platform called Steam, where consumers can purchase, play, discuss, and interact with their friends about video games. (Lynch Decl. ¶ 2.)

48.    For an individual to create a Steam account and become a Steam user, they must first agree to the SSA. (*Id.* ¶ 3.)

49.    Valve has periodically modified the SSA since it was first implemented in 2003.

50.    In 2012, Valve added to the SSA an arbitration agreement providing that, with limited exceptions, users and Valve "agree to resolve all disputes and claims between us in individual binding arbitration" with the AAA.[11] (Lynch Decl. ¶ 4.)

51.    On September 26, 2024, Valve launched the Current SSA removing the arbitration agreement and class action waiver. (Lynch Decl. ¶ 5.)

**B.    The *Wolfire* Class Action**

52.    On April 27, 2021, a video game developer named Wolfire Games LLC ("Wolfire") and two individual consumer plaintiffs filed a putative antitrust class action in this Court against Valve on behalf of a putative class of "[a]ll persons and entities who . . . purchased or sold a PC game on the Steam Store in the United States from January 28, 2017." Complaint ¶ 231, *Wolfire Games LLC v. Valve Corp.*, No 2:21-cv-00563-JCC (W.D. Wash. filed Apr. 27, 2021) (Dkt. 1).

53.    There were seven individual consumer plaintiffs in the consolidated *Wolfire* action (the "*Wolfire* Consumer Plaintiffs").

54.    None of the *Wolfire* Consumer Plaintiffs are Respondents in this petition.

---

[11] In the five years between 2017 and 2022, there were only two instances where Valve and a Steam user could not resolve that user's issue and proceeded to arbitration. Both of those arbitrations were resolved on the merits in Valve's favor.

PETITION - 19
2:24-cv-1717

**C.   This Court in Wolfire Compels Arbitration as to
Seven Individual Plaintiffs and Does Not Address Enforceability**

55.     On June 23, 2021, Valve moved to compel the *Wolfire* Consumer Plaintiffs to arbitrate in accordance with the provisions of the Superseded SSA, which was then in effect.

56.     At that time, the SSA to which the Consumer Plaintiffs had agreed—the Superseded SSA—contained a class action waiver and a clause requiring arbitration of all disputes and claims, with limited exceptions not applicable to the *Wolfire* Consumer Plaintiffs' claims.

57.     This Court granted Valve's motion to compel and compelled arbitration only as to the *Wolfire* Consumer Plaintiffs. *See Wolfire Games, LLC v. Valve Corp.*, No. C21-0563, 2021 WL 4952220, at *1 (W.D. Wash. Oct. 25, 2021).

58.     This Court declined to rule on the enforceability of the arbitration agreement in the Superseded SSA. As this Court explained, "the Court must enforce the parties' agreement to have an arbitrator decide the broader question of whether the arbitration clause itself is unconscionable." *See Wolfire*, 2021 WL 4952220, at *2. "Accordingly, the question of unconscionability should be determined in arbitration." *Id.*

59.     This Court stayed the seven *Wolfire* Consumer Plaintiffs' claims pending arbitration. *Wolfire*, 2021 WL 4952220, at *3.[12] However, in light of the removal of the arbitration agreement from the Current SSA, the *Wolfire* Consumer Plaintiffs have now moved to lift the stay and proceed with Steam user claims in *Wolfire*.

60.     The *Wolfire* action has since proceeded with respect to the putative video game developer class. The parties have fully briefed a motion for certification of that class.

**D.   Bucher Law and the Genesis of Its Mass Arbitration Against Valve**

61.     Bucher Law is a law firm founded by William Ward Bucher IV.

---

[12] On July 22, 2022, this Court consolidated *Wolfire* with a related action, *Dark Catt Studios et al. v. Valve Corporation*, No. 2:21-cv-00872-JCC (W.D. Wash.), and recaptioned the consolidated action "*In re Valve Antitrust Litigation*." For simplicity, the consolidated action is referred to herein as "*Wolfire*."

PETITION - 20
2:24-cv-1717

**Corr Cronin LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

62.     Prior to founding Bucher Law, the law firm Zaiger hired Mr. Bucher "to lead [the] development and pursuit of mass arbitration strategies" at Zaiger. Complaint Ex. A (Offer of Employment), *Zaiger LLC v. Bucher Law PLLC*, No. 154124-2023 (Sup. Ct. N.Y. Cty. July 26, 2023).

63.     While at Zaiger, Mr. Bucher authored a presentation made to a potential litigation funder seeking funding for Mr. Bucher's mass arbitration plans.

64.     The presentation explained that Mr. Bucher intended to "weaponize[]" the arbitration agreement between Valve and Steam users. (Ex. 1 at 3.) The presentation stated that "[a]ggregating claims makes [the] entrance fee to just defend prohibitively expensive" to the business. *Id.* The presentation expressly targeted Valve and Steam users, including Respondents (*Id.* at 7.) The presentation enticed the litigation funder with extraordinary returns for financing Mr. Bucher's mass arbitration plan. (*Id.* at 9.) The presentation reduced each Steam user to a mere "acquisition" cost. The litigation funder would "spend $3.75 million to recruit 75,000 clients at $50 an acquisition" (*Id.* at 5.) In exchange, the litigation funder would receive an estimated "1874% ROI on $6.5 million investment" in funding the proposed mass arbitration. (*Id.* at 9.) Mr. Bucher would persuade a large volume of Steam users to sue Valve, then extort a windfall settlement by threatening Valve with millions of dollars in up front arbitration fees having nothing to do with the merits of Steam users' claims.

65.     On March 1, 2023, Zaiger terminated Mr. Bucher. Mr. Bucher thereafter formed his law firm, Bucher Law.

66.     On May 9, 2023, Zaiger filed a lawsuit against Mr. Bucher in the Supreme Court for the State of New York, New York County, alleging, among other things, that Mr. Bucher engaged in misconduct in connection with threatened—and now pending—arbitrations against Valve. Complaint ¶¶ 1-13, *Zaiger LLC v. Bucher Law PLLC*, No. 154124-2023 (Sup. Ct. N.Y. Cnty. May 9, 2023) (Ex. 7).

67.     Zaiger alleges that Mr. Bucher, while employed at Zaiger, "snuck into the Firm's client database," and "tried to access and download names, addresses, email addresses, and mobile phone numbers of about 48,000 Firm clients whose information was stored on the Firm Database." *Id.* ¶ 3.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

68.     Mr. Bucher allegedly used the information he stole to "barrage those Firm Clients with false and deceptive emails and text messages," falsely implying that the clients must sign up with his firm to continue pursuing their mass arbitration claims against Valve. *Id.* ¶ 5.

69.     Zaiger asserts claims for intentional interference with contractual relationships, unfair competition, misappropriation, and unjust enrichment against Mr. Bucher based on this alleged misconduct. *Id.* ¶¶ 87-122.

70.     On July 2, 2024, the Supreme Court for the State of New York denied Mr. Bucher's motion to dismiss Zaiger's claims. *Zaiger LLC v. Bucher Law PLLC*, slip op. at 6-10 (Sup. Ct. N.Y. Cnty. Aug. 13, 2024).

**E.     More than Two Years after This Court in *Wolfire* Grants Valve's Motion To Compel Arbitration, Bucher Law Commences Arbitrations**

71.     On July 12, 2023, Bucher Law sent Valve a letter threatening to bring purported antitrust claims on behalf of 44,903 individuals. (Fuchs Decl. ¶ 2.) The allegations contained in Bucher Law's letter were apparently modeled on those made on behalf of the seven consumers in the *Wolfire* action.

72.     On October 2, 2023, Bucher Law submitted 997 demands for arbitration against Valve to the AAA and threatened Valve with filing 18,204 more such demands. (Fuchs Decl. ¶ 3.)

73.     In November and December of 2023, Bucher Law submitted thousands of additional demands for arbitration against Valve to the AAA. (Fuchs Decl. ¶ 4.)

74.     Bucher Law is currently pursuing arbitrations against Valve before the AAA on behalf of 5,028 claimants. (Fuchs Decl. ¶ 5.)

75.     Among these claimants, the claims of (i) 599 claimants are assigned to merits arbitrators (not including two additional claimants who are deceased) and (ii) 25 claimants were assigned to Arbitrator Martin D. Katz before he was disqualified by the AAA. These 624 claimants, collectively, comprise the Respondents. (Fuchs Decl. ¶ 6; App'x A.)

76.     On September 27, 2024, Bucher Law attempted to file an additional 42,000 arbitration claims with the AAA. (Fuchs Decl. ¶ 20.) The AAA refused to administer these arbitrations. The AAA

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

noted that the claimants could proceed with their claims in court. All of these claimants are members of the putative classes in *Wolfire* and *Elliott*.

**F.  Bucher Law Seeks and Obtains Rulings from an Arbitrator
That the Superseded SSA's Arbitration Clause Is Unenforceable**

77.  The AAA assigned the claims of 25 claimants to Arbitrator Jeffrey H. Dasteel.

78.  On May 22, 2024, Bucher Law moved to dismiss arbitrations on behalf of four of the 25 claimants with arbitrations pending before Arbitrator Dasteel. (Fuchs Decl. ¶ 8.) Bucher Law moved to dismiss on the ground that the arbitration agreement in the Superseded SSA (which was then current) was unenforceable. (*Id.*)

79.  On July 8, 2024, Arbitrator Dasteel granted the four motions. The arbitrator held that the arbitration agreement in the Superseded SSA was unenforceable. (Fuchs Decl. ¶ 9.)

80.  Arbitrator Dasteel dismissed all four arbitrations on this basis. (Fuchs Decl. ¶ 10.) The arbitrator held that the four claimants' claims must be adjudicated in court. (*Id.*)

81.  The four claimants whose arbitrations Arbitrator Dasteel dismissed are not Respondents in this petition; they are named plaintiffs in *Elliott*. (Fuchs Decl. ¶ 11.)

82.  Mr. Bucher has represented in an arbitration hearing that Bucher Law could have sought and obtained the same unenforceability ruling from Arbitrator Dasteel with respect to the other 21 Respondents whose claims are still pending before Arbitrator Dasteel. (Fuchs Decl. ¶ 12.)

83.  Valve has not challenged and will not challenge Arbitrator Dasteel's orders on unenforceability. (Fuchs Decl. ¶ 13.)

84.  Valve did not file a petition to vacate Arbitrator Dasteel's orders under the Federal Arbitration Act and the time to do so has now expired. *See* 9 U.S.C. § 12. (Fuchs Decl. ¶ 13.)

**G.  Proposed Class Counsel Commence a Putative Nationwide Class Action in This Court**

85.  On August 9, 2024, Proposed Class Counsel filed the *Elliott* putative nationwide class action against Valve in this Court.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

86.     Proposed Class Counsel named as plaintiffs the four claimants on whose behalf Bucher Law had sought and obtained orders before Arbitrator Dasteel that the arbitration agreement in the Superseded SSA was unenforceable. *See* Complaint ¶¶ 13, 16-19, *Elliott* (Dkt. 1).

87.     The complaint in *Elliott* includes all of the claims and relief sought in the arbitrations Bucher Law is prosecuting on behalf of claimants, including Respondents.

88.     Proposed Class Counsel seek in *Elliott* to represent a class of consumers that includes all Respondents and all other claimants in the arbitrations Bucher Law is prosecuting against Valve. The class is defined as: "All persons and entities who, directly or through an agent, purchased a PC game on the Steam Store, or purchased an in-game product from a game distributed on the Steam Store, in the United States and its territories." Complaint ¶ 167, *Elliott* (Dkt. 1).

89.     Proposed Class Counsel represent in the *Elliott* complaint that "[t]he prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for [Valve]." Complaint ¶ 176, *Elliott* (Dkt. 1).

90.     Bucher Law is prosecuting separate actions in arbitrations before the AAA on behalf of individual Class members, including Respondents.

91.     Bucher Law is at the same time representing (i) Respondents in pending arbitrations, and (ii) the named plaintiffs and putative class in *Elliott*.

92.     Bucher Law conceded in dozens of letters to arbitrators that *Elliott* is "overlapping" with Respondents' arbitrations.

93.     At the time Proposed Class Counsel filed *Elliott*, Valve's SSA—the Superseded SSA—contained the arbitration agreement under which this Court compelled the *Wolfire* Consumer Plaintiffs to arbitration in 2021.

94.     Even though the Superseded SSA in effect at the time *Elliott* was filed included an arbitration agreement, Proposed Class Counsel alleged in *Elliott* that they can pursue a class action on behalf of a nationwide class in court because Proposed Class Counsel had "won binding decisions from arbitrators rendering Valve's arbitration provision unenforceable." Those "binding decisions" are the

PETITION - 24
2:24-cv-1717

decisions rendered by Arbitrator Dasteel on July 8, 2024. In short, the *Elliott* case is entirely premised on the Superseded SSA's arbitration agreement being unenforceable as to all Steam users.

95.     Proposed Class Counsel alleged in the *Elliott* complaint that the putative class action is "superior to any other method for the fair and efficient adjudication of this legal dispute."

96.     Bucher Law previously told potential arbitration claimants the opposite: Bucher Law represented to potential claimants in marketing materials that **arbitration** was the superior venue for obtaining maximum recovery.

97.     In a marketing video Mr. Bucher widely circulated on YouTube, he represented: "Judge Coughenour . . . ruled [in *Wolfire*] that [consumers'] claims should be filed through a process called arbitration. **Now that's good news for PC gamers. Because . . . on average, consumers in arbitration recover hundreds of times more than in a class action.**"[13]

## H.     Bucher Law Continues To Prosecute Arbitrations on Behalf of Respondents and Other Members of the Elliott Putative Class

98.     After filing the *Elliott* action, Bucher Law continues to prosecute arbitrations before the AAA on behalf of Respondents and thousands of other claimants, all of whom are included in the putative *Elliott* and *Wolfire* classes.

99.     Mr. Bucher brazenly conceded in arbitration hearings, and at least one arbitrator has found, that he is pursuing arbitrations and a parallel class action as a "forum shopping" exercise. (Fuchs Decl. ¶ 16.)

100.     Mr. Bucher also put this forum shopping in concrete terms. He represented in arbitration hearings that if Respondents do not like the decisions of an arbitrator at any point up until a merits determination they might withdraw from the arbitrations and participate in the class action. (Fuchs Decl. ¶ 17.) Based on this admission, an arbitrator has found that Mr. Bucher was engaged in "bet hedging." (*Id.*)

---

[13] https://www.youtube.com/watch?v=3w_pbejggn8.

PETITION - 25
2:24-cv-1717

101.    In addition, Mr. Bucher admitted that he is using Respondents' arbitrations as leverage to further his class action. (Fuchs Decl. ¶ 18.) Indeed, Mr. Bucher represented in arbitration hearings that he intends to use information learned from arbitration proceedings to support his prosecution of the *Elliott* action. (*Id.*) An arbitrator found on these facts that Mr. Bucher "hopes to use discovery and arbitral decisions to further its new class action." (*Id.*) That arbitrator further held that "it is inefficient and wasteful to force respondent to arbitrate and litigate simultaneously in multiple fora." (*Id.*) That arbitrator also held that Bucher Law "has engaged in . . . gamesmanship." (*Id.*)

**I.    Valve Removes the Arbitration Agreement**

102.    Valve accepted Arbitrator Dasteel's determination that the arbitration agreement in the Superseded SSA was unenforceable.

103.    On September 26, 2024, Valve removed the arbitration agreement and class action waiver from the SSA. (Lynch Decl. ¶ 5.)

104.    When Valve launched the Current SSA, Valve inserted a banner at the top of the agreement prominently announcing: "Valve has updated the Steam Subscriber Agreement. The updates affect your legal rights, including how disputes and claims between you and Valve are resolved. Among other things, the new dispute resolution provisions in Section 10 require that all disputes and claims proceed in court and not in arbitration. Please review carefully." (Lynch Decl. ¶ 6.) The banner is set forth below.



(*Id.* ¶ 6.)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

105.     In addition to the banner displayed above the Current SSA, Valve provided notice of the change to the SSA to Steam users in three other ways. (Lynch Decl. ¶ 8.)

106.     First, beginning on September 26, 2024, Valve provided email notice to all U.S. Steam users of the new SSA (the "Email Notice"), sending the notice to the email address of record for their Steam accounts. (Lynch Decl. ¶ 9.) The Email Notice specifically called out changes to the dispute resolution provision, providing:

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



# Hello

## We have updated the Steam Subscriber Agreement

We've updated the Steam Subscriber Agreement. The updates affect your legal rights. They include changes to how disputes and claims between you and Valve are resolved. The updated dispute resolution provisions are in Section 10 and require all claims and disputes to proceed in court and not in arbitration. We've also removed the class action waiver and cost and fee-shifting provisions. Please carefully review the updated Steam Subscriber Agreement here.

This updated Steam Subscriber Agreement will become effective immediately when you agree to it, including when you make most purchases, fund your Steam wallet, or otherwise accept it. Otherwise, the updated Steam Subscriber Agreement will become effective on November 1, 2024, unless you delete or discontinue use of your Steam account before then. If you would like to delete your Steam account, you can learn more about account deletion here.

This notification has been sent to the email address associated with your Steam account.

PETITION - 28
2:24-cv-1717

(*Id.* ¶ 9.)

107.    The Email Notice included multiple links to the full text of the Current SSA, shown in the blue text above. (Lynch Decl. ¶ 10.)

108.    Second, beginning on September 26, 2024, Valve provided notice of the new agreement through an in-app pop-up that appeared when users opened the Steam client (the "Pop-Up Notice"). The Pop-Up Notice provided:



(Lynch Decl. ¶ 11.)

109.    In addition to calling out the changes to the dispute resolution provision, the Pop-Up Notice included multiple links to the full text of the Current SSA, shown in blue text above. (Lynch Decl. ¶ 12.)

PETITION - 29
2:24-cv-1717

110.    The Pop-Up Notice enabled users to agree to the Current SSA by checking a box stating: "I Agree to the Updated Steam Subscriber Agreement" then clicking "Accept Updated SSA." (Lynch Decl. ¶ 13.)

111.    Alternatively, users could close the Pop-Up Notice without agreeing to the Current SSA, as indicated by the "X" at the top right corner of the pop-up. (Lynch Decl. ¶ 14.)

112.    Third, beginning on September 26, 2024, Valve published a blog post on the Steam platform providing notice of the new SSA (the "Blog Post"), available at https://store.steampowered.com/news/app/593110/view/4696781406111167991. (Lynch Decl. ¶ 15.) The Blog Post provided:



(Lynch Decl. ¶ 15.)

113.    The Blog Post included multiple links to the full text of the Current SSA, shown in blue text above. (Lynch Decl. ¶ 16.)

PETITION - 30
2:24-cv-1717

114.    The Email Notice and Pop-Up Notice explained: "This updated Steam Subscriber Agreement will become effective immediately when you agree to it, including when you make most purchases, fund your Steam Wallet, or otherwise accept it."

115.    The Email Notice and Pop-Up Notice further provided: "Otherwise, the updated Steam Subscriber Agreement will become effective on November 1, 2024, unless you delete or discontinue us of your Steam account before then."

116.    The Email Notice and Pop-Up Notice explained how users could delete their Steam account.

117.    Consistent with the Email Notice and Pop-Up Notice, when a user buys a game on Steam, the user is presented with an unchecked box requiring the user to accept the Current SSA, which is hyperlinked to the words "Steam Subscriber Agreement" shown below:

PETITION - 31
2:24-cv-1717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



20   (Lynch Decl. ¶ 19.)

21        118.    All Steam users have a "Steam wallet" that contains funds which may be used for the

22   purchase of any game on Steam or within a game that supports Steam transactions. (Lynch Decl. ¶ 17.)

23
24
25
26
27
28

PETITION - 32
2:24-cv-1717

119.    Consistent with the Email Notice and Pop-Up Notice, when a user funds a Steam Wallet, the user is presented with an unchecked box requiring the user to accept the Current SSA, which is hyperlinked to the words "Steam Subscriber Agreement" shown below:



(Lynch Decl. ¶ 20.)

120.    At least 461 of the 624 Respondents have affirmatively accepted the Current SSA by (i) checking the check box affirming "I Agree to the Updated Steam Subscriber Agreement" and clicking "Accept Updated SSA" through the Pop-Up Notice, (ii) making a purchase and agreeing to the Current SSA by checking "I agree to the terms of the Steam Subscriber Agreement (last updated Sep 26, 2024)

PETITION - 33
2:24-cv-1717

and clicking the "Purchase" button, (iii) funding a Steam Wallet and agreeing to the Current SSA by checking "I agree to the terms of the Steam Subscriber Agreement (last updated Sep 26, 2024) and clicking the "Purchase" button, or (iv) some combination of options (i)–(iii). (Lynch Decl. ¶ 22; App'x A.)

121.    The remaining 163 Respondents will be bound by the Current SSA pursuant to the terms of the Email Notice and Pop-Up Notice by November 1, 2024, unless they delete or discontinue use of their Steam accounts. (Lynch Decl. ¶ 26.)

122.    The Current SSA does not contain an arbitration agreement.

123.    The Current SSA provides that all claims and disputes, including claims and disputes that arose before the effective date of the Current SSA, must proceed in court in Washington:

> You and Valve agree that all disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained exclusively in any state or federal court located in King County, Washington, having subject matter jurisdiction.

(*See* Ex. B §10 (available at https://store.steampowered.com/subscriber_agreement/).)

124.    The Current SSA contains a merger clause providing as follows:

> This Agreement, including any Subscription Terms, Rules of Use, the Valve Privacy Policy, and the Valve Hardware Limited Warranty Policy, constitutes and contains the entire agreement between the parties with respect to the subject matter hereof and supersedes any prior oral or written agreements.

(*See* Ex. B §11 (available at https://store.steampowered.com/subscriber_agreement/).)

**J.    Valve Advises This Court in *Wolfire* of the Update to the SSA Removing the Arbitration Agreement and the Plaintiffs in *Wolfire* Move to Lift the Stay**

125.    On September 27, 2024, Valve filed a status report in the *Wolfire* action notifying this Court that Valve had removed the arbitration agreement from the SSA. Valve Corporation's Status Report re Order (Dkt. 66), *Wolfire* (Dkt. 362).

126.    On October 3, 2024, the plaintiffs in the *Wolfire* action moved to lift the stay of six of the seven *Wolfire* Consumer Plaintiffs' claims. Consumer Plaintiffs' Motion to Lift Stay, *Wolfire* (Dkt. 366). The plaintiffs in *Wolfire* reasoned that "the changes to Section 10 of the SSA now require all disputes and claims of subscribers outside of the European Union and United Kingdom to be 'commenced and

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

maintained exclusively in any state or federal court located in King County, Washington, having subject matter jurisdiction.'" *Id.* at 2. "This includes 'any dispute or claim that arose before the existence of this or any prior agreement.'" *Id.*

127.    On October 4, 2024, the consumer plaintiffs in the *Wolfire* action moved to consolidate the *Wolfire* and *Elliott* actions and for the appointment of Vorys, Sater, Seymour and Pease LLP ("Vorys") as interim lead class counsel in the consolidated actions. Consumer Plaintiffs' Motion to Consolidate and Appoint Vorys, Sater, Seymour and Pease LLP as Interim Lead Class Counsel, *Wolfire* (Dkt. 370). In their motion, the plaintiffs in *Wolfire* accused Proposed Class Counsel of filing a "copycat" action and taking a "'passive approach'" to pursuing claims of the class. *Id.* at 6.

128.    On October 17, 2024, the consumer plaintiffs in the *Wolfire* action opposed Proposed Class Counsel's motion to be appointed interim co-lead counsel. Consumer Plaintiffs' Opposition to Plaintiffs' Opposition to Plaintiffs' Motion to Appoint Hagens Berman Sobol Shapiro LLP and Bucher Law PLLC as Interim Co-Lead Class Counsel, *Elliott* (Dkt. 36) (Ex. 14). In their opposition, the *Wolfire* consumer plaintiffs reiterated that "[a] concerning amount of [Proposed Class Counsel's] Class Action Complaint repeats—word for word—allegations from the Consolidated Amended Class Action Complaint in [*Wolfire*] authored by Vorys and co-counsel." *Id.* at 5. The *Wolfire* consumer plaintiffs identified "forty examples of the *Elliott* Complaint parroting the exact same language used in the [*Wolfire*] Complaint." *Id.*

**K.   Bucher Law and Co-Counsel File a Motion in Elliott To Be Appointed Interim Co-Lead Counsel Asserting that the Current SSA Applies to All Claimants**

129.    On October 2, 2024, Proposed Class Counsel filed a motion to be appointed as interim co-lead class counsel in *Elliott*. Plaintiffs' Motion to Appoint Hagens Berman Sobol Shapiro LLP and Bucher Law PLLC as Interim Co-Lead Class Counsel, *Elliott* (Dkt. 25).

130.    In that motion, Proposed Class Counsel represented to this Court that Valve had "remove[d] the arbitration provision from its terms of use, along with the associated class action waiver." *Id.* at 5. In the next sentence, Proposed Class Counsel represented: "**As a result, Valve consumers are authorized to proceed in federal court and seek collective relief through the class action vehicle.**" *Id.* (emphasis added).

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    131.    Proposed Class Counsel therefore represented to this Court that the Current SSA applies to

2   all Valve consumers, including Respondents and all other claimants in the arbitrations Bucher Law is

3   prosecuting before the AAA.

4    132.    On October 17, 2024, Valve filed a response to Proposed Class Counsel's motion to be

5   appointed interim co-lead counsel. *Elliott* (Dkt. 32). In its response, Valve explained that Proposed Class

6   Counsel have an irreconcilable conflict that prevents them from serving as counsel to the putative class

7   while prosecuting arbitrations on behalf of Respondents and other claimants.

8   **L.    Bucher Law Continues To Prosecute Arbitrations
        and To Argue Before the AAA and Arbitrators that
9        the Current SSA Does Not Apply to Valve Customers**

10    133.    Bucher Law represented to this Court in *Elliott* that the Current SSA applied to all Valve

11   consumers, including Respondents and all other claimants Bucher Law represents in pending arbitrations.

12   Bucher Law took the opposite position in arbitration proceedings on behalf of Respondents and other

13   claimants Bucher Law represents.

14    134.    In arbitration proceedings before the AAA, Bucher Law has stridently asserted that the

15   arbitration agreement in the Superseded SSA is enforceable and the Current SSA is invalid.

16    135.    Indeed, on September 27, 2024, just a day after Valve removed the arbitration agreement

17   from the SSA, Bucher Law attempted to file with the AAA 42,000 **new** consumer arbitrations based on

18   the same allegations as in Respondents' arbitrations and pursuant to the arbitration agreement in the

19   Superseded SSA. (Fuchs Decl. ¶ 20.)

20    136.    Bucher Law could not attempt to file new consumer arbitrations unless its position was that

21   the Current SSA did not apply to these consumers.

22    137.    In an arbitration hearing on October 2, 2024, Mr. Bucher represented: "These reported

23   changes of terms, which appear to be an attempted unilateral modification, . . . under black-letter contract

24   law, [are] not permitted." (Fuchs Decl. ¶ 21.)

25    138.    In a letter to the AAA dated October 6, 2024, Bucher Law represented that Valve's

26   "purported recent, unilateral amendment of its contract with claimants (deleting the arbitration

27

28

PETITION - 36
2:24-cv-1717

agreement)" was without effect and did not mandate that the arbitrations be closed. (Fuchs Decl. ¶ 22.) Bucher Law described Valve's update to the SSA as a "unilateral and legally infirm terms of use modification." (*Id.*)

139.    Bucher Law has doubled down on this position in submissions to arbitrators. In a letter dated October 14, 2024, Bucher Law asserted that "[t]he Federal Arbitration Act's mandate that arbitration agreements are 'irrevocable' prevents Valve Corporation from revoking their arbitration agreement." (Fuchs Decl. ¶ 23.) Bucher Law further argued that the Current SSA is a "[u]nilateral modification[]" that is "unconscionable and therefore unenforceable." (*Id.*) Bucher Law also contended that Valve's "unilateral modification to the terms . . . violates the implied covenant of good faith and fair dealing, making the purported new terms unenforceable." (*Id.*) These positions are all incorrect as a matter of law. They are also directly contrary to what Proposed Class Counsel has represented to this Court in the *Elliott* action.

140.    Bucher Law does not deny that it is taking inconsistent positions to this Court in *Elliott* (where Bucher Law argues that the Current SSA applies to all members of the putative class) and to arbitrator and the AAA in arbitrations (where Bucher Law argues that the Current SSA does **not** apply to Respondents or other claimants who are members of the putative class).

141.    Bucher Law has sought to justify this inconsistency on the ground that it is not speaking on behalf of the putative class in the arbitrations.

142.    Bucher Law's co-counsel in the arbitrations has stated in an arbitration hearing on behalf of certain Respondents: "Yeah, I won't deny that [Mr. Bucher] made those [inconsistent] representations on behalf of those clients [in *Elliott*]. But he has not made that argument for these three clients nor have I. And, you know, black letter law, lawyers are allowed to make different arguments for different clients, and that's -- we all do that, you know, for whatever reasons."

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**M.    Bucher Law Asserts in California State Court
that the Current SSA Does Not Apply to a Valve Customer**

143.    Bucher Law represented to this Court in *Elliott* that the Current SSA applied to all Valve consumers, including Respondents and all other claimants in pending arbitrations. Bucher Law took the opposite position in a petition recently filed in California state court.

144.    On August 27, 2024, AAA disqualified Arbitrator Martin D. Katz.

145.    On October 4, 2024, Bucher Law filed a petition in the Superior Court of the State of California, Los Angeles County, on behalf of an individual claimant and Respondent in this petition to vacate the AAA's disqualification of Arbitrator Katz.

146.    There would be no reason for Bucher Law to seek reinstatement of Arbitrator Katz if the Current SSA applied because under the Current SSA, Valve and Respondents' claims must proceed in court.

147.    Bucher Law's petition therefore assumes that the Current SSA does not apply to the petitioner and Respondent in this petition.

148.    Among the 25 claimants assigned to Arbitrator Katz before he was disqualified, 18 have already agreed to the Current SSA.

**N.    Proposed Class Counsel's Representation of the
Putative Class in *Elliott* and Members of the Putative Class
in Arbitrations Creates Divided Loyalties and a Clear Conflict of Interest**

149.    Bucher Law's loyalties are divided between (i) Respondents and other individual arbitration claimants who are also putative class members and (ii) the putative class. Those divided loyalties create a clear conflict of interest.

150.    Class counsel has a duty of loyalty not only to named plaintiffs in a putative class action, but also absent class members. "Courts have consistently held that counsel cannot simultaneously represent a class and prosecute either individual or class claims against the same defendants in a different proceeding." 1 McLaughlin on Class Actions § 4:39 (20th ed.) (collecting cases). Proposed Class Counsel's representation of both the putative class in *Elliott* and Respondents and other individual claimants in the arbitrations creates the very conflicts contemplated in this well-established body of law.

PETITION - 38
2:24-cv-1717

151.    Overlapping representations are inherently conflicted because they risk favoring one subset of the class over another.

152.    The mere appearance of divided loyalties creates an irreconcilable conflict.[14]

153.    Proposed Class Counsel's representation of both the putative class in the *Elliott* action and individual claimants in the arbitrations creates this very conflict. It gives rise to the risk that counsel could (i) trade off interests in some cases for others, (ii) take actions in one set of cases that could harm the other, (iii) prioritize individual arbitration claimants over the class and sell out the absent class members, and (iv) try to settle all claims at once, thereby creating opportunities to manipulate the allocation of settlement dollars.

154.    Proposed Class Counsel's effort to bring the *Elliott* action on behalf of a putative class depends on Proposed Class Counsel's contention that the Superseded SSA is not enforceable and the Current SSA applies to all members of the putative class. But on behalf of a subset of Respondents and other putative class members in the arbitrations, Bucher Law is claiming the Current SSA is invalid, and the Superseded SSA's arbitration provision is enforceable. These contradictory positions likely breach counsel's duties to Respondents and other claimants and to the putative class.

**O.    Valve Requests that the AAA Administratively Close Claimants' Arbitrations**

155.    On September 27, 2024, Valve notified the AAA that (i) an arbitrator ruled that the arbitration agreement in the Superseded SSA was unenforceable and (ii) Valve then removed the arbitration agreement from the SSA that was the basis for jurisdiction with the AAA. (Ex. 6 at 1-2.) Valve therefore requested that the AAA administratively close the arbitrations Bucher Law was prosecuting on behalf of Valve customers. (*Id.* at 2.)

156.    In response, Bucher Law argued that Valve's request should be denied because the Superseded SSA's arbitration agreement remains valid and enforceable and the AAA is an administrative

---

[14] On October 17, 2024, Valve filed a response to Proposed Class Counsel's motion to be appointed co-lead interim counsel detailing the conflict issues noted herein. *See* Valve Corporation's Response to Plaintiff's Motion to Appoint Hagens Berman Sobol Shapiro LLP and Bucher Law PLLC as Interim Co-Lead Counsel, *Elliott* (Dkt. No. 32).

PETITION - 39
2:24-cv-1717

body that cannot make legal determinations. (Fuchs Decl. ¶ 22.) Despite the *Elliott* case being premised on the Superseded SSA being unenforceable, Bucher Law described Valve's implementation of the Current SSA as a "unilateral and legally infirm terms of use modification." (*Id.*)

157.    On October 7, 2024, the AAA notified Valve and Claimants' Counsel that it would not administratively close Respondents' arbitration proceedings. The AAA stated that, "in the absence of an agreement by the parties **or a court order staying or closing these matters**, we will proceed with administration." (Ex. 5 (emphasis added).)

158.    The AAA notified Valve that it would leave it to a court or 34 merits arbitrators presiding over 601 pending cases, including all 599 of Respondents' cases (and two additional cases involving deceased claimants who are not Respondents), to address what the AAA described as "issues of arbitrability and disputes surrounding the applicable contract." (Ex. 5.)

**P.    A Court Must Resolve the Parties' Dispute as to Whether the Superseded SSA or the Current SSA Applies to Respondents' Claims**

159.    The Supreme Court held in a unanimous decision issued in May 2024 that a dispute as to whether an earlier arbitration agreement or a subsequent agreement applies to a claimant's claim must be decided by a court and not an arbitrator. *See Coinbase, Inc. v. Suski*, 602 U.S. 143, 152 (2024). The Court explained that "disputes are subject to arbitration if, and only if, the parties actually agreed to arbitrate those disputes." *Id.* at 145. Consequently, "a court needs to decide what the parties have agreed to—*i.e.,* which contract controls." *Id.* The Court came to this conclusion even though the prior agreement in *Coinbase* delegated questions of enforceability to the arbitrator.

160.    *Coinbase* is directly on point here and requires that the court resolve the parties' dispute as to which arbitration agreement applies as between the Superseded SSA and the Current SSA.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**Q.     All Respondents Are or Will by November 1, 2024, Be Bound by the Current SSA**

**(a)     All Respondents Received Notice of the SSA Update**

161.    Between September 26, 2024, and September 27, 2024, Valve sent the Email Notice to every Respondent providing notice of the new SSA. (Lynch Decl. ¶ 21.)

162.    Every Respondent who has logged into his or her account on the Steam client between September 27, 2024, and the present also received the Pop-Up Notice providing notice of the new SSA.

163.    The Blog Post has also been published on the Steam platform and available to Respondents continuously between September 26, 2024, and the present.[15]

164.    The Current SSA has been available online from September 26, 2024, to the present, in 10 languages, through https://store.steampowered.com/subscriber_agreement/.

**(b)     At Least 461 Respondents Have Affirmatively Agreed to the Current SSA**

165.    At least 461 of the 624 Respondents have affirmatively accepted the Current SSA (the "Presently Bound Respondents"). (Lynch Decl. ¶ 22; App'x A.)

166.    The Superseded SSA provided that Valve and users may mutually amend the agreement. It provided: "This Agreement may at any time be mutually amended by your explicit consent to changes proposed by Valve."

167.    At least 422 Respondents affirmatively accepted the Current SSA by checking the check box affirming "I Agree to the Updated Steam Subscriber Agreement" and clicking "Accept Updated SSA" through the Pop-Up Notice. (Lynch Decl. ¶ 23; App'x A.)

168.    At least 39 Respondents affirmatively accepted the Current SSA by making a purchase and agreeing to the Current SSA by checking "I agree to the terms of the Steam Subscriber Agreement (last updated Sep 26, 2024)." (Lynch Decl. ¶ 24; App'x A.)

---

[15] https://store.steampowered.com/news/app/593110/view/4696781406111167991.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**(c)   The Remaining 163 Respondents Will Be
Bound by the Current SSA by November 1, 2024**

169.    The remaining 163 Respondents will be bound by the Current SSA by November 1, 2024, as set forth in the Email Notice and Pop-Up Notice (the "November 1 Bound Respondents"). (Lynch Decl. ¶ 26.)

170.    The Superseded SSA provided that Valve may unilaterally amend the agreement. It provided:

> Valve may amend this Agreement (including any Subscription Terms or Rules of Use) unilaterally at any time in its sole discretion. In this case, you will be notified by e-mail of any amendment to this Agreement made by Valve at least 30 (30) days before the effective date of the amendment. You can view the Agreement at any time at http://www.steampowered.com/. Your failure to cancel your Account prior to the effective date of the amendment will constitute your acceptance of the amended terms. If you don't agree to the amendments or to any of the terms in this Agreement, your only remedy is to cancel your Account or to cease use of the affected Subscription(s). Valve shall not have any obligation to refund any fees that may have accrued to your Account before cancellation of your Account or cessation of use of any Subscription, nor shall Valve have any obligation to prorate any fees in such circumstances. (Ex. A §8(B).)

171.    All November 1 Bound Respondents received the Email Notice.

172.    The Email Notice provided: "This updated Steam Subscriber Agreement will become effective immediately when you agree to it, including when you make most purchases, fund your Steam Wallet, or otherwise accept it. **Otherwise, the updated Steam Subscriber Agreement will become effective on November 1, 2024, unless you delete or discontinue us of your Steam account before then.**"

173.    The Pop-Up Notice provided: "This updated Steam Subscriber Agreement will become effective immediately when you agree to it, including when you make most purchases, fund your Steam Wallet, or otherwise accept it. **Otherwise, the updated Steam Subscriber Agreement will become effective on November 1, 2024, unless you delete or discontinue us of your Steam account before then.**"

174.    As of October 15, 2024, no Respondent has deleted or requested to delete his or her Steam account. (Lynch Decl. ¶ 27.)

PETITION - 42
2:24-cv-1717

175.   Continued use of a service after the service provider implements new terms of service and provides notice of the new terms constitutes affirmative acceptance of those terms.

176.   As a matter of law, the November 1 Bound Respondents' failure to delete or discontinue use of Steam after Valve implemented the Current SSA will constitute affirmative acceptance of the Current SSA as a matter of law and in accordance with the modification procedure to which they agreed in the Superseded SSA.

**R.    Respondents' Claims Must Proceed in Court Under the Current SSA**

177.   Respondents' claims must proceed in court in Washington pursuant to the Current SSA.

178.   The Current SSA provides that all claims and disputes, including claims and disputes that arose before the Current SSA, must proceed in court in Washington:

> You and Valve agree that all disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained exclusively in any state or federal court located in King County, Washington, having subject matter jurisdiction.

(*See* Ex. B §10 (available at https://store.steampowered.com/subscriber_agreement/english/#10).)

179.   The plain language of this clause states that it applies to all disputes or claims that arose before the existence of the Current SSA, which includes Respondents' claims in pending arbitrations before the AAA.

180.   Under well-settled law, a forum selection clause applies to accrued claims, including pending claims, where, as here, the clause expressly provides for retroactive effect. *See, e.g.*, *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1127 (11th Cir. 2014) (new agreement without arbitration clause superseded and applied retroactively to foreclose arbitration under a prior agreement containing an arbitration clause where claim was originally asserted when defendant had arbitration clause); *In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 2021 WL 2350814, at *4 (C.D. Cal. Apr. 20, 2021) (enforcing agreement revised two years after suit filed); *Laster v. T-Mobile USA, Inc.*, 2008 WL 5216255, at *6 (S.D. Cal. Aug. 11, 2008) (holding that agreement that "retrospectively modif[ied] the original service contract after the present litigation had already begun" nonetheless applied).

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**S.   Allowing the Bucher Law Arbitrations on Behalf of
Respondents To Proceed Would Interfere with the Jurisdiction of
This Court in *Elliott* and *Wolfire* in Violation of the All Writs Act**

181.   Bucher Law is prosecuting arbitrations before the AAA on behalf of Respondents.

182.   Proposed Class Counsel are also prosecuting a putative class action in this Court, the *Elliott* action, on behalf of a putative class that includes Respondents and encompasses all of the claims and relief sought in Respondents' arbitrations.

183.   There is also a parallel putative class action in this Court, the *Wolfire* action, brought on behalf of a putative class that includes Respondents and encompasses all of the claims and relief sought in Respondents' arbitrations.

184.   It would threaten the jurisdiction of this Court and any judgment of this Court in *Elliott* and *Wolfire* for arbitrations prosecuted by Bucher Law on behalf of Respondents to proceed because the arbitrations could result in rulings inconsistent with the rulings of this Court.

185.   It would also be a manifest waste of the parties' and judicial resources to permit Bucher Law to forum shop by proceeding in two forums on behalf of the putative class.

**T.   Valve Is Suffering and Will Continue To Suffer Irreparable Harm**

186.   Valve is suffering, and absent an order enjoining Respondents' arbitrations, will continue to suffer irreparable harm if the arbitrations Bucher Law is prosecuting on behalf of Respondents proceed.

187.   Absent an injunction, arbitrations with respect to the claims of Respondents likely will proceed before the AAA.

188.   Although Valve has requested that the AAA close the arbitrations administratively for lack of jurisdiction, the AAA determined that a court or the merits arbitrators must resolve that question.

189.   The arbitrators cannot decide the parties' dispute as to whether the Superseded SSA or the Current SSA governs Respondents' arbitrations.

190.   Under *Coinbase*, this Court must make that determination.

191.   Nonetheless, arbitrators in several of Respondents' arbitrations before the AAA have held—despite not having the legal capacity to do so—that the arbitrations may proceed. (Fuchs Decl.

---

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

¶ 24.) Other arbitrators have stayed proceedings. (*Id.*) And still other arbitrators have ordered the parties to brief which agreement applies to Respondents' claims, even though that is a determination that only a court can make. (*Id.*)

192.   Absent an injunction, Valve will expend time and resources defending against Respondents' claims in arbitration, none of which are arbitrable.

193.   This time and expense incurred will be substantial. Arbitrations are proceeding before 34 different arbitrators. (Fuchs Decl. ¶ 25.) Each arbitrator holds separate hearings, requires the parties to brief and argue issues separately, and issues separate orders on discovery issues. (*Id.*)

194.   The threshold issue of which SSA governs will be submitted to multiple arbitrators (who cannot decide that issue under *Coinbase*) while this petition proceeds simultaneously, risking inconsistent rulings and wasteful proceedings.

195.   Any arbitral awards will not be enforceable because there is no right to arbitrate.

196.   Any arbitral decisions, orders, or awards may also conflict with rulings of this Court in *Wolfire* and/or *Elliott* presiding over putative class actions that include Respondents as putative class members and the claims and relief sought in Respondents' duplicative arbitrations.

197.   As Proposed Class Counsel acknowledge in the complaint in *Elliott*, "[t]he prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for [Valve]." Complaint ¶ 176, *Elliott* (Dkt. 1).

**U.    The Balance of Equities Favors Valve**

198.   The balance of equities supports an injunction.

199.   Forcing Valve to engage in arbitration where Respondents are not bound to arbitrate and instead must pursue their claims in court under the Current SSA serves no equitable purpose.

200.   On the contrary, Valve will be subject to harassing and vexatious proceedings that Bucher Law on behalf of Respondents has no right to pursue.

201.   Indeed, Bucher Law targeted Valve and Steam users, including Respondents, to "weaponize[]" Valve and Respondents' now superseded SSA. (Ex. 1 at 3.)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

202.    Bucher Law stated that "[a]ggregating claims makes [the] entrance fee to just defend prohibitively expensive," providing leverage for immediate settlements. (Ex. 1 at 3.)

203.    To effectuate this strategy, Bucher Law commenced thousands of arbitrations, apparently without conducting any investigation: it filed arbitrations on behalf of at least seven individuals who appear to be deceased; at least 96 individuals who are represented by other law firms asserting substantively identical arbitration claims, and at least 19 individuals who are in active bankruptcy proceedings.[16]

204.    On October 20, 2023, Valve filed a lawsuit against Bucher Law alleging that Bucher Law committed abuse of process and tortious interference with Valve's SSA with Steam users through Bucher Law's mass arbitration scheme targeting Valve. *See* Complaint, *Valve Corp. v. Bucher Law PLLC*, No. 23-2-20447-6-SEA (Wash. Super. Ct. filed Oct. 2, 2023) (Ex. 2.) Bucher Law sought to dismiss that lawsuit. The court denied Bucher Law's request, finding that (i) "Valve has alleged sufficient facts to establish a plausible claim of tortious interference" and (ii) "Valve has also alleged sufficient facts to plausibly allege a claim of abuse of process, particularly given the unique circumstances of the case." (Ex. 3 at 2.)

205.    Bucher Law has conceded that Bucher Law intended to forum shop by prosecuting a class action in *Elliott* and individual actions on behalf of putative class members in arbitration. (Fuchs Decl. ¶ 16.) Nor do Respondents receive any benefit from proceeding with arbitration. Respondents will waste time and energy pursuing arbitrations at Bucher Law's behest that cannot proceed and where any arbitral award will be vacated.

206.    Respondents will also suffer no prejudice from an injunction. Respondents may pursue their claims in court.

207.    In fact, there are already two putative class actions against Valve, *Wolfire* (which was filed in 2021, well before Bucher Law filed its arbitrations) and *Elliott*, asserting overlapping claims on behalf of Respondents and other members of a putative nationwide class.

---

[16] These statistics do not include the additional 42,000 claimants on whose behalf Bucher Law attempted unsuccessfully to file arbitrations.

PETITION - 46
2:24-cv-1717

1    208.    Respondents may not be aware of these two pending putative class actions.

2    **V.    The Public Interest Favors an Injunction**

3    209.    There is no public interest in requiring Valve and Respondents to arbitrate disputes that

4    must proceed in court and where any arbitral award will be vacated.

5    210.    Permitting arbitrations and parallel actions, including the *Elliott* and *Wolfire* putative class

6    actions, to proceed would be a manifest waste of judicial resources.

7    <u>**PRAYER FOR RELIEF**</u>

8    **WHEREFORE, Valve respectfully requests that this Court award the following relief:**

9    (a)    A declaration pursuant to 28 U.S.C. § 2201 that the Current SSA is valid and enforceable.

10   (b)    A declaration pursuant to 28 U.S.C. § 2201 that the Current SSA, including Section 10 of

11           the Current SSA, applies to all disputes and claims between Valve and its users regardless

12           of when they arose, including all claims in pending arbitrations.

13   (c)    A declaration pursuant to 28 U.S.C. § 2201 that the Presently Bound Respondents have

14           entered into the Current SSA and are bound by the Current SSA.

15   (d)    A declaration pursuant to 28 U.S.C. § 2201 that the November 1 Bound Respondents will

16           enter into the Current SSA by no later than November 1, 2024, and will be bound by the

17           Current SSA by that date.

18   (e)    An order pursuant to 9 U.S.C. § 4, 28 U.S.C. §§ 2201-02, and 28 U.S.C. § 1651(a),

19           enjoining Respondents' arbitrations before the AAA that Bucher Law is prosecuting on

20           Respondents' behalf.

21   (f)    Any other relief that the Court deems just and appropriate.

22

23

24

25

26

27

28

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  DATED this 18th day of October 2024.

2

3                                           *s/ Blake Marks-Dias*
                                            Blake Marks-Dias, WSBA No. 28169
4                                           CORR CRONIN LLP
                                            1015 Second Avenue, Floor 10
5                                           Seattle, Washington 98104-1001
                                            (206) 625-8600 Phone
6                                           (206) 625-0900 Fax
                                            bmarksdias@corrcronin.com
7
                                            Michael W. McTigue Jr., *Pro Hac Vice Forthcoming*
8                                           Meredith C. Slawe, *Pro Hac Vice Forthcoming*
                                            SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
9                                           One Manhattan West
                                            New York, NY 10001
10                                          michael.mctigue@skadden.com
                                            meredith.slawe@skadden.com
11

12                                          *Attorneys for Petitioner Valve Corporation*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# APPENDIX A

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| Ryan | Ardito | 012300053635 | Badal | | |
| Riley | Baxter | 012300053643 | Badal | | X |
| Michael | Brewer | 012300053651 | Badal | | X |
| Owen | Butterworth | 012300053641 | Badal | | |
| Jonathan | Carlton | 012300053626 | Badal | | |
| Michael | Eastman | 012300053631 | Badal | | |
| Brandon | Garwell | 012300053628 | Badal | | X |
| Liam | Gaume-wakefield | 012300053650 | Badal | | X |
| Ian | Govea | 012300053634 | Badal | | X |
| Evan | Grant | 012300053632 | Badal | | X |
| Ricky | Horne | 012300053630 | Badal | | X |
| Dane | Jordan | 012300053652 | Badal | X | |
| Nicholas | Keith | 012300053648 | Badal | | X |
| Aj | Lane | 012300053636 | Badal | | |
| Max | Moakley | 012300053627 | Badal | | X |
| Malakye | Moody | 012300053644 | Badal | X | |
| Harley | Palmer | 012300053637 | Badal | | X |
| Mitchell | Papendorf | 012300053646 | Badal | | X |
| Alex | Patrao | 012300053625 | Badal | | X |
| Eric | Patton | 012300053639 | Badal | | X |
| Anthony | Rubino | 012300053647 | Badal | | X |
| Zachary | Smith | 012300053642 | Badal | | X |
| Isaiah | Taylor | 012300053633 | Badal | X | |
| Cody | Warren | 012300053640 | Badal | | X |
| Brian | Yeh | 012300053629 | Badal | | X |
| Jacob | Archer | 012300053080 | Brooks | | X |
| Eric | Buck | 012300053195 | Brooks | | X |
| Paul | Burnett | 012300053051 | Brooks | | |
| Harrison | Carlow | 012300052857 | Brooks | | X |
| Spencer | Duzant | 012300053604 | Brooks | | X |
| Robert | Fischer | 012300053152 | Brooks | | X |
| Matthew | Habursky | 012300053000 | Brooks | | |
| Daniel | Harley | 012300053112 | Brooks | | |
| Logan | Herald | 012300053211 | Brooks | | X |
| Philipjohn | Holland | 012300057450 | Brooks | | X |
| Matthew | Husar | 012300053200 | Brooks | | |

[1] Names based on information provided by Bucher Law PLLC.

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| Nick | Lauder | 012300053351 | Brooks | | X |
| Sam | Lomax | 012300053448 | Brooks | | X |
| Panayiotis | Maniscalco | 012300052879 | Brooks | X | |
| Ross | Martikke | 012300053423 | Brooks | | X |
| Luke | Ninemire | 012300053816 | Brooks | | X |
| Joseph | Risi | 012300053838 | Brooks | | X |
| Joshua | Sayles | 012300052851 | Brooks | | |
| Jake | Sigal | 012300053654 | Brooks | | X |
| Holden | Stender | 012300053807 | Brooks | | X |
| Tyler | Strenge | 012300052865 | Brooks | | X |
| Jonah | Warner | 012300053348 | Brooks | | X |
| Eric | Alspaugh | 012300053672 | Coher | | X |
| Noah | Babincsak Styzen | 012300053666 | Coher | | X |
| Stephen | Barr | 012300053653 | Coher | | X |
| Michael | Bazzell | 012300053662 | Coher | | X |
| Anthony | Bennett | 012300053674 | Coher | | X |
| Vincent | Brown | 012300053663 | Coher | | |
| Ethan | Brown | 012300053682 | Coher | | X |
| Ned | Budd | 012300053665 | Coher | | X |
| Benjamin | Camenker | 012300053669 | Coher | | |
| Traber | Fischer | 012300053680 | Coher | | X |
| Mikel | Hatcher | 012300053676 | Coher | X | |
| Michael | Kutner | 012300053673 | Coher | | X |
| Timothy | Leucht | 012300053660 | Coher | | |
| Joshua | Lewis | 012300053664 | Coher | | X |
| Talon | Lewis | 012300053667 | Coher | | X |
| Jonathan | Lewis | 012300053668 | Coher | | X |
| Thomas | Magera | 012300053661 | Coher | X | |
| Kyle | Mayfield | 012300053679 | Coher | | X |
| Hunter | Mcbrayer | 012300053670 | Coher | | |
| Trey | Mundell | 012300053657 | Coher | X | |
| Harsh | Patel | 012300053659 | Coher | | X |
| Noah | Perry | 012300053675 | Coher | | X |
| Aaron | Peterson | 012300053677 | Coher | | X |
| Jerry | Terry | 012300053658 | Coher | | |
| Tristen | Watson | 012300053655 | Coher | | X |
| Amir | Wright | 012300038815 | Coher | | X |
| Carissa | Campos | 012300053425 | Cohn | | |

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| Matthew | Fossett | 012300053426 | Cohn | | X |
| Austin | Maltbia | 012300053421 | Cohn | | |
| Elijah | Monroe | 012300053427 | Cohn | X | |
| Seth | Myers | 012300053424 | Cohn | | X |
| Benjamin | Shemenski | 012300053422 | Cohn | | X |
| Ely | Young | 012300053419 | Cohn | | X |
| Jonah | Anders | 012300053368 | Collins | | X |
| Daniel | Armstrong | 012300053486 | Collins | | X |
| Michael | Blanco | 012300053525 | Collins | | X |
| Jason | Courter | 012300053312 | Collins | | X |
| Drevayne | Dawkins | 012300057461 | Collins | X | |
| John | Forrest | 012300052880 | Collins | | X |
| Donald | Goldsmith | 012300057449 | Collins | | X |
| Eli | Groff | 012300052990 | Collins | | X |
| Christian | Horazeck | 012300053527 | Collins | | X |
| Odis | Kendrick | 012300052856 | Collins | | |
| Mark | Legg | 012300053004 | Collins | | |
| Kyle | Lynch | 012300057462 | Collins | | |
| Clayton | Lynn | 012300053808 | Collins | | |
| Yuri | Motruk | 012300053738 | Collins | | X |
| Collin | Peacock | 012300057453 | Collins | | X |
| Deven | Peterson | 012300053275 | Collins | | X |
| John | Quarnstrom | 012300053316 | Collins | | X |
| Tracy | Richardson | 012300053361 | Collins | | X |
| Julius | Roberts | 012300053247 | Collins | | X |
| Chris | Robinson | 012300053649 | Collins | | X |
| Robert | Rule | 012300052881 | Collins | | X |
| Robert | Schindler | 012300053084 | Collins | | X |
| Daniel | Smith | 012300052869 | Collins | | X |
| J Derek | Wright | 012300057442 | Collins | | X |
| Gavin | Baker | 012300052868 | Dasteel | | |
| Stephanie | Blomstrom | 012300052896 | Dasteel | | X |
| Kiley | Borba | 012300052889 | Dasteel | | |
| Andrew | Butler | 012300052900 | Dasteel | | X |
| Maurice | Castro | 012300052890 | Dasteel | | |
| Riley | Chapman | 012300052898 | Dasteel | | X |
| Manfred | Dentice | 012300052901 | Dasteel | | |
| Raciel | Diaz | 012300052872 | Dasteel | | X |

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| Jeremiah | Dieujuste | 012300052884 | Dasteel | | X |
| Gordon | Huckaby | 012300052861 | Dasteel | | |
| Bridgette | Mcbride | 012300052892 | Dasteel | | X |
| James | McDonald | 012300052888 | Dasteel | | |
| Mitchell | Pakosz | 012300052853 | Dasteel | | |
| Michael | Patterson | 012300052860 | Dasteel | | X |
| Pharaun | Potts | 012300052859 | Dasteel | | X |
| Joe | Rios | 012300052850 | Dasteel | | |
| Samuel | Roberts | 012300052893 | Dasteel | | X |
| Greg | Smith | 012300052882 | Dasteel | | X |
| Luis | Sotillet Rojas | 012300052883 | Dasteel | | |
| Mark | Williams Jr | 012300052870 | Dasteel | | X |
| Jacob | Zide | 012300052854 | Dasteel | | X |
| Cody | Ackley | 012300053336 | Gaglione | | X |
| Christien | Ayson | 012300053334 | Gaglione | | |
| Matthew | Baldwin | 012300053347 | Gaglione | | X |
| Ryan | Borek | 012300053360 | Gaglione | | |
| Mitchell | Coburn | 012300053343 | Gaglione | X | |
| Michael | Daugherty | 012300053357 | Gaglione | | X |
| Gabriel | Durbin | 012300053335 | Gaglione | | X |
| Mason | Field | 012300053355 | Gaglione | | X |
| Tyler | Francesconi | 012300053338 | Gaglione | | X |
| Thomas | Garrett | 012300053353 | Gaglione | | |
| Robert | Grescowle | 012300053333 | Gaglione | | X |
| Rob | Hauser | 012300053345 | Gaglione | X | |
| Ann | Hefner | 012300053340 | Gaglione | | |
| Kasandra | Hiley | 012300053346 | Gaglione | | |
| Patrick | Kuller | 012300053356 | Gaglione | | X |
| Richard | Lundsgaard | 012300053358 | Gaglione | | X |
| Jordan | Newby | 012300053359 | Gaglione | | X |
| Christopher | Prato-shein | 012300053342 | Gaglione | | X |
| Bradley | Ratliff | 012300053341 | Gaglione | | X |
| Andre | Santana | 012300053362 | Gaglione | | X |
| John | Taddei | 012300053339 | Gaglione | | |
| Xzavier | Timmons | 012300053349 | Gaglione | | |
| Merrick | Tipton | 012300053354 | Gaglione | | X |
| Katie | Uccello | 012300053363 | Gaglione | | X |
| Michael | Wu | 012300053337 | Gaglione | | X |

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| Tyler | Kemp | 012300057451 | Gilman | | X |
| Cody | Stewart | 012300057459 | Gilman | | X |
| Greg | Fish | 012300053288 | Goins | | X |
| Christian | Graber | 012300053702 | Goins | | |
| Ethan | Lefebvre | 012300057452 | Goins | | X |
| Jeremy | Lucas | 012300053823 | Goins | | X |
| Zachary | Aletheia | 012300053259 | Gruber | | X |
| Angel | Ayala | 012300053273 | Gruber | | X |
| Kevin | Burnett | 012300053268 | Gruber | | X |
| Eric | Chastain | 012300053058 | Gruber | | |
| Rocco | Cipolla | 012300053066 | Gruber | | X |
| Julio | Cruz | 012300053266 | Gruber | | |
| Kevin | Dahlke | 012300053264 | Gruber | | |
| Jon | Francisco | 012300053265 | Gruber | | X |
| Robert | Gibson | 012300053271 | Gruber | | X |
| Tyler | Gilbert | 012300053270 | Gruber | | |
| Supyo | Hong | 012300053054 | Gruber | | X |
| Jayson | Huber | 012300053060 | Gruber | | X |
| Maxwell | Johnson | 012300053061 | Gruber | | X |
| Nicholas | Kirse | 012300053065 | Gruber | | X |
| Jordan | Mack | 012300053069 | Gruber | | X |
| Jason | Mccall | 012300053274 | Gruber | | |
| Ricky | Mullins | 012300053056 | Gruber | | X |
| Jacob | Naquin | 012300053262 | Gruber | | X |
| Jonathan | Ortiz | 012300053272 | Gruber | | X |
| Skylar | Pond | 012300053261 | Gruber | | X |
| David | Reed | 012300053062 | Gruber | | |
| Allen | Roman | 012300053260 | Gruber | | X |
| Trevor | Rupel | 012300053053 | Gruber | | |
| Ryan | Sheline | 012300053059 | Gruber | | X |
| Patrick | Squire | 012300053064 | Gruber | | X |
| Patrick | Titterness | 012300053267 | Gruber | | |
| Kenneth | Walker | 012300053055 | Gruber | | |
| Joshua | Wyant | 012300053063 | Gruber | | X |
| Tai | Bishop | 012300053074 | Jossen | | X |
| Cory | Cleri | 012300053092 | Jossen | | X |
| Elizabeth | Dingman | 012300053071 | Jossen | | |
| Jacob | Ford | 012300053075 | Jossen | | X |

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| Joseph | Gentry | 012300053076 | Jossen | | |
| Jason | Gibbs | 012300053089 | Jossen | | X |
| Don "doc" | Guger | 012300053068 | Jossen | | X |
| Jackson | Heath | 012300053081 | Jossen | | X |
| Adam | Henchen | 012300053093 | Jossen | | X |
| Nicholas | Howell | 012300053090 | Jossen | | X |
| Ryan | Jurado | 012300053072 | Jossen | | X |
| Amy | Lutes | 012300053077 | Jossen | | X |
| Javier | Nieto | 012300053082 | Jossen | | |
| Richard | Noble | 012300053083 | Jossen | | X |
| Wesley | Parmer | 012300053091 | Jossen | | |
| Mike | Pena | 012300053078 | Jossen | | |
| Andrew | Rosson | 012300053069 | Jossen | | |
| Leonard | Sanders | 012300053088 | Jossen | | X |
| Austin | Schau | 012300053086 | Jossen | | |
| Joseph | Shelley | 012300053087 | Jossen | | |
| Kevin | Taylor | 012300053070 | Jossen | | X |
| Leif | Tollefson | 012300053073 | Jossen | | X |
| Tyler | Wright | 012300053067 | Jossen | | X |
| Johnathan | Yi | 012300053079 | Jossen | | X |
| John | Zwick | 012300053085 | Jossen | | |
| Yousif | Alsaqlawi | 012300053450 | Katz | | X |
| Jonathan | Beer | 012300053466 | Katz | | |
| Rich | Cambern | 012300053462 | Katz | | |
| Steven | Carmiencke | 012300053459 | Katz | | X |
| Adam | Carroll | 012300053461 | Katz | | |
| Nick | Carter | 012300053472 | Katz | | X |
| Jason | Clark | 012300053469 | Katz | | X |
| Daniel | Duncan | 012300053456 | Katz | | X |
| Haley | Eskridge | 012300053454 | Katz | | X |
| Jake | Flaherty | 012300053476 | Katz | | X |
| Mike | Hespel | 012300053474 | Katz | | |
| Braxten | Hieb | 012300053463 | Katz | | X |
| Timothy | Kaiserlik | 012300053458 | Katz | | X |
| Alexander | Lopez | 012300053460 | Katz | | X |
| Travis | Micheletti | 012300053467 | Katz | X | |
| Maxwell | Mucha | 012300053471 | Katz | | X |
| Jared | Perry | 012300053477 | Katz | X | |

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| Blake | Petersen | 012300053455 | Katz | | X |
| Kevin | Ramos | 012300053465 | Katz | | |
| Ethan | Rodabaugh | 012300053470 | Katz | | X |
| Christopher | Stephan | 012300053453 | Katz | | X |
| Dillon | Stettler | 012300053457 | Katz | | X |
| Amber | Toney | 012300053473 | Katz | | X |
| Christopher | Veiga | 012300053475 | Katz | | X |
| Jonah | White | 012300053452 | Katz | | X |
| Cody | Barker | 012300053417 | Kingsley | | |
| Jacob | Deegan | 012300053400 | Kingsley | | X |
| Logan | Doose | 012300053394 | Kingsley | | X |
| Abraham | Duman | 012300053399 | Kingsley | | X |
| Taylor | Edwards | 012300053395 | Kingsley | | X |
| Nathan | Engols | 012300053413 | Kingsley | | |
| Sacha | Haghighi | 012300053398 | Kingsley | X | |
| Broderick | Hebert | 012300053393 | Kingsley | | X |
| Kyle | Jackson | 012300053416 | Kingsley | | |
| Max | Johnson | 012300053401 | Kingsley | | X |
| Justin | Jones | 012300053410 | Kingsley | | X |
| Gregory | Kain | 012300053414 | Kingsley | | X |
| Seth | Lewis | 012300053418 | Kingsley | | |
| Michael | Linares | 012300053404 | Kingsley | | |
| Roger | Maricle | 012300053402 | Kingsley | | X |
| Jodee Lynn | Molina | 012300053403 | Kingsley | | X |
| Devon | Musto | 012300053411 | Kingsley | | X |
| Joshua | Roberts | 012300053396 | Kingsley | | X |
| Rudolph | Romano | 012300053406 | Kingsley | | |
| Jason | Smith | 012300053408 | Kingsley | | X |
| Samuel | Stevens | 012300053392 | Kingsley | | X |
| Kaleb | Swaim | 012300053412 | Kingsley | | X |
| Dominique | Ward | 012300053405 | Kingsley | | X |
| Mason | Wright | 012300053397 | Kingsley | | X |
| Anthony | Gazzo | 012300053009 | Larkin | | |
| Nicholas | Mastriaco | 012300053532 | Larkin | | X |
| Marc | Ura | 012300053407 | Larkin | | X |
| Noe | Adame | 012300053322 | Levy | | |
| Timothy | Broughton | 012300053331 | Levy | | |
| Nicolaas | Bush | 012300053319 | Levy | | X |

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| Duwayne | Counts | 012300053325 | Levy | | X |
| Andrew | Davidson | 012300053330 | Levy | | |
| Josiah | Eredia | 012300053323 | Levy | | X |
| Keelan | Esquivel | 012300053332 | Levy | | X |
| Nico | Estebanez | 012300053311 | Levy | | |
| Michael | Ewing | 012300053308 | Levy | | X |
| Alexander | Fowler | 012300053320 | Levy | | |
| Adrian | Fritzley | 012300053309 | Levy | | |
| David | Hedrick | 012300053324 | Levy | | X |
| Martin | Hernandez | 012300053321 | Levy | | |
| Jon | Hoke | 012300053328 | Levy | | X |
| Alisa | Kalegina | 012300053317 | Levy | | |
| Shawn | Peck | 012300053306 | Levy | | X |
| Jonathan | Perry | 012300053310 | Levy | | X |
| Niko | Pitinii | 012300053313 | Levy | | X |
| Isaac | Ramos | 012300053307 | Levy | | X |
| Joseph | Ray | 012300053304 | Levy | | |
| John | Reeves | 012300053326 | Levy | | |
| Victor | Romo | 012300053327 | Levy | | |
| Mitchell | Strang | 012300053315 | Levy | | |
| James | Walters | 012300053305 | Levy | | X |
| Xenia | Yee | 012300053329 | Levy | | X |
| Jacob | Arthur | 012300053560 | Mainland | | X |
| Roger | Barrett | 012300053553 | Mainland | | |
| Aaron | Castaneda | 012300053539 | Mainland | | X |
| Clyde | Chaffee | 012300053548 | Mainland | | X |
| Ian | Cheney | 012300053544 | Mainland | | X |
| James | Clarke | 012300053537 | Mainland | | X |
| Chase | Couzens | 012300053546 | Mainland | | X |
| Curtis | Drommerhausen | 012300053556 | Mainland | | |
| Zack | Finfrock | 012300053562 | Mainland | | X |
| Julian | Gariba | 012300053551 | Mainland | | X |
| Alejandro | Garrido | 012300053538 | Mainland | X | |
| Michael | Huege | 012300053541 | Mainland | | |
| Chris | Huss | 012300053559 | Mainland | | X |
| Daniel | Lahner | 012300053563 | Mainland | | |
| Justin | Leffert | 012300053547 | Mainland | | X |
| Travis | Maynard | 012300053550 | Mainland | | X |

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| James | Mcinerny | 012300053536 | Mainland | | X |
| Charles | Niles | 012300053555 | Mainland | | |
| Michael | Pacholczak | 012300053557 | Mainland | | X |
| Jesse | Perlaza | 012300053561 | Mainland | | X |
| James | Reynolds | 012300053540 | Mainland | X | |
| Jemellee | Santos | 012300053564 | Mainland | | |
| Salvatore | Sardisco | 012300053543 | Mainland | | X |
| Michael | Shingleton | 012300053554 | Mainland | | |
| Adam | Zuniga | 012300053552 | Mainland | X | |
| Meagan | Argo | 012300052915 | McNamara | | X |
| Seth | Weber | 012300053581 | McNamara | | |
| Abed | Balbaky | 012300053314 | McSorley | | X |
| Alec | Birenbaum | 012300053145 | McSorley | | |
| Kenshad | Brown | 012300052886 | McSorley | | X |
| Mateus | Cunha | 012300053542 | McSorley | | X |
| Ajay | Dalal | 012300053696 | McSorley | | X |
| Joshua | Depalma | 012300053802 | McSorley | X | |
| Corbin | Echevarria | 012300053238 | McSorley | | X |
| Brett | Flinn | 012300053173 | McSorley | | X |
| Cole | Hagan | 012300053175 | McSorley | | X |
| Aleck | Hernandez | 012300053225 | McSorley | | X |
| Armando | Martinez | 012300053106 | McSorley | | X |
| Paul | Mayer | 012300053433 | McSorley | | |
| Mark | Mendel | 012300053517 | McSorley | | X |
| Alexander | Mishkevich | 012300053344 | McSorley | | X |
| Anthony | Mittasch | 012300053698 | McSorley | | |
| Conor | Moschella | 012300053762 | McSorley | | X |
| Robert | Richelson | 012300052936 | McSorley | X | |
| Gabriel | Rodrigues | 012300053105 | McSorley | X | |
| Mark | Schaefer | 012300053678 | McSorley | | |
| Matthew | Ventures | 012300053681 | McSorley | | |
| Lance | Vicente | 012300053352 | McSorley | | |
| Bernard | Vignali | 012300052957 | McSorley | | X |
| Robert | Woolf | 012300053590 | McSorley | | X |
| Jake | Wuebker | 012300053219 | McSorley | | X |
| Matthias | Armstrong | 012300052951 | Morrill | | |
| Jeffrey | Cassick | 012300052934 | Morrill | | X |
| Nicholas | Foster | 012300052940 | Morrill | | |

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| Charles | Gill | 012300052933 | Morrill | | X |
| Bashari | Guidry | 012300052935 | Morrill | | X |
| Bradyn | Hamel | 012300052942 | Morrill | X | |
| Baylen | James | 012300052947 | Morrill | | X |
| Itiel | Jimenez | 012300052954 | Morrill | | |
| Jared | Johnson | 012300052946 | Morrill | | X |
| Thomas | Mcsweeney | 012300052938 | Morrill | | X |
| Alice | Millage | 012300052944 | Morrill | | |
| Alexander | Pachnicki | 012300052953 | Morrill | | X |
| Joshua | Page | 012300052941 | Morrill | | X |
| Jeff | Pellegrin | 012300052929 | Morrill | | X |
| Dustin | Phelps | 012300052930 | Morrill | | X |
| Mateo | Platero | 012300052937 | Morrill | | |
| Steven | Prescott | 012300052943 | Morrill | | |
| Thomas | Rolando | 012300052939 | Morrill | | X |
| John | Schweizer Ii | 012300052945 | Morrill | | |
| Ian | Stubbs | 012300052932 | Morrill | | X |
| Nicky | Sun | 012300052950 | Morrill | | X |
| Matthew | Sweeney | 012300052948 | Morrill | X | |
| Maisie | Turner | 012300052949 | Morrill | | X |
| Joseph | Wasielewski-walsh | 012300052931 | Morrill | | |
| Zachary | Yahola | 012300052952 | Morrill | X | |
| Fabian | Arevalo | 012300053034 | Ohashi | | X |
| Noah | Burch | 012300053033 | Ohashi | | X |
| Chase | Froelich | 012300053015 | Ohashi | | X |
| Tasha | Goldsmith | 012300053036 | Ohashi | | X |
| Daniel | Guadarrama | 012300053031 | Ohashi | | |
| Trevor | Laturner | 012300053024 | Ohashi | | X |
| Corinne | Lee | 012300053035 | Ohashi | | |
| Broden | Mcduffee | 012300053037 | Ohashi | | X |
| Barry | Morganti | 012300053032 | Ohashi | | |
| Cole | Nelson | 012300053017 | Ohashi | | X |
| Michael | Owens | 012300053019 | Ohashi | | X |
| Eliel | Pedro | 012300053025 | Ohashi | | X |
| Alyssa | Phillips | 012300053028 | Ohashi | | X |
| Cortland | Pinnick | 012300053027 | Ohashi | | X |
| Matthew | Powell | 012300053018 | Ohashi | X | |

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| Quinn | Rasmussen | 012300053022 | Ohashi | | X |
| Nicholas | Rugama | 012300053023 | Ohashi | | X |
| Ethan | Sams | 012300053016 | Ohashi | | X |
| Anthony | Simoni | 012300053026 | Ohashi | | X |
| Ryan | Smith | 012300053030 | Ohashi | | X |
| Norm | Somers | 012300053021 | Ohashi | X | |
| Tyler | Stulz | 012300053020 | Ohashi | | X |
| Lucian | Thompson | 012300053029 | Ohashi | | |
| Kevin | Viloria | 012300053039 | Ohashi | | X |
| Luther | Williams | 012300053038 | Ohashi | | X |
| Ryan | Adreani | 012300053645 | Palomo | | X |
| Matthew | Baer | 012300053169 | Palomo | | X |
| Raymond | Garay | 012300052907 | Palomo | | X |
| Virgil | Glisson | 012300052877 | Palomo | | X |
| Devin | Harvey | 012300053177 | Palomo | | X |
| Jurell | Jordan | 012300052866 | Palomo | | X |
| Derek | Krause | 012300057458 | Palomo | | X |
| Deric | Landers | 012300053014 | Palomo | | X |
| Ezekiel | Mccracken | 012300052897 | Palomo | | X |
| Adrian | Monter | 012300053131 | Palomo | | X |
| Ryan | Moore | 012300052978 | Palomo | | X |
| Nathaniel | Moore | 012300053597 | Palomo | | X |
| Bonnie | Murphy | 012300053777 | Palomo | | X |
| Garland | Noel | 012300053256 | Palomo | | X |
| Gary | Palmatier | 012300052858 | Palomo | | X |
| Robert | Richards | 012300053224 | Palomo | | X |
| Alexander | Rodriguez | 012300053464 | Palomo | | X |
| Joshua | Sammons | 012300053549 | Palomo | | X |
| Ramon | Serrano | 012300052873 | Palomo | | |
| Dylan | Smyers | 012300052871 | Palomo | X | |
| Decker | Spencer | 012300053318 | Palomo | | X |
| Matthew | Stengel | 012300053101 | Palomo | | X |
| Randy | Wozniak | 012300053245 | Palomo | X | |
| Christopher | Bittle | 012300053241 | Pope | | X |
| Griffin | Byer | 012300053237 | Pope | | |
| Myles | Coffman | 012300053214 | Pope | | |
| Mason | Coon | 012300053232 | Pope | | X |
| Jordan | Davis | 012300053216 | Pope | | X |

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| Daniel | Ducos | 012300053215 | Pope | | X |
| Jeremy | Flippo | 012300053218 | Pope | | X |
| Guido | Gonzalez | 012300053239 | Pope | | X |
| William | Griffin | 012300053223 | Pope | X | |
| William | Holmes | 012300053217 | Pope | | X |
| Chandlin | Husain Husain | 012300053240 | Pope | | X |
| Timothy | Johnson | 012300053242 | Pope | | |
| Matthew | Jones | 012300053227 | Pope | | |
| Benjamin | Jordan | 012300053243 | Pope | | X |
| John | Knirr | 012300053228 | Pope | | X |
| Austin | Mcmillan | 012300053235 | Pope | | X |
| Aaron | Pearson | 012300053231 | Pope | X | |
| Vincent | Rebokus | 012300053222 | Pope | | X |
| Stephen | Robertson | 012300053230 | Pope | | |
| Gabriel | Santana | 012300053234 | Pope | | X |
| Ian | Smith | 012300053233 | Pope | | X |
| Aaron | Solomon | 012300053221 | Pope | | X |
| Zachary | Taylor | 012300053220 | Pope | | X |
| James | Weymouth | 012300053226 | Pope | | |
| Joshua | Whiteacre | 012300053244 | Pope | | X |
| Benjamin | Conrad | 012300053129 | Quintanilla | | |
| Randall | Farley | 012300053134 | Quintanilla | | X |
| Neil Andrew | Francisco | 012300053127 | Quintanilla | | X |
| Austin | Henry | 012300053128 | Quintanilla | | X |
| Steven | Jennett | 012300053126 | Quintanilla | | X |
| Alicia | Marshall | 012300053133 | Quintanilla | | |
| Jacob | Phillips | 012300053135 | Quintanilla | | X |
| Abrahim | Ramadan | 012300053132 | Quintanilla | | X |
| Ethan | Scifers | 012300053125 | Quintanilla | | X |
| Thmoas | Wiseman | 012300053130 | Quintanilla | | X |
| Zaid | Abuwandi | 012300053286 | R. Brown | | X |
| Steven | Armant | 012300053279 | R. Brown | | X |
| Adam | Bernal | 012300053303 | R. Brown | | |
| Shountasia | Bevins | 012300053283 | R. Brown | | X |
| Xander | Brende-prins | 012300053278 | R. Brown | | X |
| Zachary | Burry | 012300053277 | R. Brown | | X |
| Denver | Dubhorn | 012300053295 | R. Brown | | X |
| David | Graham | 012300053284 | R. Brown | | X |

12

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| Alexander | Grow | 012300053298 | R. Brown | | X |
| Shane | Kachman | 012300053301 | R. Brown | | X |
| Grant | Kegley | 012300053293 | R. Brown | | |
| Paul | Kiernan | 012300053290 | R. Brown | | X |
| Brandon | Kimpel | 012300053296 | R. Brown | | X |
| Andrew | M Evenson | 012300053282 | R. Brown | | X |
| Drew | Merriman | 012300053276 | R. Brown | | X |
| Jared | Moreno | 012300053302 | R. Brown | X | |
| Jacob | Pullen | 012300053292 | R. Brown | | X |
| David | Richey | 012300053299 | R. Brown | | X |
| Tyler | Salyer | 012300053280 | R. Brown | | X |
| Robert | Stillman | 012300053291 | R. Brown | | X |
| Nicholas | Stone | 012300053287 | R. Brown | | X |
| Devon | Trujillo | 012300053300 | R. Brown | | |
| Jacob | Walker | 012300053289 | R. Brown | | X |
| Joshua | Webb | 012300053281 | R. Brown | X | |
| Daniel | West | 012300053294 | R. Brown | | X |
| Chris | Bassford | 012300053186 | Radford | | X |
| Jase | Busby | 012300053187 | Radford | | X |
| Christopher | Conrad | 012300053213 | Radford | | |
| Alexander | Coren | 012300053204 | Radford | X | |
| John | Davis | 012300053193 | Radford | | X |
| William | Dudley | 012300053184 | Radford | | X |
| Matthew | Fowler | 012300053196 | Radford | | X |
| Nels | Geary | 012300053208 | Radford | | X |
| Renny | Herbert | 012300053205 | Radford | | |
| Shaun | Howe | 012300053185 | Radford | | X |
| Alex | Hyer | 012300053203 | Radford | | |
| Jennifer | Jacks | 012300053212 | Radford | | X |
| Chris | Jaus | 012300053202 | Radford | | |
| Andrew | Kosko | 012300053209 | Radford | | X |
| Joshua | Kranz | 012300053199 | Radford | | |
| Alan | Lopez | 012300053188 | Radford | | X |
| Jonathan | Lopez | 012300053210 | Radford | | X |
| Natasha | Mccarthy | 012300053190 | Radford | | X |
| Andrew | Mitchell | 012300053198 | Radford | | |
| Michael | Mrgich | 012300053207 | Radford | | |
| Kenny | Ortiz | 012300053201 | Radford | | |

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| Darian | Stark | 012300053194 | Radford | | X |
| Lauren | Tyner | 012300053183 | Radford | | X |
| Lloyd | Walker | 012300053192 | Radford | | X |
| Mark | Wendt | 012300053189 | Radford | | X |
| Thomas | Byrd | 012300053796 | Reid | | X |
| James | Pruitt | 012300053236 | Reid | | X |
| Samuel | Whiddon | 012300053229 | Reid | | |
| Brian | Baskovich | 012300053047 | Rubin | | X |
| Jack | Cleary | 012300053042 | Rubin | | |
| Brennan | Coleman | 012300053049 | Rubin | | |
| Max | Kurtz | 012300053041 | Rubin | | |
| Scott | Lewis | 012300053048 | Rubin | | X |
| Graysen | Mcgilligan | 012300053045 | Rubin | | X |
| Gavin | Moye | 012300053046 | Rubin | | X |
| Nathan | Pippin | 012300053050 | Rubin | | X |
| Cristian | Raynes | 012300053043 | Rubin | | X |
| Joshua | Rodriguez | 012300053044 | Rubin | | X |
| Aaron | Vaughn | 012300053040 | Rubin | | X |
| Daniel | Wirth | 012300053052 | Rubin | | X |
| Jennifer | A Nelson | 012300053436 | Rundle | | |
| Jacob | Barnhill | 012300053449 | Rundle | | X |
| Joshua | Bosman | 012300053252 | Rundle | | |
| Scott | Brewster | 012300053257 | Rundle | | |
| Michael | Calloni | 012300053439 | Rundle | | |
| Peter | Cila | 012300053438 | Rundle | | X |
| Marcus | Crowley | 012300053255 | Rundle | | |
| Sean | Dolle | 012300053251 | Rundle | | X |
| Michael | Dufour | 012300053253 | Rundle | | X |
| Paolo | Galupo | 012300053435 | Rundle | | X |
| Augustus | Gerbo | 012300053250 | Rundle | | X |
| Jared | Hardison | 012300053447 | Rundle | | |
| Mark | Henley | 012300053432 | Rundle | | X |
| Jonathan | Hillman | 012300053258 | Rundle | | X |
| William | Jackson | 012300053429 | Rundle | | X |
| Kolby | Louks | 012300053443 | Rundle | | X |
| Martin | Mendez | 012300053441 | Rundle | | |
| Ray | Miller | 012300053440 | Rundle | | X |
| Andrew | Osborne | 012300053442 | Rundle | | X |

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| Eric | Partlow | 012300053445 | Rundle | | X |
| Morgan | Rushing | 012300053444 | Rundle | | |
| Kai | Trobaugh | 012300053428 | Rundle | | |
| Jack | Uteg | 012300053431 | Rundle | | |
| Veda | Valles | 012300053446 | Rundle | | X |
| Brad | Wilson | 012300053434 | Rundle | | X |
| Stephen | Adams | 012300053378 | Samas | | X |
| David | Arroyo | 012300053371 | Samas | | X |
| Garrett | Athay | 012300053391 | Samas | | X |
| Edwin | Ayala | 012300053387 | Samas | | X |
| Brandan | Christner | 012300053366 | Samas | | X |
| Ethan | Cowan-wright | 012300053390 | Samas | | X |
| Sydney | Cutler-gilbert | 012300053377 | Samas | | X |
| Dylan | Fleckenstein | 012300053388 | Samas | | X |
| Tyler | Freehill | 012300053379 | Samas | | |
| James | Gallant | 012300053385 | Samas | X | |
| Bryce | Goens | 012300053370 | Samas | | X |
| Ralph | Gonzales | 012300053364 | Samas | | X |
| Jacob | Graves | 012300053367 | Samas | | X |
| Andres | Hernandez | 012300053381 | Samas | | X |
| Travis | Hickey | 012300053382 | Samas | | X |
| Jared | Huggett | 012300053384 | Samas | | X |
| John | Marcotte | 012300053386 | Samas | | X |
| Sean | Mitchell | 012300053365 | Samas | | X |
| Daniel | Morris | 012300053369 | Samas | | X |
| Marcus | Pettway | 012300053374 | Samas | | X |
| Joel | Sandkamp | 012300053373 | Samas | | X |
| Zackery | Sessions | 012300053376 | Samas | X | |
| Brian | Sherwood | 012300053372 | Samas | | X |
| Alexander | Thomas | 012300053389 | Samas | | X |
| Ryan | Tutor | 012300053375 | Samas | | |
| Brennan | Anderson | 012300057445 | Saydah | | |
| Harris | Banks | 012300053832 | Saydah | X | |
| Katie | Clark | 012300053833 | Saydah | | |
| Sean | Duan | 012300053843 | Saydah | | X |
| Jhonnatan | Enriquez | 012300057448 | Saydah | X | |
| Alfredo | Gonzalez | 012300053839 | Saydah | | X |
| Corbin | Holm | 012300053844 | Saydah | | X |

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| Erik | Knooihuizen | 012300057443 | Saydah | | |
| John | Lapaglia | 012300053835 | Saydah | | X |
| Jacob | Loomis | 012300057464 | Saydah | | X |
| William | Mac Dougall | 012300053841 | Saydah | | X |
| Joseph | Martinolich | 012300053831 | Saydah | | |
| Joshua | Obrien | 012300053837 | Saydah | | |
| John | Otey | 012300053829 | Saydah | | X |
| Joshua | Pedrick | 012300057444 | Saydah | | X |
| Noe | Rosales | 012300053613 | Saydah | | X |
| Ryan | Schultz | 012300053830 | Saydah | | X |
| Donald | Spinelli | 012300053840 | Saydah | | |
| Caleb | Theriot | 012300057463 | Saydah | | X |
| Christopher | Toft | 012300053842 | Saydah | | X |
| Jeffrey | Trodden | 012300053834 | Saydah | | |
| Josiah | Wilkerson | 012300053828 | Saydah | | |
| Kyle | Womack | 012300053845 | Saydah | | X |
| Cade | Azarcon | 012300052876 | Schmitz | | X |
| Rob | Baldwin | 012300053514 | Schmitz | | |
| Aaron | Briggs | 012300052874 | Schmitz | | |
| Johnathon | Eimer | 012300052852 | Schmitz | | |
| Natalie | Fields | 012300057456 | Schmitz | | |
| Cameron | Lester | 012300052988 | Schmitz | | X |
| Ian | Trefren | 012300052864 | Schmitz | | X |
| Cary | Miller | 012300053005 | Silak | | |
| Thomas | Abbruzzese | 012300053479 | Sperow | | X |
| David | Antolic | 012300053498 | Sperow | | |
| Jose | Aranda | 012300053494 | Sperow | | X |
| Carter | Baker | 012300053490 | Sperow | | X |
| Gavin | Borchers | 012300053481 | Sperow | | X |
| Alexander | Brumley | 012300053501 | Sperow | | |
| James | Davis | 012300053499 | Sperow | X | |
| Collin | Evans | 012300053493 | Sperow | | X |
| Anthony | Galatolo | 012300053491 | Sperow | | X |
| Vincent | Keegan | 012300053504 | Sperow | | X |
| Jeremy | Kirkwood | 012300053480 | Sperow | | X |
| Robert | Lewis | 012300053488 | Sperow | | X |
| Kevin | Montes | 012300053487 | Sperow | | |
| Jared | Myers | 012300053500 | Sperow | | X |

| Claimant First Name | Claimant Last Name[1] | Case Number | Arbitrator | Current SSA Accepted By Purchase | Current SSA Accepted By Pop-Up |
|---|---|---|---|---|---|
| Caleb | Orella | 012300053492 | Sperow | X | |
| Zachary | Parsley | 012300053485 | Sperow | | |
| Brady | Paul | 012300053478 | Sperow | | X |
| Timothy Pablo | Penaranda | 012300053503 | Sperow | X | |
| Hugh | Phillips | 012300053496 | Sperow | | X |
| Carson | Plaisance | 012300053489 | Sperow | | X |
| Jeff | Ramirez Ochoa | 012300053483 | Sperow | | |
| Simon | Savlas | 012300053484 | Sperow | | X |
| Alexander | Schlosser | 012300053505 | Sperow | | X |
| Nicholas | Tynes | 012300053502 | Sperow | | X |
| Leo | Blondel | 012300053602 | T. Brown | | |
| Johnathon | Bush | 012300053599 | T. Brown | | X |
| Scott | Eskridge | 012300053598 | T. Brown | | X |
| Riley | Griffith | 012300053601 | T. Brown | | X |
| Michael | Gualtieri | 012300053595 | T. Brown | | X |
| Evan | Piepho | 012300053600 | T. Brown | | X |
| Steven | Stucker | 012300053594 | T. Brown | | |
| William | Marcellus | 012300053350 | Thompson | | X |
| Isaac | Sellers | 012300053482 | Thompson | | |