UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION<br><br>          Petitioner,<br><br>v.<br><br>624 INDIVIDUAL CLAIMANTS,<br><br>          Respondents. | No. 24-cv-1717<br><br>**DECLARATION OF ANDREW J. FUCHS IN SUPPORT OF PETITION TO ENJOIN ARBITRATIONS** |

DECLARATION OF ANDREW J. FUCHS - 1

Case No. 2:24-cv-1717

# DECLARATION OF ANDREW FUCHS

I, Andrew J. Fuchs, declare as follows:

1.  I am an attorney licensed to practice in the State of Texas and a counsel in the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel for Petitioner Valve Corporation ("Valve") in the above-captioned matter. I submit this declaration in support of Valve's Petition to Enjoin Arbitrations ("Petition").

**A.  Bucher Law and the Genesis of Its Mass Arbitration Against Valve**

2.  On July 12, 2023, Bucher Law PLLC ("Bucher Law") sent Valve a letter threatening to bring purported antitrust claims on behalf of 44,903 individuals. The allegations contained in Bucher Law's letter were apparently modeled on those made in the *Wolfire* action. After threatening arbitrations asserting antitrust claims on behalf of thousands of claimants, Bucher Law made a settlement demand.

3.  Valve did not acquiesce to Bucher Law's demand, and on October 2, 2023, Bucher Law submitted 997 demands for arbitration against Valve to the American Arbitration Association ("AAA") and threatened Valve with filing 18,204 more such demands.

4.  In November and December 2023, Bucher Law submitted thousands of additional demands for arbitration against Valve to the AAA.

5.  Bucher Law is currently pursuing arbitrations against Valve before the AAA on behalf of 5,028 claimants.

6.  Among these claimants, the claims of (i) 599 claimants are assigned to merits arbitrators (not including two additional claimants who are deceased) and (ii) 25 claimants were assigned to Arbitrator Martin D. Katz before he was disqualified by the AAA. These 624 claimants, collectively, comprise Respondents and are identified in Exhibit 4, attached hereto.

**B.  Bucher Law Seeks and Obtains Rulings from an Arbitrator that the Arbitration Clause in the Superseded SSA Is Unenforceable**

7.  The AAA assigned the claims of 25 claimants to Arbitrator Jeffrey H. Dasteel.

DECLARATION OF ANDREW FUCHS – 2
Case No. 2:24-cv-1717

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

8.    On May 22, 2024, Bucher Law moved to dismiss arbitrations on behalf of four of the 25 claimants with arbitrations pending before Arbitrator Dasteel. Bucher Law moved to dismiss on the ground that the arbitration agreement in the then-current and now superseded SSA ("Superseded SSA") was unenforceable.

9.    On July 8, 2024, Arbitrator Dasteel granted the four motions. The arbitrator held that the arbitration agreement in the Superseded SSA was unenforceable.

10.    Arbitrator Dasteel dismissed all four arbitrations on this basis. The arbitrator held that the four claimants' claims must be adjudicated in court.

11.    The four claimants whose arbitrations Arbitrator Dasteel dismissed are not Respondents in this petition.

12.    Mr. Bucher has represented in an arbitration hearing that Bucher Law could have sought and obtained the same unenforceability ruling from Arbitrator Dasteel with respect to the other 21 Respondents whose claims are still pending before Arbitrator Dasteel.

13.    Valve did not seek to vacate Arbitrator Dasteel's orders.

**C.    Bucher Law Commences a Putative Nationwide Class Action in This Court**

14.    On August 9, 2024, Bucher Law and another law firm, Hagens Berman Sobol Shapiro LLP ("Proposed Class Counsel") filed the complaint in *Elliott v. Valve Corporation*, No. 2:24-cv-01218 (W.D. Wash. filed Aug. 9, 2024), a putative nationwide class action against Valve, in this Court.

15.    Proposed Class Counsel named as plaintiffs the four claimants on whose behalf Bucher Law had sought and obtained orders before Arbitrator Dasteel that the arbitration agreement in the Superseded SSA was unenforceable.

**D.    Bucher Law Continues To Prosecute Arbitrations on Behalf of Respondents and Other Members of the *Elliott* Putative Class**

16.    Mr. Bucher has conceded in arbitration hearings, and at least one arbitrator has found, that Bucher Law is engaging in "forum shopping" in pursuing arbitrations and a parallel class action.

DECLARATION OF ANDREW FUCHS – 3
Case No. 2:24-cv-1717

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

17. Mr. Bucher has represented in arbitration hearings that if Respondents do not like the decisions of an arbitrator at any point up until a merits determination, they might withdraw from the arbitrations and participate in the class action. Based on this admission, an arbitrator has found that Mr. Bucher was engaged in "bet hedging."

18. In addition, Mr. Bucher has admitted that he is using Respondents' arbitrations as leverage to further his class action. Indeed, Mr. Bucher has represented in arbitration hearings that he intends to use information learned from arbitration proceedings to support his prosecution of the *Elliott* action. An arbitrator found on these facts that Mr. Bucher "hopes to use discovery and arbitral decisions to further its new class action." That arbitrator further held that "it is inefficient and wasteful to force respondent to arbitrate and litigate simultaneously in multiple fora." That arbitrator also held that Bucher Law "has engaged in . . . gamesmanship."

E. **Bucher Law Continues To Prosecute Arbitrations and To Argue Before the AAA and Arbitrators that the Current SSA Does Not Apply to Valve Customers**

19. Contrary to the positions taken in the *Elliott* action, in arbitration proceedings before the AAA, Bucher Law has asserted that the arbitration agreement in the Superseded SSA is enforceable, and the Current SSA is invalid.

20. Indeed, on September 27, 2024, just a day after Valve removed the arbitration agreement from the SSA, Bucher Law attempted to file with the AAA 42,000 **new** consumer arbitrations based on the same allegations as in Respondents' arbitrations and pursuant to the arbitration agreement in the Superseded SSA.

21. In an arbitration hearing on October 2, 2024, Mr. Bucher represented: "These reported changes of terms [*i.e.*, the Current SSA], which appear to be an attempted unilateral modification, . . . under black-letter contract law, [are] not permitted."

22. In a letter to the AAA dated October 6, 2024, Bucher Law represented that Valve's "purported recent, unilateral amendment of its contract with claimants (deleting the arbitration agreement)" was without effect and did not mandate that the arbitrations be closed. Bucher Law

DECLARATION OF ANDREW FUCHS – 4
Case No. 2:24-cv-1717

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

described Valve's update to the SSA as a "unilateral and legally infirm terms of use modification."

23.    In a letter to an arbitrator dated October 14, 2024, Bucher Law asserted that "[t]he Federal Arbitration Act's mandate that arbitration agreements are 'irrevocable' prevents Valve Corporation from revoking their arbitration agreement." Bucher Law further argued that the Current SSA is a "[u]nilateral modification[]" that is "unconscionable and therefore unenforceable." Bucher Law also contended that Valve's "unilateral modification to the terms . . . violates the implied covenant of good faith and fair dealing, making the purported new terms unenforceable."

24.    Some arbitrators have agreed with Bucher Law's position, whereas others have stayed proceedings (not closed), and still others have set briefing schedules for the parties to brief the issue.

25.    The arbitrations are proceeding before 34 different arbitrators. Each arbitrator holds separate hearings, requires the parties to brief and argue issues separately, and issues separate orders on discovery issues.

### F.    Valve Requests that the AAA Administratively Close Claimants' Arbitrations

26.    On September 27, 2024, Valve notified the AAA that (i) an arbitrator ruled that the arbitration agreement in the Superseded SSA was unenforceable and (ii) Valve then removed the arbitration agreement from the SSA that was the basis for jurisdiction with the AAA. Valve therefore requested that the AAA administratively close the arbitrations Bucher Law was prosecuting on behalf of Valve customers. A true and correct copy of Valve's notification to the AAA is attached hereto as Exhibit 6.

27.    In response, Bucher Law argued that Valve's request should be denied because the Superseded SSA's arbitration agreement remains valid and enforceable and the AAA is an administrative body that cannot make legal determinations. Despite the *Elliott* case being premised on the Superseded SSA being unenforceable, Bucher Law described Valve's implementation of

DECLARATION OF ANDREW FUCHS – 5
Case No. 2:24-cv-1717

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

the Current SSA as a "unilateral and legally infirm terms of use modification."

28.　On October 7, 2024, the AAA notified Valve and Claimants' Counsel that it would not administratively close Respondents' arbitration proceedings. The AAA stated that, "in the absence of an agreement by the parties **or a court order staying or closing these matters**, we will proceed with administration." A true and correct copy of the AAA's notification is attached hereto as Exhibit 5.

29.　The AAA notified Valve that it would leave to a court or 34 merits arbitrators presiding over 601 pending cases, including all 599 of Respondents' cases (and two additional cases involving deceased claimants who are not Respondents), to address what the AAA described as "issues of arbitrability and disputes surrounding the applicable contract." (*Id.*)

30.　I also submit this declaration and to transmit to the Court true and correct copies of the following documents to which reference is made in the papers submitted in support of the Petition and Memorandum of Points and Authorities in Support of the Petition:

| | **DESCRIPTION** |
|---|---|
| Exhibit 1 | Presentation Entitled Mass Arbitration Strategy and Investment Opportunity, Ex. 1 to Affidavit of William Bucher, *Zaiger LLC v. Bucher Law PLLC*, Index No. 154124/2023 (Sup. Ct. N.Y. Cnty. filed May 9, 2023) (NYCEF No. 32) |
| Exhibit 2 | Complaint, *Valve Corporation v. Bucher Law PLLC*, Case No. 23-2-20447-6 SEA (Oct. 20, 2023) |
| Exhibit 3 | Order Denying Defendants' Motion to Dismiss or For Summary Judgment, *Valve Corporation v. Bucher Law PLLC*, Case No. 23-2-20447-6 SEA (Mar. 15, 2024) |
| Exhibit 4 | Chart Identifying Respondents |
| Exhibit 5 | Letter from AAA to Bucher Law and Charles B. Casper, *Individual Claimants v. Valve Corporation*, AAA Case No. 01-23-0004-3600 (Oct. 7, 2024) |
| Exhibit 6 | Letter from Michael W. McTigue to AAA, *Individual Claimants v. Valve Corporation*, AAA Case No. 01-23-0004-3600 (Sept. 27, 2024) |

DECLARATION OF ANDREW FUCHS – 6
Case No. 2:24-cv-1717

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| | DESCRIPTION |
|---|---|
| Exhibit 7 | Complaint, *Zaiger LLC v. Bucher Law PLLC*, Index No. 154124/2023 (Sup. Ct. N.Y. Cnty. filed May 9, 2023) |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 18, 2024 at Austin, Texas.

_____
ANDREW FUCHS

DECLARATION OF ANDREW FUCHS - 7

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900