THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>                Petitioner,<br><br>    v.<br><br>ABBRUZZESE et al.,<br><br>                Respondents. | No. 2:24-CV-1717-JNW<br><br>**PETITIONER'S *EX PARTE* MOTION SEEKING LEAVE TO PROVIDE COMMUNICATION TO RESPONDENTS**<br><br>**NOTING DATE: NOVEMBER 6, 2024**<br><br>**ORAL ARGUMENT REQUESTED** |

PETITIONER'S *EX PARTE* MOTION SEEKING LEAVE TO PROVIDE COMMUNICATION TO RESPONDENTS

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Pursuant to LCR 83.3(a)(2) and Washington Rule of Professional Conduct 4.2, Valve seeks permission from this Court to communicate with Respondents in this action.

Valve filed its Petition to enjoin pending arbitrations brought by Respondents, who are Valve's customers, because those arbitrations are no longer authorized by Valve's agreement with its users: those Respondents may proceed in court with any claims they wish to assert. Since Valve began serving its Petition on Respondents, numerous Respondents who do not wish to continue their arbitrations have reached out to Valve and its counsel for guidance, either because those Respondents do not understand who their counsel is in the arbitrations or because that firm—Bucher Law PLLC—is not responsive to their inquiries. Other Respondents have posted about their similar confusion in online forums.

Valve has not responded to those individuals because Bucher Law told Valve's counsel that it represents those Respondents in this action. But that firm declined to accept service on their behalf, is apparently not communicating with at least some Respondents, and has not yet appeared. Even after Bucher Law told Valve it represented Respondents, individual Respondents continue to contact Valve. This Court may authorize Valve to communicate with those Respondents to alleviate their ongoing stress and confusion. Accordingly, Valve respectfully requests that this Court permit Valve to send a single, Court-approved statement to all Respondents via email.

In light of the exigent circumstances, Valve filed this motion *ex parte*, but provided Bucher Law with notice of this motion so Bucher Law may respond if it chooses to do so.

I.   **BACKGROUND**

Valve operates Steam, an online platform for purchasing, playing, and discussing video games. (Dkt. 4 ¶ 2.) Valve's relationship with Respondents, who are Steam users, is governed by a Steam Subscriber Agreement ("SSA"). (*Id.* ¶ 3.) Until recently, the SSA provided that disputes between Valve and Steam users must be resolved through individual arbitration. (*Id.* ¶ 4.)

In 2023, Bucher Law, led by Attorney Will Bucher, brought thousands of arbitrations against Valve on behalf of Steam users. (Dkt. 2 at 4-5.) In July 2024, at Attorney Bucher's urging,

PETITIONER'S *EX PARTE* MOTION SEEKING
LEAVE TO PROVIDE COMMUNICATION TO
RESPONDENTS – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

an arbitrator in four of those arbitrations concluded that the SSA's arbitration provision was unenforceable and dismissed those arbitrations. (Dkt. 3 ¶¶ 7-13.) On August 9, 2024, using those decisions as a predicate, Bucher filed a putative class action in this Court, seeking to represent a class that would include all Respondents. Compl. ¶¶ 13, 177, *Elliott v. Valve Corp.*, Case No. 2:24-cv-01218, Dkt. 1 (W.D. Wash.).

On September 26, 2024, Valve updated the SSA ("Current SSA") to remove the arbitration provision and class action waiver and to instead provide that any dispute between Valve and Steam users must be resolved in court. All of these Respondents have now agreed to the Current SSA. (Dkt. 4, Ex. B § 10.)[1] Nevertheless, Bucher Law declined to dismiss Respondents' pending arbitrations. Valve was therefore compelled to file the Petition seeking to enjoin the arbitrations.

Since Valve began serving individual Respondents with process, Valve and its counsel have received unsolicited communications from Respondents on a near-daily basis, expressing anxiety and confusion about the pending arbitrations, uncertainty about who is their attorney, and a desire to end their involvement in litigation with Valve. For example:

- **October 24:** "Is there any way I could simply remove myself from the legal proceedings entirely? I no longer wish to pursue my case against Valve, and regret my original decision to join what I thought was a class action being served on some legal basis, rather than the fraudulent behavior I now believe it is. Please let me know what I can do to respond to these summons and/or withdraw from these legal proceedings entirely." (Declaration of Blake Marks-Dias in Support of Petitioner's *Ex Parte* Motion Seeking Leave to Provide Communication to Respondents, dated November 4, 2024 ("Decl."), Ex. A.)

- **October 25** (copied to Bucher Law): "I am sending this to all 3 sides of this party so there is no miscommunication or any I did not receive that email or response. I … herby remove myself from any all court proceedings and retract my class action suit and involvement in this case. I am writing this email of my own free will and because i have no actual way to contact the attorney that hold my case on Bucher Law Firm side which is why i am sending this email to all parties involved. I [hereby] at this point agree to user agreement put in place by Steam (Valve Corp.). I do not wish to be contacted about any of this any further as i have more urgent matters in life that need tending to." (Decl. Ex. C.)

---

[1] 486 of the Respondents affirmatively accepted the Current SSA by clicking a button indicating their assent to the new terms, and the others manifested assent by electing not to delete or discontinue using their Steam accounts by November 1, 2024.

PETITIONER'S *EX PARTE* MOTION SEEKING
LEAVE TO PROVIDE COMMUNICATION TO
RESPONDENTS – 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

- **October 26:** "I read the summons as thoroughly as I was able, and the events detailed within came as a great shock to me -- at this point in time, I no longer have any interest in further association with Bucher Law, or in pursuing a claim against Valve Corporation. However, I have been informed by Bucher that terminating him as my attorney immediately would leave the summons unresolved, and retaining him for the limited purpose of negotiating an end to my involvement in the arbitration and this case (or hiring another attorney to do so on my behalf) would incur fees that I am not currently equipped to deal with. Considering this and the fact that this is the first court case I have ever been involved in, I would like to humbly request additional time to respond to the summons while I seek counsel to determine what my options are in this scenario." (Decl. Ex. E.)

The Declaration submitted herewith includes copies of all those communications. (*See* Decl. Exs. A-O.)

On October 28, 2024, to determine whether Valve could respond to these confused Respondents—who are also Valve's valued customers—Valve's counsel asked Attorney Bucher to identify any Respondents he represents with respect to Valve's Petition. Attorney Bucher responded that except for a single individual, he "currently represents all other remaining defendants [*sic*] in the action." (Decl. Ex. V.) Yet, Valve continued to receive messages from anxious and confused Respondents:

- **October 30:** "My 17 year old son … was served a summons in the above mentioned civil action. … He is a minor and our wish is to not be involved in any further legal proceedings. I am uncertain on how we need to proceed to be excluded or removed from this. Please advise." (Decl. Ex. G.)

- **October 31:** "I am one of the 624 people named in the petition to enjoin arbitrations you guys are a representing Valve for. … I no longer wish to be involved in it after reading the petition … I have reached out to Will Bucher and he says if I drop my arbitration claim now then I'll need to hire another lawyer at my own expense to negotiate with you to remove me from the federal action, or I can pay him a bunch of money to do it. Rather than doing either of those things (I don't really have a lot of money and can't afford either of those) I thought I'd just reach out and ask directly. I intend to tell him to drop the arbitration case. Can I please be removed from the federal action when I do? I will send you whatever supporting documentation you need." (Decl. Ex. I.)

Individuals who appear to be Respondents have also posted on websites such as reddit.com (in the Valve, Steam, and Legal Advice subreddits) expressing similar confusion and concern. (Decl. Exs. P-T.) One Respondent contacted the arbitrator in their pending arbitration seeking guidance. (Decl. Exs. U and U-2.)

Valve has not responded to any of these Respondents. If Valve were permitted to respond,

PETITIONER'S *EX PARTE* MOTION SEEKING
LEAVE TO PROVIDE COMMUNICATION TO
RESPONDENTS – 3

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1   Valve would tell them what it told Attorney Bucher: if any Respondent dismisses their arbitration,
2   (i) Valve will reimburse or pay any AAA fees incurred by that Respondent in their arbitration and
3   (ii) the Respondent would be free to pursue their claim in court under the Current SSA.  (Decl.
4   Exs. W and X.)  That would moot the Petition as to those Respondents.

## II.   RELEVANT AUTHORITY

LCR 83.3(a)(2) requires attorneys practicing before this Court to comply with the Washington Rules of Professional Conduct ("RPC").  RPC 4.2 provides that Valve's counsel generally may not communicate with Respondents represented by counsel "unless … authorized to do so by … a court order."  Comment 6 to that RPC explains why a court might so order:

> "A lawyer who is uncertain whether a communication with a person represented by a lawyer is permissible may seek a court order.  A lawyer may also seek a court order in exceptional circumstances to authorize a communication that would otherwise be prohibited by this Rule, for example, where communication with a person represented by a lawyer is necessary to avoid reasonably certain injury."

RPC 4.2, cmt. 6.  As explained below, that relief is appropriate here.

## III.  RELIEF REQUESTED AND ITS URGENCY

Respondents are Valve's valued customers.  Valve never wanted to file the Petition against Respondents, but was compelled to do so because of the continued prosecution of their arbitrations. (Dkt. 1 ¶¶ 1-11, 33-41, 177-210.)  It now appears that numerous Respondents no longer wish to maintain arbitrations against Valve, but do not know how they may terminate those arbitrations— or their counsel will not respond to their requests.  Others apparently have been told they must pay substantial fees to Bucher Law or some other firm to terminate their arbitration and end their involvement in this action.  None of that confusion is necessary, and Respondents should be informed of the actual facts: Respondents may end their involvement in this action at any time by terminating their arbitrations.

To avoid further burdening these Respondents, Valve respectfully asks the Court for permission to send a single, Court-approved email to all Respondents to inform them of those facts.

PETITIONER'S *EX PARTE* MOTION SEEKING
LEAVE TO PROVIDE COMMUNICATION TO
RESPONDENTS – 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Valve's proposed communication is no more extensive than necessary and would be made in the least intrusive manner possible (*i.e.*, email).[2] The Court may properly permit Valve to make a single discrete communication with represented parties to convey that simple fact where, as here, that communication is "necessary to avoid reasonably certain injury." RPC 4.2, cmt. 6. Valve's proposed communication is attached hereto as Exhibit 1.

Further, it appears that Attorney Bucher has informed at least some Respondents that they must pay his firm (or another firm) substantial legal fees to terminate their arbitration and end their involvement in this action. But Valve will dismiss from this action any Respondents who terminate their arbitrations at no cost to them, and—as Valve has told Attorney Bucher—Valve will reimburse any AAA arbitration fees paid by that Respondent.[3] Nor can Attorney Bucher threaten his clients who wish to end their involvement in this action with additional legal fees to coerce their continued participation. RPC 1.2(a) absolutely requires that "[a] lawyer shall abide by a client's decision whether to settle a matter." *Id.*; *see also Compton v. Kittleson*, 171 P.3d 172, 179 (Alaska 2007) (applying Alaska's RPC 1.2(a); fee arrangement that "impermissibly burdens the client's right to settle a case" prohibited); *Nehad v. Mukasey*, 535 F.3d 962, 970-71 (9th Cir. 2008) (citing *Compton*; attorney may not "ratchet up the cost of representation" to coerce client's decision on settlement offer). Respondents should be informed of that fact.

Valve brings this motion *ex parte* because it seeks relief on an emergency basis. Emergency relief is appropriate here because Valve and its counsel are receiving communications on a near-daily basis, and those Respondents are entitled to a timely response. Delay could cause Respondents to suffer unnecessary emotional strain and to incur unnecessary expense.

---

[2] Alternatively, if the Court prefers that Valve respond only to direct communications from Respondents, Valve respectfully requests permission to send that message in response to such communications, and to post it online in response to social media posts similarly seeking guidance.

[3] Valve has no control over what Attorney Bucher charges his clients, and Valve will not reimburse or pay attorney fees charged by Bucher Law to Respondents.

| PETITIONER'S *EX PARTE* MOTION SEEKING LEAVE TO PROVIDE COMMUNICATION TO RESPONDENTS – 5 | **CORR CRONIN LLP**<br>1015 Second Avenue, Floor 10<br>Seattle, Washington 98104-1001<br>Tel (206) 625-8600<br>Fax (206) 625-0900 |
|---|---|

## IV. CONCLUSION

Valve, its counsel, and its customers (the Respondents) find themselves in a very unique situation, and in need of the Court's assistance. Valve thus moves this Court to enter an order permitting Valve to email Respondents the statement attached hereto as Exhibit 1.

DATED this 4th day of November 2024.

I certify that this memorandum contains 2,099 words, in compliance with the Local Civil Rules.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com
*Attorneys for Petitioner Valve Corporation*

PETITIONER'S *EX PARTE* MOTION SEEKING
LEAVE TO PROVIDE COMMUNICATION TO
RESPONDENTS – 6

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# EXHIBIT 1

## VALVE'S PROPOSED EMAIL TO RESPONDENTS

SUBJECT:  Valve Corporation's Petition Against You

BODY OF EMAIL:

Valve Corporation has been authorized by the U.S. District Court for the Western District of Washington to provide you with the following information:

On October 18, 2024, Valve commenced a proceeding in the U.S. District Court for the Western District of Washington seeking to enjoin an arbitration that Bucher Law PLLC commenced against Valve before the American Arbitration Association on your behalf.  Valve's position in that proceeding is that Valve and you are no longer parties to an arbitration agreement and therefore you may pursue any claim pending in the arbitration exclusively in court, not in arbitration.  Valve's petition does not seek any money from you.

If you terminate your arbitration against Valve, then (1) a court ruling on Valve's petition will no longer be necessary with respect to you, (2) Valve will reimburse you or your counsel for any American Arbitration Association fees you paid in that arbitration, and (3) Valve will voluntarily dismiss you from its court proceeding.  You will remain free to pursue any valid claim you have against Valve in court.  If you wish to terminate your arbitration, please contact Bucher Law PLLC, who will cause your arbitration to be terminated without any cost to you.

At this time, Valve is not authorized to provide you with any information beyond that contained in this email.

PETITIONER'S *EX PARTE* MOTION SEEKING LEAVE TO PROVIDE COMMUNICATION TO RESPONDENTS – 7

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900