THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

    Petitioner,

v.

JENNIFER A. NELSON, et al.,

    Respondents.

Case No. 2:24-cv-1717-JNW

**RESPONDENT LUKE NINEMIRE'S MOTION TO STAY THIS ACTION UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. § 3932**

Noted for Consideration: December 5, 2024

**ORAL ARGUMENT REQUESTED**

RESPONDENT LUKE NINEMIRE'S MOTION TO STAY THIS ACTION UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. § 3932 – Page 1

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................ 4

II. FACTS ......................................................................................................................... 5

III. LEGAL STANDARD ................................................................................................. 8

IV. ARGUMENT .............................................................................................................. 8

    A. The SCRA Mandatory Stay Applies ............................................................................8

    B. There Are No Exceptions To The Stay And The Court Has No Discretion To Stay Part Of the Action—The Whole Case Must Be Stayed For 90 Days. .........................10

V. CONCLUSION .......................................................................................................... 12

RESPONDENT LUKE NINEMIRE'S MOTION TO STAY THIS ACTION UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. § 3932 – Page 2

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

# TABLE OF AUTHORITIES

**Cases**

*Barnhart v. Sigmon Coal Co.*, 534 U.S. 438 (2002)................................................................ 8

*Brewster v. Sun Tr. Mortg., Inc.*, 742 F.3d 876 (9th Cir. 2014)................................................ 8

*Dosso v. Knights Collision Experts, Inc.*, 2021 WL 9038372 (E.D.N.Y. Sept. 15, 2021) ..... 4, 7

*Elzy v. Williams*, 2013 WL 6016920 (D. Kan. Nov. 13, 2013)................................................ 10

*Grant v. T-Mobile USA, Inc.*, 2024 WL 3510937 (W.D. Wash. July 23, 2024)........................ 7

*Miano v. AC & R Advert., Inc.*, 148 F.R.D. 68 (S.D.N.Y.), *as amended* (Mar. 4, 1993) ........... 4

*Pandolfo v. Labach*, 727 F. Supp. 2d 1172, 1175 (D.N.M. 2010) ................................9, 10, 11

*Turner v. A. Passmore & Sons Inc.*, 341 F. App'x 363, 370 (10th Cir. 2009) ........................ 10

*Valve Corp. v. Zaiger, LLC*, 2024 WL 3917194 (W.D. Wash. Aug. 20, 2024) ........................ 5

*Wolfire Games, LLC v. Valve Corp.*, 2021 WL 4952220 (W.D. Wash. Oct. 25, 2021) ............ 5

**Statutes**

50 U.S.C. § 3932 ................................................................................................. 4, 8, 9, 10, 11

50 U.S.C. § 3934 ........................................................................................................... 11

50 U.S.C. § 3935 ........................................................................................................11, 12

RESPONDENT LUKE NINEMIRE'S MOTION TO STAY THIS ACTION UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. § 3932 – Page 3

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Respondent Luke Ninemire ("Respondent"), through his undersigned counsel, hereby moves to stay this matter for at least ninety (90) days.[1]

## I. INTRODUCTION

This case is about Valve Corporation's ("Valve") attempt to escape, delay, or frustrate its customers' antitrust claims by any means necessary. Having failed to torpedo these claims in arbitration, Valve and its attorneys have engineered this suit to communicate *ex parte* with represented consumer-litigants, manipulate and intimidate them, and disparage their counsel.

In doing so, they have violated the Rules of Professional Conduct. *See e.g.*, *Dosso v. Knights Collision Experts, Inc.*, 2021 WL 9038372, at *9–10 (E.D.N.Y. Sept. 15, 2021), *report and recommendation adopted*, 2022 WL 2103070 (E.D.N.Y. June 10, 2022) (finding "egregious" violations of RPC 4.2 where counsel guided and coached client to communicate with represented party about ongoing litigation); *Miano v. AC & R Advert., Inc.*, 148 F.R.D. 68, 82 (S.D.N.Y.), *as amended* (Mar. 4, 1993), *adopted*, 834 F. Supp. 632 (S.D.N.Y. 1993) (an attorney violates RPC 4.2 when they "circumvent[]" it by "engineer[ing] a contact or action by another that would otherwise be prohibited by the disciplinary rules.").[2]

But these ethical violations must be deferred for the moment because the Servicemembers Civil Relief Act, 50 U.S.C. § 3932, mandates that "in a civil action or proceeding in which a servicemember … is a party, the court … shall, upon application by the servicemember, stay the action for a period of not less than 90 days" upon certain two conditions,

---

[1] In seeking a stay, Respondent expressly reserves all substantive and jurisdictional defenses. *See* 50 U.S.C. § 3932(c).

[2] New York caselaw is instructive because Valve's counsel at Skadden are New York lawyers subject to both the New York RPCs and Washington RPCs.

RESPONDENT LUKE NINEMIRE'S MOTION TO STAY THIS ACTION UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. § 3932 – Page 4

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

specifically a "letter or other communication" from the servicemember and "from the servicemember's commanding officer", describing the circumstances of the servicemember's unavailability, and making clear when they will be able to respond to the litigation. 50 U.S.C § 3932(b)(1)-(2).

Senior Airman Luke Ninemire ("SrA Ninemire") is serving in Iraq. He has sent a communication to Valve describing his situation (Dkt. 13-6, Ex. F to Valve's *ex parte* motion), and his commanding officer has supplied a letter explaining why current military service prevents his appearance. Declaration of Will Bucher ("Bucher Decl."), Ex. A. This case must therefore be stayed for not less than 90 days.

## II. FACTS

In 2021, this Court compelled arbitration of all consumer antitrust claims against Valve pursuant to Valve's own class action waiver and arbitration provision. *See Wolfire Games, LLC v. Valve Corp.*, 2021 WL 4952220, at *3 (W.D. Wash. Oct. 25, 2021) ("*Wolfire*"). Valve expected that was the end of any attempt to hold it accountable for the harm it inflicted upon consumers. Valve was mistaken.

In 2023, Bucher Law PLLC ("Bucher") committed to represent consumers who sought to proceed with their claim in individual arbitration. Tens of thousands of Valve's customers, tired of paying Valve's monopolistic prices for PC games, engaged Bucher. By the end of the year, Bucher had commenced arbitrations for thousands of Valve's customers.

In response, Valve sued several of the consumers' law firms. One such suit was recently dismissed by this court. *See, e.g.*, *Valve Corp. v. Zaiger, LLC*, 2024 WL 3917194, at *1 (W.D. Wash. Aug. 20, 2024). Its lawsuits against counsel having failed to achieve the disruption it desired, Valve then filed hundreds of seriatim motions to dismiss the arbitrations and to impose

RESPONDENT LUKE NINEMIRE'S MOTION TO STAY THIS ACTION UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. § 3932 – Page 5

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

attorneys' fees upon the consumers or their counsel, alleging "abuse." Valve lost those motions more than 400 times, with not a single arbitration dismissed.

Valve Corporation then attempted to disrupt the proceedings by withholding evidence from Claimants. Again, the arbitrators were not persuaded. To date, Valve Corporation has been ordered to produce millions of documents.

In July, things got even more dire for Valve. One arbitrator held that certain claimants could not be barred from pursuing their claims as a collective action in court, but that the holding did not apply to those who sought to arbitrate individually. This meant consumers like SrA Ninemire now had a choice: proceed individually in arbitration or proceed collectively as part of a class action. Following this ruling, Bucher, with co-counsel at Hagens Berman, filed a class action on behalf of consumers.

By September 2024, Valve was in the throes of a total rout. Valve's motions to dismiss and its efforts to hide the incriminating evidence had completely failed, and the first arbitration merits hearing is now set to begin on December 2, 2024. If it could not derail this arbitration, Valve faced the prospect of a potential negative merits judgment that could impact all the parallel litigations it faced.

On September 26, 2024, mid-way through many of the arbitrations, Valve unilaterally introduced—via a pop-up on the login page of its "Steam" platform—a new dispute resolution provision requiring court litigation instead of arbitration. This agreement purported to retroactively apply to "any dispute or claim that arose before the existence of this or any prior agreement." Pet.¶ 45.

The pop-up provided no choice to decline the New SSA, only a button to "Accept Updated SSA" and a checkbox next to "I Agree …". *Id.* ¶ 108. The only way for the user to get

RESPONDENT LUKE NINEMIRE'S MOTION TO STAY
THIS ACTION UNDER THE SERVICEMEMBERS CIVIL
RELIEF ACT, 50 U.S.C. § 3932 – Page 6

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

through it and access the account holding their prior purchases was to click accept. It also made clear that, even if the user does not agree, they would nevertheless be bound, as the New SSA "will become effective on November 1, 2024, unless you delete or discontinue use of your Steam account prior to this date." *Id.*

On October 18, 2024, Steam filed the instant lawsuit against 624 of the Arbitration claimants. This lawsuit purports to seek an injunction of their ongoing arbitrations based on a contract theory: *i.e.*, they retroactively agreed to litigate all claims in court. *See generally* Dkt. 1. Although this claim for relief could have been alleged in a page, the Petition spends 40-odd pages making a litany of accusations against Bucher Law's owner, Will Bucher ("Mr. Bucher"), whose name appears 210 times in the Petition as the perpetrator of all kinds of fraud, purportedly against his former law firm, against Valve, and against his Arbitration clients.

One of those clients is SrA Ninemire, who, upon being notified of Valve's lawsuit by his mother, who Valve served at her home, wrote to Valve's attorneys explaining that he is presently "deployed and serving in Iraq" and offering to answer any questions they may have. Dkt. 16-3 (Ex. F to Valve's *ex parte* motion). Valve, for its part, took this e-mail, **redacted** SrA Ninemire's name to prevent his counsel from identifying their client and communicate appropriately with that client, and then submitted it in support of an *ex parte* motion requesting authorization to continue its *ex parte* communications with represented parties (an improper privilege it had already enjoyed *de facto* via this suit, which was tailored to lure Mr. Bucher's clients into making these kinds of communications with Valve's attorneys). *Id.*[3]

---

[3] Not only is this squarely a violation of RPC 4.2, *see Dosso*, 2021 WL 9038372, at *9–10, this court has explicitly disapproved of similar tactics. *Grant v. T-Mobile USA, Inc.*, 2024 WL 3510937 (W.D. Wash. July 23, 2024) (calling counsel-engineered *ex parte* client

RESPONDENT LUKE NINEMIRE'S MOTION TO STAY THIS ACTION UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. § 3932 – Page 7

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Thankfully, SrA Ninemire also actively communicated the development to his chosen counsel, and further obtained a letter from his commanding officer explaining that his deployment makes him unavailable to appear. Bucher Decl., Ex. B. Once SrA Ninemire was able to confer with his own counsel and learn that U.S. law protects deployed servicemembers like him, he learned that he was not required to capitulate to Valve because he is abroad serving his country. Quite the opposite: this Court is required to stay this action *because* of SrA Ninemire's deployment.

### III. LEGAL STANDARD

The Servicemembers Civil Relief Act ("SCRA") governs. The Court must interpret it. The Supreme Court has "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461–62 (2002). The SCRA is "always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Brewster v. Sun Tr. Mortg., Inc.*, 742 F.3d 876, 878 (9th Cir. 2014) (cleaned up).

### IV. ARGUMENT

**A.    The SCRA Mandatory Stay Applies.**

The SCRA's mandatory stay provision appears in 50 U.S.C § 3932 (cited as 50 U.S.C. § 522 prior to its recent 2022 transfer to § 3932). The provision has three parts.

First, the provision "applies to any civil action or proceeding … in which the plaintiff or defendant at the time of filing an application under this section (1) is in military service …; and

---

communications with an opposing party to obtain agreements that may impact ongoing litigation "a poor (if not unethical) practice and should not continue").

RESPONDENT LUKE NINEMIRE'S MOTION TO STAY THIS ACTION UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. § 3932 – Page 8

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

(2) has received notice of the action or proceeding." 50 U.S.C § 3932(a). This action is "a civil action or proceeding", and SrA Ninemire: (i) is a defendant, (ii) "is in military service", and (iii) "has received notice of the action or proceeding." *Id*. Section 3932 therefore applies.

Second, the statute states that "[a]t any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met." *Id*. § 3932(b)(1). Here, SrA Ninemire is "a servicemember described in subsection (a)" of 50 U.S.C § 3932, so the court "shall … stay the action for a period of not less than 90 days" if the subsection 3932(b)(2) conditions are met.

Third, the subsection 3932(b)(2) conditions are:

(A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

(B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

*Id*. § 3932(b)(2). The conditions set forth in this subsection are met here.

Specifically, these conditions have been summarized as follows:

> The SCRA mandates that a court "shall" stay proceedings upon application by a servicemember if that servicemember can provide a letter or other communication setting forth certain facts: (i) the manner in which the military duty requirements materially affect his or her ability to appear; (ii) the date upon which the servicemember will be available to appear; (iii) that his or her military duty prevents appearance; and (iv) that military leave is not authorized for the servicemember at the time of the letter.

*Pandolfo v. Labach*, 727 F. Supp. 2d 1172, 1175 (D.N.M. 2010). There is no need for these facts to be communicated in separate communications. *Id*. ("Presumably, the two requirements can be

RESPONDENT LUKE NINEMIRE'S MOTION TO STAY THIS ACTION UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. § 3932 – Page 9

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

met with a single 'letter or other communication,' so long as it states all of the facts that § [3932](b)(a)(A) and (B) requires.").

Here, all four elements are met. SrA Ninemire has been informed of the contents of the e-mail in Exhibit F to Valve's *ex parte* submission and confirmed that he sent the e-mail. Bucher Decl., ¶ 2. It is therefore a "letter or other communication" from him. 50 U.S.C § 3932(b)(2)(A).

That communication states that "I am required to respond in 21 days and this is my response. I won't be able to attend the summon because I am currently deployed and serving in Iraq." Dkt. 13-6, at 1. SrA Ninemire's commanding officer, Captain Cody Monfett-Cohan, also supplied a letter dated November 8, 2024, making clear that SrA Ninemire "is currently deployed overseas and is unable to attend any court summons located in the United States Until April 2025." Bucher Decl., Ex. A. In response to an e-mail from counsel, Capt. Cody Monfett-Cohan has also clarified that SrA Ninemire is not presently authorized for leave. Bucher Decl., Ex. B.

Together, the communications satisfy the conditions embodied in 50 U.S.C § 3932(b)(2). Because all four elements of the test are met, a stay of no less than 90 days is therefore mandatory. *Pandolfo*, 727 F. Supp. 2d. at 1175; *see also Turner v. A. Passmore & Sons Inc.*, 341 F. App'x 363, 370 (10th Cir. 2009) (the court "must at the servicemember's request, stay any proceeding in which a servicemember is a party," under the conditions of the SCRA); *see also Elzy v. Williams*, 2013 WL 6016920, at *3 (D. Kan. Nov. 13, 2013) (If the conditions of the SCRA are met, "the court must stay an action for a period of at least ninety days.").

**B.    There Are No Exceptions To The Stay And The Court Has No Discretion To Stay Part Of the Action—The Whole Case Must Be Stayed For 90 Days.**

RESPONDENT LUKE NINEMIRE'S MOTION TO STAY THIS ACTION UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. § 3932 – Page 10

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Valve is expected to argue that the Court should not stay the entire action because there are many non-servicemembers amongst the defendants. However, the Court is not entitled to exercise discretion on this stay for several reasons.

First, the statute itself says that the stay is applicable to any "civil action or proceeding in which a servicemember described in subsection *(a) is a party* … ." 50 U.S.C. § 3932(b)(1) (emphasis added). The statute therefore contemplates that the stay must apply to multi-defendant actions.

Second, the same provision states that the court "shall, upon application by the servicemember, stay the action for a period of not less than 90 days … ." *Id*. Having contemplated a multi-defendant action, that a servicemember may be "a party", and still made clear that "the action" is what must be stayed, the statute makes clear that it is the whole case that must be stayed.

Third, caselaw agrees. In *Pandolfo*, cited above, the court explicitly noted that there were multiple defendants, only one of whom was a servicemember subject to the SCRA's protection. 727 F. Supp. 2d. at 1176. The court, however, found that it did not have any discretion given the unambiguous language of the statute, and it stayed the entire action for 90 days. *Id*.

Fourth, other sections of the SCRA make the Court's lack of discretion under § 3932 even clearer. Specifically, 50 U.S.C. § 3934 provides a different form of statutory stay from § 3932, that of "Stay or vacation of execution of judgments, attachments, and garnishments." The next section, 50 U.S.C. § 3935, addresses "Duration and term of stays" and "codefendants not in service", and § 3935(b) specifically provides that: "[i]f the servicemember is a codefendant with others who are not in military service and who are not entitled to the relief and protections provided under this chapter, the plaintiff may proceed against those other defendants with the

RESPONDENT LUKE NINEMIRE'S MOTION TO STAY THIS ACTION UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. § 3932 – Page 11

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

approval of the court." 50 U.S.C. § 3935(b). However, subsection 3935(c), which is entitled "Inapplicability of section", provides that "[t]his section does not apply to sections 3932 and 4021 of this title." 50 U.S.C. § 3935(c).

In other words, under the SCRA, a court may discretionarily stay "the execution of judgments, attachments, and garnishments" against non-servicemember codefendants, but the court must stay the entire action, including as to co-defendants, if it is "at any stage before final judgment" under § 3932. In sum, the stay is mandatory and there are no exceptions.

## V. CONCLUSION

For the above reasons, a stay of this action must be granted for no less than 90 days.

DATED this 14th day of November, 2024.

BAILEY DUQUETTE P.C.

By: */s William R. Burnside*
William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

**BUCHER LAW PLLC**

William Ward Bucher IV
(*pro hac vice forthcoming*)
350 Northern Blvd, STE 324-1519
Albany, NY 12204-1000
Tel. 202.997.3029
E: will@bucherlaw.com
*Attorneys for Respondent*

*I certify that this motion contains less than 4,200 words pursuant to Local Civil Rule 7(e)(4).*

RESPONDENT LUKE NINEMIRE'S MOTION TO STAY THIS ACTION UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. § 3932 – Page 12

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing RESPONDENT LUKE NINEMIRE'S MOTION TO STAY THIS ACTION UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. § 3932 served upon counsel of record herein, as follows:

| | |
|---|---|
| Blake Marks-Dias, WSBA No. 28169<br>1015 Second Avenue, Floor 10<br>Seattle, Washington 98104<br>(206) 625-8600 Phone<br>(206) 625-0900 Fax<br>E: bmarksdias@corrcronin.com | ☒ Via Email<br>☒ Via Electronic Service |
| Michael W. McTigue Jr., *Admitted Pro Hac Vice*<br>Meredith C. Slawe, *Admitted Pro Hac Vice*<br>SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, New York 10001<br>E: michael.mctigue@skadden.com<br>E: meredith.slawe@skadden.com | |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: November 14, 2024 at Seattle, Washington.

                                        *s/ William R. Burnside*
                                       William Burnside, WSBA No. 36002

RESPONDENT LUKE NINEMIRE'S MOTION TO STAY THIS ACTION UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. § 3932 – Page 13

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869