THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

    Petitioner,

v.

JENNIFER A. NELSON, et al.,

    Respondents.

Case No. 2:24-cv-1717-JNW

**RESPONDENTS' MOTION FOR EXTENSION OF TIME TO RESPOND AND FOR A CASE MANAGEMENT CONFERENCE**

Noted for Consideration: November 28, 2024

## I. REQUESTED RELIEF

As set forth below, Respondents respectfully request an extension to 21 days after the Court has ruled on Respondent Luke Ninemire's stay motion to respond to the Petition. If the Court would find it helpful, Respondents also request a case management conference.

## II. REASONS TO EXTEND AND COORDINATE

The deadlines to respond to the Petition should be extended for several reasons:

*First*, Valve sued 624 individuals spread around the country and world, including at least one servicemember deployed in Iraq. Coordinating responses by 624 people will take time.

*Second*, local counsel was retained yesterday in these matters. Local counsel needs time to get up to speed on what is not only a large case in terms of number of defendants but which carries more than four years of procedural background in the underlying litigations.

*Third*, Valve refused to consider Mr. Bucher's offer to waive service under Rule 4 in exchange for 30 days (or 60 days if the respondent is abroad) to return the waiver, as Rule 4 permits. Fed. R. Civ. P. 4(d)(1)(F).[2] As such, Valve's self-inflicted need to serve all Respondents is still ongoing. Because Valve served, and is still serving, the 624 Respondents over the course of weeks, lack of coordination in their responses may mean the Court receiving hundreds of individual responses over the course of months. This is not efficient.

*Fourth*, Valve has alleged that approximately two percent (2%) of the defendants have reached out to Valve with various concerns and questions. Dkts. 12-13. Yet Valve refuses to inform Respondents' counsel who these individuals are and has even redacted their names. Given

---

[2] Indeed, Valve's refusal to provide a waiver of service form to the Respondents, which would have made things more efficient and obviated any need for this motion, reveals that its intent was to intimidate the many Respondents and use the Petition to disparage their counsel.

RESPONDENTS' REQUEST FOR EXTENSION – Page 2

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Valve's non-cooperation, counsel needs time for these individuals to identify themselves, confer with them, and ascertain their preferences.

Senior Airman Luke Ninemire ("SrA Ninemire"), who has concurrently filed a motion to stay, is an example of why these individuals should be given time to confer with their own attorneys, as appropriate, to figure out the best course of action for them. SrA Ninemire sent Valve an email suggesting he was under the mistaken belief that, because he is deployed in Iraq, he would simply have to forfeit his claims because he could not appear in court. Valve even proposed to communicate this to him. Dkt. 12, at 7 (Valve's proposed message asking Mr. Ninemire and many others to dismiss their arbitrations in exchange for Valve dismissing this suit). But upon consulting with his own lawyers, SrA Ninemire is now availing himself of the SCRA protections for servicemembers, staying this lawsuit while he is deployed abroad. It is likely that others who have reached out to Valve in confusion over this lawsuit, once fully informed of their rights, may opt for a course of action other than completely capitulating to Valve.

*Fifth*, SrA Ninemire's pending motion before this Court which would stay this entire action. As noted in that briefing, such a stay is mandatory under the SCRA. Extending the time to respond for other defendants will thus not prejudice the proceedings in this case, because this case must already be stayed.

### III. CONCLUSION

For the above reasons, the Court should grant an extension until 21 days after it rules on SrA Ninemier's motion to stay this action.

DATED this 14th day of November, 2024.

BAILEY DUQUETTE P.C.

| | |
|---|---|
|1| |
|2| By: */s William R. Burnside*  |
| | William R. Burnside, WSBA #36002 |
|3| 800 Fifth Ave, Suite 101-800 |
| | Seattle, Washington 98104 |
|4| T: 206.353.8021 |
| | E: will@baileyduquette.com |
|5| *Attorney for Respondent* |

**BUCHER LAW PLLC**

By: /s/ Will Bucher

William Ward Bucher IV
350 Northern Blvd
STE 324 -1519
Albany, NY 12204-1000
202-997-3029
will@bucherlawfirm.com

*I certify that this motion contains less than 4,200 words pursuant to Local Rules W.D. Wash. LCR 7(e)(2).*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing RESPONDENTS' REQUEST FOR EXTENSION served upon counsel of record herein, as follows:

| | |
|---|---|
| Blake Marks-Dias, WSBA No. 28169<br>1015 Second Avenue, Floor 10<br>Seattle, Washington 98104<br>(206) 625-8600 Phone<br>(206) 625-0900 Fax<br>E: bmarksdias@corrcronin.com | ☒ Via Email<br>☒ Via Electronic Service |

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
E: michael.mctigue@skadden.com
E: meredith.slawe@skadden.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: 14th day of November, 2024 at Seattle, Washington.

                      *s/ William R. Burnside*
                      William Burnside, WSBA No. 36002