THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>       Petitioner,<br>v.<br>JENNIFER A. NELSON, et al.,<br><br>       Respondents. | Case No. 2:24-cv-1717-JNW<br><br>**RESPONDENT LUKE NINEMIRE'S MOTION FOR CLARIFICATION RE VALVE CORPORATION'S LCR 7(l) NOTICE OF WITHDRAWAL OF PETITION AS TO RESPONDENT LUKE NINEMIRE**<br><br>**NOTE ON MOTION CALENDAR:**<br>**December 16, 2024** |

Respondent Senior Airman Luke Ninemire ("Respondent" or "SrA Ninemire"), through his undersigned counsel, files this motion for clarification regarding Valve Corporation's ("Valve") Notice of Withdrawal of Petition as to Respondent. Dkt. 23 (the "Notice"). This motion is necessitated by Valve's contradictory positions and procedural gamesmanship, which has created confusion concerning the procedural posture of this matter.

## I. FACTS

On October 18, 2024, Valve initiated this proceeding by filing a petition against SrA Ninemire (among others) and a motion to enjoin his arbitration. Dkts. 1–4.

Valve immediately used its filing to argue to numerous arbitrators, including the one presiding over SrA Ninemire's case, that their arbitrations should be halted. On the morning of October 23, 2024, the arbitrator presiding over SrA Ninemire's arbitration agreed with Valve and stayed his arbitration, concluding that "the stay of these arbitrations shall remain in effect pending a ruling by the court in *Nelson*", *i.e.*, ***this*** Court. **Ex. A** (October 23, 2024, AAA e-mail transmitting Arbitrator Brooks Order), at 2.

On the night of October 22, 2024, Valve e-mailed Respondents' counsel, Mr. Bucher, stating that:

> Valve will provide you until Friday, October 25, 2024, to inform Valve if you are representing each Respondent in th[is] action and, if so, whether you have been authorized to accept service on their behalf, provided that (1) on Friday, October 25, 2024, you provide a complete list of each Respondent you are representing who has agreed that you may accept service on their behalf so Valve can avoid having to personally serve them; (2) you agree that Valve is providing this extension as a courtesy solely because you have requested additional time; and (3) you will not attempt to argue that any delay in serving Respondents somehow precludes or impairs Valve's right to seek injunctive relief.

**Ex. B**. When Mr. Bucher asked that Valve send waivers of service pursuant to FRCP 4, Valve ignored him. Instead of conferring in good faith, Valve asked the Clerk to issue summonses under FRCP 4, using the default summons form for civil actions. Dkt. 10. This form provides that (i) a response is required within 21 days under Fed. R. Civ. P. 12, (ii) failure to timely respond may result in a judgment by default for all the relief demanded in the complaint, and (iii) any response shall be served on Valve or Valve's attorney. *Id*. at 1.[1] The Clerk signed and issued the summonses the next day. Dkt. 11.

---

[1] Valve's request of the Clerk in this regard seems to conflict with Valve's current position that its petition is a motion subject to service and notice under Rule 5. *See* Local Rules W.D. Wash., LCR 4(a) ("It is the ***obligation*** of a party seeking the issuance of a summons by the

Armed with the summonses obtained under Rule 4, Valve immediately began serving all 624 Respondents, baiting them into responding directly to Valve even though Valve knew they were represented by counsel in pending arbitrations. *See generally* Dkts. 12–13 (*ex parte* motion evidencing communications from Respondents); Dkts. 27–35 ("SERVICE OF SUMMONS and Complaint"). Although it had already managed to stay his arbitration, Valve served SrA Ninemire anyway, perhaps based on the assumption that he is entitled an opportunity to be heard in this proceeding.

On November 14, 2024, 21 days after he was served with Valve's summons and related papers, SrA Ninemire answered Valve's petition as the summons instructed him to do, explaining the bases he intended to assert to oppose Valve's petition and motion. Dkt. 16. He also filed a motion to stay this proceeding under the Servicemembers' Civil Relief Act, which entitled him an absolute statutory right to stay any civil proceeding for 90 days. Dkt. 20.

On November 15, 2024, the next day, Valve filed a "Notice" under Local Rules W.D. Wash., LCR 7(l) ("LCR 7(l)") purporting to unilaterally (i) withdraw Valve's petition solely against SrA Ninemire "without prejudice" and (ii) moot SrA Ninemire's motion to stay. *Id.* at 1. Valve's stated reason for doing so: "Valve learned Mr. Ninemire is a service member on active duty deployed overseas. Valve has no desire to be in active litigation with a deployed service member." *Id.*[2]

---

clerk to present the summons to the clerk in the ***proper form***, prepared for issuance, with sufficient copies for service.") (emphasis added).

[2] To be sure, the stated reason was disingenuous insofar as Valve was aware of SrA Ninemire's deployment ***as of October 29, 2024***, when SrA Ninemire sent Vavle's attorneys an e-mail explaining that he was "currently deployed and serving in Iraq." Dkt. 13–6 (Ex. F to Valve *ex parte* motion).

On November 21, 2024, Valve renoted its petition and motion to enjoin as to certain Respondents for consideration on December 2, 2024. Dkt. 26. Simultaneously, Valve filed a reply, arguing that its motion to enjoin must be granted because (i) it was served on numerous Respondents between October 24 and October 30; and (ii) all of those Respondents have defaulted by not timely responding. Dkt. 24 at 2. According to Valve, "because the Petition was filed as a 28-day motion and the Summons required a response within 21 days of service, the October 24-30 Served Respondents' deadline to oppose the Petition was between November 14, 2024, and November 20, 2024." Dkt. 24 at 2.

On November 22, 2024, in support of its renoting notice and reply urging its petition be granted, Valve filed proofs of service with the Court, Dkts. 27–35, again taking the position that its service was governed by Rule 4. *See* Dkt. 10-2 (Valve summons form), at 2 (stating that proofs of service "should not be filed with the court unless required by Fed. R. Civ. P. 4(l)").

## II. ARGUMENT

### A. Valve's Inconsistent Positions

SrA Ninemire brings this motion for clarification because Valve's is playing a game of procedural "gotcha" in which Valve advocates alternating, self-contradictory positions as circumstances require. As set forth below, it has done so with respect to the agreement to arbitrate, as well as the rules of civil procedure. The Court should clarify the resulting procedural muddle, to permit this matter to be addressed on the merits rather than through Valve's gamesmanship.

*First*, Valve has taken inconsistent positions with its customers. Valve initially moved *this* Court to compel its customers to arbitrate. Dkt. 20, at 5–7. Then, when customers brought arbitrations, defeated its motions to dismiss, and were pressing towards merits hearings, Valve

sprung a new "clickwrap" contract via popup on them, purporting to retroactively return claims to courts. It gave no new consideration, nor the option to decline. *Id.*

*Second*, Valve has taken inconsistent positions with respect to SrA Ninemire. It sought (and ***got***) a stay of SrA Ninemire's arbitration so that this Court could resolve whether the arbitration should be enjoined. It then used his e-mail explaining that he was deployed to request permission from this Court to tell him directly to dismiss his arbitration in exchange for not being sued. Dkt. 12, at 7 (Valve proposed e-mail to Mr. Ninemire). But when SrA Ninemire responded to the petition and exercised his right to stay this proceeding, Valve suddenly had "no desire to be in active litigation with a deployed service member". Dkt. 20.

*Third*, Valve has taken inconsistent interpretations of the civil rules. Valve submitted proposed summons to the Court instructing Respondents that Valve's petition is subject to service under Rule 4 and Respondents' responses were subject to Rule 12 and Rule 55. Then, when SrA Ninemire complied with the instructions in the summons and sought a stay, Valve changed to arguing its petition is a motion, but that responses were due 21 days after service on threat of default under Rule 4. Dkt. 24. But under Rule 5, service of motions must be made upon counsel, not via summonses.

Valve's actions are hopelessly self-contradictory and raise a host of novel procedural issues that make normally simple tasks—such as calculating deadlines for a response—impossible. What is more, even if one complies with Valve's agreements, instructions, and/or arguments, Valve does not hesitate to contradict former positions to manufacture procedural advantages and vitiate its customers' ability to respond. As such, every filing Valve makes should be viewed through the lens of how its adversaries (and the Court) are being set up for a

bait and switch. Whether that switch occurs here, or when decisions of this Court are on appeal, what Valve advocates today will most likely not be what it advocates tomorrow.

This is not acceptable, especially at the heels of Valve already playing fast and loose with ethical rules in seeking *ex parte* communications with represented litigants. Indeed, Valve's various substantive and procedural flip-flops are all attempts to avoid facing the merits of its unilaterally binding, no-consideration, mid-arbitration agreement to not arbitrate. Valve's tactics are contrary to "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *United Fin. Cas. Co. v. Rapid Age Grp. LLC*, 2024 WL 2325277, at *1 (W.D. Wash. May 22, 2024). The Court should reject this, and set a schedule for substantive briefing on SrA Ninemire's motion and Valve's petition.

**B.    Procedural Standard**

Pursuant to Your Honor's Chambers Procedures for Civil Actions, most questions may be answered by consulting the relevant rules and direct emails to Chambers are only allowed "[i]f questions persist" after consulting those rules. Rules 2.1, 2.2.

By and large, Judges in this District prefer to interpret the Local Rules in orders rather than emails (as opposing counsel has requested). *See*, *e.g.*, *Gebray v. Mayorkas*, No. 2:23-CV-870-BJR, 2024 WL 342300, at *1 (W.D. Wash. Jan. 30, 2024) (interpreting LCR 7(l) in the context of that proceeding); *Puget Sound Elec. Workers Healthcare Tr. v. S. Sound Elec., Inc.*, No. C13-0960JLR, 2014 WL 2938473, at *1 (W.D. Wash. June 30, 2014) ("Viewing the court's Local Rules as a whole, it is clear that this is not what is intended by Local Rule LCR 7(l). The court declines to read Local Rule LCR 7(l) in isolation, and instead, understand Local Rule LCR 7(l) in the context of its Local Rules as a whole.").

RESPONDENT LUKE NINEMIRE'S MOTION FOR
CLARIFICATION – Page 6

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Based on these authorities, the proper procedure for interpretation of Rule 7(l) is via a fully briefed motion on at least some of the outstanding questions. Two of these questions are set forth below.

## C.     The Avoidance of Piecemeal Litigation.

Valve contends that it may simply withdraw its petition as to SrA Ninemire "without prejudice" and create piecemeal litigation of similar or identical issues that it brought against 624 individuals. Although undersigned counsel is unaware of any on-point authority for Rule 7(l) being read in this way, it is highly prejudicial to SrA Ninemire if Valve is permitted to bring a petition against 624 individuals raising numerous legal issues that apply commonly, and then selectively withdraw its motion—as to a respondent or as to an issue—at its sole election.

Valve's conduct should not be condoned for numerous reasons. As set forth above, Valve *used* its filing of this proceeding to achieve a stay of SrA Ninemire's arbitration. That arbitration is now stayed until "the court in *Nelson*" makes a substantive, merits ruling. Ex. A, at 2. Having already obtained a stay of SrA Ninemire's arbitration, Valve should not be allowed, through novel interpretations of the local rules, to now preclude SrA Ninemire from participating in resolution, on the merits, of Valve's claim that his arbitration should be enjoined. Otherwise, SrA Ninemire is left in legal limbo without an opportunity to participate in the disposition of this proceeding when his arbitration is stayed pending that same disposition of this proceeding.

Indeed, the more reasonable interpretation of LCR 7(l), in the context of this case, is to require Valve to withdraw its entire petition as to all Respondents. The Court should adopt this

more reasonable interpretation of LCR 7(l) and strike Valve's notice of withdrawal as to a single Respondent that Valve finds inconvenient to its procedural shenanigans.[3]

**D.      Mooting Another Party's Pending Motion.**

Valve contends that its notice of withdrawal of its petition under LCR 7(l) "moots Mr. Ninemire's motion filed on November 14, 2024, to stay the proceedings under the Servicemembers Civil Relief Act, 50 U.S.C. § 3932." Dkt. 23 at 1.

Undersigned counsel is unable to locate any authority for the proposition that withdrawing Valve's petition as to SrA Ninemire somehow automatically moots SrA Ninemire's motion. In fact, the one authority directly on point provides that "any opposition papers shall be filed and received by the moving party no later than 15 days after the filing date of the motion." Local Rules W.D. Wash., LCR 7(d)(3). If Valve intends to oppose the motion on the grounds that the motion is moot, it should be directed to follow the relevant—and frequently used—rules for opposing pending motions.

Valve's November 21, 2024 renoting notice and reply in support of its motion raise similar issues. Dkts. 24–26. As set forth above, they also suffer from other fundamental procedural defects resulting from Valve's practice of selectively following rules it likes (*e.g.* FRCP 4) while interpreting away those it does not (*e.g.* FRCP 5, 7, and RPC 4.2). While none

---

[3] If Valve files a new or amended petition, Valve should be ordered to seek clarification on whether the petition should be served via Rule 4, as Valve previously presented to the Court, or Rule 5, as is Valve's current position with respect to treating the petition as a motion. *See Golden State Foods, Corp. v. Mendoza*, 2014 WL 12589654, at *3–4 (C.D. Cal. Nov. 4, 2014) (FAA petitions and motions are "to be considered a motion subject to the other procedural rules governing motions, Rule 5 applies. Rule 5 requires service on a party's attorney if represented."). There of course remains the more urgent matter addressed in Valve's inappropriate email to the Court as to whether Valve may continue to disseminate the current version of the summons stating that Rule 12 and Rule 55 apply, in light of its position that its petition should now be treated as a motion.

of these things will be at issue if the Court stays this matter as is statutorily required, SrA Ninemire reserves the right to raise them in due course.

SrA Ninemire seeks clarification on whether a LCR 7(l) "withdrawal" after a party appears and responds, is an appropriate vehicle for opposing another party's separate motion. Indeed, assuming arguendo that Valve's initial treatment of its petition as a traditional complaint (and not a motion) was correct, then Valve would have needed a stipulation or this Court's approval to withdraw the petition as to SrA Ninemire, given SrA Ninemire's earlier filing of an answer and motion to stay. Valve's attempt to unilaterally withdraw its petition would be impermissible in that scenario. And, even if its petition/motion is governed by LCR 7(l) alone, that provision similarly provides that "[o]nce a response has been filed, the motion may be renoted only by filing a stipulation signed by all parties or by order of the court." In short, regardless of whether it is a motion or complaint, once a counterparty responds and invites adjudication on the merits, as was the case with SrA Ninemire, no unilateral withdrawal should be permitted. The Court should strike Valve's Notice or at least the portion of the Notice pertaining to the mooting of another party's motion.

### III. CONCLUSION

For the above reasons, SrA Ninemire seeks clarification of LCR 7(l) on the issues identified above.

DATED this 25th day of November, 2024.

BAILEY DUQUETTE P.C.

By: */s William R. Burnside*
William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

**BUCHER LAW PLLC**

William Ward Bucher IV
(*pro hac vice forthcoming*)
350 Northern Blvd, STE 324-1519
Albany, NY 12204-1000
Tel. 202.997.3029
E: will@bucherlaw.com
*Attorneys for Respondent*

*I certify that this motion contains less than 4,200 words pursuant to Local Civil Rule 7(e)(3).*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing RESPONDENT LUKE NINEMIRE'S MOTION FOR CLARIFICATION served upon counsel of record herein, as follows:

Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10                    ☒ Via Email
Seattle, Washington 98104                       ☒ Via Electronic Service
(206) 625-8600 Phone
(206) 625-0900 Fax
E: bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
E: michael.mctigue@skadden.com
E: meredith.slawe@skadden.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: November 25, 2024 at La Ventana, Mexico.

                                         *s/ William R. Burnside*
                                         William Burnside, WSBA No. 36002