UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS ABBRUZZESE et al.,<br><br>    Defendants. | CASE NO. 2:24-cv-1717-JNW<br><br>ORDER |

The Court raises this matter on its own accord. On October 18, 2024, Valve Corporation filed a Petition to Enjoin Arbitrations, seeking to enjoin 624 of its Steam users from pursuing arbitrations because, it says, there is no agreement to arbitrate between the parties. Dkt. No. 1. Valve's Petition alleges that it is entitled to relief under the Declaratory Judgment Act (28 U.S.C. § 2201), the All Writs Act (28 U.S.C. § 1651(a)), and Section 4 of the Federal Arbitration Act, which allows a party "aggrieved by the alleged . . . refusal to arbitrate under a written agreement for arbitration [to] petition . . . the district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement" (9 U.S.C. § 4). Dkt. No. 1 at 47. Additionally, Valve's "Prayer for Relief" requests "any other relief

**ORDER** - 1

that the Court deems just and appropriate." *Id*. Given the various legal claims and prayer for relief, the Court construes the Petition at this point as a complaint.

Along with the Petition, Valve filed a "Memorandum of Points and Authorities in Support of Petition to Enjoin Arbitrations." Dkt. No. 2. Although they are separate filings, Valve refers to the Petition and Memorandum jointly as its "Petition." This creates uncertainty about the intended purpose of each, but under the circumstances, the Court construes the Memorandum as a separate motion seeking injunctive relief while the merits of the Petition are litigated. *See id.* at 23. Valve filed the Memorandum ex parte, before it served Respondents, and noted it for November 22, 2024—some 35 days after filing, rather than the typical 28-day period for motions seeking a preliminary injunction. *See* LCR 7(d)(4) (providing for same-, 14-, 21-, and 28-day motions in the case preliminary injunction motions).

After filing its Petition, Valve moved—also ex parte—to communicate directly with Respondents outside the presence of their counsel. Dkt. No. 12. The Court denied Valve's request because "Valve ha[d] failed to justify why the Court should grant its motion before the other side has appeared" or even been served. Dkt. No. 14. Since then, Valve has personally served some, *see* Dkt. Nos. 27–35, but not all Respondents with its Petition and Memorandum, s*ee* Dkt. No. 26 at 2. And it wishes to maintain "the current noting date of *the Petition* of November 22, 2024," for those Respondents it has served while renoting "the Petition" to December 2, 2024, for Respondents who have yet to be served. Dkt. No. 26 at 1–2 (emphasis added).

In the meantime, Respondent Luke Ninemire appeared through counsel and moved to stay the case under the Servicemembers Civil Relief Act, Dkt. 20, and Respondents Seth Weber ad Griffin Byer also appeared through counsel to request more time to respond to the Petition, Dkt. No. 22. In response, Valve filed a notice withdrawing its Petition against Ninemire, purporting to moot his motion to stay, Dkt. No. 23, and it continues to withdraw its Petition as to various Respondents, *see* Dkt. No. 42. Ninemire, through counsel, accuses Valve of "procedural gamesmanship, which has created confusion concerning the procedural posture of this matter." Dkt. No. 36.

And most recently, Valve has renewed its request to communicate directly with Respondents about this case—a request the Court previously characterized as seeking "to communicate directly with persons represented by counsel about matters in dispute and to convey options about how they may proceed in pending litigation." Dkt. No. 14 at 2. Without explanation, Valve claims that it will be "irreparably prejudiced" if the motion isn't heard right away and that it is "without fault in creating the crisis that requires ex parte relief." Dkt. No. 39 at 5 (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).

The Court disagrees. In its rush for relief, Valve has created a procedural minefield that Respondents and the Court must now navigate. Perhaps under any scenario, Valve's tactical decision to name 624 individual respondents would have created a tricky procedural path for the early stages of this case, but Valve's filing and refiling of motions, renoting the petition, piecemeal withdrawals, and service issues have created needless complications. Counsel for respondents are not without

blame, however, as it remains unclear to the Court whether they represent *all* Respondents, and not just those who have appeared, as they have repeatedly suggested. If they represent all Respondents, they should appear on behalf all Respondents and do so promptly.

To restore order to the case, the Court orders as follows:

1. Valve must respond to Respondent Ninemire's motion to stay by December 9, 2024. Dkt. No. 20. If Valve's sole grounds for opposing the motion is mootness, it may say so. Ninemire's reply, if any, is due by December 13, 2024.

2. By December 9, 2024, the law firm Bailey Duquette must file a notice of appearance for all other respondents it represents, or in the alternative, file a status report explaining why it cannot do so.

3. Respondents must respond to Valve's renewed ex parte motion seeking leave to provide communication to certain respondents, Dkt. No. 39, by December 9, 2024. Valve's reply, if any, is due on December 13, 2024.

4. All briefs must follow the word counts established by the Local Civil Rules. *See* LCR 7(e).

5. Respondents' deadlines to respond to Valve's Petition, Dkt. No. 1, and Memorandum/motion for injunctive relief, Dkt. No. 2, are STAYED pending resolution of Respondents' motion for extension of time to respond to Valve's Petition, Dkt. No. 20.

Dated this 2nd day of December, 2024.

_____
Jamal N. Whitehead
United States District Judge

ORDER - 5