THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

    Petitioner,

v.

THOMAS ABBRUZZESE, *et al.*,

    Respondents.

Case No. 2:24-cv-1717-JNW

STATUS REPORT OF BAILEY DUQUETTE P.C.

## I. STATUS REPORT

On December 2, 2024, the Court ordered the undersigned law firm ("Bailey Duquette") to "file a notice of appearance for all other respondents it represents, or in the alternative, file a status report explaining why it cannot do so." Dkt. 46 at 4. If Valve's complaint is not dismissed *sua sponte* for the reasons noted below, and provided this tribunal continues to treat Valve's filing as a complaint, and the action is not automatically stayed as required under the Service Members Relief Act, Bailey Duquette intends to appear on behalf of class representatives who can defend this action on a class basis. Bailey Duquette has not done so yet because the appropriate defense posture will vary based on whether this action is treated as a complaint or a

petition, and this court stayed all response deadlines on the same date it clarified that it is treating this action as a complaint.

Bailey Duquette stands willing and able to provide assistance as local counsel to Bucher Law PLLC in defending this case with respect to all Respondents who desire Bucher Law's continued counsel. However, Valve's refusal to communicate simple facts, such as the names of clients who apparently have reached out to express they may no longer want to be represented by Bucher Law PLLC, and equivocation on the nature of their action, make what would otherwise be a simple process inordinately difficult.

Bucher Law represents Respondents in their respective arbitrations but does not have any attorneys licensed to practice before this court on a regular basis. Bailey Duquette is independent of Bucher Law. Bailey Duquette has been assessing the best manner to respond with the goal of structuring representations in a manner that "secure[s] the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Specifically, Bailey Duquette chose, in the limited time it had, to immediately undertake representation of three Respondents to seek relief (a statutory stay applicable to the entire action and a concurrent extension of time to respond) that would benefit all Respondents, while investigating how all Respondents' interests could be adequately represented in a judicially efficient manner, be it individually or on a class-wide basis.

Regarding its representation of more (or all 624) Respondents, Bailey Duquette respectfully responds that the present issue, with respect to representing additional Respondents, is not whether it "cannot do so". Dkt. 46, at 4:12. Instead, Bailey Duquette presently believes that, given the confusion caused by Valve's vacillating positions and litigation tactics, there are a few threshold inquiries that would help inform the scope and nature of representation. *See id*.

at 3 ("Valve's tactical decision to name 624 individual respondents would have created a tricky procedural path for the early stages of this case").

A.   **Current Representation**

On November 14, Bailey Duquette filed notices of appearance on behalf of three Respondents: Senior Airman Luke Ninemire ("SrA Ninemire"), Griffen Byer, and Seth Weber. Dkts. 15, 18, 19. Counsel first appeared on behalf of SrA Ninemire because he is entitled to an immediate and automatic 90-day stay of this entire matter. Dkt. 20. Undersigned counsel then contacted Valve's counsel to request that all filings cease until the Court addressed SrA Ninemire's motion. Valve's counsel initially responded with "Thank you for your email. We are [amenable] to discussing this with you." Bailey Duquette twice attempted to schedule this discussion, but Valve's counsel ignored these requests.

In light of Valve's failure to respond, undersigned counsel acted in accordance with Valve's summons, which mandated an answer within 21 days under penalty of default. Dkts. 10, 27–35. Counsel appeared on behalf of Respondents Byer and Weber and then filed the motion for an extension of time to respond to the Petition. Dkts. 18–20. The very next day, Valve announced that the requirements set forth in *its* summons were to be ignored because *its* Petition was to be treated procedurally as a special motion and not as a typical civil action. Dkt. 23. In addition, Valve relied on a novel and unilateral interpretation of the local rule for withdrawing motions to allegedly oust SrA Ninemire from this proceeding and into legal limbo. Dkt. 36 (motion for clarification).

Opposing counsel's silence and Valve's procedural flip-flopping made it unclear whether all Respondents had to appear immediately on pain of default. Other issues raised questions over whether any Respondents will ever have to appear. For example, Valve's basis

for the Court's subject matter jurisdiction is suspect at best. *See Taneja v. Freitas*, No. 2:22-CV-00702-TL, 2023 WL 2989766, at *1 (W.D. Wash. Apr. 18, 2023) ("Even if no side raises it, the Court has an independent duty to ensure subject matter jurisdiction and must raise the issue *sua sponte* as needed."); Dkt, 43 at 7 ("There is nothing in section 4 that provides a procedure for **enjoining** arbitrations."). Indeed, putting aside Valve's novel invocation of this Court's jurisdiction, the Court may *sua sponte* dismiss complaints so void of legal substance that the plaintiff "cannot possibly win relief." *Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). The Court also retains *sua sponte* dismissal powers under Rule 8. A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir.2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).[1]

Bailey Duquette also questions, with appropriate circumspection, Valve's motives in demanding that Bailey Duquette immediately appear on behalf of all 624 Respondents. Valve has recently sued other counsel—in this very Court—for tortious interference with their

---

[1] Similarly, "a trial court has the inherent authority to control its own docket and calendar." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). As the Ninth Circuit has explained:

> [a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Leyva v. Certified Grocers of California Ltd.*, 593 F.2d 857, 863–64 (9th Cir.1979) (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180 (1952)). While a temporary stay of Valve's Petition is appropriate for SrA Ninemire, the Court also has the inherent authority to appropriately set any response and/or noting date.

customers' contracts and abuse of process, in part, because of counsel's "explicit and intentional failure to meaningfully evaluate the legal merits or the factual underpinnings of its clients' claims." *See Valve Corp. v. Zaiger, LLC*, No. 2:23-CV-01819-JHC, Dkts. 1–3 (W.D. Wash.). In other words, Valve's false sense of urgency could be nothing more than laying the groundwork—under this Court's endorsement—to drum up allegations against Bailey Duquette. Thus, Bailey Duquette intends to be deliberate in its representations.

Regardless, Valve's tactics have raised serious questions regarding the propriety of this proceeding. The novel and threshold questions Valve's actions engendered made it unclear whether Bailey Duquette needed to engage with and appear on behalf of additional or all Respondents.

**B.     Additional Representations**

Without waiving any privileged communications, Bailey Duquette represents to the Court it is in discussions to represent additional Respondents.[2] Bailey Duquette, however, respectfully requests guidance from the Court on some threshold issues before undertaking further representations (whether on a class or individual basis).

First, under Your Honor's Chambers Procedure Rule 5.6, motions to dismiss are discouraged if the alleged deficiency in the complaint may be overcome by amendment. The Court signaled that Valve created "uncertainty about the intended purpose" of its Petition which seeks "relief under the Declaratory Judgment Act (28 U.S.C. § 2201), the All Writs Act (28 U.S.C. § 1651(a)), and Section 4 of the Federal Arbitration Act." Dkt. 46 at 1–2.

---

[2] Undersigned counsel will also represent to the Court that despite the handful of Respondents that communicated some confusion as to Valve's procedural shenanigans, there are far more Respondents willing to hold Valve accountable for its monopolistic price gouging and this baseless attempt to enjoin their ongoing arbitrations.

Respondents contend that (i) the "uncertainty" is simply Valve's attempt to improperly shoehorn a declaratory judgment complaint into a Section 4 petition and (ii) the shoehorned complaint is subject to dismissal in its entirety for numerous reasons. *See e.g. Int'l Bhd. of Teamsters v. E. Conf. of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995) ("Because an action for a declaratory judgment is an ordinary civil action, a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment.")

Although Valve's petition is subject to immediate dismissal, it could possibly overcome its deficiencies with an amendment. In addition, Valve's counsel refuses to communicate with undersigned counsel. Thus, undersigned counsel seeks guidance on the proper procedure, if necessary, for filing a motion to dismiss that may apply to all Respondents under these circumstances.

Similarly, Valve's request for injunctive relief fails because it cannot establish irreparable harm in the absence of immediate relief. Namely, Valve may not equitably alter the status quo when it agreed to, litigated for, and actively participated in the very arbitrations it now seeks to enjoin. Thus, even if the Court considers Valve's motion as one for preliminary injunctive relief, we do not believe there is any urgency in considering the merits of the motion.

If Valve overcomes these threshold questions, Respondents could seek to defend this matter on a class basis. "Defendant class actions have been certified when, as here, there is a need for a 'procedural device that allows one who has a common grievance against a multitude of persons to resolve . . . the dispute by using only a few members of the class.'" *Bell v. Disner*, No. 3:14CV91, 2015 WL 540552, at *2 (W.D.N.C. Feb. 10, 2015), *aff'd sub nom. Bell v. Brockett*, 922 F.3d 502 (4th Cir. 2019) (quoting *Broadhollow Funding Corp. v. Fitzmaurice (In re Broadhollow Funding Corp.)*, 66 B.R. 1005, 1007 (Bankr.E.D.N.Y.1986)); *see also In re*

*Broadhollow Funding Corp.*, 66 B.R. at 1007 ("The use of a defendant class avoids costly multiple litigation and the danger of inconsistent adjudication of the same issue.").

Being that Valve has shown no interest in an orderly proceeding, it may be that certifying defense classes becomes an arduous endeavor. It is, however, one potentially effective solution to Valve's chosen route of naming over 600 Respondents.

In sum, Bailey Duquette can and is willing to represent additional Respondents if given some guidance on the procedural nature of this matter. We appreciate the opportunity to submit this status report and would welcome any further questions the Court may have in this regard.

DATED this 9th day of December, 2024.

BAILEY DUQUETTE P.C.

By: */s William R. Burnside*
William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com
*Attorney for Respondents*

I certify that this report contains less than 4,200 words pursuant to Local Rules W.D. Wash. LCR 7(e).

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing STATUS REPORT OF BAILEY DUQUETTE P.C. served upon counsel of record herein, as follows:

| | |
|---|---|
| Blake Marks-Dias, WSBA No. 28169<br>1015 Second Avenue, Floor 10<br>Seattle, Washington 98104<br>(206) 625-8600 Phone<br>(206) 625-0900 Fax<br>E: bmarksdias@corrcronin.com | ☒ Via Electronic Service |
| Michael W. McTigue Jr., *Admitted Pro Hac Vice*<br>Meredith C. Slawe, *Admitted Pro Hac Vice*<br>SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, New York 10001<br>E: michael.mctigue@skadden.com<br>E: meredith.slawe@skadden.com | |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: December 9, 2024 at Seattle, Washington.

      *s/ William R. Burnside*
      William Burnside, WSBA No. 36002