THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>    Petitioner,<br><br>    v.<br><br>ABBRUZZESE et al.,<br><br>    Respondents. | Case No. 2:24-CV-1717-JNW<br><br>**PETITIONER'S RESPONSE TO RESPONDENT LUKE NINEMIRE'S MOTION FOR CLARIFICATION RE VALVE CORPORATION'S LCR 7(*l*) NOTICE OF WITHDRAWAL OF PETITION AS TO RESPONDENT LUKE NINEMIRE**<br><br>**NOTE ON MOTION CALENDAR: DECEMBER 16, 2024** |

PETITIONER'S OPPOSITION TO RESPONDENT LUKE NINEMIRE'S MOTION FOR CLARIFICATION RE VALVE CORPORATION'S LCR 7(*l*) NOTICE OF WITHDRAWAL OF PETITION AS TO RESPONDENT LUKE NINEMIRE

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Valve Corporation ("Valve") submits this Response to Respondent Luke Ninemire's Motion for Clarification regarding Valve's Notice of Withdrawal of Petition (the "Motion for Clarification").[1]

Valve apologizes for its part in creating the "procedural minefield" the Court identified in its recent Order (Dkt. 46). Valve does not want to bring any unnecessary complexity to this action. Further, Valve deeply appreciates the Court's efforts to bring order to the recent motion practice, and is committed to facilitating that objective in whatever manner seems best to the Court.

Valve also has no desire to be in active litigation with a deployed service member. As such, when Valve learned that Mr. Ninemire is a service member on active duty deployed overseas, Valve attempted to withdraw its Petition as to Mr. Ninemire.[2] (Dkt. 23.)

On December 2, 2024, after Valve attempted to withdraw its Petition as to Mr. Ninemire, this Court issued an order stating that it would treat Valve's Petition as a complaint. (Dkt. 46.) If the Petition is deemed a complaint rather than a motion, Valve respectfully requests that the Court construe the notice of withdrawal as to Mr. Ninemire as a motion to dismiss the Petition with respect to Mr. Ninemire under Rule 41(a) of the Federal Rules of Civil Procedure and grant the motion. Valve's express intent in that filing was to remove Mr. Ninemire as a Respondent in

---

[1] The Court's recent Order (Dkt. 46) did not address Mr. Ninemire's motion for clarification and accordingly Valve responds merely to preserve its rights.

[2] Valve noted the Petition as a 28-day motion, not a complaint and summons. (Dkt. 2.) This is because the Petition is treated procedurally as a motion, not a complaint. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 n.26 (1983) (petition for an order under Section 4 of the FAA "was properly treated procedurally as a motion"). Valve served the Petition with a summons not because the Petition is a complaint, but because a petition under the Federal Arbitration Act is generally served through the means prescribed in Rule 4 and requires formal service of process. *See Nat'l Casa Ass'n v. unCommon Bond Inc.*, No. C21-1511-RSM-SKV, 2021 WL 5907796, at *4 (W.D. Wash. Dec. 14, 2021) (granting *ex parte* motion for alternative service of a petition); *Amazon.com, Inc. v. Glenn*, No. C18-1289-MJP, 2018 WL 5921005, at *2 (W.D. Wash. Nov. 13, 2018) (granting petition to confirm arbitration award where service was made in accordance with Rule 4). Valve therefore withdrew the Petition as to Mr. Ninemire by the method through which a motion is withdrawn: notice under Local Rule 7(*l*).

---

PETITIONER'S OPPOSITION TO RESPONDENT LUKE NINEMIRE'S MOTION FOR CLARIFICATION RE VALVE CORPORATION'S LCR 7(*l*) NOTICE OF WITHDRAWAL OF PETITION AS TO RESPONDENT LUKE NINEMIRE – 1

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

this proceeding. Mr. Ninemire can hardly object to that result. *Quinault Indian Nation v. Comenout*, No. C10-5345 BHS, 2015 WL 1311438, at *4 (W.D. Wash. Mar. 23, 2015) (granting plaintiff's motion to voluntarily dismiss action under Rule 41(a)(2) where defendants have not identified any legal prejudice that would result from dismissal), *aff'd sub nom. Quinault Indian Nation v. Pearson for Est. of Comenout*, 868 F.3d 1093 (9th Cir. 2017).

The Motion for Clarification raises a handful of issues that are unrelated to Mr. Ninemire's status as a Respondent in this action. But given the Court's recent Order (Dkt. 46), Valve does not believe it appropriate or necessary to respond to those issues in this response. If the Court would like Valve to respond to the additional substance in the Motion for Clarification, Valve will of course do so.[3]

Valve respectfully requests that the Court remove Mr. Ninemire from this action in whatever way it sees fit.

DATED this 10th day of December, 2024.

I certify that this memorandum contains 696 words, in compliance with the Local Civil Rules.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

---

[3] The Motion for Clarification also appears to be procedurally improper. Courts permit motions for clarification to clarify or enforce an existing order or judgment, not to clarify another party's conduct. *See Corker v. Costco Wholesale Corp.*, 2:19-cv-0290-RSL, slip op. at 1 (W.D. Wash. Aug. 31, 2021) (denying motion for clarification where defendant did "not [identify] any ambiguity in the Court's order"); *Cottrell v. Nat'l R.R. Passenger Corp.*, No. C18-0072 BHS, 2018 WL 10667911, at *1 (W.D. Wash. Dec. 18, 2018) (denying motion for clarification where defendant was "not seeking clarification as to the denial of . . . discovery" but instead sought "new relief").

PETITIONER'S OPPOSITION TO RESPONDENT LUKE NINEMIRE'S MOTION FOR CLARIFICATION RE VALVE CORPORATION'S LCR 7(*l*) NOTICE OF WITHDRAWAL OF PETITION AS TO RESPONDENT LUKE NINEMIRE – 2

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Petitioner Valve Corporation*

PETITIONER'S OPPOSITION TO RESPONDENT LUKE NINEMIRE'S MOTION FOR CLARIFICATION RE VALVE CORPORATION'S LCR 7(*l*) NOTICE OF WITHDRAWAL OF PETITION AS TO RESPONDENT LUKE NINEMIRE – 3

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900