THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>       Petitioner,<br><br>v.<br><br>ABBRUZZESE et al.,<br><br>       Respondents. | No. 2:24-CV-1717-JNW<br><br>**PETITIONER'S REPLY IN SUPPORT OF ITS RENEWED *EX PARTE* MOTION SEEKING LEAVE TO PROVIDE COMMUNICATION TO CERTAIN RESPONDENTS**<br><br>**ORAL ARGUMENT REQUESTED** |

PETITIONER'S REPLY IN SUPPORT OF ITS
RENEWED *EX PARTE* MOTION SEEKING
LEAVE TO PROVIDE COMMUNICATION TO
CERTAIN RESPONDENTS

Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1   Valve Corporation ("Valve") submits this reply in support of its renewed *ex parte* Motion
2   requesting leave to communicate with Respondents (the "Motion" or "Mot," Dkt. 39).

3   The Response to Valve's Motion (Dkt. 48) highlights the reason why Valve filed its *ex*
4   *parte* motion seeking guidance under Washington Rule of Professional Conduct ("RPC") 4.2. As
5   it stands, William Bucher and Bucher Law PLLC (collectively, "Bucher") and Bailey Duquette
6   PC ("Bailey") have appeared in this case for just **three** Respondents. Under normal circumstances,
7   Valve would be able to communicate freely with the remaining unrepresented Respondents about
8   this action, while of course refraining from communications regarding the substance of the
9   underlying arbitrations, as Bucher is counsel for the Respondents in those proceedings. *See* RPC
10  4.2. But because Bucher told Valve he represents all Respondents in this proceeding—a
11  representation that he and Bailey remain steadfastly unwilling to make to the Court—Valve has
12  been unable to communicate with those Respondents by operation of RPC 4.2. As the Status
13  Report that Bailey filed (Dkt. 49) confirms, neither Valve nor the Court can get a straight answer
14  as to which Respondents Bucher and/or Bailey actually represent **in this proceeding** (as opposed
15  to the underlying arbitration).

16  In view of those constraints, Valve proposed a communications plan to the Court in its
17  renewed *ex parte* motion. That communications plan was designed to provide Respondents who
18  had reached out to Valve or missed their original deadlines to respond to the Petition to Enjoin
19  Arbitrations (the "Petition," Dkt. 1) with accurate information in a minimally invasive fashion to
20  help move this proceeding forward with respect to those unrepresented Respondents by providing
21  them with options for taking action. Valve is not tied to the specific messages it proposed and is
22  open to whatever communications path the Court concludes is appropriate.

23  The bulk of the Response is inapposite to the relief requested here—permission for Valve
24  to communicate with Respondents who do not appear to be represented by counsel in this action.
25  The Response does not (i) dispute that the Respondents with whom Valve wishes to communicate
26  are unrepresented in this proceeding; (ii) explain why Valve should not be permitted to

| PETITIONER'S REPLY IN SUPPORT OF ITS RENEWED *EX PARTE* MOTION SEEKING LEAVE TO PROVIDE COMMUNICATION TO CERTAIN RESPONDENTS – 1 | **CORR CRONIN LLP**<br>1015 Second Avenue, Floor 10<br>Seattle, Washington 98104-1001<br>Tel (206) 625-8600<br>Fax (206) 625-0900 |
|---|---|

communicate with them; or (iii) meaningfully address the actual content of Valve's proposed communications.[1] (Dkt. 48 at 8.)

The ethical concern about communications with represented parties dissipates when, as here, parties are not actually represented by counsel. The Response asserts that Valve needs to show "exceptional circumstances" in order to communicate with "its litigation adversaries" (Dkt. 48 at 3), but no such rule exists. Valve may freely communicate with **unrepresented** "litigation adversaries." *See* RPC 4.2 (restricting communications only with parties represented by counsel). Respondents who have directly contacted Valve or who may have missed their deadline to respond to the Petition have no legal representation in this proceeding and Valve should not be impeded in engaging in such communications. And even if some of these Respondents did have legal representation, exceptional circumstances warranting such communications are present here for the reasons stated in Valve's Motion. (*See* Dkt. 39 at 5-6.)

Accordingly, Valve respectfully requests that the Court enter an order permitting Valve to send the proposed communications attached as Exhibits 1 and 2 to the Motion. If the Court wishes Valve to make any modifications to the proposed communications, Valve would be happy to do so. Valve also has no objection either to (i) copying the Court on any email communications; or (ii) providing the Court the relevant contact information under seal to permit the Court to send any message it desires.

I. **CLARIFYING THE RELEVANT FACTS**

Instead of addressing the relief Valve seeks, the Response instead focuses on misrepresentations and baseless attacks against Valve. While those misrepresentations and attacks are not central to the issue raised in Valve's motion, Valve is briefly responding to a limited set of them to make the record clear.

The Response purports to have been filed on behalf of all Respondents. (*See* Dkt. 48.) But

---

[1] The Response asserts that Valve's proposed communications would "misinform" Respondents "that they have missed a fictitious deadline." (Dkt. 48 at 8.) But Valve's proposed communications do not mention any deadlines at all. (*See* Mot. Exs. 1, 2.)

| | |
|---|---|
| PETITIONER'S REPLY IN SUPPORT OF ITS RENEWED *EX PARTE* MOTION SEEKING LEAVE TO PROVIDE COMMUNICATION TO CERTAIN RESPONDENTS – 2 | **CORR CRONIN LLP**<br>1015 Second Avenue, Floor 10<br>Seattle, Washington 98104-1001<br>Tel (206) 625-8600<br>Fax (206) 625-0900 |

Bucher and Bailey have appeared for only three Respondents. The Response confirms that the remaining Respondents are not represented in this proceeding—Bucher and Bailey would have no need to ask for the identity of the individuals who reached out to Valve if they actually represented those individuals.[2] Bailey's Status Report further confirms that the remaining Respondents are not represented. (Dkt. 49 at 1 ("Bailey Duquette intends to appear on behalf of class representatives" but "has not done so yet.").)[3]

The few Respondents Bucher and Bailey actually represent—and who are not the subject of this Motion—have no standing to oppose this Motion or to request that the Court order Valve to release the names of the individuals who have contacted Valve. (Dkt. 48 at 2.) *See Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 509 (E.D. Va. 1992) (rejecting attempt by "one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound").

The Response also falsely claims Valve failed to properly set or communicate a response deadline for the Petition. (Dkt. 48 at 7.) But the summons expressly stated that the deadline for a response was 21 days after service, as Weber and Byer recognized by seeking an extension of time to respond when they did. (Dkts. 10, 22; *see also* Dkts. 16, 20 (former Respondent Ninemire filing an "answer" and motion to stay 21 days after service).)

---

[2] Valve redacted the names of those individuals out of concern that Bucher would intimidate them. (*See, e.g.*, Dkt. 40 ¶ 12 ("I have been informed by Bucher that terminating him as my attorney immediately would leave the summons unresolved, and retaining him for the limited purpose of negotiating an end to my involvement in the arbitration and this case (or hiring another attorney to do so on my behalf) would incur fees that I am not currently equipped to deal with."); *id.* ¶ 16 (Respondent stating that Bucher "says if I drop my arbitration claim now then I'll need to hire another lawyer at my own expense to negotiate with you to remove me from the federal action, or I can pay him a bunch of money to do it").)

[3] Each Respondent is a named party, there are no absent "class" members, and no Respondent "class" could be certified, so it is unnecessary for Respondents to speak through "class" representatives. *See Mary Kay Inc. v. Reibel,* 327 F.R.D. 127, 128 (N.D. Tex. 2018) (a named defendant cannot seek certification of a class of co-defendants who were not sued as a class). The Status Report also contains numerous misstatements unrelated to this Motion. Valve will not burden the Court with responses to those misstatements here, but will provide a response on the request of the Court.

PETITIONER'S REPLY IN SUPPORT OF ITS
RENEWED *EX PARTE* MOTION SEEKING
LEAVE TO PROVIDE COMMUNICATION TO
CERTAIN RESPONDENTS – 3

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1   The Response goes on to attack Valve for serving the Petition using a standard form summons (Dkt. 10), claiming that was itself an *ex parte* communication that "bait[ed]" other Respondents in this action to contact Valve and turn against Bucher. (Dkt. 48 at 3.) These complaints about personal service ring hollow given that Bucher refused to accept service on Respondents' behalf. (Dkt. 39 at 3.) Regardless, Valve has a right to serve Respondents with process. It did so. There is no basis to assert that Valve's service of process included any impermissible communication.

Similarly, the Response asserts that the Petition was "calculated to undermine each Respondent's existing attorney-client relationship with Mr. Bucher" and that much of the Petition is "devoted to disparaging Mr. Bucher." (Dkt. 48 at 4.) Not so. The allegations in the Petition are accurate and directly relevant to the balancing of equities—an element of the injunctive relief Valve seeks—as both the Petition and its supporting memorandum make clear. (Dkt. 1 ¶¶ 198-208; Dkt. 2 at 17-19.) The Response cites no authority for the assertion that "Valve is absolutely prohibited" from making such allegations "in any context." (Dkt. 48 at 2.) Nor is Valve aware of any legal principle that would prohibit it from making truthful, relevant allegations in support of the relief it seeks from this Court.

The Petition seeks straightforward and necessary relief: enjoining arbitrations Bucher is prosecuting notwithstanding that there is no agreement to arbitrate. The only unusual feature of the Petition is the number of Respondents, which is a direct consequence of the number of arbitrations that Bucher initiated. Bucher previously argued that the arbitration provision in Valve's now-superseded Steam Subscriber Agreement ("SSA") was unenforceable, and the arbitrator agreed and ruled that it was unenforceable. Bucher then commenced a putative class action in this Court on behalf of Steam subscribers, including all Respondents in this action. Bucher represents in that complaint that he can proceed in this Court on behalf of a nationwide class because he "won binding decisions from arbitrators rendering Valve's arbitration provision [in the now-outdated SSA] unenforceable." Compl. ¶ 13, *Elliott v. Valve Corp.*, No. 2:24-cv-01218

PETITIONER'S REPLY IN SUPPORT OF ITS
RENEWED *EX PARTE* MOTION SEEKING
LEAVE TO PROVIDE COMMUNICATION TO
CERTAIN RESPONDENTS – 4

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

(W.D. Wash. filed Aug. 9, 2024).

In light of the rulings that the arbitration provision in the SSA was unenforceable and Bucher's commencement of the overlapping class action—certainly not "out of nowhere," as the Response states (Dkt. 48 at 3)—Valve amended the SSA to remove the arbitration provision. All Respondents have agreed to the current SSA, which does not contain an arbitration provision and provides that all claims will proceed in court.[4]

To avoid the burden of continuing to arbitrate duplicative claims—at the expense of subscribers, Valve, and the AAA—Valve filed the Petition under the Federal Arbitration Act. *See In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 140 (2d Cir. 2011) (court may "enjoin arbitration proceedings" under 9 U.S.C. § 4 where "the parties have not entered into a valid and binding arbitration agreement"). This was especially warranted where Bucher has already commenced thousands of arbitrations, with tens of thousands more in the queue, notwithstanding that he is also pursuing a class action on behalf of the same individuals and more. The injunction Valve seeks will not prevent Respondents from pursuing their claims in court.

## II. CONCLUSION

The Response does not substantively engage with the relief Valve requested. Valve respectfully requests that the Court enter an order permitting Valve to send the proposed communications attached as Exhibits 1 and 2 to the Motion.

---

[4] The Response's assertion that "[p]rior to Valve's initial *ex parte* contact, every Respondent was a party in an ongoing arbitration against Valve in his or her own home state" is demonstrably false. (Dkt. 48 at 3.) Many arbitrations are proceeding outside of Respondents' home states, including more than a dozen arbitrations brought on behalf of non-California resident Respondents in which there were final hearings between December 2, and December 13, 2024, in California.

PETITIONER'S REPLY IN SUPPORT OF ITS
RENEWED *EX PARTE* MOTION SEEKING
LEAVE TO PROVIDE COMMUNICATION TO
CERTAIN RESPONDENTS – 5

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED this 13th day of December 2024.

I certify that this memorandum contains 1,824 words, in compliance with the Local Civil Rules.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr. (admitted *pro hac vice*)
Meredith C. Slawe (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Petitioner Valve Corporation*

---

PETITIONER'S REPLY IN SUPPORT OF ITS RENEWED *EX PARTE* MOTION SEEKING LEAVE TO PROVIDE COMMUNICATION TO CERTAIN RESPONDENTS – 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900