THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

Petitioner,

v.

THOMAS ABBRUZZESE, *et al.*,

Respondents.

Case No. 2:24-cv-1717-JNW

**RESPONDENT LUKE NINEMIRE'S OMNIBUS REPLY IN SUPPORT OF HIS:**

**MOTION TO STAY UNDER 50 U.S.C § 3932 (DKT. 20)**

**AND**

**MOTION FOR CLARIFICATION (DKT. 36)[1]**

---

[1] SrA Ninemire files these replies in omnibus to avoid further crowding and confusing the docket, and Valve's oppositions to each of these motions interweaves arguments about the other, although his reply for the motion for clarification is not due until next Tuesday. As such, this combined reply contains approximately 2,800 words, which is less than the 4,200 words that would be allowed for two reply briefs under Local Rules W.D. Wash. LCR 7(e)(4). Undersigned counsel respectfully asks that the Court accept this omnibus presentation in the interest of efficiency.

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. Valve's "Notice" Of Withdrawal Of Its Motion Cannot Be Construed As A Motion For Voluntary Dismissal Without Prejudice Under Rule 41(a) .......... 2

B. There Are No Exceptions To The Stay And The Court Has No Discretion To Stay Part Of the Action—The Whole Case Must Be Stayed For 90 Days. .......... 4

C. Gamesmanship. .......... 8

III. CONCLUSION .......... 9

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

## I. INTRODUCTION

The Servicemembers Civil Relief Act ("SCRA")'s relevant provision, 50 U.S.C § 3932, mandates that "in a civil ***action or proceeding*** in which a servicemember … is ***a party***, the court … ***shall***, upon application by the servicemember, stay ***the action*** for a period of not less than 90 days" upon two conditions: (i) a communication from the servicemember, and (ii) a letter from such servicemember's commanding officer, explaining the circumstances of their deployment and ineligibility for leave.[2]

Senior Airman Luke Ninemire ("SrA Ninemire") satisfied these conditions when moving for a stay. In response, Valve Corporation ("Valve") does not address Section 3932's unambiguous, nondiscretionary "shall … stay the action" language, and ***concedes*** that Senior Airman Luke Ninemire ("SrA Ninemire") has satisfied the statutory conditions.

Instead, Valve first argues that its purported "withdrawal", which it now requests the court "construe" as a Rule 41(a) motion for voluntary dismissal of its complaint as to SrA Ninemire, moots the stay motion. Dkt. 50 (Valve's Clarification), at 1:14. But there no noting date or substantive argument for any Rule 41(a) request, so there is nothing to "construe." Next, Valve argues there is no justification for staying as to the remaining Respondents, but the statute is unambiguous in requiring a stay of "the action", not "the action as to the servicemember", which comports with its structure and intent. Finally, Valve complains about SrA Ninemire's effort to "push[] for the arbitration he initiated to go forward." Dkt. 44 (Valve Opp.), at 1–2. But it stayed his arbitration using *this* action, so he is entitled to have a voice here. By contrast, dismissing him would finalize the result Valve sought against him.

[2] The Court should dismiss Valve's Petition *sua sponte* for lack of subject matter jurisdiction and other reasons. *See* Dkts. 43, 48, 49. If it does so, this motion is moot.

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

## II. ARGUMENT

### A. Valve's "Notice" Of Withdrawal Of Its Motion Cannot Be Construed As A Motion For Voluntary Dismissal Without Prejudice Under Rule 41(a)

With the Court having ruled that Valve's petition-motion is a complaint, Valve now requests that its "Notice of Withdrawal of Petition" as to SrA Ninemire (Dkt. 23) be reconstrued as a motion for voluntary dismissal under Rule 41(a). Dkt. 50 (Valve's Clarification), at 1:14.

For starters, Valve claims that "when Valve learned that Mr. Ninemire is a service member on active duty deployed overseas, Valve attempted to withdraw its Petition as to Mr. Ninemire." *Id.* at 1:9–10. But that is false. When Valve learned that SrA Ninemire was deployed from his first e-mail to him, Valve did not "attempt[] to withdraw its Petition" as to him, but rather used that e-mail stating that he was deployed, to seek to communicate *ex parte* with him and other Respondents. Dkt. 13-6 (Ex. F to Valve *ex parte* motion).

It was only *after* Valve got his arbitration stayed by the arbitrator, and one day *after* SrA Ninemire filed his motion, that Valve sought to "withdraw" as to him. Dkt. 23. Valve's latest falsehood, coming after its numerous flip-flops, and *after* it had already been pointed out (Dkt. 36, at 4–5), underscores why the Court should not trust any fact Valve advances.

Second, Valve's request to "construe" its "notice" of withdraw as a motion for Rule 41(a) dismissal is woefully defective. Presumably, Valve requested this re-construal because Rule 41(a) does not permit post-answer voluntary dismissals without a court order or stipulation. But, there is no suggested noting date for this re-construed "motion", and assuming the November 15, 2024 "notice" is construed as a 28-day motion, it would be up for consideration today. Yet the notice contains zero argument for why SrA Ninemire should be dismissed *after*

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

he filed an answer, and over his objections. Nor has Valve filed a reply supplementing such argument. The federal and local rules exist for a reason. Valve needs to comply with them.

Indeed, given that Valve has elected to ask for "re-construal" of its notice, rather than file a reasoned, properly noticed motion for voluntary dismissal even *after* the Court made clear it was treating Valve's petition as a complaint, Valve has chosen its procedural path and waived this right. The Court should not entertain any further dismissal filings.

Third, Valve conclusorily states there is no prejudice to SrA Ninemire. Dkt. 50 (response to SrA Ninemire's motion for clarification). But this assertion fails to address the fact that Valve *used the* existence of this proceeding to stay SrA Ninemire's arbitration, in which stay order the arbitrator specifically required "a ruling by the court in *Nelson*", *i.e.* this Court, before it would consider resuming SrA Ninemire's arbitration. Dkt. 36-1 (October 23, 2024, AAA e-mail transmitting Arbitrator Brooks Order), at 2. As such, Valve's "voluntary dismissal" would in fact permit Valve to enjoy the stay of arbitration it obtained using this action, while depriving SrA Ninemire of his day in court.

Finally, Valve's response to the motion for clarification attempts, in a footnote, to proffer an explanation for the procedural quagmire it created, including treating its Declaratory Judgment Act complaint as a motion, its service of such "motion" via summons, its floating noting dates for these motion-summonses, and the further procedural confusion it created by attempting to "withdraw" its suit as to SrA Ninemire. Dkt. 50, fn. 2. At base, its argument is that the sole statutory basis for the relief sought in the complaint is FAA § 4, and the caselaw is clear that FAA § 4 actions must be brought as motions for summary adjudication. But as Respondents have already explained, Ninth Circuit law is crystal clear that FAA § 4 *only* permits compelling arbitration or confirming/vacating the resulting award, *not* enjoining such arbitration mid-stream.

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

*In re Sussex*, 781 F.3d 1065, 1071 (9th Cir. 2015) (citing 9 U.S.C. § 4 and making clear it does not permit mid-stream injunctions of ongoing arbitration); Dkt. 43, at 3. This warrants *sua sponte* dismissal of this entire proceeding with prejudice.

**B. There Are No Exceptions To The Stay And The Court Has No Discretion To Stay Part Of the Action—The Whole Case Must Be Stayed For 90 Days.**

As SrA Ninemire pointed out in his opening brief, § 3935(b), which permits discretionary partial stays of actions involving servicemembers in some context, is explicitly inapplicable to the § 3932 stay under § 3935(c). Dkt. 20, at 11–12. Thus, there is no discretion under § 3932 to stay anything but "the action" entirely when the stay conditions are met. *Id.*

Completely ignoring this, Valve now cites § 3935(b) to assert that the Court has discretion to stay the case only as to SrA Ninemire. This is wrong.

The SCRA's General Relief subchapter has nine subsections, §§ 3931–3935. Only three, §§ 3932, 3934, and 3935 are relevant here. Of these, section 3932 sets forth the conditions of the mandatory stay of a civil action pre-judgment, which SrA Ninemire invoked. Section 3934 is entitled "Stay or Vacation of Execution of Judgments, Attachments, and Garnishments", and sets forth different conditions for *post*-judgment execution proceedings brought against servicemembers. 50 U.S.C. § 3934.

Important textual differences exist between § 3932 (pre-judgment stay) and § 3934 (post-judgment stay). For example, while § 3932 crisply uses the words "shall … stay" "the action" and sets forth unambiguous conditions for such stay, § 3934 states "[i]f a servicemember, ***in the opinion*** of the court, ***is materially affected*** by reason of military service in complying with a court judgment", the court can "stay the execution of any judgment … ***against the servicemember*** … ." 50 U.S.C. §§ 3932, 3934.

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Thus, while § 3932 contains no language permitting the court to give its "opinion", § 3934 does. What is more, while § 3932 requires staying "the action", § 3934 is clear that a stay of *execution* of an existing judgment is as to "the servicemember" alone. Congress therefore made clear that it was aware of these distinctions—discretion vs. no discretion; staying as to one party vs. the entire action—when passing the statute.

Section 3935, which comes on the heels of Section 3934 (stay of execution). Section 3935(a), "Period of stay", provides that the court "may" stay "for the period of military service and 90 days thereafter, or for any part of that period", which language contradicts Section 3932's "shall" stay language. The same § 3935(a) ends by stating that "[t]he court may set the terms and amounts for such installment payments as is considered reasonable by the court", which suggests that § 3935 is about stays of execution, since there could be no "installment payments" for a prejudgment action.

Next, § 3935(b), the primary authority Valve relies upon, provides that "with the approval of the court", a plaintiff may proceed against non-servicemember codefendants. But § 3935(c) "Inapplicability of section", *i.e.* § 3935 as a whole, states unambiguously that "[t]his section does not apply to section[] 3932 … of this title." 50 U.S.C § 3935(c). In short, there is no statutory discretion to stay part of the action, the Court must stay this entire action under Section 3932.

This statutory structure makes sense. Pre-judgment, allowing a matter to proceed as to co-defendants may adversely affect both the servicemember's and his/her codefendants' rights, but post-judgment, when liabilities have already been determined, only each judgment defendant's own assets are at issue, so there does not need to be a stay of execution as to co-defendants.

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Finally, the SCRA's history makes the same clear as well. Prior to 1991, 50 U.S.C 3932 was 50 U.S.C. 521, which provided that court shall stay a case "***unless***, in ***the opinion of the court***, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."[3] This discretionary language, which had been in effect since 1940, was amended away in 1991, and every version of the statute since then has been clear that the court can exercise no discretion.

When Valve finally confronts § 3935(c), all it does is interpose its preferred reading of the statutes without *actual* authority. It argues that a "showing of prejudice to secure a stay as to all 623 remaining Respondents" is "necessary." Dkt. 44, at 6:19–21. But there is no citation for this suggestion, nor do the words "prejudice" appear anywhere in the statute, which just sets out the conditions—which Valve concedes were met—before the court "shall" stay.

Indeed, the only place where "prejudice" comes up is *Bair v. Snohomish Cnty.*, 2021 WL 1792640, at *3 (W.D. Wash. Mar. 16, 2021), which held that under § 3935(b), the court may assess "whether allowing the case to proceed will prejudice either the absent servicemember or the remaining defendants." *Id.* This statement in *Blair* is a quote of *Jones v. Bernardino*, 2020 WL 5991626, at *1–*2 (C.D. Cal. Apr. 8, 2020), which quoted *Johnson v. Cty. of Philadelphia*, 2007 WL 3342413, at *3 (E.D. Pa. Nov. 6, 2007) for the same.[4] But none of these cases, in applying § 3935(b) to § 3932, noticed nor addressed § 3935(c), which makes clear that § 3935(b)

---

[3] Pre-1991 and 1991 versions of the statute available at: https://uscode.house.gov/view.xhtml?req=granuleid:USC-1999-title50a-node133-node135-article2-section521&num=0&edition=1999.

[4] After 1991, Section 521 became Section 522 before finally being amended to Section 3932 in the late aughts, which is why *Johnson* cites to Section 522.

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

does not apply to § 3932. With due respect, these decisions are erroneous applications of the law and should carry no persuasive value.

Nor are any of the other cases cited by Valve availing. None addressed the statutory schema, language, history, and intent, with every case either denying a stay because of facial failure to meet the § 3932 conditions, or also erroneously applying § 3935(b) to § 3932 without noticing the existence of § 3935(c). *Cf. Torres v. City of New York*, 2021 WL 4991328, at *2 (S.D.N.Y. Oct. 27, 2021) (ignoring § 3935(c) and wrongly holding that "[t]he SCRA explicitly provides that a court need not stay an action in relation to non-servicemember codefendants. 50 U.S.C. § 3935(b)."); *Faublas v. New York City Police Dep't*, 2010 WL 11623062, at *2 (E.D.N.Y. June 24, 2010) (granting a partial discretionary stay after rejecting § 3932 stay because of prima facie failure to meet conditions); *Williams v. City of New York*, 2020 WL 883503, at *2 (S.D.N.Y. Feb. 24, 2020) (*sua sponte* issuing a partial stay while noting that an *unserved* servicemember "may be entitled to a stay of any proceedings against her. *See* 50 U.S.C. § 3932."); *cf.* Dkt. 44, at 8.

Importantly, Valve fails to cite a single authority, anywhere, interpreting § 3935(c) at all, much less in the absurd way it suggests. Its *ipse dixit* argument that "§ 3935(c)—'This section does not apply to sections 3932 and 4021 of this title'—plainly means only that § 3935 does not override the specific requirements for a stay under §§ 3932 and 4021" is therefore completely unsupported. And it is unclear to SrA Ninemire how much more "plain" § 3935(c) can be. In sum, Valve fails to establish that § 3932 requires anything more than what it requires (two letters), concedes these textual requirements are met, and fails to explain away § 3935(c), which plainly bars Valve's reliance on § 3935(b) to attack the mandatory stay of "the action" under § 3932.

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

**C. Gamesmanship.**

Gamesmanship is not at issue here for numerous reasons.

First, Valve sued SrA Ninemire in this civil action, which entitles him to use every applicable statutory or procedural device available. Indeed, in first seeking to communicate with him *ex parte* after learning of his deployment status, and only seeking to "dismiss" him after this motion, it is Valve that is playing games with the civil rules.

Second, Valve's sole authorities for its "gamesmanship" argument were pre-1991 cases that interpreted a version of the statute that *still* permitted the Court to exercise discretion when considering a § 3932 stay. *Cf. Crouch v. Gen. Elec. Co.*, 699 F. Supp. 585, 596–97 (S.D. Miss. 1988) (1988 decision); *Brown v. Brown*, 493 So. 2d 961, 963–64 (Miss. 1986) (1986 decision). But subsequent versions of § 3932 have not permitted any discretion.

Third, Valve's "gamesmanship" point boils down to arguing that SrA Ninemire contradicted himself by previously asking that his arbitration proceed, but now asking this court to stay this proceeding. But there are numerous considerations motivating the different procedural and substantive postures in the underlying arbitrations and in this case.

For example, the underlying arbitrations have extremely flexible schedules, so in opposing a total stay of his arbitration, SrA Ninemire was not suggesting that, if his attendance was required, he would not ask for the arbitration's merits hearing to be held after his return from deployment. Indeed, that arbitration is nowhere near a merits hearing, and SrA Ninemire's discovery obligations in the arbitration are miniscule compared to Valve's—so staying it was in Valve's interest, not in SrA Ninemire's.

Here, by contrast, SrA Ninemire, whose arbitration is presently stayed ***because*** of this action, wants the Court to rule in this proceeding so he can resume his arbitration. But Valve

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

sued 624 claimants (3 of whom have dismissed their arbitrations as a result, meaning 621 remain), and SrA Ninemire is not the sole servicemember amongst them. Valve's actions raised numerous unanswered (and possibly unanswerable) procedural questions affecting how counsel should effectuate representations of all Respondents. As undersigned explained, since this case was filed, counsel has determined that, absent *sua sponte* dismissal, the most logical defense would be class-based. And 90 days would permit Mr. Ninemire's counsel to take a deliberate approach in: (i) identifying best class representatives for sub-classes of the 621; (ii) confirming representations with any Respondents that may require individual as opposed to class representation (if any); and (iii) drafting a class certification motion and a substantive opposition to Valve's petition.

Finally, undersigned has pointed out the numerous threshold reasons that warrant the court *sua sponte* dismissing this action simultaneous to moving for a stay on SrA Ninemire's behalf. These efforts show there is no gamesmanship. Respondents need time to organize a defense of 621 people if that is required, but it would save all parties and the Court the trouble of dealing with this frivolous proceeding if it is dismissed *sua sponte* with prejudice.

## III. CONCLUSION

For the above reasons, a stay of this action must be granted for no less than 90 days.

DATED this 13th day of December, 2024.

BAILEY DUQUETTE P.C.

By: */s William R. Burnside*
William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

**BUCHER LAW PLLC**

William Ward Bucher IV
(*pro hac vice forthcoming*)
350 Northern Blvd
STE 324-1519
Albany, NY 12204-1000
Tel. 202.997.3029
E: will@bucherlaw.com

*Attorneys for Respondent*

*I certify that this motion contains less than 4,200 words pursuant to Local Rules W.D. Wash. LCR 7(e)(4) for two reply briefs.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing RESPONDENT LUKE NINEMIRE'S OMNIBUS REPLY served upon counsel of record herein, as follows:

Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
E: bmarksdias@corrcronin.com

☒ Via Electronic Service

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
E: michael.mctigue@skadden.com
E: meredith.slawe@skadden.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: December 13, 2024 at Seattle, Washington.

*s/ William R. Burnside*
William Burnside, WSBA No. 36002

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869