# EXHIBIT 1

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

VALVE CORPORATION,

                    Petitioner,

v.

BRENNAN ANDERSON,

                    Respondent.

No. _____

**VALVE CORPORATION'S PETITION TO CONFIRM ARBITRATION AWARD PURSUANT TO RCW 7.04A.220 AND FOR A JUDGMENT PURSUANT TO RCW 7.04A.250**

Valve Corporation ("Valve") requests an order pursuant to RCW 7.04A.220 confirming the Award of Arbitrator issued by American Arbitration Association ("AAA") Arbitrator Michael F. Saydah in Valve's favor, dated January 7, 2025 (the "Final Award," as corrected, the "Final Corrected Award"),[1] in the matter *Anderson v. Valve Corporation dba Steam*, AAA Case No. 01-23-0005-7445 (the "Arbitration").[2] Valve also requests that the Court enter judgment in accordance with the Final Award pursuant to RCW 7.04A.250.

---

[1] Valve has concurrently filed a motion to seal the Final Award to request limited redactions of confidential information. The Final Award will be attached as Exhibit 1 to the Declaration of Blake Marks-Dias filed herewith, dated February 24, 2025 ("Decl." and exhibits thereto "Ex."). Until the motion to seal is resolved, this exhibit will be a placeholder slipsheet in the public docket.

[2] Valve will be filing a motion to consolidate this Petition with petitions to confirm arbitration awards in 22 similar arbitrations presided over by the same arbitrator. Consolidation will streamline the proceedings and avoid unnecessary cost or delay because the awards are in all material respects identical and the petitions request the same relief.

VALVE CORPORATION'S
PETITION TO CONFIRM
ARBITRATION AWARD – 1

**Corr Cronin LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# I.    STATEMENT OF FACTS

Valve is a corporation organized under the laws of Washington State with its principal place of business in King County, Washington. (Decl. ¶ 2.)

On October 2, 2023, Respondent Brennan Anderson ("Respondent") filed a demand for arbitration against Valve with the AAA alleging anticompetitive practices regarding prices on Valve's digital gaming platform, Steam. (Ex. 1 at 7-8.) Respondent asserted claims under Sections 1 and 2 of the Sherman Act, the Washington Consumer Protection Act, and California Unfair Competition Law. (*Id.* at 7-8.) Respondent also asserted a claim for breach of contract based on the allegation that Valve did not satisfy an alleged contractual obligation to pay arbitration fees. (*Id.* at 8.)

While the parties disputed whether Respondent could proceed in arbitration, the arbitrator permitted the Arbitration to proceed.[3] (Decl. ¶ 4.)

Following a multi-day arbitration hearing, on January 7, 2025, Arbitrator Saydah issued the Final Award in the Arbitration. (Decl. ¶ 5.)

On January 8, 2025, the AAA transmitted the Final Award to the parties. (Decl. ¶ 6.)

On February 17, 2025, the arbitrator issued an Award Modification, correcting a typographic error in the Final Award, thus creating the Final Corrected Award. (Decl. ¶ 8; Ex. 2.)

On February 18, 2025, the AAA transmitted the Award Modification to the parties. (Decl. ¶ 9.)

---

[3] On October 18, 2024, Valve filed a Petition to Enjoin Arbitrations in an action in the Western District of Washington captioned *Valve Corporation v. Abbruzzese*, 2:24-cv-01717 (the "Petition"). The Petition seeks to enjoin arbitrations brought by Respondent and 623 other claimants represented by the same counsel against Valve. The relief sought in the Petition as to Respondent is now moot.

VALVE CORPORATION'S
PETITION TO CONFIRM
ARBITRATION AWARD – 2

**Corr Cronin LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

The arbitrator found in the Final Corrected Award that (i) "there is no antitrust violation under either Section 1 or Section 2 of the Sherman Antitrust Act" and (ii) "there is no violation under the California Unfair Competition Law, nor is there a violation under the Washington State Unfair Competition Law." (Ex. 1 at 27.) Consequently, Respondent is "not entitled to recover any antitrust violation damages or unfair competition damages." (*Id.*) The arbitrator further found that Valve did not breach its contractual obligations to Respondent. (*Id.* at 28.)

The final binding award was as follows:

> Claimant [Respondent here] takes nothing for the alleged Sherman Act violations, takes nothing for the alleged Unfair Competition Law violations under California State Law and Washington State Law and take nothing for the alleged breach of the funding requirements of the arbitration agreement under the breach of contract theory.

> Lastly, any breach of warranty claim for damage to computer hardware caused by a game is denied pursuant to the Limitation of Liability paragraph in the SSA.[4]

> All issues submitted for decision have been decided. This Binding Award is in full settlement of all claims and counterclaims submitted to this Arbitration.

(Ex. 1 at 29.)[5]

---

[4] "SSA" is defined as the Steam Subscriber Agreement in place "at the time [Respondent] signed up on Steam's platform." (Ex. 1 at 2.)

[5] Although not relevant to the merits of the arbitrator's decision, the Final Corrected Award incorrectly states that Valve agreed the relevant product market was PC games and the relevant geographic market was the United States. Those were assertions made by Respondent, not Valve, and Valve disputed Respondent's proposed product and geographic market definitions, as shown by the testimony and evidence presented at the hearing. The Final Corrected Award also incorrectly states that Valve's expert offered a calculation of Valve's market share; in fact, Valve's expert testified only about what market share would be if Respondents' proposed product market (PC games) definition were accepted and the geographic market were worldwide.

VALVE CORPORATION'S
PETITION TO CONFIRM
ARBITRATION AWARD – 3

**Corr Cronin LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## II.    STATEMENT OF ISSUES

Whether the Court should enter an order confirming Arbitrator Saydah's Final Corrected Award and enter judgment in accordance with the Final Corrected Award.

## III.    EVIDENCE RELIED UPON

This petition is based upon the Declaration of Blake Marks-Dias, dated February 24, 2025, along with the exhibits thereto.

## IV.    ARGUMENT AND LEGAL AUTHORITY

### A.    The Final Corrected Award Should Be Confirmed Under RCW 7.04A.220

The Final Corrected Award should be confirmed. Under the Washington Uniform Arbitration Act, "[a]fter a party to [an] arbitration proceeding receives notice of an award, the party may file a motion with the court for an order confirming the award." RCW 7.04A.220. "[T]he court shall issue such an order unless the award is modified or corrected under RCW 7.04A.200 or 7.04A.240 or is vacated under RCW 7.04A.230." *Id.*

On January 8, 2025, Valve and Respondent received notice of the Final Award, and on February 18, 2025, Valve and Respondent received notice of the Award Modification. (Decl. ¶¶ 6, 9.) The Final Corrected Award has not been modified under RCW 7.04A.200 or 7.04A.240 or vacated under RCW 7.04A.230. (Decl. ¶ 11.) Accordingly, Valve is entitled to entry of an order confirming the Final Corrected Award.

### B.    Valve Is Entitled to a Judgment in Conformity with the Final Corrected Award

Valve is entitled to a judgment in accordance with the Final Corrected Award. Upon granting an order confirming an award, the Court "shall enter a judgment in conformity with the order." RCW 7.04A.250. The court has "a mere ministerial duty to reduce the award to judgment," *Price v. Farmers Ins. Co. of Wash.*, 133 Wn. 2d 490, 497 (1997), and cannot "go behind the face of the award," *id.* at 496-97.

VALVE CORPORATION'S
PETITION TO CONFIRM
ARBITRATION AWARD – 4

1

## V.    <u>CONCLUSION</u>

2    For the foregoing reasons, Valve respectfully requests that the Court grant this

3    Petition to confirm the Final Corrected Award and enter judgment in conformity therewith.

4    DATED: February 24, 2025

5

6    I certify that this memorandum contains 802 words, in compliance with the Local Civil
7    Rules.

CORR CRONIN LLP

s/ Blake Marks-Dias
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

*Of Counsel*

Michael W. McTigue Jr.
Meredith C. Slawe
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Petitioner Valve Corporation*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    VALVE CORPORATION'S
    PETITION TO CONFIRM
28    ARBITRATION AWARD – 5

1
## CERTIFICATE OF SERVICE

2      I hereby certify that on the below date, I caused a true and correct copy of the

3  foregoing document to be served on the parties listed below via electronic mail:

4
William Bucher
5  Bucher Law PLLC
Counsel for Respondent: Brennan Anderson
6  will@bucherlawfirm.com
7  202-997-3029
350 Northern Blvd
8  STE 324 -1519
Albany, NY 12204-1000
9

10      DATED February 24, 2025 at Seattle, Washington.

11

12                                      s/ Melinda R. Sullivan
                                        Melinda R. Sullivan, Legal Assistant
13                                      Corr Cronin LLP
                                        1015 Second Avenue, 10th Floor
14                                      Seattle, WA 98104
                                        Phone: (206) 625-8600
15                                      Email: msullivan@corrcronin.com
16

17

18

19

20

21

22

23

24

25

26

27  VALVE CORPORATION'S
PETITION TO CONFIRM
28  ARBITRATION AWARD – 6

**Corr Cronin LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900