# EXHIBIT 1

**From:**       Tavakoli, Shaud G (NYC)
**To:**         'will@baileyduquette.com'
**Subject:**    RE: [Ext] Valve v. Abbruzzese, 24-1717-JNW: Tactical Motion To Stay To Delay Resolution
                of Petition
**Date:**       2/7/2025 1:26:00 PM
**CC:**         Slawe, Meredith C (NYC); McTigue Jr., Michael W (NYC); 'Marks-Dias, Blake';
                will@bucherlawfirm.com

**BCC:**

**Message:**
Counsel,

Mr. Bucher represented to an arbitrator on January 30, 2025, that withdrawn Respondent Luke
Ninemire will be returning from Iraq in April 2025. Please confirm the date on which Mr. Ninemire
will return and that you will promptly so advise the Court. Please also confirm that you will
promptly advise the Court that you will withdraw Mr. Ninemire's motion to stay as moot on the date
of his return in the event the Court has not denied the motion by that date.

In response to your below email, you are incorrect and you have misconstrued Valve's status
report. Nothing in Valve's submission states or "indicate[s]" that Valve is withdrawing its
opposition to the tactical motion to stay you have filed on behalf of Respondent Luke Ninemire.

It would make no sense for Valve to assent to former Respondent Ninemire's motion. Mr. Ninemire
is no longer a Respondent and thus has no basis to move to stay the petition. Moreover, your
improper motion to stay the petition filed on behalf of Mr. Ninemire stands in the way of a merits
decision with respect to the 621 remaining Respondents and has already caused unnecessary
delay. A merits decision will benefit Valve, Respondents, arbitrators, and the AAA because it will
provide clarity as to the appropriate forum for Respondents' claims. (As set forth in the petition,
Respondents' claims must now proceed in court.)

Arbitrators have observed that your co-counsel Mr. Bucher is attempting to tactically delay the
petition and have implored him to progress the petition to a merits resolution. For example, one
arbitrator stated in a recent order that Respondents had engaged in "efforts to delay the District
Court's decision whether these arbitrations can go forward" that are "part of an overall litigation
strategy employed by [Bucher Law PLLC]." Another arbitrator, acknowledging Mr. Bucher's efforts
to delay the petition, stated in a recent hearing: "I can offer my sincere hope that all parties and
counsel will move forward quickly to put the issue before the District Court judge for resolution."
The arbitrator explained that Valve "has articulated a legal argument that deserves a substantive
response so that the issues, knotty or not, can be resolved so that these cases can move forward,
or not, expeditiously."

Valve urges you and Mr. Bucher to heed the arbitrator's guidance and move forward quickly to put
the petition before Judge Whitehead for resolution.

Valve reserves all rights.

Regards,
Shaud

1

**From:** Will Burnside <will@baileyduquette.com>
**Sent:** Friday, February 7, 2025 9:13 AM
**To:** Slawe, Meredith C (NYC) <Meredith.Slawe@skadden.com>; McTigue Jr., Michael W (NYC) <Michael.McTigue@skadden.com>; Marks-Dias, Blake <bmarksdias@corrcronin.com>
**Cc:** William Bucher <will@bucherlawfirm.com>
**Subject:** [Ext] Valve v. Abbruzzese, 24-1717-JNW: Valve's material change in position

Counsel:

We are informed about Valve's status report to Arbitrator Daniel Brooks (attached) in which Valve indicated that it was withdrawing its opposition to Respondent Senior Airman Luke Ninemire's ("SrA Ninemire") motion to stay in the federal court matter (Dkt. 20).

By way of background, SrA Ninemire moved on November 14, 2024, for an automatic 90-day stay of the civil action under the Servicemembers Civil Relief Act. Dkt. 20. Valve opposed SrA Ninemire's motion because it "was no longer seeking any relief from" SrA Ninemire. Dkt. 44 at 7. The motion is pending and ripe for review.

On January 31, 2025, however, Valve materially changed its position as to SrA Ninemire's request for a stay. In the report to Arbitrator Brooks, Valve stated that even though it had attempted to withdraw its petition as to SrA Ninemire, the issues decided in the federal court action "will apply equally to Mr. Ninemire." This is a material change in position by Valve, and Valve has an obligation to inform the Court of its new position, without delay.

Please let us know when we should expect Valve to do so.

Regards,

**William R. Burnside**
**BAILEY DUQUETTE P.C.**
800 Fifth Ave, Suite 101-800
Seattle, WA 98104

D: (206) 353-8021 | F: (866) 233-5869 | E: will@baileyduquette.com
www.baileyduquette.com

Confidentiality Notice: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.