UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, | CASE NO. 2:24-cv-1717-JNW |
| Plaintiff, | ORDER |
| v. | |
| THOMAS ABBRUZZESE et al., | |
| Defendants. | |

## 1. INTRODUCTION

Federal courts cannot adjudicate disputes without first ensuring they have the authority to do so. Before the Court can address the numerous pending motions in this action, it must determine whether it possesses subject matter jurisdiction and clarify the procedural nature of this action. The parties' filings have raised substantial questions about both this Court's power to grant Valve the relief it seeks and whether Valve has properly invoked the Court's authority, necessitating supplemental briefing.

ORDER - 1

## 2. BACKGROUND

On October 18, 2024, Valve Corporation ("Valve") filed a Petition to Enjoin Arbitrations against 624 individual respondents who were pursuing arbitration claims against Valve. Dkt. 1. The Petition seeks to enjoin these ongoing arbitrations based on Valve's recent amendment of its Steam Subscriber Agreement ("SSA").

This case presents a complex procedural posture because of the many respondents and the nature of Valve's initial filing. Valve is the defendant in *In re Valve Antitrust Litigation*, Case No. 2:21-cv-00563 (W.D. Wash.), a consolidated class action alleging antitrust violations regarding its Steam platform. In 2021, when Valve moved to compel arbitration of the consumer claims in that action, the Honorable John C. Coughenour ordered arbitration under the then-existing SSA. After at least one arbitrator determined that the SSA's arbitration provision was unenforceable, Valve amended the agreement to replace the mandatory arbitration provision with a mandatory litigation provision.

Valve now alleges that all Respondents have agreed to the current SSA, which provides that all disputes, including pending ones, must proceed in court rather than arbitration. Dkt. 2 at 7.

Valve invokes jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, the All Writs Act, 28 U.S.C. § 1651(a), and Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4. *See* Dkt. No. 1. The Court noted that Valve's "tactical decision to name 624 individual respondents would have created a tricky procedural path for the early stages of this case, but Valve's filing and refiling of motions, renoting the petition, piecemeal withdrawals, and service issues have created

needless complications." Dkt. 46 at 3. At the time, the Court construed Valve's Petition as a complaint, with the accompanying Memorandum as a separate motion seeking injunctive relief. Dkt. No. 2.

Representation remains fragmented. Bailey Duquette P.C. has formally appeared for only three Respondents: Luke Ninemire, Seth Weber, and Griffin Byer. Dkt. Nos. 15, 18, 19. William Bucher of Bucher Law PLLC filed a pro hac vice motion seeking to appear on behalf of unspecified "Respondents," stating that he "currently represent[s] all but one of the named Respondents in concurrent arbitrations, which are the subject matter of this proceeding." Dkt. 17 at 1. Despite this representation about the underlying arbitrations, neither counsel has formally appeared for the remaining Respondents in this action. In their Status Report, Bailey Duquette stated that they "intend[] to appear on behalf of class representatives who can defend this action on a class basis" but "ha[ve] not done so yet because the appropriate defense posture will vary based on whether this action is treated as a complaint or a petition." Dkt. 49 at 1.

As noted in a prior order, Dkt. No. 46, several motions remain pending. These include Respondent Ninemire's motion for a stay under the Servicemembers Civil Relief Act, Dkt. No. 20, and his motion for clarification, Dkt. No. 36, Respondents Weber and Byer's motion for more time to answer the Petition, Dkt. No. 22, and Valve's renewed ex parte motion seeking leave to communicate with certain Respondents, Dkt. No. 39. Valve has since filed a Status Report indicating that Ninemire has returned from deployment abroad, potentially rendering his motion to

ORDER - 3

stay moot. Dkt. No. 55. The Court must address the jurisdictional and procedural issues in this Order before resolving these pending motions.

## 3. DISCUSSION

### 3.1 Subject-matter jurisdiction.

Federal courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006). If the Court lacks subject matter jurisdiction, it must dismiss the entire case.

Respondents have challenged this Court's subject-matter jurisdiction across multiple filings, asserting that "Valve's basis for the Court's subject matter jurisdiction is suspect at best[.]" Dkt. 49 at 4. "Jurisdiction," however, "'is a word of many, too many, meanings.'" *Arbaugh*, 546 U.S. at 510 (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 90 (1998)). As the Supreme Court has observed, litigants and sometimes courts "mischaracterize[ ] claim-processing rules or elements of a cause of action as jurisdictional limitations" when they are not really. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161, (2010). Such "drive-by jurisdictional rulings" should be avoided. *Arbaugh*, 546 U.S. at 511.

Thus, the Court must determine whether the jurisdictional challenges raised by Respondents are truly about the Court's subject matter jurisdiction—i.e., the power to adjudicate the dispute—or instead concern whether Valve has stated a claim upon relief can be granted—i.e., the availability of the specific relief sought. *See Reed Elsevier, Inc.*, 559 U.S. at 160–61. This distinction is not merely

academic—it affects both the procedural posture of this case and the Court's standard of review.

### 3.2    Procedural nature of Valve's "Petition."

The jurisdictional question is intertwined with the procedural posture of this case. In an earlier order, the Court construed Valve's Petition, "at [that] point," as a complaint. *See* Dkt. 46. After reviewing the parties' filings and applicable law further, the Court finds it necessary to reconsider that characterization and seeks additional briefing on the matter.

Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The Federal Rules apply to proceedings under the FAA "except to the extent that the [FAA] provides other procedures." Fed. R. Civ. P. 81(a)(6)(B); *see also Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 825–26 (9th Cir.), *cert. denied,* 145 S. Ct. 158 (2024).

Valve invokes Section 4 of the FAA, which states:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

The Ninth Circuit has discussed the scope of Section 4 in several cases. For example, in *Textile Unlimited, Inc. v. A..BMH & Co., Inc.*, the court noted that Section 4 "[b]y its terms, … only embraces actions to compel arbitration." 240 F.3d 781, 785 (9th Cir. 2001). Likewise, in *In re Sussex*, the court observed that "a

district court's authority is generally limited to decisions that bookend the arbitration itself. . . . The statute does not suggest that a court could otherwise intervene before a final award is made." 781 F.3d 1065, 1071 (9th Cir. 2015).

Other circuits have considered whether district courts may enjoin arbitrations under Section 4. *See, e.g., In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 140 (2d Cir. 2011) ("While the FAA's terms explicitly authorize a district court to stay litigation pending arbitration, *see* 9 U.S.C. § 3, and to compel arbitration, *see id.* § 4, nowhere does it explicitly confer on the judiciary the authority to do what the district court's Enforcement Order purported to do here: enjoin a private arbitration."). The Court would benefit from the parties' analysis of this and other relevant caselaw and its application to the present case.

The procedural posture is further complicated by Valve's service of summonses instructing Respondents to answer a "complaint" under Rule 12, while characterizing its filing as a petition. *See, e.g.*, Dkt. No. 53. Additionally, Valve's Petition includes requests for relief beyond those typically associated with Section 4, such as a declaratory judgment "that the Current SSA, including Section 10 of the Current SSA, applies to all disputes and claims between Valve and [all] its users regardless of when they arose." Dkt. No. 1 at 47; *see Textile Unlimited,* 240 F.3d at 785.

Given these complexities, the Court request supplemental briefing about whether it has subject matter jurisdiction and whether Valve properly invoked the Court's authority through its chosen procedural vehicle—a Rule 4 petition rather than a civil complaint. If Respondents' challenges go to the merits of Valve's claims

ORDER - 6

rather than the Court's jurisdiction, the appropriate response would be to address those arguments through a Rule 12(b)(6) or summary judgment motion. Either way, these intertwined jurisdictional and procedural questions must be resolved before the Court can meaningfully address the various other procedural motions.

## 4. CONCLUSION

Accordingly, the Court ORDERS as follows:

(1) Within FOURTEEN (14) days of this order, Petitioner Valve Corporation must file a supplemental brief, not to exceed 4,200 words, addressing:

   a. The basis for this Court's subject-matter jurisdiction under the Declaratory Judgment Act, the All Writs Act, and/or Section 4 of the Federal Arbitration Act;

   b. Specific authority for the Court to enjoin ongoing arbitrations under any of these statutory provisions;

   c. Whether Section 4 of the FAA authorizes a petition to enjoin ongoing arbitrations, or whether such relief must be sought through a complaint under Federal Rule of Civil Procedure 3; and

   d. Whether the Court should continue to construe Valve's Petition as a complaint, as it did in its previous order, Dkt. 46, and what procedural implications that would have moving forward.

(2) Within FOURTEEN (14) days of service of Valve's supplemental brief, Respondents who have appeared through counsel must file a joint response, not to exceed 4,200 words, addressing the jurisdictional and procedural issues raised by the Court and Valve.

(3) Valve may file a reply, not to exceed 2,100 words, within seven (7) days of service of Respondent's response.

(4) All pending motions, including the Motion for Extension of Time to Respond (Dkt. No. 22), Valve's Renewed Ex Parte Motion Seeking Leave to Provide Communication to Certain Respondents (Dkt. No. 39), Respondent Ninemire's Motions to Stay and for Clarification (Dkt. Nos. 20 and 36), are STAYED pending the Court's determination of these threshold issues.

(5) The deadline for all Respondents to respond to the Petition and accompanying Memorandum is also STAYED for now.

(6) Valve must provide Bucher with the names of the Respondents who have purportedly reached out to Valve directly regarding this matter within SEVEN (7) days of this order.

(7) No later than TWENTY-ONE (21) days from this order, Bucher and Bailey Duquette must file a chart indicating the Respondents they jointly and/or separately represent in this matter.

The Court emphasizes that its request for Bucher and Bailey Duquette to respond on behalf of "Respondents" is based on the Court's need to resolve these threshold questions efficiently and does not constitute a determination of their status as counsel with respect to any Respondent beyond those for whom they have already appeared.

Finally, the Court regrets its delay in addressing these matters.

Dated this 14th day of May, 2025.

                                              Jamal N. Whitehead
                                              United States District Judge