The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

        Petitioner,

v.

ABBRUZZESE et al.,

        Respondents.

No. 2:24-CV-1717-JNW

**PETITIONER VALVE CORPORATION'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S MAY 14, 2025 ORDER**

Petition Filed: October 18, 2024
Judge: Hon. Jamal N Whitehead

PETITIONER VALVE CORPORATION'S SUPPLEMENTAL BRIEF IN RESPONSE TO MAY 14, 2025 ORDER
(No. 2:24-CV-1717-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## **TABLE OF CONTENTS**

Page

VALVE'S ANSWERS TO THIS COURT'S QUESTIONS ........................................................... 1

SUPPORTING DISCUSSION AND AUTHORITY ................................................................... 3

    I.    THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION ........................................................................................................... 3

        A.    This Court Has Federal Question Jurisdiction Pursuant to the FAA ........... 3

        B.    This Court Has Federal Question Jurisdiction Pursuant to the DJA ............ 4

    II.    THE COURT HAS AUTHORITY TO ENJOIN THESE ARBITRATIONS IN CONNECTION WITH GRANTING DECLARATORY RELIEF UNDER THE DJA ....................................................... 5

    III.    SECTION 4 OF THE FEDERAL ARBITRATION ACT AUTHORIZES A PETITION TO ENJOIN AN ONGOING ARBITRATION ................................ 8

    IV.    VALVE RESPECTFULLY SUBMITS THAT THE COURT SHOULD FOLLOW THOSE DECISIONS HOLDING THAT FAA § 4 AUTHORIZES PETITIONS TO ENJOIN ARBITRATIONS; IF THE COURT SHOULD HOLD OTHERWISE, IT SHOULD TREAT VALVE'S PETITION AS A COMPLAINT UNDER THE DJA ......................... 10

CONCLUSION ............................................................................................................................ 11

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL BRIEF IN RESPONSE TO
MAY 14, 2025 ORDER – i
(No. 2:24-CV-1717-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re American Express Financial Advisors Securities Litigation*,
    672 F.3d 113 (2d Cir. 2011)...............................................................................................8, 9

*Ameriprise Financial Services Inc. v. Ekweani*,
    683 F. App'x 641 (9th Cir. 2017) .........................................................................................3, 5

*Asterope Shipping Co. v. CSC Sugar LLC*,
    757 F. Supp. 3d 349 (S.D.N.Y. 2024)................................................................................8, 10

*Coinbase, Inc. v. Suski*,
    602 U.S. 143 (2024).................................................................................................................7

*DotC United, Inc. v. Google Asia Pacific Pte. Ltd.*,
    No. 22-cv-04990-JSC, 2023 WL 2838108 (N.D. Cal. Apr. 7, 2023) .....................................8

*First Options of Chicago, Inc. v. Kaplan*,
    514 U.S. 938 (1995).................................................................................................................8

*Goldman, Sachs & Co. v. City of Reno*,
    747 F.3d 733 (9th Cir. 2014) ..........................................................................................2, 5, 6

*Grinberg v. CareVoyant, Inc.*,
    No. CV–10–08350–RGK(JCGx), 2011 WL 13217585 (C.D. Cal. Feb. 15, 2011).............9

*Gunn v. Minton*,
    568 U.S. 251 (2013).................................................................................................................3

*J.P. Morgan Securities Inc. v. Louisiana Citizens Property Insurance Corp.*,
    712 F. Supp. 2d 70 (S.D.N.Y. 2010).......................................................................................8

*Kwatinetz v. Mason*,
    356 F. Supp. 3d 343 (S.D.N.Y. 2018).....................................................................................8

*Levin Metals Corp. v. Parr–Richmond Terminal Co.*,
    799 F.2d 1312 (9th Cir. 1986) .................................................................................................4

*Medtronic, Inc. v. Mirowski Family Ventures, LLC*,
    571 U.S. 191 (2014).........................................................................................................1, 4, 5

*Morgan Keegan & Co. v. McPoland*,
    829 F. Supp. 2d 1031 (W.D. Wash. 2011).............................................................................7

*Morgan Stanley & Co., LLC v. Couch*,
    134 F. Supp. 3d 1215 (E.D. Cal. 2015), *aff'd*, 659 F. App'x 402 (9th Cir. 2016).......2, 4, 6

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL BRIEF IN RESPONSE TO
MAY 14, 2025 ORDER – ii
(No. 2:24-CV-1717-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Morgan Stanley & Co., LLC v. Couch*,
　No. 1:15-cv-1291-LJO-JLT, 2016 WL 8467758 (E.D. Cal. Dec. 14, 2016)....................11

*National Casa Ass'n v. unCommon Bond Inc.*,
　No. C21-1511-RSM-SKV, 2021 WL 5907796 (W.D. Wash. Dec. 14, 2021) ..................11

*Oncogenerix USA, Inc. v. Pharma Resources GmbH*,
　No. 22-CV-1313 TWR (AHG), 2022 WL 17477554 (S.D. Cal. Dec. 6, 2022) ..................5

*Oppenheimer & Co. v. Mitchell*,
　No. C23-67 MJP, 2023 WL 2428404 (W.D. Wash. Mar. 9, 2023) .....................................6

*Roe v. Gray*,
　165 F. Supp. 2d 1164 (D. Colo. 2001)..........................................................................10

*In re Sussex*,
　781 F.3d 1065 (9th Cir. 2015) .........................................................................................7

*Textile Unlimited, Inc. v. A..BMH & Co.*,
　240 F.3d 781 (9th Cir. 2001) ................................................................................6, 9, 10

*United States ex rel. Turnkey Construction Services, Inc. v. Alacran Contracting, LLC*,
　No. 13-cv-01654 TLN-CMK, 2013 WL 6503307 (E.D. Cal. Dec. 11, 2013)....................10

*Vaden v. Discover Bank*,
　556 U.S. 49 (2009)......................................................................................................1, 3

*Wang v. Kahn*,
　No. 20-cv-08033-BLF, 2023 WL 4295089 (N.D. Cal. June 30, 2023) ..............................8

**STATUTES**

9 U.S.C. § 4................................................................................................................3, 10

9 U.S.C. § 6................................................................................................................2, 10

9 U.S.C. § 16(a)(2).............................................................................................................9

9 U.S.C. § 16(b)(4).............................................................................................................9

28 U.S.C. § 1331................................................................................................................3

28 U.S.C. § 1651................................................................................................................1

28 U.S.C. § 2201(a)............................................................................................................4

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL BRIEF IN RESPONSE TO
MAY 14, 2025 ORDER – iii
(No. 2:24-CV-1717-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Petitioner Valve Corporation ("Valve") submits the following in response to this Court's Order dated May 14, 2025 ("Order").[1] (Dkt. 58.)

## VALVE'S ANSWERS TO THIS COURT'S QUESTIONS

The Court ordered supplemental briefing to address four points:

a.  ***The basis for this Court's subject-matter jurisdiction under the Declaratory Judgment Act, the All Writs Act, and/or Section 4 of the Federal Arbitration Act.***

The Court has subject matter jurisdiction over this action under both the Federal Arbitration Act ("FAA") and the Declaratory Judgment Act ("DJA"):

**FAA:** This Court has jurisdiction under the FAA because when a petition is brought under FAA § 4, the court "look[s] through" the petition to the "underlying substantive controversy"; if the court would have jurisdiction over the "underlying substantive controversy," it has jurisdiction over the petition. *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009). Here, the "underlying substantive controversy"—the arbitrations Valve seeks to enjoin—raises federal antitrust claims. Because this Court would have federal question jurisdiction over those claims, it has FAA jurisdiction over the Petition. (*See infra* Part I.A.)

**DJA:** This Court has jurisdiction under the DJA because Valve's request for declaratory relief is effectively a defense against a potential motion to compel arbitration brought under the FAA. Because the Court would have jurisdiction under the FAA over such a motion to compel arbitration, it has DJA jurisdiction over Valve's declaratory relief claims. *E.g.*, *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 198 (2014). (*See infra* Part I.B.)

Valve does not rely on the All Writs Act, 28 U.S.C. § 1651, for jurisdiction.

b.  ***Specific authority for the Court to enjoin ongoing arbitrations under any of these statutory provisions.***

This Court has authority to enjoin these arbitrations under the DJA and under FAA § 4:

---

[1] Unless noted, internal citations and quotations are omitted and all emphasis is added.

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL BRIEF IN RESPONSE TO
MAY 14, 2025 ORDER – 1
(No. 2:24-CV-1717-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**DJA:** Ninth Circuit precedent recognizes that the DJA provides authority to enjoin arbitrations. *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 745 (9th Cir. 2014) (reversing denial of preliminary injunction against ongoing arbitration). As one court observed in preliminarily enjoining an ongoing arbitration pursuant to the DJA, "the Ninth Circuit has indicated that when a party initiates arbitration against a party that opposes it, the opposing party may immediately bring a motion to enjoin the arbitration." *Morgan Stanley & Co., LLC v. Couch*, 134 F. Supp. 3d 1215, 1233 (E.D. Cal. 2015), *aff'd*, 659 F. App'x 402 (9th Cir. 2016) (discussing *Goldman Sachs*). (*See infra* Part II.)

**FAA:** This Court also has authority under FAA § 4 to enjoin ongoing arbitrations. (*See* question (c) *infra*.)

  c. ***Whether Section 4 of the FAA authorizes a petition to enjoin ongoing arbitrations, or whether such relief must be sought through a complaint under Federal Rule of Civil Procedure 3.***

Yes. Although the Ninth Circuit has not specifically addressed the question, several federal courts have recognized their authority under FAA § 4 to enjoin ongoing arbitrations. (*See infra* Part III (citing cases).)

  d. ***Whether the Court should continue to construe Valve's Petition as a complaint, as it did in its previous order, Dkt. 46, and what procedural implications that would have moving forward.***

Because this action was properly brought via a Petition under FAA § 4, this Court should treat it as a petition, *i.e.*, as a motion. *See* 9 U.S.C. § 6. If the Court were to conclude that relief is not available under FAA § 4, it should treat the Petition as a DJA complaint, and Valve's memorandum of points and authorities in support of its Petition (Dkt. 2) as a motion for a preliminary injunction. Either way, Valve is entitled to the injunctive relief it seeks. (*See infra* Part IV.)

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL BRIEF IN RESPONSE TO
MAY 14, 2025 ORDER – 2
(No. 2:24-CV-1717-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**SUPPORTING DISCUSSION AND AUTHORITY**

I.  **THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION**

This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." A civil action arises under the Constitution, law, or treaties of the United States if federal law "creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013).

This action asserts two causes of action that federal law creates:

A.  **This Court Has Federal Question Jurisdiction Pursuant to the FAA**

This action asserts a claim for relief under section 4 of the FAA, 9 U.S.C. § 4. (Dkt. 1, Pet. ¶ 44; Prayer for Relief (e).) The FAA itself "bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis." *Vaden*, 556 U.S. at 59. When a party seeks relief under section 4, that "independent jurisdictional basis" is determined by "'looking through' a section 4 petition to the parties' underlying substantive controversy"—*i.e.*, the controversy one party claims is subject to arbitration. *Id.* at 63. If that underlying substantive controversy arises under federal law, then so does the section 4 petition, and the federal court has federal question jurisdiction over the section 4 petition. *Id.* at 62-63; *see also id.* at 66 (a party seeking relief under section 4 may establish jurisdiction if "'save for' the [arbitration] agreement, the entire, actual 'controversy between the parties,' as they have framed it, could be litigated in federal court" (quoting 9 U.S.C. § 4)).

Here, the "underlying substantive controversy" between the parties consists of the arbitrations Respondents brought against Valve before the AAA. Each of those arbitrations asserts nearly identical claims arising under the federal Sherman Act, 15 U.S.C. §§ 1, 2. (*See, e.g.*, Dkt. 1, Pet. ¶¶ 44, 71.) Because this Court would have federal question jurisdiction over those underlying federal claims, 28 U.S.C. § 1331, it also has federal question jurisdiction over Valve's Petition under FAA § 4. *E.g.*, *Ameriprise Fin. Servs. Inc. v. Ekweani*, 683 F. App'x 641, 642 (9th

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL BRIEF IN RESPONSE TO
MAY 14, 2025 ORDER – 3
(No. 2:24-CV-1717-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Cir. 2017) ("[D]istrict court had subject matter jurisdiction over this action because the 'underlying substantive controversy' involved arbitration of Title VII and 42 U.S.C. § 1981 claims.").

### B. This Court Has Federal Question Jurisdiction Pursuant to the DJA

The Court also has jurisdiction over this action under the DJA. (Pet. Prayer for Relief (a)-(d).) The DJA permits a court "in a case of actual controversy within its jurisdiction . . . [to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Like the FAA, the DJA "is not an independent source of federal subject matter jurisdiction." *Levin Metals Corp. v. Parr–Richmond Terminal Co.*, 799 F.2d 1312, 1315 (9th Cir. 1986). "It was enacted to afford an added remedy to one who is uncertain of his rights and who desires an early adjudication without having to wait until he is sued by his adversary." *Id.*

Because the DJA is not an independent source of jurisdiction, in assessing jurisdiction to order declaratory relief, "[t]he relevant question concerns the nature of the threatened action in the absence of a declaratory judgment suit." *Medtronic,* 571 U.S. at 197. If the "hypothetical threatened action" the declaratory judgment suit seeks to avoid would arise under federal law—even if that "hypothetical threated action" is "unlikely" and not even expressly threatened—then the declaratory judgment suit arises under federal law as well. *Id.* at 197-98; *see also Levin*, 799 F.2d at 1315 ("When a declaratory judgment plaintiff asserts a claim that is in the nature of a defense to a threatened or pending action, the character of the threatened or pending action determines whether federal question jurisdiction exists with regard to the declaratory judgment action."). "'If the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights,' jurisdiction exists for declaratory relief." *Levin*, 799 F.2d at 1315.

Courts have applied these principles in the context of actions to enjoin arbitrations. In *Morgan Stanley* for example, a plaintiff sought declaratory relief and an injunction against a pending arbitration. 134 F. Supp. 3d at 1121-23. The court concluded that it had jurisdiction under

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL BRIEF IN RESPONSE TO
MAY 14, 2025 ORDER – 4
(No. 2:24-CV-1717-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

the DJA. The court reasoned that, even though the defendant had already commenced an arbitration, the hypothetical threatened action was a petition to compel arbitration under section 4 of the FAA—a petition over which the court would have jurisdiction. *See id.*; *see also Ameriprise*, 683 F. App'x at 642 (district court had subject matter jurisdiction over DJA claim when defendant could have brought a FAA § 4 petition seeking arbitration of based on underlying federal claims); *Oncogenerix USA, Inc. v. Pharma Res. GmbH*, 2022 WL 17477554, at *1-2 (S.D. Cal. Dec. 6, 2022) (court had DJA jurisdiction to declare plaintiff was not obligated to arbitrate where the court would have diversity jurisdiction if the defendant had sought to compel arbitration under FAA § 4).

Here, as in *Morgan Stanley*, *Ameriprise*, and *Oncogenerix*, Valve's DJA claim is a defense against a "hypothetical threatened action" in the form of a petition to compel arbitration under section 4 of the FAA. If Valve refused to arbitrate further, Respondents could hypothetically bring a petition to compel arbitration under FAA § 4 seeking to compel arbitration of their federal claims. *See Medtronic*, 571 U.S. at 197 (court had DJA jurisdiction for action seeking declaration that royalties were not owed because if plaintiff "were to act on that belief (by not paying royalties and not bringing a declaratory judgment action), [the defendant] could terminate the license and bring an ordinary federal patent law action for infringement"). As explained above, this Court would have jurisdiction over such a petition here because the underlying claims arise from the federal Sherman Antitrust Act. Therefore, the Court has jurisdiction over this action under the DJA.

## II. THE COURT HAS AUTHORITY TO ENJOIN THESE ARBITRATIONS IN CONNECTION WITH GRANTING DECLARATORY RELIEF UNDER THE DJA

The Ninth Circuit has recognized that district courts presented with requests for declaratory relief under the DJA have authority to enjoin ongoing arbitrations where there is no valid, enforceable arbitration agreement between the parties. In *Goldman Sachs*, a city initiated an arbitration of federal securities laws claims against an investment bank before FINRA, a self-regulatory organization that arbitrates customer disputes. 747 F.3d at 737. The bank filed an action in federal district court seeking declaratory relief and injunctive relief enjoining the arbitration,

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL BRIEF IN RESPONSE TO
MAY 14, 2025 ORDER – 5
(No. 2:24-CV-1717-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1 contending (among other things) that the city had disclaimed its right to arbitrate by agreeing to
2 resolve disputes in court. *Id.* at 737-38. The district court denied the injunction, and the bank
3 appealed. The Ninth Circuit reversed, holding that the city had indeed disclaimed its right to
4 arbitrate. *Id.* at 743.

5       The situation presented in *Goldman Sachs* is on all fours with the situation here.
6 Respondents (like the city in *Goldman Sachs*) have filed arbitral demands seeking to arbitrate
7 federal claims. Valve contends (as the bank did in *Goldman Sachs*) that the parties have agreed to
8 resolve disputes in court. (*See, e.g.*, Dkt. 1, Pet. ¶ 123.) Accordingly, Valve came to this court
9 seeking declaratory relief and injunctive relief enjoining the arbitrations initiated by Respondents.

10       A district court confirmed this reading of the *Goldman Sachs* decision in *Morgan Stanley*.
11 134 F. Supp. 3d at 1220. There, an employee of a stock brokerage initiated an arbitration against
12 the brokerage under FINRA. The brokerage sought a declaration that the employee was barred
13 from arbitrating and injunctive relief enjoining the arbitration. *Id.* The district court held that it had
14 authority to enjoin the arbitration, observing with respect to *Goldman Sachs*:

> [T]he Ninth Circuit has indicated that when a party initiates arbitration against a party that opposes it, the opposing party may immediately bring a motion to enjoin the arbitration. The opposing party need not wait until the initiating party moves in federal court to compel the opposing party's participation in the arbitration.

18 *Id.* at 1233. The court further reasoned that because "federal courts sometimes must determine
19 whether a party has a right to arbitration (*e.g.*, in the context of a motion to compel arbitration), it
20 follows that the federal judiciary may enjoin arbitration if necessary to enforce its orders." *Id.*
21 Absent authority to enjoin proceedings, an order denying a motion to compel would be effectively
22 unenforceable. *Id.* at 1234-34.

23       Numerous other courts have recognized this authority. *See, e.g.*, *Morgan Stanley*, 134 F.
24 Supp. 3d at 1233 & n.18 (collecting district court and federal appellate court decisions); *Textile*
25 *Unlimited, Inc. v. A..BMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001) (affirming preliminary
26 injunction against ongoing arbitration); *Oppenheimer & Co. v. Mitchell*, 2023 WL 2428404, at *6

PETITIONER VALVE CORPORATION'S  
SUPPLEMENTAL BRIEF IN RESPONSE TO  
MAY 14, 2025 ORDER – 6  
(No. 2:24-CV-1717-JNW)

CORR CRONIN LLP  
1015 Second Avenue, Floor 10  
Seattle, Washington 98104-1001  
Tel (206) 625-8600  
Fax (206) 625-0900

1  (W.D. Wash. Mar. 9, 2023) (preliminarily enjoining party under DJA from pursing arbitration after
2  defendant commenced arbitration); *Morgan Keegan & Co. v. McPoland*, 829 F. Supp. 2d 1031,
3  1036 (W.D. Wash. 2011) (same).

4  *In re Sussex*, 781 F.3d 1065 (9th Cir. 2015), cited in the Court's Order (Dkt. 58 at 5-6),
5  does not reach a contrary conclusion: it was undisputed there that the parties had a valid arbitration
6  agreement and were proceeding according to that agreement. Rather, in *Sussex*, the Ninth Circuit
7  considered whether a district court could grant a ***motion to disqualify an arbitrator*** for evident
8  partiality while the undisputedly proper arbitration was pending. In concluding that it could not do
9  so, the court reasoned that "a district court's authority is generally limited to decisions that bookend
10 the arbitration itself." *Id.* at 1071. The Ninth Circuit specifically noted that "[b]efore arbitration
11 begins," a district court was authorized to "determine whether there is a valid arbitration agreement
12 between the parties, and if so, whether the current dispute is within its scope." *Id.* The district court
13 can also confirm or vacate an award after the arbitration concludes. *Id.* at 1072. Thus, while there
14 is no "blanket rule" against all mid-arbitration court intervention, "courts have only a limited role
15 to play ***when the parties have agreed to arbitration***." *Id.* at 1072. Consequently, given that there
16 was no dispute in *Sussex* that the parties had agreed to the arbitration, the district court could not
17 intervene mid-course to overrule the arbitration provider's decision with respect to arbitrator
18 disqualification. *Id.* at 1069, 1072-75.

19  Here, by contrast, Valve is asking this Court to determine whether a valid arbitration
20 agreement exists (Dkt. 1, Pet. ¶¶ 159-180)—one of the decisions specifically within the district
21 court's authority. *Sussex*, 781 F.3d at 1071; *see also Coinbase, Inc. v. Suski*, 602 U.S. 143, 149
22 (2024) (district court must determine whether valid agreement to arbitrate exists). Unlike in *Sussex*,
23 Valve is not asking for court intervention to overrule an arbitrator decision "when the parties have
24 agreed to arbitration," *Sussex*, 781 F.3d at 1072; it is asking for court intervention because the
25 parties have *not* agreed to arbitration. Where, as here, a party challenges whether there is an
26 agreement to arbitrate at all—as opposed to a substantive ruling in an arbitration—the district court

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL BRIEF IN RESPONSE TO
MAY 14, 2025 ORDER – 7
(No. 2:24-CV-1717-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

can intervene at any time. *See DotC United, Inc. v. Google Asia Pac. Pte. Ltd.*, 2023 WL 2838108, at *6 (N.D. Cal. Apr. 7, 2023) ("While . . . Petitioners have already endured arbitration on arbitrability without agreeing they are bound to do so, the Court finds there is still sufficient irreparable harm with **proceeding with the remainder of the arbitration** until the Court determines whether Petitioners are bound to arbitrate at all."); *cf. First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 946 (1995) (agreeing with party that opposing party could have sought "an independent court decision on the question of arbitrability without arguing the issue to the arbitrators" by "trying to enjoin the arbitration").

### III. SECTION 4 OF THE FEDERAL ARBITRATION ACT AUTHORIZES A PETITION TO ENJOIN AN ONGOING ARBITRATION

While FAA § 4 refers on its face to petitions to compel arbitration, multiple courts have recognized their power to enjoin arbitrations pursuant to FAA § 4 when no agreement to arbitrate exists. *See, e.g.*, *Asterope Shipping Co. v. CSC Sugar LLC*, 757 F. Supp. 3d 349, 355–56 (S.D.N.Y. 2024) (granting petition "under Sections 3 and 4 of the [FAA] to stay the arbitration as well as to enjoin [defendant] from proceeding with the arbitration"); *Wang v. Kahn*, 2023 WL 4295089, at *8, *12 (N.D. Cal. June 30, 2023) (enjoining arbitration and concluding that court had subject matter jurisdiction over petition to enjoin arbitration under FAA § 4); *Kwatinetz v. Mason*, 356 F. Supp. 3d 343, 346, 352 (S.D.N.Y. 2018) (granting petition to enjoin arbitration brought under FAA § 4); *J.P. Morgan Sec. Inc. v. La. Citizens Prop. Ins. Corp.*, 712 F. Supp. 2d 70, 76 (S.D.N.Y. 2010) ("Section 4 of the FAA provides courts with the power to compel an arbitration pursuant to a valid agreement to arbitrate, and to enjoin such an arbitration in the absence of an applicable agreement.").

This stands to reason. As this Court observed, the court in *In re American Express Financial Advisors Securities Litigation*, 672 F.3d 113, 140 (2d Cir. 2011), stated that the FAA does not "explicitly confer on the judiciary the authority" to enjoin arbitrations. (Dkt. 58 at 6.) However, the *American Express* court ultimately concluded that such injunctions were

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL BRIEF IN RESPONSE TO
MAY 14, 2025 ORDER – 8
(No. 2:24-CV-1717-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  nevertheless permissible because "to enjoin a party from arbitrating where an agreement to
2  arbitrate is absent is the concomitant of the power to compel arbitration where it is present." *Id.* at
3  141. Significantly, the FAA grants parties the right to appeal an order granting an "injunction
4  against an arbitration" or "refusing to enjoin an arbitration"—a statutory provision that would be
5  meaningless if courts could not enjoin arbitrations in the first place. 9 U.S.C. § 16(a)(2), (b)(4).

6      The decision in *Textile*, to which the Court's Order refers (Dkt. 58 at 5), does not compel
7  a different conclusion. In *Textile*, a plaintiff filed an action in a federal court in California to enjoin
8  an arbitration that had been initiated in Georgia, arguing that there was no arbitration agreement
9  between the parties. *See* 240 F.3d at 784. When the district court enjoined the arbitration, the
10 defendant appealed, arguing that venue was improper in California. The defendant reasoned that
11 under section 4 of the FAA, an "action to enjoin arbitration [must] be brought in the district where
12 the contract designated the arbitration to occur," and the contract at issue designated Georgia as
13 the site of any arbitration. *Id.* The Ninth Circuit disagreed, holding that "the FAA's venue
14 provisions are discretionary, not mandatory," and that 28 U.S.C. § 1391 provided an independent
15 basis for venue in California. 240 F.3d at 784. Accordingly, the action was brought in a proper
16 venue, and the court affirmed the order enjoining the arbitration. *Id.*; *see also Grinberg v.*
17 *CareVoyant, Inc.*, 2011 WL 13217585, at *2 (C.D. Cal. Feb. 15, 2011) (citing *Textile* for the
18 proposition that "the FAA does not require that an action ***to compel or enjoin*** arbitration be brought
19 in the district designated in the arbitration clause").

20     In support of its holding, the *Textile* court observed—as this Court notes—that "[b]y its
21 terms," section 4 of the FAA "only embraces actions to compel arbitration." *Textile*, 240 F.3d at
22 785. The court reasoned that a party seeking an injunction could pursue an "injunction action[]"
23 without invoking section 4 of the FAA (as the plaintiff framed its case in *Textile*) rather than a
24 petition under section 4 of the FAA (as Valve framed this case). *Id.* But nowhere did the court
25 foreclose a petition under section 4 of the FAA as a vehicle to enjoin an arbitration.
26

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL BRIEF IN RESPONSE TO
MAY 14, 2025 ORDER – 9
(No. 2:24-CV-1717-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Textile* therefore supports Valve's right to seek injunctive relief here. The Ninth Circuit's decision was addressed to venue rather than the availability of injunctive relief. *See United States ex rel. Turnkey Constr. Servs., Inc. v. Alacran Contracting, LLC*, 2013 WL 6503307, at *2 (E.D. Cal. Dec. 11, 2013) (discussing *Textile*) ("The court held that venue over Plaintiff's suit was proper because 'nothing in the Federal Arbitration Act requires that [plaintiff's'] action to enjoin arbitration be brought in the district where the contract designated the arbitration to occur.'"); *Roe v. Gray,* 165 F. Supp. 2d 1164, 1170 (D. Colo. 2001) ("In *Textile Unlimited,* the court applied a liberal reading of the § 4 venue provisions and concluded that nothing in the FAA requires that the plaintiff's action to enjoin arbitration be brought in the district where the contract designated the arbitration to occur."). The Ninth Circuit concluded the district court had jurisdiction, and ***affirmed*** the injunction against the arbitration. *Textile*, 240 F.3d at 785-86.

### IV. VALVE RESPECTFULLY SUBMITS THAT THE COURT SHOULD FOLLOW THOSE DECISIONS HOLDING THAT FAA § 4 AUTHORIZES PETITIONS TO ENJOIN ARBITRATIONS; IF THE COURT SHOULD HOLD OTHERWISE, IT SHOULD TREAT VALVE'S PETITION AS A COMPLAINT UNDER THE DJA

Valve respectfully submits that it is sensible to follow the courts that have held that FAA § 4 permits petitions to enjoin arbitrations. That is not inconsistent with Ninth Circuit precedent, and the procedural advantage of treating the Petition as brought under FAA § 4 is that the FAA permits such a petition to be resolved like a motion. *See* 9 U.S.C. § 4 (describing summary procedure); *id.* § 6 (providing that "any application" brought under the AAA "shall be made and heard in the manner provided by law for the making and hearing of motions"). That Valve also seeks declaratory relief (Dkt. 58 at 6) is not an impediment to treating the Petition as a section 4 Petition. *See, e.g.*, *Asterope*, 757 F. Supp. 3d at 355-56 (granting FAA § 4 petition to enjoin that also sought a declaration under the DJA that party had no obligation to arbitrate). If so treated, the next step would be for Respondents to file a brief opposing Valve's Petition. Once the Court resolved the issues raised in the Petition—whether the parties have an agreement to arbitrate and,

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL BRIEF IN RESPONSE TO
MAY 14, 2025 ORDER – 10
(No. 2:24-CV-1717-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

whether Valve is entitled to an injunction against the ongoing arbitrations—the action would be completely resolved.

If the Court concludes that FAA § 4 does not authorize Valve to seek relief under that section, Valve respectfully requests that the Court construe the Petition as a complaint under the DJA and Valve's memorandum of points and authorities in support of its Petition (Dkt. 2) as a motion for a preliminary injunction. In that event, the action will generally proceed under the Federal Rules of Civil Procedure pertinent to a complaint. Respondents—whom, as the Court observes, have already been personally served with the Petition as though it were a complaint (Dkt. 58 at 6)[2]—will need to answer or otherwise respond to the Petition and file an opposition to the motion for a preliminary injunction. The Court could then resolve Valve's motion for a preliminary injunction. Thereafter, Valve would likely file a motion for summary judgment on its claims for declaratory relief and move for a permanent injunction. As the Petition does not raise any material disputes of fact, and no discovery in connection with the Petition is necessary, summary judgment in Valve's favor and a permanent injunction would be appropriate. *See Morgan Stanley & Co., LLC v. Couch*, 2016 WL 8467758, at *5 (E.D. Cal. Dec. 14, 2016) (entering permanent injunction against arbitration after Ninth Circuit affirmed preliminary injunction).

## CONCLUSION

Accordingly, Valve requests that the Court enter an order requiring Respondents to respond to the Petition and/or motion for preliminary injunction and setting these matters for a hearing.

---

[2] As of the date of this filing, all but 10 Respondents have been personally served. The Court observed in its Order that Valve served "summonses instructing Respondents to answer a 'complaint' under Rule 12, while characterizing its filing as a petition." (Dkt. 58 at 6.) Given that Respondents' counsel in the underlying arbitrations refused to accept service of the Petition, Valve was required to serve a summons in order to notify Respondents of this action properly, whether the initiating document is treated as a complaint or petition. *See Nat'l Casa Ass'n v. unCommon Bond Inc.*, 2021 WL 5907796, at *4 (W.D. Wash. Dec. 14, 2021) (requiring service of summons for FAA § 4 petition). The standard form summons references a "complaint"; Valve had no ability to change this language.

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL BRIEF IN RESPONSE TO
MAY 14, 2025 ORDER – 11
(No. 2:24-CV-1717-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED: May 23, 2025.

I certify that this memorandum contains 4,020 words, in compliance with the Court's Order.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Petitioner Valve Corporation*

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL BRIEF IN RESPONSE TO
MAY 14, 2025 ORDER – 12
(No. 2:24-CV-1717-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900