THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALVE CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS ABBRUZZESE, et al.,<br><br>    Defendants. | Cause No. 2:24-cv-1717-JNW<br><br>RESPONDENT GREG FISH'S ANSWER TO PETITION TO ENJOIN ARBITRATIONS |

Respondent Greg Fish ("Respondent") hereby answers Petitioner Valve Corporation's ("Valve") Petition to Enjoin Arbitrations ("Petition") and asserts its affirmative defenses as follows:

GENERAL DENIAL

Under Federal Rule of Civil Procedure 8(b)(3), Respondent generally denies all allegations in the Petition, including the jurisdictional grounds alleged therein. Further, Respondent is not named in any specific allegation and only appears in the heading and appendix of the Petition and therefore lacks knowledge and information as to all allegations that do not specifically pertain to him.[1]

---

[1] In fact, the majority of the allegations are redundant, immaterial, impertinent, and scandalous and should be stricken *sua sponte* under Federal Rule of Civil Procedure 12(f)(1).

RESPONDENT GREG FISH'S ANSWER TO PETITION – Page 1

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 866.233.5869

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

1. The Petition, in whole or in part, is barred by Petitioner's contract breaches.

SECOND AFFIRMATIVE DEFENSE

2. The Court lacks personal jurisdiction over Respondent.

THIRD AFFIRMATIVE DEFENSE

3. The Petition fails to state a claim upon which relief can be granted.

FOURTH AFFIRMATIVE DEFENSE

4. The Petition, in whole or in part, is barred by the doctrine of estoppel.

FIFTH AFFIRMATIVE DEFENSE

5. The Petition, in whole or in part, is barred by the doctrine of unclean hands.

SIXTH AFFIRMATIVE DEFENSE

6. The Petition, in whole or in part, is barred by the doctrine of waiver.

SEVENTH AFFIRMATIVE DEFENSE

7. The Petition is barred because Petitioner did not incur any injury or damages cognizable at law.

EIGHTH AFFIRMATIVE DEFENSE

8. Petitioner's injuries and damages, if any, were caused by the conduct of Petitioner and its representatives, for which Respondent is not responsible.

NINTH AFFIRMATIVE DEFENSE

9. Petitioner's injuries and damages, if any, are barred to the extent Petitioner failed to mitigate its injuries and damages.

Respondent reserves the right to add or supplement this answer with additional affirmative defenses and/or counterclaims.

| | |
|---|---|
| Dated: May 29, 2025 | Respectfully Submitted, |
| | **BAILEY DUQUETTE P.C.** |
| | */s/ William R. Burnside* |
| | William R. Burnside, WSBA #36002 |
| | 800 Fifth Avenue, Suite 101-800 |
| | Seattle, Washington 98104 |
| | Tel. 206.225.2250 |
| | Email: will@baileyduquette.com |
| | *Attorney for Respondent* |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing RESPONDENT GREG FISH'S ANSWER TO PETITION TO ENJOIN ARBITRATIONS served upon counsel of record herein, as follows:

Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10                    ☒ Via Electronic Service
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
E: bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
E: michael.mctigue@skadden.com
E: meredith.slawe@skadden.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: May 29, 2025 at Seattle, Washington.

*s/ William R. Burnside*
William Burnside, WSBA No. 36002