HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

                Petitioner,

       v.

ABBRUZZESE et al.,

              Respondents.

No. 2:24-CV-1717-JNW

**PETITIONER VALVE CORPORATION'S SUPPLEMENTAL REPLY BRIEF IN RESPONSE TO THE COURT'S MAY 14, 2025 ORDER**

Petition Filed: October 18, 2024

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................1

    I.      THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER THE
           FAA..................................................................................................................2

    II.     THIS COURT ALSO HAS DJA SUBJECT MATTER JURISDICTION.............4

    III.    THERE IS NO BASIS TO IMPOSE JUDICIAL ESTOPPEL..............................5

CONCLUSION.....................................................................................................................6

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL REPLY BRIEF IN
RESPONSE TO MAY 14, 2025 ORDER – i

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## PRELIMINARY STATEMENT

Bucher[1] and Bailey, appearing on behalf of just five Respondents—Griffin Byer, Greg Fish, Jeremy Lucas, Luke Ninemire, and Seth Weber (collectively, "Byer," for simplicity)—fill their submission with baseless accusations against Valve and its counsel. But, focusing instead on the questions the Court asked, there is no jurisdictional obstacle preventing this Court from enjoining the hundreds of arbitrations that Bucher is prosecuting at great expense to the AAA, arbitrators, and Valve.

Numerous cases hold that a court has jurisdiction under FAA Section 4 to "enjoin arbitration proceedings that are not covered by a valid and binding arbitration agreement." *In re Am. Express Fin. Advisors Secs. Litig.*, 672 F.3d 113, 142 (2d Cir. 2011). Byer doesn't dispute that those cases so hold; he just asserts they are wrong. But those precedents are entirely consistent with the FAA's purpose: to ensure that arbitration agreements are enforced as written and to prevent parties from being coerced into arbitration where there is no valid agreement to arbitrate. Byer charges that *American Express* is on the wrong side of a circuit split, but does not identify even one case on the other side of this phantom split. He seeks to distinguish a squarely on-point district court decision from this Circuit, *Wang v. Kahn*, No. 20-CV-08033-BLF, 2023 WL 4295089 (N.D. Cal. June 30, 2023), by falsely asserting that court "never reviewed" subject matter jurisdiction. But Judge Freeman expressly held in *Wang* that the court had subject matter jurisdiction.

The Court can also grant Valve relief under the DJA. Byer complains that Valve did not assert a "claim" under the DJA, but the DJA provides a remedy, not a claim. Byer also urges the Court to deny DJA relief because the Court's jurisdiction is based on a hypothetical motion to compel. He's again wrong: that is precisely the framework the Supreme Court directs courts to use in assessing jurisdiction under the DJA. *See* Dkt. 59 at 5 (citing *Medtronic, Inc. v. Mirowski Fam.*

---

[1] Capitalized terms have the meanings ascribed in Valve's prior submission (Dkt. 59). Unless noted, all internal citations and quotations are omitted and all emphases are added.

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL REPLY BRIEF IN
RESPONSE TO MAY 14, 2025 ORDER – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    *Ventures, LLC*, 571 U.S. 191, 198 (2014)).

2    **I.     THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER THE FAA**

3          As Valve's May 23, 2025, submission explained, courts have consistently held that

4    Section 4 authorizes actions to enjoin arbitrations. *See* Dkt. 59 at 8-9. The reason is that "'to enjoin

5    a party from arbitrating where an agreement to arbitrate is absent is the concomitant of the power

6    to compel arbitration where it is present.'" *Am. Express*, 672 F.3d at 141. Without that power, a

7    court's denial of a Section 4 motion to compel arbitration "effectively would be unenforceable."

8    *Morgan Stanley & Co. v. Couch*, 134 F. Supp. 3d 1215, 1234 (E.D. Cal. 2015), *aff'd*, 659 F. App'x

9    402 (9th Cir. 2016).

10         Byer does not dispute that these cases so hold, nor does he identify case law holding

11   otherwise. He just disagrees with those precedents. He contends that barring courts from enjoining

12   unauthorized and illegal arbitrations is somehow in keeping with the intent of the FAA. That is

13   wrong. The FAA's purpose is to ensure that parties' agreements are enforced. As *American*

14   *Express* explained, "'[a]rbitration under the [FAA] is a matter of consent, not coercion.'" 672 F.3d

15   at 141. Consequently, "[i]f the parties . . . have not consented to arbitrate," a court has authority to

16   "prevent one party from foisting upon the other an arbitration process." *Id*. (In advancing his

17   argument, Byer twice cites *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008), but

18   doesn't inform the Court that he is citing a dissent. Dkt. 65 at 9, 11.)

19         Byer urges that *expressio unius* should tie this Court's hands because Section 4 does not

20   expressly include injunctions. Dkt. 65 at 9-10. But *expressio unius* does not apply "unless it is fair

21   to suppose that Congress considered the unnamed possibility and meant to say no to it." *Marx v.*

22   *Gen. Revenue Corp.*, 568 U.S. 371, 381 (2013). Congress did not say no to injunctions in the FAA.

23   Rather, Congress said yes by providing for appellate rights attendant to injunctions—rights that

24   would be meaningless absent a power to enjoin. Dkt. 59 at 9. Byer never addresses that. Because

25   "the mechanical application of expressio unius is contrary to both logic and legislative purpose"

26   of the FAA, it does not help Byer. *U.S. v. Bert*, 292 F.3d 649, 652 n.12 (9th Cir. 2002).

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL REPLY BRIEF IN
RESPONSE TO MAY 14, 2025 ORDER – 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1       Byer argues that *In re Sussex*, 781 F.3d 1065 (9th Cir. 2015), "restrain[s]" this Court's
2   power to enjoin arbitrations. Not so. *Sussex* held only that a court could not enter a mid-arbitration
3   order to overturn the AAA's refusal to remove an arbitrator. Other cases on which Byer relies
4   likewise concern mid-arbitration intervention to overturn decisions rendered in arbitration where
5   the parties agreed to arbitrate, including rulings concerning arbitrator "partiality," *Savers Prop. &*
6   *Cas. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 748 F.3d 708, 720 (6th Cir. 2014),
7   consolidation, *Archuleta v. Triad Nat'l Sec., LLC*, 638 F. Supp. 3d 1273, 1278 (D.N.M. 2022), and
8   de-consolidation, *Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.*, 671 F.3d 635,
9   638-39 (7th Cir. 2011).

10      Enforcing an agreement to arbitrate and compelling arbitration—or enjoining arbitration
11  where there is no agreement to arbitrate—is **not** mid-arbitration intervention under this line of
12  authority. Dkt. 59 at 7-8. It does not require the court to interfere with a decision of an arbitration
13  provider or tribunal mid-arbitration. It requires only a threshold determination under Section 4 as
14  to whether the claims must as a contractual matter proceed in arbitration. *American Express*
15  illustrates this distinction. The Second Circuit, like the Ninth Circuit, applies the "majority rule"
16  (Dkt. 65 at 11) that courts generally cannot intervene mid-arbitration. *See Sussex*, 781 F.3d at 1074.
17  But *American Express* holds that "a district court may properly enjoin arbitration proceedings" in
18  the absence of an agreement to arbitrate under Section 4. *Am. Express*, 672 F. Supp. at 142.

19      Byer argues that *American Express* is "unique" to the Second Circuit. But the Ninth Circuit
20  affirmed the district court's ruling in *Morgan Stanley* (cited by Valve at Dkt. 59 at 2, 4, 6), which
21  applied *American Express* in holding that the court had jurisdiction over a request to enjoin an
22  arbitration. 134 F. Supp. 3d at 1233-34. Likewise, Judge Freeman ruled in *Wang* that the court
23  "has subject matter jurisdiction" over a petitioner's request to enjoin an arbitration under the FAA,
24  citing Section 4. 2023 WL 4295089 at *8. Byer objects that the respondent in *Wang* "never
25  challenged" jurisdiction, but "[f]ederal courts cannot adjudicate disputes without first ensuring
26  they have the authority to do so." Dkt. 58 at 1.

---

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL REPLY BRIEF IN
RESPONSE TO MAY 14, 2025 ORDER – 3

1    *Wang* also dispenses with Byer's bizarre argument that a court has jurisdiction to enjoin an

2    unauthorized arbitration only if commenced under FINRA rules, which makes no sense on its face:

3    the same jurisdictional law applies to all arbitrations under the FAA.

4    **II.    THIS COURT ALSO HAS DJA SUBJECT MATTER JURISDICTION**

5        This Court also may exercise jurisdiction by construing the Petition as seeking injunctive

6    relief under the DJA. Byer asserts that the Court must "rewrite" the Petition to fashion that relief.

7    That is incorrect. The Petition expressly requests relief under the DJA. *See* Dkt. 1 at 47. It also

8    pleads all necessary predicates to such relief—namely, that Respondents are prosecuting

9    arbitrations in violation of their current agreement with Valve. *See id.* ¶¶ 1, 7-11, 25-28, 41, 45-

10   46, 51, 102-03, 122-24, 135, 177-80. Byer repeatedly faults Valve for failing to plead a "cause of

11   action for declaratory judgment," but there is no such cause of action. A plaintiff "need only ask

12   for declaratory relief in her prayer for relief, rather than pleading it as a separate cause of action."

13   *Martinez v. Pennington,* No. 1:15-CV-00683-JAM-MJS, 2016 WL 70325, at *5 (E.D. Cal. Jan. 6,

14   2016).

15       Nor is Valve required to plead a separate cause of action to obtain relief under the DJA.

16   The courts in the following cases enjoined arbitrations under the DJA, with those plaintiffs not

17   asserting any separate claims: *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 737 (9th Cir.

18   2014), *Oppenheimer & Co. v. Mitchell*, No. C23-67 MJP, 2023 WL 2428404, at *6 (W.D. Wash.

19   Mar. 9, 2023), and *Morgan Keegan & Co. v. McPoland*, 829 F. Supp. 2d 1031, 1036 (W.D. Wash.

20   2011) (cited in Valve's May 23, 2025, submission, Dkt. 59 at 6-7). (Exs. A-C (complaints).) That

21   case law, which Byer does not address, shows that Valve is not advancing a "novel theory" of

22   jurisdiction.

23       Valve's May 23, 2025, submission explains that the Petition's request for declaratory relief

24   is treated for jurisdictional purposes as a defense against a potential motion to compel arbitration,

25   and so the Court has "look through" jurisdiction under the FAA because the underlying claims are

26   federal. Dkt. 59 at 1, 4-5 (citing cases). Byer argues that this analysis relies on "stacked

---

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL REPLY BRIEF IN
RESPONSE TO MAY 14, 2025 ORDER – 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  hypotheticals." Dkt. 65 at 16. But the Supreme Court adopted this very approach to assessing

2  jurisdiction under the DJA. *See Medtronic*, 571 U.S. at 197 (rejecting argument that threatened

3  action "would be unlikely") (cited at Dkt. 59). "The Ninth Circuit has followed . . . [this]

4  jurisdictional logic consistently." *Morgan Stanley*, 134 F. Supp. 3d at 1222 n.6.

5      To the extent that Byer contends Valve has not properly pleaded facts sufficient to state a

6  claim for relief under the DJA, he should raise that via an opposition to the Petition.

7  **III.    THERE IS NO BASIS TO IMPOSE JUDICIAL ESTOPPEL**

8      Because Valve has pled a right to relief, there is no need to reach Byer's contention that

9  Valve is judicially estopped from amending. In any event, that contention is wrong. Valve has not

10  "taken clearly inconsistent positions":

11      (1)    In 2021, in *In re Valve Antitrust Litigation*, Valve moved to compel seven

12  individuals to arbitrate under a provision in its then-operative Steam Subscriber Agreement

13  ("Superseded SSA"). Dkt. 1 ¶¶ 55-56. The court granted the motion and left for the arbitrator to

14  decide whether the arbitration provision was enforceable. *Id.* ¶¶ 57-58. Three years later, Byer's

15  counsel sought and obtained rulings from an arbitrator that the provision was unenforceable. *Id.*

16  ¶¶ 77-83. His counsel then used these rulings to bootstrap a class action in this Court on behalf of

17  a nationwide class. *Id.* ¶¶ 6, 85-97. His counsel represented that this class action was "superior to

18  any other method for the fair and efficient adjudication of this legal dispute." *Id.* ¶ 95. Valve and

19  its customers then entered into the Controlling SSA, which removed the arbitration provision that

20  had been held unenforceable (as a result of Byer's counsel's actions), thereby requiring proceeding

21  in court. *Id.* ¶¶ 7, 102-103, 123. Valve now seeks through this Petition to enforce that new

22  agreement. There is nothing inconsistent or inequitable about reacting to changed circumstances

23  set in motion by Byer's own counsel. *E.g.*, *Contour IP Holding, LLC v. GoPro, Inc.*, No. 3:17-

24  CV-04738-WHO, 2021 WL 1022854, at *3 (N.D. Cal. Mar. 17, 2021) (no judicial estoppel where

25  "the facts underlying [plaintiff's] position changed").

26      (2)    Thereafter, in *Beer*, Byer's counsel brought a petition to vacate the AAA's

---

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL REPLY BRIEF IN
RESPONSE TO MAY 14, 2025 ORDER – 5

1      disqualification of an arbitrator in one proceeding. At no point did Valve contend that arbitration

2  was appropriate or that the question of arbitrability was "insulated" from judicial review. To the

3  contrary, Valve emphasized that there was "no longer an agreement to arbitrate" and that, as a

4  result, "the underlying arbitration may no longer proceed." (Dkt. 65-1, Ex. A at 6 & n.1.) Valve

5  also disclosed this Petition. Valve's position that if an arbitration nevertheless proceeds, decisions

6  by the AAA and the arbitrator that are within their purview (such as a decision to disqualify an

7  arbitrator) cannot be judicially challenged mid-course, is entirely consistent with the Ninth

8  Circuit's *Sussex* precedent. *See* 781 F.3d at 1069, 1072-75. There is no inconsistency.

9      (3)    Certain other arbitrations that proceeded over Valve's objection during the

10  pendency of this Petition have since concluded with a complete victory for Valve. In *Gonzalez*,

11  Valve sought to confirm those awards in order to avoid relitigation of meritless claims on which

12  Valve has already prevailed. Valve's petition to confirm expressly "disputed" that the Respondents

13  "could proceed in arbitration," noted that Valve participated in arbitration under protest, and

14  disclosed that Valve had filed this Petition. (Ex. D at 2 & n.3.) Again, no inconsistency.

15  <u>**CONCLUSION**</u>

16      Valve requests that the Court enter an order requiring all Respondents to respond to the

17  Petition and setting these matters for a hearing.

18

19

20

21

22

23

24

25

26

PETITIONER VALVE CORPORATION'S
SUPPLEMENTAL REPLY BRIEF IN
RESPONSE TO MAY 14, 2025 ORDER – 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    DATED: June 12, 2025.

2                                    I certify that this memorandum contains 2,089
3                                    words, in compliance with the Court's Order.

4                                    CORR CRONIN LLP

5                                    *s/ Blake Marks-Dias*
                                     Blake Marks-Dias, WSBA No. 28169
6                                    1015 Second Avenue, Floor 10
                                     Seattle, Washington 98104
7                                    (206) 625-8600 Phone
                                     (206) 625-0900 Fax
8                                    bmarksdias@corrcronin.com

9                                    Michael W. McTigue Jr., *Admitted Pro Hac Vice*
                                     Meredith C. Slawe, *Admitted Pro Hac Vice*
10                                   SKADDEN, ARPS, SLATE,
                                        MEAGHER & FLOM LLP
11                                   One Manhattan West
                                     New York, New York 10001
12                                   michael.mctigue@skadden.com
                                     meredith.slawe@skadden.com

13                                   *Attorneys for Petitioner Valve Corporation*

14

15

16

17

18

19

20

21

22

23

24

25

26

---

PETITIONER VALVE CORPORATION'S                    **CORR CRONIN LLP**
SUPPLEMENTAL REPLY BRIEF IN                  1015 Second Avenue, Floor 10
RESPONSE TO MAY 14, 2025 ORDER – 7          Seattle, Washington 98104-1001
                                                  Tel (206) 625-8600
                                                  Fax (206) 625-0900