UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>THOMAS ABBRUZZESE *et al.*,<br><br>Defendants. | No. 2:24-CV-1717-JNW<br><br>**DECLARATION OF ANDREW J. FUCHS IN SUPPORT OF VALVE CORPORATION'S MOTION FOR PRELIMINARY INJUNCTION** |

DECLARATION OF ANDREW J. FUCHS
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# DECLARATION OF ANDREW J. FUCHS

I, Andrew J. Fuchs, declare as follows:

1. I am an attorney licensed to practice in the State of Texas and a counsel in the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel for Plaintiff Valve Corporation ("Valve") in the above-captioned matter. I submit this declaration in support of Valve's Motion for Preliminary Injunction.

## A.    Bucher Law and the Genesis of Its Mass Arbitration Against Valve

2. On July 12, 2023, Bucher Law PLLC ("Bucher Law") sent Valve a letter threatening to bring purported antitrust claims on behalf of 44,903 individuals. The allegations contained in Bucher Law's letter were apparently modeled on those made in *In re Valve Antitrust Litigation*, No. 2:21-cv-00563-JNW ("*Wolfire*").

3. After threatening arbitrations asserting antitrust claims purportedly on behalf of thousands of individual claimants,[1] Bucher Law made a settlement demand.

4. Valve did not acquiesce to Bucher Law's demand, and on October 2, 2023, Bucher Law submitted 997 demands for arbitration against Valve to the American Arbitration Association ("AAA") and threatened Valve with filing 18,204 more such demands.

5. In November and December 2023, Bucher Law submitted thousands of additional demands for arbitration against Valve to the AAA.

6. Bucher Law is currently pursuing arbitrations against Valve before the AAA on behalf of 4,991 claimants.

7. The 572 Defendants in this action are among the claimants in those arbitrations, comprising (i) 548 claimants with claims assigned to merits arbitrators in pending arbitrations

---

[1] References to "claimants" are to the individuals on whose behalf Bucher Law has asserted claims in arbitration with the AAA against Valve. Some claimants do not have pending arbitrations before arbitrators (or are deceased) and are therefore not Defendants in this action.

---

DECLARATION OF ANDREW J. FUCHS – 1
No. 2:24-CV-1717-JNW

**Corr Cronin LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

(excluding four deceased claimants) and (ii) 24 claimants with claims that were assigned to Arbitrator Martin D. Katz before he was disqualified.

8. The 572 Defendants are identified in <u>Exhibit 3</u>, attached hereto.

**B. Bucher Law Seeks and Obtains Rulings from an Arbitrator that the Arbitration Clause in the Superseded SSA Is Unenforceable**

9. The AAA assigned the claims of 25 claimants to Arbitrator Jeffrey H. Dasteel.

10. On May 22, 2024, Bucher Law moved to dismiss arbitrations on behalf of four of the 25 claimants with arbitrations pending before Arbitrator Dasteel. Bucher Law moved to dismiss on the ground that the arbitration agreement in the then-current and now superseded SSA ("Superseded SSA") was unenforceable.

11. On July 8, 2024, Arbitrator Dasteel granted the four motions. The arbitrator held that the arbitration agreement in the Superseded SSA was unenforceable.

12. Arbitrator Dasteel dismissed all four arbitrations on this basis. The arbitrator held that the four claimants' claims must be adjudicated in court. This is the first and only arbitrator who has ruled on the enforceability of the Superseded SSA.

13. The four claimants whose arbitrations Arbitrator Dasteel dismissed are not Defendants in this action.

14. Mr. Bucher has represented in an arbitration hearing that Bucher Law could have sought and obtained the same unenforceability ruling from Arbitrator Dasteel with respect to the other 21 Defendants whose claims are still pending before Arbitrator Dasteel.

15. Valve did not seek to vacate Arbitrator Dasteel's orders.

**C. Bucher Law Commences a Putative Nationwide Class Action in This Court**

16. On August 9, 2024, Bucher Law and another law firm, Hagens Berman Sobol Shapiro LLP ("Proposed Class Counsel") filed the complaint in *Elliott v. Valve Corporation*,

DECLARATION OF ANDREW J. FUCHS – 2
No. 2:24-CV-1717-JNW

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

No. 2:24-cv-01218 (W.D. Wash. filed Aug. 9, 2024), a putative nationwide class action against Valve, in this Court.

17. Proposed Class Counsel named as plaintiffs the four claimants on whose behalf Bucher Law had sought and obtained orders before Arbitrator Dasteel that the arbitration agreement in the Superseded SSA was unenforceable. *Elliott* was premised on Proposed Class Counsel's assertion that, based on these orders, the Superseded SSA was unenforceable as to a putative nationwide class of Valve customers.

18. In many submissions to arbitrators, Bucher Law described *Elliott* as "overlapping" with arbitrations Bucher Law is pursuing on behalf of claimants in arbitrations before the AAA.

D. **Bucher Law Continues To Prosecute Arbitrations on Behalf of Defendants and Other Members of the *Elliott* Putative Class**

19. After filing *Elliott*, Bucher Law continued to prosecute arbitrations before the AAA on behalf of Defendants and thousands of other claimants, all of whom were included in the putative *Elliott* class and remain in the putative consumer class in the consolidated action, *Wolfire*.

20. On September 27, 2024, just a day after Valve removed the arbitration agreement from the SSA, Bucher Law attempted to file with the AAA 42,000 **new** consumer arbitrations based on the same allegations as in Defendants' arbitrations and pursuant to the arbitration agreement in the Superseded SSA.

21. Also on September 27, 2024, Valve notified the AAA that (i) an arbitrator ruled that the arbitration agreement in the Superseded SSA was unenforceable and (ii) Valve then removed the arbitration agreement from the SSA that was the basis for jurisdiction with the AAA. Valve therefore requested that the AAA administratively close the arbitrations Bucher Law was

DECLARATION OF ANDREW J. FUCHS – 3
No. 2:24-CV-1717-JNW

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

prosecuting on behalf of Valve customers. A true and correct copy of Valve's notification to the AAA is attached hereto as Exhibit 4.

22. In response, Bucher Law argued that Valve's request should be denied because the Superseded SSA's arbitration agreement remains valid and enforceable and the AAA is an administrative body that cannot make legal determinations. Despite *Elliott* being premised on the Superseded SSA being unenforceable, Bucher Law described Valve's implementation of the Current SSA as a "unilateral and legally infirm terms of use modification."

23. On October 7, 2024, the AAA notified Valve and Bucher Law that it would not administratively close Defendants' arbitration proceedings. The AAA stated that, "in the absence of an agreement by the parties **or a court order staying or closing these matters**, we will proceed with administration." A true and correct copy of the AAA's notification is attached hereto as Exhibit 2.

24. The AAA notified Valve that it would leave it to a court or the then-34 merits arbitrators presiding over then-601 pending cases, including all 572 of Defendants' cases (and additional cases involving, among others, deceased claimants and claimants who have withdrawn), to address what the AAA described as "issues of arbitrability and disputes surrounding the applicable contract."

25. In an arbitration hearing on October 2, 2024, Mr. Bucher represented: "These reported changes of terms [*i.e.*, the Current SSA], which appear to be an attempted unilateral modification, . . . under black-letter contract law, [are] not permitted."

26. In a letter to the AAA dated October 6, 2024, Bucher Law represented that Valve's "purported recent, unilateral amendment of its contract with the claimants (deleting the arbitration agreement)" was without effect and did not mandate that the arbitrations be closed. Bucher Law described Valve's update to the SSA as a "unilateral and legally infirm terms of use modification."

DECLARATION OF ANDREW J. FUCHS – 4
No. 2:24-CV-1717-JNW

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

27. In a letter to an arbitrator dated October 14, 2024, Bucher Law asserted that "[t]he Federal Arbitration Act's mandate that arbitration agreements are 'irrevocable' prevents Valve Corporation from revoking their arbitration agreement." Bucher Law further argued that the Current SSA is a "[u]nilateral modification[]" that is "unconscionable and therefore unenforceable." Bucher Law also contended that Valve's "unilateral modification to the terms . . . violates the implied covenant of good faith and fair dealing, making the purported new terms unenforceable."

28. Bucher Law's co-counsel in the arbitrations has stated in an arbitration hearing on behalf of certain Defendants: "Yeah, I won't deny that [Mr. Bucher] made those [inconsistent] representations on behalf of those clients [in *Elliott*]. But he has not made that argument for these three clients nor have I.  And, you know, black letter law, lawyers are allowed to make different arguments for different clients, and that's -- we all do that, you know, for whatever reasons."

29. Arbitrators in several of Defendants' arbitrations before the AAA have held—despite not having the legal capacity to do so—that the arbitrations may proceed. Other arbitrators have stayed proceedings, although arbitrators are beginning to lift stays previously entered based on the pendency of this action because it remains pending and unresolved.

E. **Bucher Law Admits To Forum Shopping and Using Arbitrations in Furtherance of** *Elliott*

30. Mr. Bucher has conceded in arbitration hearings, and at least one arbitrator has found, that Bucher Law is engaging in "forum shopping" in pursuing arbitrations and a parallel class action. Bucher Law is also demanding arbitrations in California on behalf of hundreds of Defendants who do not reside in California, despite the terms of the Superseded SSA providing that arbitration hearings were to take place in the county in which the Defendant resides. Bucher Law has since argued that California law should apply to these arbitrations because, as a result of

DECLARATION OF ANDREW J. FUCHS - 5
No. 2:24-CV-1717-JNW

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Bucher Law's own forum-shopping, the AAA assigned claims of non-California residents to arbitrators based in California.

31. Mr. Bucher has represented in arbitration hearings that if Defendants do not like the decisions of an arbitrator at any point up until a merits determination, they might withdraw from the arbitrations and participate in the class action. Based on this admission, an arbitrator has found that Mr. Bucher was engaged in "bet hedging."

32. Mr. Bucher has withdrawn or attempted to withdraw or "stay" claims on the eve of final merits hearings—after Valve expended substantial resources and time briefing pre-hearing motions, engaging in information exchange, and participating in numerous pre-hearing conferences.

33. In one arbitration, Bucher Law attempted to withdraw a claim less than 24 hours before the start of the final merits hearing.

34. In another arbitration, Bucher Law requested to withdraw a claim in a pre-hearing conference just three business days before the start of the final merits hearing. During the pre-hearing conference, the arbitrator stated that she intended to sanction Bucher Law for submitting a letter brief that Mr. Bucher conceded was replete with "inaccurate" and "fictitious" citations to legal authority.

35. Among the twelve cases Bucher Law cited in his four-and-a-half-page letter brief, **two** did not exist; **five** did not contain the quotation ascribed to the case; and **two** others were entirely inapposite and did not stand for the proposition cited. Bucher Law's letter brief also purported to quote from a single Rule of the AAA Consumer Arbitration Rules. Yet that rule does not contain the language Bucher Law purported to quote. Bucher Law relied on this fictitious authority to persuade the arbitrator to issue five subpoenas. And Bucher succeeded: The arbitrator issued the subpoenas Bucher Law requested only "[a]fter consideration of all arguments presented," including the arguments raised by Bucher premised on fabricated case law.

DECLARATION OF ANDREW J. FUCHS - 6
No. 2:24-CV-1717-JNW

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

36. When Valve sought sanctions from the arbitrator, rather than take personal responsibility, Mr. Bucher blamed the only other attorney at his firm at the time: an associate who had practiced law for just three years. Despite this "serious oversight" (in Mr. Bucher's words), Mr. Bucher made further misstatements to the tribunal and to Valve to downplay his misconduct.

37. Moments after the arbitrator stated her intention to sanction Mr. Bucher—following more than an hour of argument regarding Valve's sanctions request—Bucher Law announced for the first time that the sole claimant whose arbitration was the subject of the conference would withdraw his claim.

38. Ultimately, the arbitrator sanctioned Mr. Bucher and his associate for what she described as "willful" and "shocking" misconduct the likes of which she had never seen in her 50 years of legal practice. She also chastised Mr. Bucher for attempting to "minimize" the misconduct.

39. Mr. Bucher has represented in arbitration hearings that he intended to use information learned from arbitration proceedings to support his prosecution of *Elliott*. An arbitrator found on these facts that Mr. Bucher "hopes to use discovery and arbitral decisions to further its new class action." That arbitrator further held that "it is inefficient and wasteful to force respondent to arbitrate and litigate simultaneously in multiple fora." That arbitrator also held that Bucher Law "has engaged in . . . gamesmanship."

F. **Claimants Are Confused Regarding Bucher Law's Actions Purportedly on Their Behalf and May Not Have Authorized Bucher Law To Proceed**

40. Claimants, including Defendants in this action, have offered sworn testimony during final merits hearings before arbitrators confirming that they were (i) confused as to the fact that they are participants in an arbitration; and (ii) not informed of the class actions filed on their behalf as putative class members.

DECLARATION OF ANDREW J. FUCHS – 7
No. 2:24-CV-1717-JNW

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

41. Bucher Law advised this Court on June 4, 2025, that it represented all Defendants in this action. (Dkt. 64.)

42. One Defendant who Bucher Law claimed to represent in this action on June 4, 2025, testified in a hearing nearly two weeks later, on June 16, 2025, that he did not retain Bucher Law for any engagement other than his arbitration.

43. Three of the individuals Bucher Law claimed to represent in this action on June 4, 2025, appear to have died before Valve commenced the action on October 18, 2024. Valve discovered and verified that these individuals were deceased only after filing this action.

44. Another individual Bucher Law claimed to represent in this action on June 4, 2025, is a minor. Valve discovered and verified that this individual was a minor only after filing this action.

### G. Valve Is Suffering and Will Continue To Suffer Irreparable Harm

45. While 224 of Defendants' arbitrations are currently stayed before 17 arbitrators, in just the last month, three arbitrators either lifted stays they had previously entered or indicated they may do so shortly. Another 324 of Defendants' arbitrations are proceeding before 15 different arbitrators. Among these arbitrations, there are 149 arbitrations before eight arbitrators with dates for final merits hearings already in place. 52 other arbitrations—including arbitrations of 28 Defendants—have proceeded to final merits hearings before seven different arbitrators, for a total of 46 days of hearings.

46. Among the 52 arbitrations that are complete are those of 25 claimants in which the arbitrator issued a final award. All of those awards are in Valve's favor. These 25 claimants are not Defendants.

47. A true and correct copy of one of the 23 final awards issued by Arbitrator Michael F. Saydah, as filed in redacted form in Valve's petition to confirm the award in the King County

DECLARATION OF ANDREW J. FUCHS – 8
No. 2:24-CV-1717-JNW

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Superior Court in Washington, is attached hereto as <u>Exhibit 5</u>. The remaining 22 awards issued by Arbitrator Saydah are substantively the same.

48. A true and correct copy of an order of the King County Superior Court in Washington confirming the final award described in the foregoing paragraph is attached hereto as <u>Exhibit 6</u>. The orders of the King County Superior Court in Washington confirming 21 other awards issued by Arbitrator Saydah are substantively the same.

49. A true and correct copy of one of the two final awards issued by Arbitrator Stacey R. Gilman, as filed in redacted form in Valve's petition to confirm the award in the King County Superior Court in Washington, is attached hereto as <u>Exhibit 7</u>. The other final award issued by Arbitrator Gilman is substantively the same.

50. An arbitrator in four other of Defendants' arbitrations has issued an Interim Award that is partially in the claimants' favor and partially in Valve's favor.

51. Absent an injunction, Valve will continue to expend time and resources defending against Defendants' claims in arbitration. Valve is participating and will continue to participate in these arbitrations at all times under a reservation of rights on the grounds that the arbitrations must be closed because the parties have no agreement to arbitrate.

52. This time and expense incurred will be substantial. Each arbitrator holds separate hearings, requires the parties to brief and argue issues separately, and issues separate orders on exchange of information and myriad other procedural and substantive issues.

53. Valve has devoted substantial time and resources towards defending Defendants' arbitrations. Absent an injunction, these costs will continue to grow exponentially.

54. Bucher Law has amplified these costs through wasteful and at times vexatious litigation tactics.

55. Bucher Law has repeatedly sought duplicative and unnecessary testimony from Valve employees in arbitration proceedings. Bucher Law has demanded **more than 60 subpoenas**

DECLARATION OF ANDREW J. FUCHS – 9
No. 2:24-CV-1717-JNW

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

of more than a dozen Valve employees before 11 arbitrators for arbitration proceedings where Defendants request on average only a few thousand dollars each. In one set of arbitrations before the same arbitrator, Bucher Law requested 15 subpoenas to Valve employees. And it did so even though 10 of its own claimants in that proceeding—Defendants in this action—**refused to appear to testify themselves in support of their own claims**.

56. Although some arbitrators have declined to issue subpoenas, others have not. As a result, Valve's employees—and its Chief Operating Officer—have been and continue to be subjected to dozens of hours of duplicative testimony across multiple merits hearings.

57. Valve employees have been issued subpoenas to testify and have appeared, in total, 25 times before five different arbitrators. Cumulatively, these witnesses have testified for **more than 76 hours**. One member of the Steam business team has testified for more than 21 hours across four final merits hearings.

58. Valve's employees have lost, and will continue to lose, considerable time in preparing for and attending these hearings.

59. Much of the testimony sought by Bucher Law has been duplicative and thus completely unnecessary. Bucher Law has requested dozens of subpoenas—and is continuing to request such subpoenas—to elicit testimony that has already been given in prior arbitrations.

60. In one arbitration, Bucher Law has even characterized calling these witnesses as offering the same evidence as it had previously put before another arbitrator.

61. In another arbitration, Bucher Law's co-counsel informed a witness—a Valve employee—that counsel would be asking her the exact questions he posed to her in a prior arbitration.

62. Bucher Law has additionally sought pre-hearing depositions of multiple Valve employees and its Chief Operating Officer.

DECLARATION OF ANDREW J. FUCHS – 10
No. 2:24-CV-1717-JNW

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

63. Valve is also incurring significant cost and expending substantial time engaged in briefing on issues arising from Bucher Law's improper vetting of arbitration claimants—and what appears to be lack of authorization to proceed on their behalf.

64. Bucher Law has pursued claims on behalf of deceased individuals and minors in multiple arbitrations. In one arbitration, Bucher Law withdrew the claim of a minor on whose behalf Bucher Law could not have had authorization to prosecute an arbitration just days before the start of the final merits hearing, after Valve had incurred substantial expense and devoted considerable resources preparing for the hearing.

65. Mr. Bucher has also withdrawn, attempted to withdraw, or requested a "stay" of other claims on the eve of final merits hearings—after Valve expended substantial resources and time briefing pre-hearing motions, engaging in information exchange, and participating in numerous pre-hearing conferences. In one set of arbitrations before the same arbitrator, Bucher Law attempted to withdraw the claim of one claimant **less than 24 hours** before the start of the final merits hearing, and requested stays (without basis or explanation) for three other claimants just **20 minutes** before this same hearing was set to commence.

66. To date, Claimants' counsel has failed to produce no fewer than 20 (out of 52) claimants to testify to establish their claims in their own arbitrations that have proceeded to final merits hearings.

67. Bucher Law has also failed to produce certifications on behalf of Defendants affirming that they intended to proceed in arbitration or providing basic information about their video game purchase and use history. This is further indication that Bucher Law is prosecuting arbitrations without authorization.

68. In one set of arbitrations, the arbitrator directed Bucher Law to provide certifications by a certain date that 20 claimants before the arbitrator—all but one of whom are Defendants in this action—intended to proceed in arbitration. In response, Bucher Law submitted

DECLARATION OF ANDREW J. FUCHS - 11
No. 2:24-CV-1717-JNW

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

purported "affidavits" with respect to just 14 of the claimants. The purported affidavits merely provided boilerplate representations about the claimant's address, Steam account, and past statements relating to their arbitration. (Testimony later revealed that these purported affidavits were riddled with errors, even as to basic factual matters.) None of the purported affidavits addressed the arbitrator's concern about whether claimants actually wished to proceed in arbitration rather than court. And Bucher Law submitted **nothing** with respect to six of the 20 claimants.

69.  In hearings before another arbitrator, Bucher Law questioned multiple claimants at length about details in purported affidavits, yet Bucher Law had not produced those affidavits to Valve or to the arbitrator. In fact, Bucher Law has not provided purported affidavits for at least 23 of the 25 claimants proceeding before that arbitrator.

70.  In two arbitrations proceeding before another arbitrator, each claimant submitted three successive purported affidavits. The third, final purported affidavits stated that the statements made in the prior two affidavits should be "disregarded." During Valve's cross-examination of the claimants in the final merits hearing, both testified that the third, "final" purported affidavits nonetheless contained additional errors—providing incorrect dates for purchases and incorrectly stating that claimants purchased games on Steam that they in fact purchased from entirely different platforms. Both claimants testified that the purported affidavits were written for them by Bucher Law.

71.  In another arbitration before a different arbitrator, a claimant stated in his pre-hearing purported affidavit that he spent just $10 on game purchases from non-Steam platforms. During his testimony before the arbitrator, the claimant clarified that his purported affidavit "overlooked" other non-Steam purchases, to the tune of between $300-$400 on PC game purchases made on alternative platforms.

DECLARATION OF ANDREW J. FUCHS – 12
No. 2:24-CV-1717-JNW

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

72. Bucher Law has repeatedly sought—and continues to seek—orders from arbitrators requiring Valve to produce documents that third parties produced and marked as Confidential or Highly Confidential in *Wolfire*. Bucher Law has made these requests even though producing these documents would cause Valve to violate the protective order this Court entered in *Wolfire*. Valve has been required to brief this issue—and has done so successfully—before numerous arbitrators. Bucher Law continues to seek this impermissible disclosure from arbitrators. Valve continues to be required to oppose these meritless requests.

73. I also submit this declaration to transmit to the Court true and correct copies of the following documents that are attached hereto:

|  | **DESCRIPTION** |
| --- | --- |
| Exhibit 1 | Presentation Entitled Mass Arbitration Strategy and Investment Opportunity, Ex. 1 to Affidavit of William Bucher, *Zaiger LLC v. Bucher Law PLLC*, Index No. 154124/2023 (N.Y. Sup. Ct. filed May 9, 2023) (NYCEF No. 32). |
| Exhibit 2 | Letter from AAA to Will Bucher and Charles B. Casper, *Individual Claimants v. Valve Corporation*, AAA Case No. 01-23-0004-3600 (Oct. 7, 2024). |
| Exhibit 3 | Chart Identifying Defendants. |
| Exhibit 4 | Letter from Michael W. McTigue to AAA, *Individual Claimants v. Valve Corporation*, AAA Case No. 01-23-0004-3600 (Sept. 27, 2024). |
| Exhibit 5 | Redacted Final Award, *Gonzalez v. Valve Corporation dba Steam*, AAA Case No. 01-23-0005-3839. |
| Exhibit 6 | Order Confirming Arbitration Award and Entry of Final Judgment, *Valve Corp. v. Gonzalez*, No. 25-2-06159-1 SEA (Wash. Super. Ct. Mar. 31, 2025). |
| Exhibit 7 | Redacted Final Award, *Stewart v. Valve Corporation dba Steam*, AAA Case No. 01-23-0005-7459. |
| Exhibit 8 | Complaint, *Zaiger LLC v. Bucher Law PLLC*, Index No. 154124/2023 (N.Y. Sup. Ct. filed May 9, 2023). |

DECLARATION OF ANDREW J. FUCHS – 13
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| | DESCRIPTION |
|---|---|
| Exhibit 9 | Renewed *Ex Parte* Motion Seeking Leave to Provide Communication to Certain Respondents, *Valve Corporation v. Abbruzzese*, No. 2:24-cv-1717-JNW (W.D. Wash. filed Nov. 25, 2024) (Dkt. 39). |
| Exhibit 10 | Declaration of Blake Marks-Dias in Support of Petitioner's Renewed *Ex Parte* Motion, *Valve Corporation v. Abbruzzese*, No. 2:24-cv-1717-JNW (W.D. Wash. filed Nov. 25, 2024) (Dkt. 40). |
| Exhibit 11 | New York Dept. of State, UCC Financing Statement and Agreement (206246) of Bench Walk 22m, L.P. and Bucher Law PLLC (Apr. 6, 2023). |
| Exhibit 12 | SEC Form D Notice of Exempt Offering of Securities for Bench Walk 22m, L.P. (June 7, 2023). |
| Exhibit 13 | Bucher Law PLLC Retainer Published Online (Mar. 17, 2024). |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 21, 2025 in Austin, Texas.

ANDREW J. FUCHS

DECLARATION OF ANDREW J. FUCHS - 14
No. 2:24-CV-1717-JNW

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900