# EXHIBIT 4

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
**www.skadden.com**

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
212-735-3529
DIRECT FAX
917-777-3529
EMAIL ADDRESS
MICHAEL.MCTIGUE@SKADDEN.COM

September 27, 2024

**<u>VIA ELECTRONIC MAIL</u>**

Heather Santo
Vice President
American Arbitration Association
SantoH@adr.org

Victoria Chandler
Director of ADR Services
American Arbitration Association
VictoriaChandler@adr.org

Krista Peach
Assistant Vice President
American Arbitration Association
peachk@adr.org

Jill Roettger
Manager of ADR Services
American Arbitration Association
jillroettger@adr.org

> RE:    *Individual Claimants v. Valve Corporation*, Case No. 01-23-0004-3600

Dear Ms. Santo, Ms. Chandler, Ms. Peach, and Ms. Roettger:

We write on behalf of Respondent Valve Corporation ("Valve") to request that the AAA administratively close the above-referenced arbitration proceedings. The AAA no longer has jurisdiction over these cases because an AAA arbitrator ruled the arbitration agreement in Valve's Steam Subscriber Agreement ("SSA") under which these cases were brought is unenforceable, and Valve then removed the arbitration agreement from the SSA. The updated SSA provides:

> All disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained exclusively in any state or federal court located in King County, Washington, having subject matter jurisdiction. You and Valve hereby consent to the exclusive jurisdiction of such courts and waive any objections as to personal jurisdiction or venue in such courts.

(*See* Ex. A § 10.)

In addition, counsel for the claimants in these matters, Bucher Law PLLC ("Claimants' Counsel"), filed a putative class action complaint on August 9, 2024, citing the previous AAA rulings on unenforceability and asserting that the arbitration agreement in the prior version of the SSA is unenforceable as to all members of a nationwide putative class, including all of the Claimants in these arbitrations, Complaint ¶ 14, *Elliott v. Valve Corporation*, No. 2:24-cv-01218 (W.D. Wash. filed Aug. 9, 2024).  As such, each Claimant's claims against Valve are still being pursued by their chosen counsel—just in a different forum (federal court), which Claimants' Counsel has stated is the superior forum for resolution.[1]

Accordingly, Valve respectfully requests that the AAA close these proceedings. Valve will reimburse Claimants' Counsel for all filing fees they have paid in these arbitrations, and will also pay all AAA fees incurred to date.

Respectfully,

/s/ *Michael W. McTigue Jr.*

Michael W. McTigue Jr.

cc:    Neil Currie, Vice President, American Arbitration Association
       All counsel of record

---

[1]    *See* Complaint ¶¶ 176–177, *Elliott v. Valve Corporation*, No. 2:24-cv-01218 (W.D. Wash. filed Aug. 9, 2024) (ECF No. 1) ("The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant . . .  This class action is superior to any other method for the fair and efficient adjudication of this legal dispute . . . [I]t is highly impracticable for such Class members to individually attempt to redress the wrongful anticompetitive conduct alleged herein.").