HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>    Petitioner,<br><br>v.<br><br>THOMAS ABBRUZZESE, et al.,<br><br>    Defendants. | Case No. 2:24-cv-1717-JNW<br><br>DEFENDANTS' MOTION FOR LEAVE TO FILE AN OVER-LENGTH RESPONSE BRIEF<br><br>NOTED ON MOTION CALENDAR:<br>September 8, 2025 |

Defendants, through undersigned counsel, hereby move to file an over-length brief pursuant to Local Rules W.D. Wash. LCR 7(f).

**I. MOTION**

Defendants respectfully move for leave to file a single, consolidated opposition to Valve's motion for preliminary injunction not to exceed 12,000 words, and for Plaintiff's reply to be up to 6,000 words. Plaintiff's counsel has stated that it does not oppose this request.

Good cause exists for the single over-length brief. Valve improperly joined 572 individual defendants by suing them each on an individual basis with no allegation of joint, several, or alternative liability. *See* Fed. R. Civ. P. 20(a)(2). Under the rules, each defendant may file an opposition of up to 8,400 words. Preparing hundreds of separate briefs would burden the Court and the docket. Consolidating into one opposition promotes judicial economy, avoids duplicative filings, and provides the Court a coherent, organized presentation of all currently known arguments. Defendants' counsel believes those arguments can be addressed within a 12,000-word cap.

The requested length is also warranted by the breadth and novelty of the issues. Valve's motion is shot through with questions of first impression and complex threshold doctrines, including (among others): Article III and Declaratory Judgment Act limits; waiver and forfeiture under *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022); the scope and limits of any judge-made authority to enjoin arbitrations versus the statutory scheme of the FAA; the applicability (and inapplicability) of *Coinbase, Inc. v. Suski*, 602 U.S. 143 (2024), on reconsideration of previous orders and/or mid-stream interlocutory appeals; the heightened standard for mandatory injunctions that alter, rather than preserve, the status quo; and the adequacy of legal remedies. The brief must also address multiple arbitrators' reasoned rulings denying Valve's parallel requests to halt proceedings or divest arbitral jurisdiction.

State-law questions further support the requested length. Valve's theory turns on Washington contract law and modern consumer-contract principles concerning unilateral updates to boilerplate terms. Defendants will show that Valve never manifested any intent— much less provided meaningful, penalty-free opt-out—to require consumers to withdraw pending arbitrations, and that the first time this unexpressed and subjective intent was

conveyed to each Defendant was in this very litigation. The consolidated opposition will also explain why the Restatement of Consumer Contracts counsels against enforcing unilateral modifications that retroactively extinguish in-flight claims. The consolidated opposition will also explain why the Restatement of Consumer Contracts counsels against enforcing unilateral modifications that retroactively extinguish in-flight claims, and why the Restatement requires that any unilateral update provide a reasonable opportunity to opt out without penalty or personal burden to the user.

The requested 12,000-word cap is conservative relative to the scope of the case (572 defendants × 8,400 words each) and will materially streamline proceedings. Permitting a single, longer brief now will save the Court substantial time versus adjudicating duplicative issues across scores of filings. Allowing Plaintiff a 6,000-word reply ensures parity and gives the Court balanced presentations.

Timewise, this motion complies with the local rules: it is filed no later than three days before the opposition is due, which is this Thursday. Local Rules W.D. Wash. LCR 7(f). Although defense counsel has requested an extension of the deadline, Valve has conditioned agreement on substantive concessions regarding the merits before allowing Defendants' counsel any extension to respond to the motion for preliminary relief. This is so even when Mr. Bucher is in trial for the next two weeks. Putting professional courtesy aside, this conduct evidences an attempt to secure victory by making the process unduly burdensome or by forcing

defaults, rather than allowing all improperly joined parties a fair opportunity to address the merits through their chosen counsel.[1]

## II. CONCLUSION

For these reasons, Defendants respectfully request leave to file a single consolidated opposition of up to 12,000 words and for Plaintiff to file a reply of up to 6,000 words.

DATED this 8th day of September, 2025.

                                      BAILEY DUQUETTE P.C.

                                      By: */s William R. Burnside*
                                      William R. Burnside, WSBA #36002
                                      800 Fifth Ave, Suite 101-800
                                      Seattle, Washington 98104
                                      T: 206.353.8021
                                      E: will@baileyduquette.com

                                      BUCHER LAW PLLC

                                      William Ward Bucher IV
                                      (*pro hac vice* admitted for some Defendants and for the remaining Defendants forthcoming)
                                      350 Northern Blvd, STE 324-1519
                                      Albany, NY 12204-1000
                                      Tel. 202.997.3029
                                      E: will@bucherlaw.com

                                      *Attorneys for Defendants*

*I certify that this motion contains less than 700 words pursuant to Local Rules W.D. Wash. LCR 7(f)(2).*

---

[1] Defense counsel is diligently exploring every opportunity to secure a reasonable, non-prejudicial extension without requiring court intervention through a motion to extend time or a telephonic request.

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing Defendants' Motion for Leave to File an Over-length Response Brief served upon counsel of record herein, as follows:

| | |
|---|---|
| Blake Marks-Dias, WSBA No. 28169<br>1015 Second Avenue, Floor 10<br>Seattle, Washington 98104<br>(206) 625-8600 Phone<br>(206) 625-0900 Fax<br>E: bmarksdias@corrcronin.com | ☒ Via Email<br>☒ Via Electronic Service |

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
E: michael.mctigue@skadden.com
E: meredith.slawe@skadden.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: September 8, 2025 at Seattle, Washington.

      *s/ William R. Burnside*
      William Burnside, WSBA No. 36002