HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

        Plaintiff,

        v.

ABBRUZZESE et al.,

        Defendants.

No. 2:24-CV-1717-JNW

**PLAINTIFF VALVE CORPORATION'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE AN OVER-LENGTH RESPONSE BRIEF (DKT. 83)**

PLAINTIFF VALVE CORPORATION'S
RESPONSE TO DEFENDANTS' MOTION FOR
LEAVE TO FILE AN OVER-LENGTH
RESPONSE BRIEF (DKT. 83)
NO. 24-CV-1717

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1   Plaintiff Valve Corporation ("Valve") does not oppose Defendants' request for an enlargement of the 8,400-word limit for their opposition to Valve's Motion for a Preliminary Injunction. Valve writes here to clarify two points.

**First**, Valve does not currently request an enlargement of its own word limits in reply on the Motion. Valve has not yet seen Defendants' opposition to the Motion and therefore cannot assess whether an enlargement is appropriate (and if so, the number of additional words that may be warranted).

**Second**, Valve did not "condition agreement" to an extension of the September 11, 2025, deadline for Defendants to respond to the Complaint and Motion on "substantive concessions regarding the merits." Rather, Valve sought to (i) work through service and representation issues given Defendants' counsel's prior inconsistent statements and (ii) avoid a dispute—and motion practice—by incorporating in the stipulation that all Defendants had been served. (Ex. A.)

DATED: September 9, 2025.

I certify that this memorandum contains 150 words, in compliance with the Local Civil Rules.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Plaintiff Valve Corporation*

PLAINTIFF VALVE CORPORATION'S
RESPONSE TO DEFENDANTS' MOTION FOR
LEAVE TO FILE AN OVER-LENGTH
RESPONSE BRIEF (DKT. 83)
NO. 24-CV-1717

2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# EXHIBIT A

**Tavakoli, Shaud G (NYC)**

| | |
|---|---|
| **From:** | Will Burnside <will@baileyduquette.com> |
| **Sent:** | Monday, September 8, 2025 3:08 PM |
| **To:** | Tavakoli, Shaud G (NYC) |
| **Cc:** | will@bucherlawfirm.com; McTigue Jr., Michael W (NYC); Slawe, Meredith C (NYC); Blake Marks-Dias |
| **Subject:** | [Ext] Re: Valve Corp. v. Abbruzzese, No. 24-cv-1717 (W.D. Wash.) |

Shaud,

There seems to be some miscommunication. Valve's position that defendants must waive Rule 12(b) defenses in exchange for a one-week, non-prejudicial extension of time to respond to the preliminary injunction is not reasonable. The vast majority of my time has necessarily been devoted to addressing the issues raised in Valve's motion for preliminary injunction—not to questions of service. Like the merits, the service issues also present novel questions that I will address in due course.

Once the opposition is filed (and I have had an opportunity to catch up on other matters), I will review the service issues in detail. Consistent with Judge Whitehead's rules, I will raise any such issues with you through a meet-and-confer before filing any motion to dismiss on the disfavored service defenses. That process will allow us either to resolve or to narrow disputes, thereby avoiding unnecessary motion practice.

In the meantime, I ask that Valve stipulate to a short, non-prejudicial extension of the response deadline so the parties can focus on the merits of the pending motion without bothering the Court.

Best,

**William R. Burnside**
**BAILEY DUQUETTE P.C.**

---

**From:** Tavakoli, Shaud G <Shaud.Tavakoli@skadden.com>
**Sent:** Monday, September 8, 2025 10:04 AM
**To:** Will Burnside <will@baileyduquette.com>
**Cc:** will@bucherlawfirm.com <will@bucherlawfirm.com>; McTigue Jr., Michael W <Michael.McTigue@skadden.com>; Slawe, Meredith C <Meredith.Slawe@skadden.com>; Blake Marks-Dias <bmarksdias@corrcronin.com>
**Subject:** Re: Valve Corp. v. Abbruzzese, No. 24-cv-1717 (W.D. Wash.)

Will,

Per our correspondence, you have repeatedly confirmed that service has been effectuated on all Defendants and have instructed Valve not to personally serve Defendants. As we have said, Valve is amenable to the requested extensions if Defendants confirm to the Court that all Defendants have been served.

Best,
Shaud

1

On Sep 8, 2025, at 8:59 AM, Will Burnside <will@baileyduquette.com> wrote:

Shaud,

The Federal Rules of Civil Procedure are clear: any defenses relating to service are addressed at the initial answer stage. See Fed. R. Civ. P. 12(h). You have offered no reason why Valve is entitled to an early preview—or waiver—of such defenses.

That said, this is beside the point. The immediate question is whether, if I file a notice of appearance, will you agree with me, as counsel of record, to a reasonable, non-prejudicial extension of the initial deadlines. If not, I will begin drafting a motion for an extension, and this email thread will likely be Exhibit 1.

Best,

**William R. Burnside**
**BAILEY DUQUETTE P.C.**

---

**From:** Tavakoli, Shaud G <Shaud.Tavakoli@skadden.com>
**Sent:** Sunday, September 7, 2025 7:51 PM
**To:** Will Burnside <will@baileyduquette.com>; 'will@bucherlawfirm.com' <will@bucherlawfirm.com>
**Cc:** McTigue Jr., Michael W <Michael.McTigue@skadden.com>; Slawe, Meredith C <Meredith.Slawe@skadden.com>; 'Marks-Dias, Blake' <bmarksdias@corrcronin.com>
**Subject:** RE: Valve Corp. v. Abbruzzese, No. 24-cv-1717 (W.D. Wash.)

Will,

As this email chain reflects, on the day Valve filed the complaint and motion for preliminary injunction we stated that service had been effected on all previously served Defendants. We also asked you to accept service of the complaint and motion with respect to all Defendants (including the Defendants who had not yet been served). On August 26, 2025, you confirmed that you would accept service on behalf of all Defendants and stated that "**[d]irect personal service on the respondents is unnecessary**." You also asked for extensions of your deadlines.

We therefore proposed a straightforward stipulation that (i) confirms that there will be no disputes as to service and (ii) provides you the extensions that you requested, in both cases to avoid burdening the parties and the court with unnecessary motion practice. A scheduling stipulation that confirms service and preserves all defenses except as to service is of course routine. To be clear, our proposal, based on your own representations and requests to us, had nothing to do with counsel's other commitments (and we were unaware that you were in trial).

You at no point expressed any intention to raise service defenses. We are hence surprised by your email today—a week and a half after you agreed that all Defendants had been

2

served and that further service was "unnecessary"—that you intend to preserve unspecified service defenses. This appears to be transparent gamesmanship.

If you actually intend to raise any service defenses, please immediately identify them so we can promptly address.

Regards,
Shaud

---

**From:** Will Burnside <will@baileyduquette.com>
**Sent:** Sunday, September 7, 2025 4:40 PM
**To:** Tavakoli, Shaud G (NYC) <Shaud.Tavakoli@skadden.com>; 'will@bucherlawfirm.com' <will@bucherlawfirm.com>
**Cc:** McTigue Jr., Michael W (NYC) <Michael.McTigue@skadden.com>; Slawe, Meredith C (NYC) <Meredith.Slawe@skadden.com>; 'Marks-Dias, Blake' <bmarksdias@corrcronin.com>
**Subject:** [Ext] Re: Valve Corp. v. Abbruzzese, No. 24-cv-1717 (W.D. Wash.)

Shaud,

Your redlines were provided without context, which makes it difficult to understand why you are asking us to stipulate to the legal conclusion that service was proper rather than the narrower fact that you served the attorney of record in the underlying dispute. As framed, Valve's request that defendants waive potential defenses does not reflect a professional courtesy to counsel who is currently in trial—it instead appears to seek concessions unrelated to the scheduling issue before us.

We are proposing a straightforward solution that avoids burdening the Court with unnecessary disputes. If BD files a notice of appearance on Monday, will Valve agree to a stipulation limited solely to extending the deadlines? Any service defenses, if raised, can be addressed in the ordinary course through individual motions to dismiss.

Please let me know at your earliest convenience so we can avoid unnecessary motion practice on Monday, which is the deadline for our motion for over-length briefing if the extension is not resolved.

Best,

**William R. Burnside**
**BAILEY DUQUETTE P.C.**

---

**From:** Tavakoli, Shaud G <Shaud.Tavakoli@skadden.com>
**Sent:** Friday, September 5, 2025 3:18 PM
**To:** Will Burnside <will@baileyduquette.com>; 'will@bucherlawfirm.com' <will@bucherlawfirm.com>
**Cc:** McTigue Jr., Michael W <Michael.McTigue@skadden.com>; Slawe, Meredith C <Meredith.Slawe@skadden.com>; 'Marks-Dias, Blake' <bmarksdias@corrcronin.com>
**Subject:** RE: Valve Corp. v. Abbruzzese, No. 24-cv-1717 (W.D. Wash.)

Will,

3

Attached is a markup of the draft stipulation in clean and redline against your version. We agree that you may file a combined notice of appearance and do not read the rule to require otherwise. Nonetheless, Valve does not object to including in the stipulation that you may file a combined notice. Separately, Valve does not agree to stipulate to an enlargement but will not oppose your request should you file a motion. Valve expects that you would likewise not oppose a similar request by Valve.

Best,
Shaud

**From:** Will Burnside <will@baileyduquette.com>
**Sent:** Wednesday, September 3, 2025 12:19 PM
**To:** Tavakoli, Shaud G (NYC) <Shaud.Tavakoli@skadden.com>; 'will@bucherlawfirm.com' <will@bucherlawfirm.com>
**Cc:** McTigue Jr., Michael W (NYC) <Michael.McTigue@skadden.com>; Slawe, Meredith C (NYC) <Meredith.Slawe@skadden.com>; 'Marks-Dias, Blake' <bmarksdias@corrcronin.com>
**Subject:** [Ext] Re: Valve Corp. v. Abbruzzese, No. 24-cv-1717 (W.D. Wash.)

Shaud,

Please find attached our redlines to the proposed stipulation. As reflected, we are also requesting that the Court waive any requirement to file over 550 individual notices of appearance and permit additional words for briefing on the preliminary injunction—applicable both to our response and to your reply.

Best,
**William R. Burnside**
**BAILEY DUQUETTE P.C.**

**From:** Tavakoli, Shaud G <Shaud.Tavakoli@skadden.com>
**Sent:** Tuesday, September 2, 2025 5:33 PM
**To:** Will Burnside <will@baileyduquette.com>; 'will@bucherlawfirm.com' <will@bucherlawfirm.com>
**Cc:** McTigue Jr., Michael W <Michael.McTigue@skadden.com>; Slawe, Meredith C <Meredith.Slawe@skadden.com>; 'Marks-Dias, Blake' <bmarksdias@corrcronin.com>
**Subject:** RE: Valve Corp. v. Abbruzzese, No. 24-cv-1717 (W.D. Wash.)

Will,

Just following up on this.

Best,
Shaud

**From:** Tavakoli, Shaud G (NYC)
**Sent:** Thursday, August 28, 2025 4:43 PM
**To:** 'Will Burnside' <will@baileyduquette.com>; 'will@bucherlawfirm.com' <will@bucherlawfirm.com>
**Cc:** McTigue Jr., Michael W (NYC) <Michael.McTigue@skadden.com>; Slawe, Meredith C (NYC) <Meredith.Slawe@skadden.com>; 'Marks-Dias, Blake' <bmarksdias@corrcronin.com>
**Subject:** RE: [Ext] Re: Valve Corp. v. Abbruzzese, No. 24-cv-1717 (W.D. Wash.)

Will,

Please find attached a draft scheduling stipulation and proposed order reflecting your proposed requests for extensions on behalf of Defendants.

For the avoidance of doubt, Valve does not agree with your characterization of its service efforts with respect to Defendant Walker.

Regards,
Shaud

**From:** Will Burnside <will@baileyduquette.com>
**Sent:** Tuesday, August 26, 2025 4:12 PM
**To:** Tavakoli, Shaud G (NYC) <Shaud.Tavakoli@skadden.com>; 'will@bucherlawfirm.com' <will@bucherlawfirm.com>
**Cc:** McTigue Jr., Michael W (NYC) <Michael.McTigue@skadden.com>; Slawe, Meredith C (NYC) <Meredith.Slawe@skadden.com>; 'Marks-Dias, Blake' <bmarksdias@corrcronin.com>
**Subject:** [Ext] Re: Valve Corp. v. Abbruzzese, No. 24-cv-1717 (W.D. Wash.)

Shaud,

Any petition or complaint should be served under Rule 5 on counsel of record in the underlying arbitrations. Direct personal service on the respondents is unnecessary and creates the appearance of an effort to pressure settlement or withdrawal rather than advance this litigation on the merits.

We are also concerned by your decision to serve Mr. Walker *after* the Court had already struck Valve's petition. That incident underscores why we believe future service should be directed to counsel of record.

In the meantime, will you agree to reasonable extensions of time for responding to the preliminary injunction motion and for answering any complaint? Since the preliminary injunction is noted for consideration on September 26, will you agree that we may file our response by September 19? And will you also agree to extend the deadline to respond to the complaint to October 3? We hope to avoid unnecessary motion practice on these issues and trust you will extend the same professional courtesy we would provide in return.

Best,

**William R. Burnside**
**BAILEY DUQUETTE P.C.**

**From:** Tavakoli, Shaud G <Shaud.Tavakoli@skadden.com>
**Sent:** Thursday, August 21, 2025 8:26 PM
**To:** Will Burnside <will@baileyduquette.com>; 'will@bucherlawfirm.com' <will@bucherlawfirm.com>
**Cc:** McTigue Jr., Michael W <Michael.McTigue@skadden.com>; Slawe, Meredith C

<Meredith.Slawe@skadden.com>; 'Marks-Dias, Blake' <bmarksdias@corrcronin.com>
**Subject:** Valve Corp. v. Abbruzzese, No. 24-cv-1717 (W.D. Wash.)

Counsel,

Today Valve Corporation filed the attached complaint and motion for preliminary injunction along with supporting papers (available at link below) in the above-referenced action.

You have represented to the Court that you represent all Defendants in the action. As such, the complaint was deemed served under Rule 5 through filing on ECF as to all Defendants who were served with original process in the action. Please confirm by 5:00 pm PT on August 26, 2025, that you accept service of the complaint pursuant to Rule 4 and all other papers in the action on behalf of all Defendants, including the three Defendants who have not been served with original process in the action: Zachary Aletheia, Steven Armant, and Ricky Mullins. The complaint and other filings are available at the link below.

Valve Corp. v. Abbruzzese Filings

Regards,
Shaud

**Shaud G. Tavakoli**
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | NY | 10001-8602
T: 212.735.3546 | F: 917.777.3546
shaud.tavakoli@skadden.com

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

============================================================================
------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional

qualifications will be provided upon request.

================================================================================

--------------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

--------------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

--------------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================