Honorable Jamal N. Whitehead

United States District Court
Western District of Washington
at Seattle

Valve Corporation,

    Plaintiff,

v.

Thomas Abbruzzese, *et al.*,

    Defendants.

Case No. 2:24-cv-1717-JNW

Defendant Ethan Lefebvre's Motion To Confirm Arbitration Award

Noted On Motion Calendar:
October 31, 2025

Defendant Ethan Lefebvre ("**Mr. Lefebvre**"), through undersigned counsel, hereby moves to confirm an arbitration award in his favor against Plaintiff Valve Corporation d/b/a Steam ("**Steam**").

## I. Introduction

This motion seeks straightforward relief: confirmation of an arbitration award entered in Mr. Lefebvre favor against Steam. The arbitrator found that Steam violated federal antitrust law and awarded Mr. Lefebvre damages, attorney's fees, and costs of $780,961.15. The Federal Arbitration Act ("FAA") provides that

Defendant Ethan Lefebvre's Motion To
Confirm Arbitration Award – Page 1

BAILEY DUQUETTE P.C.
800 Fifth Avenue, Suite 101-800
Seattle, Washington 98104
T 206.353.8021 | F 888.233.5869

such awards must be confirmed absent grounds for vacatur. Because no such grounds exist here, the Court should enter judgment on the award.

## II. FACTS

On October 2, 2023, Mr. Lefebvre filed a demand for arbitration against Steam with the American Arbitration Association. Ex. 1 (Interim Award) at 1. He alleged that Steam violated Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1–2, by using monopoly power to fix prices and reduce competition in the U.S. market for digital distribution of PC games. *Id*.

After ten days of arbitration hearings[1], on May 29, 2025, Arbitrator Frances Floriano Goins issued an Interim Award on liability and damages. *Id*. Arbitrator Goins concluded:

> (i) On balance, the evidence supported this description as to the product, but I find that the geographic market is worldwide. Consistent with the decision of the court that most recently addressed the matter, I find that Steam does "hold[] and maintain[] monopoly power in the PC video game digital distribution market." *In re Valve Antitrust Lit.*, 2024 WL 4893373 *8 (W.D. Wash. Nov. 26 2024); *Epic Games, Inc., v. Apple, Inc.*, 67 F.4th 946 (9th Cir. 2023) ("Steam is a 'dominant player in the space ... with 70 to 85 percent market share depending on how you define the space.'")
> (ii) The evidence showed that through its agreements with developers and publishers, [Steam] had the power to, and did enforce "price parity" restrictions, "post and hold" restrictions, and discounting rules by forcing the said developers and publishers to adjust the prices of their games on other distribution platforms.

---

[1] By written and signed consent of the parties' counsel, Mr. Lefebvre and Steam agreed that testimony from three other arbitrations could be applied to his case as well. The total hearing time—both for Mr. Lefebvre's own hearing and those hearing days whose record was also incorporated into Mr. Lefebvre's—was ten days.

DEFENDANT ETHAN LEFEBVRE'S MOTION TO
CONFIRM ARBITRATION AWARD – Page 2

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

    (iii) [Steam's] witnesses uniformly presented what appeared to be rehearsed explanations for the company's conduct that were at odds with the anticompetitive goals and effects expressed in their written communications. I will not discuss every alleged justification in detail, but suffice to say that they were not persuasive.

    (iv) [Steam] does have the requisite monopoly power and has maintained and grown that power through the anticompetitive conduct discussed herein. . . . The record reflects [Steam's] actual control of PC game prices charged by competitors through its manipulation of, and agreements with developers and publishers, its efforts to exclude competitors, and its control of competitors' output and supply through its ability to grant or deny Steam Keys. This anticompetitive conduct, combined with [Steam's] monopoly power, is sufficient to establish the second element of [Mr. Lefebvre's] Section 2 claim.

    (v) Based on the findings and conclusions stated above, I find that [Steam's] actions violated Sections l and 2 of the Sherman Act. [Mr. Lefebvre's] actual damages of $1,016.18 are accordingly trebled, and he is awarded the sum of $3,048.54 plus costs of this arbitration and attorney fees in an amount to be determined.

*Id*. at 1–2 (arbitration record citations omitted).

Arbitrator Goins then requested briefing on attorney's fees. *Id*. at 3. On September 3, 2025, she issued the Final Award, awarding Mr. Lefebvre damages, costs, and attorney's fees as follows:

- $2,008.56 in damages, plus pre-judgment interest on such damages for the period beginning on the date of service of [Mr. Lefebvre's] pleading setting forth a claim under the antitrust laws (October 2, 2023) and ending on the date of this Final Award at a rate of 8% per annum;

- $732,426.52 in attorney fees; and

- $46,526.07 in costs.

Ex. 2 (Final Award) at 3.

DEFENDANT ETHAN LEFEBVRE'S MOTION TO
CONFIRM ARBITRATION AWARD – Page 3

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Mr. Lefebvre is a resident of Ohio and Steam is a corporation organized under the laws of Washington state, with its principal place of business in King County, Washington. Dkt. 78 at 20.

### III. ARGUMENT

**A.  The Court Retains Jurisdiction to Confirm the Award**

When a federal court has asserted jurisdiction over a matter under the Federal Arbitration Act ("FAA"), it may confirm the resulting arbitration award. *Kinsella v. Baker Hughes Oilfield Operations, LLC*, 66 F.4th 1099, 1103 (7th Cir. 2023); *see also Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 202 (2000); *Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 275–276 (1932).

Two recent Northern District of California decisions echo *Kinsella*. Each exercised jurisdiction under Section 9 of the FAA to confirm arbitration awards once empowered to do so. *McConnell & Malek Enters. v. Proof Mark, Inc.*, No. 23-CV-00010-LJC, 2025 WL 2430610, at *4 (N.D. Cal. Aug. 22, 2025) (holding that a prior Section 4 action to compel arbitration conferred subject-matter jurisdiction over a later motion to confirm). *Teleport Mobility, Inc. v. Sywula*, No. 21-CV-00874-SI, 2025 WL 860498, at *6 (N.D. Cal. Mar. 18, 2025) (same, where federal-question jurisdiction over the initial complaint extended to the motion to confirm).

Here, at Steam's request, the Court determined it had jurisdiction over Steam's section 4 petition. Dkt. 76. That jurisdiction extends to confirming Mr. Lefebvre's award. Diversity jurisdiction also exists because the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332

DEFENDANT ETHAN LEFEBVRE'S MOTION TO
CONFIRM ARBITRATION AWARD – Page 4

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

## B. The Final Award Must Be Confirmed

The FAA requires confirmation. Within one year of the award, a party may move for confirmation, and "the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. Mr. Lefebvre's motion is timely. The Final Award has not been vacated, and no grounds exist to do so. The Court must confirm it. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 1000 (9th Cir. 2003) ("because Congress has specified standards for confirming an arbitration award, federal courts must act pursuant to those standards and no others").

Confirmation is a summary proceeding that converts the award into a judgment. *Ministry of Def. & Support v. Cubic Def. Sys.*, 665 F.3d 1091, 1094 n.1 (9th Cir. 2011). Review is "limited and highly deferential." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009). Neither legal errors nor factual mistakes justify overturning an award. *Kyocera Corp.*, 341 F.3d at 994. Both the facts and the law confirm that the Final Award must be upheld.

## IV. Conclusion

For the reasons set forth above, the Court should confirm Mr. Lefebvre's Final Award.

DATED this 15th day of September, 2025.

BAILEY DUQUETTE P.C.

By: */s William R. Burnside*
William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800
Seattle, Washington 98104

DEFENDANT ETHAN LEFEBVRE'S MOTION TO
CONFIRM ARBITRATION AWARD – Page 5

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

T: 206.353.8021
E: will@baileyduquette.com

BUCHER LAW PLLC

William Ward Bucher IV
(*pro hac vice* forthcoming)
350 Northern Blvd, STE 324-1519
Albany, NY 12204-1000
T: 202.997.3029
E: will@bucherlaw.com

*Attorneys for Mr. Lefebvre*

I certify that this motion contains less than 4,200 words pursuant to Local Rules W.D. Wash. LCR 7(e)(4).

DEFENDANT ETHAN LEFEBVRE'S MOTION TO
CONFIRM ARBITRATION AWARD – Page 6

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing Defendant Ethan Lefebvre's Motion to Confirm Arbitration served upon counsel of record herein, as follows:

| | |
|---|---|
| Blake Marks-Dias, WSBA No. 28169<br>1015 Second Avenue, Floor 10<br>Seattle, Washington 98104<br>(206) 625-8600 Phone<br>(206) 625-0900 Fax<br>E: bmarksdias@corrcronin.com | ☒ Via Electronic Service |

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
E: michael.mctigue@skadden.com
E: meredith.slawe@skadden.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: September 15, 2025 at Seattle, Washington.

*s/ William R. Burnside*
William Burnside, WSBA No. 36002