# Exhibit C

Privileged & Confidential
Attorney Work Product

Stacey R. Gilman

AMERICAN ARBITRATION ASSOCIATION
CONSUMER RULES AND MASS ARBITRATION SUPPLEMENTARY RULES

| | |
|---|---|
| In the Matter of an Arbitration Between | |
| TYLER KEMP and CODY STEWART, | Case Nos. 012300057451, 012300057459 |
| Claimants, | |
| v. | |
| | **RESPONDENT VALVE** |
| VALVE CORPORATION, | **CORPORATION'S SUPPLEMENTAL** |
| | **OPPOSITION TO CLAIMANT'S MOTION** |
| Respondent. | **FOR PARTIAL SUMMARY JUDGMENT** |

Privileged & Confidential
Attorney Work Product

## **ARGUMENT**

Pursuant to the Tribunal's April 29, 2025 Order, Valve submits this supplemental brief to address Claimants' motion for summary judgment on the statute of limitations ("Mot.").[1]

***First***, Claimants' motion should be denied because they should not benefit from membership in a putative class while at the same time stating their intent to opt out and arbitrate. Under *American Pipe*, Claimants must prove they were members of a putative class defined in a complaint filed in federal court. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983). Claimants argue that the applicable statute of limitations was tolled by the filing of the complaint in *Wolfire Games, LLC et al. v. Valve Corp.*, 2:21-cv-00563 (W.D. Wash. Apr. 27, 2021). Claimants' counsel has taken the position that consumers have the option to proceed either with arbitration or as a class, and Claimants here chose arbitration, in effect opting out before any ruling on certification.  *See* 2:21-cv-00563 (May 2, 2025), Dkt. 441 at 7 (noting that Claimants' counsel advertised that "with the help of Bucher Law PLLC, you will often recover more in arbitration than you would in a class action proceeding").  Having chosen individual arbitration, Claimants should not be allowed to seek the benefits of membership in a putative class.

***Second***, the tribunal should not decide this on the current record because Claimants' motion neither cites nor attaches evidence that either of them ever bought a game on Steam, which is necessary to make Claimants a member of any putative class. The absence of supporting proof is fatal to a summary judgment motion: "[I]f the moving party fails to meet its initial burden" by neglecting to cite supporting evidence, "the burden is never passed to the nonmoving party." *United States v. Mallinckrodt, Inc.*, 343 F. Supp. 2d 809, 816 (E.D. Mo. 2004) (citing *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997)).

---

[1] Valve reserves its jurisdictional objections, as there is no longer an agreement to arbitrate among the parties.

1

Privileged & Confidential
Attorney Work Product

The affidavits Claimants previously gave asserting that the purchases in certain Steam accounts were made by Claimants will not be sufficient proof at trial, because they are hearsay and—despite relaxed evidentiary rules in arbitration—Valve has a fundamental right to cross-examine on essential points. *See Watkins-Johnson Co. v. Pub. Utilities Auditors*, 1996 WL 83883, at *3-4 (N.D. Cal. Feb. 20, 1996) (vacating arbitration award when arbitrator refused to allow cross examination of a witness who offered the sole proof of an element of claimant's claim). Thus, the Tribunal should not decide this issue as a matter of law before trial, but should wait until Claimants have come forward with admissible evidence and Valve has had an opportunity to cross.

Valve has never "conceded" that these Claimants bought any games on Steam, or are members of the putative class in *Wolfire*. *Contra* Mot. 15. Rather, Valve argued that to the extent that any of the claimants represented by Claimants' counsel bought games on Steam, they should be required to pursue their claims in court, and would benefit from *American Pipe* tolling if they did. The question of whether Messrs. Kemp and Stewart in fact bought games on Steam is not before the federal court, and Valve has never addressed (let alone conceded) that point.

***Finally***, even if Claimants had established their membership in the *Wolfire* class with admissible evidence, *American Pipe* tolling would have stopped when the federal court compelled arbitration of the named plaintiffs' consumer claims six months later. Under *American Pipe*, "[t]olling lasts from the day a class claim is asserted until the day the suit is conclusively ***not*** a class action." *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 563 (7th Cir. 2011).

Here, just six months after the *Wolfire* complaint was filed, on October 25, 2021, the purported consumer class representatives in *Wolfire* were all forced to arbitrate their claims

2

Privileged & Confidential
Attorney Work Product

(*Wolfire*, 2021 WL 4952220, at *3), and certification became impossible because the court determined that the purported class representatives had "entered into agreements to arbitrate their claims and to waive their right to participate in a class action[.]" *O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1094 (9th Cir. 2018). Thus, the limitations period would have resumed running on October 25, 2021, and continued to run at least until October 2, 2023, when Claimants filed their claims in these proceedings. The limitations period thus ran for an additional 2 ***years*** that Claimants fail to account for in their calculation. Regardless, the *Wolfire* plaintiffs abandoned any claims on behalf of a putative class of consumers when they omitted those claims from their Consolidated Amended Class Action Complaint, filed in August 2022. *See* Case No. 2:21-cv-00563 (W.D. Wash.), Dkt. 99 at ¶¶ 27-31, 375 (omitting individual plaintiffs and amending class definition to omit consumer claims). That omission constitutes a voluntary dismissal, which would likewise defeat tolling based on *Wolfire*. *See* 1 McLaughlin on Class Actions § 3:15 (21st ed.) (tolling stops upon "withdrawal of class allegations (or amendment that changes the scope of the class in a manner that excludes plaintiff).").

\*              \*              \*

Claimants made a summary motion but forgot to support it with evidence. That is reason enough to deny it. Regardless, the motion is also wrong on the law. Claimants should be required to prove at trial the facts necessary to conduct a reliable calculation of the limitations period, rather than be allowed a shortcut.

Privileged & Confidential
Attorney Work Product

DATED this 5th day of May, 2025

_____

Scott M. Danner
Priyanka Timblo
**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY 10017
(646) 837-5151
sdanner@hsgllp.com
ptimblo@hsgllp.com

4

Privileged & Confidential
Attorney Work Product

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 5th, 2025, I caused the foregoing document to be

electronically filed with the AAA using the AAA WebFile system which will send notification of

the filing to all counsel of record.

DATED: May 5, 2025

/s/ _____

Scott M. Danner

5