The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>               Plaintiff,<br><br>    v.<br><br>THOMAS ABBRUZZESE et al.,<br><br>               Defendants. | No. 2:24-CV-1717-JNW<br><br>**PLAINTIFF VALVE CORPORATION'S OPPOSITION TO CHRISTIAN GRABER'S MOTION TO CONFIRM ARBITRATION AWARD** |

VALVE'S OPPOSITION TO CHRISTIAN
GRABER'S MOTION TO CONFIRM
ARBITRATION AWARD
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................2

II. ARGUMENT ..........................................................................................................3

    A. The Motion Should Be Denied Because Graber Lacks Standing ....3

    B. The Court Should Deny the Motion Because the Awards Should Be Vacated ...................................................................................................3

        1. The Awards Should Be Vacated Because the Parties Did Not Agree To Arbitrate ............................................................4

            (a) Graber Agreed to the Controlling SSA ....................5

            (b) Valve Sought to Enjoin the Arbitration and Objected to the Arbitration ......................................6

            (c) Under the Controlling SSA, There Is No Agreement To Arbitrate ...............................................................6

        2. The Awards Should Be Vacated Because the Arbitrator Deprived Valve of Due Process ............................................7

            (a) The Arbitrator Based the Awards on *Ex Parte* Evidence That Valve Did Not Have an Opportunity To Review or Contest .............................................7

            (b) The Arbitrator Deprived Valve of the Opportunity to Cross-Examine Graber ........................................10

        3. The Awards Were Arbitrary and Irrational ........................11

        4. The Arbitrator Failed to Disclose Significant Conflicts ....11

    C. The Motion Should Be Denied Because It Is Procedurally Defective ...................................................................................................13

III. CONCLUSION ....................................................................................................13

VALVE'S OPPOSITION TO CHRISTIAN
GRABER'S MOTION TO CONFIRM
ARBITRATION AWARD – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## I.   INTRODUCTION[1]

This motion was brought in the wrong action in a tactical attempt to leapfrog in front of a challenge to the arbitral award it seeks to confirm. On September 8, 2025, Plaintiff Valve Corporation ("Valve") filed in this Court a Petition To Vacate Arbitration Awards issued in an arbitration between Christian Graber and Valve pursuant to the Federal Arbitration Act. *Valve Corp. v. Graber*, No. 25-cv-01730 (W.D. Wash. filed Sept. 8, 2025). Graber could have requested that the court confirm the Awards in that action, which would have efficiently permitted all arguments concerning the Awards to be heard in one proceeding. Instead, on September 15, 2025, Graber brought in this action a separate Motion To Confirm the same Awards that are the subject of the Petition To Vacate. Graber does not even mention, let alone address on the merits, the Petition To Vacate that Valve filed and served on Graber a week before he filed this motion.

This Court should deny this Motion to Confirm in favor of the already-pending Petition To Vacate. It makes no sense to ask the Court to confirm an award that it is already being called upon to vacate in a separate proceeding.

Graber's Motion To Confirm should also be denied for the following additional reasons:

*First*, Graber has no standing to move for relief in this action because he is no longer a party to this action. (Dkt. 98.)

*Second*, although the Court need not reach the merits here because Valve addresses them fully in its Petition To Vacate, the Awards should not be confirmed because they should be vacated for the reasons explained in Valve's Petition To Vacate and left unrebutted in Graber's motion:

a) The arbitrator, Frances Goins ("Arbitrator") held an arbitral hearing even though the parties had no agreement to arbitrate.

b) The Arbitrator issued the Awards based on secret evidence submitted *ex parte* in violation of Valve's due process rights and over Valve's objections, after a hearing in

---

[1] Unless otherwise noted, all emphasis is added, and all internal citations and punctuation omitted, for ease of reading.

VALVE'S OPPOSITION TO CHRISTIAN
GRABER'S MOTION TO CONFIRM
ARBITRATION AWARD – 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

    which Valve was denied the opportunity to cross-examine Graber—also in violation of Valve's due process rights.

  c) The Arbitrator had undisclosed conflicts of interest.

At the very least, the Court should not consider this Motion until after it rules on Valve's Petition To Vacate.

  *Third*, Graber's motion fails to comply with the FAA because it does not attach a valid and binding arbitration agreement—nor could it, because there is no agreement to arbitrate between the parties.

## II. ARGUMENT

### A. The Motion Should Be Denied Because Graber Lacks Standing

  The Court should deny this motion because Graber is no longer a party to the action. On September 26, 2025, Valve voluntarily dismissed Graber because the relief Valve seeks here is now moot as to him. (Dkt. 98.) A non-party to an action does not have standing to seek relief. *See, e.g.*, *Habelt v. iRhythm Techs., Inc.*, 83 F.4th 1162, 1166 (9th Cir. 2023), *cert. denied*, 145 S. Ct. 144 (2024).

### B. The Court Should Deny the Motion Because the Awards Should Be Vacated

  As set forth above, because Graber does not have standing and there is an earlier-filed Petition To Vacate pending in a separate action, the Court need not address the merits of this motion.

  If the Court does consider the motion, however, it should be denied on the merits and the Awards vacated for the reasons set forth in Valve's separate Petition To Vacate. Section 9 of the FAA permits a court to confirm an arbitration award only if the award has not been "vacated, modified, or corrected." 9 U.S.C. § 9. If a party demonstrates that the award should be vacated, a motion to confirm should not be granted. *See Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors, LLC*, 268 F. Supp. 3d 1053, 1059-60 (N.D. Cal. 2017) (denying as moot motion to confirm after granting motion to vacate), *aff'd*, 913 F.3d 1162 (9th Cir. 2019).

VALVE'S OPPOSITION TO CHRISTIAN
GRABER'S MOTION TO CONFIRM
ARBITRATION AWARD – 3

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

A court must consider a pending motion to vacate before addressing a motion to confirm an arbitration award. *See Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 412 (9th Cir. 2011) (explaining that the FAA's structure "defeats any notion that district courts may" confirm without "consider[ing] motions to vacate" and holding that court "must consider" motion to vacate); *Orman v. Cent. Loan Admin. & Reporting*, 2019 WL 6841741, at *3-4 (D. Ariz. Dec. 16, 2019) ("[N]ot only is a motion to vacate properly filed in response to a confirmation application, a district court 'must' consider such a motion."); *Quamina v. U.S. Bank Nat'l Ass'n*, 2020 WL 9349559, at *5 (S.D. Fla. Dec. 24, 2020) (denying motion to confirm and *sua sponte* dismissing action with prejudice where opposing party established grounds for vacatur). It would make no sense for a court to confirm an award when it has already been presented with sufficient grounds for vacating that award. Here, for the reasons set forth below (as well as in Valve's earlier-filed Petition To Vacate that is left unaddressed in Graber's motion), the Awards should be vacated. *See* Petition To Vacate, *Valve Corp. v. Graber*, No. 25-cv-01730 (W.D. Wash. filed Sept. 8, 2025).

### 1. The Awards Should Be Vacated Because the Parties Did Not Agree To Arbitrate

The FAA provides that a court "may make an order vacating the award . . . where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). An arbitrator has no power to issue an award when the parties have no agreement to arbitrate. *Bozek v. PNC Bank*, 2020 WL 6581491, at *5 (E.D. Pa. Nov. 10, 2020), *aff'd*, 2021 WL 4240359 (3d Cir. Sept. 17, 2021); *see also Morgan Keegan & Co. v. McPoland*, 829 F. Supp. 2d 1031, 1036 (W.D. Wash. 2011).

As set forth in Valve's Petition To Vacate, before the Arbitrator set this matter for hearing, Graber agreed to the Controlling SSA, described below. The Controlling SSA has no arbitration agreement and requires resolution of all claims and disputes, including pending disputes, in court. Upon Graber's agreement to the Controlling SSA, the Arbitrator had no authority to continue with the Arbitration or issue the Awards. Accordingly, the Awards are invalid and cannot be confirmed; they must be vacated. *Transcon. Gas Pipe Line Co. v. Permanent Easement for 2.59 Acres*, 2019

VALVE'S OPPOSITION TO CHRISTIAN
GRABER'S MOTION TO CONFIRM
ARBITRATION AWARD – 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  WL 6481528, at *2 (M.D. Pa. Oct. 8, 2019), *aff'd*, 834 F. App'x 752 (2020); *see also Coinbase,*
2  *Inc. v. Suski*, 602 U.S. 143, 145 (2024) ("[D]isputes are subject to arbitration if, and only if, the
3  parties actually agreed to arbitrate those disputes.").

(a)   Graber Agreed to the Controlling SSA

5  On September 26, 2024, after (i) arbitral rulings holding Valve's prior arbitration provision
6  unenforceable and (ii) the subsequent filing of a consumer class action against Valve, Valve
7  removed the arbitration provision and the class action waiver from the previous version of its
8  Steam Subscriber Agreement ("Superseded SSA"). The current SSA (the "Controlling SSA") now
9  provides for resolution of disputes in court, including pending disputes. (Ex. A § 10.) The
10 Controlling SSA also includes a merger clause providing that it supersedes and replaces the parties'
11 prior agreement (*i.e.*, the Superseded SSA). (*Id.* §11.)

12 Beginning on September 26, 2024, Valve provided conspicuous notice of the Controlling
13 SSA to Graber, including by email and through a pop-up that appeared when users logged into the
14 Steam client or website. (Lynch Decl. ¶¶ 6-14.) For online transactions, "mutual assent" to
15 transaction terms "'turns on whether the consumer had reasonable notice of the terms of service
16 agreement.'" *Grant v. T-Mobile USA, Inc.*, 2024 WL 3510937, at *3 (W.D. Wash. July 23, 2024).
17 For notice to be "reasonably conspicuous," it must be displayed in a "'font size and format such
18 that the court can fairly assume that a reasonably prudent Internet user would have seen it.'" *Saeedy*
19 *v. Microsoft Corp.*, 757 F. Supp. 3d 1172, 1195 (W.D. Wash. Nov. 21, 2024); *accord Patrick v.*
20 *Running Warehouse, LLC*, 93 F.4th 468, 477 (9th Cir. 2024).

21 Graber assented to the Controlling SSA through continued use of Steam after receiving
22 notice of the modification. *See, e.g.*, *Pilon v. Discovery Commc'ns, LLC*, 769 F. Supp. 3d 273,
23 289-90 (S.D.N.Y. 2025) (claimant assented where he "continued to subscribe to and use [service]"
24 after receiving notice of updated agreement); *Sadlock v. Walt Disney Co.*, 2023 WL 4869245, at
25 *12 (N.D. Cal. July 31, 2023) ("[E]mails followed by continued use is sufficient to establish
26 assent."). Graber is bound by the Controlling SSA pursuant to the email and pop-up notices

VALVE'S OPPOSITION TO CHRISTIAN
GRABER'S MOTION TO CONFIRM
ARBITRATION AWARD – 5

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

provided to him because he did not delete or discontinue use of his Steam account by November 1, 2024. (Lynch Decl. ¶¶ 28-29.) To the contrary, Graber logged into Steam on November 14, 2024, and more than 180 times between that date and May 18, 2025. (*Id.* ¶ 30.)

Graber manifest assent by clicking a button to indicate acceptance of the Controlling SSA. *Saeedy*, F. Supp. 3d at 1196-97; *accord Oberstein v. Live Nation Ent., Inc.,* 60 F.4th 505, 516 (9th Cir. 2023). On May 18, 2025, Graber affirmatively accepted the Controlling SSA when making a purchase on Steam by checking the box next to "I agree to the terms of the Steam Subscriber Agreement (last updated Sept 26, 2024)" and clicking the "Purchase" button. (Lynch Decl. ¶ 31.)

(b) <u>Valve Sought to Enjoin the Arbitration and Objected to the Arbitration</u>

Because the Controlling SSA removed the parties' arbitration agreement, on October 18, 2024, Valve commenced this action to enjoin 624 recently-commenced arbitrations, including Graber's. Valve also promptly notified the Arbitrator and requested that the Arbitrator stay Graber's Arbitration pending resolution of this action. (Ex. 5.)

On October 24, 2024, the Arbitrator denied Valve's motion to stay the Arbitration. (Ex. 6.) Valve defended itself in further proceedings under a full reservation of rights. (*See* Ex. 7.) The Arbitrator held merits hearings on Graber's claims over Valve's objections. (Marks-Dias Decl. ¶ 11.) The Arbitrator issued the Interim Award on May 29, 2025, and the Final Award on September 8, 2025 (together, the "Awards"). (Exs. 11, 15.)

(c) <u>Under the Controlling SSA, There Is No Agreement To Arbitrate</u>

Under the Controlling SSA, the parties had no agreement to arbitrate. A dispute resolution provision in an updated agreement is enforceable with respect to already-asserted claims when the provision provides for retroactive effect. *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1127 (11th Cir. 2014).[2] Here, Graber agreed that the Controlling SSA would replace and supersede his prior

---

[2] *Accord Pilon*, 769 F. Supp. 3d at 289-90; *In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 2021 WL 2350814, at *4 (C.D. Cal. Apr. 20, 2021); *Laster v. T-Mobile USA, Inc.*,

VALVE'S OPPOSITION TO CHRISTIAN
GRABER'S MOTION TO CONFIRM
ARBITRATION AWARD – 6

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

agreement to arbitrate and apply retroactively to his claim. (Ex. A §§ 10-11; Lynch Decl. ¶¶ 28-31.) At the time of the arbitral hearing (and well beforehand), the parties had no agreement to arbitrate, and the Arbitrator had no authority to issue the Awards. Those Awards should therefore be vacated.

**2.   The Awards Should Be Vacated Because the Arbitrator Deprived Valve of Due Process**

As set forth in Valve's Petition To Vacate, the Awards should also be vacated because the Arbitrator deprived Valve of due process in the arbitral proceeding. A court may vacate an award when the arbitrator "refuse[s] to hear evidence pertinent and material to the controversy; or [because] of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). "In determining whether an arbitrator's misbehavior or misconduct prejudiced the rights of the parties, [the court asks] whether the parties received a fundamentally fair hearing." *Move, Inc. v. Citigroup Glob. Mkts., Inc.*, 840 F.3d 1152, 1158 (9th Cir. 2016); *see also Costco Wholesale Corp. v. Int'l B'hood of Teamsters, Loc. No. 542*, 850 F. App'x 467, 468 (9th Cir. 2021) ("[A]n arbitration award may be vacated if the proceedings violate the rule of fundamental fairness"). To be fundamentally fair, an arbitration must provide due process—*i.e.*, meet the "'minimal requirements of fairness—adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator.'" *Moonshadow Mobile, Inc. v. Labels & Lists, Inc.*, 2024 WL 5056906, at *6 (D. Or. Dec. 9, 2024). That standard was not met here.

(a)   The Arbitrator Based the Awards on *Ex Parte* Evidence That Valve Did Not Have an Opportunity To Review or Contest

An arbitration is fundamentally unfair when the arbitrator receives evidence *ex parte* but does not provide the other party an opportunity to review or respond to that evidence. *See, e.g.*, *Move*, 840 F.3d at 1158; *Totem Marine Tug & Barge, Inc. v. N. Am. Towing, Inc.*, 607 F.2d 649, 653 (5th Cir. 1979). *Ex parte* receipt of evidence also violates AAA Rules. *See* AAA Consumer

---

2008 WL 5216255, at *6 (S.D. Cal. Aug. 11, 2008), *rev'd on other grounds*, *AT&T Mobility v. Concepcion*, 563 U.S. 333 (2011); *Enderlin v. XM Satellite Radio Holdings, Inc.*, 2008 WL 830262, at *7 (E.D. Ark. Mar. 25, 2008); *Goetsch v. Shell Oil Co.*, 197 F.R.D. 574, 577 (W.D.N.C. 2000); *McCumbee v. M Pizza, Inc.*, 2023 WL 2725991, at *10 (N.D. W. Va. Mar. 30, 2023).

VALVE'S OPPOSITION TO CHRISTIAN GRABER'S MOTION TO CONFIRM ARBITRATION AWARD – 7

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Rule R-32(a); *Totem*, 607 F.2d at 653 (vacating award when arbitrator violated AAA rule against *ex parte* receipt of evidence).

In particular, when fees are awarded, "[d]ue process requires that [an adversary] be given an opportunity to examine . . . timesheets so that it has the information it needs to oppose recovery for unnecessary work." *QC Mfg., Inc. v. Solatube Int'l, Inc.*, 2022 WL 22879571, at *8 (C.D. Cal. Jan. 18, 2022); *see also Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 544 (9th Cir. 2016) ("[T]he district court's use over Defendants' objection of *ex parte*, in camera submissions to support its fee order violated Defendants' due process rights."); *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016) ("due process requires filing billing records on the docket so that opposing parties can examine all materials on which the court relied" (collecting cases)).

The Awards include an attorney's fee award of $732,426.52 on top of $243.23 in damages awarded to Graber, which was trebled to $729.69 (plus prejudgment interest). (Exs. 11, 15.) Before the Arbitrator made that attorney's fee award, Valve requested an opportunity to review Graber's counsel's timesheets and billing records so that it could meaningfully respond to Graber's counsel's request for a fee award of over $2.8 million. That request putatively reflected more than 2,600 hours of attorney time spent pursuing awards of under $8,068.20 in actual damages across the four cases before the Arbitrator (and under $300 in Graber's case). Rather than permit Valve to review these materials, the Arbitrator ordered Graber to submit them *in camera*. (Ex. 18.) Valve received only a one-page summary spreadsheet listing attorneys, total hours, proposed rates, and proposed total fees. (Ex. 19.)

With no ability to review the detailed information that Graber submitted to the Arbitrator and formed the basis for her awards, Valve had no meaningful opportunity to challenge Graber's claimed costs and fees. *See Totem*, 607 F.2d at 653 (vacating arbitral award derived from evidence arbitrator received *ex parte*). That is patently improper.

In addition, the Awards included fees Graber's counsel incurred in representing other

VALVE'S OPPOSITION TO CHRISTIAN
GRABER'S MOTION TO CONFIRM
ARBITRATION AWARD – 8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

individuals, as conceded by Graber's counsel and as stated in the Awards themselves. The Superseded SSA permitted the Arbitrator to award relief "only to the extent of that party's individual claim," not for any other matters. If "the arbitrator goes beyond that self-limiting agreement between consenting parties, it acts inherently without power, and an award ordered under such circumstances must be vacated." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 140 (2d Cir. 2007). Courts similarly hold that fee awards cannot include work on other matters. *See Magill v. DIRECTV, LLC*, 2017 WL 8894320 at *3 (C.D. Cal. June 23, 2017) (rejecting claim for "work done on behalf of several different plaintiffs with individual lawsuits, some indisputably unsuccessful"); *see also Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 631 (6th Cir. 2013) (rejecting fees where "counsel would be permitted to recover fees for thousands of hours of time spent litigating a case they *lost*").

Here, Graber's counsel sought and obtained substantial fees for work "undertake[n] for any and all arbitrations," including "thousands" of other arbitrations that Graber's counsel filed against Valve. (Ex. 19 (Fee Table); *see also* Ex. 16 at 1, 16; Ex. 22 Decl. at 1 (Fee Chart), Ex. 15 at 3.) Valve could not challenge the particulars of what Graber claimed. Had Valve been given that information, it could have cross-checked it against its own records of the other arbitrations that Graber's counsel is concurrently prosecuting. That includes hearings that have resulted to date in 43 awards in Valve's favor (and resulted in no fee award), with only four Awards rendered against Valve by a single Arbitrator. (Marks-Dias Decl. ¶ 28.)

The Arbitrator also violated Valve's due process rights by ordering Graber's counsel to submit "additional information" in furtherance of Graber's fee request without permitting Valve an opportunity to respond. (Ex. 21.) Specifically, the Arbitrator requested information pertaining to other arbitrations Graber's counsel had filed against Valve, a breakdown of attorneys' fees and costs attributable only to the four arbitrations before the Arbitrator, and billing rates for "comparable attorneys." (*Id.*) Despite Valve's request, the Arbitrator refused to order Graber to provide Valve with the underlying time entries or narratives, making it impossible for Valve to

VALVE'S OPPOSITION TO CHRISTIAN
GRABER'S MOTION TO CONFIRM
ARBITRATION AWARD – 9

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

challenge the amounts Graber sought and obtained in full. That was a violation of Valve's due process rights.

      (b)  <u>The Arbitrator Deprived Valve of the Opportunity to Cross-Examine Graber</u>

  The Arbitrator also deprived Valve of a fundamentally fair hearing because Valve requested but was denied the opportunity to cross-examine Graber, an obviously critical witness. (Marks-Dias Decl. ¶ 30.) Courts vacate arbitral awards when critical witnesses are excluded. *See In re Watkins-Johnson Co. v. Pub. Utils. Auditors*, 1996 WL 83883, at *4 (N.D. Cal. Feb. 20, 1996) (vacatur ordered when arbitrator admitted written statement over objection rather than require the witness to appear for cross-examination).

  An essential element of Graber's antitrust claims against Valve is that Graber suffered "antitrust injury." *See, e.g.*, *Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1055 (9th Cir. 1999). Graber bore the burden of proof on this critical issue but offered no evidence on it and was not subject to cross-examination. Graber did not attend his arbitration hearing, let alone testify. (Marks-Dias Decl. ¶ 30.) It was undisputed that Valve does not collect a user's name, address or phone number when he or she creates a Steam account. (Lynch Decl. ¶ 4.) Graber's testimony was therefore indispensable to establish whether the Steam account at issue belonged to him and whether he made the purchases in that account for which he claimed he was overcharged. But the Arbitrator incorrectly concluded Graber proved antitrust injury based solely on the fact that Valve produced a purchase history for a Steam account associated with an anonymous Steam ID number. Although Graber's counsel and his arbitration demand asserted that this Steam account belonged to Graber, the Arbitrator did not require Graber to actually prove that, nor that he made the disputed purchases. (Ex. 11 at 3. n.3.) The Arbitrator's failure to require Graber to appear, testify, and be subject to cross-examination, deprived Valve of a fair hearing. *See, e.g.*, *Costco*, 850 F. App'x at 468-69.

VALVE'S OPPOSITION TO CHRISTIAN
GRABER'S MOTION TO CONFIRM
ARBITRATION AWARD – 10

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

### 3. The Awards Were Arbitrary and Irrational

As set forth in Valve's Petition To Vacate, the Awards should also be vacated in their entirety because they were arbitrary and irrational. Section 10(a)(4) of the FAA provides for vacatur of an award that is "'completely irrational' or exhibits a 'manifest disregard of the law.'" *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019). Courts vacate entire arbitration awards where an attorney's fee award that is part of that award is "irrational because it was not supported by any proof" as violative of "the strong public policy against excessive fees." *In re Briscoe Protective, LLC v. N. Fork Surgery Ctr., LLC*, 215 A.D.3d 956, 957-58 (N.Y. App. Div. 2023).

The Arbitrator's fee award is both completely irrational and made in manifest disregard of the law. Successful antitrust plaintiffs may seek a "reasonable attorney's fee." 15 U.S.C. § 15(a). A reasonable fee is one that is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007). The amount the Arbitrator awarded far exceeds that amount. Indeed, the arbitrator acknowledged that "[t]he damage award . . . is substantially smaller than the value of the claimed attorneys fees." (Ex. 15 at 2.) The amount the Arbitrator awarded also far exceeds Graber's counsel's own pre-litigation estimate. (*See* Marks-Dias Decl. ¶ 31; Ex. 23.) The Arbitrator even awarded fees contrary to her own findings. The Arbitrator stated in the Final Award that "I do not find that a [lodestar] multiplier is appropriate here." (Ex. 15 at 2.) Yet the Arbitrator then, contrary to her own findings, applied a 1.5× lodestar multiplier in calculating her fee award. (Ex. 16 at 1, 16; *Id.*, Decl. at 4 (Fee Request); Ex. 15 at 3.)

### 4. The Arbitrator Failed to Disclose Significant Conflicts

The FAA provides that a court may vacate an arbitration award "where there was evident partiality or corruption in the arbitrator[]." 9 U.S.C. § 10(a)(2). To ensure their impartiality, arbitrators have a duty to investigate and disclose potential conflicts of interest. *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1105-06 (9th Cir. 2007). An arbitrator's

VALVE'S OPPOSITION TO CHRISTIAN
GRABER'S MOTION TO CONFIRM
ARBITRATION AWARD – 11

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

failure to investigate and "disclose to the parties any dealings that might create an impression of possible bias is sufficient to support vacatur." *Id* at 1105; *see also Monster Energy Co. v. City Beverages, LLC*, 940 F.3d 1130, 1138 (9th Cir. 2019) (failure to disclose business relationship "supports vacatur").

As set forth in Valve's Petition To Vacate, the Arbitrator failed to disclose significant conflicts. The Arbitrator is a partner at the law firm UB Greensfelder LLP ("UBG"), where she has worked for over 20 years. (Ex. 24.) UBG represents multiple video game developers or their affiliates who are class members adverse to Valve in a certified federal antitrust class action currently pending in this Court, *In re Valve Antitrust Litig.*, No. 21-cv-00563-JNW (the "Valve Developer Class Action"), and/or a major Valve competitor. (Marks-Dias Decl. ¶¶ 35-36; Exs. 33-39; Lynch Decl. ¶¶ 32-33.) UBG's conflict is imputed to the Arbitrator. *See* Ohio Prof. Cond. R. 1.10(a); *Carnegie Cos v. Summit Props., Inc.*, 183 Ohio App. 3d 770 (2009) (disqualifying UBG's predecessor . . . because conflicts were imputed to all lawyers within the firm); *see also* Wash. R.P.C. 1.10(a).

There is substantial overlap between the Arbitrations and the Valve Developer Class Action. Graber copied the allegations in the Valve Developer Class Action. (Ex. 4.) In the Awards, the Arbitrator cited the class certification decision in the Valve Developer Class Action. The Arbitrator referred to this Court as "the court that most recently addressed the matter" of whether Valve held a monopoly over the "PC video game digital distribution market"—although the Court did not in fact reach that question. (Ex. 11 at 1, 2.)

While the Arbitrator made multiple disclosures of potential conflicts, **none** of those disclosures mentioned UBG's representation of members of the Valve Developer Class and a major Steam competitor. (Exs. 25-32.) Courts vacate awards where arbitrators fail to investigate and disclose conflicts involving the arbitrator's law firm's clients. *See Schmitz v. Zilveti*, 20 F.3d 1043, 1049 (9th Cir. 1994) (arbitrator "had a duty to investigate the conflict at issue" involving his law firm's former legal representation of the parent company of one of the parties).

VALVE'S OPPOSITION TO CHRISTIAN
GRABER'S MOTION TO CONFIRM
ARBITRATION AWARD – 12

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

### C. The Motion Should Be Denied Because It Is Procedurally Defective

Regardless, the Court should deny the motion because it does not satisfy the procedural requirements of the FAA. Under Section 13 of the FAA, "upon filing a motion to confirm an arbitration award, the moving party **must provide the Court with the arbitration agreement** executed by the parties." *Kerr v. Wilmington Trust N.A.*, 2020 WL 4919604, at *1 (C.D. Cal. May 18, 2020). This requirement is fundamental because a court must satisfy itself that there is "a valid and binding agreement between the parties" that would permit a "judgment of the court." *Raymond James Financial Services, Inc. v. Boucher*, 2024 WL 233731, at *3 (S.D. Cal. Jan. 22, 2024). Courts thus deny motions to confirm arbitration awards that fail to attach a valid and binding arbitration agreement. *See, e.g.*, *Kerr*, 2020 WL 4919604, at *1; *Raymond James*, 2024 WL 233731, at *3. Here, Graber did not transmit with or attach to his motion a valid and binding arbitration agreement. Graber could not do so because there is none. As explained above, the Controlling SSA between the parties contains no agreement to arbitrate and requires Graber to pursue his claims in court.

### III. CONCLUSION

For the foregoing reasons, Graber's motion should be denied.

//

//

//

//

//

VALVE'S OPPOSITION TO CHRISTIAN
GRABER'S MOTION TO CONFIRM
ARBITRATION AWARD – 13

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED this 30th day of September, 2025.

        I certify that this memorandum contains <u>4,194</u> words, in compliance with the Local Civil Rules.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Plaintiff Valve Corporation*

VALVE'S OPPOSITION TO CHRISTIAN GRABER'S MOTION TO CONFIRM ARBITRATION AWARD – 14

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900