The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

          Plaintiff,

v.

THOMAS ABBRUZZESE et al.,

          Defendants.

No. 2:24-CV-1717-JNW

**DECLARATION OF BLAKE MARKS-DIAS IN OPPOSITION TO MOTIONS TO CONFIRM ARBITRATION AWARDS (DKTS. 88-91)**

Blake Marks-Dias states and declares as follows:

1.    I am over 18 years of age, I have personal knowledge of the matters stated herein and I am competent to testify to these matters.

2.    I am one of the attorneys representing Valve Corporation ("Valve") and make this Declaration in Opposition to the Motions to Confirm Arbitration Award filed by movants Greg Fish, Jeremy Lucas, Ethan Lefebvre, and Christian Graber (collectively, "Movants") (Dkts. 88-91).

3.    I respectfully submit this declaration to transmit true and correct copies of the following documents:

**I.    Exhibits Related to the Arbitrations:**

4.    Attached hereto as **Exhibit 1** is a true and correct copy of the demand Movant Greg Fish filed with the AAA.

DECLARATION OF BLAKE MARKS-DIAS – 1

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

5.    Attached hereto as **Exhibit 2** is a true and correct copy of the demand Movant Jeremy Lucas filed with the AAA.

6.    Attached hereto as **Exhibit 3** is a true and correct copy of the demand Movant Ethan Lefebvre filed with the AAA.

7.    Attached hereto as **Exhibit 4** is a true and correct copy of the demand Movant Christian Graber filed with the AAA.

8.    The AAA assigned Movants' arbitrations to Frances F. Goins (the "Arbitrator").

9.    Attached hereto as **Exhibit 5** is a true and correct copy of a letter from Valve's counsel Michael McTigue dated October 19, 2024, to the Arbitrator and Movants' counsel moving to stay Movants' arbitrations pending resolution of *Abbruzzese*.

10.    Attached hereto as **Exhibit 6** is true and correct copy of an order the Arbitrator issued dated October 24, 2024, denying the stay Valve sought in its October 19, 2024, letter.

11.    In March 2025, the Arbitrator held merits hearings on Movants' claims over Valve's objections.

12.    In its communications with the Arbitrator and AAA following the October 24, 2024, order, Valve consistently raised its objection that Valve "reserved all rights" and "contends that these arbitrations should be closed given that the current Steam Subscriber agreement does not contain an arbitration clause." By way of example, attached hereto as **Exhibit 7** is true and correct excerpt from a letter from Michael McTigue to the Arbitrator dated January 10, 2025, in which Valve raised its continuing objection to the arbitrations proceeding.

**II.    Exhibits Related to the Awards:**

13.    Attached hereto as **Exhibit 8** is a true and correct copy of the Interim Award issued on May 29, 2025, for Movant Greg Fish.

14.    Attached hereto as **Exhibit 9** is a true and correct copy of the Interim Award issued on May 29, 2025, for Movant Jeremy Lucas.

DECLARATION OF BLAKE MARKS-DIAS – 2

15. Attached hereto as **Exhibit 10** is a true and correct copy of the Interim Award issued on May 29, 2025, for Movant Ethan Lefebvre.

16. Attached hereto as **Exhibit 11** is a true and correct copy of the Interim Award issued on May 29, 2025, for Movant Christian Graber.

17. Attached hereto as **Exhibit 12** is a true and correct copy of the Final Award issued on September 8, 2025, for Movant Greg Fish.

18. Attached hereto as **Exhibit 13** is a true and correct copy of the Final Award issued on September 8, 2025, for Movant Jeremy Lucas.

19. Attached hereto as **Exhibit 14** is a true and correct copy of the Final Award issued on September 8, 2025, for Movant Ethan Lefebvre.

20. Attached hereto as **Exhibit 15** is a true and correct copy of the Final Award issued on September 8, 2025, for Movant Christian Graber.

21. Attached hereto as **Exhibit 16** is a true and correct copy of Movants' June 12, 2025, application for costs and attorneys' fees and accompanying declaration.

22. Attached hereto as **Exhibit 17** is a true and correct copy of an email dated June 13, 2025, from Valve's counsel to the Arbitrator and Movants' counsel objecting to Movants' application for costs and attorneys' fees on the ground that it did not include any back-up documentation.

23. Attached hereto as **Exhibit 18** is a true and correct copy of an email dated June 16, 2025, from the Arbitrator to the parties ordering that Movants' counsel produce *in camera* its "contemporaneous timekeeping records, descriptions of the work performed, and documentation of the hours spent performing that work" in support of their application for costs and attorneys fees.

24. Attached hereto as **Exhibit 19** is a true and correct copy of an email dated June 30, 2025, from Movants' counsel to the Arbitrator and counsel for Valve confirming Movants' *in camera* submission of billing records and attaching a "Table of Fees" document summarizing the requested amounts.

DECLARATION OF BLAKE MARKS-DIAS – 3

25.     Attached hereto as **Exhibit 20** is a true and correct copy of Valve's July 7, 2025, opposition to Movants' attorneys' fees request, which, among other things, objected to the Arbitrator's *in camera* review of Movants' counsel's timesheets.

26.     Attached hereto as **Exhibit 21** is a true and correct copy of an email dated July 10, 2025, from the Arbitrator ordering that Movants submit (i) "additional information" to the Arbitrator regarding Movants' fee application and (ii) a reply memorandum addressing the issues raised in Valve's opposition.

27.     Attached hereto as **Exhibit 22** is a true and correct copy of Movants' July 31, 2025, reply in further support of its attorneys' fees request and accompanying declaration.

28.     In the other 43 arbitrations brought by Movants' counsel against Valve that have proceeded to final award before three separate arbitrators, the arbitrator has issued an award in Valve's favor on all claims and has not awarded any damages to the claimants or any fees to Movants' counsel.

29.     Valve requested the opportunity to cross-examine Movant Lefebvre. Yet Movant Lefebvre did not attend or testify at his arbitration hearing, let alone establish through his testimony that he owns a Steam account or purchased and paid for games on Steam, including the game purchases on which the damages awarded to him were based.

30.     Valve requested the opportunity to cross-examine Movant Graber. Yet Movant Graber did not attend or testify at his arbitration hearing, let alone establish through his testimony that he owns a Steam account or purchased and paid for games on Steam, including the game purchases on which the damages awarded to him were based.

31.     Attached hereto as **Exhibit 23** is a true and correct copy of a presentation entitled "Mass Arbitration Strategy and Investment Opportunity," attached as Exhibit 1 to the Affidavit of William Bucher in *Zaiger LLC v. Bucher Law PLLC*, Index. No. 154124/2023 (Sup. Ct. N.Y. Cnty. filed May 9, 2023) (NYCEF No. 32). In this presentation that Movants' counsel developed when seeking third-party funding to bring Movants' arbitrations and thousands of others, he estimated that

DECLARATION OF BLAKE MARKS-DIAS – 4

litigating each arbitration would take at most 160 attorney hours, and that it would cost approximately $1.7 million in fees *total* to litigate 160 cases. That amounts to $10,625 in fees *per case*. In their fee application here, however, Movants argued that their counsel's team spent 2,600 hours working on just the four arbitrations before the Arbitrator alone—roughly 650 hours each, more than four times their counsel's initial estimate of 160 hours each—and incurred over $1,881,991.40 in fees, some 44 times their counsel's estimate. Movants' counsel's estimate and his claimed actuals are not even in the same ballpark.

III. **Exhibits Related to the Arbitrator's Conflicts Disclosures:**

32. Attached hereto as **Exhibit 24** is a true and correct copy of the Arbitrator's curriculum vitae that the AAA provided to the parties.

33. Attached hereto as **Exhibit 25** is a true and correct copy of the General Arbitrator Oath Form dated May 2, 2024, and signed by the Arbitrator, which includes initial disclosures. The Arbitrator answered "NO" to the question "Do you or your law firm presently represent any person in a proceeding involving any party to the arbitration?"

34. Attached hereto as **Exhibits 26-32** are true and correct copies of additional disclosures the Arbitrator made in connection with Movants' arbitrations.

35. The Arbitrator's firm actively represents multiple video game developers or affiliates of video game developers who are class members in the Valve Developer Class Action. For example, last year, the Arbitrator's firm defended All Elite Wrestling, LLC in a lawsuit alleging copyright infringement. Attached hereto as **Exhibit 33** is a true and correct copy of the docket from *Wilson v. World Wrestling Entertainment*, No. 4:24-cv-00062 (N.D. Ohio filed Jan. 10, 2024).

36. Similarly, the Arbitrator's firm, including attorneys from the Arbitrator's same Cleveland office, currently represents Sony/ATV Tree Publishing, known as Sony Music Publishing, in no fewer than six copyright infringement suits. Attached hereto as **Exhibits 34-39** are true and correct copies of the docket from the following actions: *Broadcast Music, Inc. v. Bowstring Bar & Grill, LLC*, No. 3:25-cv-00173 (N.D. Ohio filed Jan. 31, 2025); *Broadcast Music, Inc. v. Thims*

DECLARATION OF BLAKE MARKS-DIAS – 5

*Lounge LLC*, No. 2:24-cv-04242 (S.D. Ohio filed Dec. 6, 2024); *Broadcast Music, Inc. v. 130 Restaurant and Management, Corp.*, No. 1:24-cv-01418 (N.D. Ohio filed Aug. 20, 2024); *Broadcast Music, Inc. v. Summit Revival LLC*, No. 2:24-cv-01427 (S.D. Ohio filed Mar. 28, 2024); *Broadcast Music, Inc. v. Little River Bar and Grill, LLC*, No. 1:23-cv-00789 (S.D. Ohio filed Nov. 30, 2023); *Broadcast Music, Inc. v. Whiskey Stop Bar and Grill, Inc.*, No. 5:23-cv-01889 (N.D. Ohio filed Sep. 28, 2023).

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 30th day of September, 2025, at Seattle, Washington.

*/s/ Blake Marks-Dias*
Blake Marks-Dias

DECLARATION OF BLAKE MARKS-DIAS – 6

CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900