Honorable Jamal N. Whitehead

United States District Court
Western District of Washington
at Seattle

| | |
|---|---|
| Valve Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Thomas Abbruzzese, *et al.*,<br><br>　　　　Defendants. | Case No. 2:24-cv-1717-JNW<br><br>Defendants' Motion To Strike Complaint Under Rule 12(f)<br><br>Noted on Motion Calendar:<br>October 24, 2025 |

Defendants (hereinafter, "**PC Gamers**"), through undersigned counsel, hereby move to strike Plaintiff Valve Corporation's ("**Valve**") complaint.[1] Dkt. 78.

---

[1] Undersigned counsel hereby certifies that he held a meet and confer with Plaintiff's counsel before filing any Rule 12(b) motion to dismiss pursuant to Your Honor's Chambers Procedures § 5.6. Although undersigned counsel provided Valve every opportunity to avoid this motion or a Rule 12(b) motion, the parties were unable to reach an agreement to alter the complaint in any manner as to any paragraph.

Defendants' Motion To Strike
Complaint – Page i

Bailey Duquette P.C.
800 Fifth Avenue, Suite 101-800
Seattle, Washington 98104
T 206.353.8021 | F 888.233.5869

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................... 1

II. FACTS .................................................................................................................. 1

III. ARGUMENT ....................................................................................................... 2

   A. Legal Standard ............................................................................................. 2

   B. Valve Improperly Attacks Counsel Instead of Pleading Claims ................. 3

IV. CONCLUSION .................................................................................................... 4

## I. Introduction

Valve claims it "merely asks the Court to answer a simple legal question." Dkt. 78 ("Compl."), ¶ 1. But this massive "complaint" does no such thing. Instead, Valve filed a 131-page press release masquerading as a pleading—one that mentions opposing counsel Bucher Law 244 times, yet alleges virtually nothing against the 572 PC Gamers it named as parties. It is a hit piece that deserves to be stricken and dismissed as such. *See McHenry v. Renne*, 84 F.3d 1172, 1179–1180 (9th Cir. 1996) (a document "labeled a complaint but written more as a press release . . . fails to perform the essential functions of a complaint").

In short, Federal court is for claims, not vendettas. Complaints are meant to inform the opposing party of the case they must meet, not to air grievances about counsel's employment history, funding sources, or alleged misconduct. To allow this Complaint to stand would endorse the very abuse the rules of pleading and Rule 12(f) were designed to prevent. This Court should strike the scandalous and impertinent material to reduce the scope of the complaint to the simple question Valve initially promised to present.

## II. Facts

On October 18, 2024, Valve filed a 220-paragraph petition seeking to enjoin ongoing arbitrations. Dkt. 1. It backed the filing with voluminous documents and declarations. Dkts. 2–4. Valve then served the same mountain of material on the named parties, even though the petition itself identified their counsel no fewer than 141 times. *See, e.g.*, Dkts. 27–35. After additional briefing, the Court struck the petition as improperly filed and granted Valve leave to file a complaint. Dkt. 76.

On August 21, 2025, Valve filed its complaint against 572 PC Gamers, seeking declaratory and injunctive relief. Dkt. 78. Although labeled an amended

complaint on the docket, there is hardly any amendments from Valve's original petition. *Compare* Dkt. 1 *with* Dkt. 78.

### III. ARGUMENT

Valve promised a simple legal question but delivered anything but. Its Complaint is riddled with ad hominem attacks and scandalous matters subject to Rule 12(f). The pleading should be stricken in its entirety.

#### A.    Legal Standard

Under Rule 12(f), the Court may strike from a pleading any "immaterial, impertinent or scandalous matter." "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citations omitted). "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir.2007) (citation omitted)

Courts interpret Rule 12(f) in plain terms. "Scandalous" material includes allegations that cast a cruelly derogatory light on a party or person. *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 938 (N.D. Cal. 2013). Matter is "immaterial" if it bears no relationship to the controversy before the Court. *Righthaven LLC v. Democratic Underground, LLC*, 791 F. Supp. 2d 968, 977 (D. Nev. 2011). "Impertinent" matter refers to statements that are neither necessary nor relevant to the issues in dispute. 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–11 (1990). Courts have also recognized that superfluous historical allegations may properly be stricken. *See, e.g., Healing v. Jones*, 174 F. Supp. 211, 220 (D. Ariz. 1959).

**B.     Valve Improperly Attacks Counsel Instead of Pleading Claims**

Valve, a multi-billion-dollar company with sophisticated counsel, filed a complaint that reads less like a pleading and more like a malicious vendetta. Its transparent purpose was to smear PC Gamers' lawyers in a filing it deliberately delivered directly to those clients in the form of a procedurally improper petition. Before Bucher Law PLLC entered these antitrust cases, Valve largely insulated itself from liability by enforcing an individual arbitration clause that most lawyers refused to challenge. Only Bucher Law and co-counsel have broken through—reviving the class action and securing millions for consumers in individual arbitration. That success is the strategic threat Valve cannot abide.

Rather than meet claims on the merits, Valve has tried to silence the firm that beat it. More than 500 denied sanctions motions later, Valve's campaign has failed. So it escalated. If judges and arbitrators would not buy its attacks, perhaps PC Gamers could be turned against their own counsel. To that end, Valve larded a massive petition, exhibits, and declarations with personal accusations, refused routine extensions or waivers of service, and delivered the mountain of paper directly to defendants' homes.

The result was predictable: confusion and prejudice. Valve itself has admitted that its petition led some PC Gamers to question who represented them and whether their cases were legitimate. *See* Dkts. 12, 39. The reason is obvious: the complaint begins not with facts about the SSA, but with accusations that counsel aided fraud, ran harassing ads, operated a scam, and misled clients—all within its first two pages. When the Court concluded the petition was improper, Valve merely changed the heading on the pleading and not the substance. Rule 12(f) exists to strip out precisely this sort of scandalous matter. *See Bolick v. Pasionek*, No. 2:10-CV-00353-KJD, 2011 WL 742237, at *3 (D. Nev. Feb. 24, 2011)

(striking allegations because of the "confusion that may result if [the party making the scandalous allegations] is allowed to pursue discovery regarding the claims"); *Pigford v. Veneman*, 215 F.R.D. 2, 3 (D.D.C. 2003) (scandalous allegations against opposing counsel "have no place in this Court and will be stricken.")

And by August 2025, Valve knew these charges were false. Valve had already lost at trial, the fraud allegations by a rival firm had been withdrawn, and the Washington Court of Appeals rejected Valve's theories outright, holding that the arbitration filings it complained of were a direct result of its own agreement. *Valve Corp. v. Bucher L. PLLC*, 34 Wash. App. 2d 727, 571 P.3d 312 (2025). Yet instead of correcting course, Valve doubled down—adding more attacks on counsel that bear no relation to the PC Gamers it sued. For many defendants, who vary widely in education and comprehension, this avalanche of invective obscures what the case is even about.

Courts are for claims, not smear campaigns. These ad hominem assertions have no place in any forum. The complaint should be struck, and Valve required to plead in a short, factual submission what it wants from these defendants and the facts relevant to them. Absent that, the PC Gamers cannot meaningfully participate, as the bulk of the pleading is irrelevant scandal, not substance.

## IV. Conclusion

For the above reasons, PC Gamers respectfully request that the Court strike Valve's complaint in its entirety and require any amended complaint to comply with Rule 8's demand for a short and plain statements.

DATED this 3rd day of October, 2025.

BAILEY DUQUETTE P.C.

By: */s William R. Burnside*
William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800

Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

BUCHER LAW PLLC

William Ward Bucher IV
(*pro hac vice* admitted for some Defendants and forthcoming for the remaining Defendants)
350 Northern Blvd, STE 324-1519
Albany, NY 12204-1000
Tel. 202.997.3029
E: will@bucherlaw.com

*Attorneys for Defendants*

  I certify that this motion contains less than 4,200 words under Local Rule W. D. Wash. LCR 7(e)(4).

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing Certain Defendants' Motion to Strike Complaint served upon counsel of record herein, as follows:

Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10                      ☒ Via Electronic Service
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
E: bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
E: michael.mctigue@skadden.com
E: meredith.slawe@skadden.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: October 3, 2025 at Seattle, Washington.

                *s/ William R. Burnside*
                William Burnside, WSBA No. 36002