# EXHIBIT 15

## INDIVIDUAL CLAIMANTS v. VALVE CORPORATION, d/b/a STEAM

### Case 01-23-0005:

### 3053-3056; 3058-3066; 3259-3262; 3264-3274

### Ruling and Order Regarding Respondent's Motion to Stay These Proceedings Pending a Ruling by the District Court for the Western District of Washington ("District Court") on Respondent's October 18, 2024 Petition to Enjoin Arbitrations ("Petition") Preventing Claimants from Proceeding with Their Arbitrations

By letter dated October 19, 2024, a copy of which is attached hereto as Exhibit 1 hereof,[1] Respondents asked this tribunal to stay the current arbitration proceedings pending a ruling by the District Court as to whether Respondent is entitled to injunctive relief preventing Claimants from proceeding with their claims via the currently pending arbitrations.[2]

By email to counsel, Claimants were asked to submit their Response to Respondent's October 19th letter by October 23, 2024. Claimants did so by their letter of October 23, 2024, a copy of which is attached hereto as Exhibit 3 hereof. Claimants' letter did not contain a substantive response to Respondent's October 19th letter.

By way of background, the 28 cases affected by this Ruling and Order affects but a small number of the total arbitrations filed by Claimants' counsel. In connection with several of these arbitrations, Claimants filed motions with one of the Merits Arbitrators asking that the Arbitration provision be deemed unconscionable. In four of those cases, those motions were successful. As a result, Respondent modified its Terms and Conditions ("SSA") to eliminate the Arbitration Provision and Class Action Waiver, providing, instead, "that all claims and disputes between Valve and Steam users must proceed in court, including claims and disputes that arose before Valve implemented the current SSA."[3]

There are several questions raised by Respondent's Petition, although the major ones are (1) whether Respondent's revised, or "Current SSA" supersedes the prior, or "Superseded SSA", and (2) which body, the Arbitrator or the Federal Court, has jurisdiction to rule on which SSA prevails.

Regarding question 1, as to whether the Current SSA replaces the Superseded SSA, the issue revolves around the language used in the Superseded SSA, *i.e.*, can Respondent unilaterally modify the terms of its SSA.

---

[1] Except as specifically noted, the Exhibits to Respondent's October 19th letter are not attached to this Ruling and Order.

[2] The Claimants affected by this Ruling and Order are listed in Exhibit 2, attached hereto and made a part hereof. So as to protect the Claimants' privacy, only the numbers associated with each of their cases are included.

[3] *See*, Paragraph 7 of Respondent's Petition, attached hereto as Exhibit 4 hereof.

**INDIVIDUAL CLAIMANTS v. VALVE CORPORATION, d/b/a STEAM**

 **Case 01-23-0005:**

**3053-3056; 3058-3066; 3259-3262; 3264-3274**

**Ruling and Order Regarding Respondent's Motion to Stay These Proceedings Pending a Ruling by the District Court for the Western District of Washington ("District Court") on Respondent's October 18, 2024 Petition to Enjoin Arbitrations ("Petition") Preventing Claimants from Proceeding with Their Arbitrations**

Section 8(B) of the Superseded SSA provides: "Unilateral Amendment"

"Furthermore, Valve may amend this Agreement . . . unilaterally at any time in its sole discretion. In this case, you will be notified by email of any amendment to Agreement made by Valve at least 30 (30) days before the effective date of the amendment. . . . Your failure to cancel your Account prior to the effective date of the amendment will constitute your acceptance of the amended terms. If you don't agree to the amendments or to any of the terms of this Agreement, your only remedy is to cancel your Account or to cease use of the affected Subscription(s). . . ."

The disputed provision in the Superseded SSA provides in relevant part:[4] "Must Arbitrate All Claims [with certain exceptions not relevant here]

YOU AND VALVE AGREE TO RESOLVE ALL DISPUTES AND CLAIMS BETWEEN US IN INDIVIDUAL BINDING ARBITRATION THAT INCLUDES BUT IS NOT LIMITED TO ANY CLAIMS ARISING OUT OF OR RELATING TO (I) ANY ASPECT OF THE RELATIONSHIP BETWEEN US; (II) THIS AGREEMENT; OR (III) YOUR USE OF STEAM . . . REGARDLESS OF WHETHER SUCH CLAIMS ARE BASED IN CONTRACT, TORT, STATUTE, FRAUD, UNFAIR COMPETITION, MISREPRESENTATION OR ANY OTHER LEGAL THEORY. . . ."

There are no filings that dispute Respondent's right to unilaterally amend its SSA. and therefore no basis to hold that Respondent does not have the right to do so. The sub-question, here is whether Respondent followed Section 11B's procedural requirements. For the answer to this question, reference is made to the Declaration of Scott Lynch in Support of Petition to Enjoin Arbitrations, a copy of which is attached hereto as Exhibit 6 hereof and to which no objections, evidentiary or otherwise, were made. It is clear from the Lynch Declaration, that the procedural requirements of the Superseded SSA were followed and that the Current SSA will become effective as to all Claimants as of November 1, 2024.

The last sentence of Paragraph 10 of the Current Agreement provides: "In the event that an Alternative Dispute Resolution Procedure fails, or if either Valve or you prefer not to resort to Alternative Dispute Resolution, you may bring proceedings in the courts of the place where you are domiciled."

---

[4] *See*, Section 11A of the Superseded SSA, attached hereto as Exhibit 5 hereof.

INDIVIDUAL CLAIMANTS v. VALVE CORPORATION, d/b/a STEAM

Case 01-23-0005:

3053-3056; 3058-3066; 3259-3262; 3264-3274

**Ruling and Order Regarding Respondent's Motion to Stay These Proceedings Pending a Ruling by the District Court for the Western District of Washington ("District Court") on Respondent's October 18, 2024 Petition to Enjoin Arbitrations ("Petition") Preventing Claimants from Proceeding with Their Arbitrations**

The Arbitration provision, found in the Superseded SSA, has been eliminated from the Current SSA.[5]

The question at this point is which of the two SSAs, the Superseded SSA or the Current SSA, is to be given effect, and, as to that question, the answer is quite clear and undisputed. Specifically, as Respondent noted in its October 19th pleadings, the U.S. Supreme Court, in *Coinbase, Inc. v. Suski*, 602 U.S. 143 (2024) ["*Coinbase*"], unanimously ruled that, where there are two contracts between the parties, one of which contains a mandatory arbitration provision, and the other of which does not and provides, instead, for court action in cases involving the parties' disputes, that it is the Courts, not the Arbitrators, that have exclusive jurisdiction to determine which of the two contracts prevails.

Given the clear ruling in *Coinbase*, there is little question that these arbitration proceedings must be STAYED pending the District Court's ruling on Respondent's October 18, 2024 Petition to Enjoin Arbitrations.

IT IS SO ORDERED.

Dated: October 28, 2024

_____
Allen M. Gruber, Esq.
Sole Arbitrator

---

[5] The relevant portions of the Superseded SSA and the Current SSA are Exhibits A and B, respectively, to the Lynch Declaration. The entire Lynch Declaration may be read in its entirety as it is attached as Exhibit 6 hereof.