# EXHIBIT 17

## AMERICAN ARBITRATION ASSOCIATION
## TODD MCNAMARA, ARBITRATOR

Case Nos. 01-23-0005-2915 and 01-23-0005-3581

Individual Claimants,

       Claimant,

v.

Valve Corporation d/b/a Steam,

       Respondent.

## ORDER STAYING PROCEEDINGS PENDING COURT DETERMINATION OF THE JURISDICTIONAL ISSUES

This matter flows from a class action complaint filed in the United States District Court from the Western District of Washington, alleging that Respondent Valve Corporation violated the antitrust laws causing injury to the purchasers of video games which were offered for sale on Valve's online platform. A Motion to Dismiss the Amended Complaint was denied and subsequently the District Court compelled arbitration of all consumer disputes.

Many hundreds of arbitrations were ultimately filed, that number now reaching into the tens of thousands, including Claimants Argo and Weber who are members of the putative District Court class.

Subsequently Valve Corporation filed a Motion to Dismiss and Claimants sought enhanced discovery. Valve now seeks dismissal, or stay, of the present arbitration proceedings, arguing that there is no longer an agreement to arbitrate between the two Claimants and Valve. By letter dated September 27, 2024, Valve argued that the two Arbitrations pending before me, as well as countless other hundreds, should be dismissed for lack of jurisdiction because Valve had amended its Steam Subscriber Agreements ("SSA's") to eliminate arbitration of *existing* and further disputes or would do so in the near future. Valve claimed that it had the right to do so unilaterally under the Agreement's terms.

Claimants objected to the dismissal of these individual actions on or about October 23, 2024. I ordered that the parties brief the matter. Valve submitted its initial brief on October 19, 2024, Claimants responded on November 1, 2024, and finally, Valve tendered a Reply brief on November 8, 2024. In essence, Valve contends that I lack any jurisdiction to determine whether, which of two SSA's control- one of which contains an arbitration clause (the original SSA) or revised SSA - which does not.

In large part, Valve bases its arguments on *Coinbase, Inc. v. Suski*, 609 U.S. 143, 152 (2024). Valve also contends that Claimant Argo effectively accepted the current SSA which eliminated the arbitration clause, when Argo clicked on the pop-up message containing the Agreement. Valve contends that Claimant Weber also assented to the current SSA as he continued to maintain his Steam account after November 1, 2024.

The crux of the dispute is that the original SSA *did* contain an arbitration clause under which these proceedings were initiated and have continued. However, Valve unilaterally amended the prior SSA and the current SSA, by which subscribers continue their accounts, eliminated any arbitration clause.

While there are numerous arguments posed by the Claimants which *may* have some validity, a determination as to which SSA is in effect, *i.e.* the superseded SSA or the current SSA is not a determination for me to make. In *Coinbase*, the Supreme Court unanimously ruled that where there are two contracts between the parties, one of which contains a mandatory arbitration provision and another one which does not, the analysis of which agreement controls is within the court's purview, not mine as an arbitrator. While there are some distinguishing characteristics to *Coinbase,* I believe it controls in this case.

Thus, I order that based upon *Coinbase*, Argo and Weber's proceedings are stayed pending the District Court's ruling on Valve's October 18, 2024 Petition to Enjoin Arbitrations. If these matters are Ordered once again to arbitration by the District Court, I intend to deny Valve's pending Motion to Dismiss and grant some, but not all of Claimants requested discovery.

So Ordered this 11th day of December, 2024.

*[signature]*

_____