# EXHIBIT 18

**AMERICAN ARBITRATION ASSOCIATION**

In the Matter of the Arbitration between

**25 INDIVIDUAL CLAIMANTS**

Case No. 01-23-0005-3536

vs.

**VALVE CORPORATION d/b/a STEAM**

---

**RULING RE REQUEST FOR STAY**

Respondent Valve Corporation has requested that these twenty-five (25) arbitrations[1] be stayed pending a decision on Valve's petition to enjoin the arbitrations filed in the United States District Court for the Western District of Washington (the "Petition to Enjoin").

Having read and considered the memoranda filed in support of and in opposition to Valve's request, and having considered the authorities and evidentiary exhibits submitted therewith, the request to stay is hereby GRANTED. My reasons for this ruling are summarized below.

## I. PROCEDURAL BACKGROUND

On October 11, 2024, Valve requested that I dismiss these arbitrations for lack of jurisdiction, based on the amended SSA and the pendency of a class action brought on behalf of Valve subscribers. *Elliott v. Valve Corporation*, No. 2:24-cv-01218 (W.D. Wash. filed Aug. 9, 2024). By an order on October 11, 2024, I declined to do so, pointing out that a challenge to jurisdiction should be made only in compliance with Consumer Rules R-24 and R-33.

On October 18, 2024, Valve filed the Petition to Enjoin.[2] The gravamen of the Petition is that because Valve amended its Steam Subscriber Agreement ("SSA") to eliminate the arbitration clause, there is no longer a basis for these arbitrations to proceed.[3] In the Petition, Valve claims that many subscribers had already agreed to the amended SSA, and the rest of the subscribers—including Claimants in these arbitrations—would agree to it no later than November 1, 2024, by their continued use of the Steam platform.

In the Petition, Valve points out that the consumers will not be without a remedy, as they could assert their claims in court, including in the *Elliott* action filed by Claimants' counsel. Valve also contends that only a court, and not arbitrators, can properly determine which of the two SSAs applies, citing *Coinbase, Inc. v. Suski*, 609 U.S. 143, 152 (2024).

---

[1] The names of the 25 Claimants and case numbers are set forth in Exhibit A hereto.
[2] The Petition and accompanying Memorandum of Law are Attachments A and B to Valve's stay request.
[3] The Petition names as Respondents the Claimants in these 25 arbitrations and in many other pending consumer arbitrations asserting antitrust claims against Valve.

1

At a conference with counsel on October 31, 2024, Valve contended that even if I was not willing to dismiss the arbitrations, they should be stayed pending a ruling on the Petition to Enjoin. I granted Valve leave to submit a brief by November 14, 2024, requesting a stay, and afforded Claimants the right to respond by December 2, 2024. The parties have submitted briefs and accompanying exhibits in support of and in opposition to Valve's request for a stay. Further arguments were presented by counsel at a Zoom conference on December 19, 2024.

## II. DISCUSSION

### A. Application of the *Coinbase* decision.

I believe that under *Coinbase, Inc. v. Suski*, *supra*, the courts, not arbitrators, have the authority to determine which of the two SSAs apply to Claimants' claims.

Claimants seek to distinguish *Coinbase* on its facts. They point out that *Coinbase* involved two arbitration agreements with conflicting provisions, and the question was which of the two applied to a later dispute. Here, by contrast, the parties had already been arbitrating a dispute under an existing arbitration agreement, when Valve created the second agreement eliminating the arbitration clause. These factual differences do not, in my opinion, make *Coinbase* inapplicable. In the present arbitrations there are two SSAs—one with an arbitration clause and one without such a clause--and the parties disagree as to which one governs the claims in these arbitrations. Under *Coinbase*, that decision is for the courts, not arbitrators, to make. The Petition to Enjoin puts that issue squarely before the District Court.

I recognize that the question of "which agreement applies" could involve several separate determinations, including (1) whether the amended SSA is valid and enforceable, and (2) if so, whether it operates retroactively to govern the claims in these arbitrations, which involve conduct by Valve pre-dating the amended SSA. Under *Coinbase* these issues are for the courts to decide. In the alternative, the Court may determine whether arbitrators have jurisdiction over any of these issues.[4]

Much of the parties' briefing on the stay request is devoted to the underlying merits of the Petition to Enjoin, e.g., whether there has been a valid and enforceable amended SSA that precludes arbitration of disputes between Valve and its subscribers, including claims based on past conduct. Valve's brief extensively discusses why the amended SSA was validly entered into, was agreed to by the consumers, is enforceable and applies retroactively to apply to pre-existing claims, and thereby eliminates arbitration as a viable procedure.[5] Claimants, in opposition, argue that jurisdictional issues are established at the time of filing, that Valve has waived any objections to jurisdiction and should be estopped to challenge jurisdiction, and that the new SSA violated the covenant of good faith and fair dealing.[6] In my opinion these issues, under *Coinbase*, are for the Court to decide, and therefore it is unnecessary and would be inappropriate for me to resolve them.

---

[4] In the 2021 *Wolfire* decision, for example, the District Court explicitly left to the arbitrators the decision whether the SSA was enforceable.
[5] See Valve's brief in support of stay request dated November 14, 2024.
[6] See Claimants' brief opposing the stay request served on December 2, 2024.

### B. Should the Arbitrations be Stayed?

Although *Coinbase* gives the District Court the authority to decide which of the two versions of the SSA applies to the claims in these arbitrations, that does not, in my opinion, answer the question of whether the arbitrations before me *should be stayed* until the District Court decides whether these disputes will be resolved in court or in arbitration.

These arbitrations were filed following an order of the District Court in *Wolfire* compelling arbitration of consumer antitrust claims against Valve under the existing SSA. While the Court explicitly allowed the parties to raise alleged unenforceability of the SSA before the arbitrators, none of the parties have done so in the arbitrations before me. Instead, Valve filed the Petition to Enjoin, seeking to eliminate arbitration entirely as a procedure for resolving consumer claims against Valve.[7]

Under these circumstances, I conclude that it is within my discretion as arbitrator to decide whether to temporarily stay the arbitrations, pursuant to my authority under the AAA's Consumer Arbitration Rules to establish a schedule for the arbitrations. In exercising that discretion, I have considered the potential burdens and hardships to the parties from granting, or not granting, a stay, as well as the procedural status of the antitrust claims against Valve and the tactical maneuvers of counsel on both sides.

One obvious factor militating for a stay is that if Valve is successful on the Petition to Enjoin, all of the time, effort and expense in prosecuting these arbitrations from this point forward will have been for nought. That effort and expense could be considerable. The parties are in middle of a large-scale document production, which may lead for further objections and motion proceedings. One of the 25 arbitrations has been set for a merits hearing on April 7-11, 2025.[8] The parties have agreed that the other hearings will be set for dates after that initial hearing. An equally obvious countervailing factor is that a stay will likely delay the adjudication of Claimants' claims, which will have been an unnecessary delay if Valve does *not* prevail on the Petition to Enjoin.

At the December 19, 2024, conference with counsel, I inquired as to the status of proceedings on the Petition to Enjoin. Valve's counsel described the Petition as involving a motion proceeding, to be decided on written submissions without a trial or evidentiary hearing. It appears, however, that a decision on the Petition is far from imminent. The Respondents (Claimants in the arbitrations), have not yet filed their substantive responses to the Petition. One Respondent, on active military duty, has moved to stay the Petition as to all Respondents for at least 90 days under a federal statute. Certain Respondents also moved for an extension of time to respond to the Petition. Valve has opposed both of these motions. At the December 19, 2024, hearing, Counsel represented that these motions have been fully briefed[9] and are under submission, but have not yet been ruled on by the Court.

---

[7] Valve has not sought a ruling from the District Court temporarily staying the many consumer arbitrations against Valve pending the Court's ruling on the Petition to Enjoin.
[8] Case No. 012300053544 (Ian Cheney). See Case Management Order No. 3, dated November 8, 2024.
[9] At my request, on December 20, 2024, Valve's counsel provided me with the parties' written submissions in connection with the two motions.

3

The parties accuse each other of trying to delay a resolution of the Petition. From the parties' written submissions, however, it appears that certain Claimants (Respondents in the District Court action) have taken steps that could delay a resolution of the Petition to Enjoin. I believe that Claimants'[10] efforts to delay the District Court's decision whether these arbitrations can go forward weakens Claimants' opposition to a stay of these arbitrations.

Weighing the competing factors, I have concluded that these arbitrations should be stayed as requested by Valve. Accordingly, IT IS HEREBY ORDERED THAT:

1. Respondent's Request to Stay the Arbitrations pending a ruling by the U.S. District Court for the Western District of Washington at Seattle on Valve's Petition to Enjoin Arbitrations in *Valve Corporation v. Thomas Abbruzzese, et al*, Case No. 2:24-cv-1717 is GRANTED.

2. The parties shall provide a written report to the Arbitrator describing the status of proceedings on the Petition to Enjoin on the earliest of (i) a ruling by the District Court on the Petition to Enjoin or (i) March 10, 2025.

3. All dates previously set pursuant to the Arbitrator's case management orders are hereby VACATED.

December 20, 2024

_____
Richard R. Mainland
Arbitrator

---

[10] I recognize that the Claimants in the arbitrations before me have not made the motion to stay or extend time to respond to the Petition to Enjoin. However, those motion are part of an overall litigation strategy employed by Claimants' counsel and that strategy can properly be attributed to Claimants

4

The following twenty-five individual AAA arbitrations are the subject of this Ruling:

| Name | AAA Case No. |
| --- | --- |
| Mcinerny | 012300053536 |
| Clarke | 012300053537 |
| Garrido | 012300053538 |
| Castaneda | 012300053539 |
| Reynolds | 012300053540 |
| Huege | 012300053541 |
| Sardisco | 012300053543 |
| Cheney | 012300053544 |
| Couzens | 012300053546 |
| Leffert | 012300053547 |
| Chaffee | 012300053548 |
| Maynard | 012300053550 |
| Gariba | 012300053551 |
| Zuniga | 012300053552 |
| Barrett | 012300053553 |
| Shingleton | 012300053554 |
| Niles | 012300053555 |
| Drommerhausen | 012300053556 |
| Pacholczak | 012300053557 |
| Huss | 012300053559 |
| Arthur | 012300053560 |
| Perlaza | 012300053561 |
| Finfrock | 012300053562 |
| Lahner | 012300053563 |
| Santos | 012300053564 |