# EXHIBIT 20

The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-CV-00563-JNW<br><br>**DEFENDANT VALVE CORPORATION'S OPPOSITION TO PLAINTIFF RYAN LALLY'S MOTION FOR SANCTIONS**<br><br>NOTE ON MOTION CALENDAR:<br>JULY 2, 2025 |

OPPOSITION TO PLAINTIFF RYAN LALLY'S
MOTION FOR SANCTIONS
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................................. 1

II. FACTUAL BACKGROUND ....................................................................................... 2

    A. Lally and Six Other Consumers Sued Valve; Judge Coughenour Compelled Those Plaintiffs to Arbitrate ............................................................. 2

    B. Two Years Later, Lally's Counsel Brought a Mass Arbitration Against Valve That Included Lally's Demand ............................................................... 3

    C. An Arbitrator Ruled That Valve's Arbitration Provision Was Unenforceable ..................................................................................................... 3

    D. Valve Removed the Arbitration Provision; All Consumer Plaintiffs Except Lally Moved to Lift the Stay .................................................................. 3

    E. The AAA Invoiced Valve $20.8 Million for the 14,911 Arbitration Demands Brought by Lally's Counsel; Valve Declined to Pay Those Fees and the AAA Suspended the Arbitrations ................................................. 4

    F. Lally Apparently Quit Using Steam Before the SSA Was Amended and Did Not Agree to the Current SSA .................................................................... 5

III. ARGUMENT ................................................................................................................. 5

    A. Lally Is Entitled to No Relief Personally and Has No Standing to Seek Relief on Behalf of 14,910 Other People .......................................................... 5

        1. Lally Is Not Entitled to Relief Because Valve Has Agreed to Arbitrate His Individual Claim ............................................................ 6

        2. Lally Has No Standing to Seek Relief on Behalf of 14,910 Other People ............................................................................................. 7

    B. The 14,910 Strangers to This Action Have No Right to Arbitrate ................. 8

    C. Valve's Refusal to Pay $20.8 Million in Fees Did Not Violate Judge Coughenour's Order Compelling Arbitration ................................................ 10

    D. Valve's Update to the Steam Subscriber Agreement Is Not Sanctionable ............ 11

    E. Valve Has Not Violated Rule 11 ....................................................................... 11

    F. Valve Has Not Committed Criminal Contempt .............................................. 12

IV. CONCLUSION ............................................................................................................ 12

OPPOSITION TO PLAINTIFF RYAN LALLY'S
MOTION FOR SANCTIONS – i
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## I. PRELIMINARY STATEMENT

Plaintiff Ryan Lally has no basis to seek sanctions on his own behalf and no standing to seek relief on behalf of 14,910 other strangers to this action. His motion for sanctions should be denied.

**Lally Has No Grounds To Seek Relief on His Own Behalf.** Lally moves for relief on his own behalf on the purported ground that Valve has refused to arbitrate with him. Valve has not refused to arbitrate—this disguised motion to compel arbitration has no merit. Valve has expressly agreed to proceed with Lally's arbitration before the American Arbitration Association ("AAA"). Valve asked the AAA to issue an invoice for Lally's individual case and committed to pay the invoice promptly upon receipt.[1] But Lally's counsel told the AAA "Valve's request for AAA to reissue an invoice for Claimant Ryan Lally should be denied." The AAA acquiesced and declined to issue the invoice. Lally has an arbitration pending before the AAA, and Lally may proceed with his case at any time. Accordingly, Lally has no basis to seek relief on his own behalf.

Lally's newfound insistence on arbitration also comes as a surprise to Valve because it is contrary to the positions Lally took in this Court. In 2021, after Valve moved to compel Lally's claim to arbitration under the Superseded SSA, Lally and his six consumer co-plaintiffs argued that Valve's now-superseded arbitration agreement was unconscionable, unenforceable, and "would deny" them "the ability to seek and obtain the statutory relief available to [them]." In granting Valve's motion, Judge Coughenour ruled that the arguments on enforceability could only be decided in arbitration. In 2024, an arbitrator in four other arbitrations (not involving Lally) held that the arbitration agreement was unenforceable. On August 9, 2024, those four individuals filed a putative class action in this Court asserting antitrust claims on behalf of a nationwide class—including Lally—in a complaint that was a near carbon-copy of Lally's complaint in this action.

---

[1] Valve agreed to arbitrate because Lally's facts are unusual: based on Valve's records, it does not appear that Lally accepted Valve's current Steam Subscriber Agreement which requires all claims—including accrued and pending claims—to proceed in court. Valve's now-superseded Steam Subscriber Agreement (the "Superseded SSA") contained an arbitration agreement.

OPPOSITION TO PLAINTIFF RYAN LALLY'S
MOTION FOR SANCTIONS – 1
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  They argued that they had "won binding decisions from arbitrators rendering Valve's arbitration provision unenforceable." Valve then removed from the Steam Subscriber Agreement the arbitration agreement deemed unenforceable. Lally's six consumer co-plaintiffs then requested that this Court lift the stay as to them so they could proceed with their putative class action. Yet Lally, without explanation, changed course. He apparently decided he did **not** want to proceed in Court, so the Court left the stay in place as to him. And Lally has now repudiated the positions he took in his 2021 filings, including that his putative class action was "superior to any other method for the fair and efficient adjudication of this legal dispute." (ECF 34 ¶314.)

**Lally Has No Basis To Seek Relief on Behalf of Thousands of Strangers.** This motion is a gambit by Lally's counsel, Mason LLP, to force Valve to pay $20.8 million in arbitration fees for 14,910 arbitration claimants who are not parties to this action. This attempt should fail for numerous reasons. First, Lally has no standing to seek relief as to these claimants, which should end the inquiry. Beyond that, (i) Lally has not shown that any of these claimants has an arbitration agreement with Valve; (ii) Lally has not pointed to any case that held a party's refusal to pay arbitration fees (particularly those of non-parties) is sanctionable; and (iii) the very arbitration agreement Lally seeks to enforce expressly forecloses any "representative" action or request for representative or relief—precisely what Lally seeks here.

For the foregoing reasons, the Court should deny Lally's motion in its entirety.

## II.   FACTUAL BACKGROUND

### A.   Lally and Six Other Consumers Sued Valve; Judge Coughenour Compelled Those Plaintiffs to Arbitrate

In 2021, a video game developer and seven consumers, including Lally, brought this action against Valve asserting antitrust claims. At that time, the Superseded SSA had an arbitration provision. (ECF 66.) Valve moved to compel the consumer plaintiffs to arbitrate. Lally opposed the motion, arguing that the arbitration agreement was unconscionable, unenforceable, and "would

OPPOSITION TO PLAINTIFF RYAN LALLY'S
MOTION FOR SANCTIONS – 2
(No. 2:21-CV-00563-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

deny" him "the ability to seek and obtain the statutory relief available to [him]." (ECF 51 at 1-2, 15-16.)

On October 25, 2021, Judge Coughenour compelled arbitration as to Lally and the six other plaintiffs only, concluding that challenges to the enforceability of the arbitration agreement were for an arbitrator to decide. The Court stayed these claims pending arbitration. (ECF No. 66.)

### B.    Two Years Later, Lally's Counsel Brought a Mass Arbitration Against Valve That Included Lally's Demand

In December 2023, Lally's counsel—Mason LLP ("Mason")—submitted a total of 14,922 substantially identical individual demands for arbitration against Valve with the AAA, of which 14,911 remain, including Lally's arbitration. (ECF 468 ¶6; Declaration of Blake Marks-Dias ("Marks-Dias Declaration") ¶¶7, 11, Exs. 1, 3.) Those demands asserted antitrust claims substantially identical to those asserted here. Mason informed the AAA that the claimants would argue that the arbitration agreement in the Superseded SSA was unenforceable. (Marks-Dias Declaration ¶13, Ex. 5.) Valve paid the $1,866,100 in non-refundable filing fees the AAA required. (ECF 468 ¶7; Marks-Dias Declaration ¶¶10, 12, Exs. 2, 4.) Before the AAA appointed merits arbitrators, Mason and Valve agreed to mediate. (ECF 468 ¶10, 12.)

### C.    An Arbitrator Ruled That Valve's Arbitration Provision Was Unenforceable

Meanwhile, the AAA appointed merits arbitrators for 624 arbitrations brought by another firm pursuing mass arbitration, Bucher Law PLLC ("Bucher"). Four of those claimants successfully challenged the arbitration provision in the Superseded SSA as unconscionable and unenforceable. (Marks-Dias Declaration ¶14.) Those claimants then commenced a new consumer class action in this Court, *Elliott v. Valve Corp.*, No. 2:24-cv-01218.

### D.    Valve Removed the Arbitration Provision; All Consumer Plaintiffs Except Lally Moved to Lift the Stay

On September 26, 2024, after the arbitrator's ruling that the arbitration provision in the Superseded SSA was unenforceable, Valve amended the SSA to remove it. The Current SSA now provides:

OPPOSITION TO PLAINTIFF RYAN LALLY'S
MOTION FOR SANCTIONS – 3
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

> You and Valve agree that all disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained **exclusively in any state or federal court** located in King County, Washington, having subject matter jurisdiction.

(Marks-Dias Declaration, Ex. 6 § 10 (emphasis added).) The Current SSA includes a merger clause providing that it supersedes and replaces the parties' prior agreement. (*Id.* §11.)

Valve notified users of the amendment through direct email notice, an in-app "pop-up" notification, and on its website. (*Id.*, Ex. 8.) Users could check a box indicating that they accepted the amendment, but the notices also informed users they would accept the amendment if they continued using the Steam platform. (*Id.*) Users were also required to accept the Current SSA before making additional game purchases on Steam after September 26, 2024.

The next day, Valve notified this Court and the AAA that it had withdrawn the arbitration provision. (ECF 362.) Valve reimbursed Mason for the $1,518,325 in AAA filing fees it had paid—a fact Mr. Mason omits from his declaration. (Marks-Dias Declaration ¶19, Ex. 7.) All consumer plaintiffs except Lally moved to lift the stay. (ECF 370.) On December 10, 2024, the Court lifted the stay, except as to Lally. (ECF 395.)

On October 18, 2024, Valve petitioned this Court to enjoin the pending arbitrations of 624 claimants represented by Bucher on the ground that, under the Current SSA, there is no arbitration agreement between the parties. (Marks-Dias Declaration ¶21, Ex. 8 ("*Abbruzzese*").) *Abbruzzese* remains pending.

### E. The AAA Invoiced Valve $20.8 Million for the 14,911 Arbitration Demands Brought by Lally's Counsel; Valve Declined to Pay Those Fees and the AAA Suspended the Arbitrations

On February 5, 2025, after the parties' mediation ended unsuccessfully, Mason advised the AAA it wished to proceed with mass arbitrations. (Marks-Dias Declaration ¶25, Ex. 9.) Valve asked the AAA to close the arbitrations because the Current SSA had no arbitration provision. (*Id.* ¶26, Ex. 10.)

OPPOSITION TO PLAINTIFF RYAN LALLY'S
MOTION FOR SANCTIONS – 4
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

The AAA rejected Valve's request to close the arbitrations and instead issued an invoice to Valve for $20,875,400 in arbitrator appointment fees ($1,400 per case) for the 14,911 arbitrations. Lally's single arbitration demand was part of this collective invoice. Valve elected not to pay that invoice because the Current SSA did not permit arbitration, and no arbitrator had jurisdiction to decide that the Superseded SSA should govern instead. On May 15, 2025, the AAA suspended the arbitrations because of Valve's refusal to pay. (ECF 468 ¶17.)

On May 2, 2025, another claimant represented by Mason brought a putative class action in California seeking to compel Valve to pay those arbitrator appointment fees (which duplicates the relief sought on this Motion). (Marks-Dias Declaration ¶30, Ex. 14.) Lally is a member of that putative class. (ECF 34 ¶29; Marks-Dias Declaration, Ex. 14 ¶50.) Valve is opposing that action.

### F. Lally Apparently Quit Using Steam Before the SSA Was Amended and Did Not Agree to the Current SSA

After receiving this Motion, Valve determined that Lally has not logged on to Steam since June 2023 and thus apparently did not agree to the Current SSA. (Marks-Dias Declaration ¶34, Ex. 16.) Out of the 14,911 claimants, Lally was the only one whom Judge Coughenour compelled to arbitrate. Valve informed Lally's counsel and the AAA that it was willing to arbitrate with Lally individually and requested that the AAA issue an invoice for that arbitration. (*Id.* ¶34-35, Exs. 16-17.)

Lally opposed Valve's request and asked the AAA not to issue an individual invoice, making it clear that the point of this Motion is not to pursue his own arbitration, but to force Valve to pay $20.8 million in fees for other claimants. (*Id.* ¶36, Ex. 18.) On June 25, 2025, the AAA informed the parties it would not issue the invoice. (*Id.* ¶37, Ex. 20.)

### III.   ARGUMENT

#### A. Lally Is Entitled to No Relief Personally and Has No Standing to Seek Relief on Behalf of 14,910 Other People

Lally seeks an order on behalf of himself and 14,910 other claimants, imposing a "deadline for Valve to pay" $20.8 million, with a threat of default and adverse inference sanctions for non-

OPPOSITION TO PLAINTIFF RYAN LALLY'S
MOTION FOR SANCTIONS – 5
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

compliance, and attorneys' fees. (Mot. 11:17-23.) That relief is not a sanction, but an order compelling arbitration on behalf of 14,910 strangers. All but two of the cases Lally cites address motions to compel arbitration under § 4 or for other relief under the FAA, not sanctions, with several of them *denying* motions to compel.[2] In *Frazier v. X Corp.*, 739 F. Supp. 3d 219 (S.D.N.Y. 2024), for example, where no party disputed that an arbitration agreement existed, the court ordered the defendant to pay administrative fees pursuant to § 4 on an "interim" basis until an arbitrator could rule on fee allocation. Lally is not entitled to compel fee payment on behalf of himself or anyone else.

### 1. Lally Is Not Entitled to Relief Because Valve Has Agreed to Arbitrate His Individual Claim

The FAA provides that a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate" may petition a federal district court to compel arbitration. 9 U.S.C. § 4. A refusal to arbitrate is "a prerequisite to compelling arbitration under Section 4 of the FAA." *Jacobs v. USA Track & Field*, 374 F.3d 85, 86 (2d Cir. 2004). Where a party attempts to arbitrate, there is no "failure, neglect, or refusal" by which another party could have been "aggrieved." *Jones v. Starz Ent., LLC*, 129 F.4th 1176, 1181 (9th Cir. 2025).

Here, Valve is willing to arbitrate individually with Lally pursuant to the Superseded SSA and pay AAA fees. Lally's circumstances are unusual: he is one of only seven individuals who were compelled to arbitrate by this Court, and the only one of the seven who—despite having once maintained that the relevant arbitration provision was unenforceable—now seeks to enforce it. Moreover, because no one has logged into the Steam account he claims since June 2023, he has apparently not agreed to the Current SSA requiring disputes to be resolved in court.

---

[2] *Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670, 676 (9th Cir. 2024) (denying motion to compel under § 4); *Tillman v. Tillman*, 825 F.3d 1069, 1075 (9th Cir. 2016) (plaintiff unable to pay arbitral fees could proceed in court); *Sink v. Aden Enters., Inc*, 352 F.3d 1197, 1199-1200 (9th Cir. 2023) (denying motion to compel under § 4); *Allemeier v. Zyppah, Inc.*, 2018 WL 6038340, at *4 (C.D. Cal. Sept. 21, 2018) (granting § 4 motion to compel); *Abernathy v. DoorDash, Inc.*, 438 F. Supp. 3d 1062, 1065-66 (N.D. Cal. 2020) (granting § 4 motion to compel).

OPPOSITION TO PLAINTIFF RYAN LALLY'S
MOTION FOR SANCTIONS – 6
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Accordingly, Valve requested that the AAA issue an invoice for Lally's arbitration, which Valve would have paid had the AAA provided it. Valve has not refused to arbitrate with Lally, and he is entitled to no relief. That should be the end of the matter.

Lally argues that he has "Been Prejudiced by Valve's Delay Tactics" (Mot. 5) but identifies no such tactics, or any reason why any such tactics might justify the extraordinary relief he now seeks:

1) Lally asserts that he has been denied "access to any forum for redress for over three years," but he waited more than two years to bring his demand after Judge Coughenour directed him to arbitration. (Mot. 5:5, 21.) He also ignores that he—not Valve—chose to bring his arbitration as part of a "mass arbitration," which, as he acknowledges, caused administrative delays. (Mot. 5:5-12.)

2) Lally also complains that a mediation between the parties took some time, suggesting that "the availability of the preferred mediator and then the fires in California" were somehow part of "Valve's Delay Tactics." (Mot. 5:4-15.) Valve was not responsible for those circumstances.

3) Lally further suggests that Valve's promulgation of the Current SSA was itself a "Delay Tactic[]." (*Id.* at 5:15-18.) Valve removed the arbitration provision after an arbitrator ruled it unenforceable, not because doing so would impact Lally's arbitration.

**2.     Lally Has No Standing to Seek Relief on Behalf of 14,910 Other People**

In seeking to compel Valve to pay fees for 14,910 other arbitrations claimants, Lally is seeking relief on behalf of third parties for whom he has no standing to act. The arbitration provision in the Superseded SSA Lally invokes forecloses any "CLASS OR REPRESENTATIVE ACTION" and precludes Valve and Lally from "seek[ing] to combine an action . . . with any other action" without all parties' consent. (ECF 35 at 6-7, Boyd Decl., Ex. E.) That agreement forecloses Lally's attempt to seek collective relief here.

OPPOSITION TO PLAINTIFF RYAN LALLY'S
MOTION FOR SANCTIONS – 7
(No. 2:21-CV-00563-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Further, a party "generally must assert his own legal rights and interests, and cannot rest [a] claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004). To seek relief on behalf of a third party, a person must have a "close relationship with the person who possesses the right" and there must be a "'hindrance' to the possessor's ability to protect his own interests." *Id*. at 130. Here, Lally appears to have no relationship, let alone a "close" one, with those 14,910 people who are not before the Court. Likewise, these other claimants are fully capable of protecting their own interests. One of them is already pursuing a putative class action in California seeking the same relief. (Marks-Dias Declaration ¶30, Ex. 14.) Lally is part of that putative class. (ECF 34 ¶29; Marks-Dias Declaration ¶30, Ex. 14 ¶50.)

### B. The 14,910 Strangers to This Action Have No Right to Arbitrate

Lally has also not shown that the 14,910 claimants who are not before the Court have any right to arbitrate:

First, Lally has not shown that these claimants are actually Valve's customers; his counsel's unverified statement that those claimants "are Steam subscribers" is insufficient. *See Wallrich v. Samsung Elecs. Am., Inc.*, 106 F.4th 609, 618-19 (7th Cir. 2024) (error to compel arbitration based on counsel's representations as to arbitration rights where no claimant "submitted any declaration or otherwise attested under penalty of perjury to the facts alleged in the arbitration demands."); *Abernathy*, 438 F. Supp. 3d at 1065 (refusing to compel arbitration for claimants who did not submit a sworn declaration attesting that they had an arbitration agreement). Nor is there any evidence that these other claimants are still bound by the Superseded SSA that contains an arbitration provision, as Lally appears to be.

Second, while the Court need not reach the question here,[3] Lally has not shown that the 14,910 claimants are not bound by the Current SSA, which has been in effect for nine months. Lally suggests that the Current SSA is unenforceable,[4] asserting that "[n]umerous courts, including

---

[3] The *Abbruzzese* Petition addresses this question.

[4] As Lally has not agreed to the Current SSA, he has no standing to challenge its enforceability.

OPPOSITION TO PLAINTIFF RYAN LALLY'S
MOTION FOR SANCTIONS – 8
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

arbitrators in other arbitration cases against Valve, have held that retroactive application of unilateral change to an arbitration agreement, as applicable to parties with pending arbitrations, is unconscionable and unenforceable." (Mot. 4.) Not so. Courts enforce modified agreements retroactively where there is notice and manifestation of assent. *E.g.*, *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1127 (11th Cir. 2014); *Pilon v. Discovery Commc'ns, LLC*, 769 F. Supp. 3d 273, 294-98 (S.D.N.Y. 2025); *Brooks v. WarnerMedia Direct, LLC*, 2024 WL 3330305, at *17 (S.D.N.Y. July 8, 2024); *McCumbee v. M Pizza, Inc.*, 2023 WL 2725991, at *10 (N.D. W. Va. Mar. 30, 2023); *In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 2021 WL 2350814, at *4 (C.D. Cal. Apr. 20, 2021); *Laster v. T-Mobile USA, Inc.*, 2008 WL 5216255, at *6 (S.D. Cal. Aug. 11, 2008); *Enderlin v. XM Satellite Radio Holdings, Inc.*, 2008 WL 830262, at *7 (E.D. Ark. Mar. 25, 2008); *Goetsch v. Shell Oil Co.*, 197 F.R.D. 574, 577 (W.D.N.C. 2000).

The one case Lally cites, *Heckman*, is distinguishable. That court did not conclude that Ticketmaster's arbitration agreement was "unconscionable and unenforceable" just because it applied retroactively. 120 F.4th at 682. It concluded the agreement was procedurally unconscionable because Ticketmaster could unilaterally modify it at any time without prior notice, apply it to previously-purchased tickets, and bind anyone simply visiting the Ticketmaster website—denying them an opportunity to avoid the new terms. *Id.* at 682-83. It was found to be substantively unconscionable because it incorporated rules that were one-sided and convoluted. *Id.* at 683-84. Here, Valve provided 30 days' notice of the Current SSA via multiple channels, and Steam users affirmatively agreed to the Current SSA through checking a box, making a purchase, or continuing to use Steam after receiving notice. (That Lally did none of those shows he is uniquely situated.)

The lone arbitral decision Lally cites was issued by an arbitrator whom the AAA has since disqualified (Valve informed Mason of that). (Marks-Dias Declaration ¶38.) The arbitrator replacing her rejected her analysis and temporarily stayed the arbitrations. (*Id.* ¶40.) Twenty other arbitrators have stayed arbitrations based on the *Abbruzzese* Petition. (*Id.* ¶41.) Arbitrators have

OPPOSITION TO PLAINTIFF RYAN LALLY'S
MOTION FOR SANCTIONS – 9
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

no jurisdiction to decide whether the Current SSA is enforceable. *See Coinbase, Inc. v. Suski*, 602 U.S. 143, 149 (2024).

### C. Valve's Refusal to Pay $20.8 Million in Fees Did Not Violate Judge Coughenour's Order Compelling Arbitration

Lally argues that Valve "disobe[yed]" Judge Coughenour's order compelling arbitration by refusing to pay $20.8 million in AAA fees. (Mot. 11.) That is wrong. Valve's motion to compel Lally to arbitrate had nothing to do with the other 14,910 non-parties to whom Lally has tied himself. Similarly, Judge Coughenour's order never compelled any of those people except Lally to arbitrate.

Lally had argued to Judge Coughenour that the arbitration provision in the Superseded SSA was unenforceable. (ECF 51 at 1-2, 15-16.) After he filed his arbitration demand, he told the AAA he intended to make that argument again in arbitration. (Marks-Dias Declaration ¶13, Ex. 5.) When the arbitration provision in the Superseded SSA was found unenforceable, and Valve removed that provision from the Current SSA, Lally seemed to have gotten what he wanted. But when he changed his mind and decided to push forward with the arbitration against which he previously fought, Valve agreed to pay the fees necessary for his individual arbitration to proceed. In short, Valve did everything Judge Coughenour's prior order required.

Beyond that, Lally cites no authority holding that a party's refusal to pay arbitration fees is sanctionable. The AAA rules contemplate that a party may refuse to pay fees. If the opposing party elects not to advance those fees, the AAA will suspend or close the arbitration. AAA Supplementary Rules MC-10(d), (e); *Wallrich*, 106 F.4th at 613 (summarizing AAA rules). The remedy for refusal to pay fees is not sanctions or an order to pay fees, but waiver of the right to arbitrate. *See Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1011-13 (9th Cir. 2004) (court lacked authority to compel arbitration and order a party to pay fees after the AAA suspended proceedings for failure to pay); *see also Wallrich*, 106 F.4th at 620 ("[T]he district court

OPPOSITION TO PLAINTIFF RYAN LALLY'S
MOTION FOR SANCTIONS – 10
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1 | exceeded its authority and the scope of the arbitration agreement by ordering Samsung to pay the
2 | AAA filing fees.").

Only two of the cases Lally cites even mention sanctions at all, and neither helps him. In *Lopez v. Thermo Tech Mech. Inc.*, 2023 WL 5571312 (S.D.N.Y. Aug. 29, 2023), the court *denied* sanctions, concluding that a defendant's failure to pay fees that were "greater than the total liability in this case" was not "undertaken for purpose of delay." *Id.* at *3. And in *Serv. Emps. Int'l Union Local 32BJ v. Preeminent Protective Servs., Inc.*, 997 F.3d 1217 (D.C. Cir. 2021), the court did not consider the merits of an appeal from a contempt order based on refusal to arbitrate because the appeal was not timely. Neither supports imposing sanctions here.

**D.    Valve's Update to the Steam Subscriber Agreement Is Not Sanctionable**

Lally argues (Mot. 8) that Valve should be sanctioned for amending the SSA to remove the arbitration provision that **Lally himself** previously argued was unenforceable. (ECF 51 at 1-2, 15-16.) His amended complaint also alleged his class action was "superior to any other method for the fair and efficient adjudication of this legal dispute." (ECF 34 ¶314.) Lally cannot now be heard to contend that Valve acted in bad faith by withdrawing an arbitration provision that he and his counsel argued was unenforceable and giving Lally the federal-court rights he initially sought. Nor does Lally cite any authority where a court sanctioned a company for updating its user agreement.

**E.    Valve Has Not Violated Rule 11**

Lally asserts that two actions Valve brought against other law firms—one against Zaiger LLC and one against Bucher (who, incidentally, are also suing each other)—violated Rule 11. (Mot. 6-7.) He is not a party to either action and has no right to seek sanctions related to them. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002) (no sanctions for conduct in other proceedings); *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1307

OPPOSITION TO PLAINTIFF RYAN LALLY'S
MOTION FOR SANCTIONS – 11
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

(9th Cir. 1990) (a non-party to a case cannot seek sanctions).[5] Nor did either suit violate Rule 11. Lally claims that the "obvious inference" is that Valve brought the suits to "dissuade other counsel and subscribers from pursuing their arbitration claims against Valve." (Mot 8.) If so, that effort failed: Mason, Zaiger, and Bucher are continuing to pursue "hundreds of thousands" of arbitrations against Valve. (*Id.*) Moreover, Zaiger and Bucher made that same contention to the courts hearing the suits, and neither court agreed. (Marks-Dias Declaration ¶¶42-45, Exs. 21 at 1; 22 at 15 n.3; 23 at 1; 24 at 1.)

Lally also suggests that the Petition to Enjoin Arbitrations that Valve filed in this Court against other arbitration claimants violated Rule 11. That petition, too, is a separate action to which neither Lally nor the 14,910 others are parties. That action is firmly grounded in law and fact and was filed for the proper purpose of resolving whether Valve must arbitrate with claimants who have agreed to withdrawal of the arbitration provision. (*Id.* ¶21, Ex. 8.) It does not violate Rule 11.

### F. Valve Has Not Committed Criminal Contempt

Lally references 18 U.S.C. § 401, the criminal contempt statute (Mot. 10), which permits a court to "punish by fine or imprisonment, or both, at its discretion," "contempt of its authority." *Id.* Lally seeks neither a fine nor imprisonment against Valve, so § 401 is inapplicable on its face. Nor has Valve has committed any contempt of this Court's authority.

### IV. CONCLUSION

The Court should deny the Motion in its entirety.

---

[5] Rule 11(c)(2) also places "stringent notice and filing requirements on parties seeking sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). Lally has not complied with those requirements. Indeed, Lally did not even meet and confer with Valve before filing the Motion.

OPPOSITION TO PLAINTIFF RYAN LALLY'S
MOTION FOR SANCTIONS – 12
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED: June 26, 2025.

I certify that this memorandum contains 4,185 words, in compliance with the Court's Order.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Defendant Valve Corporation*

OPPOSITION TO PLAINTIFF RYAN LALLY'S
MOTION FOR SANCTIONS – 13
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900