HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

                Plaintiff,

      v.

CHRISTIAN GRABER,

                Defendant.

Case No.  2:24-cv-1717-JNW

DEFENDANT CHRISTIAN GRABER'S
REPLY TO HIS MOTION TO CONFIRM
ARBITRATION AWARD

Defendant Christian Graber ("**Mr. Graber**"), through undersigned counsel, hereby replies to Plaintiff Valve Corporation's ("**Valve**") response to Mr. Graber's motion to confirm award.

In short, none of Valve's arguments approach the high bar required for the relief it seeks. The Court should therefore grant Mr. Graber's motion to confirm the award.

## I. LEGAL STANDARD

Under Section 9 of the Federal Arbitration Act, the Court must confirm an arbitration award unless it is vacated, modified, or corrected as prescribed in §§ 10 or 11. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 1402 (2008). The statute's

DEFENDANT CHRISTIAN GRABER'S REPLY TO HIS MOTION TO
CONFIRM ARBITRATION AWARD – Page 1

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

command is mandatory: confirmation follows unless Congress has said otherwise. Judicial review of an arbitration award is "limited and highly deferential." *Haines v. Amazon.com Servs.*, 766 F. Supp. 3d 1120, 1124 (W.D. Wash. 2025). Legal or factual mistakes alone do not justify setting an award aside. *Id*. The party opposing confirmation bears the burden of proof. *ShaZor Logistics, LLC v. Amazon.com*, No. 24-CV-968-BJR, 2024 WL 4827533, at *3 (W.D. Wash. Nov. 19, 2024).

## II. ARGUMENT

### A.    The Parties Agreed to Arbitrate Mr. Graber's Antitrust Claims

Valve now claims the parties never agreed to arbitrate. Yet in its own complaint, Valve alleged that "in 2012, Valve added to the [parties' agreement] an arbitration agreement providing that, with limited exceptions, users and Valve 'agree to resolve all disputes and claims between us in individual binding arbitration' with the AAA." Dkt. 78 ¶ 58. Valve's clear about-face reflects not confusion but convenience.[1]

Whatever Valve's current position on its "new" agreement, it does not matter. This Court already ordered that all issues—including arbitrability—be decided by the arbitrator. *Wolfire Games, LLC v. Valve Corp.*, No 2:21-cv-00563-JCC, 2021 WL 4952220, at *1 (W.D. Wash. Oct. 25, 2021). The arbitrator did exactly

---

[1] The Court should consider "advis[ing] counsel to read Rule 3.3 of the Washington Rules of Professional Conduct (regarding candor toward the tribunal), with which the Local Civil Rules of the Western District of Washington require attorneys to comply." *Travelers Prop. Cas. Co. of Am. v. AF Evans Co.*, No. C10-1110-JCC, 2012 WL 12882902, at *4 (W.D. Wash. Dec. 11, 2012).

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

that and ruled for Mr. Graber. Under this Court's prior order and the FAA's highly deferential standard, the award must be confirmed.

**B.    Valve Wasn't Denied Due Process**

Petitioner next invokes Section 10(a)(3) of the FAA, which permits vacatur where an arbitrator "refuse[s] to hear evidence pertinent and material to the controversy" or otherwise engages in "misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). But there is no allegation that the arbitrator refused to hear evidence. Instead, Valve complains that the arbitrator reviewed backup documentation supporting Respondent's cost application *in camera*. Dkt. 99 at 6–9.

Valve cites no authority holding that this practice is improper. It relies instead on a patchwork of cases taken out of context to construct a strained argument. The law is clear: an arbitrator's procedural choices are not governed by the Federal Rules of Civil Procedure or Evidence. The Ninth Circuit has "repeatedly held that arbitration is not governed by the federal courts' strict procedural and evidentiary requirements," and courts must be "mindful not to impose" those requirements on arbitration proceedings. *Astronics Elec. Sys. Corp. v. MAGicALL, Inc.*, No. 22-35645, 2023 WL 3451682, at *1 (9th Cir. May 15, 2023) (quoting *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010)).

The cases Valve invokes do not say otherwise. In *Move, Inc. v. Citigroup Global Markets, Inc.*, 840 F.3d 1152 (9th Cir. 2016), the issue was whether an award should be vacated after it was revealed that the tribunal's chairperson was a conman

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

1  impersonating a retired lawyer. Its mention of *ex parte* evidence is dicta, drawn from

2  *Totem Marine Tug & Barge, Inc. v. N. Am. Towing, Inc.*, 607 F.2d 649 (5th Cir.

3  1979), a 50-year-old case involving a gross due-process violation. There, an

4  arbitrator telephoned one party's counsel to obtain a damages figure and used that

5  figure in the award—without notice to or input from the opposing side. *Id.* at 650.

6

7  That conduct bears no resemblance to what happened here.

8         Valve's claim of an "*ex parte*" proceeding here reduces to the arbitrator's *in*

9  *camera* review of privileged cost records supporting Mr. Graber's application. Dkt.

10 99 at 8. There were no undisclosed communications between the arbitrator and

11 counsel—no off-record exchanges, no secret adoption of a party's position. The

12 arbitrator merely reviewed confidential materials to verify a cost submission.

13

14        Valve's reliance on *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536 (9th

15 Cir. 2016), is equally misplaced. Yamada concerned judicial fee awards in federal

16 class actions, not arbitration. Valve identifies no authority extending that standard

17 to arbitrations, and for good reason. Arbitration is intentionally flexible,

18 unencumbered by "the federal courts' strict procedural and evidentiary

19 requirements." *Astronics*, 2023 WL 3451682, at *1. Even if Yamada applied, the

20 result would be the same: that case recognizes that a court—or here, an arbitrator—

21 may rely on summary information rather than time sheets so long as the opposing

22 party has a fair opportunity to respond. *Yamada*, 825 F.3d at 544 n.7. Respondent

23 did exactly that.

24

25

26

DEFENDANT CHRISTIAN GRABER'S REPLY TO HIS MOTION TO
CONFIRM ARBITRATION AWARD – Page 4

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Valve also misreads Rule R-32(b) of the AAA Consumer Arbitration Rules. Nothing in that rule forbids an arbitrator from reviewing evidence in camera. It provides only that "[a]ll evidence shall be taken in the presence of the arbitrator and all of the parties unless any of the parties is absent, in default, or has waived the right to be present." That provision addresses live testimony, not documentary submissions. The relevant portion—R-32(c)—instead directs arbitrators to "consider applicable principles of legal privilege," which is precisely what the arbitrator did by protecting counsel's privileged timekeeping records.

Even if Valve could show some technical misstep, that would not warrant vacatur. The Ninth Circuit holds that vacatur is proper under Section 10(a)(3) only when an arbitrator's conduct deprives a party of a "fair hearing." *Riley v. QuantumScape Corp.*, No. 23-15277, 2024 WL 885034, at *2 (9th Cir. Mar. 1, 2024) (quoting *U.S. Life Ins.*, 591 F.3d at 1177). A fair hearing requires notice, an opportunity to be heard and to present relevant evidence, and an impartial decisionmaker. *Id.* Valve had all three. It received notice, participated fully, presented evidence, and was heard throughout. That is the essence of due process— and it is exactly what it received.

## C.    The Award Was Rational, Not Arbitrary

Valve claims the arbitrator's award was irrational and arbitrary, warranting vacatur under § 10(a)(4) of the FAA. The Ninth Circuit has made clear that § 10(a)(4) sets a high bar—it is not enough to show that the arbitrator erred, or even seriously erred. *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th

Cir. 2010) (citing *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010)). Vacatur is proper only if the award is "completely irrational" or shows a "manifest disregard for the law." *ShaZor Logistics,* 2024 WL 4827533, at *3 (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997–98 (9th Cir. 2003)).

Valve has not come close to meeting that standard; the award is reasoned, cites controlling law, and rests on ample evidence.

Valve's only arguably relevant citation is *Briscoe Protective, LLC v. N. Fork Surgery Ctr., LLC*, 215 A.D.3d 956, 957–58, 188 N.Y.S.3d 113 (2023). There, a New York appellate court vacated an award after finding that the arbitrator granted attorneys' fees without any proof of hours worked or hourly rates—awarding fifty percent of the damages as fees with no record support. *Id*. That decision turned on the absence of any evidence whatsoever, not a misapplication of law.

Here, by contrast, there is no allegation that the arbitrator failed to request or review evidence supporting the fee award. To the contrary, Valve requested production of Mr. Graber's billing records, and the arbitrator granted that request—reviewing the materials *in camera* before issuing a reasoned decision. Valve cannot now complain about the very process it demanded and received.

*Briscoe Protective* also applied New York's domestic arbitration statute, N.Y. C.P.L.R. Art. 75, not the FAA. Under the FAA, the Ninth Circuit has emphasized that "neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award." *Ghayoori v. Cobra Trading, Inc.*,

No. C25-0021 TSZ, 2025 WL 1519136, at *3 (W.D. Wash. May 28, 2025) (quoting *Kyocera*, 341 F.3d at 994). So even if *Briscoe Protective* were on point, it would not justify vacatur here.

At most, Valve's objections reduce to claims of legal error—which cannot sustain vacatur under § 10(a)(4). The Ninth Circuit requires far more: "the moving party must show that the arbitrator understood and correctly stated the law, but proceeded to disregard the same." *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (cleaned up). Valve makes no such showing. The record reveals a careful and reasoned decision, not a disregard for law or logic.

In sum, the award was reasoned, supported, and lawful. Nothing about it was arbitrary, much less capricious.

**D.    No Conflict Existed Between the Arbitrator and the Parties**

Valve claims that the arbitrator failed to disclose conflicts of interest in violation of 9 U.S.C. § 10(a)(2). That claim fails at the threshold.

Valve asserts that the arbitrator's firm "UBG represents multiple video game developers or their affiliates who are class members adverse to Valve in a certified federal antitrust class action currently pending in this Court." Dkt. 99 at 11. Valve cites no authority suggesting that such a tenuous link creates a disclosable conflict; the cases it invokes underscore the opposite—what a real conflict looks like. In *Carnegie Cos. v. Summit Props., Inc.*, 183 Ohio App. 3d 770 (2009), the same law firm represented both sides of the same deal. In *Schmitz v. Zilveti*, 20 F.3d 1043, 1049 (9th Cir. 1994), the arbitrator's firm had previously represented one of the

DEFENDANT CHRISTIAN GRABER'S REPLY TO HIS MOTION TO
CONFIRM ARBITRATION AWARD – Page 7

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

parties' owners. And in *HSMV Corp. v. ADI Ltd.*, 72 F. Supp. 2d 1122, 1132 (C.D. Cal. 1999), the arbitrator's firm directly represented a party's owner.

Here, there is nothing of the sort. Valve points to no evidence that the arbitrator or her firm ever represented a party adverse to Valve. Nor could it. Expecting the arbitrator to search every client of her firm to see whether any might, somewhere, be adverse to Valve in unrelated litigation is not the law—and not remotely practical. The law requires disclosure of real conflicts, not imagined ones.

Absent class members, as opposed to named parties, are definitionally not even *considered* when analyzing conflicts. In *E. & J. Gallo Winery v. EnCana Energy Services, Inc.*, the defendant moved to disqualify the judge because the judge was a possible absent class member in a Nevada class action against the defendant that alleged similar facts. No. CV F 03-5412 AWI LJO, 2004 WL 7342771 (E.D. Cal. Mar. 29, 2004). The request was denied, and the judge held that any:

> "interest as I may be perceived to have in this case is predicated on the notion I may make a decision in the present case that may, in some unknown way, influence a case in which I may eventually become a member (or may opt out) of an as yet uncertified class, and from which I may or may not receive some financial benefit whose amount and nature are as yet unknown from one or more defendants who may or may not be the defendant in this case."

*Id.* at *4.

Even if a conflict existed, Valve never raised it during the arbitration. The Ninth Circuit has long held that "the waiver doctrine applies where a party to an arbitration has [actual or] constructive knowledge of a potential conflict but fails to timely object." *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306, 1313 (9th

DEFENDANT CHRISTIAN GRABER'S REPLY TO HIS MOTION TO
CONFIRM ARBITRATION AWARD – Page 8

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Cir. 2004); *see also Div. 15 Tech. v. Sheet Metal Workers' Int'l Ass'n, Local 104*, No. C 10-05309 JSW, 2011 WL 13244832, at *5 (N.D. Cal. Mar. 14, 2011) (party waived objection to partiality by failing to object during arbitration). This rule serves a vital purpose: it prevents parties from pocketing objections as insurance against an adverse award and then weaponizing an arbitrator's neutrality after losing.

### III. CONCLUSION

For the above reasons, PC Gamers respectfully request that the Court reject Steam's request for extraordinary relief and deny its motion for a preliminary injunction.

DATED this 7th day of October, 2025.

BAILEY DUQUETTE P.C.

By: */s William R. Burnside*
William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com


BUCHER LAW PLLC

William Ward Bucher IV
(*pro hac vice* admitted for some Defendants and forthcoming for the remaining Defendants)
350 Northern Blvd, STE 324-1519
Albany, NY 12204-1000
Tel. 202.997.3029
E: will@bucherlaw.com

*Attorneys for Defendants*


*I certify that this motion contains less than 2,100 words pursuant to Local Rules W.D. Wash. LCR 7(e)(4).*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing Defendant Gregory Graber's Reply to His Motion to Confirm Arbitration Award served upon counsel of record herein, as follows:

Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10          ☒ Via Electronic Service
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
E: bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
E: michael.mctigue@skadden.com
E: meredith.slawe@skadden.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: October 7, 2025 at Seattle, Washington.

*s/ William R. Burnside*
William Burnside, WSBA No. 36002

DEFENDANT CHRISTIAN GRABER'S REPLY TO HIS MOTION TO
CONFIRM ARBITRATION AWARD – Page 10

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869