THE HONORABLE JAMAL N. WHITEHEAD

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | VALVE CORPORATION,

No. 2:24-CV-1717-JNW

11 |             Plaintiff,

**PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE COMPLAINT**

12 |       v.

13 | THOMAS ABBRUZZESE et al.,

**NOTE ON MOTION CALENDAR:
OCTOBER 24, 2025**

14 |            Defendants.

**ORAL ARGUMENT REQUESTED**

15

Complaint Filed: August 21, 2025

16

17

18

19

20

21

22

23

24

25

26

1

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ..................................................................................................1

II.    LEGAL STANDARD...........................................................................................3

III.   ARGUMENT ........................................................................................................4

    A.   The Motion Is Procedurally Defective and Should Be Denied for
        That Reason Alone.........................................................................................4

        1.   The Motion Fails To Meet the Particularity Requirements
            of Rule 7(b) ........................................................................................4

        2.   Defendants' Request to Strike the Entire Complaint Is
            Procedurally Improper Under Rule 12(f)...........................................6

    B.   Defendants Otherwise Fail to Meet the High Bar for Obtaining
        Relief Under Rule 12(f) ................................................................................6

        1.   The Facts Alleged Relating to Bucher Law Are Logically
            Connected to the Merits of Valve's Causes of Action.........6

        2.   The Facts Alleged Relating to Bucher Law Confirm
            Valve's Entitlement to Injunctive Relief ...........................8

            (a)   Irreparable Harm.....................................................8

            (b)   Balancing of the Equities .......................................10

IV.    CONCLUSION...................................................................................................11

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE COMPLAINT – i

No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Allstate Indemnity Co. v. Lindquist,*
No. C20-1508, 2022 WL 168400 (W.D. Wash. Jan. 18, 2022)............................5

*Ambac Assurance Corp. v. EMC Mortgage Corp.,*
No. 08 Civ. 9464(RMB)(MHD), 2009 WL 734073 (S.D.N.Y. Mar. 16, 2009).................9

*Black v. City of San Diego,*
No. 3:21-cv-01990, 2025 WL 486174 (S.D. Cal. Feb. 13, 2025)........................5

*Bolick v. Pasionec,*
No. 2:10-CV-00353, 2011 WL 742237 (D. Nev. Feb. 24, 2011)........................8

*Cobell v. Norton,*
224 F.R.D. 266 (D.D.C. 2004)........................8

*Crook v. San Bernardino County Sheriffs Department,*
No. 5:22-cv-00010, 2023 WL 4683534 (C.D. Cal. June 15, 2023)........................5

*Erhart v. BofI Holding, Inc.,*
269 F. Supp. 3d 1059 (S.D. Cal. 2017)........................10

*Fedderman v. Palm Beach County School Board,*
No. 22-81857, 2023 WL 7124166 (S.D. Fla. Oct. 30, 2023) ........................5

*Forza v. Quick Collect, Inc.,*
No. C21-1645, 2022 WL 179236 (W.D. Wash. Jan. 20, 2022)........................4

*Healing v. Jones,*
174 F. Supp. 211 (D. Ariz. 1959) ........................8

*Jacobson v. Persolve, LLC,*
No. 14-CV-00735, 2014 WL 4090809 (N.D. Cal. Aug. 19, 2014) ........................4, 9

*Kaiser Foundation Hospitals v. California Nurses Ass'n,*
No. 11-5588, 2012 WL 440634 (N.D. Cal. Feb. 10, 2012) ........................8

*Kootenai Tribe of Idaho v. Veneman,*
313 F.3d 1094 (9th Cir. 2002),
*abrogated in part on other grounds by*
*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011)........................6

*Li v. China Merchants Bank Co,*
No. 22 Civ. 9309 (KPF), 2023 WL 2955293 (S.D.N.Y. Apr. 14, 2023)........................9, 10

*Langadinos v. Washington State Bar Ass'n,*
No. 2:23-cv-250, 2024 WL 2764728 (W.D. Wash. May 30, 2024) ........................5

---

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE COMPLAINT – ii
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Mora-Villalpando v. U.S. Immigration & Customs Enforcement*,
  No. C18-0655, 2018 WL 3536754 (W.D. Wash. July 23, 2018) ...............................................4

*Pigford v. Veneman*,
  215 F.R.D. 2 (D.D.C. 2003) ...............................................................................................8

*Polaris Powerled Technologies, LLC v. Nintendo Co.*,
  623 F. Supp. 3d 1132 (W.D. Wash. 2022) .....................................................................2, 4

*Promedev, LLC v. Wilson*,
  No. C22-1063, 2023 WL 2330377 (W.D. Wash. Mar. 2, 2023) ...............................................9

*Silver v. Transworld Systems Inc.*,
  No. 2:25-cv-1024, 2025 WL 2467320 (W.D. Wash. Aug. 27, 2025) ..........................................1

*Streets v. Space Systems/Loral, LLC*,
  No. 20-CV-07901-EJD, 2021 WL 4146962 (N.D. Cal. Sept. 13, 2021) ....................................1

*Thompson v. Mukilteo School District No. 6*,
  No. 2:25-cv-00529, 2025 WL 1736342 (W.D. Wash. June 23, 2025) .......................................3

*U.S. v. Pomerantz*,
  No. C16-689, 2017 WL 4418572 (W.D. Wash. Oct. 5, 2017) .............................................5, 6

*Valve Corp. v. Bucher Law PLLC*,
  34 Wash. App. 2d 727 (2025) ...............................................................................................7

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ...............................................................................................6

*Wilmuth v. Amazon.com Inc.*,
  No. 2:23-cv-01774, 2024 WL 5088337 (W.D. Wash. Dec. 12, 2024) .....................................3, 4

*Wilson v. City of Fresno*,
  No. 1:19-cv-01658, 2020 WL 5366302 (E.D. Cal. Sept. 8, 2020) ...........................................4

*Wright v. State Farm Fire & Casualty Co.*,
  No. 2:23-cv-179, 2025 WL 257130 (W.D. Wash. Jan. 21, 2025) ...........................................6

**RULES**

Fed. R. Civ. P. 7(b)(1)(B) .................................................................................................1, 4

Fed. R. Civ. P. 12(f) .................................................................................................1, 3, 4, 5, 6

Fed. R. Civ. P. 14(a)(1) ...............................................................................................3

**OTHER AUTHORITIES**

5C Arthur R. Miller & A. Benjamin Spencer, Fed. Prac. & Proc. § 1380 (3d ed. Sept.
  2025 update) .................................................................................................4, 6

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE COMPLAINT – iii
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## I.    INTRODUCTION[1]

Defendants' Motion to Strike Complaint (Dkt. 105) illustrates why motions to strike under Rule 12(f) are often considered "delay tactics" and are thus "generally disfavored." *Silver v. Transworld Sys. Inc.*, 2025 WL 2467320, at *1 (W.D. Wash. Aug. 27, 2025) (Whitehead, J.). On September 10, 2025, the Court entered a stipulated scheduling order directing Defendants to respond to the Complaint by October 3, 2025. (Dkt. 87 at 2.) Almost a month passed. Then, rather than substantively respond to the Complaint, Defendants filed a four-page Rule 12(f) motion improperly requesting to strike unspecified allegations and elsewhere to "strike" and "dismiss" the entire pleading. The motion appears to have been intended to further postpone a resolution of the Complaint on the merits, to Valve's prejudice. It falls well short of the high bar for granting a Rule 12(f) motion and should be denied on multiple grounds, both procedural and substantive.

***Defendants' Motion Is Procedurally Defective.*** First, Defendants fail to "state with particularity the[ir] grounds" for relief, as required by Fed. R. Civ. P. 7(b)(1)(B). The motion merely attacks unidentified allegations concerning Bucher Law as gratuitous "invective" and part of a "malicious vendetta" (Mot. 3-4); it never explains what particular allegations should be stricken or why. (*See* Point III.A.1.) And the motion's request that the Court "dismiss" the Complaint or strike it "in its entirety" (Mot. 1, 4) is improper on its face. Rule 12(f) requires moving parties to identify specific "matter" to be stricken "from" a pleading. It is "not a vehicle to procure dismissal of all or a part of a complaint." *Streets v. Space Sys./Loral, LLC*, 2021 WL 4146962 (N.D. Cal. Sept. 13, 2021) (citing *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977)). (*See* Point III.A.2.)

***Defendants' Motion Fails to Meet Rule 12(f)'s Demanding Standard.*** Defendants do not come close to meeting the rigorous Rule 12(f) test for striking matter as immaterial, impertinent, or scandalous. Such motions ordinarily "will not be granted unless 'the matter has no logical

---

[1] Capitalized terms have the meanings ascribed to them in Valve's Complaint for Declaratory and Injunctive Relief (Dkt. 78) ("Complaint" or "Compl."). Unless noted, internal citations are omitted and all emphasis is added.

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE COMPLAINT – 1
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  connection to the controversy at issue and may prejudice one or more of the parties to the suit.'"

2  *Polaris Powerled Techs., LLC v. Nintendo Co.*, 623 F. Supp. 3d 1132, 1136 (W.D. Wash. 2022).

3       Here, however, the Complaint's allegations relating to Bucher Law are directly intertwined

4  with the merits in manifold ways. For example: Defendants recently argued that Valve's adoption

5  of the current Steam Subscriber Agreement between the parties (the "Current SSA"), which

6  requires litigation of disputes, represents an unconscionable, bad faith amendment in violation of

7  Washington law. But the Complaint explains that Valve was reacting to events orchestrated by

8  Bucher Law. Bucher Law obtained rulings in arbitrations that the arbitration provision in a prior

9  Steam Subscriber Agreement between the parties (the "Superseded SSA") was unenforceable.

10  Bucher Law then used those rulings as the springboard for commencing a duplicative putative

11  class action based on allegations identical to those made in the arbitrations, alleging that the class

12  action was superior to arbitration for resolving its clients' claims. Yet after these developments

13  resulted in an updated subscriber agreement that eliminated the arbitration agreement and class

14  action waiver, Bucher Law continued to prosecute arbitrations on behalf of Defendants, who are

15  all members of that putative class. Bucher Law argued to arbitrators (contrary to what it had told

16  this Court) that the Superseded SSA was actually enforceable and the Current SSA was invalid.

17  Those events—which were set in motion by Defendants' own counsel—compelled Valve to bring

18  this action. The allegations describing those events are plainly relevant to Valve's causes of action.

19  (*See* Point III.B.1.)

20       Allegations concerning Bucher Law and the events giving rise to this action also support

21  Valve's request for injunctive relief. With respect to irreparable harm, it is well-settled that forcing

22  a party to arbitrate disputes where there is no agreement to do so constitutes *per se* irreparable

23  harm. But Bucher Law has amplified this harm by pressing forward with the arbitrations and, in

24  so doing, engaging in wasteful and at times vexatious litigation tactics. Defendants do not deny

25  any of these tactics in their opposition to Valve's motion for a preliminary injunction. (*See* Point

26  III.B.2(a).)

---

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE COMPLAINT – 2
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    With respect to the balance of equities, allegations concerning the genesis of Bucher Law's

2  mass arbitration scheme and conduct in the underlying arbitrations also serve to confirm that

3  Defendants would suffer no harm if their arbitrations were enjoined. The claimants represented by

4  Bucher Law have not "invested years of effort and resources prosecuting their claims in arbitration."

5  (Dkt. 92 at 36.) To the contrary, as the well-pleaded allegations of the Complaint make clear, those

6  claimants may not even be aware of the arbitrations' existence. That is because, as the Complaint

7  avers, these are lawyer-driven claims brought by a firm, Bucher Law, that has targeted Valve with

8  the goal of "'weaponiz[ing]'" the now-Superseded SSA. Defendants are just numbers (or potential

9  returns on investment) in Bucher Law's mass arbitration scheme. (*See* Point III.B.2(b).)

10    In short, Valve included allegations about Bucher Law because they provide relevant and

11  critical context that bears on the request for relief that Valve has made here. To be sure, Bucher

12  Law does not have any good grounds to dispute these allegations: indeed, many of them are drawn,

13  at times verbatim, from Bucher Law's own documents, statements, and legal filings. Defendants'

14  counsel bring this motion in the apparent hope that the Court will excuse them from responding

15  by striking these allegations. The Court should decline that invitation: Rule 12(f) is not an

16  appropriate vehicle for adjudicating the merits. This Court is, of course, perfectly capable of

17  evaluating "a complete [court] record" without having it "preened" through Rule 12(f). *Thompson*

18  *v. Mukilteo Sch. Dist. No. 6*, 2025 WL 1736342, at *4 (W.D. Wash. June 23, 2025) (Whitehead,

19  J.). Accordingly, the Court should deny this motion and order Defendants to answer the Complaint

20  within 14 days. *See* Fed. R. Civ. P. 14(a)(1).

21  **II.    LEGAL STANDARD**

22    Defendants' recitation of the legal standard fails to acknowledge that "motions to strike are

23  generally disfavored because [they] may be used as delay tactics and because of the strong policy

24  favoring resolution on the merits." *Wilmuth v. Amazon.com, Inc.*, 2024 WL 5088337, at *3 (W.D.

25  Wash. Dec. 12, 2024) (Whitehead, J.). "Ordinarily, a motion to strike will not be granted unless

26  'the matter has no logical connection to the controversy at issue and may prejudice one or more of

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE COMPLAINT – 3
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    the parties to the suit.'" *Polaris*, 623 F. Supp. 3d at 1136; *see also Jacobson v. Persolve, LLC*,

2    2014 WL 4090809, at *2 (N.D. Cal. Aug. 19, 2014) (Rule 12(f) motions "'should not be granted

3    unless the matter to be stricken clearly could have no possible bearing on the subject of the

4    litigation'"). In addition, in evaluating a motion to strike, "the Court takes the plaintiff's allegations

5    as true and must liberally construe the complaint in the light most favorable to the plaintiff."

6    *Wilmuth*, 2024 WL 5088337, at *3.

7            Together, these standards require moving parties to bear a "stringent" burden. *Mora-*

8    *Villalpando v. U.S. Immigr. & Customs Enf't*, 2018 WL 3536754, at *4 (W.D. Wash. July 23,

9    2018). Defendants have "fail[ed] to clear" that "high standard" here. *Polaris*, 623 F. Supp. 3d at

10   1136.

11   **III.   ARGUMENT**

12           **A.      The Motion Is Procedurally Defective**
                        **and Should Be Denied for That Reason Alone**

13                   **1.      The Motion Fails To Meet the**
14                             **Particularity Requirements of Rule 7(b)**

15           As a threshold matter, the motion fails to "state with particularity the grounds for seeking"

16   the requested relief. Fed. R. Civ. P. 7(b)(1)(B); *see also Forza v. Quick Collect, Inc.*, 2022 WL

17   179236, at *1 (W.D. Wash. Jan. 20, 2022) ("Like all motions, a motion to strike must 'state with

18   particularity the grounds for seeking the order.'"); 5C Arthur R. Miller & A. Benjamin Spencer,

19   Federal Practice & Procedure § 1380 (3d ed. Sept. 2025 update) (hereinafter "Wright & Miller")

20   (same). "[A] sweeping, indiscriminate motion to strike, without any explanation as to how or why

21   the targeted paragraphs are immaterial or redundant, does not contain the requisite particularity or

22   otherwise clearly show that an order to strike is warranted." *Forza*, 2022 WL 179236, at *1

23   (alteration in original).

24           A motion to strike must "identif[y] with specificity which paragraphs or portions of

25   plaintiffs' complaint . . . should be stricken." *Wilson v. City of Fresno*, 2020 WL 5366302, at *3

26   n.2 (E.D. Cal. Sept. 8, 2020). Yet Defendants' barebones supporting brief—all four pages of it—

---

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE COMPLAINT – 4
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    does not reference a single paragraph that Defendants request to strike. This is "reason enough"

2    for denying relief. *Allstate Indemnity Co. v. Lindquist*, 2022 WL 168400, at *3 (W.D. Wash.

3    Jan. 18, 2022) (rejecting Rule 12(f) motion that was almost entirely "aimed at unspecified passages"

4    from allegedly objectionable briefs); *see also Crook v. San Bernardino Cnty. Sheriffs Dep't*, 2023

5    WL 4683534, at *1 (C.D. Cal. June 15, 2023) (rejecting Rule 12(f) motion, in part, because

6    moving party "fail[ed] to specify any particular documents or evidence . . . she wishe[d] to strike,

7    leaving the court unable to assess the validity of her claims").

8         Nor do Defendants explain why any allegation in the Complaint is immaterial, impertinent,

9    and/or scandalous. Instead, Defendants' motion is just a grab-bag of conclusory pejoratives.[2] The

10   stringent standards of Rule 12(f) demand more. *See Langadinos v. Wash. State Bar Ass'n*, 2024

11   WL 2764728, at *2 (W.D. Wash. May 30, 2024) (rejecting motion to strike based on "conclusory

12   statements" that "[did] not identify the [challenged] portions" of the objectionable briefing)

13   (Whitehead, J.); *see also, e.g.*, *Black v. City of San Diego*, 2025 WL 486174, at *5 (S.D. Cal.

14   Feb. 13, 2025) (denying Rule 12(f) motion that failed "to explain how the allegations are

15   'redundant, immaterial, impertinent, or scandalous'"); *Fedderman v. Palm Beach Cnty. Sch. Bd.*,

16   2023 WL 7124166, at *5 (S.D. Fla. Oct. 30, 2023) ("[W]hile Defendants repeatedly assert that the

17   paragraphs . . . are 'immaterial, impertinent, prejudicial or scandalous,' simply repeating such an

18   assertion without any supporting authority or explanation does not make it so."); *U.S. v. Pomerantz*,

19   2017 WL 4418572, at *4 (W.D. Wash. Oct. 5, 2017) (rejecting Rule 12(f) motion, in part, because

20

21

22

23   _____

[2] Rather than addressing their obligations under the Rule, Defendants make several extraneous and
24   misleading arguments—such as their assertion that by August 2025, "Valve had already lost at
     trial." (Mot. 4; *see also id.* at 3 (accusing Valve of trying "to silence the firm that beat it").) To the
     contrary, Valve has won on every claim in 43 of 49 arbitrations to proceed to a final award, while
25   participating under a reservation of rights. (Dkt. 81 ¶¶ 46-49; Dkt. 98.) Arbitrators have ruled
     partially for claimants in six arbitrations but have not awarded any individual more than $3,050 in
26   damages (*e.g.*, Dkt. 88, Ex. A; Dkt. 89, Ex. A; Dkt. 90, Ex. A; Dkt. 91, Ex. A)—orders of
     magnitude less than the "millions" cited by Defendants. (Mot. 3.)

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE COMPLAINT – 5
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    defendant "ha[d] not described any prejudice caused by the putatively offending paragraphs").[3]

2    ### 2.    Defendants' Request to Strike the Entire Complaint
         Is Procedurally Improper Under Rule 12(f)

4        As Defendants' own authority confirms, a party may not use Rule 12(f) "as a means to

5    dismiss . . . a pleading." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010)

6    (reversing order granting motion to strike to dismiss claim for damages) (cited at Mot. 2); *see also*

7    Wright & Miller § 1380 (same). Rather, the rule permits courts to strike only a specific subset of

8    redundant, immaterial, impertinent, or scandalous matter "from" a pleading. Fed. R. Civ. P. 12(f);

9    *see also Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002) ("As a rule of

10   construction, Federal Rules of Civil Procedure are given their plain meaning."), *abrogated in part*

11   *on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1180 (9th Cir. 2011).

12       But here Defendants request dismissal of the Complaint, stating that it "deserves to be

13   stricken *and dismissed as such*." (Mot. 1.) The motion must be denied on that basis. Defendants

14   further demand an order directing Valve to file a new pleading that "compl[ies] with Rule 8's

15   demand for a short and plain statement[]." (Mot. 4.) Yet Defendants do not explain—as they

16   must—why the Complaint does not meet the standards of Rule 8. (*See* Point III.A.1, *supra*.)

17   Defendants appear to be seeking to avoid addressing many of the Complaint's probative, well-

18   pleaded facts on the merits. Defendants cite no authority for such an end run around the Federal

19   Rules because there is none.

20   ## B.    Defendants Otherwise Fail to Meet the
          High Bar for Obtaining Relief Under Rule 12(f)

21       ### 1.    The Facts Alleged Relating to Bucher Law Are Logically
              Connected to the Merits of Valve's Causes of Action

22       The Complaint presents a straightforward legal question for the Court's resolution: May

24   ───────────────
[3] The Court should reject any attempt to supply such detail for the first time on reply. *See Wright*
25   *v. State Farm Fire & Cas. Co.*, 2025 WL 257130, at *3 (W.D. Wash. Jan. 21, 2025) ("Because
     these later arguments were improperly raised in a reply brief, the Court declines to consider them.")
26   (Whitehead, J.) (citing *Yageo Am. Corp. v. Tseng*, 2006 WL 8454994, at *1 (W.D. Wash. Apr. 21,
     2006) ("Ordinarily, the Court will not consider issues raised for the first time in a reply brief.")).

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE COMPLAINT – 6
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1   Defendants continue to arbitrate their claims against Valve even though they have assented to a

2   new agreement that requires them to litigate disputes in court? Valve recognized that Defendants

3   would attack that new agreement, the Current SSA, as unconscionable and the product of

4   putatively inequitable, bad faith tactics. (*See* Dkt. 92 at 15-20, 25-28.) Accordingly, Valve alleged

5   concrete facts that explain why its actions were objectively reasonable and in no way inequitable.

6   Those facts explain that Valve was reacting to changed circumstances set in motion by Defendants'

7   own counsel: Bucher Law obtained a ruling from an arbitrator that the Superseded SSA was

8   unenforceable and proceeded to file a putative class action in this Court on that basis. (Compl. ¶¶ 5,

9   81-101.) It was this conduct that led Valve to modify the SSA and remove its arbitration provision

10  and class action waiver. (*Id.* ¶¶ 6, 112-13.)

11          Further, it was Bucher Law's subsequent conduct that left Valve with no choice but to

12  commence this action. After Valve amended its subscriber agreement, Bucher Law began making

13  inconsistent representations about its enforceability before separate tribunals: it argued in the

14  putative class action, captioned *Elliott v. Valve Corp.*, No. 2:24-cv-01218 (W.D. Wash.), that the

15  Current SSA was *valid* and applied to all Valve consumers, including Defendants (Compl. ¶¶ 32,

16  139-41, 146), while at the same time it asserted before the AAA that the arbitration agreement in

17  the Superseded SSA was *enforceable* and the Current SSA was *invalid* (*id.* ¶¶ 33-34, 146-52, 161-

18  62.) Since then Bucher Law pressed forward with the arbitrations even though all Defendants

19  agreed to the Current SSA, which requires disputes (including already pending disputes) to be

20  litigated in court. (*Id.* ¶¶ 31, 34, 130-34, 235-39.) This is the conduct that constituted a breach of

21  the Current SSA on the part of each Defendant. (*Id.* ¶¶ 238-39.)[4]

22          Bucher Law's prosecution of the arbitrations also forms the factual predicate for Valve's

---

[4] Defendants wrongly insinuate that a Washington Court of Appeals "rejected" Valve's position that the Current SSA is enforceable against Defendants. (Mot. 4.) *Valve Corp. v. Bucher Law PLLC*, 34 Wash. App. 2d 727, 571 P.3d 312 (2025), involves allegations of tortious interference and abuse of process that predate enactment of the Current SSA by several years, and is irrelevant to this action and the motion. And Valve has appealed the Washington Court of Appeals decision to the Washington Supreme Court. *See* Petition for Review, *Valve Corp. v. Bucher Law PLLC*, No. 104417-8 (Wash. filed July 30, 2025).

---

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE COMPLAINT – 7
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

request for injunctive relief under the All Writs Act. (*Id.* ¶¶ 247-51.) The arbitrations would imperil the jurisdiction and any judgment of this Court in the consolidated putative class action, because those arbitration proceedings could result in rulings inconsistent with those of this Court. (*Id.*) Defendants recently dismissed this risk as "speculation." (Dkt. 92 at 35.) Yet as the Complaint confirms, Bucher Law took an entirely different position in *Elliott*, proclaiming that "[t]he prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for [Valve]." (Compl. ¶ 93.)[5] Accordingly, the Complaint's allegations relating to Bucher Law intersect with the merits in myriad ways. *See Kaiser Found. Hosps. v. Cal. Nurses Ass'n*, 2012 WL 440634, at *4 (N.D. Cal. Feb. 10, 2012) (refusing to strike from complaint facts that "provide[d] the Court with a fuller understanding of the dispute"); *Cobell v. Norton*, 224 F.R.D. 266, 284 (D.D.C. 2004) (declining to strike allegations of misconduct against government officials, including counsel, where contentions were "colorable," factually supported, and relevant to plaintiffs' claims).

### 2.    The Facts Alleged Relating to Bucher Law Confirm Valve's Entitlement to Injunctive Relief

The facts alleged relating to Bucher Law also support Valve's request for an order enjoining each arbitration that Bucher Law is prosecuting on behalf of Defendants. (*See* Compl. ¶¶ 241-51.) Those facts show (i) the irreparable harm that Valve would suffer in the absence of injunctive relief (*e.g.*, *id.* ¶¶ 191-215), and (ii) the balance of equities (*e.g.*, *id.* ¶¶ 216-24).

### (a)    Irreparable Harm

Forcing a party to arbitrate disputes that it did not agree to arbitrate constitutes *per se*

---

[5] *Bolick v. Pasionec*, 2011 WL 742237, at *3 (D. Nev. Feb. 24, 2011), on which Defendants rely (Mot. 3-4), is actually contrary to their position. There, a district court *refused* to strike one of two challenged allegations involving a law firm's "misuse of client trust funds," because it "may have some relation" to the defendant's misrepresentation claim against his former employer. *Pigford v. Veneman*, 215 F.R.D. 2, 3-4 (D.D.C. 2003) (Mot. 4), is equally unhelpful, as it involved "groundless" accusations of racism against a "dedicated Department of Justice attorney." Those allegations bear no resemblance to what is pleaded here. And in *Healing v. Jones*, 174 F. Supp. 211, 220 (D. Ariz. 1959) (Mot. 2), the court struck only one portion of one paragraph from a counterclaim, a far cry from what Defendants are requesting here.

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE COMPLAINT – 8
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    irreparable harm. (*See* Dkt. 79 at 18-21; Dkt. 106, at 12-13.) As explained above, Bucher Law

2    caused such harm by continuing to prosecute the arbitrations and pressing the contention that the

3    Superseded SSA remains enforceable—a position that is precisely the opposite of what Bucher

4    Law asserted in the *Elliott* putative class action. (Compl. ¶¶ 146-55, 161-64.) Bucher Law also

5    "magnifie[d]" Valve's expenditure of time and resources (*id.* ¶ 213) by engaging in wasteful and

6    at times vexatious tactics—including repeated requests for duplicative and unnecessary testimony;

7    last-minute withdrawals and requests for stays of arbitrations; and the pursuit of arbitrations on

8    behalf of claimants without authorization (including minors and individuals who were dead when

9    their arbitrations were filed). (*Id.* ¶¶ 201-12, 221.)

10            These well-pleaded facts vividly illustrate how Bucher Law delivered on its threat to

11   "'weaponize[]' Valve and Defendants' now superseded SSA" (*id.* ¶ 219) and, as such, are relevant

12   to the element of irreparable harm. (Dkt. 79 at 18-21.) Defendants did not even attempt to deny

13   any of their counsel's antics in opposing Valve's motion for preliminary injunction. Nor did they

14   suggest that this conduct was immaterial or impertinent to the issues in this case. And indeed,

15   Valve's reliance on these allegations in its moving brief (*id.*) attests to their relevance—and dispels

16   any suggestion that they are part of a gratuitous "smear campaign." (Mot. 4.) Defendants have no

17   basis to argue that allegations concerning Bucher Law "clearly could have no possible bearing on

18   the subject of the litigation." *Jacobson*, 2014 WL 4090809, at *2; *see also Promedev, LLC v.*

19   *Wilson*, 2023 WL 2330377, at *8 (W.D. Wash. Mar. 2, 2023) (motion should be denied "'[i]f there

20   is any doubt whether the portion to be stricken might bear on an issue in the litigation'").

21            Nor could the allegations in the Complaint related to Bucher Law "unduly prejudice"

22   Defendants for the simple reason that many are "already a matter of public record." *Ambac Assur.*

23   *Corp. v. EMC Mortg. Corp.*, 2009 WL 734073, at *3 (S.D.N.Y. Mar. 16, 2009) (quoting *Lucarelli*

24   *v. DVA Renal Healthcare, Inc.*, 2009 WL 262431, at *6 (S.D. Ohio Feb. 3, 2009)); *see also Li v.*

25   *China Merchants Bank Co.*, 2023 WL 2955293, at *4 (S.D.N.Y. Apr. 14, 2023) ("[B]ecause the

26   allegations have already been made public in at least one news article, the Court finds that keeping

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE COMPLAINT – 9
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1   the paragraphs in the Complaint would not prejudice Defendants."); *Erhart v. BofI Holding, Inc.*,

2   269 F. Supp. 3d 1059, 1086 (S.D. Cal. 2017) (denying motion to strike where many allegations

3   were public and so "'the cat is out of the bag'") (quoting *SmithKline Beecham Corp. v. Pentech

4   Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (Posner, J.)); *Garedakis v. Brentwood

5   Union Sch. Dist.*, No. C 14-4799 PJH, 2015 WL 2453295, *9 (N.D. Cal. May 22, 2015) (denying

6   motion to strike where "there is nothing here that is not a matter of public knowledge"). These

7   include allegations drawn from court filings in this and other actions and from public social media

8   content. (*See, e.g.*, Compl. ¶¶ 2-5, 10-16, 22-25, 32-33, 35, 69-74, 89-93, 97-101, 111, 137-141,

9   156, 219-220.) Indeed, Defendants' own counsel publicly filed in court his PowerPoint

10  presentation detailing his plan to "weaponiz[e]" Valve's arbitration agreement. (Dkt. 81 at 13.)

## (b)    Balancing of the Equities

12          The facts alleged relating to Bucher Law also show that the balance of the equities tips

13  decisively here in Valve's favor. (*See* Compl. ¶¶ 216-24.) Defendants' counsel asserted that this

14  balance "[t]ilts [s]harply [a]gainst Valve" (Dkt. 92 at 35), arguing that Defendants would "face

15  real, irreparable injuries" from an injunction, including "lost time" and "dissipated investments."

16  (*Id.*) But in the arbitrations that have proceeded, numerous claimants failed to testify at or attend

17  their own hearings, and others withdrew their claims at the last minute—hardly indicative of any

18  time or expense incurred, or of any commitment to the process more generally. (*See* Compl.

19  ¶¶ 208-09.) To the contrary, after Valve served Defendants with process in this action, numerous

20  Defendants reached out to Valve "expressing that they were confused, did not know they had filed

21  an arbitration, or wanted to end their arbitration." (*Id.* ¶ 42.) What these well-pleaded allegations

22  indicate is that many (if not most) of Bucher Law's claimants have *not* "invested years of effort

23  and resources prosecuting their claims in arbitration" (Dkt. 92 at 36)—and indeed may not even

24  be aware of their pending arbitrations.

25          The facts make it evident that these arbitrations are lawyer-driven—not client-driven.

26  Defendants are not "investing" their own "resources"; the disputes are bankrolled by Bucher Law

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE COMPLAINT – 10
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

and its litigation funder, Bench Walk. (*See* Compl. ¶ 15.) And many Defendants are not

"prosecuting their claims" in any meaningful sense. (Dkt. 92 at 36.) They are, instead, just "ROI"

or returns on investment (Compl. ¶¶ 3, 11)—pawns in a mass arbitration campaign that was

designed, in Mr. Bucher's own words, to "weaponize[]" an arbitration agreement between Valve

and its customers (*id.* ¶¶ 2, 14, 71, 219) and extract a windfall settlement from Valve (*id.* ¶¶ 2-3,

11). Those facts dispel any notion that claimants would be unfairly prejudiced by injunctive relief

such that the balance of equities weighs in their favor. Rather, that balancing favors granting Valve

the relief that it has been seeking in this action.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' motion should be denied in its entirety and

Defendants should be ordered to answer the Complaint within 14 days.

DATED: October 20, 2025

I certify that this memorandum contains 3,976 words, in compliance with LCR 7(e).

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Plaintiff Valve Corporation*

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE COMPLAINT – 11
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900