Honorable Jamal N. Whitehead

United States District Court
Western District of Washington
at Seattle

Valve Corporation,

    Plaintiff,

  v.

Thomas Abbruzzese, *et al.*,

    Defendants.

Case No. 2:24-cv-1717-JNW

Defendants' Reply To Motion To Strike Complaint Under Rule 12(f)

Noted on Motion Calendar:
October 24, 2025

Defendants (hereinafter, "**PC Gamers**"), through undersigned counsel, hereby reply to their motion to strike Plaintiff Valve Corporation's ("**Valve**") complaint.

## I. Reply

PC Gamers' motion to strike rests on a simple point: Valve's complaint is not a pleading—it is a smear campaign. It targets opposing counsel rather than addressing the parties or the contract at issue. Regardless of who drafted it, such an irrelevant pleading must be pared back to the actual dispute between the named parties. *See McHenry v. Renne*, 84 F.3d 1172, 1179–1180 (9th Cir. 1996) (a document "labeled a complaint but written more as a press release . . . fails to perform the essential functions of a complaint").

Valve's insistence on preserving its counsel-centric narrative proves the point. It now contends that the *balance of equities*—an element of preliminary relief—must be pleaded in the complaint itself. Dkt. 113 at 10–11. That argument is baseless. The law is clear that a "motion for preliminary injunction must be supported by '[e]vidence that goes beyond the unverified allegations of the pleadings.'" *Fid. Nat. Title Ins. Co. v. Castle*, No. C 11-00896 SI, 2011 WL 5882878, at *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, *Federal Practice & Procedure* § 2949 (2011)); *Smith v. Municipality of Anchorage*, No. 3:23-CV-00257-SLG, 2023 WL 7410638, at *1 (D. Alaska Nov. 9, 2023) ("An unverified complaint is not evidence that can support a motion for a preliminary injunction"). Valve's complaint is not verified, and its argument is not warranted by existing law.

Valve's conduct outside the courtroom underscores the same theme. On Friday, twenty-four PC Gamers offered to stay their arbitrations pending resolution of this matter—granting Valve, by consent, the very relief it claims to need. Valve refused. The following Monday, Valve files its response accusing defendants of delay and additional prejudice to Valve. Dkt. 113 at 1. Valve holds

the key to its own cell but refuses to use it—because this case is not about relief from immediate harm.

Valve's fixation on counsel turns an ordinary contract dispute into a sideshow. Take paragraph 2 for example:

> 2. Valve is forced to bring this action by the actions of Bucher Law PLLC ("Bucher Law"). Bucher Law is a small law firm founded by William Ward Bucher IV after he was fired by another law firm, which is now suing him for (among other things) alleged misappropriation, aiding and abetting fraud, and interference with client relationships. Looking to build its business—and generate substantial attorney fees—Bucher Law engaged in a widespread marketing campaign to convince Steam users to bring antitrust claims against Valve related to its Steam gaming platform. The strategy was to "weaponize[]" an arbitration provision in the user agreement between Valve and Steam users to leverage a settlement from Valve so it could avoid the enormous costs it would face in arbitrating thousands of user claims. Mr. Bucher believed that "[a]ggregating claims makes [Valve's] entrance fee to just defend [arbitrations] prohibitively expensive."

Paragraphs detailing Mr. Bucher's background, client communications, and unrelated matters have nothing to do with whether PC Gamers' assented to Valve's update.[1] Left in place, these allegations will distort discovery and multiply disputes. *See Bolick v. Pasionek*, No. 2:10-CV-00353-KJD, 2011 WL 742237, at *3 (D. Nev. Feb. 24, 2011) (striking allegations because of the "confusion that may result if [the party making the scandalous allegations] is allowed to pursue discovery regarding the claims"). Courts do not permit discovery into opposing counsel's prior employment or professional motives—and for good reason. *See Pigford v. Veneman*, 215 F.R.D. 2, 3 (D.D.C. 2003) (scandalous allegations against opposing counsel "have no place in this Court and will be stricken.")

---

[1] They are also false. For example, the claims for "aiding and abetting fraud" were voluntarily dropped in the face of a motion to dismiss just months after filing in the now operative amended demand, more than a year ago, and well before the first improper petition was filed.

Valve's theory is meritless. It asks the Court to treat the actions of PC Gamers' counsel in parallel arbitrations as relevant to claims against the PC Gamers themselves. Which is it? Does Valve seek an injunction against Bucher Law—or against PC Gamers? That confusion is exactly what PC Gamers' motion seeks to resolve. The solution is straightforward: strike every paragraph that references Bucher Law or its supposed actions, and what remains is the single contract question Valve says it wants the Court to decide. *See Righthaven LLC v. Democratic Underground, LLC*, 791 F. Supp. 2d 968, 977 (D. Nev. 2011) (Matter is "immaterial" if it bears no relationship to the controversy before the Court).

Indeed, Valve's second, third, and fourth claims all rest on the same allegation: that "Bucher Law is prosecuting arbitrations on behalf of defendants." *See* Dkt. 78 ¶ 238. Making counsel part of the causal chain is inexplicable in any legitimate pleading. Valve simply cannot accept that thousands of consumers chose to arbitrate antitrust claims against it. Instead of addressing a small handful of those arbitrations, it improperly attacks PC Gamers' lawyers.

The Court previously granted Valve leave to file a complaint because, as it observed, it is not the Court's role "to turn a failed petition into a competent complaint." Dkt. 76 at 10. It is now time to finish that work—by turning Valve's prolix pleading into a competent complaint focused on assent to an update.

DATED this 24th day of October, 2025.

BAILEY DUQUETTE P.C.

By: */s William R. Burnside*
William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

BUCHER LAW PLLC

William Ward Bucher IV
(*pro hac vice* admitted for some Defendants and forthcoming for the remaining Defendants)
350 Northern Blvd, STE 324-1519
Albany, NY 12204-1000
Tel. 202.997.3029
E: will@bucherlaw.com

*Attorneys for Defendants*

I certify that this motion contains less than 2,100 words under Local Rule W. D. Wash. LCR 7(e)(4).

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing Certain Defendants' Reply to Motion to Strike Complaint served upon counsel of record herein, as follows:

| | |
|---|---|
| Blake Marks-Dias, WSBA No. 28169<br>1015 Second Avenue, Floor 10<br>Seattle, Washington 98104<br>(206) 625-8600 Phone<br>(206) 625-0900 Fax<br>E: bmarksdias@corrcronin.com | ☒ Via Electronic Service |

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
E: michael.mctigue@skadden.com
E: meredith.slawe@skadden.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: October 24, 2025 at Seattle, Washington.

*s/ William R. Burnside*
William Burnside, WSBA No. 36002