Honorable Jamal N. Whitehead

United States District Court
Western District of Washington
at Seattle

Valve Corporation,

    Plaintiff,

v.

Thomas Abbruzzese, *et al.*,

    Defendants.

Case No. 2:24-cv-1717-JNW

Defendant Alec Birenbaum's Motion To Confirm Arbitration Award

Noted On Motion Calendar: November 19, 2025

Defendant Alec Birenbaum ("**Mr. Birenbaum**"), through undersigned counsel, hereby moves to confirm an arbitration award in his favor against Plaintiff Valve Corporation ("**Valve**").

## I. Introduction

This motion seeks straightforward relief: confirmation of an arbitration award entered in Mr. Birenbaum's favor against Valve. The arbitrator found that Valve violated federal antitrust law and awarded Mr. Birenbaum damages, attorney's fees, and costs of $727,231.17. The Federal Arbitration Act ("FAA")

provides that such awards must be confirmed absent grounds for vacatur. Because no such grounds exist here, the Court should enter judgment on the award.

## II. FACTS

On October 2, 2023, Mr. Birenbaum filed a demand for arbitration against Valve with the American Arbitration Association. Exh. 1 (Final Award) at 2. At that time, the parties had an agreement to arbitrate all disputes, including antitrust claims. Dkt. 78, Exh. 4. He alleged that Valve violated Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1–2, by using monopoly power to fix prices and reduce competition in the U.S. market for digital distribution of PC games. *Id.*

After days of arbitration hearings, on October 9, 2025, Arbitrator Suzanne M. McSorley issued a Final Award on liability, damages, attorneys' fees, and costs. *Id.* Arbitrator McSorley concluded that Valve engaged in acts that unreasonable restrained trade in violation of Section 1 of the Sherman Act. *Id.* at 5–8. As a result, she awarded $66.33 in damages, $645,719.93 in attorneys' fees, and $81,444.91 in costs. *Id.* at 14.

Mr. Birenbaum is a resident of New Jersey and Valve is a corporation organized under the laws of Washington state, with its principal place of business in King County, Washington.

## III. ARGUMENT

**A.    The Court Retains Jurisdiction to Confirm the Award**

When a federal court has asserted jurisdiction over a matter under the Federal Arbitration Act ("FAA"), it may confirm the resulting arbitration award.

DEFENDANT ALEC BIRENBAUM'S MOTION TO
CONFIRM ARBITRATION AWARD – Page 2

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

*Kinsella v. Baker Hughes Oilfield Operations, LLC*, 66 F.4th 1099, 1103 (7th Cir. 2023); *see also Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 202 (2000); *Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 275–276 (1932).

Two recent Northern District of California decisions echo *Kinsella*. Each exercised jurisdiction under Section 9 of the FAA to confirm arbitration awards once empowered to do so. *McConnell & Malek Enters. v. Proof Mark, Inc.*, No. 23-CV-00010-LJC, 2025 WL 2430610, at *4 (N.D. Cal. Aug. 22, 2025) (holding that a prior Section 4 action to compel arbitration conferred subject-matter jurisdiction over a later motion to confirm). *Teleport Mobility, Inc. v. Sywula*, No. 21-CV-00874-SI, 2025 WL 860498, at *6 (N.D. Cal. Mar. 18, 2025) (same, where federal-question jurisdiction over the initial complaint extended to the motion to confirm).

Here, at Valve's request, the Court determined it had jurisdiction over Valve's section 4 petition. Dkt. 76. That jurisdiction extends to confirming Mr. Birenbaum's award. Diversity jurisdiction also exists because the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332

**B.     The Final Award Must Be Confirmed**

The FAA requires confirmation. Within one year of the award, a party may move for confirmation, and "the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. Mr. Birenbaum's motion is timely. The Final Award has not been vacated, and no grounds exist to do so. The Court must confirm it. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 1000

DEFENDANT ALEC BIRENBAUM'S MOTION TO
CONFIRM ARBITRATION AWARD – Page 3

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

(9th Cir. 2003) ("because Congress has specified standards for confirming an arbitration award, federal courts must act pursuant to those standards and no others").

Confirmation is a summary proceeding that converts the award into a judgment. *Ministry of Def. & Support v. Cubic Def. Sys.*, 665 F.3d 1091, 1094 n.1 (9th Cir. 2011). Review is "limited and highly deferential." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009). Neither legal errors nor factual mistakes justify overturning an award. *Kyocera Corp.*, 341 F.3d at 994. Both the facts and the law confirm that the Final Award must be upheld.

## IV. Conclusion

For the reasons set forth above, the Court should confirm Mr. Birenbaum's Final Award.

DATED this 27th day of October, 2025.

BAILEY DUQUETTE P.C.

By: */s William R. Burnside*
William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

BUCHER LAW PLLC

William Ward Bucher IV
(*pro hac vice* forthcoming)
350 Northern Blvd, STE 324-1519
Albany, NY 12204-1000
T: 202.997.3029
E: will@bucherlaw.com

*Attorneys for Mr. Birenbaum*

I certify that this motion contains less than 4,200 words pursuant to Local Rules W.D.

*Wash. LCR 7(e)(4).*

DEFENDANT ALEC BIRENBAUM'S MOTION TO
CONFIRM ARBITRATION AWARD – Page 5

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing Defendant Alec Birenbaum's Motion to Confirm Arbitration served upon counsel of record herein, as follows:

| | |
|---|---|
| Blake Marks-Dias, WSBA No. 28169<br>1015 Second Avenue, Floor 10<br>Seattle, Washington 98104<br>(206) 625-8600 Phone<br>(206) 625-0900 Fax<br>E: bmarksdias@corrcronin.com | ☒ Via Electronic Service |
| Michael W. McTigue Jr., *Admitted Pro Hac Vice*<br>Meredith C. Slawe, *Admitted Pro Hac Vice*<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, New York 10001<br>E: michael.mctigue@skadden.com<br>E: meredith.slawe@skadden.com | |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: October 27, 2025 at Seattle, Washington.

*s/ William R. Burnside*
William Burnside, WSBA No. 36002