The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>                        Plaintiff,<br><br>     v.<br><br>THOMAS ABBRUZZESE et al.,<br><br>                        Defendants. | No. 2:24-CV-1717-JNW<br><br>**PLAINTIFF VALVE CORPORATION'S OPPOSITION TO ALEC BIRENBAUM'S MOTION TO CONFIRM ARBITRATION AWARD**<br><br>**NOTING DATE: NOVEMBER 19, 2025** |

VALVE'S OPPOSITION TO ALEC
BIRENBAUM'S MOTION TO CONFIRM
ARBITRATION AWARD
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 2 |
| | A. The Motion Should Be Denied Because Birenbaum Is Not a Party to This Action and Accordingly Lacks Standing to Move for Relief in This Action | 2 |
| | B. The Motion Should Be Denied Because the Award Should Be Vacated on Numerous Grounds | 2 |
| |     1. The Court Should Vacate the Award Because the Parties Did Not Agree to Arbitrate | 3 |
| |         (a) Birenbaum Agreed to the Controlling SSA, Which Provides for Resolution of Disputes in Court | 3 |
| |         (b) Valve Sought to Enjoin Birenbaum's Recently-Commenced Arbitration and Objected to the Arbitration as Contrary to the Controlling SSA | 5 |
| |         (c) Under the Controlling SSA, the Parties Have No Agreement to Arbitrate | 5 |
| |     2. The Court Should Vacate the Award Because the Arbitrator Deprived Valve of Due Process | 6 |
| |     3. The Award Was Arbitrary and Irrational Because Its Fee Award Has No Factual or Legal Basis | 9 |
| | C. The Motion Should Be Denied Because It Is Procedurally Defective | 11 |
| III. | CONCLUSION | 12 |

VALVE'S OPPOSITION TO ALEC BIRENBAUM'S MOTION TO CONFIRM ARBITRATION AWARD –i

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Aspic Engineering & Construction Co. v. ECC Centcom Constructors LLC*,
  913 F.3d 1162 (9th Cir. 2019) ..................................................................................................9

*Aspic Engineering & Construction Co. v. ECC Centcom Constructors, LLC*,
  268 F. Supp. 3d 1053 (N.D. Cal. 2017), *aff'd*, 913 F.3d 1162 (9th Cir. 2019) ......................3

*Binta B. ex rel. S.A. v. Gordon*,
  710 F.3d 608 (6th Cir. 2013) ..................................................................................................10

*Blum v. Stenson*,
  465 U.S. 886 (1984)................................................................................................................11

*Bozek v. PNC Bank*,
  No. 20-cv-2875,
  2020 WL 6581491 (E.D. Pa. Nov. 10, 2020), *aff'd*, 2021 WL 4240359 (3d Cir. Sep.
  17, 2021) ..................................................................................................................................3

*In re Briscoe Protective, LLC v. North Fork Surgery Center, LLC*,
  188 N.Y.S.3d 113 (App. Div. 2023)........................................................................................9

*In re classmates.com Consolidated Litigation*,
  No. C09-45,
  2012 WL 3854501 (W.D. Wash. June 15, 2012).....................................................................7

*Coinbase, Inc. v. Suski*,
  602 U.S. 143 (2024)..................................................................................................................3

*Dasher v. RBC Bank (USA)*,
  745 F.3d 1111 (11th Cir. 2014) ...............................................................................................5

*Dlugolecki v. PeopleConnect, Inc.*,
  No. CV 20-3657,
  2020 WL 13587803 (C.D. Cal. Nov. 9, 2020).........................................................................5

*Enderlin v. XM Satellite Radio Holdings, Inc.*,
  No. 4:06-CV-0032,
  2008 WL 830262 (E.D. Ark. Mar. 25, 2008) ..........................................................................5

*Goetsch v. Shell Oil Co.*,
  197 F.R.D. 574 (W.D.N.C. 2000)............................................................................................5

VALVE'S OPPOSITION TO ALEC
BIRENBAUM'S MOTION TO CONFIRM
ARBITRATION AWARD –ii

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Gonter v. Hunt Valve Co.*,
    510 F.3d 610 (6th Cir. 2007) .................................................................................... 9

*Grant v. Lockett*,
    605 F. Supp. 3d 399 (N.D.N.Y. 2022) ..................................................................... 11

*Grant v. T-Mobile USA, Inc.*,
    No. 2:23-cv-01946,
    2024 WL 3510937 (W.D. Wash. July 23, 2024) ...................................................... 4

*Habelt v. iRhythm Techs., Inc.*,
    83 F.4th 1162 (9th Cir. 2023), *cert. denied*, 145 S. Ct. 144 (2024)......................... 2

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983).................................................................................................. 7

*Johnson v. Wells Fargo Home Mortgage, Inc.*,
    635 F.3d 401 (9th Cir. 2011) .................................................................................... 2

*Jones v. Sinaloence Food Products & Services, Inc*,
    No. CV 21-9948,
    2023 WL 5504934 (C.D. Cal. June 8, 2023) .......................................................... 10

*Kerr v. Wilmington Trust N.A.*,
    No. 2:19-cv-10973,
    2020 WL 4919604 (C.D. Cal. May 18, 2020) ........................................................ 12

*Laster v. T-Mobile USA, Inc.*,
    No. 05cv1167,
    2008 WL 5216255 (S.D. Cal. Aug. 11, 2008), *rev'd on other grounds sub nom.
    AT&T Mobility v. Concepcion*, 563 U.S. 333 (2011) ............................................... 5

*Lawler v. Johnson*,
    253 So. 3d 939 (Ala. 2017) ....................................................................................... 8

*Magill v. DIRECTV, LLC*,
    No. CV 16-00356,
    2017 WL 8894320 (C.D. Cal. June 23, 2017) .......................................................... 9

*In re Marriage of Tognoni*,
    313 P.3d 655 (Colo. App. 2011) ............................................................................... 8

*McCumbee v. M Pizza, Inc.*,
    No. 3:22-CV-128,
    2023 WL 2725991 (N.D. W. Va. Mar. 30, 2023) ..................................................... 5

VALVE'S OPPOSITION TO ALEC
BIRENBAUM'S MOTION TO CONFIRM
ARBITRATION AWARD –iii

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Mohamed v. Barr*,
    562 F. Supp. 3d 1128 (E.D. Cal. 2022) .................................................................. 10

*Moonshadow Mobile, Inc. v. Labels & Lists, Inc.*,
    No. 6:23-cv-01716,
    2024 WL 5056906 (D. Or. Dec. 9, 2024) ................................................................. 6

*Morgan Keegan & Co. v. McPoland*,
    829 F. Supp. 2d 1031 (W.D. Wash. 2011) ................................................................ 3

*Move, Inc. v. Citigroup Global Markets, Inc.*,
    840 F.3d 1152 (9th Cir. 2016) ................................................................................. 6

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ................................................................................................ 6

*Nadarajah v. Holder*,
    569 F.3d 906 (9th Cir. 2009) ................................................................................. 10

*In re National Football League's Sunday Ticket Antitrust Litigation*,
    No. ML 15-2668,
    2021 WL 2350814 (C.D. Cal. Apr. 20, 2021) ......................................................... 5

*Neil v. Commissioner of Social Security*,
    495 F. App'x 845 (9th Cir. 2012) .......................................................................... 10

*Oberstein v. Live Nation Entertainment, Inc.*,
    60 F.4th 505 (9th Cir. 2023) ................................................................................... 4

*Orman v. Central Loan Administration & Reporting*,
    No. CV-19-04756,
    2019 WL 6841741 (D. Ariz. Dec. 16, 2019) .......................................................... 2

*Patrick v. Running Warehouse, LLC*,
    93 F.4th 468 (9th Cir. 2024) ................................................................................... 4

*Pilon v. Discovery Communications, LLC*,
    769 F. Supp. 3d 273 (S.D.N.Y. 2025) .................................................................. 4, 5

*Porzig v. Dresdner, Kleinwort, Benson, North America LLC*,
    497 F.3d 133 (2d Cir. 2007) ................................................................................... 9

*QC Manufacturing, Inc. v. Solatube International, Inc.*,
    No. SACV 20-02208,
    2022 WL 22879571 (C.D. Cal. Jan. 18, 2022) ....................................................... 7

VALVE'S OPPOSITION TO ALEC
BIRENBAUM'S MOTION TO CONFIRM
ARBITRATION AWARD –iv

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Quamina v. U.S. Bank National Ass'n*,
　No. 20-CV-61637,
　2020 WL 9349559 (S.D. Fla. Dec. 24, 2020) ................................................................ 2

*Raymond James Financial Services, Inc. v. Boucher*,
　No. 3:22-cv-01658
　2024 WL 233731 (S.D. Cal. Jan. 22, 2024),
　*appeal dismissed*, 2024 WL 2559329 (9th Cir. May 20, 2024) ......................................... 12

*Sadlock v. Walt Disney Co.*,
　No. 22-cv-09155,
　2023 WL 4869245 (N.D. Cal. July 31, 2023) .................................................................. 5

*Saeedy v. Microsoft Corp.*,
　757 F. Supp. 3d 1172 (W.D. Wash. 2024) ...................................................................... 4

*Tirona v. State Farm Mutual Automobile Insurance Co.*,
　821 F. Supp. 632 (D. Haw. 1993) ................................................................................. 10

*Transcontinental Gas Pipe Line Co. v. Permanent Easement for 2.59 Acres*,
　No. 4:17-CV-00289,
　2019 WL 6481528 (M.D. Pa. Oct. 8, 2019), *aff'd*, 834 F. App'x 752 (3d Cir. 2020) ............ 3

*Trethewey v. Trethewey*,
　233 N.E.3d 1111 (Mass. App. Ct. 2024) ........................................................................ 8

*U.S. ex rel. Sheppard v. Pathway of Baldwin County, LLC*,
　No. 17-00355,
　2025 WL 887526 (S.D. Ala. Mar. 21, 2025) .................................................................. 11

*Welch v. Metropolitan Life Insurance Co.*,
　480 F.3d 942 (9th Cir. 2007) ........................................................................................ 11

*West v. Uber Technologies*,
　No. 18-CV-3001,
　2018 WL 5848903 (C.D. Cal. Sept. 5, 2018) ................................................................... 5

**STATUTES**

9 U.S.C. § 9 ............................................................................................................................. 3

9 U.S.C. § 10 ....................................................................................................................... 3, 6

15 U.S.C. § 15 ........................................................................................................................ 9

VALVE'S OPPOSITION TO ALEC
BIRENBAUM'S MOTION TO CONFIRM
ARBITRATION AWARD –v

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

I.  **INTRODUCTION**[1]

When Plaintiff Valve Corporation ("Valve") filed a petition seeking to vacate the arbitral award at issue here ("Award"), Birenbaum did not move in that action to confirm the Award, but instead filed this motion in a tactical attempt to leapfrog in front of Valve's challenge:

- On October 10, 2025, pursuant to the Federal Arbitration Act, Valve filed in this Court a petition to vacate the Award. *Valve Corp. v. Birenbaum*, No. 2:25-cv-01975 (W.D. Wash. filed Oct. 10, 2025) (Dkt. 1).

- Birenbaum could have requested in that action that this Court confirm the Award. If he had done that, all arguments concerning the Award would have been heard efficiently in one proceeding.

- Instead, on October 27, 2025, Birenbaum brought a separate Motion To Confirm that Award in this action. His motion does not even mention, let alone address on the merits, Valve's Petition To Vacate.

This Court should deny this Motion To Confirm in favor of Valve's already-pending Petition To Vacate. It makes no sense to ask the Court to confirm the Award that it is already being called upon to vacate in a separate proceeding.

Birenbaum's motion should also be denied for the following reasons:

*First*, Birenbaum has no standing to move for relief in this action because he is no longer a party to this action. (Dkt. 112.)

*Second*, the Court should deny the Motion to Confirm for the reasons explained in Valve's Petition and left unrebutted in Birenbaum's motion:

a)  The arbitrator, Suzanne M. McSorley ("Arbitrator"), held an arbitral hearing even though the parties had no agreement to arbitrate.

b)  The Arbitrator issued the Award in violation of Valve's due process rights and over

---

[1] Unless otherwise noted, all emphases are added and all internal citations, quotations, and alterations are omitted.

VALVE'S OPPOSITION TO ALEC
BIRENBAUM'S MOTION TO CONFIRM
ARBITRATION AWARD –1

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Valve's objections.

At a minimum, the Court should not consider this motion until after it rules on Valve's Petition To Vacate.

*Third*, Birenbaum's motion fails to comply with the FAA because it does not attach a valid and binding arbitration agreement—nor could it, because there is no agreement to arbitrate between the parties.

## II. ARGUMENT

### A. The Motion Should Be Denied Because Birenbaum Is Not a Party to This Action and Accordingly Lacks Standing to Move for Relief in This Action

The Court should deny this motion because Birenbaum is no longer a party to this action. (Dkt. 112 (withdrawing action against Birenbaum).) A non-party to an action does not have standing to seek relief. *See, e.g.*, *Habelt v. iRhythm Techs., Inc.*, 83 F.4th 1162, 1166-67 (9th Cir. 2023) (plaintiff who filed initial complaint but who was removed in amended complaint was no longer a party and therefore had no standing to appeal), *cert. denied*, 145 S. Ct. 144 (2024). The Court could end its analysis of Birenbaum's motion there.

### B. The Motion Should Be Denied Because the Award Should Be Vacated on Numerous Grounds

Because Birenbaum does not have standing and there is an earlier-filed Petition To Vacate pending in a separate action, the Court need not address the merits of this motion.

A court must consider a pending motion to vacate before addressing a motion to confirm an arbitration award. *See Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 412 (9th Cir. 2011) (explaining that the FAA's structure "defeats any notion that district courts may" confirm without "consider[ing] motions to vacate" and holding that court "*must* consider" motion to vacate) (emphasis in original); *Orman v. Cent. Loan Admin. & Reporting*, 2019 WL 6841741, at *4 (D. Ariz. Dec. 16, 2019) ("[N]ot only is a motion to vacate properly filed in response to a confirmation application, a district court must consider such a motion."); *Quamina v. U.S. Bank Nat'l Ass'n*, 2020 WL 9349559, at *5 (S.D. Fla. Dec. 24, 2020) (similar). It would make no sense for a court to confirm

VALVE'S OPPOSITION TO ALEC BIRENBAUM'S MOTION TO CONFIRM ARBITRATION AWARD –2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

an award when it has already been presented with sufficient grounds for vacating it.

If the Court does consider the motion, the Court should deny it on the merits and vacate the Award for the reasons set forth in Valve's separate Petition To Vacate. Section 9 of the FAA permits a court to confirm an arbitration award only if the award has not been "vacated, modified, or corrected." 9 U.S.C. § 9. If a party demonstrates that the award should be vacated, a motion to confirm should be denied. *See Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors, LLC*, 268 F. Supp. 3d 1053, 1059-60 (N.D. Cal. 2017) (denying as moot motion to confirm after granting motion to vacate), *aff'd*, 913 F.3d 1162 (9th Cir. 2019). Here, the Court should vacate the Award for the reasons explained in Valve's pending Petition To Vacate:

### 1.  The Court Should Vacate the Award Because the Parties Did Not Agree to Arbitrate

The FAA provides that a court may vacate an award "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). An arbitrator has no power to issue an award when the parties have no agreement to arbitrate. *Bozek v. PNC Bank*, 2020 WL 6581491, at *5 (E.D. Pa. Nov. 10, 2020), *aff'd*, 2021 WL 4240359 (3d Cir. Sep. 17, 2021); *see also Morgan Keegan & Co. v. McPoland*, 829 F. Supp. 2d 1031, 1036 (W.D. Wash. 2011).

Before the Arbitrator set this matter for hearing, Birenbaum agreed to the Controlling SSA, described below. The Controlling SSA has no arbitration agreement and requires resolution of all claims and disputes, including pending disputes, in court. Upon Birenbaum's agreement to the Controlling SSA, the Arbitrator had no authority to continue with the Arbitration or issue the Award. Accordingly, the Award is invalid and cannot be confirmed: it must be vacated. *Transcon. Gas Pipe Line Co. v. Permanent Easement for 2.59 Acres*, 2019 WL 6481528, at *2 (M.D. Pa. Oct. 8, 2019), *aff'd*, 834 F. App'x 752 (3d Cir. 2020); *see also Coinbase, Inc. v. Suski*, 602 U.S. 143, 145 (2024).

(a)  <u>Birenbaum Agreed to the Controlling SSA, Which Provides for Resolution of Disputes in Court</u>

On September 26, 2024, after (i) arbitral rulings holding Valve's prior arbitration provision unenforceable and (ii) the subsequent filing of a consumer class action against Valve, Valve removed

VALVE'S OPPOSITION TO ALEC BIRENBAUM'S MOTION TO CONFIRM ARBITRATION AWARD –3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

the arbitration provision and the class action waiver from the previous version of its Steam Subscriber Agreement ("Superseded SSA"). The current SSA (the "Controlling SSA") now provides for resolution of disputes in court, including any already pending disputes. (Ex. A §10.) The Controlling SSA also includes a merger clause providing that it supersedes and replaces the parties' prior agreement (*i.e.*, the Superseded SSA). (*Id.* §11.)

Beginning on September 26, 2024, Valve provided Birenbaum with conspicuous notice of the Controlling SSA, including by email and through a pop-up that appeared when he or any other user logged into the Steam client or website. (Lynch Decl. ¶¶ 6-14.) For online transactions, "mutual assent" to transaction terms "turns on whether the consumer had reasonable notice of the terms of service agreement." *Grant v. T-Mobile USA, Inc.*, 2024 WL 3510937, at *3 (W.D. Wash. July 23, 2024). For notice to be "reasonably conspicuous," it must be displayed in a "font size and format such that the court can fairly assume that a reasonably prudent Internet user would have seen it." *Saeedy v. Microsoft Corp.*, 757 F. Supp. 3d 1172, 1195 (W.D. Wash. Nov. 2024); *accord Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 477 (9th Cir. 2024). Valve's notice was conspicuous and consistent with the modification requirements in the Superseded SSA. (Lynch Decl. ¶¶ 7-20; Ex. A §8(B).)

Birenbaum assented to the Controlling SSA by affirmatively clicking a button to accept the new terms. Users manifest assent if they click a button to indicate acceptance of terms. *Saeedy*, 757 F. Supp. 3d at 1196-97; *accord Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 516-17 (9th Cir. 2023). On January 17, 2025, Birenbaum affirmatively accepted the Controlling SSA when making a purchase on Steam by checking the box next to "I agree to the terms of the Steam Subscriber Agreement (last updated Sep 26, 2024)" and clicking the "Purchase" button. (Lynch Decl. ¶ 25.)

Further, Birenbaum assented to the Controlling SSA through his continued use of Steam. Users manifest assent to updated terms if they continue to use a service after receiving notice of those terms. *See, e.g.*, *Pilon v. Discovery Commc'ns, LLC*, 769 F. Supp. 3d 273, 289-90 (S.D.N.Y. 2025) (claimant assented where he "continued to subscribe to and use [service]" after receiving notice of

VALVE'S OPPOSITION TO ALEC BIRENBAUM'S MOTION TO CONFIRM ARBITRATION AWARD – 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

updated agreement); *Sadlock v. Walt Disney Co.*, 2023 WL 4869245, at *12 (N.D. Cal. July 31, 2023) ("[E]mails followed by continued use is sufficient to establish assent."); *Dlugolecki v. PeopleConnect, Inc.*, 2020 WL 13587803, at *2 (C.D. Cal. Nov. 9, 2020) (similar); *West v. Uber Techs.*, 2018 WL 5848903, at *5 (C.D. Cal. Sept. 5, 2018) (similar). Birenbaum is bound by the Controlling SSA pursuant to the email and pop-up notices provided to him because he did not delete or discontinue use of his Steam account by November 1, 2024. (Lynch Decl. ¶¶ 22-23.) Rather, Birenbaum logged into Steam on November 17, 2024, and on more than 30 other occasions between that date and January 17, 2025. (*Id.* ¶24.)

(b) <u>Valve Sought to Enjoin Birenbaum's Recently-Commenced Arbitration and Objected to the Arbitration as Contrary to the Controlling SSA</u>

On October 18, 2024, Valve commenced this action to enjoin 624 recently-commenced arbitrations, including Birenbaum's. Valve also promptly notified the Arbitrator and requested that the Arbitrator stay Birenbaum's Arbitration pending resolution of this action. (Ex. 3.) The Arbitrator denied Valve's motion to stay the Arbitration. (Ex. 4.) Valve defended itself in further proceedings under a full reservation of rights. (*See* Ex. 5.) The Arbitrator held merits hearings on Birenbaum's claims over Valve's objections. (Marks-Dias Decl. ¶ 10.) The Arbitrator issued the Award on October 9, 2025, and transmitted it on October 10, 2025. (Ex. 6.)

(c) <u>Under the Controlling SSA, the Parties Have No Agreement to Arbitrate</u>

Under the Controlling SSA, the parties had no agreement to arbitrate. A dispute resolution provision in an updated agreement is enforceable with respect to already-asserted claims when the provision provides for retroactive effect. *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1127 (11th Cir. 2014).[2] Here, Birenbaum agreed that the Controlling SSA would replace and supersede his prior

---

[2] *Accord Pilon*, 769 F. Supp. 3d at 289-90; *In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 2021 WL 2350814, at *4 (C.D. Cal. Apr. 20, 2021); *Laster v. T-Mobile USA, Inc.*, 2008 WL 5216255, at *6 (S.D. Cal. Aug. 11, 2008), *rev'd on other grounds sub nom. AT&T Mobility v. Concepcion*, 563 U.S. 333 (2011); *Enderlin v. XM Satellite Radio Holdings, Inc.*, 2008 WL 830262, at *7 (E.D. Ark. Mar. 25, 2008); *Goetsch v. Shell Oil Co.*, 197 F.R.D. 574, 577 (W.D.N.C. 2000); *McCumbee v. M Pizza, Inc.*, 2023 WL 2725991, at *13 (N.D. W. Va. Mar. 30, 2023).

VALVE'S OPPOSITION TO ALEC BIRENBAUM'S MOTION TO CONFIRM ARBITRATION AWARD –5

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

agreement to arbitrate and apply retroactively to his claim. (Ex. A §§10-11; Lynch Decl. ¶¶ 22-25.) Therefore, at the time of the arbitral hearing (and well beforehand), the parties had no agreement to arbitrate and the Arbitrator had no authority to issue the Award. The Award should therefore be vacated.

### 2. The Court Should Vacate the Award Because the Arbitrator Deprived Valve of Due Process

The Court should also vacate the Award because the Arbitrator deprived Valve of due process. A court may vacate an award when the arbitrator "refuse[s] to hear evidence pertinent and material to the controversy; or [because] of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). "In determining whether an arbitrator's misbehavior or misconduct prejudiced the rights of the parties," a court asks "whether the parties received a fundamentally fair hearing." *Move, Inc. v. Citigroup Glob. Mkts., Inc.*, 840 F.3d 1152, 1158 (9th Cir. 2016). To be fundamentally fair, an arbitration must provide due process—*i.e.*, meet the "minimal requirements of fairness—adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator." *Moonshadow Mobile, Inc. v. Labels & Lists, Inc.*, 2024 WL 5056906, at *6 (D. Or. Dec. 9, 2024); *see also Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (describing "elementary" requirements of due process, including "an opportunity to present [] objections"). The Arbitration fell short of that standard.

The Award includes an attorneys' fee award of $645,719.93 on top of just $22.11 in damages awarded to Birenbaum (trebled to $66.33). (Ex. 6 at 9-10, 14.) On August 7, 2025, before the Arbitrator made that attorneys' fee award, Valve requested that any briefing on payment of attorneys' fees and costs be reserved until after the Arbitrator issued an award on the merits, so that any fee briefing could assess the scope of costs on a complete record. (Ex. 8.)

On August 9, 2025, the Arbitrator denied Valve's request without explanation and ordered the parties to address "entitlement to attorneys' fees" in their post-hearing briefs on the merits, due August 26, 2025. (Ex. 9.) The order further provided that any party seeking attorneys' fees separately provide details regarding fees sought, including time records and billing rates, by September 5, 2025. (*Id.*) The Arbitrator's order did not provide the parties an opportunity to respond to any fee

VALVE'S OPPOSITION TO ALEC BIRENBAUM'S MOTION TO CONFIRM ARBITRATION AWARD –6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

submission.

In its post-hearing brief submitted August 26, 2025, Valve objected to that order. Valve explained that it is Birenbaum's burden to "establish with sufficient documentation that the fees sought were reasonably expended." (Ex. 10 at 49.) Valve further reiterated its request that Valve was "entitled to review Claimants' request for fees and costs . . . **and subject it to adversarial testing**." (*Id.*) Valve also cited cases holding that a fee award entered where the opposing party has no opportunity to respond must be vacated. (*Id.* at 49 n.257.)

On September 10, 2025, Birenbaum's counsel submitted a fee "affidavit," as well as five files purporting to show time entries, rates, and costs associated with both arbitrations that proceeded to final hearings. (Exs. 11-16.) A file marked "Consolodated [sic] Timesheets for McSorley Fee App" contained more than 900 individual time entries from ten attorneys and four legal support staff purportedly in connection with both arbitrations. (Ex. 12.) Birenbaum sought a fee award of over $2 million, reflecting more than 1,800 hours of attorney time spanning multiple months, and more than $160,000 in costs. (Ex. 11.)[3]

With respect to fee awards, "[d]ue process requires" that a party "be given an opportunity to examine [] timesheets" so that it is able to "oppose recovery for unnecessary work." *QC Mfg., Inc. v. Solatube Int'l, Inc.*, 2022 WL 22879571, at *8 (C.D. Cal. Jan. 18, 2022). Notwithstanding Valve's request, the Arbitrator did not provide Valve an opportunity to respond to Birenbaum's counsel's fee submission. (Marks-Dias Decl. ¶¶ 15-16.) The Arbitrator declared the arbitration hearings "**CLOSED**" hours after Birenbaum submitted the fee application. (Ex. 17.) Valve therefore could not test whether the hours claimed were "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The Arbitrator's failure to provide Valve an opportunity to respond to Birenbaum's request for fees deprived Valve of due process and warrants vacating the Award. *See e.g.*, *In re*

---

[3] Birenbaum's counsel submitted the fee affidavit on behalf of two claimants and included a 1.5x multiplier.

VALVE'S OPPOSITION TO ALEC BIRENBAUM'S MOTION TO CONFIRM ARBITRATION AWARD –7

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*classmates.com Consol. Litig.*, 2012 WL 3854501, at *2 (W.D. Wash. June 15, 2012) ("[D]ue process require[s] that class members have an opportunity to consider and object to class counsel's complete motion for attorney fees."); *Lawler v. Johnson*, 253 So. 3d 939, 951 (Ala. 2017) ("[C]lass members in this case were not afforded due process inasmuch as they were not allowed to view, consider, and respond to class counsel's attorney-fee application."); *In re Marriage of Tognoni*, 313 P.3d 655, 661 (Colo. App. 2011) (vacating fee award because party "was not afforded an opportunity to respond *before* attorney fees were awarded against him") (emphasis in original); *Trethewey v. Trethewey*, 233 N.E.3d 1111, 1117 (Mass. App. Ct. 2024) (similar).

In the Award, the Arbitrator faulted Valve because Valve purportedly "did not object" to the August 9, 2025, order that set a deadline for fee applications but did not allow for responses. (Ex. 6 at 13.) But the August 9, 2025, order did not provide for objections. Indeed, just two days prior, Valve requested that the Arbitrator order staged briefing that would permit the parties to respond to fee requests. (Ex. 8.) The Arbitrator rejected that request in the August 9, 2025, order. (Ex. 9.)

In any event, Valve **did** object to the August 9, 2025, order. In Valve's post-hearing brief (the very next submission permitted by that order), Valve (i) objected to any award of fees entered without permitting Valve an opportunity to respond and (ii) requested an opportunity to respond— *i.e.*, that the Arbitrator subject any fee request to "adversarial testing." (Ex. 10 at 48-49.)

The Arbitrator acknowledges that Valve's objections "are certainly potentially reasonable" but claims they were "untimely." (Ex. 6 at 13-14.) But Valve made the objection **two weeks** before the (extended) September 10, 2025, deadline for any fee application, **two weeks** before the Arbitrator closed the record, and **well over a month** before the Arbitrator issued the Award on October 10, 2025. The objections were timely.

The Award emphasizes that the August 9, 2025, order mandated that the parties address in post-hearing briefing, due August 26, 2025, "all issues including **entitlement to** attorneys' fees." (Ex. 6 at 13.) But Valve was not ordered to address, nor could it have challenged, the **quantum or nature** of attorneys' fees requested without reviewing Birenbaum's counsel's fee application and

VALVE'S OPPOSITION TO ALEC BIRENBAUM'S MOTION TO CONFIRM ARBITRATION AWARD –8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

the accompanying time records, which were not due until a week **after** post-hearing briefing.

### 3. The Award Was Arbitrary and Irrational Because Its Fee Award Has No Factual or Legal Basis

The Court should also vacate the Award in its entirety because it is "completely irrational or exhibits a manifest disregard of the law." *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019). Courts vacate entire arbitration awards where an attorneys' fee award included in that award is "irrational because it was not supported by any proof" as violative of "the strong public policy against excessive fees." *In re Briscoe Protective, LLC v. N. Fork Surgery Ctr., LLC*, 188 N.Y.S.3d 113, 115-17 (App. Div. 2023).

The Arbitrator's fee award is both completely irrational and made in manifest disregard of the law. Successful antitrust plaintiffs may seek a "reasonable attorney's fee." 15 U.S.C. § 15(a). A reasonable fee is one that is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (emphasis omitted). The amount the Arbitrator awarded far exceeds that amount. As the Arbitrator observed, "the amount of damages is dwarfed by the attorney's fees . . . incurred in pursuit of those damages." (Ex. 6 at 12.) The amount the Arbitrator awarded also far exceeds Birenbaum's counsel's own pre-litigation estimate. (*See* Marks-Dias Decl. ¶ 28; Ex. 18.)

The timesheets Birenbaum submitted are replete with non-compensable entries, which Valve would have demonstrated had it been given the opportunity to respond to Birenbaum's fee application. Many time entries appear to represent charges for general mass arbitration work rather than for this Arbitration. (Marks-Dias Decl. ¶¶ 30-35.) Yet the Superseded SSA permitted the Arbitrator to award relief "only to the extent of that party's individual claim." (Ex. A §11(D).) An award must be vacated where "the arbitrator goes beyond that self-limiting agreement between consenting parties." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 140 (2d Cir. 2007). Courts similarly hold that fee awards cannot include work on other matters. *See Magill v. DIRECTV, LLC*, 2017 WL 8894320, at *3 (C.D. Cal. June 23, 2017) (rejecting the claim that "work done on behalf of several different plaintiffs with individual lawsuits, some indisputably

VALVE'S OPPOSITION TO ALEC
BIRENBAUM'S MOTION TO CONFIRM
ARBITRATION AWARD –9

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

unsuccessful, can be fully recovered through the victory of one such lawsuit"). Moreover, "[c]harges for duplicative work," let alone duplicative of other arbitrations, "are not recoverable." *See Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 637 (D. Haw. 1993); s*ee also Mohamed v. Barr*, 562 F. Supp. 3d 1128, 1137 (E.D. Cal. 2022) (reducing amounts excessively or double billed from attorneys' fee award).

As the Award notes, "much of the work included within the lodestar calculation is necessarily also applicable to the 22 matters which have not yet had a hearing." (Ex. 6 at 12.) The awarded fees also likely include work done in connection with the 66 arbitrations where claimants lost against Valve. *See Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 631 (6th Cir. 2013) (awarding fees for work on other cases would create "all sorts of oddities, as illustrated by this case where counsel would be permitted to recover fees for thousands of hours of time spent litigating a case they *lost*").

The Award also likely includes fees that Birenbaum's counsel was already awarded in other arbitrations. Birenbaum's counsel obtained fee awards from another arbitrator in four other arbitrations that cover fees for work "undertake[n] for any and all arbitrations" Birenbaum's counsel is prosecuting against Valve, including Birenbaum's arbitration. (*See* Marks-Dias Decl. ¶ 34.) The arbitrator in those proceedings violated Valve's due process rights because she issued her fee award based on secret time records submitted *ex parte* over Valve's objection. (*See id.*) The Arbitrator compounded this error by not permitting Valve to test the time entries in this Arbitration to assess, among other things, the extent to which they sought duplicate recovery.

The timesheets also abound with non-reimbursable clerical tasks, including clerical time entries billed by attorneys at attorneys' rates. *See* (Marks-Dias Decl. ¶¶ 39-42); *Nadarajah v. Holder*, 569 F.3d 906, 925 (9th Cir. 2009) (reducing fee award due to entries for clerical work).

In addition, Birenbaum's timesheets include myriad vague entries that are not compensable. *See* (Marks-Dias Decl. ¶¶ 36-38); *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) (affirming reduction of fee award to account for vague time entry); *Jones v. Sinaloence Food Prods. & Servs., Inc*, 2023 WL 5504934, at *3 (C.D. Cal. June 8, 2023) (refusing to award time for vague

VALVE'S OPPOSITION TO ALEC BIRENBAUM'S MOTION TO CONFIRM ARBITRATION AWARD –10

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

time entries).

The timesheets are also replete with improper, non-compensable block billing, for which the Arbitrator nevertheless awarded fees. *See* (Marks-Dias Decl. ¶¶ 43-44); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (district court had "authority to reduce hours that are billed in block format").

Moreover, the hourly rates the Arbitrator applied are unreasonable. Courts benchmark requested rates against "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Mr. Bucher is the principal at Bucher Law PLLC, based in Albany, New York. (Ex. 1 at 1.) A reasonable hourly rate for lawyers similarly-qualified to Mr. Bucher in Albany is between $250-$350. *See Grant v. Lockett*, 605 F. Supp. 3d 399, 404 (N.D.N.Y. 2022). Yet Birenbaum sought and obtained fees based on an hourly rate for Mr. Bucher of $970 per hour. (Ex. 11 at 5-7.) Rates for associates, paralegals and law clerks working for Bucher Law PLLC, assuming that these employees are also based in Albany, should have been no more than $200 for associates and $90 for paralegals under *Grant*. Yet Birenbaum sought and obtained multiples of those rates.

Birenbaum made no effort to demonstrate that the rates charged by other attorneys were reasonable. For example, Birenbaum requested and obtained an hourly rate of $525 for Judson Crump, who has approximately 15 years of legal experience. (Ex. 11 at 7.) Crump resides in Silverhill, Alabama, which is within the Southern District of Alabama. The hourly rate there is about $350 for a very experienced litigator. *See U.S. ex rel. Sheppard v. Pathway of Baldwin Cnty., LLC*, 2025 WL 887526, at *6 (S.D. Ala. Mar. 21, 2025).

All of these deficiencies collectively render the Award arbitrary and irrational. And Valve had no opportunity to raise these issues in the Arbitration because the Arbitrator did not permit Valve to respond to Birenbaum's fee application.

### C. The Motion Should Be Denied Because It Is Procedurally Defective

The motion should be denied because it does not satisfy the requirements of the FAA. Under

---

VALVE'S OPPOSITION TO ALEC BIRENBAUM'S MOTION TO CONFIRM ARBITRATION AWARD –11

Section 13 of the FAA, "upon filing a motion to confirm an arbitration award, the moving party **must provide the Court with the arbitration agreement** executed by the parties." *Kerr v. Wilmington Tr. N.A.*, 2020 WL 4919604, at *1 (C.D. Cal. May 18, 2020). Courts thus deny motions to confirm arbitration awards that fail to attach a valid and binding arbitration agreement. *See, e.g.*, *Kerr*, 2020 WL 4919604, at *1; *Raymond James Fin. Servs., Inc. v. Boucher*, 2024 WL 233731, at *3 (S.D. Cal. Jan. 22, 2024), *appeal dismissed*, 2024 WL 2559329 (9th Cir. May 20, 2024). Here, Birenbaum did not transmit with or attach to his motion a valid and binding arbitration agreement. Birenbaum could not do so because there is no such agreement.

### III.   CONCLUSION

For the foregoing reasons, Birenbaum's motion should be denied.

DATED this 12th day of November, 2025.

I certify that this memorandum contains 4,200 words, in compliance with the Local Civil Rules.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Plaintiff Valve Corporation*

VALVE'S OPPOSITION TO ALEC BIRENBAUM'S MOTION TO CONFIRM ARBITRATION AWARD –12

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900