Honorable Jamal N. Whitehead

United States District Court
Western District of Washington
at Seattle

VALVE CORPORATION,

    Plaintiff,

v.

THOMAS ABBRUZZESE, *et al.*,

    Defendants.

Case No. 2:24-cv-1717-JNW

DEFENDANT ALEC BIRENBAUM'S REPLY TO HIS MOTION TO CONFIRM ARBITRATION AWARD

Defendant Alec Birenbaum ("**Mr. Birenbaum**"), through undersigned counsel, hereby replies to Plaintiff Valve Corporation's ("**Valve**") response to Mr. Birenbaum's motion to confirm award.

In short, none of Valve's arguments approach the high bar required for the relief it seeks. The Court should therefore grant Mr. Birenbaum's motion to confirm the award.

## I. Legal Standard

Under Section 9 of the Federal Arbitration Act, the Court must confirm an arbitration award unless it is vacated, modified, or corrected as prescribed in §§ 10 or 11. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 1402 (2008). The statute's

command is mandatory: confirmation follows unless Congress has said otherwise. Judicial review of an arbitration award is "limited and highly deferential." *Haines v. Amazon.com Servs.*, 766 F. Supp. 3d 1120, 1124 (W.D. Wash. 2025). Legal or factual mistakes alone do not justify setting an award aside. *Id*. The party opposing confirmation bears the burden of proof. *ShaZor Logistics, LLC v. Amazon.com*, No. 24-CV-968-BJR, 2024 WL 4827533, at *3 (W.D. Wash. Nov. 19, 2024).

## II. Argument

**A.     The Parties Agreed to Arbitrate Mr. Birenbaum's Antitrust Claims**

Valve now claims the parties never agreed to arbitrate. Yet in its own complaint, Valve alleged that "in 2012, Valve added to the [parties' agreement] an arbitration agreement providing that, with limited exceptions, users and Valve 'agree to resolve all disputes and claims between us in individual binding arbitration' with the AAA." Dkt. 78 ¶ 58. Valve's clear about-face reflects not confusion but convenience.[1]

Whatever Valve's current position on its "new" agreement, it does not matter. This Court already ordered that all issues—including arbitrability—be decided by the arbitrator. *Wolfire Games, LLC v. Valve Corp.*, No 2:21-cv-00563-JCC, 2021 WL 4952220, at *1 (W.D. Wash. Oct. 25, 2021) ("*Wolfire*"). The arbitrator

---

[1] The Court should consider "advis[ing] counsel to read Rule 3.3 of the Washington Rules of Professional Conduct (regarding candor toward the tribunal), with which the Local Civil Rules of the Western District of Washington require attorneys to comply." *Travelers Prop. Cas. Co. of Am. v. AF Evans Co.*, No. C10-1110-JCC, 2012 WL 12882902, at *4 (W.D. Wash. Dec. 11, 2012).

did exactly that and ruled for Mr. Birenbaum. Under this Court's prior order and the FAA's highly deferential standard, the award must be confirmed.

### B.  From Compel to Enjoin to Vacate: Valve's Strategy of Regret

Valve keeps running from the very decisions it asked this Court to issue. It first moved to compel arbitration under its own user contract, insisting that every antitrust dispute belonged before an arbitrator—not a judge. *See Wolfire*. When that ruling no longer served its interests, Valve reversed course and filed this case to enjoin the very arbitrations it had compelled. Dkt. 1. And now, having persuaded the Court to assert jurisdiction over its Section 4 petition, Dkt. 76, Valve again sprints for the exits—abandoning its prior position to file a new Section 10 petition to vacate an award it dislikes, Dkt. 112. Each about-face reflects not a change in law, but a calculated effort to escape the very decisions—and decision-makers—it once invoked.

This pattern matters. The integrity of judicial proceedings depends on parties standing by the positions they urge. *See, e.g., New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (judicial estoppel "prohibit[s] parties from deliberately changing positions according to the exigencies of the moment"). Valve's litigation strategy instead treats each ruling as a disposable tool—useful when it wins, irrelevant when it loses. At some point, the Court must put an end to this gamesmanship and Valve's practice of unilaterally dismissing and refiling new actions over the same subject matter. Confirmation of Mr. Birenbaum's award

should occur in the very proceeding Valve itself initiated to resolve questions under the FAA—not in a separate action created solely for Valve's convenience.

### C.  Valve Wasn't Denied Due Process

Valve next invokes Section 10(a)(3) of the FAA, which permits vacatur where an arbitrator "refuse[s] to hear evidence pertinent and material to the controversy" or otherwise engages in "misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). But there is no allegation that the arbitrator refused to hear evidence. Instead, Valve complains that it was denied an opportunity to review and object to Mr. Birenbaum's submissions in support of his request for fees. Dkt. 120 at 12–15. Valve cites no authority holding that this practice is improper.

Arbitrator McSorley's procedure—simultaneous briefing on fees—is expressly permitted under the AAA Consumer Arbitration Rules and consistent with federal standards of fairness. The Ninth Circuit has "repeatedly held that arbitration is not governed by the federal courts' strict procedural and evidentiary requirements," and courts must be "mindful not to impose" those requirements on arbitration proceedings. *Astronics Elec. Sys. Corp. v. MAGicALL, Inc.*, No. 22-35645, 2023 WL 3451682, at *1 (9th Cir. May 15, 2023) (quoting *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010)). Even if Valve would have preferred something other than simultaneous briefing on fees, a fair hearing need not be a perfect one. And nothing in the record suggests that Valve was deprived of a fair procedure.

The cases Valve invokes do not say otherwise. In *Move, Inc. v. Citigroup Global Markets, Inc.*, 840 F.3d 1152 (9th Cir. 2016), the issue was whether an award should be vacated after it was revealed that the tribunal's chairperson was a conman impersonating a retired lawyer. Its mention of *ex parte* evidence is dicta, drawn from *Totem Marine Tug & Barge, Inc. v. N. Am. Towing, Inc.*, 607 F.2d 649 (5th Cir. 1979), a 50-year-old case involving a gross due-process violation. There, an arbitrator telephoned one party's counsel to obtain a damages figure and used that figure in the award—without notice to or input from the opposing side. *Id.* at 650. That conduct bears no resembAlec to what happened here.

As Arbitrator McSorley found, Valve's failure to brief the fee issue was entirely of its own making. The arbitrator's August 9 Order expressly directed both sides to address "all issues including entitlement to attorneys' fees" and required any party seeking fees to submit detailed affidavits of services, billing rates, and time entries by September 5, 2025. Dkt. 122-1 at 75–76. Valve neither objected to that procedure nor asked for an opportunity to respond.

Instead, weeks later, Valve used its post-hearing brief to complain that it could not yet "test" the reasonableness of fees—an objection the arbitrator rightly rejected as untimely. *Id.* She concluded that "Respondent could have timely raised these objections after the Arbitrator advised the parties … that it was her intention to address all issues at one time" and that "having made the strategic decision not to raise the issues … the Respondent cannot now be heard to object." *Id.*

That ruling forecloses Valve's claim under § 10(a)(3). A party that deliberately declines to follow the arbitrator's instructions cannot later cry procedural unfairness. The record shows notice, opportunity, and a clear waiver by inaction. Arbitration does not require perfection—only a fair process, which Valve received. Having ignored the order it now attacks, Valve has no right to vacate the award merely because it dislikes the outcome of a procedure it chose not to contest.

At most, Valve cites a case for the unremarkable proposition that a fee applicant must provide documentation supporting its request. Dkt. 120 at 13 (citing *QC Mfg., Inc. v. Solatube Int'l, Inc.*, No. SACV 20-02208-CJC(JDEX), 2022 WL 22879571 (C.D. Cal. Jan. 18, 2022)). There, the court noted that it "need not perform a line-by-line analysis of [the attorneys'] timesheets and can instead opine more generally on the reasonableness of the amount of work [the attorneys] performed after reviewing [the attorneys'] timesheets." 2022 WL 22879571 at *8. That is precisely what Arbitrator McSorley did here. Valve identifies no procedural irregularity—let alone one that rendered the hearing fundamentally unfair under § 10(a)(3).

To the extent the Court considers Valve's remaining authorities, they underscore the frivolousness of its position. Valve unnecessarily—without explanation—cites cases involving fee awards in class actions, domestic-relations disputes, and child-support proceedings. *See, e.g., In re Classmates.com Consol. Litig.*, No. C09-45RAJ, 2012 WL 3854501, at *2 (W.D. Wash. June 15, 2012) (class members have a right to review class counsel's fee requests); *Lawler v. Johnson*, 253

So. 3d 939, 952 (Ala. 2017) (same); *In re Marriage of Tognoni*, 313 P.3d 655, 661 (Colo. App. 2011) (unpaid child support); *Trethewey v. Trethewey*, 104 Mass. App. Ct. 114, 121 (Mass. App. 2024) (acrimonious divorce). None involved arbitration, let alone the AAA's fee procedures or the FAA's vacatur standard. Their inclusion underscores the weakness of Valve's position and its intent to increase the burden of litigation through frivolous and irrelevant arguments.

In sum, Valve's due-process claim is meritless. The record shows it received notice, had a full opportunity to be heard, and litigated every issue before a neutral decisionmaker. The FAA does not entitle a party to a do-over simply because it dislikes the outcome. Valve's petition to vacate should be denied.

**D.     The Award Was Rational, Not Arbitrary**

Valve claims the arbitrator's award was irrational and arbitrary, warranting vacatur under § 10(a)(4) of the FAA. The Ninth Circuit has made clear that § 10(a)(4) sets a high bar—it is not enough to show that the arbitrator erred, or even seriously erred. *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (citing *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010)). Vacatur is proper only if the award is "completely irrational" or shows a "manifest disregard for the law." *ShaZor Logistics*, 2024 WL 4827533, at *3 (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997–98 (9th Cir. 2003)).

Valve has not come close to meeting that standard; the award is reasoned, cites controlling law, and rests on ample evidence.

Valve's only arguably relevant citation is *Briscoe Protective, LLC v. N. Fork Surgery Ctr., LLC*, 215 A.D.3d 956, 957–58, 188 N.Y.S.3d 113 (2023). There, a New York appellate court vacated an award after finding that the arbitrator granted attorneys' fees without any proof of hours worked or hourly rates—awarding fifty percent of the damages as fees with no record support. *Id*. That decision turned on the absence of any evidence whatsoever, not a misapplication of law or failure to allow objections to such evidence. Here, by contrast, Mr. Birenbaum submitted affidavit support and entry-by-entry billing records, and Arbitrator McSorley reviewed them before issuing a reasoned decision.

*Briscoe Protective* also applied New York's domestic arbitration statute, N.Y. C.P.L.R. Art. 75, not the FAA. Under the FAA, the Ninth Circuit has emphasized that "neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award." *Ghayoori v. Cobra Trading, Inc.*, No. C25-0021 TSZ, 2025 WL 1519136, at *3 (W.D. Wash. May 28, 2025) (quoting *Kyocera*, 341 F.3d at 994). So even if *Briscoe Protective* were on point, it would not justify vacatur here.

At most, Valve's objections reduce to claims of legal error—which cannot sustain vacatur under § 10(a)(4). The Ninth Circuit requires far more: "the moving party must show that the arbitrator understood and correctly stated the law, but proceeded to disregard the same." *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (cleaned up). Valve makes no such showing. The record reveals a careful and reasoned decision, not a disregard for law or logic.

In sum, the award was reasoned, supported, and lawful. Nothing about it was arbitrary, much less capricious.

### III. CONCLUSION

For the above reasons, Mr. Birenbaum respectfully requests that the Court confirm his arbitration award.

DATED this 17th day of November, 2025.

BAILEY DUQUETTE P.C.

By: /s William R. Burnside
William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

BUCHER LAW PLLC

William Ward Bucher IV
(*pro hac vice* forthcoming)
350 Northern Blvd, STE 324-1519
Albany, NY 12204-1000
Tel. 202.997.3029
E: will@bucherlaw.com

*Attorneys for Defendant*

I certify that this motion contains less than 2,100 words pursuant to Local Rules W.D. Wash. LCR 7(e)(4).

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing Defendant Alec Birenbaum's Reply to His Motion to Confirm Arbitration Award served upon counsel of record herein, as follows:

| | |
|---|---|
| Blake Marks-Dias, WSBA No. 28169<br>1015 Second Avenue, Floor 10<br>Seattle, Washington 98104<br>(206) 625-8600 Phone<br>(206) 625-0900 Fax<br>E: bmarksdias@corrcronin.com | ☒ Via Electronic Service |
| Michael W. McTigue Jr., *Admitted Pro Hac Vice*<br>Meredith C. Slawe, *Admitted Pro Hac Vice*<br>SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, New York 10001<br>E: michael.mctigue@skadden.com<br>E: meredith.slawe@skadden.com | |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: November 17, 2025 at Seattle, Washington.

                                *s/ William R. Burnside*
                                William Burnside, WSBA No. 36002