Honorable Jamal N. Whitehead

United States District Court
Western District of Washington
at Seattle

Valve Corporation,

    Plaintiff,

v.

Thomas Abbruzzese, *et al.*,

    Defendants.

Case No. 2:24-cv-1717-JNW

Certain Defendants' Supplemental Brief in Further Opposition to Plaintiff's Motion for a Preliminary Injunction

Defendants Chase Froelich, Ethan Sams, Cole Nelson, Matthew Powell, Michael Owens, Tyler Stulz, Norm Somers, Quinn Rasmussen, Nicholas Rugama, Trevor Laturner, Eliel Pedro, Anthony Simoni, Cortland Pinnick, Alyssa Phillips, Lucian Thompson, Ryan Smith, Barry Morganti, Noah Burch, Fabian Arevalo, Corinne Lee, Tasha Goldsmith, Broden Mcduffee, Luther Williams, and Kevin Viloria ("**Defendants**"), through undersigned counsel, hereby files a supplemental brief in further opposition to Plaintiff Valve Corporation's ("**Valve**") motion for a preliminary injunction. Dkt. 79.

Certain Defendants' Supplemental Brief In Further Opposition To Plaintiff's Motion For A Preliminary Injunction – Page 1

BAILEY DUQUETTE P.C.
800 Fifth Avenue, Suite 101-800
Seattle, Washington 98104
T 206.353.8021 | F 888.233.5869

## I. FACTS

On October 16, 2025, Defendants offered Valve a voluntary stay of twenty-four pending arbitrations until this action is resolved—or, at minimum, for one year, whichever comes first. *See* Ex. A. The offer would have given Valve precisely the pause it claimed to need while preserving each claimant's right to proceed later. The next day, Valve declined. In its response, Valve asserted that "there is no longer an arbitration agreement," that it has been defending itself "under protest," and that Defendants' stay request was "a long-running effort to increase the burden on Valve and to drive up Valve's fees to defend itself in arbitrations that claimants never intended to prosecute." *Id*.

After Valve's refusal, Defendants asked Valve to correct the record and amend the misstatements in its complaint and preliminary-injunction motion—particularly its claim of "irreparable harm" from having to expend fees in ongoing arbitrations. Defendants noted the irony of Valve refusing to pause proceedings it insists are unauthorized under a nonexistent arbitration clause. Yet Valve again refused. Instead, it threatened to "seek all appropriate relief in connection with any wasteful, meritless, and vexatious litigation tactics" if Defendants brought its inconsistencies to the Court's attention. *Id*.

## II. ARGUMENT

Less than four months ago, this Court held that a "largely self-inflicted harm severely undermines a party's claim for equitable relief." *Familias Unidas por la Justicia, AFL-CIO v. United States Dep't of Lab.*, No. 2:24-CV-00637-JHC, 2025 WL

CERTAIN DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION – Page 2

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

2399293, at *4 (W.D. Wash. Aug. 19, 2025) (cleaned up) (quoting *Al Otro Lado v. Wolf*, 952 F.3d 999, 1008 (9th Cir. 2020)). The same principle applies here. Valve's alleged harm is self-created, voluntary, and entirely avoidable. *See Ellsworth v. Schneider Nat'l Carriers, Inc.*, 2021 WL 3417641, at *2 (C.D. Cal. June 14, 2021) (A party is "poorly positioned" to complain about a risk that "was entirely avoidable and strategically pursued by a sophisticated party represented by sophisticated counsel who undoubtedly weighed the risk.")

Defendants offered Valve exactly what it asked this Court to impose: a pause in arbitrations pending resolution of this case. Valve's rejection of that relief confirms that its alleged harm is neither imminent nor unavoidable. Instead, it underscores a more basic point: equitable relief is reserved for those who cannot protect themselves—yet Valve declined the very protection it now asks the Court to compel.

Now, faced with cooperation from Defendants, Valve shifts to a new and inconsistent theory: that only some arbitrations should be stayed while others should proceed. Yet its motion asks this Court to halt all arbitrations, regardless of posture. That inconsistency shows the issue is not cost, but control. What Valve labels "irreparable harm" is better understood as litigation strategy—regret over the consequences of the very process it demanded—which cannot justify equitable relief.

CERTAIN DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION – Page 3

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

The Court should deny Valve's motion for preliminary relief as to these Defendants—and take account of this inconsistency in evaluating Valve's request as to all others.

### III. CONCLUSION

For the reasons set forth above and in Defendants other opposition, Dkt. 92, the Court should deny Valve's motion for preliminary relief.

DATED this ___ day of December, 2025.

        BAILEY DUQUETTE P.C.

        By: */s William R. Burnside*
        William R. Burnside, WSBA #36002
        800 Fifth Ave, Suite 101-800
        Seattle, Washington 98104
        T: 206.353.8021
        E: will@baileyduquette.com

        BUCHER LAW PLLC

        William Ward Bucher IV
        (*pro hac vice* forthcoming)
        350 Northern Blvd, STE 324-1519
        Albany, NY 12204-1000
        T: 202.997.3029
        E: will@bucherlaw.com

        *Attorneys for Defendants*

I certify that this motion contains less than 4,200 words pursuant to Local Rules W.D. Wash. LCR 7(e)(4).

CERTAIN DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION – Page 4

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

# Exhibit A

Outlook

**RE: Agreement to Temporarily Stay 24 Claimants**

| | |
|---|---|
| From | Tavakoli, Shaud G <Shaud.Tavakoli@skadden.com> |
| Date | Sun 10/19/2025 6:07 AM |
| To | 'William Bucher' <will@bucherlawfirm.com> |
| Cc | Marks-Dias, Blake <bmarksdias@corrcronin.com>; Lauren Cole <lcole@hsgllp.com>; McInerney, Colm P <Colm.McInerney@skadden.com>; McTigue Jr., Michael W <Michael.McTigue@skadden.com>; Andrew C. Indorf <aindorf@hsgllp.com>; Scott M. Danner <sdanner@hsgllp.com>; Dorit Ungar Black <dblack@hsgllp.com>; DLVALVEST@skadden.com <DLVALVEST@skadden.com>; Priyanka Timblo <ptimblo@hsgllp.com>; Fuchs, Andrew J <Andrew.Fuchs@skadden.com>; Slawe, Meredith C <Meredith.Slawe@skadden.com>; Will Burnside <will@baileyduquette.com>; Ellen Noteware <ellen@bucherlawfirm.com>; valveteam@moni.law <valveteam@moni.law> |

Dear Mr. Bucher:

Valve declines your request to amend its papers in *Abbruzzese*, which remain accurate. And claimants have not offered Valve the full relief sought in that matter. Valve also notes that your further improper gamesmanship is fully consistent with and further supports Valve's allegations in the Complaint and motion for preliminary injunction and continues to cause harm to Valve. *See, e.g.*, Compl. ¶ 208 ("Mr. Bucher has . . . withdrawn, attempted to withdraw, or requested a 'stay' of claims on the eve of final merits hearings—after Valve expended substantial resources and time briefing pre-hearing motions, engaging in information exchange, and participating in numerous pre-hearing conferences. In one set of arbitrations before the same arbitrator, Bucher Law attempted to withdraw the claim of one claimant less than 24 hours before the start of the final merits hearing, and requested stays (without basis or explanation) for three other claimants just 20 minutes before this same hearing was set to commence.").

Should you choose to make any baseless filings with the Court, please include all of these communications. Please be advised that Valve will seek all appropriate relief in connection with any wasteful, meritless, and vexatious litigation tactics.

Valve reserves all rights.

Regards,
Shaud

**From:** William Bucher <will@bucherlawfirm.com>
**Sent:** Saturday, October 18, 2025 5:39 PM
**To:** Tavakoli, Shaud G (NYC) <Shaud.Tavakoli@skadden.com>
**Cc:** Marks-Dias, Blake <bmarksdias@corrcronin.com>; Lauren Cole <lcole@hsgllp.com>; McInerney, Colm P (NYC) <Colm.McInerney@skadden.com>; McTigue Jr., Michael W (NYC) <Michael.McTigue@skadden.com>; Andrew C. Indorf <aindorf@hsgllp.com>; Scott M. Danner <sdanner@hsgllp.com>; Dorit Ungar Black <dblack@hsgllp.com>; Valve SASMF Team DL <DLVALVEST@skadden.com>; Priyanka Timblo <ptimblo@hsgllp.com>; Fuchs, Andrew J (HOU) <Andrew.Fuchs@skadden.com>; Slawe, Meredith C (NYC) <Meredith.Slawe@skadden.com>; Will Burnside <will@baileyduquette.com>; Ellen Noteware <ellen@bucherlawfirm.com>; valveteam@moni.law
**Subject:** [Ext] Re: Agreement to Temporarily Stay 24 Claimants

Shaud,

In light of Valve's refusal to stay the arbitrations identified in our prior correspondence, please amend the complaint in the federal action and withdraw the inconsistent representations your firm made to the Court in connection with the motion for preliminary injunction.

Section 5 of the complaint ("Valve Is Suffering and Will Continue to Suffer Irreparable Harm") alleges that Valve continues to expend considerable time and resources on arbitrations and that, absent an injunction, "these costs will continue to grow exponentially." Those allegations are now false. Having rejected stipulated stays, Valve is actively pursuing final awards in the very proceedings it told the Court it sought to halt. The irony is hard to miss: Valve has come full circle, now threatening to compel arbitration (see *Wolfire*) if these same Defendants seek a stay.

Likewise, in its preliminary-injunction motion, Valve represented that it had unsuccessfully sought to have these 24 claimants' arbitrations closed and that, absent "immediate" relief, it would be forced to arbitrate disputes it never agreed to arbitrate. Those representations are also false and must be corrected without delay.

Your demands that my clients agree to pay attorneys fees in exchange for a stay is prohibited by the SSA and contrary to your representations to the court that you are not seeking monetary relief. These 24 claimants have offered a stay, without prejudice, that would result in your client obtaining by consent the same preliminary relief you are seeking currently before Judge Whitehead. Valve has now rejected that proposal. If Valve does not inform Judge Whitehead to correct its misstatements to the Court identified above by Monday, October 20, 2025, at 5 p.m. PT, we will alert Judge Whitehead.

Best,
Will Bucher
Bucher Law PLLC
202-997-3029
350 Northern Blvd
STE 324 -1519
Albany, NY 12204-1000

On Fri, Oct 17, 2025 at 3:26 PM Tavakoli, Shaud G <Shaud.Tavakoli@skadden.com> wrote:

> Dear Mr. Bucher,
>
> Valve is surprised by this eleventh-hour request for a stay of the below 24 claimants' arbitrations, which comes just days before their scheduled final merits hearings. Your request appears to be purely tactical and raises further concern that you are prosecuting arbitrations without authorization. Notably, you have failed to respond to two requests from Valve's counsel to identify which of these claimants are actually available to testify during week 2 of the hearings. *See* Emails from P. Timblo to E. Noteware, dated Oct. 8 and 14, 2025.
>
> You assert that the claimants propose a stay "[i]n light of your pending injunction action in federal court seeking to enjoin all arbitrations, Valve Corp. v. Thomas Abbruzzese et al, No. 2:24-cv-1717-JNW." That is nonsense. Valve filed *Abbruzzese* in **October 2024**. Other claimants withdrew their claims within weeks of Valve's filing in *Abbruzzese*. The below claimants did not.
>
> Instead, you continued to prosecute arbitrations purportedly on behalf of these claimants **for an entire year** after Valve filed *Abbruzzese*.

- In **October 2024**, you opposed Valve's request to stay the arbitrations you are prosecuting against Valve purportedly on behalf of the below claimants and nearly 600 others, several of whom were deceased. You complained to the Tribunal here that Valve had sought to "further delay these proceedings by moving for a stay." You asserted that "Valve's position . . . that the arbitration must be *interrupted* so that a court to decide [sic] a jurisdictional question . . . has no basis [in] common sense." And you insisted that the arbitrator should move "on to the merits" of claimants' claims.
- In **January 2025**, your firm told the Tribunal that "claimants . . . want to move these [arbitrations] forward as fast as possible.
- In **February 2025** you served Valve with written exchange of information requests purportedly on behalf of all of the below 24 claimants to which Valve responded.
- Less than one month ago, in **September 2025**, you requested five subpoenas to be issued to employees of Valve for testimony in all of the below claimants' cases. Valve was required to object to those subpoenas.
- Also in **September 2025**, you listed on a witness list as "may call" witnesses 21 of the below claimants. Valve was required to prepare for final merits hearings and conduct related expert work specific to each of these claimants who Valve was told "may" appear at their own trials.
- Also in **September 2025**, you filed an opposition to Valve's motion for a preliminary injunction on behalf of the below claimants among others.
- In **October 2025**, you filed a motion to strike Valve's complaint in *Abbruzzese* on behalf of the below claimants among others, with the apparent purpose of delaying resolution of that action.
- Just one week ago, on **October 10, 2025**, you wrote to the arbitrator on behalf of all of the below claimants seeking reconsideration of the Tribunal's order denying your request for the issuance of subpoenas. Valve was required to oppose that request.
- Over the **last ten months**, Valve was required to participate in meet and confers with claimants' counsel, brief disputes, and prepare for and attend numerous pre-hearing and other conferences with the arbitrator addressing issues specific to the below claimants. These issues include, for example, the format of the hearings and scheduling of claimant testimony.

Now, on the eve of final merits hearings, you ask Valve to agree to a "stay" of arbitrations that until yesterday you represented claimants wanted to continue to prosecute even though there is no longer an arbitration agreement and Valve has sought to enjoin these arbitrations. As you know, Valve has proceeded to defend itself for the last twelve months—incurring fees along the way—under protest.

This request comes just two days after the arbitrator denied your motion for reconsideration of his decision denying subpoenas to Valve employees. Your request appears to be an unvarnished exercise in forum shopping to avoid this arbitrator until he rules on the merits as to one claimant. It also appears to be a long-running effort to increase the burden on Valve and to drive up Valve's fees to defend itself in arbitrations that claimants never intended to prosecute.

Your belated request suggests that you may not have authorization to proceed on behalf of some or all of the claimants. Indeed, Valve has continually requested that you advise which claimants will testify and when. You have assiduously avoided providing that information, suggesting that you are not in communication with your purported clients and do not know which—if any—of them will appear to testify in support of their own claims. That is consistent with a troubling pattern across the arbitrations you are prosecuting. Dozens of claimants have failed to appear at their own merits hearings, in many cases on pain of non-suit.

Valve does not consent to your proposed selective and tactical "stay" of 24 of the 25 arbitrations before Arbitrator Ohashi at this late juncture. Valve will, however, consent to dismissal of these claimants' claims without prejudice provided that each claimant either: (i) stipulates to the relief sought in *Abbruzzese*—namely, they are no longer parties to an arbitration agreement with Valve or (ii) reimburses Valve its attorneys' fees and costs incurred in preparing for their respective merits hearings.

Any request you make to the arbitrator should include your below email and this response.

Valve reserves all rights, including on the ground that there is no agreement to arbitrate between the parties.

Regards,
Shaud

---

**From:** William Bucher <will@bucherlawfirm.com>
**Sent:** Thursday, October 16, 2025 3:49 PM
**To:** Marks-Dias, Blake <bmarksdias@corrcronin.com>; Lauren Cole <lcole@hsgllp.com>; Tavakoli, Shaud G (NYC) <Shaud.Tavakoli@skadden.com>; McInerney, Colm P (NYC) <Colm.McInerney@skadden.com>; McTigue Jr., Michael W (NYC) <Michael.McTigue@skadden.com>; Andrew C. Indorf <aindorf@hsgllp.com>; Scott M. Danner <sdanner@hsgllp.com>; Dorit Ungar Black <dblack@hsgllp.com>; Valve SASMF Team DL <DLVALVEST@skadden.com>; Priyanka Timblo <ptimblo@hsgllp.com>; Fuchs, Andrew J (HOU) <Andrew.Fuchs@skadden.com>; Slawe, Meredith C (NYC) <Meredith.Slawe@skadden.com>
**Cc:** Will Burnside <will@baileyduquette.com>; Ellen Noteware <ellen@bucherlawfirm.com>; valveteam@moni.law
**Subject:** [Ext] Agreement to Temporarily Stay 24 Claimants

Counsel,

In light of your pending injunction action in federal court seeking to enjoin all arbitrations, Valve Corp. v. Thomas Abbruzzese et al, No. 2:24-cv-1717-JNW, the below Claimants (and only the below claimants, at present) propose that the parties agree to stay the following proceedings, without prejudice, until the current federal action is resolved or one year, whichever occurs first:

Chase Froelich - 01-23-0005-3015
Ethan Sams - 01-23-0005-3016
Cole Nelson - 01-23-0005-3017
Matthew Powell - 01-23-0005-3018
Michael Owens - 01-23-0005-3019
Tyler Stulz - 01-23-0005-3020
Norm Somers - 01-23-0005-3021
Quinn Rasmussen - 01-23-0005-3022
Nicholas Rugama - 01-23-0005-3023
Trevor Laturner - 01-23-0005-3024
Eliel Pedro - 01-23-0005-3025
Anthony Simoni - 01-23-0005-3026
Cortland Pinnick - 01-23-0005-3027
Alyssa Phillips - 01-23-0005-3028
Lucian Thompson - 01-23-0005-3029
Ryan Smith - 01-23-0005-3030
Barry Morganti - 01-23-0005-3032
Noah Burch - 01-23-0005-3033
Fabian Arevalo - 01-23-0005-3034

Corinne Lee - 01-23-0005-3035
Tasha Goldsmith - 01-23-0005-3036
Broden Mcduffee - 01-23-0005-3037
Luther Williams - 01-23-0005-3038
Kevin Viloria - 01-23-0005-3039

Please confirm by close of business Friday, October 17, 2025 whether Valve consents to a stay of the 24 specified matters until the earlier of one year or the resolution of the above captioned action.

Will Bucher
Bucher Law PLLC
202-997-3029
350 Northern Blvd
STE 324 -1519
Albany, NY 12204-1000

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===========================================================================

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===========================================================================