THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>                    Plaintiff,<br><br>         v.<br><br>THOMAS ABBRUZZESE et al.,<br><br>                    Defendants. | No. 2:24-CV-1717-JNW<br><br>**PLAINTIFF VALVE CORPORATION'S OPPOSITION TO 24 MOVING DEFENDANTS'* MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**<br><br>**NOTED ON MOTION CALENDAR: DECEMBER 22, 2025** |

---

\* Fabian Arevalo, Noah Burch, Chase Froelich, Tasha Goldsmith, Trevor Laturner, Corinne Lee, Broden Mcduffee, Barry Morganti, Cole Nelson, Michael Owens, Eliel Pedro, Alyssa Phillips, Cortland Pinnick, Matthew Powell, Quinn Rasmussen, Nicholas Rugama, Ethan Sams, Anthony Simoni, Ryan Smith, Norm Somers, Tyler Stulz, Lucian Thompson, Kevin Viloria, and Luther Williams.

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO CERTAIN DEFENDANTS'
MOTION FOR LEAVE TO FILE
SUPPLEMENTAL BRIEF

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Valve Corporation stands ready to respond substantively to the Supplemental Brief proposed by certain defendants (the "Moving Defendants") should the Court desire that it do so. But Valve does not believe the Moving Defendants raise any issue that merits this Court's attention.

A mere two business days before a consolidated arbitration hearing[2] for the Moving Defendants and one other individual (Defendant Daniel Guadarrama), their arbitration counsel Will Bucher proposed staying the Moving Defendants' claims, while still moving forward with the full hearing as scheduled on only Defendant Guadarrama's claims. As reflected in the correspondence attached as Exhibit A to Moving Defendants' proposed Supplemental Brief, Moving Defendants proposed this stay only:

- after Valve had already been forced to incur an entire year of burden and expense addressing pre-hearing issues and preparing for the impending hearing for all Moving Defendants, because their counsel had consistently indicated that Moving Defendants wanted to proceed to hearing;
- two days after the arbitrator issued a pre-hearing decision that Moving Defendants viewed as unfavorable; and
- after Valve's counsel repeatedly pressed Moving Defendants' counsel to identify which Moving Defendants would appear at the impending hearing.[3]

(Dkt. 125, Attachment 1, Ex. A.) The proposed stay was time-limited, such that it would result in additional future arbitration hearings for the Moving Defendants, as opposed to resolving them along with Defendant Guadarrama in the consolidated hearing set to start two days later. (*Id.*) And

---

[2] After filing this action, Valve asked the arbitrators handling the relevant arbitrations to stay those arbitrations until this Court could rule; Defendants' counsel opposed those requests. While many arbitrators have stayed proceedings before them, the arbitrator hearing Moving Defendants' disputes did not. Valve proceeded in unstayed arbitrations under a reservation of rights. *See* Declaration of Andrew J. Fuchs ¶ 6, dated Dec. 16, 2025, filed herewith ("Fuchs Decl.").

[3] Ultimately, only six of the 24 Moving Defendants appeared at their own consolidated arbitration hearing. (Fuchs Decl. ¶ 11.) Valve remains concerned Defendants' counsel Will Bucher is proceeding in the arbitrations underlying this matter without his clients' knowledge or authorization. (Dkt. 39-40.)

---

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO CERTAIN DEFENDANTS'
MOTION FOR LEAVE TO FILE
SUPPLEMENTAL BRIEF – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  Moving Defendants did not offer Valve the full relief it seeks in this matter.

2  In short, the stay offered by Moving Defendants' counsel reflected just the sort of
3  gamesmanship and attempted multiplication of proceedings Valve unfortunately has come to
4  expect. (*E.g.*, Dkt. 78 ¶ 208 ("Mr. Bucher has . . . withdrawn, attempted to withdraw, or requested
5  a 'stay' of claims on the eve of final merits hearings—after Valve expended substantial resources
6  and time briefing pre-hearing motions, engaging in information exchange, and participating in
7  numerous pre-hearing conferences. In one set of arbitrations before the same arbitrator, Bucher
8  Law attempted to withdraw the claim of one claimant **less than 24 hours** before the start of the
9  final merits hearing, and requested stays (without basis or explanation) for three other claimants
10 just **20 minutes** before this same hearing was set to commence.").) Indeed, Valve suspects Moving
11 Defendants' counsel offered the limited stay with the sole intent of raising Valve's inevitable
12 declination of it with this Court, thus multiplying proceedings even more. (Dkt. 125, Attachment 1,
13 Ex. A.) But Valve's fully rational refusal to enter into a limited stay in certain arbitrations on the
14 eve of a hearing has nothing to do with the principal issue before this Court—*i.e.*, whether these
15 arbitrations should proceed at all—and does not warrant supplementing the record.

16 Moving Defendants have failed to meet their burden of showing "good cause" for the filing
17 of a supplemental brief here. *Hammes Co. Healthcare, LLC v. Tri-City Healthcare Dist.*, 801 F.
18 Supp. 2d 1023, 1027 n.1 (S.D. Cal. 2011). Their request is also untimely: Moving Defendants
19 waited more than 45 days after Valve refused their request for a stay and more than two months
20 after Valve's motion for a preliminary injunction was fully submitted to make their motion. (Dkt.
21 125, Attachment 1, Ex. A; Dkt. 79; Fuchs Decl. ¶ 10.) *See, e.g.*, *Lloyd v. Rufener*, 2018 WL
22 4353268, at *1 (W.D. Wash. Sept. 12, 2018) (striking surreply filed "11 days after the noting date
23 of the motion"); *York v. Bank of Am.*, 2016 WL 7033956, at *1 (N.D. Cal. Dec. 2, 2016) (defendant
24 failed to show good cause to file motion for reconsideration because it gave no reason for a
25 "lengthy" thirty-five-day delay).

26 Moving Defendants' motion for leave to file a supplemental brief should be denied.

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO CERTAIN DEFENDANTS'
MOTION FOR LEAVE TO FILE
SUPPLEMENTAL BRIEF – 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  DATED: December 16, 2025

2  I certify that this memorandum contains 730 words, in compliance with LCR 7(e).

3  CORR CRONIN LLP

4  

5  *s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
6  Seattle, Washington 98104
(206) 625-8600 Phone
7  (206) 625-0900 Fax
bmarksdias@corrcronin.com

8  Michael W. McTigue Jr., *Admitted Pro Hac Vice*
9  Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
10    MEAGHER & FLOM LLP
One Manhattan West
11 New York, New York 10001
michael.mctigue@skadden.com
12 meredith.slawe@skadden.com

13 *Attorneys for Plaintiff Valve Corporation*

PLAINTIFF VALVE CORPORATION'S
OPPOSITION TO CERTAIN DEFENDANTS'
MOTION FOR LEAVE TO FILE
SUPPLEMENTAL BRIEF – 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900