HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THOMAS ABBRUZZESE, *et al.*,<br><br>　　　　Defendants. | Case No.  2:24-cv-1717-JNW<br><br>DEFENDANTS' MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS<br><br>NOTED ON MOTION CALENDAR:<br>March 27, 2026 |

Defendants Harris Banks, Katie Clark, Sean Duan, Jhonnatan Enriquez, Alfredo Gonzalez, Corbin Holm, John LaPaglia, William Mac Dougall, Joshua O'Brien, John Otey, Joshua Pedrick, Noe Rosales, Ryan Schultz, Donald Spinelli, Caleb Theriot, Josiah Wilkerson, Tyler Kemp, Cody Stewart, Abraham Duman, Broderick Hebert, Devon Musto, Gregory Kain, Jason Smith, Jodee Lynn Molina, Joshua Roberts, Kaleb Swaim, Mason Wright, Max Johnson, Michael Linares, Roger Maricle, Sacha Haghighi, Seth Lewis, Taylor Edwards, Robert Grescowle, Cody Ackley, Michael Wu, Tyler Francesconi, John Taddei, Ann Hefner, Bradley Ratliff, Christopher Prato-Shein, Mitchell Coburn, Rob Hauser, Kasandra Hiley,

DEFENDANTS' MOTION FOR AWARD OF REASONABLE
ATTORNEYS' FEES AND COSTS – Page 1

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Matthew Baldwin, Xzavier Timmons, Thomas Garrett, Merrick Tipton, Mason Field, Patrick Kuller, Michael Daugherty, Richard Lundsgaard, Jordan Newby, and Ryan Borek ("**Defendants**") through undersigned counsel, hereby file this motion for an award of reasonable attorneys' fees and costs.

## I. INTRODUCTION

Plaintiff Valve Corporation ("**Valve**") brought this action seeking extraordinary relief: an order halting hundreds of ongoing consumer arbitrations that had been initiated under the parties' governing user agreement. Valve premised that request on a single theory—that the governing agreement, which mandates arbitration and includes a bilateral fee-shifting provision, had been displaced by a later agreement Valve unilaterally imposed. Valve litigated that theory in this Court, but obtained no injunctive, declaratory, or merits relief against Defendants.

Instead, as each arbitration concluded in a final award, Valve voluntarily dismissed the corresponding Defendants from this action. Valve then proceeded to Washington state court and—contradicting its position in this court—affirmatively relied on the governing agreement to seek—and obtain—confirmation of those same arbitration awards. In doing so, Valve confirmed that the governing agreement controls these disputes and abandoned any contention that the later agreement displaced it as to these Defendants.

Defendants now seek attorneys' fees pursuant to the parties' agreement. Washington law enforces contractual fee-shifting provisions as written, and it treats

DEFENDANTS' MOTION FOR AWARD OF REASONABLE
ATTORNEYS' FEES AND COSTS – Page 2

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

a voluntary dismissal as a failure of the plaintiff's claims. Where, as here, Valve's claims arose out of and related directly to the parties' governing agreement, Valve dismissed Defendants without obtaining relief, and foreclosed renewal of its claims here by confirming awards made under the governing agreement, Defendants are the prevailing parties entitled to recover their reasonable attorneys' fees and costs.

## II. FACTS

### A.  The Parties' Dispute

On October 18, 2024, Steam filed a petition to enjoin Defendants' ongoing arbitrations. Dkt. 1. As has been extensively briefed, Valve's theory was that the parties' governing agreement that compelled antitrust disputes between the parties to arbitration was superseded by a new user agreement that Valve unilaterally pushed on its users in September 2024. *See generally id.*

When Valve filed its petition, it was engaged in ongoing arbitrations with Defendants and the arbitrators in charge of these arbitrations denied Valve's numerous attempts to enjoin or stay each arbitration.

Relevant to the instant dispute, the parties governing agreement contained a fee shifting provision. Dkt. 78 at 129, § 10. It provides that "In any dispute arising out of or relating to this Agreement, your use of Steam, your account, or the Content and Services, the prevailing party will be entitled to attorneys' fees and expenses." *Id.*

DEFENDANTS' MOTION FOR AWARD OF REASONABLE
ATTORNEYS' FEES AND COSTS – Page 3

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

### B. Valve's Voluntary Dismissals

On February 26, 2025, Valve voluntarily dismissed Defendants Katie Clark, Sean Duan, Jhonnatan Enriquez, Alfredo Gonzalez, Corbin Holm, John Lapaglia, William Mac Dougall, Joshua Obrien, John Otey, Joshua Pedrick, Noe Rosales, Ryan Schultz, Donald Spinelli, Caleb Theriot, Josiah Wilkerson, and Harris Banks. Dkt. 54.

Valve dismissed these defendants because the arbitrations concluded in a final award issued February 17, 2025. *Id*. Based on that final award, Valve filed a petition to confirm the award in King County Superior Court for the State of Washington. Dkt. 54-1. On March 31, 2025, the Superior Court granted the motion to confirm the award.

On July 24, 2025, Valve voluntarily dismissed Defendants Tyler Kemp and Cody Stewart because their arbitrations concluded with a final award. Dkt. 75. Simultaneously, Valve filed petitions to confirm the awards in King County Superior Court. Dkts. 75-1, 75-2. The state court confirmed the awards.

On September 26, 2025, Valve voluntarily dismissed Defendants Abraham Duman, Taylor Edwards, Sacha Haghighi, Broderick Hebert, Max Johnson, Gregory Kain, Seth Lewis, Michael Linares, Roger Maricle, Jodee Lynn Molina, Devon Musto, Joshua Roberts, Jason Smith, Kaleb Swaim, and Mason Wright. Dkt. 98. Similar to the previous dismissals, these Defendants' arbitrations concluded with a final award for which Valve moved for and obtained confirmation. *Id*.

DEFENDANTS' MOTION FOR AWARD OF REASONABLE
ATTORNEYS' FEES AND COSTS – Page 4

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

On November 5. 2025, Valve voluntarily dismissed Defendants Matthew Baldwin, Ryan Borek, Mitchell Coburn, Michael Daugherty, Mason Field, Tyler Francesconi, Thomas Garrett, Robert Grescowle, Rob Hauser, Ann Hefner, Kasandra Hiley, Patrick Kuller, Richard Lundsgaard, Jordan Newby, Christopher Prato-Shein, Bradley Ratliff, John Taddei, Xzavier Timmons, Merrick Tipton, Katie Uccello, Michael Wu, and Cody Ackley. Dkt. 118. Similar to the previous dismissals, these Defendants' arbitrations concluded with a final award for which Valve moved for and obtained confirmation. *Id*.

On February 9, 2026, Valve voluntarily dismissed Defendants Matthew Baer, Noah Burch, Cory Cleri, Andrew Davidson, Jacob Ford, Chase Froelich, Raymond Garay, Virgil Glisson, Tasha Goldsmith, Daniel Guadarrama, Devin Harvey, Baylen James, Jurell Jordan, Derek Krause, Deric Landers, Trevor Laturner, Corinne Lee, Jonathan Lewis, Ezekiel Mccracken, Broden Mcduffee, Adrian Monter, Nathaniel Moore, Ryan Moore, Barry Morganti, Bonnie Murphy, Cole Nelson, Garland Noel, Michael Owens, Gary Palmatier, Eliel Pedro, Alyssa Phillips, Cortland Pinnick, Matthew Powell, Quinn Rasmussen, Robert Richards, Alexander Rodriguez, Nicholas Rugama, Joshua Sammons, Ethan Sams, Ramon Serrano, Brian Sherwood, Anthony Simoni, Ryan Smith, Dylan Smyers, Norm Somers, Decker Spencer, Matthew Stengel, Tyler Stulz, Lucian Thompson, Kevin Viloria, Luther Williams, Randy Wozniak, Amir Wright, Ryan Adreani and Fabian Arevalo. Dkt. 131.

DEFENDANTS' MOTION FOR AWARD OF REASONABLE
ATTORNEYS' FEES AND COSTS – Page 5

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) authorizes requests for attorneys' fees and costs by motion. Where, as here, fees are sought for litigating both federal- and state-law claims under a contract's attorneys' fees provision, courts must "use the law of the forum state to construe the agreement." *United States ex rel. Reed v. Callahan*, 884 F.2d 1180, 1185 (9th Cir. 1989); *Hunt v. Zuffa, LLC*, 528 F. Supp. 3d 1180, 1183 (D. Nev. 2021). *See also Yeager v. Bowlin*, 495 F. App'x 780, 782 (9th Cir. 2012) (unpublished) ("A federal court should generally follow state law on attorneys' fees when exercising its jurisdiction over a state law claim").

### IV. ARGUMENT

This case presents a straightforward application of a contractual fee-shifting provision. Valve invoked—and then sought to displace—the parties' governing agreement as the basis for extraordinary relief, obtained none, and voluntarily dismissed Defendants from this action. Under Washington law, those facts compel enforcement of the parties' agreed allocation of attorneys' fees.

**A.    Washington Enforces Contractual Fee-Shifting Provisions According to Ordinary Contract Principles**

Washington courts enforce contractual attorney-fee provisions according to ordinary principles of contract interpretation, with the objective of giving effect to the parties' intent as expressed in the language of the agreement. Under the objective manifestation theory, courts look to the reasonable meaning of the words the parties chose—not to unexpressed intent or post-hoc litigation positions. *Viking*

DEFENDANTS' MOTION FOR AWARD OF REASONABLE
ATTORNEYS' FEES AND COSTS – Page 6

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

*Bank v. Firgrove Commons 3, LLC*, 183 Wn. App. 706, 712–13 (2014); *Tanner Elec. Coop. v. Puget Sound Power & Light Co.*, 128 Wn.2d 656, 674 (1996).

Consistent with that framework, Washington courts give contractual terms their ordinary and accepted meaning unless the agreement provides a specialized definition or the context clearly requires otherwise. *Blue Mountain Mem'l Gardens v. Dep't of Licensing*, 94 Wn. App. 38, 43 (1999). Attorney-fee provisions are interpreted and enforced under these same principles, no differently than any other bargained-for contractual term. *Walji v. Candyco, Inc.*, 57 Wn. App. 284, 288 (1990); *Hawk v. Branjes*, 97 Wn. App. 776, 781 (1999).

Here, the parties' agreement provides that "the prevailing party will be entitled to attorneys' fees and expenses" in any dispute "arising out of or relating to" the agreement. Dkt. 78 at 129, § 10. The provision reflects a bilateral allocation of litigation costs triggered by the outcome of disputes governed by the agreement, and it is enforced under the same principles that govern the interpretation of contractual terms generally.

**B.    Valve's Claims Arose Out of—and Related Directly to—the Parties' Governing Agreement**

Valve's claims against these Defendants arose out of, and related directly to, the parties' governing user agreement—the pre-September 2024 agreement that mandated arbitration and contained a bilateral fee-shifting provision. Valve itself made that agreement the focal point of this litigation, and its subsequent conduct confirms that it remains the controlling agreement as to these Defendants.

DEFENDANTS' MOTION FOR AWARD OF REASONABLE
ATTORNEYS' FEES AND COSTS – Page 7

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

In its original petition, Valve sought to enjoin Defendants' ongoing arbitrations on the theory that the governing agreement—under which arbitration was mandatory—had been superseded by a later agreement unilaterally imposed by Valve. *See* Dkt. 1 ¶¶ 50–51. That theory necessarily placed the existence, scope, and effect of the governing agreement at issue, because Valve's requested relief depended entirely on displacing that agreement as the source of the parties' dispute-resolution obligations.

After the Court struck Valve's petition as improperly filed, Valve's amended complaint removed any remaining ambiguity as to the scope of its claims. Valve reasserted the same contractual displacement theory through claims for declaratory and injunctive relief, again asking the Court to determine whether the governing agreement controlled the parties' disputes and whether arbitration could proceed under its terms. Valve thus twice invoked that agreement as the source of the rights it sought to defeat by the relief it demands.

Valve's litigation position here also cannot be divorced from its broader course of conduct. In related proceedings involving other users, Valve affirmatively relied on the same governing agreement to compel arbitration and urged that all issues—including arbitrability—be decided by arbitrators pursuant to that agreement. *Wolfire Games, LLC v. Valve Corp.*, 2021 WL 4952220 (W.D. Wash. Oct. 25, 2021). Valve's effort in this case to halt arbitrations by displacing that same agreement underscores that its claims turned entirely on the governing agreement's continued force and effect.

DEFENDANTS' MOTION FOR AWARD OF REASONABLE
ATTORNEYS' FEES AND COSTS – Page 8

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Most important, Valve's subsequent conduct conclusively resolves any lingering question as to which agreement governs these Defendants' disputes. After voluntarily dismissing these Defendants from this action, Valve proceeded in Washington state court to seek—and obtain—confirmation of the arbitration awards issued under the governing agreement. In doing so, Valve expressly relied on that agreement as valid, enforceable, and controlling, and abandoned any contention that the later user agreement displaced it in any respect as to these Defendants.

Taken together, Valve's pleadings and post-dismissal conduct confirm that this litigation arose out of, and related directly to, the parties' governing agreement containing the bilateral fee-shifting provision.

### C. Defendants Are the Prevailing Party Under Washington Law Entitling Them to an Award of Fees.

Washington courts apply the ordinary, common-sense meaning of "prevailing party" and treat a voluntary nonsuit as a failure of the plaintiff's claims. In *Andersen v. Gold Seal Vineyards, Inc.*, the Washington Supreme Court held that a defendant prevails following a voluntary nonsuit because the plaintiff "failed to prove [the] claim." 81 Wn.2d 863, 865, 868 (1973). Courts have consistently applied that rule to enforce contractual fee-shifting provisions after voluntary dismissals. *Walji*, 57 Wn. App. at 288; *Hawk*, 97 Wn. App. at 781. *See also Acorn Olympia LLC v. Helstrom*, 18 Wn. App. 2d 1009 (2021) (unpublished); *Nichols v. Day*, 155 Wn. App. 1035 (2010) (unpublished).

That settled rule governs here. Valve initiated this action to enjoin Defendants' arbitrations under the parties' governing agreement, which undisputedly contains a bilateral attorney-fee provision applicable to any dispute "arising out of or relating to" the agreement. Valve litigated that theory in this Court but obtained no injunctive, declaratory, or merits relief. Instead, after Defendants' arbitrations concluded in final awards, Valve voluntarily dismissed Defendants from this action—without any adjudication in its favor. Under Washington law, those dismissals render Defendants the prevailing parties for purposes of the parties' fee-shifting agreement.

Valve's voluntary dismissals also resolved this dispute as to Defendants in a manner that forecloses renewal. After dismissing Defendants from this action, Valve sought and obtained final judgments in Washington state court confirming the arbitration awards issued under the governing agreement. Those judgments conclusively resolved the merits of the parties' disputes and preclude any attempt to relitigate or revive Valve's claims. Where, as here, a case cannot be renewed, courts enforce the contractual fee provision to effectuate the parties' intent. *See RLI Ins. Co. v. Polished 3 LLC*, No. 2:21-CV-691-BJR, 2022 WL 251968, at *6 (W.D. Wash. Jan. 27, 2022).

## V. Conclusion

For the above reasons, Defendants respectfully request that the Court grant its motion for an award of attorneys' fees and allow Defendants to file a motion in support of the amount of reasonable attorneys' fees and costs.

DATED this 6th day of March, 2026.

        BAILEY DUQUETTE P.C.

        By: */s William R. Burnside*
        William R. Burnside, WSBA #36002
        800 Fifth Ave, Suite 101-800
        Seattle, Washington 98104
        T: 206.353.8021
        E: will@baileyduquette.com

        BUCHER LAW PLLC

        William Ward Bucher IV
        (*pro hac vice* admitted for some Defendants and for the remaining Defendants forthcoming)
        350 Northern Blvd, STE 324-1519
        Albany, NY 12204-1000
        Tel. 202.997.3029
        E: will@bucherlaw.com

        *Attorneys for Defendants*

    I certify that this motion contains less than 4,200 words pursuant to Local Rules W.D. Wash. LCR 7(e)(4).

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing Defendants' Motion for Award of Reasonable Attorneys' Fees and Costs served upon counsel of record herein, as follows:

| | |
|---|---|
| Blake Marks-Dias, WSBA No. 28169<br>1015 Second Avenue, Floor 10<br>Seattle, Washington 98104<br>(206) 625-8600 Phone<br>(206) 625-0900 Fax<br>E: bmarksdias@corrcronin.com | ☐ Via Email<br>☒ Via Electronic Service |

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
E: michael.mctigue@skadden.com
E: meredith.slawe@skadden.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: March 6, 2026 at Seattle, Washington.

                                       *s/ William R. Burnside*
                                       William Burnside, WSBA No. 36002