The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

　　　　　　　　Plaintiff,

　　　　v.

THOMAS ABBRUZZESE et al.,

　　　　　　　　Defendants.

No. 2:24-CV-1717-JNW

**PLAINTIFF VALVE CORPORATION'S OPPOSITION TO CERTAIN DISMISSED DEFENDANTS' MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS**

**NOTING DATE:  MARCH 27, 2026**

VALVE CORPORATION'S OPPOSITION TO
MOTION FOR ATTORNEYS' FEES – i
(No. 2:24-CV-1717-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## TABLE OF CONTENTS

                                                                                        Page

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND .................................................................................................. 2

      A.    Bucher Law PLLC Files Arbitrations, Obtains Rulings that the Arbitration
            Agreement Is Unenforceable, and Commences a Class Action on that Basis .......... 2

      B.    Valve Updates the Steam Subscriber Agreement to Provide for Resolution
            of Disputes in Court and Files This Action To Enjoin Further Arbitrations ............. 3

      C.    The Dismissed Defendants' Arbitrations Proceed to a Final Award in
            Valve's Favor .................................................................................................. 4

      D.    Valve Files Petitions To Confirm the Awards in its Favor and Voluntarily
            Dismisses the Dismissed Defendants from This Action ........................................... 4

III.  ARGUMENT........................................................................................................ 5

      A.    The Dismissed Defendants Have No Contractual Basis To Seek Fees..................... 5

      B.    The Dismissed Defendants Lost; They Are Not "Prevailing Parties"....................... 6

      C.    The Dismissed Defendants Have Not Complied With Rule 54 Because
            Their Motion Does Not State the Amount of Their Claim......................................... 9

      D.    The Dismissed Defendants' Counsel May Not Have Authorization To File
            This Motion on Their Behalf.................................................................................... 9

IV.   CONCLUSION.................................................................................................... 11

VALVE CORPORATION'S OPPOSITION TO
MOTION FOR ATTORNEYS' FEES – ii
(No. 2:24-CV-1717-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# TABLE OF AUTHORITIES

## CASES

*Acorn Olympia LLC v. Helstrom*,
  No. 54501-2-II,
  2021 WL 2673894 (Wash. Ct. App. June 29, 2021)..................................................................8

*Andersen v. Gold Seal Vineyards Inc.*,
  505 P.2d 863 (Wash. 1973).......................................................................................................8

*Bangasser v. Bangasser*,
  No. C19-66 RAJ,
  2019 WL 6498099 (W.D. Wash. Dec. 3, 2019) ........................................................................6

*City of Duvall v. Levine*,
  No. 78531-1-I,
  2019 WL 5112458 (Wash. Ct. App. Oct. 14, 2019) ..............................................................1, 7

*Diagnosis v. Hughes*,
  No. 2:13-cv-06935-SVW-AJW,
  2017 WL 11632412 (C.D. Cal. Oct. 4, 2017) ...........................................................................7

*In re Engle Cases*,
  283 F. Supp. 3d 1174 (M.D. Fla. 2017).....................................................................................9

*Hawk v. Branjes*,
  986 P.2d 841 (Wash. Ct. App. 1999)..........................................................................................8

*King County v. Walsh Construction Co. II*,
  No. 86503-0-I,
  2025 WL 2206312 (Wash. Ct. App. Aug. 4, 2025).......................................................1, 6, 7, 8

*Lackey v. Stinnie*,
  604 U.S. 192 (2025)....................................................................................................................7

*LeBlanc v. Motion Picture Industry Health Plan*,
  No. CV 11-04181 GAF (Ex), 2013 WL 12177081 (C.D. Cal. Mar. 14, 2013),
  *aff'd*, 593 F. App'x 729 (9th Cir. 2015)....................................................................................5

*Mok v. 21 Mott Street Restaurant Corp.*,
  No. 14-cv-8081 (PKC),
  2017 WL 3981308 (S.D.N.Y. Sep. 8, 2017)..............................................................................9

*Nair v. Copeland*,
  No. 19-cv-01296-MJP,
  2020 WL 2130944 (W.D. Wash. May 5, 2020)........................................................................11

VALVE CORPORATION'S OPPOSITION TO
MOTION FOR ATTORNEYS' FEES – iii
(No. 2:24-CV-1717-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Nichols v. Day*,
　No. 62515-2-I,
　2010 WL 1647461 (Wash. Ct. App. Apr. 26, 2010)...............................................................8

*Peraton Government Communications, Inc. v. Hawaii Pacific Teleport LP*,
　Nos. 21-15395, 21-15607,
　2022 WL 3543342 (9th Cir. Aug. 18, 2022).........................................................................6

*Perfect 10, Inc. v. Giganews, Inc.*,
　847 F.3d 657 (9th Cir. 2017) .................................................................................................9

*Rudolph v. California Two Bunch Return, LLC*,
　No. CV-16-00886 AB (KKx),
　2017 WL 7101147 (C.D. Cal. May 19, 2017) .......................................................................5

*Soi Quay Hoang v. Worldwide Asset Purchasing, LLC*,
　No. 09-185-DRH,
　2010 WL 5421301 (S.D. Ill. Dec. 27, 2010).........................................................................9

*Thurston County v. Scammel*,
　34 P. 470 (Wash. 1893)......................................................................................................7, 8

*Walji v. Candyco, Inc.*,
　787 P.2d 946 (Wash. Ct. App. 1990)..................................................................................7, 8

*Winnemucca Indian Colony v. United States*,
　399 F. App'x 240 (9th Cir. 2010) ..........................................................................................7

*Yagman v. Meinberg*,
　680 F. App'x 627 (9th Cir. 2017) ..........................................................................................7

**STATUTES**

RCW 7.04A.220.............................................................................................................................6

**RULES**

Fed. R. Civ. P. 54.......................................................................................................................2, 9

VALVE CORPORATION'S OPPOSITION TO
MOTION FOR ATTORNEYS' FEES – iv
(No. 2:24-CV-1717-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## I.     INTRODUCTION[1]

The Dismissed Defendants'[2] motion for attorneys' fees and costs should be denied for numerous reasons:

**(1) No Contractual Right to Fee-Shifting.** Valve brought this action to enforce the current Steam Subscriber Agreement ("Current SSA") between Valve and the Defendants, including the Dismissed Defendants. There is no fee-shifting provision in the Current SSA. The Dismissed Defendants' motion is predicated solely on a fee-shifting provision in a superseded version of the Steam Subscriber Agreement (the "Superseded SSA"). But this case does not arise out of or relate to that agreement, which is no longer in effect or applicable.

**(2) The Dismissed Defendants Did Not Prevail.** Even if the Superseded SSA applied here— and it does not—the Dismissed Defendants would not be "prevailing parties" entitled to fees. A "prevailing party is usually one who secures judgment in its favor." *King Cnty. v. Walsh Constr. Co. II*, No. 86503-0-I, 2025 WL 2206312, at *5 (Wash. Ct. App. Aug. 4, 2025). The Dismissed Defendants have obtained no judgment in their favor here, nor did they prevail in any other "practical sense." *Id*. at *6. In this action, Valve sought to enjoin the Dismissed Defendants' arbitrations. Over Valve's objection, the Dismissed Defendants pursued those arbitrations, which resulted in final awards on the merits that entirely rejected their claims. At that point, this action was moot as to them, so Valve dismissed them without prejudice. *See City of Duvall v. Levine*, No. 78531-1-I, 2019 WL

---

[1] Unless otherwise noted, all emphases are added and internal citations and alterations are omitted. The accompanying Declaration of Blake Marks-Dias, dated March 23, 2026, is referred to herein as "Decl." and exhibits thereto "Ex."

[2] The Dismissed Defendants are (i) Harris Banks, Katie Clark, Sean Duan, Jhonnatan Enriquez, Alfredo Gonzalez, Corbin Holm, John LaPaglia, William Mac Dougall, Joshua O'Brien, John Otey, Joshua Pedrick, Noe Rosales, Ryan Schultz, Donald Spinelli, Caleb Theriot, and Josiah Wilkerson, dismissed on February 26, 2025 (Dkt. 54); (ii) Cody Stewart and Tyler Kemp, dismissed on July 24, 2025 (Dkt. 75); (iii) Abraham Duman, Broderick Hebert, Devon Musto, Gregory Kain, Jason Smith, Jodee Lynn Molina, Joshua Roberts, Kaleb Swaim, Mason Wright, Max Johnson, Michael Linares, Roger Maricle, Sacha Haghighi, Seth Lewis, and Taylor Edwards, dismissed on September 26, 2025 (Dkt. 98); and (iv) Robert Grescowle, Cody Ackley, Tyler Francesconi, Mitchell Coburn, Rob Hauser, Matthew Baldwin, Mason Field, Michael Daugherty, Ryan Borek, John Taddei, Xzavier Timmons, Ann Hefner, Bradley Ratliff, Christopher Prato-Shein, Kassandra Hiley, Merrick Tipton, Patrick Kuller, Richard Lundsgaard, Jordan Newby, Michael Wu, and Thomas Garrett, dismissed on November 5, 2025 (Dkt. 118).

---

VALVE CORPORATION'S OPPOSITION TO
MOTION FOR ATTORNEYS' FEES – 1
(No. 2:24-CV-1717-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

5112458, at *4-5 (Wash. Ct. App. Oct. 14, 2019) (defendant was not "prevailing party" where claims mooted). In no sense did the Dismissed Defendants "prevail." They lost.

**(3) Failure to Comply With FRCP 54.** Federal Rule of Civil Procedure 54 requires a movant seeking fees to "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(iii). The Dismissed Defendants' motion does neither.

**(4) Lack of Client Authority.** It is unclear whether Bailey Duquette P.C. ("Bailey") had authorization from any of the Dismissed Defendants to file this motion on their behalf. Bailey had not even appeared on behalf of 16 of the Dismissed Defendants prior to filing this motion notwithstanding the Court's repeated instruction beginning in December 2024 that Bailey do so. In addition, certain other Dismissed Defendants reached out to Valve after being served with the papers in this action, requested that the arbitrator withdraw their arbitrations on the eve of final merits hearings, or did not appear to testify in their own arbitrations. Several of those who did testify expressed confusion about the legal proceedings their attorneys were pursuing purportedly on their behalf.

For all of those reasons, the Court should deny the Dismissed Defendants' Motion.

## II.    BACKGROUND

Valve commenced this action to enjoin the arbitrations of the Dismissed Defendants and hundreds of other individuals on the ground that there is no agreement to arbitrate between the parties. (Compl. ¶ 1.) The action is now moot as to the Dismissed Defendants because their arbitrations are closed after the arbitrators rendered final awards in Valve's favor—that is why Valve dismissed them from the action.

### A.    Bucher Law PLLC Files Arbitrations, Obtains Rulings that the Arbitration Agreement Is Unenforceable, and Commences a Class Action on that Basis

In October 2023, Bucher Law PLLC ("Bucher Law") brought thousands of arbitration claims purportedly on behalf of the Dismissed Defendants and all other Defendants under the Superseded

VALVE CORPORATION'S OPPOSITION TO
MOTION FOR ATTORNEYS' FEES – 2
(No. 2:24-CV-1717-JNW)

SSA, which contained an arbitration agreement and class action waiver. (Compl. ¶ 76 (Dkt. 78).)

In July 2024, Bucher Law obtained rulings from an arbitrator holding that the arbitration provision in the Superseded SSA was unenforceable. (Compl. ¶¶ 81-88.) In August 2024, following those rulings, Bucher Law filed a putative class action in this Court, *Elliott v. Valve Corporation*, No. 2:24-cv-01218 (W.D. Wash. filed Aug. 9, 2024), asserting antitrust claims on behalf of a nationwide class of Steam users; the class action claims are substantially similar to those asserted by Defendants in arbitration. (*Id.* ¶¶ 89-95.)

The *Elliott* complaint asserted that the arbitration agreement was unenforceable as to the entire putative class (including all Defendants) and that Steam users could therefore proceed in court. (Compl. ¶¶ 96-99.) This Court has since consolidated *Elliott* with an earlier-filed consumer class action, *In re Valve Antitrust Litigation*, No. 2:21-cv-00563-JNW ("*Wolfire*") and with two other later-filed actions, *Hepler v. Valve Corporation*, No. 2:24-cv-01735 (W.D. Wash. filed Oct. 23, 2024), and *Drake v. Valve Corporation*, No. 2:24-cv-01743 (W.D. Wash. filed Oct. 24, 2024). The consolidated action remains pending.

**B.    Valve Updates the Steam Subscriber Agreement to Provide for Resolution of Disputes in Court and Files This Action To Enjoin Further Arbitrations**

In light of those developments, on September 26, 2024, Valve implemented the Current SSA to remove the arbitration agreement and class action waiver. (Compl. ¶¶ 112-113.) The Current SSA requires all disputes to be resolved in court. (*Id.* ¶ 133.) Yet, Bucher Law continued to pursue arbitrations purportedly on behalf of the Dismissed Defendants and other Defendants.

Accordingly, on October 18, 2024, Valve filed this action to enjoin the arbitrations as *ultra vires* because there is no agreement to arbitrate. (Dkt. 1.) As the Petition and Complaint explain, Valve brought this action under and to enforce the Current SSA. (Dkt. 1 at 47; Compl. ¶¶ 231-33, 235-39, 242-46, 248-51.)

VALVE CORPORATION'S OPPOSITION TO
MOTION FOR ATTORNEYS' FEES – 3
(No. 2:24-CV-1717-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

C.      **The Dismissed Defendants' Arbitrations Proceed to a Final Award in Valve's Favor**

Although the arbitrators in some Defendants' arbitrations granted stays of the proceedings pending resolution of this action, others did not. The arbitrators in the Dismissed Defendants' arbitrations allowed the claims to proceed to final merits hearings and to final awards. Valve participated in these arbitrations at all times under a full reservation of rights on the ground that the parties had no agreement to arbitrate. (Decl. ¶ 8.) Valve prevailed on the merits in all of the Dismissed Defendants' arbitrations. (*Id.* ¶ 9.) The Dismissed Defendants received no relief whatsoever.

D.      **Valve Files Petitions To Confirm the Awards in its Favor and Voluntarily Dismisses the Dismissed Defendants from This Action**

Valve has moved to confirm all of the awards, and 48 of the 54 Dismissed Defendants' awards have already been confirmed by the King County Superior Court. (Decl. ¶ 10.)

In each of Valve's petitions to confirm the awards in the Dismissed Defendants' arbitrations, Valve stated that "the parties disputed whether [the Dismissed Defendant] could proceed in arbitration." (Decl. ¶ 11.) Valve also noted in each and every petition to confirm that it had filed this action to enjoin the arbitrations but that the action was now moot as to the Dismissed Defendants because the arbitrators rendered final awards and the arbitrations were closed. (*Id.* ¶ 12.) Valve at no time suggested or conceded that the Superseded SSA governed the parties' relationship; Valve's position is set forth in detail in the Petition and supporting brief, Complaint, and motion for a preliminary injunction. (*See* Dkts. 1, 2, 78, 79.)

After the arbitrators in the Dismissed Defendants' arbitrations rendered their awards, Valve voluntarily dismissed the Dismissed Defendants from this action because the relief sought here—namely, an injunction to stop those arbitrations—was moot as to these Dismissed Defendants. (Dkts. 54, 75, 98, 118.)

VALVE CORPORATION'S OPPOSITION TO
MOTION FOR ATTORNEYS' FEES – 4
(No. 2:24-CV-1717-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## III.    ARGUMENT

### A.    The Dismissed Defendants Have No Contractual Basis To Seek Fees

This motion for attorneys' fees and costs should be denied because the Current SSA does not permit the relief they seek. The Dismissed Defendants argue that they are entitled to attorneys' fees and costs under the Superseded SSA. But, as set forth in detail in Valve's pleadings and briefing on the motion for preliminary injunction, the Superseded SSA has been replaced by the Current SSA. (*See* Dkt. 1 ¶¶ 102-124; Dkt. 2 at 8-12; Dkt. 4 ¶¶ 5-27 & Ex. C; Compl. ¶¶ 112-134; Dkt. 79 at 11-15; Dkt. 80 ¶¶ 6-29 & Ex. C; Dkt. 106 at 4-11.) The Current SSA has a merger clause stating that it "constitutes and contains the entire agreement between the parties with respect to the subject matter hereof and supersedes any prior oral or written agreements." (Ex. 2 § 11.) The Current SSA contains no fee shifting provision.

The Dismissed Defendants contend that the Superseded SSA defeats Valve's claims. This argument improperly attempts to revive a controversy that is moot as to the Dismissed Defendants: a dispute as to which agreement applies to their now-complete arbitrations as between (i) the Current SSA (which contains no arbitration agreement and requires claims to proceed in court) and (ii) the Superseded SSA (which contained an arbitration agreement). It is "black-letter law" that a defendant cannot use a fee application to "resuscitate an otherwise moot controversy." *Rudolph v. Cal. Two Bunch Return, LLC*, No. CV-16-00886 AB (KKx), 2017 WL 7101147, at *3 (C.D. Cal. May 19, 2017) ("Plaintiff is not entitled to a trial on his moot breach of contract claim merely to establish that he is the prevailing party for purposes of an attorneys' fees motion."); *see also LeBlanc v. Motion Picture Indus. Health Plan*, No. CV 11-04181 GAF (Ex), 2013 WL 12177081, at *5 (C.D. Cal. Mar. 14, 2013) (it would be "highly inappropriate" for the court to make a merits determination "for purposes of Plaintiffs' request for attorney's fees"), *aff'd*, 593 F. App'x 729 (9th Cir. 2015). That rule makes good sense: once a case is over, a party should not be able to use a fee application to argue that some issue that was not decided should have been decided.

VALVE CORPORATION'S OPPOSITION TO
MOTION FOR ATTORNEYS' FEES – 5
(No. 2:24-CV-1717-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

In any event, the fee shifting provision in the Superseded SSA would not provide the Dismissed Defendants any relief under its own terms. *See Peraton Gov't Commc'ns, Inc. v. Haw. Pac. Teleport LP*, Nos. 21-15395, 21-15607, 2022 WL 3543342, at *4 (9th Cir. Aug. 18, 2022) (affirming denial of fee motion where contractual provision did not apply). That provision applied only to "dispute[s] arising out of or relating to" the Superseded SSA. (Ex. 1 § 10.) This action is not a dispute arising out of or relating to the Superseded SSA. It is brought under and to enforce the Current SSA, as each cause of action makes clear. (Compl. ¶¶ 231-33, 235-39, 242-46, 248-51.) No cause of action asserted by Valve here relies on or even mentions the Superseded SSA.

The Dismissed Defendants argue that Valve "expressly relied" on the Superseded SSA in its petitions to confirm the awards in their cases. That is wrong. The petitions to confirm do not mention, let alone rely on, the Superseded SSA or its arbitration agreement. To the contrary, each of the petitions expressly states that Valve "disputed whether [the Dismissed Defendant] could proceed in arbitration" because there is no agreement to arbitrate between the parties. (Decl. ¶ 11.) Washington law does not require a petitioner to supply proof of an agreement to arbitrate to obtain confirmation of an arbitral award. *See* RCW 7.04A.220. Valve submitted no such proof because none exists.

### B.   The Dismissed Defendants Lost; They Are Not "Prevailing Parties"

The Dismissed Defendants' motion should also be denied because, even if the Superseded SSA applied—and it does not—the Dismissed Defendants are not "prevailing" parties entitled to fees. (Ex. 1 § 10.) "For the purposes of a contractual provision for an award of attorney fees, a prevailing party is usually one who secures judgment in its favor." *Walsh Constr. Co. II*, 2025 WL 2206312, at *5. The Dismissed Defendants did not secure judgments in their favor: they lost and were granted no relief whatsoever.

The Dismissed Defendants argue that they prevailed because Valve voluntarily dismissed them. But, "[i]n the context of awarding attorneys' fees to a prevailing party, the Ninth Circuit has stated that a dismissal without prejudice does not confer prevailing party status upon [a party]." *Bangasser v. Bangasser*, No. C19-66 RAJ, 2019 WL 6498099, at *1 (W.D. Wash. Dec. 3, 2019)

VALVE CORPORATION'S OPPOSITION TO
MOTION FOR ATTORNEYS' FEES – 6
(No. 2:24-CV-1717-JNW)

(alteration in original) (denying request for attorneys' fees where action dismissed without prejudice; applying "prevailing party" fee-shifting provision in partnership agreement governed by Washington law).

The Dismissed Defendants contend that in some cases courts have held that a voluntary nonsuit rendered a defendant a "prevailing party." But the Dismissed Defendants' own authority explains that whether a voluntarily dismissed party is entitled to fees is guided by "the circumstances of the particular case." *Walji v. Candyco, Inc.*, 787 P.2d 946, 949 (Wash. Ct. App. 1990). The test is whether the defendant "prevail[ed] in any practical sense." *Walsh Constr. Co. II*, 2025 WL 2206312, at *6; *see also Walji*, 787 P.2d at 948 (court must assess whether defendant prevailed in "common sense meaning of the word").

In particular, a defendant does not prevail in any practical sense where a plaintiff dismisses a claim that has become moot. *See Levine*, 2019 WL 5112458, at *4–5 (denying fees under bilateral contract fee shifting provision where plaintiff lessor sought relief for unpaid rent but voluntarily dismissed action after defendant lessee surrendered possession of property and thus the plaintiff obtained "what it sought in the complaint—restitution"); *Thurston Cnty. v. Scammel*, 34 P. 470, 471 (Wash. 1893) ("When the law was repealed upon which the action was founded, neither party had 'prevailed,' for the reason that no matter, either of law or fact, had been determined."); *see also Lackey v. Stinnie*, 604 U.S. 192, 204 (2025) (no prevailing party under statute where claims mooted even where plaintiff obtained preliminary injunction before claims mooted); *Yagman v. Meinberg*, 680 F. App'x 627, 628 (9th Cir. 2017) (mem.) (petitioner not prevailing party where petition mooted); *Winnemucca Indian Colony v. United States*, 399 F. App'x 240, 241 (9th Cir. 2010) (plaintiffs not prevailing parties where claim mooted); *Diagnosis v. Hughes*, No. 2:13-cv-06935-SVW-AJW, 2017 WL 11632412, at *1 (C.D. Cal. Oct. 4, 2017) (similar).

Here, Valve voluntarily dismissed this action as to the Dismissed Defendants because those Defendants rendered this action moot by proceeding in arbitration and obtaining final arbitral awards rejecting their claims in their entirety. Accordingly, the Dismissed Defendants did not "prevail" in

VALVE CORPORATION'S OPPOSITION TO
MOTION FOR ATTORNEYS' FEES – 7
(No. 2:24-CV-1717-JNW)

any sense of that word. They lost. They cite no case in which a court found a defendant to be a "prevailing party" where the plaintiff voluntarily dismissed an action that had become moot.

The authorities invoked by the Dismissed Defendants do not help them:

The court in *Andersen v. Gold Seal Vineyards Inc.*, 505 P.2d 790 (Wash. 1973) (en banc), applied a fee shifting provision in the Washington longarm statute, not a contractual agreement, based on legislative intent that is inapplicable here. *See Walsh Constr. Co. II*, 2025 WL 2206312, at *6 (explaining that *Andersen* is "inapplicable" to fee disputes governed by contract); *see also Andersen*, 505 P.2d at 793-94 (examining legislative intent). The *Andersen* court expressly distinguished cases where a plaintiff voluntarily dismisses an action because the claim is rendered moot, such as where a statute on which the claim is founded is repealed during the pendency of the action. *Andersen*, 505 P.2d at 792-94 & n. 1 (discussing *Thurston*, 34 P. 470). The court explained that in such a situation the defendant is not a "prevailing" party. So too here.

In *Walji*, the plaintiff effectively lost the case before moving for voluntary dismissal. 787 P.2d at 948. The plaintiff filed an action to enforce a lease agreement. The claim was subject to mandatory arbitration that the plaintiff lost. The plaintiff then sought a trial *de novo* and, on the eve of trial, moved for voluntary dismissal. The court held, on those facts, that the defendant had "prevailed in the common sense meaning of the word." *Id.*

The Dismissed Defendants' other cited authorities likewise involve circumstances in which a plaintiff abandoned a claim, not where a plaintiff's claim was rendered moot by intervening events. *See Hawk v. Branjes*, 986 P.2d 841, 842 (Wash Ct. App. 1999) (landlord voluntarily dismissed action before defendant answered complaint); *Acorn Olympia LLC v. Helstrom*, No. 54501-2-II, 2021 WL 2673894, *3 (Wash. Ct. App. June 29, 2021) (plaintiff voluntarily dismissed after defendant filed a supplemental motion to dismiss and moved for summary judgment); *Nichols v. Day*, No. 62515-2-I, 2010 WL 1647461, *1 (Wash. Ct. App. 2010) (applying bond statute fee shifting provision where plaintiff voluntarily dismissed after failing to respond to defendants' discovery requests).

VALVE CORPORATION'S OPPOSITION TO
MOTION FOR ATTORNEYS' FEES – 8
(No. 2:24-CV-1717-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**C.    The Dismissed Defendants Have Not Complied With Rule 54 Because Their Motion Does Not State the Amount of Their Claim**

The Dismissed Defendants' motion should be denied for the additional reason that it does not comply with Rule 54 of the Federal Rules of Civil Procedure. A motion for attorneys' fees must "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(iii). The Dismissed Defendants do not state the amount of attorneys' fees or costs they seek or provide any estimate. This defect is an entirely independent and sufficient basis for denial of this motion. *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 676 (9th Cir. 2017) (affirming denial of motion for attorneys' fees where the defendant requested that the court set a date to supplement its request because "this amorphous request is inadequate under Rule 54(d)(2)(B)(iii), which at minimum requires a party to 'provide a fair estimate' of the amount of fees sought").[3]

**D.    The Dismissed Defendants' Counsel May Not Have Authorization To File This Motion on Their Behalf**

The motion should also be denied because Bailey has not established that it has authorization to file it on behalf of the Dismissed Defendants. Seeking relief purportedly on behalf of clients without authorization is "vexatious," *Soi Quay Hoang v. Worldwide Asset Purchasing, LLC*, No. 09-185-DRH, 2010 WL 5421301, at *4 (S.D. Ill. Dec. 27, 2010), takes "precious judicial time away from other deserving litigants," and prejudices the opposing party, *Mok v. 21 Mott St. Rest. Corp.*, No. 14-cv-8081 (PKC), 2017 WL 3981308, at *4 (S.D.N.Y. Sep. 8, 2017); *see also In re Engle Cases*, 283 F. Supp. 3d 1174, 1215, 1217 (M.D. Fla. 2017) (claims were "objectively frivolous," thereby justifying Rule 11 sanctions, where "Counsel lacked authorization to file or maintain them" and "Counsel were reckless in filing personal injury complaints without any recent contact with the plaintiffs").

Here, there are several indications that Bailey did not have authorization to file this motion on behalf of the Dismissed Defendants, none of whom will actually benefit from it:

---

[3] Eighteen of the Dismissed Defendants were voluntarily dismissed before Bailey filed any responsive pleading or opposition to Valve's motion for preliminary injunction. (*See* Dkts. 54, 75, 92, 105.) It is unclear how Bailey could have incurred expenses or attorneys' fees with respect to these Dismissed Defendants.

VALVE CORPORATION'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES – 9 (No. 2:24-CV-1717-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

- Prior to filing this Motion, Bailey had not appeared on behalf of 16 of the Dismissed Defendants.[4] Bailey had not done so notwithstanding this Court's repeated directive that Bailey must appear on behalf of the Defendants it represents. (Dkt. 46 at 4; Dkt. 58 at 8.)

- One Dismissed Defendant contacted Valve after he was served with process in this action asking to discuss the summons. (Decl. ¶ 13.) (To be clear, Valve did not respond to this communication.)

- Another Dismissed Defendant requested on the first day of his arbitration evidentiary hearing that his arbitration be stayed or withdrawn. (*Id.* ¶ 14.) The arbitrator denied both requests and his arbitration was awarded in Valve's favor. (*Id.*)

- Twelve Dismissed Defendants did not appear to testify in support of their own arbitration claims at their arbitration evidentiary hearings. (*Id.* ¶ 15.)

- Three Dismissed Defendants did not submit affidavits in support of their claims despite an arbitrator's order requiring them to do so. (*Id.* ¶ 16.)

- Several Dismissed Defendants gave testimony at their arbitration evidentiary hearings indicating that they did not understand their arbitration, that their counsel submitted incorrect information purportedly on their behalf, and/or that they did not know their counsel had obtained litigation funding. (*Id.* ¶ 17.)

- Valve filed petitions to confirm the final awards in 93 arbitrations in which Valve prevailed. (*Id.* ¶ 18.) Neither Bailey nor Bucher Law agreed to accept service of process in any of these actions. (*Id.* ¶¶ 19-20.) Valve was therefore required to execute personal service of process. (*Id.*) One now-dismissed Defendant who is not among the Dismissed Defendants, after being served with process, emailed the undersigned to "thank" Valve for "serving [the now-dismissed Defendant] a copy of the Award." (Ex. 7.) This communication indicates that

---

[4] These Dismissed Defendants include Harris Banks, Katie Clark, Sean Duan, Jhonnatan Enriquez, Alfredo Gonzalez, Corbin Holm, John LaPaglia, William Mac Dougall, Joshua O'Brien, John Otey, Joshua Pedrick, Noe Rosales, Ryan Schultz, Donald Spinelli, Caleb Theriot, and Josiah Wilkerson.

VALVE CORPORATION'S OPPOSITION TO
MOTION FOR ATTORNEYS' FEES – 10
(No. 2:24-CV-1717-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Bucher Law did not provide the now-dismissed Defendant a copy of the final award in his arbitration. (To be clear, Valve did not respond to this communication.)

These facts suggest Bailey and its co-counsel Bucher Law may be pursuing this fee motion, and arbitrations against Valve, without authorization from the Dismissed Defendants. *Cf., e.g., Nair v. Copeland*, No. 19-cv-01296-MJP, 2020 WL 2130944, at *2 (W.D. Wash. May 5, 2020) (imposing sanctions where party "caused the proceedings to be unnecessarily and vexatiously multiplied in this matter" including by filing "non-meritorious motions").

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny the Dismissed Defendants' request for attorneys' fees and costs.

DATED this 23rd day of March, 2026.

I certify that this memorandum contains 3,703 words, in compliance with the Local Civil Rules.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Plaintiff Valve Corporation*

VALVE CORPORATION'S OPPOSITION TO
MOTION FOR ATTORNEYS' FEES – 11
(No. 2:24-CV-1717-JNW)