THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>               Plaintiff,<br><br>      v.<br><br>THOMAS ABBRUZZESE et al.,<br><br>               Defendant. | No. 2:24-CV-1717-JNW<br><br>**DECLARATION OF BLAKE MARKS-DIAS IN OPPOSITION TO CERTAIN DISMISSED DEFENDANTS' MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS** |

DECLARATION OF BLAKE
MARKS-DIAS
(No. 2:24-1717-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Blake Marks-Dias states and declares as follows:

1.    I am over 18 years of age, I have personal knowledge of the matters stated herein, and I am competent to testify to these matters.

2.    I am one of the attorneys representing Valve Corporation ("Valve") in this action and make this Declaration in Opposition to Certain Dismissed Defendants' (the "Dismissed Defendants") Motion for Award of Reasonable Attorneys' Fees and Costs.

3.    On July 8, 2024, Bucher Law PLLC ("Bucher Law") obtained rulings in four arbitrations that the arbitration agreement in the Steam Subscriber Agreement then in effect ("Superseded SSA") was unenforceable. Attached hereto as **Exhibit 1** is a true and correct copy of the Superseded SSA.

4.    On August 9, 2024, based on those rulings, Bucher Law filed a putative antitrust class action against Valve asserting that the arbitration agreement in the Superseded SSA is unenforceable: *Elliott v. Valve Corporation*, No. 2:24-cv-01218 (W.D. Wash.) ("*Elliott*"). This Court has since consolidated *Elliott* with an earlier-filed consumer class action, *In re Valve Antitrust Litigation*, No. 2:21-cv-00563-JNW ("*Wolfire*") and with two other later-filed actions, *Hepler v. Valve Corporation*, No. 2:24-cv-01735 (W.D. Wash. filed Oct. 23, 2024), and *Drake v. Valve Corporation*, No. 2:24-cv-01743 (W.D. Wash. filed Oct. 24, 2024). The consolidated action remains pending.

5.    On September 26, 2024, in light of the arbitrator's ruling that the arbitration provision was unenforceable and the filing of a putative class action on that basis, Valve removed the arbitration provision and class action waiver from the SSA ("Current SSA"). Attached hereto as **Exhibit 2** is a true and correct copy of the Current SSA.

6.    On September 27, 2024, Valve notified Bucher Law that Valve had updated the SSA to remove the arbitration provision. Because Valve and its Steam users no longer agreed to arbitrate their disputes, Valve offered to reimburse the filing fees associated with Dismissed Defendants' arbitrations.

DECLARATION OF BLAKE
MARKS-DIAS
(No. 2:24-CV-1717-JNW)

2

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

7.    Nonetheless, Bucher Law continued to pursue arbitrations purportedly on behalf of the Dismissed Defendants and other Defendants.

8.    Valve participated in these arbitrations at all times under a full reservation of rights on the ground that the parties had no agreement to arbitrate.

9.    Valve prevailed on the merits in all of the Dismissed Defendants' arbitrations.

10.    Valve has moved to confirm all of the final merits awards in the Dismissed Defendants' arbitrations. Forty-eight of the 54 Dismissed Defendants' awards have been confirmed by the King County Superior Court in Washington.

11.    In each of Valve's petitions to confirm the awards in the Dismissed Defendants' arbitrations, Valve stated that "the parties disputed whether [the Dismissed Defendant] could proceed in arbitration." Attached hereto as **Exhibit 3** is a true and correct copy of an exemplar petition to confirm.

12.    Valve also noted in each and every petition to confirm that it had filed this action to enjoin the arbitrations but that the action was now moot as to the Dismissed Defendants because the arbitrators rendered final awards and the arbitrations were closed.

13.    One Dismissed Defendant contacted Valve after he was served with process in this action asking to discuss the summons. Attached hereto as **Exhibit 4** is a true and correct copy of the communication. Valve did not respond to this communication.

14.    Another Dismissed Defendant requested on the first day of his arbitration evidentiary hearing that his arbitration be stayed or withdrawn. The arbitrator denied both requests and his arbitration was awarded in Valve's favor. Attached hereto as **Exhibit 5** is a true and correct copy of the Dismissed Defendant's request for a stay. The Dismissed Defendant requested in the alternative to withdraw his claim on the record during his arbitration evidentiary hearing.

15.    Twelve Dismissed Defendants did not appear to testify in support of their own arbitration claims at their arbitration evidentiary hearings. These Dismissed Defendants

DECLARATION OF BLAKE MARKS-DIAS (No. 2:24-CV-1717-JNW)

3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

include Noe Rosales, Ryan Schultz, Harris Banks, Corbin Holm, Caleb Theriot, Devon Musto, Seth Lewis, Taylor Edwards, Abraham Duman, Max Johnson, Jodee Lynn Molina, and Michael Linares.

16.    Three Dismissed Defendants did not submit affidavits in support of their claims despite an arbitrator's order requiring them to do so. These Dismissed Defendants include Ann Hefner, Xzavier Timmons, and Jordan Newby. Attached hereto as **Exhibit 6** is a true and correct copy of the arbitrator's order.

17.    Several Dismissed Defendants gave testimony at their arbitration evidentiary hearings indicating that they did not understand their arbitration, that their counsel submitted incorrect information purportedly on their behalf, and/or that they did not know their counsel had obtained litigation funding. These Dismissed Defendants include Sacha Haghighi, Joshua Roberts, Roger Maricle, Cody Stewart, and Tyler Kemp.

18.    Valve filed petitions to confirm the final awards in 93 arbitrations in which Valve prevailed.

19.    After filing each petition to confirm, Valve emailed Bailey Duquette P.C. ("Bailey") and Bucher Law to ask if they had authorization to accept service and would accept service on behalf of the respective Defendants.

20.    Neither Bailey nor Bucher Law agreed to accept service of process in any of these actions. Valve was therefore required to execute personal service of process in each action.

21.    One now-dismissed Defendant who is not among the Dismissed Defendants, after being served with process, emailed the undersigned to "thank" Valve for "serving [the now-dismissed Defendant] a copy of the Award." Attached hereto as **Exhibit 7** is a true and correct copy of the now-dismissed Defendant's communication. Valve did not respond to this communication.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 23rd day of March, 2026, at Seattle, Washington.

*s/ Blake Marks-Dias*
Blake Marks-Dias

DECLARATION OF BLAKE
MARKS-DIAS
(No. 2:24-CV-1717-JNW)

5

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900