HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

Plaintiff,

v.

THOMAS ABBRUZZESE, *et al.*,

Defendants.

Case No.  2:24-cv-1717-JNW

DEFENDANTS' REPLY TO MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS

NOTED ON MOTION CALENDAR:
March 27, 2026

## I. INTRODUCTION

Defendants seek fees under the plain language of the same agreement Valve invoked to compel arbitration and push these disputes to finality. Valve now resists that result with arguments that fail on the contract's terms or conflict with its previous positions.

Valve's opposition marks its *fourth* position on the validity of the same agreement. Valve invoked the agreement as valid to compel arbitration. While those arbitrations proceeded, its complaint alleged the agreement was invalid and sought to enjoin them. After obtaining arbitration awards, Valve again treated the

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

agreement as valid, filing voluntary nonsuits to pursue confirmation proceedings in state court. Now Valve returns to invalidity, contending the agreement does not provide Defendants the relief its text affords—even while seeking confirmation of awards under that same agreement. Two full rotations on the same issue.

The Court should reject Valve's shifting positions and enforce the agreement as written.

## II. ARGUMENT

### A. The Contractual Basis to Seek Fees

#### 1. The Fee Provision Applies Because This Dispute Arises From the Governing Agreement

Valve attempts to avoid fees by reframing this case as arising solely under a subsequent user agreement. Dkt. 136 at 9-10. But Valve's conduct, complaint, and post-award actions confirm that this dispute exists only because of arbitrations filed under the parties' Governing Agreement—the contract containing the bilateral fee provision. Dkt. 78 at 129, § 10.

Valve's claims depend on those arbitrations. It alleges that Defendants breached the later agreement by continuing to prosecute "pending arbitrations." Dkt. 78 ("Compl.") ¶¶ 236-238. Those arbitrations, however, were initiated under the Governing Agreement, which was valid when the antitrust claims were filed in arbitration. There is no dispute on that point. Valve's theory therefore depends entirely on displacing the Governing Agreement as the operative contract.

Valve's allegations confirm the same premise. The complaint asserts that the later agreement requires disputes to proceed in court, "including any dispute or claim that arose before the existence of this or any prior agreement." Compl. ¶ 237. By its own terms, Valve sought to override disputes already governed by the earlier contract. This litigation therefore turns on whether the Governing Agreement continued to control Defendants' arbitrations. A dispute over whether an agreement governs—and whether arbitration may proceed under it—plainly "arises out of or relates to" that agreement. *See Viking Bank v. Firgrove Commons 3, LLC*, 183 Wn. App. 706, 712-13 (2014) (contracts interpreted according to the reasonable meaning of their words). And so long as that agreement remains enforceable, the fee shifting provision triggers.

The record further confirms that all parties—including Valve—understood the arbitrations to arise under the Governing Agreement. Until issuing the later agreement, Valve consistently represented that Steam users' antitrust claims were subject to arbitration under that contract. When PC gamers filed antitrust claims in this Court, Valve successfully moved to compel arbitration, arguing that the Governing Agreement required arbitration of all issues, including arbitrability. The Court agreed. *Wolfire Games, LLC v. Valve Corp.*, 2021 WL 4952220, at \*2 (W.D. Wash. Oct. 25, 2021). Valve had taken the same position earlier and prevailed on appeal, with the Ninth Circuit affirming an arbitration award entered under the same agreement. *G.G. v. Valve Corp.*, 799 F. App'x 557, 558 (9th Cir. 2020). These

DEFENDANTS' REPLY TO MOTION FOR AWARD OF
REASONABLE ATTORNEYS' FEES AND COSTS –
Page 3

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

decisions reflect Valve's consistent position that the Governing Agreement controlled disputes like those asserted in the arbitrations here.

This action marks Valve's first attempt to depart from that position. But even in this action, Valve's conduct confirms that this dispute still arises from the Governing Agreement. Valve sought emergency relief to halt arbitrations filed under that agreement, litigated those arbitrations to final awards, and then successfully moved to confirm those awards in court. Each step presupposed a valid and operative arbitration agreement, and Valve cannot now argue that this litigation does not arise from that same contract. The fee provision therefore applies.

**2.    Valve's Authorities Do Not Alter the Contractual Analysis**

Valve relies on cases addressing materially different circumstances—none involving a party seeking fees under a bilateral provision in the very contract that gave rise to the dispute.

First, *Rudolph v. California Two Bunch Return, LLC* denied fees where the movant lacked any procedural stake and effectively sought an advisory ruling on whether an agreement had been superseded. 2017 WL 7101147, at *3. These consumers do not seek an advisory determination on whether an agreement is valid. They simply request that the Court adopt Valve's latest position that it is valid when it voluntarily dismissed these consumers to seek confirmation of such in state court.

DEFENDANTS' REPLY TO MOTION FOR AWARD OF
REASONABLE ATTORNEYS' FEES AND COSTS –
Page 4

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Second, *Leblanc v. Motion Picture Industry Health Plan* involved a request that depended on revisiting prior decisions—functionally seeking de novo review outside the scope of the fee provision. 2013 U.S. Dist. LEXIS 202112, at *15. These consumers do not seek to relitigate arbitrability or reopen prior rulings. They seek fees based on Valve's voluntarily nonsuit.

Third, in *Peraton Government Communications, Inc. v. Hawaii Pacific Teleport LP*, the Ninth Circuit rejected fees in court where the contract authorized fees only in arbitration. 2022 WL 3543342, at *4. These consumers do not seek to expand the contract—they merely request its enforcement.

In short, Defendants do not seek advisory relief, de novo review, or fees outside the contract. They seek fees under the agreement Valve itself invoked.

## B.    Prevailing Party

### 1.    Defendants Prevailed Under Washington Law

Washington courts apply the ordinary, common-sense meaning of "prevailing party," focusing on whether a party obtained relief in the action before the court. A defendant therefore prevails when a plaintiff voluntarily dismisses claims after failing to obtain any relief in that action. In *Andersen v. Gold Seal Vineyards, Inc.*, the Washington Supreme Court held that a defendant prevails following a voluntary nonsuit because the plaintiff "failed to prove [the] claim." 81 Wn.2d 863, 865, 868 (1973). Although *Andersen* arose under Washington's long-arm statute, the court made clear it was applying "the general rule pertaining to

DEFENDANTS' REPLY TO MOTION FOR AWARD OF
REASONABLE ATTORNEYS' FEES AND COSTS –
Page 5

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

voluntary nonsuits, that the defendant is regarded as having prevailed." *Id*. at 868. The same principle governs here.

Washington courts apply this approach to contractual fee-shifting provisions, examining the practical outcome rather than formal labels. *Walji v. Candyco, Inc.*, 57 Wn. App. 284, 288 (1990); *Hawk v. Branjes*, 97 Wn. App. 776, 781 (1999); *see also Acorn Olympia LLC v. Helstrom*, 18 Wn. App. 2d 1009 (2021) (unpublished); *Nichols v. Day*, 155 Wn. App. 1035 (2010) (unpublished). This court likewise enforces bilateral fee clauses after voluntary dismissals where the dispute has been conclusively resolved and cannot be renewed. *See RLI Ins. Co. v. Polished 3 LLC*, No. 2:21-CV-691-BJR, 2022 WL 251968, at *6 (W.D. Wash. Jan. 27, 2022).

This case fits squarely within that framework. Valve filed this action to enjoin Defendants' arbitrations under the parties' Governing Agreement. While litigating those claims, the arbitrations proceeded to final awards. Valve then faced a choice: continue pressing its theory against Defendants that the Governing Agreement had been superseded, or accept the arbitrators' authority and enforce that same agreement. Valve chose the latter. It sought confirmation of the awards in state court and voluntarily dismissed Defendants from this action. Having failed to obtain relief here, Valve cannot avoid the fee provision tied to the very contract it simultaneously invokes elsewhere.

Because Valve obtained no relief in this action, voluntarily dismissed its claims, and then relied on the consumer's legal positions in its state court filings, these consumers prevailed in the only sense that matters under Washington law.

DEFENDANTS' REPLY TO MOTION FOR AWARD OF
REASONABLE ATTORNEYS' FEES AND COSTS –
Page 6

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Valve's contrary authorities attempt to recast that straightforward outcome. They do not.

### 2. Valve's Authorities Do Not Apply

Valve's authorities do not involve a voluntary dismissal after a plaintiff failed to obtain relief under a bilateral contractual fee provision. Instead, they fall into three categories: dismissals for want of jurisdiction, statutory fee-shifting regimes, and true mootness where the plaintiff obtained the relief sought. None applies here.

First, several of Valve's authorities involve dismissals for lack of jurisdiction. In those cases, courts held that neither party prevailed because the court lacked authority to resolve the dispute at all. *See Bangasser v. Bangasser*, No. C19-66 RAJ, 2019 U.S. Dist. LEXIS 208003, at *3 (W.D. Wash. Dec. 3, 2019) (dismissal without prejudice for lack of subject-matter jurisdiction); *Thurston Cnty. v. Scammell*, 7 Wn. 94, 95, 34 P. 470, 471 (1893) (no prevailing party where action dismissed for want of jurisdiction). That reasoning has no application here because this action was not dismissed for want of jurisdiction. The Court exercised jurisdiction, Valve litigated its request to enjoin arbitration, and Valve voluntarily dismissed only after final awards.

Second, many of Valve's authorities arise under federal statutory fee-shifting provisions. *See Lackey v. Stinnie*, 604 U.S. 192 (2025) (§ 1988); *Yagman v. Meinberg*, 680 F. App'x 627 (9th Cir. 2017) (EAJA); *Winnemucca Indian Colony v. United States*, 399 F. App'x 240 (9th Cir. 2010) (EAJA); *Diagnosis v. Hughes*, No.

DEFENDANTS' REPLY TO MOTION FOR AWARD OF
REASONABLE ATTORNEYS' FEES AND COSTS –
Page 7

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

2:13-cv-06935-SVW-AJW, 2017 U.S. Dist. LEXIS 235801 (C.D. Cal. Oct. 4, 2017) (§ 1988). Those decisions apply statutory definitions of "prevailing party" that require judicially sanctioned relief or a material alteration of the parties' legal relationship. Washington courts do not apply those federal statutory interpretations to private bilateral contractual fee provisions, and these statutory cases therefore do not control.

Third, Valve relies on cases involving true mootness—where intervening events granted the plaintiff the relief it sought. *See City of Duvall v. Levine*, No. 78531-1-I, 2019 WL 5112458 (Wash. Ct. App. Oct. 14, 2019) (unpublished). That is not what happened here. The arbitrations proceeded to completion. Valve then dismissed Defendants and pursued the opposite relief—confirmation of the awards. This sequence reflects a strategic dismissal, not mootness.

Valve's reliance on *King Cnty. v. Walsh Constr. Co. II*, No. 86503-0-I, 2025 WL 2206312, at *5 (Wash. Ct. App. Aug. 4, 2025) likewise fails. There, the fee provision was embedded in an indemnity clause requiring a final determination of fault. Because no such determination occurred, the court held no party prevailed. That contractual provision, or any similar limitation, is absent here.

In short, Valve cites cases involving jurisdictional dismissals, statutory fee regimes, or true mootness where the plaintiff obtained the requested relief. These authorities do not apply to these circumstances. Under Washington's practical, common-sense test, Defendants prevailed in this matter.

DEFENDANTS' REPLY TO MOTION FOR AWARD OF
REASONABLE ATTORNEYS' FEES AND COSTS –
Page 8

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

**C.    Rule 54 Does Not Require Denial Where the Court Determines Entitlement Before Amount**

Valve argues the motion should be denied because Defendants did not include a numerical estimate of fees under Rule 54(d)(2)(B)(iii). But Defendants sought the two-step approach—entitlement first, amount later—to avoid litigating fees that may never be awarded. Courts follow this approach for efficiency. For example, in *San Diego County Credit Union v. Citizens Equity First Credit Union*, the court granted leave to submit supporting documentation in a supplemental brief and decided entitlement first because doing so served "judicial efficiency and conserving the parties' resources." No. 18cv967-GPC(MSB), 2021 U.S. Dist. LEXIS 161853, at *9 (S.D. Cal. Aug. 26, 2021). That is what Defendants requested here.

In any event, any technical omission is harmless. Defendants' motion gave notice of the legal basis for fees and the relief sought, and Valve identifies no prejudice from addressing entitlement first. If an estimate is required, Defendants can readily provide one: Bailey Duquette's fees are approximately $230,000, and Bucher Law's fees are $129,836.20 for this action through November 5, 2025. The omission affects no substantial rights and provides no basis for denial. *See* Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.") Because the Court can direct supplemental briefing on amount if entitlement is established, Valve's Rule 54 technical objection fails.

**D.** **Valve's Speculation About Counsel's Authority Is Just That— Unwarranted Speculation**

Valve argues that the motion should be denied based on speculation that counsel lacked authorization to file it for certain Defendants and faults counsel for assisting claimants in pursuing arbitrations to completion. That argument is unwarranted. Nothing in Rule 54 permits an opposing party to defeat a fee motion by speculating about attorney-client relationships, and Valve cites no authority supporting that approach. As such, its attacks on opposing counsel are unwarranted, juvenile, and should cease.

In any event, Valve's premise reduces to a minor procedural issue. As previously noted, Bailey Duquette did not immediately enter appearances for every Respondent/Defendant for sound practical reasons, including that relief as to certain Respondents would provide relief as to all other improperly joined parties. To the extent appearances were not filed for Defendants dismissed before Valve filed its complaint, Bailey Duquette will file them. Valve's objection on that basis is unnecessary and moot.

DATED this 27th day of March, 2026.

BAILEY DUQUETTE P.C.

By: */s William R. Burnside*
William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

BUCHER LAW PLLC

DEFENDANTS' REPLY TO MOTION FOR AWARD OF
REASONABLE ATTORNEYS' FEES AND COSTS –
Page 10

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

William Ward Bucher IV
(*pro hac vice* admitted for some Defendants and
for the remaining Defendants forthcoming)
350 Northern Blvd, STE 324-1519
Albany, NY 12204-1000
Tel. 202.997.3029
E: will@bucherlaw.com

*Attorneys for Defendants*

    *I certify that this motion contains 2,100 words pursuant to Local Rules W.D. Wash. LCR 7(e)(4).*

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing Defendants' Reply to Motion for Award of Reasonable Attorneys' Fees and Costs served upon counsel of record herein, as follows:

Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10                                ☐ Via Email
Seattle, Washington 98104                                   ☒ Via Electronic Service
(206) 625-8600 Phone
(206) 625-0900 Fax
E: bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
E: michael.mctigue@skadden.com
E: meredith.slawe@skadden.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: March 27, 2026 at Seattle, Washington.

*s/ William R. Burnside*
William Burnside, WSBA No. 36002

DEFENDANTS' REPLY TO MOTION FOR AWARD OF
REASONABLE ATTORNEYS' FEES AND COSTS –
Page 12

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869