# EXHIBIT 1



Tacy Zysk
Assistant Vice President
2355 Highway 36 W.
Suite 400
Roseville, MN 55113

February 27, 2026

Will Bucher
Bucher Law PLLC
350 Northern Boulevard
Suites 324-1519
Albany, NY 12204-1000
Via Email to: will@bucherlawfirm.com

Michael W. McTigue, Jr., Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Manhattan West
New York, NY 10001
Via Email to: michael.mctigue@skadden.com

Case Number: 01-23-0005-3481

Gavin Borchers
-vs-
Valve Corporation d/b/a Steam

Dear Parties:

By direction of Arbitrator Dasteel, the American Arbitration Association (AAA) transmits the executed Final Award in the above matter. Please direct all communication to the AAA, even if such direct communication with the arbitrator was previously allowed. The AAA has closed its file.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents may be destroyed 18 months after today's closing date.

We thank Arbitrator Dasteel, who is receiving a copy of this correspondence, for serving on this matter.

Thank you for your selection of the AAA as your alternative dispute resolution provider.

Sincerely,
/s/ *Meaghan Feeney on behalf of*
Jill Roettger
Manager of ADR Services
Direct Dial: (612)509-2224
Email: jillroettger@adr.org
Fax: (612)342-2334

Enclosure
cc:    Erik Atzbach
       Xinlin Morrow

Jing He
Thomas Matthew
Ellen Noteware
Meredith Slawe
Virginia Milstead
Shaud Tavakoli
Colm McInerney
Gavin Skok
Andrew Fuchs
Blake Marks-Dias
Scott Danner
Priyanka Timblo
Andrew Indorf
Dorit Black
Lauren Cole
Daniel Horowitz
Muhammad Mustafa
Yuhe Zheng

# EXHIBIT 2



Tacy Zysk
Assistant Vice President
2355 Highway 36 W.
Suite 400
Roseville, MN 55113

March 16, 2026

Will Bucher
Bucher Law PLLC
350 Northern Boulevard
Suites 324-1519
Albany, NY 12204-1000
Via Email to: will@bucherlawfirm.com

Michael W. McTigue, Jr., Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Manhattan West
New York, NY 10001
Via Email to: michael.mctigue@skadden.com

Case Number: 01-23-0005-3375

Ryan Tutor
-vs-
Valve Corporation d/b/a Steam

Dear Parties:

On March 10, 2026, the American Arbitration Association (AAA) reviewed this matter and closed this case as awarded. On March 13, 2026, the AAA finalized the billing for this matter.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents may be destroyed 18 months after the stated closing date.

We thank Arbitrator Samas, who is receiving a copy of this correspondence, for serving on this matter.

Thank you for choosing the AAA to administer your arbitration.

Sincerely,
/s/ *Ryan Rumney on behalf of*
Jill Roettger
Manager of ADR Services
Direct Dial: (612)509-2224
Email: jillroettger@adr.org
Fax: (612)342-2334

cc:     Erik Atzbach
        Xinlin Morrow
        Jing He

Thomas Matthew
Zachary Horn
Ellen Noteware
Meredith Slawe
Virginia Milstead
Shaud Tavakoli
Colm McInerney
Gavin Skok
Andrew Fuchs
Blake Marks-Dias
Scott Danner
Priyanka Timblo
Andrew Indorf
Dorit Black
Lauren Cole
Daniel Horowitz
Spence Colburn
Sarah Maher

# EXHIBIT 3



# AMERICAN ARBITRATION ASSOCIATION
## Consumer Arbitration Tribunal

Case No. 01-23-0005-3251

Sean Dolle,

        Claimant,

-vs-

Valve Corporation d/b/a Steam,

        Respondent.

## ORDER DISMISSING CLAIM
### *WITHOUT PREJUDICE*

The undersigned Arbitrator, having been duly appointed and confirmed pursuant to the Parties' agreement to arbitrate found in their *Steam Subscriber Agreement* ("*SSA*"), which states in the last paragraph thereof "last updated on February 24th, 2022," and acting pursuant to the Consumer Rules of the American Arbitration Association ("AAA") effective September 1, 2014 ("Rules"), including the AAA's Mass Arbitration Supplementary Rules ("Supplementary Rules"), now issues this Order Dismissing Claim *Without Prejudice* ("Order of Dismissal") as follows:

**ORDER DISMISSING CLAIM**
  ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3251
*Sean Dolle*
*- vs -*
*Valve Corporation d/b/a Steam*

Page 1 of 4

1.      In or about October 2023 Claimant filed an arbitration demand against Respondent seeking "seeking injunctive relief, and damages, under Section 1 of the Sherman Antitrust Act (15 U.S.C. § 1), Section 2 of the Sherman Antitrust Act (15 U.S.C. § 2), and the Washington Consumer Protection Act." [Claimant's Amended Demand].

2.      The Arbitrator later stayed the arbitration pending resolution of certain court actions between the Parties.  On July 31, 2025, after a prolonged stay, and following careful consideration of the Parties' written submissions concerning the propriety of continuing the stay, the Arbitrator issued his Order No. 7 (*Lifting Stay of Arbitrations and Setting Further Status Conference*) to discuss the scheduling of hearings, as well as the procedures necessary to "achieve a  fair, efficient, and economical resolution of the case, . . . ."  AAA Rule 23.

3.      On August 13, 2025, the Arbitrator conducted a Further Status Conference with the Parties' counsel.  Each Party proposed procedures and a schedule to move the case forward to an evidentiary hearing.  On August 25, 2025, at the Arbitrator's direction, the Parties filed proposed scheduling and procedural orders and related documents outlining their areas of agreement and disagreement.

4.      After careful review and consideration of the Parties' submissions, the Arbitrator issued Order No. 8 (*Amended Scheduling & Procedural Order*) on September 2, 2025 setting the evidentiary hearing in this case to commence on February 9, 2026.

5.      Among other things, Order No. 8 provided the following:

11. Not later than **January 23, 2026,** the Parties shall file and serve a comprehensive list identifying each Claimant and fact witness who intends to present testimony in support of his / her claim and its defense. Said lists shall state, with respect to each

**ORDER DISMISSING CLAIM**
  *WITHOUT PREJUDICE*
Case No. 01-23-0005-3251
*Sean Dolle*
*-vs-*
*Valve Corporation d/b/a Steam*

identified Claimant and fact witness, (a) whether the the witness intends to present direct testimony *via* live testimony or through a Witness Statement, and (b) the date and time during the Hearing Block when the Claimant and fact witness will make himself / herself available for testimony.

12. The timely disclosures described in the preceding two paragraphs are intended to avoid prejudicial delay and surprise. The disclosures further provide a mechanism whereby one or more Claimants may withdraw claims without forcing Respondent to incur needless time, effort and expense in preparation for the defense of those claims. Accordingly, those Claimants not timely identified in the lists described above shall be deemed conclusively to have withdrawn their arbitration claims.

6.    Claimant's counsel reported to the Arbitrator and Respondent's counsel that their good faith efforts to contact and communicate with Claimant had not been successful, and sought some additional time to re-establish contact with Claimant.  The Arbitrator granted Claimant's counsel additional time to do so.

7.    On February 9, 2026 – at the commencement of the evidentiary hearing – the Arbitrator inquired of Claimant's counsel, Judson Crump, Esq., whether contact had been made with Claimant, and whether Claimant would testify.  Mr. Crump informed the Arbitrator and Respondent's counsel that no contact with Claimant had been made and, therefore, Claimant would not be present to testify in support of Claimant's Amended Demand.

8.    The Arbitrator afforded Claimant's counsel the opportunity to withdraw Claimant's Amended Demand, or have the claims dismissed *without prejudice.*  Mr. Crump stated that because of the inability to communicate with

**ORDER DISMISSING CLAIM**
  ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3251
*Sean Dolle*
*-vs-*
*Valve Corporation d/b/a Steam*

Claimant, he did not have the authority to withdraw the claims. Accordingly, the Arbitrator dismissed *without prejudice* the claims of Sean Dolle.

SO ORDERED.

Digitally signed by Peter K. Rundle
Date: 2026.02.18 12:00:56 -08'00'

_____February 18, 2026_____
Date

_____
Peter Rundle, Arbitrator

**ORDER DISMISSING CLAIM**
  ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3251
*Sean Dolle*
*-vs-*
*Valve Corporation d/b/a Steam*

Page 4 of 4

# EXHIBIT 4



# AMERICAN ARBITRATION ASSOCIATION
## Consumer Arbitration Tribunal

---

Case No. 01-23-0005-3443

Kolby Louks,

          Claimant,

-vs-

Valve Corporation d/b/a Steam,

          Respondent.

---

## ORDER DISMISSING CLAIM
## *WITHOUT PREJUDICE*

The undersigned Arbitrator, having been duly appointed and confirmed pursuant to the Parties' agreement to arbitrate found in their *Steam Subscriber Agreement* ("*SSA*"), which states in the last paragraph thereof "last updated on February 24th, 2022," and acting pursuant to the Consumer Rules of the American Arbitration Association ("AAA") effective September 1, 2014 ("Rules"), including the AAA's Mass Arbitration Supplementary Rules ("Supplementary Rules"), now issues this Order Dismissing Claim *Without Prejudice* ("Order of Dismissal") as follows:

**ORDER DISMISSING CLAIM**
  *WITHOUT PREJUDICE*
Case No. 01-23-0005-3443
*Kolby Louks*
*- vs -*
*Valve Corporation d/b/a Steam*

Page 1 of 4

1.     In or about October 2023 Claimant filed an arbitration demand against Respondent seeking "seeking injunctive relief, and damages, under Section 1 of the Sherman Antitrust Act (15 U.S.C. § 1), Section 2 of the Sherman Antitrust Act (15 U.S.C. § 2), and the Washington Consumer Protection Act." [Claimant's Amended Demand].

2.     The Arbitrator later stayed the arbitration pending resolution of certain court actions between the Parties.  On July 31, 2025, after a prolonged stay, and following careful consideration of the Parties' written submissions concerning the propriety of continuing the stay, the Arbitrator issued his Order No. 7 (*Lifting Stay of Arbitrations and Setting Further Status Conference*) to discuss the scheduling of hearings, as well as the procedures necessary to "achieve a  fair, efficient, and economical resolution of the case, . . . ."  AAA Rule 23.

3.     On August 13, 2025, the Arbitrator conducted a Further Status Conference with the Parties' counsel.  Each Party proposed procedures and a schedule to move the case forward to an evidentiary hearing.  On August 25, 2025, at the Arbitrator's direction, the Parties filed proposed scheduling and procedural orders and related documents outlining their areas of agreement and disagreement.

4.     After careful review and consideration of the Parties' submissions, the Arbitrator issued Order No. 8 (*Amended Scheduling & Procedural Order*) on September 2, 2025 setting the evidentiary hearing in this case to commence on February 9, 2026.

5.     Among other things, Order No. 8 provided the following:

11. Not later than **January 23, 2026,** the Parties shall file and serve a comprehensive list identifying each Claimant and fact witness who intends to present testimony in support of his / her claim and its defense. Said lists shall state, with respect to each

**ORDER DISMISSING CLAIM**
  ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3443
*Kolby Louks*
*-vs-*
*Valve Corporation d/b/a Steam*

identified Claimant and fact witness, (a) whether the the witness intends to present direct testimony *via* live testimony or through a Witness Statement, and (b) the date and time during the Hearing Block when the Claimant and fact witness will make himself / herself available for testimony.

12. The timely disclosures described in the preceding two paragraphs are intended to avoid prejudicial delay and surprise. The disclosures further provide a mechanism whereby one or more Claimants may withdraw claims without forcing Respondent to incur needless time, effort and expense in preparation for the defense of those claims. Accordingly, those Claimants not timely identified in the lists described above shall be deemed conclusively to have withdrawn their arbitration claims.

6.      Claimant's counsel reported to the Arbitrator and Respondent's counsel that their good faith efforts to contact and communicate with Claimant had not been successful, and sought some additional time to re-establish contact with Claimant. The Arbitrator granted Claimant's counsel additional time to do so.

7.      On February 9, 2026 – at the commencement of the evidentiary hearing – the Arbitrator inquired of Claimant's counsel, Judson Crump, Esq., whether contact had been made with Claimant, and whether Claimant would testify. Mr. Crump informed the Arbitrator and Respondent's counsel that no contact with Claimant had been made and, therefore, Claimant would not be present to testify in support of Claimant's Amended Demand.

8.      The Arbitrator afforded Claimant's counsel the opportunity to withdraw Claimant's Amended Demand, or have the claims dismissed *without prejudice.* Mr. Crump stated that because of the inability to communicate with

**ORDER DISMISSING CLAIM**
  ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3443
*Kolby Louks*
*-vs-*
*Valve Corporation d/b/a Steam*

Claimant, he did not have the authority to withdraw the claims.  Accordingly, the Arbitrator dismissed *without prejudice* the claims of Kolby Louks.

SO ORDERED.

Digitally signed by Peter K. Rundle
Date: 2026.02.18 11:57:23 -08'00'

_____February 18, 2026_____
Date

_____
Peter Rundle, Arbitrator

**ORDER DISMISSING CLAIM**
   ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3443
*Kolby Louks*
*-vs-*
*Valve Corporation d/b/a Steam*

# EXHIBIT 5

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

# AMERICAN ARBITRATION ASSOCIATION
## Consumer Arbitration Tribunal

---

Case No. 01-23-0005-3441

Martin Mendez,

        Claimant,

-vs-

Valve Corporation d/b/a Steam,

        Respondent.

---

## ORDER DISMISSING CLAIM
## *WITHOUT PREJUDICE*

      The undersigned Arbitrator, having been duly appointed and confirmed pursuant to the Parties' agreement to arbitrate found in their *Steam Subscriber Agreement* ("*SSA*"), which states in the last paragraph thereof "last updated on February 24th, 2022," and acting pursuant to the Consumer Rules of the American Arbitration Association ("AAA") effective September 1, 2014 ("Rules"), including the AAA's Mass Arbitration Supplementary Rules ("Supplementary Rules"), now issues this Order Dismissing Claim *Without Prejudice* ("Order of Dismissal") as follows:

**ORDER DISMISSING CLAIM**
  *WITHOUT PREJUDICE*
Case No. 01-23-0005-3441
*Martin Mendez*
*- vs -*
*Valve Corporation d/b/a Steam*

Page 1 of 4

1.    In or about October 2023 Claimant filed an arbitration demand against Respondent seeking "seeking injunctive relief, and damages, under Section 1 of the Sherman Antitrust Act (15 U.S.C. § 1), Section 2 of the Sherman Antitrust Act (15 U.S.C. § 2), and the Washington Consumer Protection Act." [Claimant's Amended Demand].

2.    The Arbitrator later stayed the arbitration pending resolution of certain court actions between the Parties.  On July 31, 2025, after a prolonged stay, and following careful consideration of the Parties' written submissions concerning the propriety of continuing the stay, the Arbitrator issued his Order No. 7 (*Lifting Stay of Arbitrations and Setting Further Status Conference*) to discuss the scheduling of hearings, as well as the procedures necessary to "achieve a  fair, efficient, and economical resolution of the case, . . . ."  AAA Rule 23.

3.    On August 13, 2025, the Arbitrator conducted a Further Status Conference with the Parties' counsel.  Each Party proposed procedures and a schedule to move the case forward to an evidentiary hearing.  On August 25, 2025, at the Arbitrator's direction, the Parties filed proposed scheduling and procedural orders and related documents outlining their areas of agreement and disagreement.

4.    After careful review and consideration of the Parties' submissions, the Arbitrator issued Order No. 8 (*Amended Scheduling & Procedural Order*) on September 2, 2025 setting the evidentiary hearing in this case to commence on February 9, 2026.

5.    Among other things, Order No. 8 provided the following:

11. Not later than **January 23, 2026,** the Parties shall file and serve a comprehensive list identifying each Claimant and fact witness who intends to present testimony in support of his / her claim and its defense. Said lists shall state, with respect to each

**ORDER DISMISSING CLAIM**
  ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3441
*Martin Mendez*
*-vs-*
*Valve Corporation d/b/a Steam*

identified Claimant and fact witness, (a) whether the the witness intends to present direct testimony *via* live testimony or through a Witness Statement, and (b) the date and time during the Hearing Block when the Claimant and fact witness will make himself / herself available for testimony.

12. The timely disclosures described in the preceding two paragraphs are intended to avoid prejudicial delay and surprise. The disclosures further provide a mechanism whereby one or more Claimants may withdraw claims without forcing Respondent to incur needless time, effort and expense in preparation for the defense of those claims. Accordingly, those Claimants not timely identified in the lists described above shall be deemed conclusively to have withdrawn their arbitration claims.

6.    Claimant's counsel reported to the Arbitrator and Respondent's counsel that their good faith efforts to contact and communicate with Claimant had not been successful, and sought some additional time to re-establish contact with Claimant.  The Arbitrator granted Claimant's counsel additional time to do so.

7.    On February 9, 2026 – at the commencement of the evidentiary hearing – the Arbitrator inquired of Claimant's counsel, Judson Crump, Esq., whether contact had been made with Claimant, and whether Claimant would testify.  Mr. Crump informed the Arbitrator and Respondent's counsel that no contact with Claimant had been made and, therefore, Claimant would not be present to testify in support of Claimant's Amended Demand.

8.    The Arbitrator afforded Claimant's counsel the opportunity to withdraw Claimant's Amended Demand, or have the claims dismissed *without prejudice.*  Mr. Crump stated that because of the inability to communicate with

**ORDER DISMISSING CLAIM**
  *WITHOUT PREJUDICE*
Case No. 01-23-0005-3441
*Martin Mendez*
*-vs-*
*Valve Corporation d/b/a Steam*

Claimant, he did not have the authority to withdraw the claims.  Accordingly, the Arbitrator dismissed *without prejudice* the claims of Martin Mendez.

SO ORDERED.

Digitally signed by Peter K. Rundle
Date: 2026.02.18 11:59:09 -08'00'

_____February 18, 2026_____
Date

_____
Peter Rundle, Arbitrator

**ORDER DISMISSING CLAIM**
  ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3441
*Martin Mendez*
*-vs-*
*Valve Corporation d/b/a Steam*

# EXHIBIT 6



# AMERICAN ARBITRATION ASSOCIATION
## Consumer Arbitration Tribunal

---

**Case No. 01-23-0005-3436**

**Jennifer A. Nelson,**

        **Claimant,**

**-vs-**

**Valve Corporation d/b/a Steam,**

        **Respondent.**

---

# ORDER DISMISSING CLAIM
## *WITHOUT PREJUDICE*

The undersigned Arbitrator, having been duly appointed and confirmed pursuant to the Parties' agreement to arbitrate found in their *Steam Subscriber Agreement* ("*SSA*"), which states in the last paragraph thereof "last updated on February 24th, 2022," and acting pursuant to the Consumer Rules of the American Arbitration Association ("AAA") effective September 1, 2014 ("Rules"), including the AAA's Mass Arbitration Supplementary Rules ("Supplementary Rules"), now issues this Order Dismissing Claim *Without Prejudice* ("Order of Dismissal") as follows:

**ORDER DISMISSING CLAIM**
  *WITHOUT PREJUDICE*
Case No. 01-23-0005-3436
*Jennifer A. Nelson*
*- vs -*
*Valve Corporation d/b/a Steam*

1.      In or about October 2023 Claimant filed an arbitration demand against Respondent seeking "seeking injunctive relief, and damages, under Section 1 of the Sherman Antitrust Act (15 U.S.C. § 1), Section 2 of the Sherman Antitrust Act (15 U.S.C. § 2), and the Washington Consumer Protection Act." [Claimant's Amended Demand].

2.      The Arbitrator later stayed the arbitration pending resolution of certain court actions between the Parties.  On July 31, 2025, after a prolonged stay, and following careful consideration of the Parties' written submissions concerning the propriety of continuing the stay, the Arbitrator issued his Order No. 7 (*Lifting Stay of Arbitrations and Setting Further Status Conference*) to discuss the scheduling of hearings, as well as the procedures necessary to "achieve a  fair, efficient, and economical resolution of the case, . . . ."  AAA Rule 23.

3.      On August 13, 2025, the Arbitrator conducted a Further Status Conference with the Parties' counsel.  Each Party proposed procedures and a schedule to move the case forward to an evidentiary hearing.  On August 25, 2025, at the Arbitrator's direction, the Parties filed proposed scheduling and procedural orders and related documents outlining their areas of agreement and disagreement.

4.      After careful review and consideration of the Parties' submissions, the Arbitrator issued Order No. 8 (*Amended Scheduling & Procedural Order*) on September 2, 2025 setting the evidentiary hearing in this case to commence on February 9, 2026.

5.      Among other things, Order No. 8 provided the following:

> 11. Not later than **January 23, 2026,** the Parties shall file and serve a comprehensive list identifying each Claimant and fact witness who intends to present testimony in support of his / her claim and its defense.

**ORDER DISMISSING CLAIM**
  ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3436
*Jennifer A. Nelson*
*-vs-*
*Valve Corporation d/b/a Steam*

Said lists shall state, with respect to each identified Claimant and fact witness, (a) whether the the witness intends to present direct testimony *via* live testimony or through a Witness Statement, and (b) the date and time during the Hearing Block when the Claimant and fact witness will make himself / herself available for testimony.

12. The timely disclosures described in the preceding two paragraphs are intended to avoid prejudicial delay and surprise. The disclosures further provide a mechanism whereby one or more Claimants may withdraw claims without forcing Respondent to incur needless time, effort and expense in preparation for the defense of those claims. Accordingly, those Claimants not timely identified in the lists described above shall be deemed conclusively to have withdrawn their arbitration claims.

6.    Claimant's counsel reported to the Arbitrator and Respondent's counsel that their good faith efforts to contact and communicate with Claimant had not been successful, and sought some additional time to re-establish contact with Claimant.  The Arbitrator granted Claimant's counsel additional time to do so.

7.    On February 9, 2026 – at the commencement of the evidentiary hearing – the Arbitrator inquired of Claimant's counsel, Judson Crump, Esq., whether contact had been made with Claimant, and whether Claimant would testify.  Mr. Crump informed the Arbitrator and Respondent's counsel that no contact with Claimant had been made and, therefore, Claimant would not be present to testify in support of Claimant's Amended Demand.

8.    The Arbitrator afforded Claimant's counsel the opportunity to withdraw Claimant's Amended Demand, or have the claims dismissed *without prejudice.*  Mr. Crump stated that because of the inability to communicate with

**ORDER DISMISSING CLAIM**
  ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3436
*Jennifer A. Nelson*
*-vs-*
*Valve Corporation d/b/a Steam*

Claimant, he did not have the authority to withdraw the claims. Accordingly, the Arbitrator dismissed *without prejudice* the claims of Jennifer A. Nelson.

SO ORDERED.

Digitally signed
by Peter K.
Rundle
Date: 2026.02.18
10:26:29 -08'00'

_____February 18, 2026_____
Date

_____
Peter Rundle, Arbitrator

**ORDER DISMISSING CLAIM**
  ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3436
*Jennifer A. Nelson*
*-vs-*
*Valve Corporation d/b/a Steam*

# EXHIBIT 7



# AMERICAN ARBITRATION ASSOCIATION
## Consumer Arbitration Tribunal

**Case No. 01-23-0005-3446**

**Veda Valles,**

        **Claimant,**

**-vs-**

**Valve Corporation d/b/a Steam,**

        **Respondent.**

## ORDER DISMISSING CLAIM
## *WITHOUT PREJUDICE*

The undersigned Arbitrator, having been duly appointed and confirmed pursuant to the Parties' agreement to arbitrate found in their *Steam Subscriber Agreement* ("*SSA*"), which states in the last paragraph thereof "last updated on February 24th, 2022," and acting pursuant to the Consumer Rules of the American Arbitration Association ("AAA") effective September 1, 2014 ("Rules"), including the AAA's Mass Arbitration Supplementary Rules ("Supplementary Rules"), now issues this Order Dismissing Claim *Without Prejudice* ("Order of Dismissal") as follows:

**ORDER DISMISSING CLAIM**
  ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3446
*Veda Valles*
*- vs -*
*Valve Corporation d/b/a Steam*

1.      In or about October 2023 Claimant filed an arbitration demand against Respondent seeking "seeking injunctive relief, and damages, under Section 1 of the Sherman Antitrust Act (15 U.S.C. § 1), Section 2 of the Sherman Antitrust Act (15 U.S.C. § 2), and the Washington Consumer Protection Act." [Claimant's Amended Demand].

2.      The Arbitrator later stayed the arbitration pending resolution of certain court actions between the Parties.  On July 31, 2025, after a prolonged stay, and following careful consideration of the Parties' written submissions concerning the propriety of continuing the stay, the Arbitrator issued his Order No. 7 (*Lifting Stay of Arbitrations and Setting Further Status Conference*) to discuss the scheduling of hearings, as well as the procedures necessary to "achieve a  fair, efficient, and economical resolution of the case, . . . ."  AAA Rule 23.

3.      On August 13, 2025, the Arbitrator conducted a Further Status Conference with the Parties' counsel.  Each Party proposed procedures and a schedule to move the case forward to an evidentiary hearing.  On August 25, 2025, at the Arbitrator's direction, the Parties filed proposed scheduling and procedural orders and related documents outlining their areas of agreement and disagreement.

4.      After careful review and consideration of the Parties' submissions, the Arbitrator issued Order No. 8 (*Amended Scheduling & Procedural Order*) on September 2, 2025 setting the evidentiary hearing in this case to commence on February 9, 2026.

5.      Among other things, Order No. 8 provided the following:

11. Not later than **January 23, 2026,** the Parties shall file and serve a comprehensive list identifying each Claimant and fact witness who intends to present testimony in support of his / her claim and its defense. Said lists shall state, with respect to each

**ORDER DISMISSING CLAIM**
  *WITHOUT PREJUDICE*
Case No. 01-23-0005-3446
*Veda Valles*
*-vs-*
*Valve Corporation d/b/a Steam*

identified Claimant and fact witness, (a) whether the the witness intends to present direct testimony *via* live testimony or through a Witness Statement, and (b) the date and time during the Hearing Block when the Claimant and fact witness will make himself / herself available for testimony.

12. The timely disclosures described in the preceding two paragraphs are intended to avoid prejudicial delay and surprise. The disclosures further provide a mechanism whereby one or more Claimants may withdraw claims without forcing Respondent to incur needless time, effort and expense in preparation for the defense of those claims. Accordingly, those Claimants not timely identified in the lists described above shall be deemed conclusively to have withdrawn their arbitration claims.

6. Claimant's counsel reported to the Arbitrator and Respondent's counsel that their good faith efforts to contact and communicate with Claimant had not been successful, and sought some additional time to re-establish contact with Claimant. The Arbitrator granted Claimant's counsel additional time to do so.

7. On February 9, 2026 – at the commencement of the evidentiary hearing – the Arbitrator inquired of Claimant's counsel, Judson Crump, Esq., whether contact had been made with Claimant, and whether Claimant would testify. Mr. Crump informed the Arbitrator and Respondent's counsel that no contact with Claimant had been made and, therefore, Claimant would not be present to testify in support of Claimant's Amended Demand.

8. The Arbitrator afforded Claimant's counsel the opportunity to withdraw Claimant's Amended Demand, or have the claims dismissed *without prejudice.* Mr. Crump stated that because of the inability to communicate with

**ORDER DISMISSING CLAIM**
  ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3446
*Veda Valles*
*-vs-*
*Valve Corporation d/b/a Steam*

Claimant, he did not have the authority to withdraw the claims.  Accordingly, the Arbitrator dismissed *without prejudice* the claims of Veda Valles.

SO ORDERED.

Digitally signed by Peter K. Rundle
Date: 2026.02.18 12:03:12 -08'00'

_____February 18, 2026_____
Date

_____
Peter Rundle, Arbitrator

**ORDER DISMISSING CLAIM**
  ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3446
*Veda Valles*
*-vs-*
*Valve Corporation d/b/a Steam*

# EXHIBIT 8



# AMERICAN ARBITRATION ASSOCIATION
## Consumer Arbitration Tribunal

---

**Case No. 01-23-0005-3432**

**Mark Henley,**

           **Claimant,**

**-vs-**

**Valve Corporation d/b/a Steam,**

           **Respondent.**

---

## ORDER DISMISSING CLAIM
## *WITHOUT PREJUDICE*

The undersigned Arbitrator, having been duly appointed and confirmed pursuant to the Parties' agreement to arbitrate found in their *Steam Subscriber Agreement* ("*SSA*"), which states in the last paragraph thereof "last updated on February 24th, 2022," and acting pursuant to the Consumer Rules of the American Arbitration Association ("AAA") effective September 1, 2014 ("Rules"), including the AAA's Mass Arbitration Supplementary Rules ("Supplementary Rules"), now issues this Order Dismissing Claim *Without Prejudice* ("Order of Dismissal") as follows:

**ORDER DISMISSING CLAIM**
  *WITHOUT PREJUDICE*
Case No. 01-23-0005-3432
*Mark Henley*
*- vs -*
*Valve Corporation d/b/a Steam*

Page 1 of 4

1.      In or about October 2023 Claimant filed an arbitration demand against Respondent seeking "seeking injunctive relief, and damages, under Section 1 of the Sherman Antitrust Act (15 U.S.C. § 1), Section 2 of the Sherman Antitrust Act (15 U.S.C. § 2), and the Washington Consumer Protection Act." [Claimant's Amended Demand].

2.      The Arbitrator later stayed the arbitration pending resolution of certain court actions between the Parties.  On July 31, 2025, after a prolonged stay, and following careful consideration of the Parties' written submissions concerning the propriety of continuing the stay, the Arbitrator issued his Order No. 7 (*Lifting Stay of Arbitrations and Setting Further Status Conference*) to discuss the scheduling of hearings, as well as the procedures necessary to "achieve a  fair, efficient, and economical resolution of the case, . . . ."  AAA Rule 23.

3.      On August 13, 2025, the Arbitrator conducted a Further Status Conference with the Parties' counsel.  Each Party proposed procedures and a schedule to move the case forward to an evidentiary hearing.  On August 25, 2025, at the Arbitrator's direction, the Parties filed proposed scheduling and procedural orders and related documents outlining their areas of agreement and disagreement.

4.      After careful review and consideration of the Parties' submissions, the Arbitrator issued Order No. 8 (*Amended Scheduling & Procedural Order*) on September 2, 2025 setting the evidentiary hearing in this case to commence on February 9, 2026.

5.      Among other things, Order No. 8 provided the following:

> 11. Not later than **January 23, 2026,** the Parties shall file and serve a comprehensive list identifying each Claimant and fact witness who intends to present testimony in support of his / her claim and its defense.

**ORDER DISMISSING CLAIM**
   ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3432
*Mark Henley*
*-vs-*
*Valve Corporation d/b/a Steam*

Said lists shall state, with respect to each identified Claimant and fact witness, (a) whether the the witness intends to present direct testimony *via* live testimony or through a Witness Statement, and (b) the date and time during the Hearing Block when the Claimant and fact witness will make himself / herself available for testimony.

12. The timely disclosures described in the preceding two paragraphs are intended to avoid prejudicial delay and surprise. The disclosures further provide a mechanism whereby one or more Claimants may withdraw claims without forcing Respondent to incur needless time, effort and expense in preparation for the defense of those claims. Accordingly, those Claimants not timely identified in the lists described above shall be deemed conclusively to have withdrawn their arbitration claims.

6. Claimant's counsel reported to the Arbitrator and Respondent's counsel that their good faith efforts to contact and communicate with Claimant had not been successful, and sought some additional time to re-establish contact with Claimant. The Arbitrator granted Claimant's counsel additional time to do so.

7. Between February 9, 2026 – at the commencement of the evidentiary hearing – and February 24, 2026, the Arbitrator inquired of Claimant's counsel, Zachary Horn, Esq., whether contact had been made with Claimant, and whether Claimant would testify. Mr. Horn informed the Arbitrator and Respondent's counsel that Claimant would not present himself to testify in support of Claimant's Amended Demand, or otherwise.

8. The Arbitrator afforded Claimant's counsel the opportunity to withdraw Claimant's Amended Demand, or have the claims dismissed *without prejudice.* Mr. Horn stated on February 23, 2026 that he preferred that Claimant's claim be dismissed *without prejudice*, rather than having said claim

**ORDER DISMISSING CLAIM**
  ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3432
*Mark Henley*
*-vs-*
*Valve Corporation d/b/a Steam*

be deemed withdrawn.  Accordingly, the Arbitrator dismissed *without prejudice* the claims of Jennifer Mark Henley.

SO ORDERED.

Digitally signed by Peter K. Rundle
Date: 2026.02.24 09:01:46 -08'00'

February 24, 2026
Date

Peter Rundle, Arbitrator

**ORDER DISMISSING CLAIM**
  ***WITHOUT PREJUDICE***
Case No. 01-23-0005-3432
*Mark Henley*
*-vs-*
*Valve Corporation d/b/a Steam*

# EXHIBIT 9

**AMERICAN ARBITRATION ASSOCIATION**

**Consumer Arbitration Rules**

Case Number: 01-23-0005-3698

Anthony Mittasch, Claimant,

-vs-

Valve Corporation d/b/a Steam, Respondent.

## ORDER DISMISSING CLAIM

Pursuant to agreement of the parties set forth in the parties' submissions to the Arbitrator dated February 13, 2026 and February 24, 2026, and with the consent of the Arbitrator, the claims of the Claimant in the captioned matter are hereby DISMISSED WITHOUT PREJUDICE.

Dated: February 28, 2026

_____
Suzanne M. McSorley

SL1 4022053v1 110631.00041

# EXHIBIT 10

**AMERICAN ARBITRATION ASSOCIATION**

**Consumer Arbitration Rules**

Case Number: 01-23-0005-2886

Kenshad Brown, Claimant,

-vs-

Valve Corporation d/b/a Steam, Respondent.

## ORDER DISMISSING CLAIM

Pursuant to agreement of the parties set forth in the parties' submissions to the Arbitrator dated February 13, 2026 and February 24, 2026, and with the consent of the Arbitrator, the claims of the Claimant in the captioned matter are hereby DISMISSED WITHOUT PREJUDICE.

Dated: February 28, 2026

_____
Suzanne M. McSorley

SL1 4022052v1 110631.00041

# EXHIBIT 11



Tacy Zysk
Assistant Vice President
2355 Highway 36 W.
Suite 400
Roseville, MN 55113

February 24, 2026

Will Bucher
Bucher Law PLLC
350 Northern Boulevard
Suites 324-1519
Albany, NY 12204-1000
Via Email to: will@bucherlawfirm.com

Michael W. McTigue, Jr., Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Manhattan West
New York, NY 10001
Via Email to: michael.mctigue@skadden.com

5 Individuals
-vs-
Valve Corporation d/b/a Steam

Dear Parties:

On February 19, 2026, the American Arbitration Association (AAA) reviewed the enclosed list of five (5) cases and closed those cases as Dismissed Without Prejudice. On February 23, 2026, the AAA finalized the billing for these matters.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents may be destroyed 18 months after the stated closing date.

We thank Arbitrator Rundle, who is receiving a copy of this correspondence, for serving on these matters.

Thank you for choosing the AAA to administer your arbitration.

Sincerely,
/s/ *Ryan Rumney on behalf of*
Jill Roettger
Manager of ADR Services
Direct Dial: (612)509-2224
Email: jillroettger@adr.org
Fax: (612)342-2334

cc:   Erik Atzbach
      Xinlin Morrow
      Jing He
      Thomas Matthew
      Judson Crump

Tyler Whitney
Jayla Howard
Ryan Bailey
Dustin Slade
Ryan Struve
Meredith Slawe
Virginia Milstead
Shaud Tavakoli
Colm McInerney
Gavin Skok
Andrew Fuchs
Blake Marks-Dias
Scott Danner
Priyanka Timblo
Andrew Indorf
Dorit Black
Lauren Cole
Daniel Horowitz
Muhammad Mustafa

|   | A | B | C |
|---|---|---|---|
| 1 | 012300053251 | Sean Dolle | Peter K. Rundle |
| 2 | 012300053436 | Jennifer A Nelson | Peter K. Rundle |
| 3 | 012300053441 | Martin Mendez | Peter K. Rundle |
| 4 | 012300053443 | Kolby Louks | Peter K. Rundle |
| 5 | 012300053446 | Veda Valles | Peter K. Rundle |

# EXHIBIT 12



AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

Tacy Zysk
Assistant Vice President
2355 Highway 36 W.
Suite 400
Roseville, MN 55113

February 27, 2026

Will Bucher
Bucher Law PLLC
350 Northern Boulevard
Suites 324-1519
Albany, NY 12204-1000
Via Email to: will@bucherlawfirm.com

Michael W. McTigue, Jr., Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Manhattan West
New York, NY 10001
Via Email to: michael.mctigue@skadden.com

Case Number: 01-23-0005-3432

Mark Henley
-vs-
Valve Corporation d/b/a Steam

Dear Parties:

On February 25, 2026, the American Arbitration Association (AAA) reviewed this case and closed this matter as Dismissed Without Prejudice. On February 26, 2026, the AAA finalized the billing for this case.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents may be destroyed 18 months after the stated closing date.

We thank Arbitrator Rundle, who is receiving a copy of this correspondence, for serving on these matters.

Thank you for choosing the AAA to administer your arbitration.

Sincerely,
/s/ *Ryan Rumney on behalf of*
Jill Roettger
Manager of ADR Services
Direct Dial: (612)509-2224
Email: jillroettger@adr.org
Fax: (612)342-2334

cc:    Erik Atzbach
       Xinlin Morrow
       Jing He

Thomas Matthew
Judson Crump
Tyler Whitney
Jayla Howard
Ryan Bailey
Dustin Slade
Ryan Struve
Meredith Slawe
Virginia Milstead
Shaud Tavakoli
Colm McInerney
Gavin Skok
Andrew Fuchs
Blake Marks-Dias
Scott Danner
Priyanka Timblo
Andrew Indorf
Dorit Black
Lauren Cole
Daniel Horowitz
Muhammad Mustafa

# EXHIBIT 13



AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

Tacy Zysk
Assistant Vice President
2355 Highway 36 W.
Suite 400
Roseville, MN 55113

March 4, 2026

Will Bucher
Bucher Law PLLC
350 Northern Boulevard
Suites 324-1519
Albany, NY 12204-1000
Via Email to: will@bucherlawfirm.com

Michael W. McTigue, Jr., Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Manhattan West
New York, NY 10001
Via Email to: michael.mctigue@skadden.com

2 Individual Claimants
-vs-
Valve Corporation d/b/a Steam

Dear Parties:

On March 2, 2026, the American Arbitration Association (AAA) reviewed the enclosed list of two (2) cases and closed both matters as Dismissed Without Prejudice. On March 9, 2026, the AAA finalized the billing for these two cases.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents may be destroyed 18 months after the stated closing date.

We thank Arbitrator McSorley, who is receiving a copy of this correspondence, for serving on these matters.

Thank you for choosing the AAA to administer your arbitration.

Sincerely,
/s/ *Alexandra Fayne on behalf of*
Jill Roettger
Manager of ADR Services
Direct Dial: (612)509-2224
Email: jillroettger@adr.org
Fax: (612)342-2334


cc:    Erik Atzbach
       Xinlin Morrow
       Jing He

Thomas Matthew
Frank Palermo
Judson Crump
Meredith Slawe
Virginia Milstead
Shaud Tavakoli
Colm McInerney
Gavin Skok
Andrew Fuchs
Blake Marks-Dias
Scott Danner
Priyanka Timblo
Andrew Indorf
Dorit Black
Lauren Cole
Daniel Horowitz
Muhammad Mustafa
Spence Colburn
Sarah Maher
Claire Addis

|   | A | B | C |
|---|---|---|---|
| 1 | 012300052886 | Kenshad Brown | Suzanne M. McSorley |
| 2 | 012300053698 | Anthony Mittasch | Suzanne M. McSorley |

# EXHIBIT 14



Tacy Zysk
Assistant Vice President
2355 Highway 36 W.
Suite 400
Roseville, MN 55113

February 9, 2026

Will Bucher
Bucher Law PLLC
350 Northern Boulevard
Suites 324-1519
Albany, NY 12204-1000
Via Email to: will@bucherlawfirm.com

Michael W. McTigue, Jr., Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Manhattan West
New York, NY 10001
Via Email to: michael.mctigue@skadden.com

Case Number: 01-23-0005-3250

Augustus Gerbo
-vs-
Valve Corporation d/b/a Steam

Dear Parties:

On February 5, 2026, the American Arbitration Association (AAA) reviewed the enclosed list of four (4) cases and closed those cases as withdrawn. On February 6, 2026, the AAA finalized the billing for these matters.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents may be destroyed 18 months after the stated closing date.

We thank Arbitrator Rundle, who is receiving a copy of this correspondence, for serving on these matters.

Thank you for choosing the AAA to administer your arbitration.

Sincerely,
/s/ *Ryan Rumney on behalf of*
Jill Roettger
Manager of ADR Services
Direct Dial: (612)509-2224
Email: jillroettger@adr.org
Fax: (612)342-2334

cc:     Erik Atzbach
        Xinlin Morrow
        Jing He
        Thomas Matthew

Judson Crump
Tyler Whitney
Jayla Howard
Ryan Bailey
Dustin Slade
Ryan Struve
Meredith Slawe
Virginia Milstead
Shaud Tavakoli
Colm McInerney
Gavin Skok
Andrew Fuchs
Blake Marks-Dias
Scott Danner
Priyanka Timblo
Andrew Indorf
Dorit Black
Lauren Cole
Daniel Horowitz

|   | A | B | C |
|---|---|---|---|
| 1 | 012300053250 | Augustus Gerbo | Peter K. Rundle |
| 2 | 012300053252 | Joshua Bosman | Peter K. Rundle |
| 3 | 012300053442 | Andrew Osborne | Peter K. Rundle |
| 4 | 012300053447 | Jared Hardison | Peter K. Rundle |