HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

        Plaintiff,

    v.

THOMAS ABBRUZZESE, *et al.*,

        Defendants.

Case No.  2:24-cv-1717-JNW

DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARDS

NOTED ON MOTION CALENDAR:
May 19, 2026

Defendants James Davis, Vincent Keegan, Kevin Montes, and Nicholas Tynes ("**Consumer-Defendants**") through undersigned counsel, hereby moves to confirm arbitration awards in their favor against Plaintiff Valve Corporation d/b/a Steam ("**Steam**").

## I. INTRODUCTION

This motion seeks straightforward relief: confirmation of arbitration awards entered in each Consumer-Defendant's favor against Steam. The arbitrator found that Steam violated federal antitrust law and awarded Consumer-Defendants damages, attorneys' fees, and costs of varying amounts. The Federal Arbitration Act

("FAA") provides that such awards must be confirmed absent grounds for vacatur. Because no such grounds exist here, the Court should enter judgment on the awards.

## II. FACTS

In Fall 2023, Consumer-Defendants filed demands for arbitration against Steam with the American Arbitration Association. Consumer-Defendants alleged that Steam violated Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1–2, by using monopoly power to fix prices and reduce competition in the U.S. market for digital distribution of PC games. *See, e.g.*, Ex. 1 at 12 (ECF pagination).

After days of arbitration hearings, on April 24, 2026, Arbitrator Jeffrey Dasteel issued final awards in favor of Consumer-Defendants. *See id*. at 2–7.

Consumer-Defendants are residents of California (Montes and Keegan), New York (Davis), and Mississippi (Tynes), and Steam is a corporation organized under the laws of Washington state, with its principal place of business in King County, Washington.

Consumer-Defendants' awards all exceed $75,000, with awards as follows:

| Consumer-Defendant | Treble Damages | Attorney's Fees | Costs | Total |
|---|---|---|---|---|
| James Davis | $119.40 | $806,950.21 | $23,552.61 | **$830,622.22** |
| Vincent Keegan | $181.50 | $741,456.18 | $23,552.61 | **$765,190.29** |
| Kevin Montes | $51.21 | $754,012.68 | $23,552.61 | **$777,741.50** |
| Nicholas Tynes | $97.14 | $771,399.55 | $23,552.61 | **$795,049.30** |

DEFENDANTS' MOTION TO
CONFIRM ARBITRATION AWARDS – Page 2

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

## III. ARGUMENT

### A.    The Court Retains Jurisdiction to Confirm the Award

When a federal court has asserted jurisdiction over a matter under the Federal Arbitration Act ("FAA"), it may confirm the resulting arbitration award. *Kinsella v. Baker Hughes Oilfield Operations, LLC*, 66 F.4th 1099, 1103 (7th Cir. 2023); *see also Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 202 (2000); *Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 275–276 (1932).

Two recent Northern District of California decisions echo *Kinsella*. Each exercised jurisdiction under Section 9 of the FAA to confirm arbitration awards once empowered to do so. *McConnell & Malek Enters. v. Proof Mark, Inc.*, No. 23-CV-00010-LJC, 2025 WL 2430610, at *4 (N.D. Cal. Aug. 22, 2025) (holding that a prior Section 4 action to compel arbitration conferred subject-matter jurisdiction over a later motion to confirm). *Teleport Mobility, Inc. v. Sywula*, No. 21-CV-00874-SI, 2025 WL 860498, at *6 (N.D. Cal. Mar. 18, 2025) (same, where federal-question jurisdiction over the initial complaint extended to the motion to confirm).

Here, at Steam's request, the Court determined it had jurisdiction over Steam's section 4 petition. Dkt. 76. That jurisdiction extends to confirming Consumer-Defendants' awards. Diversity jurisdiction also exists because the parties are citizens of different states and the total amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

DEFENDANTS' MOTION TO
CONFIRM ARBITRATION AWARDS – Page 3

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

**B.      The Final Awards Must Be Confirmed**

The FAA requires confirmation. Within one year of the award, a party may move for confirmation, and "the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. Consumer-Defendants' motion is timely. The final awards have not been vacated, and no grounds exist to do so. The Court must confirm it. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 1000 (9th Cir. 2003) ("because Congress has specified standards for confirming an arbitration award, federal courts must act pursuant to those standards and no others").

Confirmation is a summary proceeding that converts the award into a judgment. *Ministry of Def. & Support v. Cubic Def. Sys.*, 665 F.3d 1091, 1094 n.1 (9th Cir. 2011). Review is "limited and highly deferential." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009). Neither legal errors nor factual mistakes justify overturning an award. *Kyocera Corp.*, 341 F.3d at 994. Both the facts and the law confirm that the Consumer-Defendants' final awards must be upheld.

## IV. CONCLUSION

For the reasons set forth above, the Court should confirm Consumer-Defendants' final awards.

DATED this 28th day of April, 2026.

BAILEY DUQUETTE P.C.

By: */s William R. Burnside*
William R. Burnside, WSBA #36002

DEFENDANTS' MOTION TO
CONFIRM ARBITRATION AWARDS – Page 4

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

BUCHER LAW PLLC

William Ward Bucher IV
(*pro hac vice* forthcoming)
350 Northern Blvd, STE 324-1519
Albany, NY 12204-1000
T: 202.997.3029
E: will@bucherlaw.com

*Attorneys for Defendants*

I certify that this motion contains less than 4,200 words pursuant to Local Rules W.D. Wash. LCR 7(e)(3).

DEFENDANTS' MOTION TO
CONFIRM ARBITRATION AWARDS – Page 5

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing Defendants' Motion to Confirm Arbitration Awards served upon counsel of record herein, as follows:

Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10                    ☒ Via Electronic Service
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
E: bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
E: michael.mctigue@skadden.com
E: meredith.slawe@skadden.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: April 28, 2026 at Seattle, Washington.

*s/ William R. Burnside*
William Burnside, WSBA No. 36002

DEFENDANTS' MOTION TO
CONFIRM ARBITRATION AWARDS – Page 6

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869