THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

               Plaintiff,

        v.

THOMAS ABBRUZZESE et al.,

               Defendants.

No. 2:24-CV-1717-JNW

**PLAINTIFF VALVE CORPORATION'S RESPONSE AND REQUEST TO STRIKE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. 146)**

PLAINTIFF VALVE CORPORATION'S
RESPONSE AND REQUEST TO STRIKE
NOTICE OF SUPPLEMENTAL AUTHORITY
24-cv-1717

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiff Valve Corporation respectfully requests that this Court strike Defendants' Notice of Supplemental Authority filed on April 28, 2026 (Dkt. 146) for two reasons:

*First*, the notice should be stricken because it improperly contains nearly three pages of argument. The Local Rules expressly prohibit argument in a notice of supplemental authority. *See* LCR 7(n); *Thompson v. Seattle Public Schs.*, No. 2:25-cv-00468, 2025 WL 1837693, at *9-10 (W.D. Wash. July 3, 2025) (striking notice of supplemental authority that improperly contained argument); *Shelton v. Liquor & Cannabis Bd.*, No. C22-5135, 2022 WL 2651617, at *3 n.4 (W.D. Wash. July 8, 2022) (same).

*Second*, the notice should be stricken because it is misleading. *See Hunt v. Sunny Delight Beverages Co.*, No. 8:18-cv-00557, 2018 WL 6786265, at *4 (C.D. Cal. Dec. 18, 2018) (striking pleading where "misrepresentations taint[ed] the entire pleading"). Most glaringly, Defendants falsely contend "Arbitrator Dasteel appears to have adopted the Consumer-Defendants' position that consumers are free to choose whether to remain actively in arbitration or passively benefit from the class action." To the contrary, he concluded that "**it is for a court to decide whether [Valve's amendment of the SSA] has the effect of depriving me of jurisdiction to resolve the pending matters**." (Ex. A at 4; *see also id.* at 5 ("I do not have jurisdiction to decide whether the purported amendments to Claimants' subscriber agreements are valid or whether, if valid, the amendments act to eliminate arbitral jurisdiction to resolve the pending claims."); Ex. B at 1-2 ("I lack jurisdiction to make [the] determination" which agreement governs).)

For the reasons above, Valve respectfully requests that this Court strike the Notice of Supplemental Authority.

//

//

//

//

PLAINTIFF VALVE CORPORATION'S
MOTION TO STRIKE NOTICE OF
SUPPLEMENTAL AUTHORITY – 1
24-cv-1717

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED: May 4, 2026

CORR CRONIN LLP

s/ Blake Marks-Dias
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Plaintiff Valve Corporation*

PLAINTIFF VALVE CORPORATION'S
MOTION TO STRIKE NOTICE OF
SUPPLEMENTAL AUTHORITY – 2
24-cv-1717