# EXHIBIT A

AMERICAN ARBITRATION ASSOCIATION

CONSUMER RULES AND MASS ARBITRATION SUPPLEMENTARY RULES

| In Re Valve Corporation | ORDER SUSPENDING PROCEEDINGS PENDING COURT DETERMINATION OF JURISDICTIONAL ISSUES |
|---|---|

**Procedural Posture**

On December 21, 2021, a class action complaint was filed in the United States District Court for the Western District of Washington alleging that Respondent Valve Corporation violated the antitrust laws causing injury to the purchasers of video games offered for sale on Respondent's online platform. After denying a motion to dismiss an amended class action complaint on May 6, 2022, the District Court granted in part Respondent's motion to compel arbitration. The Court found an arbitration agreement to exist and, therefore, compelled arbitration of all consumer disputes. The court ruled that any claims challenging jurisdiction in connection with the arbitration agreement must be determined by the arbitrator due to a broad delegation clause in the AAA rules incorporated into the parties' arbitration agreement.

I was appointed arbitrator for 25 of the hundreds (now tens of thousands) of arbitrations demands filed by formerly putative class members. Claimants John Elliott, Javier Rovira, Bradly Smith, and Recardo Camargo were putative member of the class with arbitration demands before me. The parties filed cross-motions to dismiss these demands. On July 8, 2024, I granted these Claimants' motions to dismiss the arbitrations for lack of jurisdiction. For Claimants Camargo and Smith, I found Claimant's demand for injunctive relief under California law to seek a public injunction and that the arbitration agreement's bar of such relief unenforceable under the McGill rule. By the express terms of the parties' arbitration agreement, the entire arbitration agreement was, therefore, unenforceable, and all Claimant's claims must be adjudicated in court. For Claimants Elliott and Rovira, I found that Respondent failed to provide adequate notice of a fundamental change in dispute resolution procedures so that the arbitration agreements were invalid as to them.

On August 9, 2024, former Claimants Elliott, Rovira, Smith and Camargo filed a putative class action in United States District Court for the Western District of Washington. The claims made in the putative class action are

ORDER SUSPENDING PROCEEDINGS PENDING COURT DETERMINATION OF JURISDICTIONAL ISSUES - 1

nearly identical to the claims made by these Claimants in their dismissed arbitrations before me and the 21 remaining arbitrations before me.  The class allegations broadly include "*All persons and entities who, directly or through an agent, purchased a PC game on the Steam Store, or purchased an in-game product from a game distributed on the Steam Store, in the United States and its territories. Excluded from the Class are Defendant and its employees, parents, and subsidiaries*."  In addition, the putative class action included a putative subclass consisting of "*All persons and entities who, directly or through an agent, purchased a PC game on the Steam Store, or purchased an in-game product from a game distributed on the Steam Store, in California. Excluded from the Class are Defendant and its employees, parents, and subsidiaries*."

By letter, dated September 27, 2024, Respondent contended these arbitrations should be dismissed for lack of jurisdiction because Respondent either had amended its subscriber agreements to eliminate arbitration of existing and future disputes or would do so in the near future due to its right under the subscriber agreement to unilaterally amend the agreement's terms.  By letters dated October 23, 2024, Claimants objected to the dismissal of these actions. Claimants Pharaun Potts, Jeremiah Dieujuste, Kiley Borba and Bridgette Marie McBride conditionally asked that their cases be suspended so they could participate in the Elliot putative class action.  Claimants Andrew Butler, Gavin Baker, Greg Smith, Jacob Zide, James McDonald, Joe Rios, Luis Sotillet Rojas, Manfred Dentice, Mark Williams Jr., Maurice Castro, Michael Patterson, Mitchell Pakosz, Riley Chapman, Samuel Roberts, Stephanie Blomstrom, Gordon Huckaby, and Raciel Diaz objected to dismissal of their individual arbitrations and requested I order an information exchange to challenge the validity of the purported amendments to the subscriber agreement and the potential application of those amendments to their pending cases.

On November 6, 2024, Respondent submitted a reply brief in which it reiterated its contention that all Claimants had either agreed to the removal of the arbitration agreement or must be deemed to having done so by continuing to use Respondent's application after November 1, 2024.  Moreover, Respondent contends I lack jurisdiction to make any determination regarding the existence of the revised subscriber agreement and its potential application to the pending arbitrations based on the Supreme Court's recent decision in *Coinbase v. Suski*, 144 S. Ct. 1186 (2024).  In *Coinbase,* the Court held that where there are two contracts between the parties, one including an arbitration provision with a delegation provision and one without an arbitration provision, "before either the delegation provision or the forum selection clause can be enforced, a court needs to decide what the parties have agreed to—*i.e.*,

ORDER SUSPENDING PROCEEDINGS PENDING COURT DETERMINATION OF JURISDICTIONAL ISSUES - 2

which contract controls" the dispute. On October 18, 2024, Respondent filed an application in the District Court for the Western District of Washington to enjoin these proceedings. I have not been informed of any decision by the District Court on Respondent's application for an injunction.

**Discussion**

There are two fundamental jurisdictional questions here. First, there is the question of who has jurisdiction to determine whether Respondent's various attempts to amend the subscriber agreements with Claimants to retroactively delete the arbitration provision are valid. The original delegation clause provided as follows: "YOU AND VALVE AGREE TO RESOLVE ALL DISPUTES AND CLAIMS BETWEEN US IN INDIVIDUAL BINDING ARBITRATION. THAT INCLUDES, BUT IS NOT LIMITED TO, ANY CLAIMS ARISING OUT OF OR RELATING TO: (i) ANY ASPECT OF THE RELATIONSHIP BETWEEN US; (ii) THISAGREEMENT; OR (iii) YOUR USE OF STEAM, YOUR ACCOUNT OR THE SOFTWARE. IT APPLIES REGARDLESS OF WHETHER SUCH CLAIMS ARE BASED IN CONTRACT, TORT, STATUTE, FRAUD, UNFAIR COMPETITION, MISREPRESENTATION OR ANY OTHER LEGAL THEORY." Further, the original subscriber agreement provided "The arbitration will be governed by the Consumer Arbitration Rules (or the Commercial Arbitration Rules, if the Consumer Arbitration rules are inapplicable) of the American Arbitration Association ("AAA") as modified by this Agreement." Rule 14 of the AAA Consumer Rules provides: "*(a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." And "(b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.*" Under the version of the subscriber agreement in effect at the time these arbitrations were filed, I had authority to determine all disputes between the parties, including questions of arbitrability.

However, the purported amendment to the dispute resolution provisions of the subscriber agreement provides: "*You and Valve agree that disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained exclusively in any state or federal court located in King County, Washington, having subject matter jurisdiction.*" The purported amendment

ORDER SUSPENDING PROCEEDINGS PENDING COURT DETERMINATION OF JURISDICTIONAL ISSUES - 3

vests in the courts exclusive jurisdiction to resolve all disputes.  As the Supreme Court noted in *Coinbase*, "[j]ust as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter." (Internal citation omitted.)  Because nothing in the purported amendment to the dispute resolution provision of the subscriber agreement gives me the power to determine whether the amendment is valid, I lack jurisdiction to make that determination.

Second, assuming the amendment to the subscriber agreement is valid, the next question is who has jurisdiction to determine whether the amended dispute resolution agreement acts to retroactively deprive me of jurisdiction in these arbitrations.  Although the facts in *Coinbase* did not concern the effect of a subsequent agreement on an existing arbitration proceeding, the question here, like in *Coinbase,* is which contract controls resolution of a particular dispute.  Accordingly, assuming Respondent has successfully amended its dispute resolution clause, it is for a court to decide whether that amendment has the effect of depriving me of jurisdiction to resolve the pending matters in arbitration.

ORDER SUSPENDING PROCEEDINGS PENDING COURT DETERMINATION OF JURISDICTIONAL ISSUES - 4

**Order**

Unless ordered otherwise by a court, I do not have jurisdiction to decide whether the purported amendments to Claimants' subscriber agreements are valid or whether, if valid, the amendments act to eliminate arbitral jurisdiction to resolve the pending claims.  Accordingly, the arbitrations in the matters before me are hereby suspended pending resolution of these jurisdictional issues by a court of appropriate jurisdiction.[1]  The parties are ordered to submit a joint report of the status of relevant court proceedings no later than 90 days from the date of this Order.  Claimants' request for a document exchange is denied.

Dated this 7th day of November 2024.

_____
Jeffrey H. Dasteel

---

[1] Four Claimants proposed that their claims be conditionally suspended so that they may participate in the Elliot class action.  Respondent has not stated its position on Claimants' proposal.  Because I am suspending all matters pending resolution of the two jurisdictional questions discussed above it is unnecessary for me to take further action on these four Claimants' proposal at this time.

ORDER SUSPENDING PROCEEDINGS PENDING COURT DETERMINATION OF JURISDICTIONAL ISSUES - 5