# EXHIBIT B

AMERICAN ARBITRATION ASSOCIATION

CONSUMER RULES AND MASS ARBITRATION SUPPLEMENTARY RULES

| | |
|---|---|
| In Re Valve Corporation | ORDER ON RESPONDENT'S MOTION TO STAY PROCEEDINGS |

On December 16, 2024, the American Arbitration Association ("AAA") disqualified arbitrator Janice Sperow in 24 matters pending before me.[1] On June 6, 2025, I denied Claimants' motion to reinstate Arbitrator Sperow for lack of jurisdiction. Respondent has submitted a motion to stay these proceedings due to the pendency of its application in federal district court to enjoin these arbitrations. Respondent contends the parties' original agreement to arbitrate all disputes between them on an individual basis has been retroactively negated by a subsequent agreement to resolve all disputes in court. The parties litigated this issue before arbitrator Sperow, who issued a determination on November 17, 2024, denying a nearly identical application to stay these proceedings. In her decision, arbitrator Sperow determined that she, rather than a court, had primary jurisdiction to determine whether the subsequent subscriber agreement could retroactively deprive the arbitrator of jurisdiction. Arbitrator Sperow ruled she had jurisdiction because jurisdiction unquestionably had originally been vested in arbitration.

Claimants seek to have that decision apply to Respondent's application as a matter of stare decisis or law of the case. However, pursuant to Consumer Rule 20,

> If for any reason an arbitrator cannot or is unwilling to perform the duties of the office, the AAA may declare the office vacant. Any vacancies shall be filled based on the original procedures used to appoint the arbitrator. If a substitute arbitrator is appointed, the substitute arbitrator will decide if it is necessary to repeat all or part of any prior ruling or hearing.

Under the plain language of Rule 20, I have the authority to determine whether there is good cause to revisit arbitrator Sperow's ruling.

The underlying assumption in arbitrator Sperow's decision is that once an arbitrator properly has jurisdiction over a dispute, the arbitrator rather than a court has the jurisdiction to determine whether the parties have revoked

---

[1] The cases before me and subject to this Order are listed on Exhibit A.
ORDER ON RESPONDENT'S MOTION TO STAY PROCEEDINGS - 1

their agreement to arbitrate. As the Supreme Court noted in *Coinbase v. Suski*, 144 S. Ct. 1186 (2024), "[j]ust as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter." (Internal citation omitted.)  Because nothing in the purported amendment to the dispute resolution provision of the Subscriber Agreement gives me the power to determine whether the amendment is valid, both arbitrator Sperow and I lack jurisdiction to make that determination.

However, just because an arbitrator lacks jurisdiction to make an arbitrability determination does not mean as a matter of law that a properly commenced arbitration must be dismissed or stayed based on the mere allegation of a subsequent agreement to resolve disputes in court.  This is especially true in cases, such as these, where there has been no express agreement to dismiss any of the individual pending actions. Instead, Respondent relies on language in the new form Subscriber Agreement that purports to apply its terms retroactively: "*You and Valve agree that disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained exclusively in any state or federal court located in King County, Washington, having subject matter jurisdiction.*" (Emphasis added.)

Respondent, presumably, relies on the word "maintained" in the above quoted language to support its position that pending arbitrations should be dismissed for lack of jurisdiction. As noted above, whether Respondent's attempt to unilaterally amend the Subscriber Agreement is valid and, if valid, whether the quoted language is sufficient to deprive pending arbitrations of jurisdiction, is a matter for a court to decide. However, in the absence of a temporary or permanent court injunction the mere pendency of an injunction motion in federal court does not deprive the arbitrator of jurisdiction over a preexisting action. It is within the arbitrator's discretion whether to stay the arbitrations pending the outcome of jurisdictional litigation in federal court.

In determining whether to grant Respondent's request to stay these proceedings, I take into account the status of the proceedings at the time I was appointed to replace arbitrator Sperow, the status of the proceedings in federal court, the risk that holding merits arbitrations in two dozen cases will be a waste of arbitral resources, and the vacillating positions of the parties on the jurisdictional questions in the various matters before me. In that regard, I note that the cases before arbitrator Sperow were on the eve of merits hearings, that for whatever reason resolution of the jurisdictional dispute in federal court does not appear to be imminent either on a temporary or permanent basis, and Claimants' counsel has taken the apparently conflicting position that these Claimants are both included within the

ORDER ON RESPONDENT'S MOTION TO STAY PROCEEDINGS - 2

proposed definition of a class in a putative class action and also should have their day in arbitration over the same dispute. On the other hand, Respondent has reversed course in the cases before me, first claiming the Subscriber Agreement binds each consumer to individual arbitration and then purporting to amend the agreement to deprive subscribers of the right to pursue their claims in arbitration. Although a class action probably is the most efficient means to resolve the thousands of nearly identical disputes raised by claimants, there is no indication Respondent has agreed to such a procedure for these Claimants. Instead, it is evident that Claimants' counsel and Respondent's counsel are proceeding tactically to gain perceived procedural advantages in alternative forums.

Based on the foregoing, and with due regard for the procedural posture of the matters I inherited from arbitrator Sperow,[2] I determine that Respondent is entitled to a limited seventy-five day stay to give it the opportunity to seek a temporary, preliminary, or permanent injunction against these proceedings in court. Absent a court order enjoining these proceedings, merits arbitrations on the 24 matters listed in Exhibit A hereto shall commence on August 25, 2025, by Zoom video at 9:30 a.m. PDT. The parties are required to meet and confer and provide me by no later than July 1, 2025, a proposed set of pre-hearing deadlines for the exchange of documents, witness lists, prehearing briefs, an estimate of the number of hearing days required, and a proposed sequence of Claimants' cases.

Dated this 11th day of June 2025.

Jeffrey H. Dasteel

_____

[2] Although Respondent repeatedly cites to my prior ruling in other matters as justification for an unlimited stay in these matters, Respondent ignores the stark difference in procedural posture of those matters. Those matters were in the preliminary pleading stages without any discovery having taken place. As noted above, these matters were on the eve of a merits hearing.

ORDER ON RESPONDENT'S MOTION TO STAY PROCEEDINGS - 3

EXHIBIT A

| | | |
|---|---|---|
| 012300053478 | Brady Paul | Jeffrey H Dasteel |
| 012300053479 | Thomas Abbruzzese | Jeffrey H Dasteel |
| 012300053480 | Jeremy Kirkwood | Jeffrey H Dasteel |
| 012300053481 | Gavin Borchers | Jeffrey H Dasteel |
| 012300053483 | Jeff Ramirez Ochoa | Jeffrey H Dasteel |
| 012300053484 | Simon Savlas | Jeffrey H Dasteel |
| 012300053485 | Zachary Parsley | Jeffrey H Dasteel |
| 012300053487 | Kevin Montes | Jeffrey H Dasteel |
| 012300053488 | Robert Lewis | Jeffrey H Dasteel |
| 012300053489 | Carson Plaisance | Jeffrey H Dasteel |
| 012300053490 | Carter Baker | Jeffrey H Dasteel |
| 012300053491 | Anthony Galatolo | Jeffrey H Dasteel |
| 012300053492 | Caleb Orella | Jeffrey H Dasteel |
| 012300053493 | Collin Evans | Jeffrey H Dasteel |
| 012300053494 | Jose Aranda | Jeffrey H Dasteel |
| 012300053496 | Hugh Phillips | Jeffrey H Dasteel |
| 012300053498 | David Antolic | Jeffrey H Dasteel |
| 012300053499 | James Davis | Jeffrey H Dasteel |
| 012300053500 | Jared Myers | Jeffrey H Dasteel |
| 012300053501 | Alexander Brumley | Jeffrey H Dasteel |
| 012300053502 | Nicholas Tynes | Jeffrey H Dasteel |
| 012300053503 | Timothy Pablo Penaranda | Jeffrey H Dasteel |
| 012300053504 | Vincent Keegan | Jeffrey H Dasteel |
| 012300053505 | Alexander Schlosser | Jeffrey H Dasteel |

ORDER ON RESPONDENT'S MOTION TO STAY PROCEEDINGS - 4