HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

          Plaintiff,

    v.

THOMAS ABBRUZZESE, et al.,

          Defendants.

No. 24-CV-1717-JNW

**PLAINTIFF VALVE CORPORATION'S CROSS-MOTION TO VACATE ARBITRATION AWARDS AND OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARDS (DKT. 142)**

**NOTING DATE: JULY 15, 2026**

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## TABLE OF CONTENTS

Page

I.   INTRODUCTION ............................................................................................1

II.  BACKGROUND .............................................................................................2

III. ARGUMENT ..................................................................................................3

    A.   Valve's Cross-Motion To Vacate the Awards Should Be Granted .............3

        1.   The Court Should Vacate the Awards Because the Parties Did Not Agree to Arbitrate ..............................................................3

            (a)   The McSorley Defendants Agreed to the Controlling SSA ........................................................4

            (b)   Valve Sought to Enjoin and Objected to the Arbitrations ...............................................................6

            (c)   Under the Controlling SSA, There Is No Agreement to Arbitrate ...............................................................7

        2.   The Court Should Vacate the Awards Because They Were Arbitrary and Irrational ..................................................................8

    B.   The Court Should Vacate the Awards Because the Arbitrator Denied Valve Due Process .........................................................................13

    C.   The Motion To Confirm Should Be Denied .............................................14

IV.  CONCLUSION..............................................................................................15

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – i

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*American Ad Management, Inc. v. General Telephone Co. of California*,
190 F.3d 1051 (9th Cir. 1999) ...................................................................................................11

*Aspic Engineering & Construction Co. v. ECC Centcom Constructors LLC*,
268 F. Supp. 3d 1053 (N.D. Cal. 2017) ...................................................................................10

*Aspic Engineering & Construction Co. v. ECC Centcom Constructors LLC*,
913 F.3d 1162 (9th Cir. 2019) .......................................................................................8, 10, 14

*AT & T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) ....................................................................................................................8

*Bala v. Oregon Health & Sci. Univ.*,
No. 3:18-CV-00850, 2024 WL 3785975 (D. Or. Aug. 12, 2024) .....................................11

*Binta B. ex rel. S.A. v. Gordon*,
710 F.3d 608 (6th Cir. 2013) ...................................................................................................10

*Blum v. Stenson*,
465 U.S. 886 (1984)....................................................................................................................11

*Bozek v. PNC Bank*,
No. 20-CV-2875, 2020 WL 6581491 (E.D. Pa. Nov. 10, 2020), *aff'd*, No. 20-351,
2021 WL 4240359 (3d Cir. Sept. 17, 2021) ............................................................................3

*In re Briscoe Protective, LLC v. North Fork Surgery Center, LLC*,
215 A.D.3d 956 (N.Y. App. Div. 2023) ..................................................................................8

*In re Classmates.com Consolidated Litigation*,
No. C09-45RAJ, 2012 WL 3854501 (W.D. Wash. June 15, 2012)....................................14

*Coinbase, Inc. v. Suski*,
602 U.S. 143 (2024)......................................................................................................................3

*Costco Wholesale Corp. v. International Brotherhood of Teamsters, Loc. No. 542*,
850 F. App'x 467, 468 (9th Cir. 2021) ...................................................................................13

*Dasher v. RBC Bank (USA)*,
745 F.3d 1111 (11th Cir. 2014) .................................................................................................7

*Dlugolecki v. PeopleConnect, Inc.*,
No. CV 20-3657, 2020 WL 13587803, at *2 (C.D. Cal. Nov. 9, 2020)............................6

*Gonter v. Hunt Valve Co.*,
510 F.3d 610 (6th Cir. 2007) .....................................................................................................9

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – ii

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Grant v. Lockett*,
605 F. Supp. 3d 399 (N.D.N.Y. 2022) ................................................................................12

*Grant v. T-Mobile USA, Inc.*,
No. 2:23-CV-01946, 2024 WL 3510937 (W.D. Wash. July 23, 2024) ...............................4

*Habelt v. iRhythm Technologies, Inc.*,
83 F.4th 1162, 1166-67 (9th Cir. 2023) ..............................................................................15

*In re Insurance Brokerage Antitrust Litigation*,
297 F.R.D. 136 (D.N.J. 2013) .............................................................................................12

*Ireland-Gordy v. Tile, Inc.*,
No. 25-403, 2026 WL 594859 (9th Cir. Mar. 3, 2026) ....................................................6, 7

*Johnson v. Midland Credit Management Inc.*,
No. 1:05 CV 1094, 2013 WL 12412632 (N.D. Ohio Dec. 12, 2013) .................................11

*Johnson v. Wells Fargo Home Mortgage, Inc.*,
635 F.3d 401 (9th Cir. 2011) ..............................................................................................14

*Kerr v. Wilmington Trust N.A.*,
No. 219CV10973ABEX, 2020 WL 4919604 (C.D. Cal. May 18, 2020) ...........................15

*Lamps Plus, Inc. v. Varela*,
587 U.S. 176 (2019) ............................................................................................................10

*Laster v. T-Mobile USA, Inc.*,
No. 05CV1167DMS, 2008 WL 5216255, (S.D. Cal. Aug. 11, 2008) ..................................8

*Laster v. AT & T Mobility, Inc.*,
584 F.3d 849 (9th Cir. 2009) ................................................................................................8

*Lawler v. Johnson*,
253 So.3d 939 (Ala. 2017) ..................................................................................................14

*Magill v. DIRECTV, LLC*,
No. CV 16-00356, 2017 WL 8894320 (C.D. Cal. June 23, 2017) .....................................11

*Majidi-Ahy v. ClassPass, Inc.*,
No. 2:25-CV-05003, 2026 WL 585465 (C.D. Cal. Feb. 11, 2026) ......................................8

*In re Marriage of Tognoni*,
313 P.3d 655 (Colo. App. 2011) .........................................................................................14

*Mendez v. County of Los Angeles*,
No. CV1104771MWFPJWX, 2013 WL 12162397 (C.D. Cal. Nov. 20, 2013) .................11

*Mohamed v. Barr*,
562 F. Supp. 3d 1128 (E.D. Cal. 2022) ..............................................................................10

*Moonshadow Mobile, Inc. v. Labels & Lists, Inc.*,
No. 6:23-CV-01716, 2024 WL 5056906 (D. Or. Dec. 9, 2024) ........................................13

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – iii

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Morgan Keegan & Co. v. McPoland*,
829 F. Supp. 2d 1031 (W.D. Wash. 2011)............................................................................3

*Move, Inc. v. Citigroup Global Markets, Inc.*,
840 F.3d 1152 (9th Cir. 2016) ...........................................................................................13

*Mullane v. Central Hanover Bank & Trust Co.*,
339 U.S. 306 (1950)...........................................................................................................13

*Nadarajah v. Holder*,
569 F.3d 906 (9th Cir. 2009) .............................................................................................11

*In re National Football League's Sunday Ticket Antitrust Litig.*,
ML152668PSGJEMX, 2021 WL 2350814 (C.D. Cal. Apr. 20, 2021)...............................8

*Oberstein v. Live Nation Entertainment, Inc.*,
60 F.4th 505 (9th Cir. 2023) ...............................................................................................5

*Orman v. Central Loan Administration & Reporting*,
No. CV-19-04756, 2019 WL 6841741 (D. Ariz. Dec. 16, 2019) ......................................14

*Patrick v. Running Warehouse, LLC*,
93 F.4th 468 (9th Cir. 2024) ...............................................................................................5

*Pilon v. Discovery Commc'ns, LLC*,
769 F. Supp. 3d 273, 289-90 (S.D.N.Y. 2025) ....................................................................6

*Porzig v. Dresdner, Kleinwort, Benson, North America LLC*,
497 F.3d 133 (2d Cir. 2007)................................................................................................9

*Quamina v. U.S. Bank National Association*,
No. 20-CV-61637, 2020 WL 9349559 (S.D. Fla. Dec. 24, 2020)....................................14

*Raymond James Financial Services, Inc. v. Boucher*,
No. 3:22-CV-01658, 2024 WL 233731 (S.D. Cal. Jan. 22, 2024), *appeal
dismissed*, No. 24-998, 2024 WL 2559329 (9th Cir. May 20, 2024) ...............................15

*Sadlock v. Walt Disney Co.*,
No. 22-CV-09155, 2023 WL 4869245 (N.D. Cal. July 31, 2023).......................................6

*Saeedy v. Microsoft Corp.*,
757 F. Supp. 3d 1172 (W.D. Wash. 2024)............................................................................5

*Saucedo v. Experian Information Solutions, Inc.*,
No. 1:22-CV-01584, 2023 WL 4708015 (E.D. Cal. July 24, 2023)...................................8

*SCPS LLC v. Kind Law*,
No. CV 25-3255, 2026 WL 96898 (C.D. Cal. Jan. 8, 2026) .............................................7

*Tirona v. State Farm Mut. Auto. Ins. Co.*,
821 F. Supp. 632, 637 (D. Haw. 1993)...............................................................................10

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – iv

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Transcontinental Gas Pipe Line Co., LLC v. Permanent Easement for 2.59 Acres*,
No. 4:17-CV-00289, 2019 WL 6481528 (M.D. Pa. Oct. 8, 2019), *aff'd*, 834 F.
App'x 752 (3d Cir. 2020) ...................................................................................................3

*Trethewey v. Trethewey,*
104 Mass.App.Ct. 114 (Mass. App. 2024) .........................................................................14

*U.S. ex rel. Sheppard v. Pathway of Baldwin Cnty., LLC*,
2025 U.S. Dist. LEXIS 52380 ............................................................................................12

*West v. Uber Technologies,*
No. 18-CV-3001, 2018 WL 5848903 (C.D. Cal. Sept. 5, 2018) .........................................6

*Westlake North Property Owners Association v. City of Thousand Oaks,*
915 F.2d 1301 (9th Cir. 1990) ...........................................................................................15

*Wynn v. City of Covington*,
No. CV 21-137, 2025 WL 1746875 (E.D. Ky. June 24, 2025), *aff'd*,
No. 25-5617, 2026 WL 950772 (6th Cir. Apr. 8, 2026)......................................................12

**STATUTES**

9 U.S.C. § 10(a)(4).........................................................................................................4, 8, 13

15 U.S.C. § 15(a) ..............................................................................................................8, 11

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – v

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## I.   INTRODUCTION[1]

Plaintiff Valve Corporation ("Valve") submits this (i) cross-motion to vacate the final arbitration awards issued by Arbitrator Suzanne M. McSorley (the "Arbitrator") in arbitration proceedings brought before the American Arbitration Association (the "Arbitrations") by 19 Defendants in this action (collectively, the "McSorley Defendants")[2] under Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10 and (ii) opposition to the motion to confirm arbitration awards filed on behalf of the McSorley Defendants and one individual who is not a party to this action, Mark Schaefer (Dkt. 142).[3]

Valve's cross-motion to vacate should be granted and the awards should be vacated for several independent reasons: *First*, the Arbitrator held hearings in the Arbitrations even though the parties had no agreement to arbitrate. *Second*, the attorneys' fees and costs awarded by the Arbitrator are arbitrary and irrational, comprising up to 729 times the damages awarded in each respective case. Those figures reflect fees improperly granted for work performed in other, unrelated arbitrations—including arbitrations in which the McSorley Defendants' counsel *lost*— and fees based on inflated hourly rates untethered to prevailing norms. *Third*, the Arbitrator violated Valve's due process rights.

The motion to confirm should be denied for several independent reasons: *First*, the awards must be vacated for the reasons set forth herein and thus cannot be confirmed. *Second*, the McSorley Defendants' Motion fails to comply with the FAA because it does not attach a valid and binding arbitration agreement—nor could it, because there is no agreement to arbitrate between

---

[1] Unless noted, internal citations are omitted and all emphasis is added. All references to "Ex." followed by a number refer to exhibits to the Declaration of Blake Marks-Dias, dated May 26, 2026 ("Marks-Dias Decl.").

[2] Abed Balbaky, Bernard Vignali, Mateus Cunha, Joshua DePalma, Cole Hagan, Aleck Hernandez, Armando Martinez, Paul Mayer, Alexander Mishkevich, Ajay Dalal, Corbin Echevarria, Brett Flinn, Mark Mendel, Conor Moschella, Robert Richelson, Gabriel Rodrigues, Matthew Ventures, Robert Woolf, and Jake Wuebker.

[3] Mr. Schaefer is not a party to this action. Accordingly, Valve filed a separate petition to vacate claimant Schaefer's award on the same grounds as those set forth herein.

| | |
|---|---|
| VALVE CORPORATION'S CROSS-MOTION TO VACATE ARBITRATION AWARDS AND OPPOSITION TO MOTION TO CONFIRM ARBITRATION AWARDS – 1 | **CORR CRONIN LLP** <br> 1015 Second Avenue, Floor 10 <br> Seattle, Washington 98104-1001 <br> Tel (206) 625-8600 <br> Fax (206) 625-0900 |

the parties. *Third*, Mark Schaefer is not a party to this action and therefore cannot seek relief.

## II.    BACKGROUND

Between July 2025 and February 2026, the Arbitrator held final merits hearings in the Arbitrations collectively and together with three other arbitrations that also proceeded to award, including the arbitrations of claimants Alec Birenbaum and Lance Vicente (the "October Claimants").[4]

Specifically, in July 2025, the Arbitrator held collective final merits hearings covering (i) common evidence regarding liability that the Arbitrator cross-applied to all 24 arbitrations then before the Arbitrator, including the 19 Arbitrations that are the subject of Valve's cross-motion to vacate, and (ii) evidence concerning standing and damages with respect to the October Claimants. (Marks-Dias Decl. ¶ 8.)

On October 9, 2025, the Arbitrator issued awards in the October Claimants' arbitrations (the "October Awards"), comprising damages to the claimants totaling approximately $100 and attorneys' fees of more than $1.4 million. (Exs. 5, 6.) The Arbitrator explained in the October Awards that the fees awarded were for "time devoted to the 24 matters assigned to this arbitrator," including the McSorley Defendants', and that all 24 matters had been "managed collectively before me." (Ex. 5 at 11; Ex. 6 at 11.) The Arbitrator further stated that the hours devoted by counsel to the October Claimants' arbitrations were "necessary . . . to prepare the matters assigned to this Arbitrator generally." (Ex. 5 at 11; Ex. 6 at 11.) Valve has filed petitions to vacate the October Awards in this Court both of which are *sub judice*. *Valve Corp. v. Birenbaum*, No. 25-cv-01975 (W.D. Wash. filed Oct. 10, 2025); and *Valve Corp. v. Vicente*, No. 25-cv-01976 (W.D. Wash. filed Oct. 11, 2025).[5]

---

[4] On March 9, 2026, the arbitrator dismissed the arbitrations of two other claimants for failure to prosecute. (Marks-Dias Decl. ¶ 29.) Valve dismissed those claimants from this action. (Dkt. 139.)

[5] The October Claimants later filed motions to confirm the October Awards in this action. (Dkts. 115-16.) Valve opposed those motions because the awards must be vacated among other grounds. (Dkts. 119-20.)

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – 2

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

In December 2025 and February 2026, the Arbitrator held further final merits hearings limited to individual determinations of standing and damages for the remaining claimants, including the McSorley Defendants and Mark Schaefer. (Marks-Dias Decl. ¶¶ 14-15.) In terms of liability, the Arbitrator based her rulings on her prior findings in the October Awards.

Between April 21, 2026, and April 23, 2026, the Arbitrator issued the awards in the McSorley Defendants' Arbitrations (the "Awards"). The Arbitrator's findings on liability in the Awards repeatedly reference evidence adduced during the October Claimants' matters. (Dkt. 142, Ex. A.)

### III.    ARGUMENT

#### A.    Valve's Cross-Motion To Vacate the Awards Should Be Granted

##### 1.    The Court Should Vacate the Awards Because the Parties Did Not Agree to Arbitrate

The FAA provides that a court "may make an order vacating the award . . . where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). An arbitrator exceeds her powers by issuing an award when the parties have no agreement to arbitrate. *See Bozek v. PNC Bank*, 2020 WL 6581491, at *5 (E.D. Pa. Nov. 10, 2020), *aff'd*, 2021 WL 4240359 (3d Cir. Sept. 17, 2021); *Morgan Keegan & Co. v. McPoland*, 829 F. Supp. 2d 1031, 1036 (W.D. Wash. 2011).

Here, the McSorley Defendants agreed to the Controlling SSA, described below. The Controlling SSA has no arbitration agreement and requires resolution of all claims, including pending claims, in court. Upon the McSorley Defendants' agreement to the Controlling SSA, the Arbitrator had no authority to continue with the Arbitrations or issue the Awards. Accordingly, the Awards must be vacated. *See Transcon. Gas Pipe Line Co., LLC v. Permanent Easement for 2.59 Acres*, 2019 WL 6481528, at *2 (M.D. Pa. Oct. 8, 2019) (absent a valid arbitration agreement "the arbitrator had no jurisdiction[] [a]nd so this Court must vacate the award"), *aff'd*, 834 F. App'x 752 (3d Cir. 2020); *see also Coinbase, Inc. v. Suski*, 602 U.S. 143, 145 (2024) ("[D]isputes are subject to arbitration if, and only if, the parties actually agreed to arbitrate those disputes.").

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

(a)    **The McSorley Defendants Agreed to the Controlling SSA**

Valve's prior customer agreement—a Steam Subscriber Agreement that went into effect on April 25, 2023 (the "Superseded SSA," Dkt. 80, Ex. A)—included an arbitration provision. Accordingly, Valve and the McSorley Defendants had an arbitration agreement in October 2023 when the McSorley Defendants filed their arbitration demands against Valve.

However, that agreement further provided: "This Agreement may at any time be mutually amended by your explicit consent to changes proposed by Valve." (Dkt. 80, Ex. A § 8(A).) That provision continued:

> Valve may amend this Agreement . . . unilaterally at any time in its sole discretion. In this case, you will be notified by e-mail of any amendment to this Agreement made by Valve at least 30 . . . days before the effective date of the amendment. You can view the Agreement at any time at http://steampowered.com/. Your failure to cancel your Account prior to the effective date of the amendment will constitute your acceptance of the amended terms. If you don't agree to the amendments or to any of the terms in this Agreement, your only remedy is to cancel your Account or to cease use of the affected Subscription(s).

(Ex. A § 8(B).)

In accordance with that provision, on September 26, 2024, Valve removed the arbitration provision and the class action waiver from the SSA. The currently operative Controlling SSA now provides for resolution of disputes exclusively in court, including pending disputes. (Dkt. 80, Ex. B § 10.) The Controlling SSA also includes a merger clause providing that it supersedes and replaces the parties' prior agreement. (*Id.* § 11.) Beginning on September 26, 2024, pursuant to the amendment and notice provisions contained in the Superseded SSA, Valve provided conspicuous notice of the Controlling SSA to the McSorley Defendants, including by email and through a pop-up that appeared when users logged into the Steam client or website. (Dkt. 80 ¶¶ 6-17.)

For online transactions, "mutual assent" to transaction terms "turns on whether the consumer had reasonable notice of the terms of service agreement." *Grant v. T-Mobile USA, Inc.*, 2024 WL 3510937, at *3 (W.D. Wash. July 23, 2024). For notice to be "reasonably conspicuous,"

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – 4

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

it must be displayed in a "'font size and format such that the court can fairly assume that a reasonably prudent Internet user would have seen it.'" *Saeedy v. Microsoft Corp.*, 757 F. Supp. 3d 1172, 1195 (W.D. Wash. 2024); *accord Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 477 (9th Cir. 2024). Valve's notice was conspicuous and consistent with the modification requirements in the Superseded SSA. (Dkt. 80 ¶¶ 6-17 & Ex. A § 8(B) (Lynch Decl.).)

The McSorley Defendants assented to the Controlling SSA. Users manifest assent if they click a button to indicate acceptance of terms. *See Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 515 (9th Cir. 2023); *Saeedy*, 757 F. Supp. 3d at 1196-97. All McSorley Defendants assented to the Controlling SSA by clicking a button:

- **Seventeen McSorley Defendants** affirmatively accepted the Controlling SSA before November 1, 2024, by (i) checking a box in a pop-up notice on Steam stating, "I Agree to the Updated Steam Subscriber Agreement" and clicking "Accept Updated SSA" through the pop-up notice; (ii) making a purchase on Steam and agreeing to the Controlling SSA by checking "I agree to the terms of the Steam Subscriber Agreement (last updated Sep 26, 2024)" and clicking the "Purchase" button; or (iii) performing both of those actions. (Dkt. 80 ¶ 24 & Ex. C (Lynch Decl.).)[6] These Defendants also all re-affirmed their assent to the Controlling SSA when they made subsequent purchases on Steam and, before completing each transaction, checked a box affirming their acceptance of the Controlling SSA. (Dkt. 80 ¶ 24 & Ex. C (Lynch Decl.); Dkt. 162 Ex. D (Suppl. Lynch Decl.).)

- **One McSorley Defendant**, Joshua DePalma, affirmatively accepted the Controlling SSA when making a purchase on Steam after November 1, 2024, by checking the box next to "I agree to the terms of the Steam Subscriber Agreement

---

[6] Abed Balbaky, Mateus Cunha, Ajay Dalal, Corbin Echevarria, Brett Flinn, Cole Hagan, Aleck Hernandez, Armando Martinez, Paul Mayer, Mark Mendel, Alexander Mishkevich, Conor Moschella, Robert Richelson, Gabriel Rodrigues, Bernard Vignali, Robert Woolf, and Jake Wuebker.

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – 5

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

(last updated Sep 26, 2024)" and clicking the "Purchase" button. (Dkt. 80 ¶¶ 25-28 & Ex. C (Lynch Decl.).)

- **One McSorley Defendant**, Matthew Ventures, affirmatively accepted the Controlling SSA when redeeming a Steam Key after November 1, 2024, by checking the box next to "I agree to the terms of the Steam Subscriber Agreement (last updated Sep 26, 2024)" and clicking the "Continue" button. (Dkt. 162 ¶¶ 2-4, 9 & Ex. D (Suppl. Lynch Decl.).)

Users also manifest assent to updated terms if they continue to use a service after receiving notice of those terms. *See, e.g.*, *Ireland-Gordy v. Tile, Inc.*, 2026 WL 594859, at *4 (9th Cir. Mar. 3, 2026) (users "unambiguously manifested assent" to updated terms "through their continued use of the Tile App"); *Pilon v. Discovery Commc'ns, LLC*, 769 F. Supp. 3d 273, 289-90 (S.D.N.Y. 2025) (claimant assented where he "continued to subscribe to and use [service]" after receiving notice of updated agreement); *Sadlock v. Walt Disney Co.*, 2023 WL 4869245, at *12 (N.D. Cal. July 31, 2023) ("[E]mails followed by continued use is sufficient to establish assent."); *Dlugolecki v. PeopleConnect, Inc.*, 2020 WL 13587803, at *2 (C.D. Cal. Nov. 9, 2020) (similar); *West v. Uber Techs.*, 2018 WL 5848903, at *5 (C.D. Cal. Sept. 5, 2018) (similar). McSorley Defendants DePalma and Ventures are also bound by the Controlling SSA pursuant to the email and pop-up notices provided to them because they did not delete or discontinue use of their Steam accounts by November 1, 2024. (Dkt. 80 ¶¶ 25-28 & Ex. C (Lynch Decl.).) To the contrary, these McSorley Defendants logged onto Steam after November 1, 2024. (Dkt. 80 ¶¶ 25-27.)

Accordingly, all McSorley Defendants entered into a bilateral agreement with Valve by mutually agreeing to the Controlling SSA.

### (b)   Valve Sought to Enjoin and Objected to the Arbitrations

Because the Controlling SSA removed the parties' arbitration agreement, on October 18, 2024, Valve commenced this action to enjoin 624 pending arbitrations, including the McSorley

---

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – 6

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Defendants' Arbitrations.[7] Valve also promptly notified the Arbitrator and requested that she stay Defendants' Arbitrations pending resolution of this action. (Ex. 1.) On October 27, 2024, the Arbitrator denied Valve's motion to stay the McSorley Defendants' Arbitrations. (Ex. 2.) As it had done until then, Valve defended itself in further proceedings in the Arbitrations under a full reservation of rights. (Marks-Dias Decl. ¶ 7.) The Arbitrator held merits hearings on the claims of 22 claimants, including the 19 McSorley Defendants', over Valve's objection. (Marks-Dias Decl. ¶ 8.) On October 9, 2025, the Arbitrator issued the October Awards. Between April 21, 2026, and April 23, 2026, the Arbitrator issued the Awards and an award in Mr. Schaefer's arbitration. (Dkt. 142, Ex. A.)[8]

### (c)   Under the Controlling SSA, There Is No Agreement to Arbitrate

After the McSorley Defendants assented to the Controlling SSA, the parties no longer had any agreement to arbitrate the claims raised in the Arbitrations. A dispute resolution provision in an updated agreement is enforceable with respect to already-asserted claims when the provision provides for retroactive effect. *See Tile*, 2026 WL 594859, at *1-5 (enforcing updated terms of service with new forum provision to already-pending action);[9] *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1127 (11th Cir. 2014) (new agreement without arbitration clause superseded and applied retroactively to foreclose arbitration under a prior agreement containing an arbitration clause where claim was originally asserted when defendant had arbitration clause); *SCPS LLC v. Kind Law*, 2026

---

[7] There are currently 396 Defendants. The remaining individuals were voluntarily dismissed or removed from the case. *Abbruzzese*, Dkt. 160 at 5 & App'x A.

[8] The Awards are administratively sealed pending resolution of Valve's motion to seal filed on May 5, 2026. (Dkt. 149.) Valve intends to file public, redacted versions of the Awards following the Court's order on Valve's motion to seal.

[9] The earlier arbitration agreements in *Tile* required all disputes to be arbitrated before the AAA; the updated arbitration agreement required disputes to be arbitrated before JAMS for disputes in North America. *See* Declaration of Steve Klinkner, Ex. B § 25.C, Ex. E § XVII.B, Ex. I at 23, *Ireland-Gordy v. Tile, Inc.*, No. 3:23-cv-04119-RFL, Dkt. No. 34. The court enforced the forum provision in the updated terms retroactively with respect to the plaintiffs' pending claims. *See Tile*, 2026 WL 594859, at *1-5 (enforcing agreement updated in October 2023); *see generally* Complaint, *Ireland-Gordy v. Tile, Inc.*, No. 23-cv-04119-RFL (N.D. Cal. filed Aug. 14, 2023), Dkt. No. 1.

---

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – 7

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

WL 96898, at *9-10 (C.D. Cal. Jan. 8, 2026) (enforcing forum provision in updated arbitration agreement as to individuals who assented to new agreement after submitting pre-filing notices of dispute to commence arbitrations; explaining that "the result would be the same even if the [individuals] had assented [to the updated agreement] after initiating arbitrations with the AAA"); *Saucedo v. Experian Info. Sols., Inc.*, 2023 WL 4708015, at *6-7 (E.D. Cal. July 24, 2023) (enforcing arbitration agreement to which plaintiff assented after filing action in court; rejecting plaintiff's argument that "an arbitration agreement entered after an action was filed cannot be retroactively applied").[10]

Here, the McSorley Defendants agreed that the Controlling SSA would replace and supersede their prior agreement to arbitrate and apply retroactively to their claims. (Dkt. 80, Ex. B §§ 10-11 (Lynch Decl.); Dkt. 80 ¶¶ 24-28 & Ex. C (Lynch Decl.); Dkt. 162 ¶¶ 8-9 & Ex. D (Supp. Lynch Decl.).) Therefore, the parties had no agreement to arbitrate, and the Arbitrator had no authority to issue the Awards. The Awards should accordingly be vacated and the Motion to Confirm should be denied.

### 2.    The Court Should Vacate the Awards Because They Were Arbitrary and Irrational

The Awards should also be vacated in their entirety because they were arbitrary and irrational. Section 10(a)(4) of the FAA provides for vacatur of an award that is "'completely irrational' or exhibits a 'manifest disregard of the law.'" *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019). Courts vacate entire arbitration awards where an arbitrator's attorneys' fee award is "irrational because it was not supported by

---

[10] *Accord Majidi-Ahy v. ClassPass, Inc.*, 2026 WL 585465, at *6-8 (C.D. Cal. Feb. 11, 2026) (updated arbitration agreement applied to already-accrued claim where plaintiff assented to changes, and noting that "[t]he Ninth Circuit consistently upholds the enforceability of the retroactivity of arbitration clauses"); *In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 2021 WL 2350814, at *4 (C.D. Cal. Apr. 20, 2021) (enforcing agreement revised two years after suit filed); *Laster v. T-Mobile USA, Inc.*, 2008 WL 5216255, at *6 (S.D. Cal. Aug. 11, 2008) (agreement that "retrospectively modif[ied] the original service contract after the present litigation had already begun" applied), *aff'd sub nom. Laster v. AT & T Mobility LLC*, 584 F.3d 849 (9th Cir. 2009), *rev'd on other grounds sub nom. AT & T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011).

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – 8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

any proof" as violative of "the strong public policy against excessive fees." *In re Briscoe Protective, LLC v. N. Fork Surgery Ctr., LLC*, 215 A.D.3d 956, 957-58 (N.Y. App. Div. 2023).

The Arbitrator's fee awards are irrational and manifestly disregard the law. Successful antitrust plaintiffs may seek a "reasonable attorney's fee." 15 U.S.C. § 15(a). A reasonable fee is one that is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007).

The amount the Arbitrator awarded far exceeds that amount. As the Arbitrator observed in the Awards, "the amount of damages is a fraction of the attorney's fees . . . incurred in pursuit of those damages." (*See* Dkt. 142, Ex. A (Awards) at 16.) And as the Arbitrator observed in the October Awards, "the amount of damages is dwarfed by the attorney's fees . . . incurred in pursuit of those damages." (*See* Ex. 5 at 12; Ex. 6 at 12.) She ordered fees that are between 29 and 2,051 times the actual damages, and ten and 729 times the damages after trebling, in each respective McSorley Defendant's case.[11] (Marks-Dias Decl. ¶ 33.) The Awards are all the more arbitrary and irrational because 26% to 33% of the additional attorneys' fees awarded in each Award was for fee briefing itself. (*Id.* ¶ 36.) The amount the Arbitrator awarded also far exceeds the McSorley Defendants' counsel's own pre-litigation estimate. (*See id.* ¶ 46.)

Making matters worse, the timesheets the McSorley Defendants submitted are replete with entries for which no fees could properly be awarded. Such time entries for attorneys' fees and costs sought in connection with the October Awards are detailed in Valve's prior evidentiary proffers, submitted in *Birenbaum* and *Vicente* (Exs. 3-4) and will not be repeated herein. Non-compensable time entries for which the McSorley Defendants obtained fees likewise abound in their supplemental fee awards.

To start, the McSorley Defendants' counsel sought and the Arbitrator awarded substantial

---

[11] Inclusive of attorneys' fees and costs awarded in the October Awards attributable to the McSorley Defendants. The fees and costs awarded are between eight and 532 times the actual damages, and between three and 177 times the damages award after trebling, in each respective Award if the fees and costs from the October Awards are excluded. (Marks-Dias Decl. ¶ 34.)

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – 9

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

additional fees for work not attributable to the Arbitrations, which the Superseded SSA's arbitration provision did not permit. The Superseded SSA permitted the Arbitrator to award relief "only to the extent of that party's individual claim," not for any other matters. (Ex. A § 11(D).) If "the arbitrator goes beyond that self-limiting agreement between consenting parties, it acts inherently without power, and an award ordered under such circumstances must be vacated." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 140 (2d Cir. 2007); *see also Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 268 F. Supp. 3d 1053, 1057, 1059-60 (N.D. Cal. 2017) (vacating award that exceeded arbitrator's contractual power), *aff'd*, 913 F.3d 1162 (9th Cir. 2019).[12] Courts similarly hold that fee awards cannot include work on other matters. *See Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 631 (6th Cir. 2013) (awarding fees for work on other cases would create "all sorts of oddities, as illustrated by this case where counsel would be permitted to recover fees for thousands of hours of time spent litigating a case they *lost*") (emphasis in original). Moreover, "[c]harges for duplicative work," let alone duplicative of other arbitrations, "are not recoverable." *See Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 637 (D. Haw. 1993); *see also Mohamed v. Barr*, 562 F. Supp. 3d 1128, 1137 (E.D. Cal. 2022) (reducing amounts excessively or double billed from attorney fee award).

Yet many of the time entries for which the McSorley Defendants' counsel sought and obtained fees appear to represent charges for general mass arbitration work, such as "Weekly Bucher Law team meeting," "team meeting," "firm meeting," and "Bucher Law PLLC Weekly Meeting." (Marks-Dias Decl. ¶ 37.) These claimed fees for mass arbitration also include work the McSorley Defendants' counsel did for other arbitrations against Valve.

In fact, the additional fees awarded almost certainly cover work performed in furtherance

---

[12] An arbitrator's powers are derived from—and circumscribed by—the parties' agreement, and an arbitrator has no license to override its terms. *See Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 184 (2019) (arbitrators "derive their powers from the parties' agreement," which may, as a general matter, be "shape[d] . . . to their liking by specifying," *inter alia*, the "issues subject to arbitration") (citation modified); *Aspic*, 268 F. Supp. 3d at 1059-60 (vacating award for exceeding arbitrator's contractual power). That is precisely what the Arbitrator did here.

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – 10

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

of arbitrations that the McSorley Defendants' counsel *lost*. (Marks-Dias Decl. ¶ 39.) At the time of the Awards, arbitrators had issued final awards in 121 arbitrations the McSorley Defendants' counsel is prosecuting against Valve, with claimants (including the McSorley Defendants) having prevailed in just 26. (*Id.* ¶ 38.) Approximately 51 of the matters where Valve prevailed were pending during the time period covered by the general mass arbitration entries submitted here. (*Id.* ¶ 39.) Moreover, the Arbitrator acknowledged that the fees awarded in the October Awards were for "time devoted to the 24 matters assigned to this arbitrator." (Ex. 5 at 10; Ex. 6 at 10.) Yet two of those 24 claimants' claims were later dismissed. (Marks-Dias Decl. ¶ 29.)

Attorneys cannot be awarded fees for working on matters where they were unsuccessful. *See Magill v. DIRECTV, LLC*, 2017 WL 8894320, at *3 (C.D. Cal. June 23, 2017) (rejecting proposition that "work done on behalf of several different plaintiffs with individual lawsuits, some indisputably unsuccessful, can be fully recovered through the victory of one such lawsuit"); *Johnson v. Midland Credit Mgmt. Inc.*, 2013 WL 12412632, at *5 (N.D. Ohio Dec. 12, 2013) (because "[p]laintiffs' attorneys were not successful" in separate case involving another plaintiff, attorneys "[could] not receive fees for work done in that case"). And that prohibition applies with particular force where, as here, attorneys are requesting fees under a statute that permits only prevailing parties to recover. *See* 15 U.S.C. § 15(a).

The McSorley Defendants' counsel also sought and the Arbitrator awarded additional fees for some of the very same work for which the McSorley Defendants' counsel has sought fees before *another* tribunal on behalf of an entirely *different* claimant. (Marks-Dias Decl. ¶ 41.)

Clerical tasks are also not reimbursable. *See Nadarajah v. Holder,* 569 F.3d 906, 925 (9th Cir. 2009) (reducing fee award due to entries for clerical work); *Mendez v. Cnty. of Los Angeles*, 2013 WL 12162397, at *4 (C.D. Cal. Nov. 20, 2013) ("It is clearly established that counsel cannot bill for clerical work at either attorney or paralegal rates."); *accord Bala v. Or. Health & Sci. Univ.*, 2024 WL 3785975, at *15 (D. Or. Aug. 12, 2024). Yet the time entries for which the Arbitrator awarded additional reimbursement here abound with clerical tasks billed by attorneys at attorneys'

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – 11

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

rates, including numerous time entries relating to purported outreach to the McSorley Defendants and other claimants to schedule hearings. (*See* Marks-Dias Decl. ¶¶ 42-45.) This is not lawyer work—it is purely administrative.

In addition, the hourly rates the Arbitrator applied are unreasonable. Courts assess reasonableness by benchmarking requested rates against "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The McSorley Defendants' fee application ignored this legal standard. For example, the McSorley Defendants sought and the Arbitrator ordered fees for:

- Will Bucher using hourly rates of $970 (in 2025) and $1,125 (in 2026). Mr. Bucher is the principal of Bucher Law PLLC, based in Albany, New York. A reasonable hourly rate for lawyers similarly-qualified to Mr. Bucher in that district is between $250-$350. *See Grant v. Lockett*, 605 F. Supp. 3d 399, 404 (N.D.N.Y. 2022).

- Zachary Horn using an hourly rate of $665. Mr. Horn is based in Inez, Kentucky, which is in the Eastern District of Kentucky. A reasonable hourly rate for lawyers in that district is between $200 and $400 per hour. *Wynn v. City of Covington*, 2025 WL 1746875, at *2 (E.D. Ky. June 24, 2025) (citing cases with approved hourly rates between $200 to $400), *aff'd*, 2026 WL 950772 (6th Cir. Apr. 8, 2026).

- Judson Crump using an hourly rate of $525. Mr. Crump is based in Silverhill, Alabama, which is in the Southern District of Alabama. A reasonable hourly rate for lawyers in that district is about $350 for a very experienced litigator and around $250 for a lawyer with substantial experience. *U.S. ex rel. Sheppard v. Pathway of Baldwin Cnty., LLC*, 2025 U.S. Dist. LEXIS 52380, at *10-11 (S.D. Ala. Mar. 21, 2025).

As to the other associates, paralegals and law clerks working for Bucher Law PLLC, assuming that these employees are also based in Albany, under *Grant* their rates should have been no more than $200 for associates and $90 for paralegals. Yet the McSorley Defendants sought and

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – 12

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

obtained multiples of those rates. (*See* Marks-Dias Decl. ¶ 22.)

Also, because the Arbitrations were seated in New Jersey, the forum rate provides an independent ceiling—and the Awards cannot clear this test either. In 2013, a federal court in New Jersey approved an average hourly rate of $411.16 in an antitrust class action—a figure that, adjusted for inflation, yields approximately $576 per hour today. *See In re Ins. Brokerage Antitrust Litig.*, 297 F.R.D. 136, 157 (D.N.J. 2013).

The McSorley Defendants' additional fee award far exceeded all of the foregoing benchmarks with its average rate of $750 per hour. (Marks-Dias Decl. ¶ 22.) This is not "reasonable" under § 15(a) and instead is irrational and manifestly disregards the law.

**B.    The Court Should Vacate the Awards Because the Arbitrator Denied Valve Due Process**

The Awards should also be vacated because the Arbitrator deprived Valve of due process by awarding fees in the October Awards without permitting Valve to respond to the McSorley Defendants' counsel's fee submissions.

A court may vacate an award when the arbitrator "refuse[s] to hear evidence pertinent and material to the controversy; or [because] of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). "In determining whether an arbitrator's misbehavior or misconduct prejudiced the rights of the parties, [the court asks] whether the parties received a fundamentally fair hearing." *Move, Inc. v. Citigroup Glob. Mkts., Inc.*, 840 F.3d 1152, 1158 (9th Cir. 2016); *see also Costco Wholesale Corp. v. Int'l B'hood of Teamsters, Loc. No. 542*, 850 F. App'x 467, 468 (9th Cir. 2021) ("[A]n arbitration award may be vacated if the proceedings violate the rule of fundamental fairness."). To be fundamentally fair, an arbitration must provide due process—*i.e.*, meet the "'minimal requirements of fairness—adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator.'" *Moonshadow Mobile, Inc. v. Labels & Lists, Inc.*, 2024 WL 5056906, at *6 (D. Or. Dec. 9, 2024); *see also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (describing "elementary" requirements of due

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – 13

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

process, including "an opportunity to present [] objections").

The Arbitrator violated Valve's due process rights when awarding fees without permitting Valve to respond to the McSorley Defendants' counsel's fee submissions. The Arbitrator awarded more than $1.4 million in fees to the McSorley Defendants' counsel in the October Awards. (Ex. 5 at 14; Ex. 6 at 14.) The Arbitrator acknowledged that those fees were for "time devoted to the 24 matters assigned to this arbitrator," including the Arbitrations here. (Ex. 5 at 10; Ex. 6 at 10.)

As set forth in Valve's separate petitions to vacate in *Birenbaum* and *Vicente*, the Arbitrator deprived Valve of an opportunity to respond to the McSorley Defendants' counsel's request for these fees attributable to the Arbitrations. (Dkt. 120 at 6-8 (Opp'n to Birenbaum Motion to Confirm); Dkt. 124 at 6-9 (Opp'n to Vicente Motion to Confirm).) That violated Valve's due process rights. *See, e.g., In re Classmates.com Consol. Litig.*, 2012 WL 3854501, at *2 (W.D. Wash. June 15, 2012) ("[D]ue process require[s] that class members have an opportunity to consider and object to class counsel's complete motion for attorney fees."); *Lawler v. Johnson*, 253 So.3d 939, 952 (Ala. 2017) ("class members in this case were not afforded due process inasmuch as they were not allowed to view, consider, and respond to class counsel's attorney-fee application before they were required to file any objections to that application"); *In re Marriage of Tognoni*, 313 P.3d 655, 661 (Colo. App. 2011) (vacating fee award because party "was not afforded an opportunity to respond *before* attorney fees were awarded against him"); *Trethewey v. Trethewey,* 104 Mass.App.Ct. 114, 121 (Mass. App. 2024) (similar).

### C.    The Motion To Confirm Should Be Denied

The motion to confirm must be denied because the Awards must be vacated for the reasons set forth herein and in Valve's separate petition to vacate Mark Schaefer's award.[13] *See Aspic*, 913 F.3d at 1166-69 (affirming denial of motion to confirm where award was vacated); *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 412 (9th Cir. 2011) (explaining that the FAA's structure "defeats any notion that district courts may" confirm without "consider[ing] motions to

---

[13] *See Valve Corporation v. Schaefer*, No. 26-cv-01806 (W.D. Wash. filed May 26, 2026).

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – 14

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

vacate" and holding that court "*must* consider" motion to vacate) (emphasis in original); *Orman v. Cent. Loan Admin. & Reporting*, 2019 WL 6841741, at *4 (D. Ariz. Dec. 16, 2019) ("[N]ot only is a motion to vacate properly filed in response to a confirmation application, a district court must consider such a motion."); *Quamina v. U.S. Bank Nat'l Ass'n*, 2020 WL 9349559, at *5 (S.D. Fla. Dec. 24, 2020) (similar).

The motion to confirm must also be denied because it does not satisfy the requirements of the FAA. Under Section 13 of the FAA, "upon filing a motion to confirm an arbitration award, the moving party **must provide the Court with the arbitration agreement** executed by the parties." *Kerr v. Wilmington Tr. N.A.*, 2020 WL 4919604, at *1 (C.D. Cal. May 18, 2020). Courts thus deny motions to confirm arbitration awards that fail to attach a valid and binding arbitration agreement. *See, e.g.*, *Kerr*, 2020 WL 4919604, at *1; *Raymond James Fin. Servs., Inc. v. Boucher*, 2024 WL 233731, at *3 (S.D. Cal. Jan. 22, 2024), *appeal dismissed*, 2024 WL 2559329 (9th Cir. May 20, 2024). Here, the McSorley Defendants did not transmit with or attach to their motion a valid and binding arbitration agreement. The McSorley Defendants could not do so because there is no such agreement.

In addition, the motion to confirm must be denied with respect to Mark Schaefer because he is not a party and therefore has no standing to seek relief. *See, e.g., Habelt v. iRhythm Techs*., Inc., 83 F.4th 1162, 1166-67 (9th Cir. 2023) (plaintiff who filed initial complaint but who was removed in amended complaint was no longer a party and therefore had no standing to appeal), *cert. denied*, 145 S. Ct. 144 (2024); *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1307 (9th Cir. 1990) (non-party to a case did not have standing to move for sanctions).

## IV.  CONCLUSION

For all of the foregoing reasons, Valve requests that its cross-motion to vacate be granted and McSorley Defendants' motion to confirm be denied.

---

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – 15

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED: May 26, 2026

I certify that this memorandum contains 5487 words, in accordance with this Court's order (Dkt. 153).

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Plaintiff Valve Corporation*

VALVE CORPORATION'S CROSS-MOTION
TO VACATE ARBITRATION AWARDS AND
OPPOSITION TO MOTION TO CONFIRM
ARBITRATION AWARDS – 16

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900