UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| VALVE CORPORATION, | CASE NO. 2:24-cv-1717-JNW |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO STRIKE |
| v. | |
| THOMAS ABBRUZZESE et al., | |
| Defendants. | |

On October 18, 2024, Plaintiff Valve Corporation filed a petition seeking to enjoin hundreds of ongoing arbitrations brought by Defendants. Dkt. No. 1. After the Court struck Valve's petition as improperly filed, *see* Dkt. No. 76, Valve timely filed the operative complaint, *see* Dkt. No. 78. Defendants now move to strike the complaint. Dkt. No. 105. Having reviewed the motion, Valve's opposition, Dkt. No. 113, the reply, Dkt. No. 114, and all other supporting materials, the Court DENIES the motion.

Under Federal Rule of Civil Procedure 12(f), a trial court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is

ORDER DENYING DEFENDANTS' MOTION TO STRIKE - 1

to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citing *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993)). Such motions are "generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits." *Adan v. Swedish Health Servs.*, Case No. 2:23-cv-01266-TL, 2024 U.S. Dist. LEXIS 92865, 2024 WL 2398208, at *4 (W.D. Wash. May 23, 2024).

Defendants' motion fails at the threshold because it seeks relief Rule 12(f) does not allow. The rule permits the Court to strike discrete "matter" from a pleading. It is not a vehicle to dismiss a complaint or to compel repleading under Rule 8. *See Whittlestone*, 618 F.3d at 974–75 (Rule 12(f) may not be used "as a means to dismiss some or all of a pleading"). Yet Defendants ask the Court to find the complaint "deserves to be stricken and dismissed," to strike it "in its entirety," and to order Valve to file a new pleading complying with "Rule 8's demand for a short and plain statement." Dkt. No. 105 at 1, 6. A motion to dismiss or for a more definite statement is the proper vehicle for that relief, not a motion to strike. On that basis alone the motion fails.

The motion also fails because, like all motions, a motion to strike must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b). "[A] sweeping, indiscriminate motion to strike, without any explanation as to how or why the targeted paragraphs are immaterial or redundant, does not contain the requisite particularity or otherwise clearly show that an order to strike is

ORDER DENYING DEFENDANTS' MOTION TO STRIKE - 2

warranted." *Forza v. Quick Collect, Inc.*, No. C21-1645-JCC, 2022 WL 179236, at *1 (W.D. Wash. Jan. 20, 2022) (quotations and citations omitted).

Here, Defendants' motion fails to state with particularity why Valve's complaint must be struck. In general, Defendants note that the complaint contains "accusations that counsel aided fraud, ran harassing ads, operated a scam, and misled clients," and argue such "ad hominem assertions have no place in any forum." Dkt. No. 105 at 5–6. But beyond these generalized assertions that the Complaint contains "scandalous matter", *id.* at 5, Defendants do not identify which of the Complaint's 251 paragraphs they would have struck, let alone how maintaining the allegations within those paragraphs would result in the litigation of spurious issues or otherwise delay resolution of this matter. Rule 12(f), already disfavored, requires more. *See Forza* 2022 WL 179236, at *1 (denying a motion to strike where defendant failed to show immateriality, impertinence, or "how striking the identified paragraphs would avoid unnecessary expenditure or streamline litigation.").

Accordingly, the Motion is DENIED. Defendants must answer the Complaint within fourteen (14) days of this Order. *See* Fed. R. Civ. P. 12(a)(4)(A).

Dated this 4th day of June, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO STRIKE - 3