HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

Plaintiff,

v.

THOMAS ABBRUZZESE, *et al.*,

Defendants.

Case No.  2:24-cv-1717-JNW

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR INTERLOCUTORY APPEAL

Defendants ("**Consumer-Defendants**"), through undersigned counsel, hereby respond to Corporate Plaintiff Valve Corporation's ("Valve") Motion to Certify Order Denying Motion For Preliminary Injunction For Interlocutory Appeal. Dkt. 173.

CONSUMER-DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR INTERLOCUTORY
APPEAL – PAGE 1

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

## ARGUMENT

Certification would not materially advance this litigation. The issues Valve seeks to raise on interlocutory appeal will promptly and independently arise through ordinary appellate review of Consumer-Defendants' motions to confirm arbitration awards and motion to dismiss. There is no need to proceed with multiple appeals in rapid succession for the Ninth Circuit to decide the same legal issues.

Section 1292(b) authorizes district courts to certify an order for immediate appeal where the order (1) "involv[es] a controlling question of law" (2) presents a question "as to which there is substantial ground for difference of opinion," and (3) is one from which "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Regarding the first two elements, Valve has not identified a controlling question of law on which there is a substantial ground for difference of opinion. Its motion largely asserts that the Court misapplied Washington unconscionability law, but cites no contrary controlling legal authority. The Court considered Valve's attempt to impose a new forum provision on represented parties with pending disputes and concluded that "soliciting a represented adversary to surrender her dispute-resolution rights is 'a poor (if not unethical) practice,' and 'fundamentally and manifestly unfair, and contrary to public policy.'" Dkt. 169 at 22 (quoting *Grant v. T-Mobile USA, Inc.*, No. 2:23-cv-01946-MJP, 2024 WL 3510937, at *6 (W.D. Wash. July 23, 2024)). Valve's disagreement with this Court's application of settled law does not justify interlocutory review.

CONSUMER-DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR INTERLOCUTORY
APPEAL – PAGE 2

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

An immediate appeal would not "materially advance the ultimate termination of the litigation," whatever issues Valve may take with the legal ruling. An interlocutory appeal will fracture the proceedings and force the Ninth Circuit to review overlapping legal questions multiple times.

Following the denial of the preliminary injunction, Consumer-Defendants' pending requests to confirm multiple arbitration awards are ripe for adjudication. In those underlying arbitrations, independent arbitrators concluded that Valve violated the Sherman Act and engaged in *per se* illegal price fixing that directly harmed Consumer-Defendants. Once final judgments are entered on the confirmations, Valve may pursue ordinary appellate review of the relevant issues. A single appeal from these final judgments will be faster and more efficient than the fragmented appellate process Valve proposes.

Valve's claim that "[i]f the Court's ruling is ultimately modified or reversed, the parties and the court will have expended considerable time and resources unnecessarily addressing these arbitration-related issues" is not supportable on this record. Dkt. 173 at 6. Numerous Consumer-Defendants' confirmation motions are fully-briefed and have been for months. The parties' time has already been expended. All that remains is the ruling.

This Court denied Valve's request to halt the arbitrations, and should deny Valve's request to halt these proceedings as well. Valve suggests this Court should permit an interlocutory appeal, pause issuing rulings on the fully-briefed confirmations before it, and then wait on the Ninth Circuit to rule, which, in the

CONSUMER-DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR INTERLOCUTORY
APPEAL – PAGE 3

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

unlikely event the Ninth Circuit reverses might or might not do so in a way that "require[s] denial of the many pending individual arbitration-award-confirmation motions." Dkt. 173 at 17. But the efficient path is the opposite: rule on the fully-briefed confirmation motions and then Valve can take a single appeal as a matter of right. To the extent Valve is eager to get before the Ninth Circuit promptly, the Consumer-Defendants will not oppose any efforts Valve may undertake to expedite rulings on the pending confirmation decisions.

An interlocutory appeal would also be inefficient given Consumer-Defendants' pending motion to dismiss Valve's complaint. *See* Dkt. 175. Because this Court has determined that Valve's 2024 updates to the Steam Subscriber Agreement are "unenforceable" and "unconscionable," Dkt. 169 at 19–27, Consumer-Defendants are likely to prevail on dismissal of Valve's claims on the merits. A subsequent appeal of that final dismissal order would encapsulate the same legal questions Valve prematurely seeks to appeal here. Because immediate review would add unnecessary review of fact-bound questions rather than advance the litigation, the Court should deny certification.

//

//

//

//

//

CONSUMER-DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR INTERLOCUTORY
APPEAL – PAGE 4

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

**CONCLUSION**

Consumer-Defendants respectfully request that the Court deny Valve's Motion to Certify the Order Denying its Motion for a Preliminary Injunction for Interlocutory Appeal.

DATED this 25th day of June, 2026.

BAILEY DUQUETTE P.C.

By: */s William R. Burnside*
William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

BUCHER LAW PLLC

William Ward Bucher IV
(*pro hac vice* admitted)
350 Northern Blvd, STE 324-1519
Albany, NY 12204-1000
Tel. 202.997.3029
E: will@bucherlaw.com

*Attorneys for Consumer-Defendants*

*I certify that this motion contains less than 4,200 words per Local Rules W.D. Wash. LCR 7(e)(3)*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing Consumer-Defendants' Response to Valve's Motion to Certify Order Denying Motion For Preliminary Injunction For Interlocutory Appeal served upon counsel of record herein, as follows:

Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10                                    ☒ Via Email
Seattle, Washington 98104                                       ☒ Via Electronic Service
(206) 625-8600 Phone
(206) 625-0900 Fax
E: bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
E: michael.mctigue@skadden.com
E: meredith.slawe@skadden.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: June 25, 2026 at Seattle, Washington.

*s/ William R. Burnside*
William Burnside, WSBA No. 36002

CONSUMER-DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR INTERLOCUTORY
APPEAL – PAGE 6

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869