UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

            Plaintiff,

      v.

THOMAS ABBRUZZESE et al.,

            Defendants.

No. 2:24-CV-1717-JNW

**PLAINTIFF VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO CERTIFY ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION FOR INTERLOCUTORY APPEAL**

PLAINTIFF'S REPLY IN FURTHER SUPPORT
OF MOTION TO CERTIFY

## TABLE OF CONTENTS

**Page**

I.    ARGUMENT ..................................................................................................1

    A.    The Court's Order Involves Multiple Controlling Questions of Law as to Which There Is a Substantial Ground for a Difference of Opinion ...........................................................................................1

    B.    Interlocutory Review Will Materially Advance This Litigation..................2

        1.    The Motions to Confirm Arbitral Awards Do Not Undermine the Need for Certification ....................................................................3

        2.    The Motion to Dismiss Is Fatally Flawed and Thus Is Not a Legitimate Basis to Avoid Certification ..........................................4

II.    CONCLUSION..............................................................................................5

PLAINTIFF'S REPLY IN FURTHER SUPPORT
OF MOTION TO CERTIFY – i
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Defendants' opposition confirms that Section 1292(b) certification is the best course here. The opposition all but concedes that the legal issues presented by Valve's motion for Section 1292(b) certification are threshold issues that could dispose of this litigation, and so the only question is whether appellate review of those issues should take place now or later. Their principal contention is that the Court should burden itself with reaching final judgments on requests to confirm arbitral awards and resolving their recently (improperly filed) motion for dismissal or judgment on the pleadings. That approach makes no sense: it would force the Court to expend its time and resources ruling on numerous pending motions—many of which present several independently dispositive issues—thus further delaying resolution of the central questions in this case. Rather than accepting Defendants' invitation to delay inevitable appellate review and taking on the burden of deciding questions that may never need to be decided depending on the Ninth Circuit's view, the most efficient approach is to grant Section 1292(b) certification now.

## I.      ARGUMENT

Defendants' opposition does nothing to undercut Valve's demonstration that the criteria for certification under Section 1292(b) are satisfied and that appellate review is warranted.

### A.      The Court's Order Involves Multiple Controlling Questions of Law as to Which There Is a Substantial Ground for a Difference of Opinion

Defendants do not seriously dispute Valve's showing (Mot. 4-11) that the order (1) "involv[es] a controlling question of law" (2) "as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The opposition devotes just a single paragraph to those criteria.

Defendants are wrong that "contrary controlling legal authority" (Opp. 2) is required.

First, "controlling" authority is unnecessary for Section 1292(b) review: frequently, courts grant certification when they find (as this Court previously observed here) that there is no "controlling case" that "dictates an outcome" (5/19/26 Tr. 4:13-17). *See, e.g.*, *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (cited at Mot. 6-7) ("novel and difficult questions

PLAINTIFF'S REPLY IN FURTHER SUPPORT
OF MOTION TO CERTIFY – 1
No. 2:24-CV-1717-JNW

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

of first impression" favor certification); *Sterling v. Feek*, 2024 WL 6824394, at \*3 (W.D. Wash. Jan. 5, 2024) (granting 1292(b) certification when "[t]here is no clear Circuit authority" and "the question for appeal has not been directly addressed by Circuit precedent"); *Mothershead v. Wofford*, 2022 WL 2755929, at \*2 (W.D. Wash. July 14, 2022) (same when the court's order "makes a novel determination on the controlling legal question on which fair-minded jurists could disagree" and "none of the cases the Court could locate provides express guidance on how to resolve the diligence inquiry").

Contrary authority is also not required: "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution" even where they have not yet "already disagreed." *Reese*, 643 F.3d at 688. That said, contrary authority is present here; as Valve showed in its motion (at 7-11), decisions from other courts provide ample ground for difference of opinion on the legal issues presented. Defendants don't say a word about any of these decisions.

Defendants' sole authority—*Grant v. T-Mobile USA, Inc.*, 2024 WL 3510937 (W.D. Wash. July 23, 2024)—only serves to confirm Valve's point that there are substantial grounds for disagreement. The *Grant* court held that an updated contract presented to an employee during pending litigation was "validly formed" and that the contract's delegation clause was enforceable, so any suggestion by the court of unenforceability was dicta. *Id.* at \*6-7. Other courts have squarely concluded that there is nothing improper about a company communicating updates to its user agreements in the ordinary course of business, even when some of those users are represented. (Mot. 11 (discussing *Haider v. Lyft, Inc.*, 2021 WL 3475621, at \*3 (S.D.N.Y. Aug. 6, 2021), and *SCPS LLC v. Kind Law*, 2026 WL 96898, at \*9 (C.D. Cal. Jan. 8, 2026)).) That type of disagreement points in favor of certification, not against it.

### B.    Interlocutory Review Will Materially Advance This Litigation

Defendants devote the bulk of their opposition to asserting that it would be inefficient for the Ninth Circuit to decide these threshold controlling legal issues now. But they are flatly wrong

---

PLAINTIFF'S REPLY IN FURTHER SUPPORT
OF MOTION TO CERTIFY – 2
No. 2:24-CV-1717-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

in asserting that an interlocutory appeal will "force the Ninth Circuit to review overlapping legal questions multiple times." (Opp. 3.) If the Ninth Circuit reverses and holds that the Controlling SSA's forum-selection clause is enforceable as to Defendants, that holding will dictate the outcome of virtually all of the remaining litigation in this Court (Mot. 6, 12) *and* will serve as law of the case in any future appeals in this action (*see Nordstrom v. Ryan*, 856 F.3d 1265, 1270 (9th Cir. 2017)).

Defendants propose two alternative routes to appellate review: the decisions that they anticipate this Court will issue on (1) pending motions by some Defendants to confirm arbitration awards; and (2) the motion to dismiss that Defendants filed in disregard of this Court's order to answer Valve's complaint. Requiring this Court to resolve those motions will not be "faster and more efficient" (Opp. 3)—either for this Court or the Ninth Circuit—than an immediate interlocutory appeal addressing these dispositive legal issues now.

### 1. The Motions to Confirm Arbitral Awards Do Not Undermine the Need for Certification

Defendants argue that there are "pending requests to confirm multiple arbitration awards" that will be appealable in lieu of the Court's order on Valve's motion for a preliminary injunction. (Opp. 3.) But those motions raise an overlapping dispositive legal question that is at issue in the preliminary injunction order: whether the Controlling SSA is enforceable as to individuals with pending arbitrations. Valve's numerous other cross-motions to vacate and petitions to vacate (several of which are filed in separate actions) raise the same question. An appeal here has the potential to dispose of those motions and petitions addressing at least thirty arbitral awards.

This motion is the most efficient vehicle for appellate review because it is focused on the narrow issue of the enforceability of the Controlling SSA. The motions to confirm, cross-motions to vacate, and petitions to vacate, in contrast, raise several other independent grounds to deny confirmation and/or vacate the arbitration awards:

- Five arbitration claimants who have moved for confirmation in this action lack standing

PLAINTIFF'S REPLY IN FURTHER SUPPORT
OF MOTION TO CERTIFY – 3
No. 2:24-CV-1717-JNW

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

to do so here because they are not Defendants in this action (Dkts. 100, 101, 119, 120, 167);

- Some of the arbitrators deprived Valve of due process in connection with the fee awards by denying Valve an opportunity to cross-examine the claimant, denying Valve an opportunity to respond to arguments, or basing fee awards on *ex parte* billing submissions (Dkts. 99, 100, 101, 102, 119, 120, 167);

- The attorneys' fees and costs awarded, comprising more than 99% of the monetary awards issued, were arbitrary and irrational (Dkts. 99, 100, 101, 102, 119, 120, 167, 170);

- One arbitrator's theory of liability manifestly disregarded the law (Dkt. 170); and

- Another arbitrator failed to disclose the significant conflict of interest arising from the fact that she is a partner at a law firm that represents video game developers adverse to Valve (Dkts. 99, 100, 101, 102).

These substantial issues still would have to be resolved by this Court and then perhaps by the Ninth Circuit. Those independent grounds for decision might mean that the Ninth Circuit never decides the unconscionability issues in any given appeal from the Court's orders on those motions, further delaying the ultimate resolution of other motions. By contrast, certification of these dispositive issues will advance all these disputes toward final resolution.

### 2. The Motion to Dismiss Is Fatally Flawed and Thus Is Not a Legitimate Basis to Avoid Certification

Defendants' recently-filed motion for dismissal or for judgment on the pleadings (*see* Opp. 4) is not a good ground for avoiding certification. That motion is defective for several independent reasons:

- The motion was filed in disregard of this Court's order that "Defendants must answer the Complaint within fourteen (14) days of this Order. *See* Fed. R. Civ. P. 12(a)(4)(A)." (Dkt. 172 at 3.)

---

PLAINTIFF'S REPLY IN FURTHER SUPPORT
OF MOTION TO CERTIFY – 4
No. 2:24-CV-1717-JNW

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

- Defendants did not confer prior to filing the motion as this Court's Chambers Procedures require.

- The motion violates Rule 12(g)(2) because it is a successive Rule 12 motion. Defendants already tried, without success, to strike the Complaint under Rule 12(f). *See Smith v. Snohomish Cnty.,* 2025 WL 3469883, at *2 (W.D. Wash. Dec. 3, 2025) (Rule 12(g)(2) applies to a motion to strike under Rule 12(f)) (citing 2 Moore's Federal Practice – Civil § 12.21).

- To the extent the motion seeks a judgment on the pleadings under Rule 12(c), it is premature, because Defendants have not yet answered the Complaint. *Laws. for Fair Reciprocal Admission v. United States*, 141 F.4th 1056, 1074 (9th Cir. 2025).

The motion also is raised at the pleading stage, meaning that the Court's review is limited to the Complaint rather than the fuller record. Defendants' motion is thus a poor vehicle for resolving the unconscionability issues. That filing is relevant only insofar as it confirms that the unconscionability issues presented for certification under Section 1292(b) are potentially dispositive legal questions.

In any event, even if the Court granted the motion, that dismissal would not be an appealable final judgment, because there are numerous outstanding motions seeking relief on arbitral awards that would also have to be resolved. Defendants' proposal for the Court to refuse certification now so that it can certify later makes no sense. The issues are ripe for appellate review; the Court should certify an immediate appeal.

## II.    CONCLUSION

Plaintiff respectfully requests that the Court either enter an order certifying its May 27, 2026, order on the motion for preliminary injunction (Dkt. 169) for interlocutory appeal under 28 U.S.C. § 1292(b) or amend the May 27, 2026, order to provide certification for immediate appeal.

PLAINTIFF'S REPLY IN FURTHER SUPPORT
OF MOTION TO CERTIFY – 5
No. 2:24-CV-1717-JNW

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED this 1st day of July 2026.

I certify that this memorandum contains 1,618 words, in compliance with the Local Civil Rules.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600
(206) 625-0900 (fax)
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Plaintiff Valve Corporation*

PLAINTIFF'S REPLY IN FURTHER SUPPORT
OF MOTION TO CERTIFY – 6

No. 2:24-CV-1717-JNW