HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>    Plaintiff,<br><br> v.<br><br>THOMAS ABBRUZZESE, et al.,<br><br>    Defendants. | No. 2:24-cv-1717-JNW<br><br>**REPLY DECLARATION OF BLAKE MARKS-DIAS IN FURTHER SUPPORT OF PLAINTIFF VALVE CORPORATION'S CROSS-MOTION TO VACATE ARBITRATION AWARDS** |

REPLY DECLARATION OF BLAKE MARKS-DIAS - 1

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1. Blake Marks-Dias states and declares as follows[1]:

2. I am over 18 years of age, have personal knowledge of the matters stated herein, and am competent to testify to these matters.

3. I am one of the attorneys representing Valve and make this Reply Declaration in Further Support of Valve's Cross-Motion to Vacate Arbitration Awards.

4. On September 26, 2024, Valve began providing notice to all of its users worldwide that its Steam Subscriber Agreement ("SSA") had been updated ("Controlling SSA").[2]

5. On September 27, 2024, Valve notified the AAA that the Controlling SSA removed the arbitration agreement and class action waiver from the SSA and therefore the AAA lacked jurisdiction to resolve disputes with Valve, including the Dasteel Defendants' disputes. Valve therefore requested that the AAA administratively close the arbitrations including the Dasteel Defendants' Arbitrations.

6. Attached hereto as **Exhibit 27** is a true and correct copy of a letter, dated September 27, 2024, from Valve to the AAA requesting the AAA close the arbitrations.

7. Attached hereto as **Exhibit 28** is a true and correct copy of a letter, dated September 27, 2024, from Valve to then-arbitrator Janice Sperow, attaching Valve's September 27, 2024, communication to the AAA and stating there should be no further proceedings in the matters before her. Following that letter to Ms. Sperow, Valve continuously asserted that the question of which agreement controls was for a court and only a court to decide. Attached hereto as **Exhibit 29** is a true and correct copy of a letter, dated October 19, 2024 to Ms. Sperow requesting that the Arbitrations be stayed in deference to the Court, which has exclusive jurisdiction over the threshold issue of whether there is an agreement to arbitrate. Attached hereto as **Exhibit 30** is a true and correct copy of Valve's brief to Ms. Sperow, dated October 21, 2024, requesting that the Arbitrations be stayed or dismissed

---

[1] Capitalized terms have the meanings ascribed to them in my declaration dated May 28, 2026 (Dkt. 171).

[2] The SSA has been amended twice since September 26, 2024, with the most recent amendment in April 2026. These subsequent amendments do not affect the legal rights of U.S. users. The SSA as of September 26, 2024, and the subsequently amended versions are referred to collectively as the "Controlling SSA." The Controlling SSA is referred to as the "Current SSA" in the Declarations of Scott Lynch (Dkts. 80, 162, and 185).

REPLY DECLARATION OF BLAKE MARKS-DIAS - 2

and explaining that under controlling Supreme Court authority, a court, not an arbitrator must decide which agreement controls. Attached hereto as **Exhibit 31** is a true and correct copy of Valve's reply brief in further support of its request to dismiss or stay the Arbitrations, dated November 8, 2024.

8.    Attached hereto as **Exhibit 32** is a true and correct copy of the Arbitrator's November 7, 2024, Order Suspending Proceedings Pending Court Determination of Jurisdictional Issues.

9.    While some arbitrations have been stayed pending resolution of this action, others have proceeded to award despite Valve's jurisdictional objections. Valve has prevailed in 134 of the 164 arbitrations where final awards were issued. Valve has sought to confirm awards in Washington state court to avoid the wasteful relitigation of meritless claims. Attached hereto as **Exhibit 33** is a true and correct copy of an exemplar petition to confirm.

10.    The Dasteel Defendants' counsel has acknowledged in arbitration hearings, and at least one arbitrator has found, that the Dasteel Defendants' counsel is engaging in "forum shopping" in pursuing arbitrations and a parallel class action.

11.    The Dasteel Defendants' counsel has represented in arbitration hearings that if arbitration claimants do not like the decisions of an arbitrator at any point up until a merits determination, they might withdraw from the arbitrations and participate in the class action. Based on this admission, one arbitrator has found that the Dasteel Defendants' counsel was engaged in "bet hedging."

12.    The Dasteel Defendants' counsel has withdrawn or attempted to withdraw or "stay" numerous arbitration claims on the eve of final merits hearings—after Valve expended substantial resources and time briefing pre-hearing motions, engaging in information exchange, and participating in numerous pre-hearing conferences under a reservation of rights.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 20th day of July 2026, at Seattle, Washington.

/s/ *Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169

REPLY DECLARATION OF BLAKE MARKS-DIAS - 3

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900