UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

          Plaintiff,

    v.

THOMAS ABBRUZZESE et al.,

          Defendants.

CASE NO. 2:24-cv-1717-JNW

ORDER GRANTING
INTERLOCUTORY APPEAL AND
STAYING CASE

## 1. INTRODUCTION

This matter comes before the Court on Plaintiff Valve Corporation's Motion to Certify for Interlocutory Appeal. Dkt. No. 173. Having reviewed the motion, Defendants' response, Dkt. No. 176, the reply, Dkt. No. 179, and all supporting materials, the Court GRANTS the motion, STAYS this case, and STRIKES the pending motions at Dkt. Nos. 134, 142, 143, 167, and 170.

## 2. BACKGROUND

On May 27, 2026, the Court denied Valve's motion for a preliminary injunction. Dkt. No. 169. The Court held that the Updated Steam Subscriber Agreement's ("Updated SSA") retroactive forum-selection clause is likely

ORDER GRANTING INTERLOCUTORY APPEAL AND STAYING CASE - 1

unconscionable, and so unenforceable, as applied to Defendants. Valve now asks the Court to certify that order for interlocutory appeal—it frames the controlling question as "whether Valve's adoption of new contract terms in September 2024 was unconscionable as to the Defendants." Dkt. No. 173 at 1. The Court does not repeat or review the underlying order here, and instead refers the reader to the order itself.

### 3.  DISCUSSION

**3.1    An interlocutory appeal is proper.**

Interlocutory appeals are governed by 28 U.S.C. § 1292(b). The law provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Under this law, certification is appropriate where there is (1) a controlling question of law; (2) a substantial ground for difference of opinion on that question; and (3) a likelihood that immediate appeal will materially advance the conclusion of the litigation. *See id.* "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

The Parties dispute each requirement. The Court reviews them below.

**3.1.1    There is a controlling question of law.**

"A controlling question of law must be one of law—not fact—and its resolution must 'materially affect the outcome of litigation in the district court.'"

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981)).

There is no serious dispute about whether the question at issue is controlling—plainly, it is. The question of unconscionability and enforceability in Washington are a "pure question of law" that requires no additional factual findings before review. *See Bluetooth SIG, Inc. v. FCA US LLC*, No. 2:18-CV-01493-RAJ, 2021 WL 1922975, at *1 (W.D. Wash. May 13, 2021). And despite Defendants' claims to the contrary, the question clearly controls the outcome of the case at hand: if the Updated SSA and its retroactive forum-selection clause are found to be enforceable, there is little remaining question as to whether Valve is entitled to declaratory relief. Indeed, Defendants concede as much in their motion to dismiss, which centers the question as the impetus for outright dismissal of the claims brought against them. See Dkt. No. 175. Accordingly, the Court finds that the first § 1292(b) requirement is met.

### 3.1.2    There is substantial ground for difference of opinion.

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are

presented.'" *Id.* (quoting 3 Fed. Proc., L. Ed. § 3:212 (footnotes omitted)). But "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Id.*

The Court agrees with Valve that the order presents a novel legal question on which fair-minded jurists might reach contradictory conclusions. The Court remains convinced that the retroactive forum-selection clause Valve presented to Defendants was likely procedurally and substantively unconscionable. But it told the Parties at argument that neither side was sitting "on comfortable ground," Dkt. No. 165 at 4, and that is still true. Accordingly, the second § 1292(b) requirement is met.

### 3.1.3    An immediate appeal will advance this matter.

An immediate appeal will also materially advance this litigation. If the Ninth Circuit agrees with Valve that the Updated SSA is enforceable, the Parties and the Court will have the answer to the central question now rather than at the end of the case, and will be spared the work in between. Whether the Updated SSA controls looms over several auxiliary matters pending in this case—the outstanding motions to confirm or vacate various arbitral awards, among them—and over other cases raising nearly identical arguments. *See, e.g.*, *Valve Corp. v. Irias*, No. 2:26-cv-00698-

ORDER GRANTING INTERLOCUTORY APPEAL AND STAYING CASE - 4

JNW (W.D. Wash., Feb. 27, 2026). Thus, the third and final § 1292(b) requirement is met.

Because all three requirements are met, the Court GRANTS the motion.

### 3.2    A stay is warranted pending appeal.

Given where this case stands, a limited stay while the Ninth Circuit decides whether to hear Valve's appeal will "promote economy of time and effort for [the Court], for counsel, and for [the] litigants." *See Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008). This case is thus STAYED pending the Ninth Circuit's decision whether to take the appeal. Within 14 days of that decision, the Parties must file a joint status report. If the Ninth Circuit declines the appeal, the report must include a proposed litigation schedule.

### 3.3    The remaining pending motions in this matter are struck with leave to renew.

There are still several pending motions in this matter, each hinging on the outcome of the potential appeal. *See, e.g.*, Defendants' motion for attorney fees, Dkt. No. 134; Defendants' motions to confirm awards and Valve's cross-motions to vacate, Dkt. Nos. 142, 143, 167, 170; Defendant's motion to dismiss, Dkt. No. 175. Rather than leave these pending motions unresolved while the matter is stayed, the Court finds it appropriate to strike them with leave to renew. Should the Ninth Circuit decline review of the preliminary injunction denial, the Parties may choose to file new motions (or cross-motions) seeking fees, confirmation/vacatur of arbitral awards, and dismissal.

## 4. CONCLUSION

In sum, Valve's motion to certify is GRANTED. The Court CERTIFIES its May 27, 2026, Order Denying Valve's Motion for Preliminary Injunction, Dkt. No. 169, for interlocutory appeal. This matter is STAYED pending the Ninth Circuit's decision whether to take the appeal. Within 14 days of that decision, the Parties must file a joint status report. If the Ninth Circuit declines the appeal, the report must include a proposed litigation schedule.

The pending motions at Dkt. Nos. 134, 142, 143, 167, and 170 are STRICKEN with leave to renew.

Dated this 30th day of July, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING INTERLOCUTORY APPEAL AND STAYING CASE - 6