HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

                Plaintiff,

        v.

THOMAS ABBRUZZESE et al.,

                Defendants.

No. 2:24-cv-1717-JNW

**PLAINTIFF VALVE CORPORATION'S NARROW MOTION FOR CLARIFICATION OF ORDER GRANTING INTERLOCUTORY APPEAL AND STAYING CASE**

**NOTE ON MOTION CALENDAR: SEPTEMBER 2, 2026**

---

PLAINTIFF VALVE CORPORATION'S
NARROW MOTION FOR CLARIFICATION

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Valve agrees with this Court that certification of an interlocutory appeal and a stay of further proceedings are warranted and does not seek clarification of those conclusions. *See* Dkt. 192 ("Order").

As an administrative matter, the Court also struck "with leave to renew" Valve's cross-motions to vacate two sets of arbitration awards. Valve seeks clarification of that portion of the Order to avoid any dispute over the timeliness of these motions.

Section 12 of the Federal Arbitration Act sets a three-month deadline to move to vacate an arbitration award. Valve timely moved to vacate the challenged awards.[1] The FAA's three-month deadline had passed by the time of the Order as to those challenged awards. *See* 9 U.S.C. § 12. The Court recognized Valve's pending motions "hing[ed] on the outcome of the potential appeal" and clearly stated its intent that the parties receive the opportunity for their then-pending motions to be heard. Order at 5. In addition, the Ninth Circuit permits equitable tolling of the three-month deadline under Section 12 of the FAA, *see Move, Inc. v. Citigroup Glob. Mkts., Inc.*, 840 F.3d 1152, 1156-58 (9th Cir. 2016), and district courts in this Circuit have permitted a renewed motion to vacate when the initial motion was timely filed but stricken by the court, *see Unite Here v. Wilton Rancheria*, No. 2:23-cv-02767-KJM-SCR, 2024 WL 5047033, at *6 (E.D. Cal. Dec. 9, 2024), *aff'd*, No. 25-234, 2026 WL 948529 (9th Cir. Apr. 6), *petition for cert. docketed*, No. 26-39 (U.S. July 9, 2026).

Nonetheless, Defendants may argue any renewed motion to vacate is untimely because it was brought after the FAA's three-month challenge period. In an abundance of caution and to further judicial economy by avoiding future disputes, Valve requests that the Court clarify that any renewed or refiled requests by Valve to vacate the awards at issue will be deemed "filed" on

---

[1] Valve timely filed in May 2026 cross-motions seeking vacatur of two sets of awards: (1) awards issued by Arbitrator Suzanne M. McSorley as to nineteen defendants here, delivered to the parties on April 23, 2026 (Dkt. 167); and (2) awards issued by Arbitrator Jeffrey H. Dasteel as to four defendants here, delivered to the parties on April 27, 2026 (Dkt. 170). The statutory deadline to seek vacatur of those awards expired on July 22, 2026, and July 27, 2026, respectively—both before this Court's July 30, 2026, Order.

PLAINTIFF VALVE CORPORATION'S
NARROW MOTION FOR CLARIFICATION – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

May 26, 2026, or May 28, 2026—i.e., the filing dates of the stricken cross-motions to which any such renewed filing would correspond.[2]

**CONCLUSION**

Valve respectfully requests that this Court clarify the portions of its Order raising the limited issues described above.

DATED this 12th day of August 2026.

I certify that this memorandum contains 491 words, in compliance with the Local Civil Rules.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Plaintiff Valve Corporation*

---

[2] While the one-year deadline to move to *confirm* the same awards, *see* 9 U.S.C. § 9, has yet to expire, Valve does not object to the Court also clarifying the portion of its Order striking Defendants' motions to confirm the awards (Dkts. 142, 143) along the lines requested in this motion.

PLAINTIFF VALVE CORPORATION'S
NARROW MOTION FOR CLARIFICATION – 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900