HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br>Plaintiff,<br>v.<br>THOMAS ABBRUZZESE, *et al*.,<br>Defendants. | Case No. 2:24-cv-1717-JNW<br><br>DEFENDANTS' MOTION TO CONFIRM THE TIMELINESS OF NOTICE OF APPEAL OR, ALTERNATIVELY, FOR EXTENSION OF TIME TO APPEAL<br><br>NOTED ON MOTION CALENDAR:<br>September 23, 2026[1] |

Defendants Gregory Fish, Ethan Lefebvre, Christian Graber, Jeremy Lucas, Alec Birenbaum, and Lance Vicente ("**Consumer-Defendants**"), through undersigned counsel, hereby move to confirm the timeliness of their Notice of Appeal (Dkt. 197) or, alternatively, for extension of time to appeal.

[1] "A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise." Fed. R. App. P. 4(a)(5)(B). Consumer-Defendants filed this motion ex parte pursuant to this rule and complied with the local rules of procedure for ex parte motions. Local Rules W.D. Wash, LCR 7(d)(1), (e)(1).



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

## I. INTRODUCTION

This motion concerns Consumer-Defendants' September 21, 2026 notice of appeal from the Court's July 24 and July 29 orders denying their motions to confirm arbitration awards.

Consumer-Defendants' September 21 notice of appeal was timely. The Ninth Circuit granted Valve permission to appeal on September 16, 2026; Valve filed its notice of appeal on September 18; and Consumer-Defendants filed their notice three days later, on September 21. Dkts. 197, 198. Federal Rule of Appellate Procedure 4(a)(3) allows other parties fourteen days after the first notice of appeal to file its own, and Rule 5(d)(2) treats the order granting permission to appeal as the notice-of-appeal date for calculating time under the appellate rules. Whether measured from September 16 or September 18, Consumer-Defendants filed well within that fourteen-day period. The Court should therefore confirm that their notice was timely.

If the Court concludes otherwise, it should grant an extension under Rule 4(a)(5). Any deemed delay was minimal and caused Valve no meaningful prejudice; the district-court proceedings had been stayed; and the timing arose against a procedural backdrop sufficiently uncertain that Valve itself sought clarification of the stay's effect on statutory deadlines. Dkts. 192, 195. Consumer-Defendants nevertheless acted promptly, filing only five days after the Ninth Circuit granted Valve permission to appeal and three days after Valve filed its notice. The same



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

undisputed chronology therefore supports either result: the September 21 notice was timely, or, alternatively, any necessary extension is warranted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 15 and October 27, 2025, Consumer-Defendants filed motions to confirm their arbitration awards. Dkts. 88–91, 115, 116. The Court denied the motions on July 24 and July 29, 2026, respectively. Dkts. 190, 191. The Court then *sua sponte* stayed proceedings, struck the pending motions at Dkts. 142, 143, 167, and 170 with leave to renew, and established a process for submitting a status report following an appellate decision regarding appeal of another order. Dkt. 192. Notably, the Court did not strike Consumer-Defendants' pending motion to dismiss. *Id* at 1:18, 6:8.

Despite the Court's clear direction that this matter was stayed, Valve filed a motion seeking clarification of the stay's scope as to certain statutory deadlines. Dkt. 195.

On September 16, 2026, the Ninth Circuit granted Valve's petition for permission to appeal. On September 18, 2026, Valve filed its appeal of the Court's order denying preliminary relief. Dkt. 197.

## III. LEGAL STANDARD

Rule 4(a)(3) provides that when one party timely files a notice of appeal, any other party may file a notice of appeal within fourteen days after the first notice, or within the otherwise applicable appeal period, whichever ends later. Fed. R. App. P. 4(a)(3). For a permissive appeal, Rule 5(d)(2) provides that the date the court of



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

appeals enters its order granting permission to appeal serves as the notice-of-appeal date "for calculating time under these rules." Fed. R. App. P. 5(d)(2).

If an extension is necessary, the district court may extend the time to appeal upon a motion filed within thirty days after the original appeal period expires and a showing of good cause or excusable neglect. Fed. R. App. P. 4(a)(5)(A). The inquiry is equitable and considers prejudice, the length and potential effect of the delay, its reason and whether it was within the movant's reasonable control, and good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Those considerations must be evaluated in the context of the particular case, not through categorical rules. *Pincay v. Andrews*, 389 F.3d 853, 859–60 (9th Cir. 2004) (en banc). And where a "lack of any prejudice to the [opposing party] or to the interests of efficient judicial administration" is combined with "the good faith of [movants] and their counsel," those considerations weigh strongly in favor of permitting a potentially tardy filing. *Pioneer*, 507 U.S. at 398.

## IV. ARGUMENT

### A. Consumer-Defendants' Notice of Appeal is Timely.

The dates resolve the timeliness question. The Ninth Circuit granted Valve permission to appeal on September 16, 2026. Dkt. 198. Under Rule 5(d)(2), that order serves as the notice of appeal "for calculating time under these rules." Fed. R. App. P. 5(d)(2). Valve then filed its notice of appeal on September 18. Dkt. 198. Consumer-Defendants filed their notice on September 21. Dkt. 197. Whether



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

measured from September 16 or September 18, Consumer-Defendants filed well within the fourteen days allowed by Rule 4(a)(3).

Rule 4(a)(3) provides that when one party timely files a notice of appeal, another party may file a notice within fourteen days after the first notice or within the otherwise applicable appeal period, whichever ends later. Fed. R. App. P. 4(a)(3). Consumer-Defendants filed their notice on September 21, which is five days after the September 16 date supplied by Rule 5(d)(2) and three days after Valve's September 18 filing. The notice was therefore timely under Rule 4(a)(3).

The fact that Consumer-Defendants appealed different orders does not change that result. Rule 4(a)(3) contains no requirement that the second party appeal the same order as the first. The Tenth Circuit rejected precisely that limitation, holding that "the application of Rule 4(a)(3) is not restricted to circumstances in which the second party's appeal is taken from the same order appealed by the first party." *Woodruff v. Convington*, 389 F.3d 1117, 1121 (10th Cir. 2004). There, the additional fourteen-day period applied even though the second party appealed a different order in the same case. *Id*. The same rule applies to Consumer-Defendants' September 21 notice.

That resolves the issue without requiring the Court to determine whether its stay separately affected the original appeal period. Even assuming that period otherwise expired, Rule 4(a)(3) supplied an additional fourteen-day period once Valve appealed. Consumer-Defendants filed within that period. The Court should



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

therefore confirm that their September 21 notice was timely. Only if the Court concludes otherwise does Rule 4(a)(5) extension become relevant.

**B. If the Court Concludes an Extension Is Necessary, the Equitable Factors Favor Granting One.**

If the Court concludes that Rule 4(a)(3) did not render Consumer-Defendants' September 21 notice timely, the Rule 4(a)(5) factors independently favor an extension. Any resulting delay was minimal, caused Valve no meaningful prejudice, arose against an unusually complicated procedural backdrop, and reflects Consumer-Defendants' prompt effort to preserve appellate review.

First, an extension presents little danger of prejudice to Valve. The vacatur issues are already before the Ninth Circuit in six related appeals. And the district-court proceedings were stayed during the relevant period. Dkt. 192. Permitting Consumer-Defendants to pursue appellate review would therefore neither introduce an unexpected controversy nor disrupt active district-court merits proceedings. In *Evers v. Commissioner of Social Security Administration*, 2024 U.S. Dist. LEXIS 111326, at *4 (D. Ariz. June 25, 2024), the court found that this factor favored relief where the opposing party faced no apparent prejudice beyond continued litigation. The same consideration favors relief here.

Second, any delay was limited in both length and practical effect. Proceedings were stayed for the majority of the original appeal period, and Consumer-Defendants acted within days after the stay was lifted. Dkt. 192. Their September 21 notice followed Valve's September 18 notice by only three days. Dkt.



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

197. Even if Rule 4(a)(3) does not control, the timing produced little practical disruption and no identified prejudice to Valve.

Third, the reason for any deemed delay weighs in favor of relief. Consumer-Defendants filed within the fourteen-day period they contend Rule 4(a)(3) allowed. At the same time, the stay struck four pending motions with leave to renew, established a later status-report process, and left Consumer-Defendants' motion to dismiss pending. Dkt. 192 at 1:18, 6:8. Valve then sought clarification of the stay's effect on statutory deadlines. Dkt. 195. Valve's own filing thus confirms that the stay raised a real question about the continued operation of deadlines in a matter with an already unusual procedural posture.

That posture was not of Consumer-Defendants' making. The Court previously observed that Valve's "tactical decision to name 624 individual respondents" created a difficult procedural path and that "Valve's filing and refiling of motions, renoting the petition, piecemeal withdrawals, and service issues" had "created needless complications." Dkt. 76 at 3:21–4:2 (quoting Dkt. 46 at 3). The timing of Consumer-Defendants' notice must be assessed in that case-specific context.

*Pioneer* supports doing so. There, the Supreme Court gave substantial weight to the "dramatic ambiguity" in a court's notice when evaluating a delayed filing. 507 U.S. at 398–99. And *Pincay* directs courts to assess an extension "within the context of the particular case, a context with which the trial court is most



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

familiar." 389 F.3d at 859. Here, the relevant context appears in Valve's complicated procedural decisions and in Valve's request for clarification.

Fourth, Consumer-Defendants' filing reflects good faith. They did not wait until long after the Ninth Circuit granted Valve permission to appeal. Consumer-Defendants filed their notice of appeal five days later. Dkt. 197. That sequence supports the inference that Consumer-Defendants acted to preserve appellate review as the procedural posture developed. *See Betts v. Goodwin*, 2025 U.S. Dist. LEXIS 79358, at *4 (C.D. Cal. Apr. 24, 2025), *adopted*, 2025 U.S. Dist. LEXIS 98039 (C.D. Cal. May 22, 2025).

The result is therefore the same under either path. Consumer-Defendants' September 21 notice was timely for the reasons explained above. *Supra*, § IV.A. But if the Court concludes that an extension is required, the absence of meaningful prejudice, the limited practical effect of any delay, the uncertainty created by the procedural posture, and Consumer-Defendants' prompt protective filing favor an extension to the extent one is necessary. *Pioneer*, 507 U.S. at 398.

## V. CONCLUSION

Consumer-Defendants respectfully request that the Court confirm their notice of appeal is timely or, alternatively, to the extent an extension is necessary, the Court extend the time to appeal under Rule 4(a)(5).

DATED this 23rd day of September, 2026.

BAILEY DUQUETTE P.C.

By: */s William R. Burnside*
William R. Burnside, WSBA #36002



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

BUCHER LAW PLLC

William Ward Bucher IV
(*pro hac vice* admitted)
350 Northern Blvd, STE 324-1519
Albany, NY 12204-1000
Tel. 202.997.3029
E: will@bucherlaw.com

*Attorneys for Consumer-Defendants*

*I certify that this motion contains less than 2,100 words per Local Rules W.D. Wash. LCR 7e(1).*