HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br>Plaintiff,<br>v.<br>THOMAS ABBRUZZESE, *et al*.,<br>Defendants. | Case No. 2:24-cv-1717-JNW<br><br>DEFENDANTS' STATUS REPORT |

Defendants, through undersigned counsel, hereby submit this status report.

As a threshold matter, undersigned counsel recognizes the Court's observation that the "parties think little of each other," Dkt. 169 at 2 n.1, and understands the Court's expectation that counsel's disagreements not interfere with the orderly resolution of this matter. Consistent with that expectation, undersigned counsel contacted opposing counsel one week ago in an effort to reach agreement on a joint status report. Despite that effort, the parties were unable to agree on a joint submission. Undersigned counsel therefore files this separate status report one day after the deadline.



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

**Undisputed**

On July 30, 2026, the Court (i) granted Valve Corporation's motion to certify for interlocutory appeal the Court's order denying Valve's motion for a preliminary injunction, (ii) stayed this action "pending the Ninth Circuit's decision whether to take the appeal," and (iii) ordered the parties to file a joint status report within 14 days of the Ninth Circuit's decision whether to grant Valve's petition to appeal. (Dkt. 192 at 6.)

On September 16, 2026, the Ninth Circuit granted Valve's petition to appeal. (Dkt. 198.) Under the current schedule, Valve's opening brief is due October 28, 2026, Respondents' response is due November 27, 2026, and Valve's reply is due December 18, 2026. (Dkt. 199.)

On September 21, 2026, Defendants Greg Fish and Jeremy Lucas and former defendants Ethan Lefebvre, Christian Graber, Alec Birenbaum, and Lance Vicente filed a notice of appeal of this Court's orders dated July 24, 2026, and July 29, 2026, denying their motions to confirm arbitration awards. (Dkt. 197.) Under the current schedule, appellants' opening brief is due November 4, 2026, Valve's response is due December 4, 2026, and appellants' reply is due December 28, 2026. (Dkt. 203.)

**Defendants' Supplemental Position**

Defendants respectfully request that the Court proceed to resolve their fully briefed motion to dismiss. Dkt. 175. The Court's stay dissolved under its own terms when the Ninth Circuit ruled on Valve's petition for permission to appeal, Dkt. 192, and the Court did not strike Defendants' motion to dismiss, *id*.



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Defendants make this request because it is in the interest of all parties and the Court to obtain a final ruling on the merits of Valve's claims. A final merits ruling through the motion to dismiss would permit de novo review of the contract question as to ongoing arbitrations alongside the appeals concerning completed arbitrations. *See* Dkt. 197 (notice of appeal); *Valve Corp. v. Fish*, No. 26-5475 (9th Cir.).

The preliminary-injunction appeal may never answer that question. This Court denied extraordinary relief because Valve's showing failed on every *Winter* factor. Dkt. No. 169 at 27–31. The Ninth Circuit can affirm based on the absence of irreparable harm, the balance of equities, or the public interest without reaching the contract issue. If Valve cannot establish entitlement to an injunction regardless of which agreement governs, there is no need to decide which agreement governs.

The completed-award appeals present the opposite posture: the Court granted Valve the extraordinary relief of partially vacating arbitral awards. Those judicial decisions receive de novo review, while the awards themselves receive substantial deference. *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1238, 1240 (9th Cir. 2022). In the preliminary-injunction appeal, Valve must overcome the Court's refusal to intervene; in the completed-award appeals, Valve must defend the Court's intervention under the FAA's demanding limits.

That difference makes the completed-award appeals a more direct opportunity to address Valve's contract theory. If the Ninth Circuit rejects the grounds on which vacatur was granted, Valve would then have to defend vacatur



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

on its remaining grounds, including its contract theory. That is the contract question in a de novo setting free of the non-merits *Winter* factors. Thus, a final merits ruling here would allow the parties to seek coordinated de novo review of the same contract question for both ongoing and completed arbitrations.

Finally, permission to appeal does not guarantee a merits decision. In *Couch v. Telescope Inc.*, the Ninth Circuit vacated its earlier orders permitting interlocutory appeals because § 1292(b)'s requirements were not satisfied. 611 F.3d 629, 632–34 (9th Cir. 2010). As *Couch* explains, "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.* at 633. Defendants respectfully submit that this Court applied established Washington unconscionability standards to Valve's novel facts; it did not identify an unsettled test for procedural or substantive unconscionability. The merits panel must independently determine whether that dispute satisfies § 1292(b). *ICTSI Oregon, Inc. v. International Longshore & Warehouse Union*, 22 F.4th 1125, 1130–31 (9th Cir. 2022). Awaiting the interlocutory appeal therefore risks postponing a dispositive ruling for an appeal that ends without any merits decision.

In sum, Defendants respectfully request that the Court rule on their noted and pending motion to dismiss to provide the ongoing arbitrations de novo review alongside the completed arbitrations.

DATED this 1st day of October, 2026.

BAILEY DUQUETTE P.C.

By: */s William R. Burnside*
William R. Burnside, WSBA #36002



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

BUCHER LAW PLLC

William Ward Bucher IV
(*pro hac vice* admitted)
1000 Brickell Ave
Suite 715
Miami, FL 33131
Tel. 202.997.3029
E: will@bucherlawfirm.com

*Attorneys for Consumer-Defendants*