UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br>Plaintiff,<br>v.<br>THOMAS ABBRUZZESE et al.,<br>Defendants. | CASE NO. 2:24-cv-1717-JNW<br><br>ORDER ON DEFENDANTS' MOTION TO CONFIRM TIMELINESS OF APPEAL |

Defendants Gregory Fish, Ethan Lefebvre, Christian Graber, Jeremy Lucas, Alec Birenbaum, and Lance Vicente ("Defendants") move to confirm the timeliness of their notice of appeal. Dkt. No. 200. The Court GRANTS the motion IN PART for the reasons below.

## 1. BACKGROUND

On July 30, 2026, the Court granted Plaintiff Valve Corporation's motion to certify its order denying a preliminary injunction for interlocutory appeal under

28 U.S.C. § 1292(b).[1] Dkt. No. 192. The Ninth Circuit granted Valve permission to appeal on September 16, 2026. Dkt. No. 198. Then, on September 21, 2026, Defendants filed a notice of appeal of the Court's orders dated July 24 and July 29, 2026. Dkt. No. 197. Those orders denied Defendants' motions to confirm their arbitration awards.

On September 23, 2026, Defendants moved ex parte to confirm the timeliness of their appeal or, alternatively, to extend the deadline to appeal. Dkt. No. 200. Valve opposed the motion, arguing that Defendants should not have moved ex parte and that the Court lacks jurisdiction to grant the motion because the authority to decide issues related to the appealed orders now lies with the Ninth Circuit. Dkt. No. 204. Defendants did not reply.

## 2. DISCUSSION

Whether or not Defendants should have moved ex parte, the Court considers Valve's response because it raises a jurisdictional issue, and the Court has a continuing, independent obligation to assess and confirm its own subject-matter jurisdiction. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citing Fed. R. Civ. P. 12(h)(3)). So the Court first decides whether it has jurisdiction to determine if Defendants' notice of appeal was timely.

Whether the Court has jurisdiction to decide if Defendants' notice of appeal was timely depends, in part, on whether the notice was timely. That is because—

[1] While such orders are typically immediately appealable as a matter of right, this order was not. *See* 9 U.S.C. § 16(b)(4).

while the filing of a notice of appeal typically "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)—that rule does not apply to untimely or otherwise deficient notices of appeal. *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008) (quoting *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir.1966) (en banc)). Indeed, the Ninth Circuit has held that the district court may disregard a deficient notice of appeal as long as the deficiency, "by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court." *Ruby*, 365 F.2d at 389. But "[i]f the district court is in doubt as to whether the notice of appeal is inoperative by reason of some such defect, it may decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals." *Id.*

The motion puts the Court in an awkward position—to determine its jurisdiction, it must effectively decide Defendants' motion on the merits, even if it finds that it lacks jurisdiction to decide the motion. Still, the Court is satisfied that its approach is the correct one, as "a federal court always has jurisdiction to determine its own jurisdiction." *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). That rule holds true even when the court must "necessarily pass[] on the substance" of a party's claims to decide its jurisdiction and, in so doing, finds that it lacks jurisdiction. *Id.* at 218 ("[E]ven though the District Court's ruling in effect deprived the court of

jurisdiction, the District Court necessarily passed on the substance of [plaintiff's] FTCA claims.").

Here, the Court finds that Defendants' notice of appeal is not clearly inoperative, so it declines to act further on the "aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58; *Ruby*, 365 F.2d at 389. First, the notice of appeal is not inoperative as untimely. Under Federal Rule of Appellate Procedure 4(a)(3), the appeal is timely. That rule states:

> If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

The rule does not require the second party to appeal the same order as the first. *Camarda v. Certified Fin. Planner Bd. of Standards, Inc.*, 672 F. App'x. 28, 31 (D.C. Cir. 2016) (citing *Woodruff v. Covington*, 389 F.3d 1117, 1121 (10th Cir. 2004); *Murphy v. Arkansas*, 127 F.3d 750, 753 n.2 (8th Cir. 1997); and *Kurdziel v. Pittsburgh Tube Co.*, 416 F.2d 882, 883–85 (6th Cir. 1969)). And in an appeal by permission, the date the court of appeals grants permission serves as the date of the notice of appeal "for calculating time under these rules." Fed. R. App. P. 5(d)(2). The Ninth Circuit granted Valve permission to appeal on September 16, 2026, and Defendants filed their notice of appeal five days later—within Rule 4(a)(3)'s 14 days. So the appeal is not deficient as untimely. Defendants thus need no extension of time, and the Court does not reach their alternative request.

That said, the Parties have not addressed whether the orders listed in the notice of appeal are immediately appealable. Given the complicated procedural

history of this case and the *many* related matters, the Court declines to rule on the issue without input from the Parties or direction from the Ninth Circuit. *See Ruby*, 365 F.2d at 389.

## 3. CONCLUSION

For these reasons, the motion is GRANTED IN PART. Dkt. No. 200. The Court finds that Defendants' notice of appeal is timely under Rule 4(a)(3). Defendants' alternative request to extend the time to appeal is DENIED as moot, without prejudice.

Dated this 16th day of November, 2026.

Jamal N. Whitehead
United States District Judge